UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>    Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA et al.,<br><br>    Defendants. | Case No.: 24-cv-1077-RSH-MMP<br><br>**ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>[ECF No. 2] |

Plaintiff Aynur Baghirzade filed this action pro se on June 21, 2024. ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. Instead, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the reasons below, the Court denies the motion, and grants Plaintiff leave to file a renewed and complete IFP motion by July 18, 2024.

**I.   LEGAL STANDARD**

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district

court, the filer must pay a fee of $350. *See* 28 U.S.C. § 1914(a).[1] A court may waive this fee by granting a party IFP status under 28 U.S.C. § 1915(a)(1). *See, e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To request IFP status, a party must file an affidavit that: (1) includes a complete statement of assets, (2) demonstrates that the party is unable to pay the filing fee, (3) provides the nature of the action, and (4) states that the party is entitled to redress. 28 U.S.C. § 1915(a)(1). Once a party files an IFP application, it is within the court's discretion to grant or deny the request. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

## II. ANALYSIS

Plaintiff's IFP application is incomplete. The IFP application states above Plaintiff's signature, in relevant part: "Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is 'O,' 'none,' or 'not applicable (N/A),' write that response." ECF No. 2 at 1. Plaintiff claims to have an average monthly income of $50,553.49, and average monthly expenses of $5,024.00. *Id.* at 2, 5. However, Plaintiff has not fully answered Questions 1 through 4, 6 through 8, 10, or 12 of the IFP application regarding income expected in the next month, employment history, assets, money owed, dependents, monthly expenses, legal expenses, and years of schooling. *Id.* at 1–5. As such, the Court denies without prejudice Plaintiff's IFP motion as incomplete.

## III. CONCLUSION

For the above reasons, the Court:

1. **DENIES** Plaintiff's IFP motion, ECF No. 2.

2. **GRANTS** Plaintiff leave of court to either pay the mandatory civil filing fee or file a renewed and complete IFP motion by **July 18, 2024**. If Plaintiff neither pays the

---

[1] The Court also charges an additional $55 administrative fee, which does not apply to plaintiffs with IFP status. *See* CivLR 4.5.

filing fee nor files a renewed and complete IFP application by July 18, 2024, the Court shall dismiss the case without prejudice and terminate the action.

**IT IS SO ORDERED.**

Dated: June 27, 2024

_____
Hon. Robert S. Huie
United States District Judge