UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>                              Plaintiff,<br><br>   v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA et al.,<br><br>                              Defendants. | Case No.: 24-cv-1077-RSH-MMP<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS*** <br><br>[ECF No. 5] |

   Plaintiff Aynur Baghirzade filed this action on June 21, 2024. ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. Instead, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), which the Court denied as incomplete on June 27, 2024. ECF Nos. 2, 4. Plaintiff filed a renewed and complete IFP motion on July 2, 2024. ECF No. 5. For the reasons below, the Court denies the motion, and directs Plaintiff to pay the filing fee no later than July 26, 2024, or the Court will dismiss this action.

1

## I. LEGAL STANDARD

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a fee of $350. *See* 28 U.S.C. § 1914(a).[1] A court may waive this fee by granting a party IFP status when "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see, e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To request IFP status, a party must file an affidavit that: (1) includes a complete statement of assets, (2) demonstrates that the party is unable to pay the filing fee, (3) provides the nature of the action, and (4) states that the party is entitled to redress. 28 U.S.C. § 1915(a)(1). Once a party files an IFP application, it is within the court's discretion to grant or deny the request. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

## II. ANALYSIS

Plaintiff's renewed IFP application is complete. ECF No. 5. Plaintiff claims to have average monthly expenses of $4,814.00, an average monthly income of $4,246.00, and $6,731.47 of cash on hand. *Id.* at 2, 4–5. Based on her reported monthly income, Plaintiff's annual income is $50,952 for a household of one. *Id.* Although not binding on the Court, the U.S. Department of Health and Human Services' 2024 annual U.S. Poverty Guidelines sets the federal poverty threshold for a household of one at an annual income of $15,060. *See* U.S. Dep't Health & Hum. Serv., *Poverty Guidelines* (2024). Therefore, Plaintiff's annual income is over 325% of the federal poverty guidelines. Because Plaintiff is able to pay the filing fee and "still afford the necessities of life," the Court denies Plaintiff's renewed IFP motion. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

---

[1] The Court also charges an additional $55 administrative fee, which does not apply to plaintiffs with IFP status. *See* CivLR 4.5.

### III. CONCLUSION

For the reasons above, the Court:

1. **DENIES** Plaintiff's IFP motion, ECF No. 5.

2. **GRANTS** Plaintiff leave of court to pay the mandatory civil filing fee no later than **July 26, 2024**, or the Court shall dismiss the case without prejudice and terminate the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. **CERTIFIES** that any IFP appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: July 11, 2024

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge