1   ADRIANOS FACCHETTI, ESQ. (S.B.N. 243213)
2   LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
    4444 W. Riverside Drive, Suite 308,
3   Burbank, CA 91505
    Telephone:  (626) 793-8607
4   Facsimile:  (626) 793-7293
    Email:      adrianos@facchettilaw.com
5
6   Attorney for Defendants
    YELP INC. AND JEREMY STOPPELMAN
7

8              UNITED STATES DISTRICT COURT FOR
9              THE SOUTHERN DISTRICT OF CALIFORNIA
10

11  AYNUR BAGHIRZADE, an           CASE NO. 24CV1077 RSH MMP
    individual,
12                                 YELP INC. AND JEREMY
            Plaintiff,             STOPPELMAN'S MOTION FOR
13                                 DISMISSAL PURSUANT TO
         v.                        F.R.C.P. RULE 12(b)(6);
14                                 MEMORANDUM OF POINTS AND
    ARMENIAN NATIONAL              AUTHORITIES
15  COMMITTEE OF AMERICA, et al.
                                   [Filed concurrently with Notice of Motion;
16          Defendants.            Declarations of Sarah Curl and Adrianos
                                   Facchetti; Proposed Order, and Certificate of
17                                 Interested Parties]
18
19                                 Date:     10/14/2024
                                   Place:    3B-3rd Floor (Rm#: 3142)
20                                 Judge:    Hon. Robert S. Huie
21
                                   PER CHAMBERS RULES, NO ORAL
22                                 ARGUMENT UNLESS SEPARATELY
                                   ORDERED BY THE COURT
23
24
25
26
27
28
                                  -0-

    MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

# TABLE OF CONTENTS

Table of Contents ......................................................................... i-ii

Table of Authorities .................................................................... iii-v

Memorandum of Points and Authorities ........................................ 1

I.    INTRODUCTION .............................................................. 1

II.   PROCEDURAL HISTORY ................................................ 4

III.  THE ALLEGATIONS AND INCORPORATED DOCUMENTS ........ 4

      A.    The Parties. ................................................................. 4

      B.    Pertinent Allegations of the FAC................................4-6

      C.    Yelp's ToS, Which are Incorporated by Reference in the FAC ...7

IV.   LEGAL STANDARD ....................................................7-8

V.    ARGUMENT................................................................. 8

      A.    Section 230 Bars All of Baghirzade's Causes of Action As To Yelp And Stoppelman................................................ 8-11

      B.    Baghirzade's FAC Fails to State Sufficient Facts to State A Valid Claim As to Yelp or Stoppelman ...................................... 6

            1.    Plaintiff's Claims under Section 1962 (b)-(d) are Entirely Devoid of Any Facts ...................................... 6

            2.    Plaintiff's Claim for Conspiracy Pursuant to Section 1 of the Sherman & Clayton Act is Conclusory and Should Be Dismissed ...................................................... 12

            3.    Baghirzade's Cause of Action for a Denial of a Public Accommodation Fails ......................................... 12-13

            4.    The California Business and Professions Code § 16720 Related Allegations Are Mere Conclusions and Should Be Discounted.................................................... 13

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

5.    Plaintiff's UCL Claim is Conclusory and Barred by the First Amendment ..............................................................................13

6.    Plaintiff's Unruh Act Cause of Action is Also Devoid of Any Facts .............................................................................. 13-14

7.    Plaintiff's Cause of Action for Civil Harassment is Barred by the First Amendment ..............................................................14

8.    Plaintiff's IIED and NIED Claims Should be Dismissed ................................................................... 14-15

C.    Plaintiff's Causes of Action and Requested Relief Are Precluded By Yelp's ToS ......................................................................... 16-1

VI.    CONCLUSION .......................................................................18

# TABLE OF AUTHORITIES

1

2

**CASES**

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...................................................7

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .....................................7

5

*Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) .................................................7

6

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ............................................7-8

7

*United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) ...............8

8

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). ....................................8

9

*Hassell v. Bird*, Cal.5th 522, 535, 538 (2018) ...........................................................8

10

*Hassell v. Yelp, Inc.*, 139 S. Ct. 940 (Jan. 22, 2019) .................................................8

11

*Barrett v. Rosenthal*, 40 Cal.4th 33, 56 (2006) ........................................................8

12

*Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997 ...........................8

13

*Delfino v. Agilent Technologies, Inc.,* 145 Cal.App.4th 790, 804-05 (2006) ...........8

14

*Kimzey v. Yelp Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) .......................................9

15

*Price v. Gannett Co.*, No. 2:11-cv-00628, 2012 WL 1570972, at *2 (S.D.W.Va. May 1, 2012)...................................................................................................................9

16

17

*Green v. Am. Online (AOL)* (3d. Cir. 2003) 318 F.3d 465, 471.........................9-10

18

*Cross v. Facebook*, 14 Cal.App.5th 190, 201-202 (2017)......................................10

19

*Hupp* v. Freedom Communications, 221 Cal.App.4th at 398, 405 (2013) .............10

20

*Sikhs for Justice, Inc. v. Facebook, Inc.*, 144 F.Supp3d 1088 1094, 1095 (N.D. Cal. 2015) .........................................................................................................................10

21

22

*Medytox Solutions, Inc. v. Investorshub.com, Inc.,* 152 So. 3d 727, 731 (Fla. App. 2014)   ........................................................................................................................10

23

24

*Al-Ahmed v. Twitter, Inc.* 2022 WL 4352712 (9th Cir. July 7, 2022)....................10

25

*King v. Facebook, Inc.,* 2021 WL 5279823, at *3 (N.D. Cal. Nov. 12, 2021) .......10

26

27

28

1  *Lewis v. Google LLC*, 461 F. Supp. 3d 938 (N.D. Cal. 2020), *aff'd*, 851 F. App'x

2  723 (9th Cir. 2021) ............................................................................................. 10

3  *Levitt v. Yelp!*, Case No. C10-1321, 2011 WL 5079526, at *2 (N.D.

4  Cal. Oct. 26, 2011)............................................................................................. 11

5  *Kathleen R. v. City of Livermore* (2001) 87 Cal.App.4th 684, 698......................... 11

6  *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) ................................................. 11

7  *Beck v. Prupis*, 529 U.S. 494, 505-06 (2000)........................................................... 12

8  *Frost v. LG Electronics, Inc.*, 801 F. App'x 496 (9th Cir. 2020)............................ 12

9  *Lewis v. Google LLC*, 461 F.Supp.3d 938, 956 (N.D. Cal. 2020), *aff'd,* 85 1

10  F.App'x 723 (9th Cir. 2021))............................................................................... 12

11  *Marsh v. Anesthesia Services Medical Group, Inc.*, 200 Cal.App.4th 480, 493

12  (2011)................................................................................................................... 13

13  *Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th

14  322, 343 .............................................................................................................. 13

15  *United States v. United Foods* (2001) 533 U.S. 405, 409 ....................................... 13

16  *White v. Square, Inc.*, 7 Cal. 5th 1019, 1024-1025 (2019)...................................... 14

17  *Martin v. City of Struthers, Ohio* (1943) 319 U.S. 141, 143................................... 14

18  *Van Nuys Publishing Co. v. City of Thousand Oaks* (1971) 5 Cal.3d 817, 821...... 14

19  *Levitt v. Yelp! Inc.* (9th Cir. 2014) 765 F.3d 1123, 1126 ....................................... 14

20  *Bonni v. St. Joseph Health System*, 11 Cal.5th 995, 1024 (2021). ......................... 15

21  *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) .................................... 15

22  *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009) .................................................. 15

23  *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007)............................................ 15

24  *Christensen v. Superior Court*, 54 Cal.3d 868, 879 (1991)..................................... 16

25  *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 923 (1980)...................... 16

26  *Burgess v. Superior Court*, 2 Cal.4th 1064, 1076 (1992) ....................................... 16

27

28

-iv-

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

*Murphy v. Twitter, Inc.*, 60 Cal.App.5th 12, 35 (2021) (quoting *Cohen v. Five Brooks Stable*, 159 Cal.App.4th 1476, 1485 (2008) ................................................. 17

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Aynur Baghirzade's ("Plaintiff" or "Baghirzade") First Amended Complaint ("FAC") is a baseless and misguided attempt to hold defendants Yelp Inc. ("Yelp") and its CEO and co-founder Jeremy Stoppelman ("Stoppelman") liable for alleged third-party user-generated content, and for Yelp's editorial decisions relating to the content. At its core, the FAC relies on claims that are entirely barred by Section 230 of the Communications Decency Act ("Section 230"), which grants website operators, like Yelp, broad immunity from liability for third-party content and protects their editorial decisions. This immunity applies across the board, encompassing all of Plaintiff's allegations—whether styled as antitrust violations, defamation, or any other theory attempting to hold the defendants accountable for third-party user-generated content.

Moreover, Baghirzade's allegations fail to meet the basic pleading standards under Rule 12(b)(6). The FAC is riddled with vague and conclusory statements, lacking any specific facts to support a plausible legal claim. As to Yelp, allegations of market exclusion, diverted referrals, conspiracies, or harm from third-party user reviews are speculative at best and entirely unsupported by any facts. And the FAC barely mentions Stoppelman at all—four times in a 59-page complaint—and offers no coherent theory of liability against him.

Additionally, Plaintiff pleads and incorporates by reference Yelp's Terms of Service ("ToS"), which can be properly considered in this Motion to Dismiss and which foreclose the causes of action against Yelp and Stoppelman. By using Yelp's site, Plaintiff accepted these terms and waived any right to pursue these claims.

Given the immunity conferred by Section 230, the lack of any alleged factual basis for Plaintiff's claims, and Yelp's ToS, the FAC should be dismissed

-1-

1  without leave to amend under Rule 12(b)(6).

2  **II.    PROCEDURAL HISTORY**

3  On June 21, 2024, Plaintiff filed a Complaint against Yelp and Stoppelman,
4  alleging causes of action for:

5  1.    Racketeering activity in violation of Sec. 1962 (c) *et seq.* of the
6  Racketeer Influenced and Corrupt Organizations Act;

7  2.    Control of the Enterprise conducting racketeering activity in violation
8  of Sec. 1962 (b) *et seq.* of the Racketeer Influenced and Corrupt Organizations
9  Act;

10  3.    Conspiracy in violation of Sec. 1962 (d) *et seq.* of the Racketeer
11  Influenced and Corrupt Organizations Act;

12  4.    Conspiracy in restraint of trade or commerce in violation of the Sec. 1
13  *et seq.* of the Sherman & Clayton Act 15 U.S.C.;

14  5.    Denial of Public Accommodation in Violation of Section 2000 a of
15  Civil Rights Act 42 U.S.C.;

16  6.    Prohibited Restraints on competition in violation of Sec. 16720, *et*
17  *seq.* of California Business & Professions Code;

18  7.    Unfair Competition in violation of Section 17200, *et seq.* of California
19  Business and Professions Code;

20  8.    Denial of Public Accommodation in violation of Sec. 51, *et seq.* of
21  California Civil Code;

22  9.    Harassment in violation of Sec. 527.6 of the Code of Civil Procedure;

23  10.    Defamation;

24  11.    Intentional Infliction of Emotional Distress

25  12.    Negligent Infliction of Emotional Distress

26  On August 15, 2024, Plaintiff filed the instant First Amended Complaint,
27  alleging causes of action for:

28

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

1.    Racketeering activity in violation of Sec. 1962 (c) *et seq.* of the Racketeer Influenced and Corrupt Organizations Act;

2.    Control of the Enterprise conducting racketeering activity in violation of Sec. 1962 (b) *et seq.* of the Racketeer Influenced and Corrupt Organizations Act;

3.    Conspiracy in violation of Sec. 1962 (d) *et seq.* of the Racketeer Influenced and Corrupt Organizations Act;

4.    Conspiracy in restraint of trade or commerce in violation of the Sec. 1 *et seq.* of the Sherman & Clayton Act 15 U.S.C.;

5.    Denial of Public Accommodation in Violation of Section 2000 a of Civil Rights Act 42 U.S.C.;

6.    Prohibited Restraints on competition in violation Of Sec. 16720, et seq. of California Business & Professions Code;

7.    Unfair Competition in violation of Section 17200, *et seq.* of California Business and Professions Code;

8.    Denial of Public Accommodation in violation of Sec. 51, *et seq.* of California Civil Code;

9.    Harassment in violation of Sec. 527.6 of the Code of Civil Procedure

10.    Defamation;

11.    Intentional Infliction of Emotional Distress

12.    Negligent Infliction of Emotional Distress

On July 5, 2024, Defendants' counsel sent a letter to Plaintiff outlining the deficiencies in the Complaint, including the applicability of Section 230. *See* Declaration of Adrianos Facchetti, ¶ 3. During a telephonic conference on September 6, 2024, Plaintiff acknowledged receipt of the letter but refused to engage further, stating Defendants should "go file the motion." *Id*., ¶ 58. As the allegations and deficiencies in the FAC are virtually unchanged from the original

-3-

complaint, Defendants' counsel has satisfied the meet and confer requirement, and further attempts would have been futile. *Id.*, ¶ 4.

### III.   THE ALLEGATIONS AND INCORPORATED DOCUMENTS

#### A.   The Parties

Baghirzade alleges that she does business as a law firm (previously the Law Offices of Aynur Baghirzade and later ACCURA LAW FIRM), providing legal services in Orange, San Diego, and Los Angeles counties in the State of California. *See* FAC, ¶ 1.

Plaintiff alleges that Yelp is a "Delaware Stock Corporation with headquarters in San Francisco, and that Stoppelman is an "Executive Director" of Yelp. FAC, ¶¶ 6-7. Yelp owns and operates Yelp.com, a local search website, mobile website, and related mobile applications for users to share information about their communities. *Id.*, ¶ 58. Yelp, among other things, provides and publishes a forum for members of the public to read and write reviews. *Id.*, ¶¶ 33-34.

#### B.   Pertinent Allegations of the FAC

Baghirzade alleges that various third-party individuals used Yelp's platform to post defamatory reviews about her business, falsely claiming to have been her clients. *See* FAC, ¶¶ 51, 55:11-13, 57. Plaintiff alleges that, between April and June 2023, she notified Yelp of these allegedly defamatory reviews, asserting that the individuals who posted them were never her clients and that the reviews were part of a coordinated smear campaign intended to destroy her business. *Id.*, ¶ 58. For instance, Plaintiff alleges that on May 26, 2023, a user identified as E. Kerimli, posted a review that was critical of Baghirzade's business practices. *Id.* Plaintiff complained to Yelp and requested its removal. *Id.* According to Baghirzade, Yelp declined, stating that the review appeared to comply with the platform's guidelines and reflected the user's personal experience. *Id.* Yelp explained that, under such

-4-

circumstances, it permits users to stand by their reviews. *Id.*

Baghirzade alleges that, by allowing these reviews to remain, Yelp effectively "gave its platform" to third parties to "harass and persecute her" because of her national origin, religion, color, ancestry, and political views. *See* FAC, at ¶ 58. Plaintiff claims that this conduct violates Yelp's "policy," which purportedly requires the removal of reviews posted by non-clients. *Id.* Additionally, Baghirzade asserts that certain reviews previously removed at her request "appeared back" on her business page, which she believes is evidence of a conspiracy to damage her business. *Id.* at ¶ 60. Without providing an alleged factual basis, Plaintiff further alleges that Yelp uses its platform to suppress businesses owned by individuals who do not recognize the Armenian Genocide, to drive those businesses to ruin, and that these actions are part of an organized scheme to bully and harass business owners. *Id.* at ¶ 34.

Around February 6, 2024, Baghirzade alleges that another user, identified as Solomon S., posted a defamatory review about her business on Yelp's website. *Id.* at ¶ 66. Plaintiff requested its removal, but Yelp declined. *Id.* Plaintiff also alleges that, simultaneously, Yelp removed positive third-party reviews about her business to "ensure that [Plaintiff] has a poor rating." *Id.* From this, Baghirzade alleges, without any factual basis, that Yelp acted in concert with other unnamed defendants to "destroy" her business. *Id.*

Plaintiff further alleges that on April 30, 2024, another third-party user, H.G., posted a defamatory review on Yelp's website, accusing her of "stealing his money." FAC, ¶ 67. Plaintiff again asked Yelp to remove the review, and again, Yelp refused. *Id.*, at ¶ 58. Plaintiff also claims that previously removed reviews, along with her "old comments," began reappearing on her business page once more.

On February 9, 2024, Baghirzade requested that Yelp close her business

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

1  page and remove all reviews. *Id.* at ¶ 68. Plaintiff alleges that, on the same day,

2  Yelp responded that it would not close her account until she paid past-due amounts

3  for advertisements she had requested on the platform.[1] *Id.* Plaintiff contends that

4  this refusal violated Yelp's terms and conditions and further demonstrated a

5  conspiracy with other defendants to harm her business. *Id.* Baghirzade also alleges

6  that Yelp locked her business account, thereby preventing her from editing her

7  comments on the Yelp business page. *Id.* at ¶ 71.

8      **C.    Yelp's ToS, Which are Incorporated by Reference in the FAC**

9      Plaintiff alleges that she has a Yelp business account. Dkt. No. 12 at ¶¶ 55,

10  65. She further alleges that Yelp violated its "terms and conditions" and that she

11  has standing to assert them. *Id.*, at ¶ 68. To create her Yelp business account,

12  Plaintiff agreed to Yelp's ToS. *See* Declaration of Sarah Curl, ¶ 15.

13      Yelp's Terms of Service, applicable at the time of Plaintiff's most recent

14  login, states that, "[w]e are under no obligation to enforce the Terms on your

15  behalf against another user. *Id.*, at ¶ 19. While we encourage you to let us know if

16  you believe another user has violated the Terms, **we reserve the right to**

17  **investigate and take appropriate action at our sole discretion**." (emphasis

18  supplied). Furthermore, Yelp's ToS state that it is not "liable to [users] for any

19  personal injury, loss or damage that arise from an such third party's actions or

20  omissions." *Id.* Under Section 12(C) of the ToS, a user's sole and exclusive

21  remedy is the "termination and discontinuance of access to" Yelp's service.

22  Finally, Section 2 of the Additional Terms for Business Accounts of Yelp's ToS,

23  

------

24  [1] Though it makes no difference to resolution of this motion, Plaintiff appears to be conflating (1)
    her Yelp business account with (2) the publicly accessible Yelp page relating to her law firm,

25  which are two different things. While her business account can be closed, Yelp never removes or
    take down Yelp business pages under these circumstances. It's important (and a legal right) for

26  consumers to be able to find and share helpful information about great local businesses on Yelp.
    And as stated in Yelp's ToS, the purchase of advertising or other paid features from Yelp does

27  not enable businesses to alter reviews or impact whether, where, or how reviews appear on Yelp.

28  *Id.*, at ¶ 20.

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

1   which Plaintiff also agreed to, specifically references Section 230 as a limitation of

2   liability for interactive service like Yelp for their "role in publishing third party

3   Content, including consumer reviews."

4   **IV.    LEGAL STANDARD**

5         Under Rule 8(a), a complaint must contain a "short and plain statement of

6   the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a

7   complaint fails to do this, the defendant may move to dismiss it under Rule

8   12(b)(6). *Id.*, Rule 12(b)(6). "To survive a motion to dismiss, a complaint must

9   contain sufficient factual matter, accepted as true, to 'state a claim that is plausible

10  on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A

11  claim is plausible on its face "when the plaintiff pleads factual content that allows

12  the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged." *Id*. "Factual allegations must be enough to raise a right to

14  relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

15  555 (2007). Thus, there must be "more than a sheer possibility that the defendant

16  has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that

17  are 'merely consistent with' a defendant's liability, it 'stops short of the line

18  between possibility and plausibility'" that the plaintiff is entitled to relief. *Id*.

19        In ruling on a motion to dismiss for failure to state a claim, a court should

20  follow a two-pronged approach: (1) first, discount conclusory statements, which

21  are not presumed to be true; and then, assuming any factual allegations are true, (2)

22  determine "whether they plausibly give rise to entitlement to relief." *See id*. at 679;

23  *see also Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). In making this

24  determination, a "court may consider evidence on which the complaint 'necessarily

25  relies, if: (1) the complaint refers to the document; (2) the document is central to

26  the plaintiff's claim; and (3) no party questions the authenticity of the copy

27  attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.

28

-7-

1   2006). *See also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir.
2   2011). A court may treat such a document as "part of the complaint, and thus may
3   assume that its contents are true for purposes of a motion to dismiss under Rule
4   12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

5   **V.   ARGUMENT**

6       **A.   Section 230 Bars *All* of Baghirzade's Causes of Action As To Yelp**
7           **And Stoppelman**

8       Section 230 "confers[s] broad immunity on Internet intermediaries" for
9   claims arising from the publication of third-party content in "a strong
10  demonstration of legislative commitment to the value of maintaining a free market
11  for online expression." *See Hassell v. Bird*, Cal.5th 522, 535, 538 (2018) (stating
12  that Section 230 immunity is "broad"), *cert. denied sub nom.*, *Hassell v. Yelp, Inc.*,
13  139 S. Ct. 940 (Jan. 22, 2019), *quoting Barrett v. Rosenthal*, 40 Cal.4th 33, 56
14  (2006). Specifically, Section 230 provides that: "no provider or user of an
15  interactive computer service shall be treated as the publisher or speaker of any
16  information provided by another information content provider." 47 U.S.C. §
17  230(c)(1). Section 230 also separately states that "[n]o cause of action may be
18  brought and no liability may be imposed under any State or local law that is
19  inconsistent with" the Communications Decency Act. 47 U.S.C. § 230(c)(3). The
20  immunity under Section 230 applies where: (1) the defendant is a provider of an
21  interactive computer service; (2) the information alleged to be harmful was
22  provided by another information content provider; and (3) the plaintiff seeks to
23  treat the defendant as a publisher. *Zeran v. America Online, Inc.*, 129 F.3d 327,
24  330 (4th Cir. 1997); *Delfino v. Agilent Technologies, Inc.,* 145 Cal.App.4th 790,
25  804-05 (2006). Each of the requirements under Section 230 is satisfied here.

26      First, "[t]here is no doubt that Yelp is a 'provider or user of an interactive
27  computer service' within the meaning of section 230(c)(1))." *Hassell*, 5 Cal.5th at

28

-8-

540; *Kimzey v. Yelp Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (holding that Yelp is an interactive service provider under Section 230). As for Stoppelman, he is apparently only named in the FAC because of his alleged role as "an Executive Director" of Yelp (Dkt. No. 12 at ¶ 7). Based on Plaintiff's allegation, for purpose of Section 230 he is both a provider and user of an interactive computer service. The first element is satisfied.

Second, neither Yelp nor Stoppelman developed or created the challenged content. Baghirzade alleges that Simon Maghakyan (FAC, ¶ 51:13-14), E. Kerimli (¶ 58:5-12), Solomon S. (*id.*, ¶ 66:4-6), H.G. (*id.*, ¶ 68), and other third-party users—*not* Yelp—created the reviews. *See, e.g.*, *Price v. Gannett Co.*, No. 2:11-cv-00628, 2012 WL 1570972, at *2 (S.D.W.Va. May 1, 2012) (dismissing action against Topix.com based on allegedly defamatory posts because "Plaintiffs have admitted in the complaint that the unknown individuals provided the statements, not Topix"). Therefore, Plaintiff cannot demonstrate that Yelp or Stoppelman acted as an "information content provider" with respect to the challenged reviews. The second element of Section 230 immunity is met.

Third, all of Plaintiff's claims against Yelp and Stoppelman seek to hold them responsible as the publisher or speaker of third-party reviews based on Yelp's editorial decisions related to those reviews and the maintenance of its website. Plaintiff alleged that the reviews are defamatory (FAC, at ¶ 51), and that: (1) she requested that Yelp remove certain reviews, but Yelp refused (*id.* at ¶ 68), (2) that she requested that Yelp close her account, but Yelp declined (*id.*), and that (3) Yelp locked the Yelp business page relating to her business, thereby preventing her from contributing her own content to the Yelp platform. *Id.* at ¶ 71.

The decision of what to remove, however, is "quintessentially related to a publisher's role," and "numerous courts have held the CDA bars claims based on a failure to remove content posted by others." *Green v. Am. Online (AOL)* (3d. Cir.

2003) 318 F.3d 465, 471; *see also Cross v. Facebook*, 14 Cal.App.5th 190, 201-202 (2017); *Hupp v. Freedom Communications*, 221 Cal.App.4th at 398, 405 (2013) (Section 230 barred breach of contract claim based on newspaper's decision not to remove comments on website); *Sikhs for Justice, Inc. v. Facebook, Inc.*, 144 F.Supp3d 1088 1094, 1095 (N.D. Cal. 2015); *Medytox Solutions, Inc. v. Investorshub.com, Inc.,* 152 So. 3d 727, 731 (Fla. App. 2014)  ("An action to force a website to remove content on the sole basis that the content is defamatory is necessarily treating the website as a publisher, and is therefore inconsistent with section 230); *Zeran,* 129 F.3d at 330 ("[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred."); *Kimzey*, 836 F.3d at 1263 (holding Yelp was immune under Section 230 because the RICO and other claims arose from third-party content, and thus Yelp was being treated as the publisher of that content).

Additionally, courts have held that Section 230 provides immunity for claims that are based on a website's decision to suspend or deactivate an account, just like Plaintiff's claim that Yelp prevented her from contributing content to the Yelp business page. *Al-Ahmed v. Twitter, Inc.* 2022 WL 4352712 (9th Cir. July 7, 2022) (concluding that Section 230 barred claims against Twitter based on plaintiff's account suspension); *King v. Facebook, Inc.,* 2021 WL 5279823, at *3 (N.D. Cal. Nov. 12, 2021) (dismissing claims based upon "disabling" pro se's account); *Lewis v. Google LLC*, 461 F. Supp. 3d 938 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021) (holding that Section 230 provides immunity to Google for terminating user accounts and removing videos, because such actions are considered editorial decisions).

To the extent that Plaintiff claims Yelp republished certain critical reviews and removed "positive" reviews, that, too, is protected editorial discretion under

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

1    Section 230. *Levitt v. Yelp!*, Case No. C10-1321, 2011 WL 5079526, at *2 (N.D.
2    Cal. Oct. 26, 2011) (holding that "removing certain reviews and publishing others
3    or changing their order of appearance—falls within the conduct immunized by §
4    230(c)(1)," *affirmed on other grounds in Levitt*, 765 F.3d at 1123.

5        Finally, Section 230 bars claims for injunctive relief that would somehow
6    force Yelp to remove or third-party content. *Kathleen R. v. City of Livermore*
7    (2001) 87 Cal.App.4th 684, 698 ("claims for declaratory and injunctive relief are
8    no less causes of action than tort claims for damages, and thus fall squarely within
9    the section 230(e)(3) prohibition").

10       Because Section 230 provides Yelp and Stoppelman immunity for all of
11   Plaintiff's claims, the Court can stop here. If it is inclined to look further, it would
12   also find that the FAC fails against Yelp and Stoppelman for additional reasons.

13   **B.     Baghirzade's FAC Fails to State Sufficient Facts to State A Valid**
14   **        Claim As to Yelp or Stoppelman**

15       **1.     Plaintiff's Claims under Section 1962 (b)-(d) are Entirely**
16   **               Devoid of Any Facts**

17       Plaintiff's attempt to use the RICO statute to create liability against Yelp and
18   Stoppelman for Yelp's decision not to remove critical reviews about her business
19   is unavailing. Section 1962(c) requires participation in the operation or
20   management of an enterprise through specific criminal acts, such as fraud or
21   extortion. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Allowing third-party
22   content to remain on Yelp's website does not qualify as such conduct. *Kimzey*, 836
23   F.3d at 1269. Moreover, Section 1962(b) requires acquiring or maintaining control
24   over an enterprise through racketeering activity, which is not alleged here—there
25   are no facts indicating that either Yelp or Stoppelman sought control of the
26   Plaintiff's business.

27       The conspiracy claim under Section 1962(d) also fails, as there are no facts
28

-11-

showing an agreement to engage in a pattern of racketeering activity. *Beck v. Prupis*, 529 U.S. 494, 505-06 (2000). Content moderation decisions, such as refusing to remove reviews or close accounts, are not evidence of a RICO conspiracy. *Kimzey,* 836 F.3d at 1268. In the end, Plaintiff's allegations amount to mere conclusions and do not merit further legal analysis. *Iqbal*, 556 U.S. at 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> **2.    Plaintiff's Claim for Conspiracy Pursuant to Section 1 of the Sherman & Clayton Act is Conclusory and Should Be Dismissed**

Plaintiff's claim under the Sherman Act and Clayton Act is woefully deficient. In conclusory fashion, she alleges a conspiracy to exclude her from the market and divert referrals to other business. Yet there are no details regarding any agreement, coordination, or specific actions taken by the Defendants. *See Frost v. LG Electronics, Inc.*, 801 F. App'x 496 (9th Cir. 2020) (granting motion to dismiss pursuant to Rule 12(b)(6) for failure to establish a plausible claim under the Sherman Act).

Nor does she allege specifically that Yelp or Stoppelman engaged in any of these supposed acts.

Plaintiff's claim is fact-free and should be dismissed.

> **3.    Baghirzade's Cause of Action for a Denial of a Public Accommodation Fails.**

Plaintiff cannot plead any denial of public accommodation claim against Yelp or Stoppelman. A claim under 42 U.S.C. Section 2000(a) of the Civil Rights Act does not apply to online platforms like Yelp or individuals like Stoppelman because they are not places of "public accommodation" as defined by the Civil Rights Act. *Lewis v. Google LLC*, 461 F.Supp.3d 938, 956 (N.D. Cal. 2020), *aff'd,*

-12-

85 1 F.App'x 723 (9th Cir. 2021) (holding that 42 U.S.C. § 2000a did not apply to YouTube because it is not a place of public accommodation under the Civil Rights Act).

This claim fails too.

**4.     The California Business and Professions Code § 16720 Related Allegations Are Mere Conclusions and Should Be Discounted**

Plaintiff claims a conspiracy to destroy her business and exclusion from referrals without providing specific alleged facts in support of the formation and operation of the conspiracy, a wrongful act, or any damage resulting from the alleged conspiracy. Such vague and unsupported assertions amount to mere legal conclusions, which are insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555; *see Marsh v. Anesthesia Services Medical Group, Inc.*, 200 Cal.App.4th 480, 493 (2011) ("California requires a 'high degree of particularity' in the pleading of Cartwright Act violations").

This claim, like the others, should be dismissed.

**5.     Plaintiff's UCL Claim is Conclusory and Barred by the First Amendment**

The First Amendment fully protects Yelp's publication of consumer reviews, which are noncommercial speech. *Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th 322, 343 ("Noncommercial speech is entitled to full First Amendment protection and is thus not actionable under Business & Professions Code §§ 17200 and 17500."). In this case, Plaintiff did not and cannot allege that the challenged review(s) or Yelp's editorial decisions regarding the reviews constitute commercial speech. *See United States v. United Foods* (2001) 533 U.S. 405, 409 ("commercial speech, [is] usually defined as speech that does no more than propose a commercial transaction").

-13-

1    In any event, Baghirzade cannot show that Yelp has done anything

2    "unlawful, unfair, or fraudulent," or that it has engaged in any "unethical,

3    oppressive, unscrupulous or injurious acts to consumers." *Bernardo*, at 351-55.

4    Plaintiff's conclusory allegations cannot sustain this claim.

5    Therefore, this claim also does not survive.

6    **6.    Plaintiff's Unruh Act Cause of Action is Also Devoid of Any**

7    **Facts**

8    Plaintiff's claim under the Unruh Act fares no better. To support this claim,

9    Plaintiff was required to allege intentional discrimination by the defendant based

10    on a protected characteristic, which resulted in the denial of full and equal access

11    to the business's services or facilities. *White v. Square, Inc.*, 7 Cal. 5th 1019, 1024-

12    1025 (2019). In this case, Baghirzade has not alleged any facts suggesting that

13    Yelp intentionally discriminated against her based on a protected characteristic

14    under the Unruh Act.

15    **7.    Plaintiff's Cause of Action for Civil Harassment is Barred**

16    **by the First Amendment**

17    The First Amendment and the California Constitution (art. 1, Sec. 2, subd.

18    (a)) prohibit the enactment of laws abridging the freedom of speech. The right of

19    freedom of speech is "broad" and includes the right to distribute information.

20    *Martin v. City of Struthers, Ohio* (1943) 319 U.S. 141, 143; *Van Nuys Publishing*

21    *Co. v. City of Thousand Oaks* (1971) 5 Cal.3d 817, 821. *See, e.g, Hupp,* 221

22    Cal.App.4th at 405 (concluding in the anti-SLAPP context that "[m]aintaining a

23    forum for discussion of issues of public interest is a quintessential way to facilitate

24    rights, and the [defendant] has no liability for doing so.") *See Levitt v. Yelp! Inc*.

25    (9th Cir. 2014) 765 F.3d 1123, 1126 ("Today, individuals can share their opinions

26    with the entire world courtesy of a few taps on the keyboard. [Yelp] provides an

27    online forum on which its users express opinions as to services ranging from dog

28

-14-

walkers to taco trucks.")

Conduct that is constitutionally protected cannot be enjoined under California Code of Civil Procedure section 527.6. *Bonni v. St. Joseph Health System*, 11 Cal.5th 995, 1024 (2021).

Plaintiff's claim for Civil Harassment and corresponding request for injunctive relief is an attempt to prevent Yelp from exercising its First Amendment right to maintain a forum for the discussion of public issues. In fact, an order preventing Yelp from displaying consumer reviews on its platform would be an unconstitutional prior restraint. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) (prior restraints constitute "the most serious and the least tolerable infringement on First Amendment rights.")

Furthermore, Plaintiff has failed to allege any facts to establish any of the elements of this claim. This claim must be dismissed.

### 8.    Plaintiff's IIED and NIED Claims Should be Dismissed

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009). "Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court; . . ." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007). Here, the IIED cause of action fails to state *any* facts that Yelp and/or Stoppelman's alleged conduct rise to the level of "extreme

1   and outrageous" conduct. Setting aside the applicability of Section 230, which
2   dooms Plaintiff's claims, she simply has not and cannot allege any facts to support
3   an IIED claim.

4       With regard to the NIED claim, when a direct victim theory is alleged, as
5   here, the California Supreme Court has allowed plaintiffs to bring NIED actions in
6   *only* three types of factual scenarios, none of which applies here: (1) the negligent
7   mishandling of corpses, *Christensen v. Superior Court*, 54 Cal.3d 868, 879 (1991)
8   (2) the negligent misdiagnosis of a disease that could potentially harm another,
9   *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 923 (1980) and (3) the
10  negligent breach of a legal duty arising out of a special relationship. *Burgess v.*
11  *Superior Court*, 2 Cal.4th 1064, 1076 (1992).

12      The first two scenarios are wholly irrelevant to the alleged facts in the FAC,
13  and the third is inapplicable because there is no special relationship here. Plaintiff
14  has not alleged any facts showing that Yelp or Stoppelman owed a duty to her,
15  much less a cognizable duty. Therefore, the claim fails.

16  **C.**    **Plaintiff's Causes of Action and Requested Relief Are Precluded**
17         **By Yelp's ToS**

18      Plaintiff alleges that, by allowing the alleged defamatory reviews to remain
19  on its website, Yelp effectively "gave its platform" to third parties to "harass and
20  persecute her" because of her national origin, religion, color, ancestry, and political
21  views. FAC, at ¶ 58. Plaintiff claims that this conduct violates Yelp's policy, which
22  purportedly requires the removal of reviews posted by non-clients. *Id*. Plaintiff
23  incorporates these allegations by reference into all her causes of action.

24      However, Yelp's ToS—to which Baghirzade repeatedly and unequivocally
25  agreed— expressly disclaims any duty to remove reviews posted by third-parties
26  on its website. Specifically, Yelp's ToS states that, "[w]e are under no obligation
27  to enforce the Terms on your behalf against another user. While we encourage you

28

-16-

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

to let us know if you believe another user has violated the Terms, **we reserve the right to investigate and take appropriate action at our sole discretion**." (emphasis supplied). Furthermore, Yelp's ToS state that it is not "liable to [users] for any personal injury, loss or damage that arise from an such third party's actions or omissions." Under Section 12(C) of the ToS, a user's sole and exclusive remedy is the "termination and discontinuance of access to" Yelp's service. Finally, Section 2 of the Additional Terms for Business Accounts of Yelp's ToS, which Plaintiff also agreed to, specifically references Section 230 as a limitation of liability for interactive service like Yelp for their "role in publish third party Content, including consumer reviews."

The applicable provisions in Yelp's ToS preclude Plaintiff's claims as to both Yelp and Stoppelman. Section 11 of the Yelp ToS defines "Yelp Entities" as "Yelp, its parents, subsidiaries, affiliates, any related companies, suppliers, licensors and partners, and the **officers**, directors, employees, agents, contractors and representatives of each of them." (emphasis supplied). *See* Curl Decl., ¶ 17, Exhibit F. The applicable disclaimers and limitation of liability apply to the "Yelp Entities" and thus include Stoppelman, as Yelp's CEO.

The above limitation of liability provision precludes any claim Plaintiff may attempt to assert as to Yelp or Stoppelman. "Waivers of liability that are 'clear, unambiguous and explicit' bar claims that expressly fall within their scope." *Murphy v. Twitter, Inc*., 60 Cal.App.5th 12, 35 (2021) (quoting *Cohen v. Five Brooks Stable*, 159 Cal.App.4th 1476, 1485 (2008). Such "[l]imitation of liability clauses have long been recognized as valid in California," and have been found to be "appropriate when one party is offering a service for free to the public." *Lewis,* 244 Cal. App. 4th at 125 (internal quotation omitted).

In short, Yelp's ToS foreclose all of Baghirzade's causes of action.

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

## VI.    CONCLUSION

Based on the foregoing, Yelp and Stoppelman requests that the Court grant their motion and dismiss Plaintiffs' First Amended Complaint as to Yelp and Stoppelman in its entirety with prejudice.


DATED:      September 9, 2024


LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

By:  /s/ Adrianos Facchetti
     Attorney for Defendants,
     YELP INC. and JEREMY STOPPELMAN

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System.

AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com
        *Defendant, IN PRO SE*

Adrianos Facchetti
Law Offices of Adrianos Facchetti, P.C.
4444 W. Riverside Drive, Suite 308,
Burbank, CA 91505
Tel: (626) 793-8607
Fax: (818) 860-7951
adrianos@facchettilaw.com
        *Attorney for Defendants*

-19-

MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)