ADRIANOS FACCHETTI (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI
4444 W. Riverside, Suite 308
Burbank, CA 91505
Telephone: (626) 793-8607
Email:          adrianos@facchettilaw.com

Attorney for Defendants
YELP INC. and JEREMY STOPPELMAN

## IN THE UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, | CASE NO: 24CV1077 RSH KSC |
| Plaintiff, | DECLARATION OF ADRIANOS FACCHETTI IN SUPPORT OF DEFENDANT YELP INC.'S AND JEREMY STOPPELMAN'S MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6) |
| v. | |
| ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al. | |
| Defendants. | [Filed concurrently with Notice of Motion; Motion to Dismiss; Declaration of Sarah Curl; Proposed Order, and Certificate of Interested Parties] |
| | Date:      10/14/2024 |
| | Place:    3B-3rd Floor (Rm#: 3142) |
| | Judge:   Hon. Robert S. Huie |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## <u>DECLARATION OF ADRIANOS FACCHETTI</u>

I, ADRIANOS FACCHETTI, ESQ., declare:

1.      I am an attorney duly authorized to practice law in the State of California. I am counsel of record for Yelp Inc. ("Yelp") and Jeremy Stoppelman ("Stoppelman") in the above-referenced action. I have personal knowledge of the matters stated herein and if called to testify could and would testify competently to them.

2.      I submit this declaration in support of defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

3.      On July 5, 2024, I emailed the pro se plaintiff, Aynur Baghirzade ("Baghirzade") and attached a letter outlining our position regarding the deficiencies in the original complaint. Among other issues, I explained why defendants are fully protected under Section 230 of the Communications Decency Act (CDA 230), as the claims arise from third-party reviews and the maintenance of Yelp's website. A true and correct copy of the email and attached letter is attached hereto as **Exhibit A**. I did not receive a response to my letter.

4.      On September 5, 2024, I participated in a telephonic conference with Baghirzade regarding our anticipated Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). During this call, I attempted to discuss the issues raised in my July 5, 2024 letter, including the applicability of CDA 230, as the allegations in the First Amended Complaint were nearly identical to those in the original complaint. Baghirzade acknowledged

DECLARATION OF ADRIANOS FACCHETTI ISO DEFENDANT YELP INC.'S AND JEREMY STOPPELMAN'S MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

receiving and reviewing the July 5, 2024 letter but stated she had "evidence" to support her claims.

5.    I further attempted to engage in a substantive discussion regarding the applicability of CDA 230 and our intention to file the Motion to Dismiss under FRCP 12(b)(6). However, Baghirzade responded that I should "go file the motion" and then abruptly hung up the phone.

Based on the foregoing, I believe I have fulfilled my obligation to confer with the pro se plaintiff regarding the issues raised in the anticipated Motion to Dismiss.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2024 at Burbank, California.


By:    ADRIANOS FACCHETTI, ESQ.,
        the Declarant

DECLARATION OF ADRIANOS FACCHETTI ISO DEFENDANT YELP INC.'S AND JEREMY STOPPELMAN'S MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System.

AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com
        *Defendant, IN PRO SE*

Adrianos Facchetti
Law Offices of Adrianos Facchetti, P.C.
4444 W. Riverside Drive, Suite 308,
Burbank, CA 91505
Tel: (626) 793-8607
Fax: (818) 860-7951
adrianos@facchettilaw.com
        *Attorney for Defendants*

DECLARATION OF ADRIANOS FACCHETTI ISO DEFENDANT YELP INC.'S AND JEREMY STOPPELMAN'S MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)

EXHIBIT A

 **Gmail**

Adrianos Facchetti <adrianos@facchettilaw.com>

---

## Aynur Baghirzade v. Armenian National Committee of America, et al. - Request to Voluntarily Dismiss Lawsuit

---

**Adrianos Facchetti** <adrianos@facchettilaw.com>                    Fri, Jul 5, 2024 at 1:58 PM
To: contact@aynurlawyers.com, attorney@aynurimmigrationlaw.com, abaghirzada@yahoo.com
Cc: James Daire <jdaire@yelp.com>, Reed Lyon <reedlyon@yelp.com>
Bcc: BaghirzadeAynurZ12087050@teamfacchetti.filevineapp.com

Dear Ms. Baghirzade:

Attached please find my letter bearing today's date.

Thank you.

--



Adrianos Facchetti
Attorney at Law
4444 W. Riverside Dr., Suite 308
Burbank, CA 91505
Tel. (626) 793-8607
Fax (818) 860-7951
Website: www.facchettilaw.com

**Please note: Our address and fax number has changed.**

---

 **2024.07.05 - Letter to Aynur Baghirzade.pdf**
300K



Suite 308
4444 W. Riverside Drive
Burbank, CA 91505

**Adrianos M. Facchetti**
(626) 793-8607 tel.
(818) 860-7951 fax

July 5, 2024

<u>**VIA E-MAIL**</u>
Aynur Baghirzade, Esq.
ACCURA LAW FIRM
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Email: contact@aynurlawyers.com, attorney@aynurimmigrationlaw.com; abaghirzada@yahoo.com

      **Re:**    *Aynur Baghirzade v. Armenian National Committee of America, et al.*; **United States District Court for the Southern District of California Case No. 24CV1077-RSH-KSC**

Dear Ms. Baghirzade:

As part of our regular monitoring of case filings involving our clients, we came across the above-referenced complaint (the "**Complaint**") filed against our client Yelp Inc. and Jeremy Stoppelman. The causes of action you assert against Yelp are an attempt to hold Yelp liable for third-party reviews and ratings and for Yelp's protected editorial activities. As such, they are barred by the federal Communications Decency Act (47 U.S.C. § 230) ("**CDA 230**").

While Yelp and Mr. Stoppelman will fully defend themselves if the action continues—including through anti-SLAPP motion practice—we want to give you an opportunity to voluntarily dismiss them before they are forced to respond in court and seek a quick dismissal and recovery of their attorney's fees. We thus request a response to this letter no later than the close of business on <u>**Friday, July 12, 2024**</u>.

<u>**Federal Law Precludes Liability Against Yelp for Publishing Third-Party Content**</u>

You allege in your Complaint that your "business accounts at Yelp and Google were shelled with negative reviews" (*see* Complaint, ¶34) and that other defendants "use DEFENDANT YELP platform [sic] to harass Azerbaijani and Turkish business owners[.]" by third parties. Complaint, ¶35. CDA 230 bars your attempt to impose liability on Yelp for its role as an online publisher of third-party reviews. That statute provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id*. § 230(c)(1). CDA 230 also separately provides that "[n]o cause of action may be brought, and no liability may be imposed under any State or local law that is inconsistent with this section." *Id*. § 230(e)(3).

Courts have uniformly held that claims that turn on a website's exercise of editorial discretion—

such as your claim that Yelp published and/or improperly failed to take down the at-issue reviews—are barred by CDA 230. *E.g.*, *Doe II v. MySpace Inc.*, 175 Cal. App. 4th 561, 570 (2009) (finding social networking website immune from liability for failure to exercise a publisher's traditional editorial functions in deciding whether to publish material; *La Park La Brea A LLC v. Airbnb, Inc.*, 285 F. Supp. 3d 1097, 1104 (C.D. Cal. 2017) (Under § 230(c), "so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process") (citing *Carafano v. Metrosplash. com. Inc*., 339 F. 3d 1119, 1124 (9th Cir. 2003)); *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 835 (2002) (knowledge of sellers' illegal conduct failed to overcome eBay's CDA 230 immunity for publishing decisions as to third-party content); *Zeran v. America Online, Inc*., 129 F. 3d 327, 330 (4th Cir. 1997) ("§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service . . . lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content— are barred.").

In addition, CDA 230's grant of immunity applies—absent a few statutory exceptions not applicable here—to any cause of action that seeks to treat a website operator as the publisher of third-party content, including those for defamation, harassment, intentional and negligent infliction of emotional distress, and the others you assert here. *See, e.g., Kathleen R. v. City of Livermore*, 87 Cal. App. 4th 684, 698 (2001) ("claims for declaratory and injunctive relief are no less causes of action than tort claims for damages, and thus fall squarely within the section 230(e)(3) prohibition); *see also Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1108, 1118-19 (9th Cir. 2007) (CDA 230 provided immunity from state unfair competition claim); *Carafano*, 339 F.3d at 1122 (barring claims of negligence, invasion of privacy, misappropriation of the right of publicity, and defamation).

Courts have also uniformly found that CDA 230 protects Yelp from causes of action like the ones you assert here. *E.g.*, *Hassell v. Bird*, 5 Cal. 5th 522 (2018) (reiterating robust immunity of CDA 230 applies to Yelp and reversing lower court orders enforcing order to remove third-party reviews), cert. denied sub nom., *Hassell v. Yelp, Inc.*, 2019 WL 271967 (Jan. 22, 2019); *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (affirming dismissal of various state and federal claims, including RICO claims, against Yelp based on display of a critical review); *Westlake Legal Grp. v. Yelp, Inc.*, 599 F. App'x 481, 485 (4th Cir. 2015) (finding defamation claims against Yelp barred by CDA 230), cert. denied, 136 S. Ct. 541 (2015); *Levitt v. Yelp! Inc.*, No. C-10-1321 EMC, 2011 U.S. Dist. LEXIS 124082, at *28 (N.D. Cal. Oct. 26, 2011) (finding Yelp's automated publishing decisions to be protected editorial activities under CDA 230 and affirming lower court's dismissal of action alleging California Unfair Competition Law and civil extortion claims), *aff'd* 765 F.3d 1123 (9th Cir. 2014).

Given the breadth of CDA 230's protections, there can be no viable claim against Yelp for the third-party content on its site, or for its editorial process related to such third-party content. And you do not, and cannot, assert any other basis for any relief, loss, or damages.

**Your Complaint Is Subject to California's Anti-SLAPP Law**

Your Complaint is also subject to California's robust anti-SLAPP law, which allows for the swift dismissal of claims, like yours, that target Yelp for its role as a platform for the publication of consumer speech. This law also provides for the recovery of Yelp's attorney's fees. Indeed, Yelp has repeatedly prevailed on anti-SLAPP motions, and recovered substantial attorney's fees, in cases where a plaintiff has asserted causes of action against Yelp that CDA 230 preempts—just as you have done here. *E.g.*, *Johansson v. Hodges*, Case No. 30-2017-00937600 (Orange County Super. Ct. Feb 26, 2018) (awarding approximately $25,000 in attorney's fees to Yelp after dismissing complaint based on anti-SLAPP law); *Rahbar v. Yelp*, Case No. CGC-10-499227 (San Francisco County Super. Ct. Feb 5, 2016) (granting Yelp's anti-SLAPP motion as to all claims) and awarding approximately $80,000 in attorney's fees); *Homeowners Marketing Services, Inc. v. Yelp*, Case No. BC524697 (Los Angeles County Super. Ct. May 28, 2014) (granting Yelp's anti-SLAPP motion, dismissing complaint, and awarding approximately $26,000 in attorney's fees to Yelp); *Albert v. Xcentric Ventures, LLC*, Case No. 30-2014-00738725 (Orange County Super. Ct. Dec 30, 2014) (dismissing complaint against Yelp pursuant to anti-SLAPP law and subsequently ordering approximately $30,000 in attorney's fees); *Bernath v. Tabitha J.*, Case No. 1305-06167 (Ore. Cir. Ct. Aug. 26, 2013) (granting Yelp's anti-SLAPP motion, dismissing complaint, and awarding approximately $21,000 in attorney's fees to Yelp).

Federal courts routinely grant anti-SLAPP motions to strike under these circumstances. *See, e.g.*, *Sarver v. Chartier*, 813 F.3d 891, 2016 U.S. App. LEXIS 2664 (9th Cir. Cal. 2016) (federal district court properly applied the anti-SLAPP statute to dismiss claims for false light invasion of privacy, defamation, breach of contract, intentional infliction of emotional distress, fraud, and constructive fraud/negligent misrepresentation). Indeed, the District Court for the Southern District of California recently held that "it is absolutely clear in the Ninth Circuit that a party may bring a motion in federal court under California's anti-SLAPP statute[.]" *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1077 (S.D. Cal. 2021). Yelp is confident that it would prevail here as well—and recover its attorney's fees and costs—if it is forced to file such an anti-SLAPP motion here.

**Conclusion**

As described above, the causes of action you assert against Yelp and Mr. Stoppelman lack merit and must be dismissed. While Yelp and Mr. Stoppelman will vigorously defend themselves if this case moves forward, they are willing to forego motion practice and/or seeking recovery of their attorney's fees if you promptly voluntarily dismiss your Complaint as to both. This offer will remain open until the end of the day on **Friday, July 12, 2024**. This offer may be revoked at any time.

Please contact me by email with your response. I look forward to hearing from you no later than **July 12, 2024**. Nothing in this letter is intended to waive any other defenses or claims Yelp or Mr. Stoppelman may have. All such rights are reserved.

3

Cc:     James Daire, Esq. (E-mail)
        Reed Lyon, Esq. (E-mail)

Very truly yours,

Adrianos Facchetti