1  Dick A. Semerdjian (SBN 123630)
   Chad M. Thurston (SBN 339151)
2  **SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
   101 West Broadway, Suite 810
3  San Diego, CA 92101
   Telephone No. 619.236.8821
4  Facsimile No. 619.236.8827
   Email:      das@sscelaw.com
5              chad@sscelaw.com

6  Attorneys for Defendants
   ARMENIAN NATIONAL COMMITTEE OF AMERICA,
7  ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE
   OF AMERICA WESTERN REGION

8

9              **UNITED STATES DISTRICT COURT**

10           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11

12  AYNUR BAGHIRZADE, an individual,    Case No. 3:24-cv-1077 RSH MMP

13              Plaintiff,              **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ARMENIAN**
14  v.                                 **NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN**
15  ARMENIAN NATIONAL COMMITTEE         **AND ARMENIAN NATIONAL**
    OF AMERICA, a Non-Profit           **COMMITTEE OF AMERICA**
16  Corporation; ARAM HAMPARIAN, an    **WESTERN REGION'S MOTION TO**
    individual; ARMENIAN NATIONAL      **DISMISS PLAINTIFF'S FIRST**
17  COMMITTEE OF AMERICA               **AMENDED COMPLAINT**
    WESTERN REGION, a California
18  Nonprofit Public Benefit Corporation;  [Fed. R. Civ. P. 12(b)(6)]
    YELP Inc., a Delaware Stock
19  Corporation; JEREMY STOPPELMAN,    **PER CHAMBERS RULES, NO**
    an individual; GOOGLE LLC, a       **ORAL ARGUMENT UNLESS**
20  Delaware Limited Liability Company;  **SEPARATELY ORDERED BY THE**
    ALPHABET Inc., a Delaware Stock    **COURT**
21  Corporation; ORANGE COUNTY BAR
    ASSOCIATION; a California Nonprofit  Date:      October 24, 2024
22  Mutual Benefit Corporation; TRUDY  Judge:     Hon. Robert S. Huie
    LEVINDOFSKE, an individual; TERESA
23  VUKI, an individual; LOS ANGELES
    COUNTY BAR ASSOCIATION, a
24  California Nonprofit Mutual Benefit
    Corporation; SETH CHAVEZ, an
25  individual; COCO SU, an individual;  Magistrate:   Hon. Michelle M. Pettit
    ATTORNEY SEARCH NETWORK, a
26  California Stock Corporation; JAKE
    BALOIAN, an individual; Nolo, a
27  California Stock Corporation; MH SUB I,
    LLC, a Delaware Limited Liability
28  Company; LEGALMATCH

                                    1

CALIFORNIA, a Nevada Domestic
Corporation; ESTRELLA SANCHEZ, an
individual; DOES 1 THROUGH 300,
inclusive,

                    Defendants.

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................... 9

II.  SUMMARY OF PLAINTIFFS' ALLEGATIONS ..................................... 9

III.  LEGAL STANDARD ..................................................................... 10

IV.  LEGAL ARGUMENT ...................................................................... 11

    **A.**  Plaintiff's Claims Should Be Dismissed For Failing To Provide A Short And Plain Statement............................... 11

    **B.**  Plaintiff's Claim Under 18 U.S.C. Section 1962(c) Fails To Establish The Existence Of An Enterprise. .................. 12

    **C.**  Plaintiff's Claim Under 18 U.S.C. Section 1962(b) Fails. .................................................................... 13

    **D.**  Plaintiff's Third Cause Of Action Fails As A Matter Of Law. .......................................................................... 14

    **E.**  Plaintiff's Claim Under 15 U.S.C. § 1 *Et Seq*. Fails As A Matter Of Law. .................................................... 15

    **F.**  Plaintiff's Fifth Cause Of Action Specifically Excludes Moving Defendants. ............................................ 16

    **G.**  Plaintiff's Claim Under California Business and Professions Code Section 16720 *Et Seq*. Fails As A Matter Of Law. .......................................................... 16

    **H.**  Plaintiff's Claim Under California Business & Professions Code § 17200 *Et Seq*. Fails As A Matter Of Law. .......................................................................... 17

    **I.**  Plaintiff's Eighth Cause Of Action Specifically Excludes Moving Defendants. ....................................... 19

    **J.**  Plaintiff's Ninth Cause Of Action Fails As A Matter of Law. .......................................................................... 19

        1.  Plaintiff's Attempt To Show A Conspiracy To Harass Her By Defendants Fails. ............................... 20

        2.  Plaintiff's Allegations Against Moving Defendants Fail To Satisfy *Twombly*. ............................. 21

        3.  Plaintiff Has Failed To Assert The Sixth Element Of A Harassment Claim. ............................................ 22

    **K.**  Plaintiff's Tenth Cause Of Action Fails As A Matter Of Law. .......................................................................... 23

3

1.   Plaintiff Did Not Identify A Defamatory Statement..................................................24

2.   Plaintiff Has Not Successfully Pleaded That Moving Defendants' Statements Were False. ........................24

3.   Plaintiff Has Not Pled That Moving Defendants' Statements Were Of Fact. ........................................25

4.   Plaintiff Has Not Alleged That Moving Defendants' Speech Was Unprivileged, And It Was..................................................................25

L.   Plaintiff's Eleventh Cause Of Action Fails As A Matter Of Law....................................................................26

M.   Plaintiff's Twelfth And Thirteenth Causes Of Action Fail As A Matter Of Law. ....................................27

1.   Plaintiff's IIED And NIED Claims Fail Because They Are Predicated Upon Moving Defendants' Free Speech. ..............................................................27

2.   Plaintiff's IIED Claim Fails As A Matter Of Law. ..............28

3.   Plaintiff's NIED Claim Fails As A Matter Of Law..................................................................29

V.   CONCLUSION ............................................................30

# TABLE OF AUTHORITIES

## Cases

*Adams v. PNC Bank, N.A.*,
    2014 WL 7388124, at *4 (N.D. Cal., Dec. 29, 2014) ...................................... 30

*Adams v. Superior Ct.*,
    2 Cal.App.4th 521, 528 (1992) .......................................................................... 26

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ............................................................................ 10, 11

*Assoc.d Gen'l Contractors v. Metro. Water Dist.*,
    159 F.3d 1178, 1181 (9th Cir. 1998) ................................................................ 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) ..................................... 10, 11, 15, 16, 17, 18, 19

*Bly-Magee v. California*,
    236 F.3d 1014, 1019 (9th Cir. 2001) ................................................................ 18

*Brenneman v. State of California*,
    208 Cal.App.3d 812, 817 (1989) ...................................................................... 29

*City of Indus. V. Filmore*,
    198 Cal.App.4th 191, 211–12 (2011) ............................................................... 20

*Cooper v. Pickett*,
    137 F.3d 616, 627 (9th Cir. 1997) .................................................................... 18

*Crouch v. Trinity Christian Center of Santa Ana, Inc.*,
    39 Cal.App.5th 995, 1007 (2019) ............................................................... 28, 29

*D and D Greek Restaurant, Inc. v. Great Greek Franchising, LLC*,
    2021 WL 4456063, at *2 (C.D. Cal., May 19, 2021) ....................................... 12

*DeSoto v. Yellow Freight System, Inc.*,
    957 F.2d 655, 658 (9th Cir. 1992) .................................................................... 11

*DM Rsch., Inc. v. College of Am. Pathologists*,
    170 F.3d 53, 56 (1st Cir. 1999) ........................................................................ 15

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990, 997 (9th Cir. 2014) .................................................................... 13

*GetFugu, Inc. v Patton Boggs LLP*,
    220 Cal.App.4th 141,155 (2013) ...................................................................... 24

*Gilbert v. Sykes*,
    147 Cal.App.4th 13, 32 (2007) ........................................................................ 23

*Glenn v. First Nat'l Bank in Grand Junction*,
    868 F.2d 368, 371 (10th Cir. 1989) .................................................................. 12

*Howard v. Am. Online Inc.*,
208 F.3d 741, 751 (9th Cir. 2000) ...................................................... 14

*Huggins v. Longs Drug Stores California, Inc.*,
6 Cal.4th 124, 129 (1993) .................................................................... 29

*Hughes v. Pair*,
46 Cal.4th 1035, 1051 (2009) .............................................................. 28

*Huntingdon Life Services, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
129 Cal.App.4th 1228, 1247 (2005) ............................... 22, 26, 28

*In re Toyota Motor Corp.*,
785 F.Supp.2d, 883, 921 (N.D. Cal. 2011) ...................................... 14

*J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*,
247 Cal.App.4th 87, 97 (2016) ........................................................... 23

*Kahn v. Bowser*,
232 Cal.App.3d 1599, 1612 (1991) ............................................. 23, 24

*Kearns v. Ford Motor Co.*,
567 F.3d 1120, 1125 (9th Cir. 2009) ................................................. 18

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042, 1047 (9th Cir. 2008), ................................................ 10

*Lebbos v. State Bar*,
165 Cal.App.3d 656, 670 (1985) ......................................................... 26

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*,
48 Cal.3d 583, 588 (1989) ................................................................... 29

*Marolda v. Symantec Corp.*,
672 F.Supp.2d 992, 1003 (N.D. Cal. 2009) ...................................... 18

*McGarry v. Univ. of San Diego)*
154 Cal.App.4th 97, 112 (2007) ................................................... 23, 24

*McHenry v. Renne*,
84 F.3d 1172, 1177 (9th Cir. 1996) ................................................... 12

*Medical Marijuana, Inc. v. Project CBD.com*,
46 Cal.App.5th 869, 888 (2020) ............................................. 23, 24, 25

*MH Pillars Ltd. v. Realini*,
2018 WL 1184847, at *7 (N.D. Cal. Mar. 7, 2018) ........................ 13

*Milkovich v. Lorain Journal Co.*,
497 U.S. 1, 20 (1990) ........................................................................... 23

*Miranda v. Ponce Fed. Bank*,
948 F.2d 41, 44 (1st Cir. 1991) .......................................................... 12

*Morse v. Frederick*,
   551 U.S. 393, 403 (2007) ...............................................................22, 26, 28

*Myles v. United States*,
   47 F.4th 1005, 1014 (2022) .......................................................................26

*Potter v. Firestone Tire & Rubber Co.*,
   67 Cal.4th 965, 1001 (1993)......................................................................28

*Rockridge Trust v. Wells Fargo, N.A.*,
   985 F.Supp.2d 1100, 1156–57 (N.D. Cal. 2013) ......................................20

*Sanders v. Walsh*,
   219 Cal.App.4th 855, 862 (2013) ..............................................................23

*Schild v. Rubin*,
   232 Cal.App.3d 755, 762 (1991) ..........................................................20, 22

*Simo v. Union of Needletrades, Indus. & Textile Emps., Southwest
   Dist. Council*,
   322 F.3d 602, 621 (2003) ...........................................................................28

*Stanard v. Nygren*,
   658 F.3d 792, 799–800 (7th Cir. 2011) .....................................................11

*Steinley v. Health Net, Inc.*,
   2018 WL 6985318, at *5 (C.D. Cal., Dec. 4, 2018)...................................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308, 319 (2007) ...........................................................................11

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004)....................................................................11

*U.S. Concord, Inc. v. Harris Graphics Corp.*,
   757 F. Supp. 1053, 1056 (N.D. Cal. 1991) ................................................14

*Virginia v. Black*,
   538 U.S. 343, 365 (2003) .....................................................................22, 26, 28

*Vogel v. Felice*,
   127 Cal.App.4th 1006, 1021 (2005)...........................................................25

*Watson v. Weeks*,
   436 F.3d 1152, 1157 (9th Cir. 2006) ..........................................................10

**Statutes**

California Business & Professions Code Section 17200.....................................17, 18

California Business and Professions Code Section 1620 .........................................16

California Business and Professions Code Section 1621 ...................................16, 17

California Business and Professions Code Section 1627 ...................................16, 17

California Civil Code Section 51 ...................................................................19

Code of Civil Procedure Section 527.6 ...............................................19, 20

Federal Rule of Civil Procedure, rule 12(b)(6)..........................................10

Federal Rule of Civil Procedure, rule 8 ..............................................11, 19

Federal Rule of Civil Procedure, rule 9 ..............................................18, 19

**Constitutional Provisions**

15 U.S.C. § 1 ........................................................................................15, 16

15 U.S.C. § 2 ...............................................................................................15

18 U.S.C. § 1962 ...........................................................................12, 13, 14

42 U.S.C. § 2000 .........................................................................................16

## I.   INTRODUCTION

Plaintiff Aynur Baghirzade ("Plaintiff") filed this action on June 21, 2024, and filed a First Amended Complaint ("FAC") on August 15, 2024, based on multiple conspiracies ranging from the dispute between Armenia and Azerbaijan, twitter disputes, Yelp reviews, attorney referral services, and countless others. Plaintiff's fifty-nine (59) page, 314 paragraph FAC is the antithesis of a "short and plain statement" and the allegations are completely nonsensical.

Specifically, Plaintiff's allegations against Defendants Armenian National Committee of America ("ANCA"), Aram Hamparian and Armenian National Committee of America Western Region ("ANCA-WR") (collectively, "Moving Defendants") are scattered at best and are simply grouped with all other named Defendants for all causes of action.

Plaintiff's FAC fails to state a single claim which is plausible on its face and therefore, it should be dismissed with prejudice.

## II.   SUMMARY OF PLAINTIFFS' ALLEGATIONS

While Plaintiff's FAC is scattered and difficult to follow, it appears she is attempting to plead a widespread conspiracy against her and her business which is being led by Moving Defendants, Yelp, Google, multiple Bar Associations, various legal referral programs, and multiple other individual Defendants.

Plaintiff begins her FAC with her background as well as multiple pages on the history of incidents between Armenia and Azerbaijan ranging back to 1976. (FAC, ¶¶ 25–46.) These paragraphs appear to be unrelated to Plaintiff's claims. Plaintiff then describes her activity on social media and how she was "harassed on her Twitter account by various Armenian account users…" (FAC, ¶¶ 50–52.) Despite Plaintiff's unsupported assertions against an unidentified individual associated with ANCA and ANCA-WR, the rest of Plaintiff's claims appear to be centered around Twitter users, in general. (FAC, ¶¶ 52–57.)

Plaintiff's next conspiracy is centered around named Defendants Yelp and Google, and how they allegedly refused to take down defamatory reviews (FAC, ¶¶ 58–61; 66–71), placed a dead rat in her garage (FAC, ¶ 62) and manipulated search results for her law firm (FAC, ¶¶ 73–80).

Plaintiff continues describing past and ongoing disputes with her former employer (FAC, ¶¶ 85–90). the Orange County Bar Association (FAC, ¶¶ 99–116), the Los Angeles County Bar Association (FAC, ¶¶ 117–128) and various attorney referral services (FAC, ¶¶ 129–144).  In sum, Plaintiff's FAC is premised upon a general conspiracy waged against her because of her political views and actions.  However, her FAC lacks any facts to support her far-reaching claims.  Plaintiff's attempts to lump all Defendants together cannot satisfy any Federal or State pleading standards, and thus, her FAC should be dismissed.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure, rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  *See* FED. R. CIV. P. 12(b)(6).  "[C]onclusory allegations of law and unwarranted inferences" are insufficient.  *Assoc.d Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed.  *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).  The pleading must also allege facts, and it is the plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than just labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 544, 570).  The complaint must also provide enough detail to give the defendant fair

10

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

notice of what the claim is and what grounds support it. *Twombly*, 550 U.S. at 555. However, a plaintiff cannot just throw around legal conclusions, "a formulaic recitation of the elements of a cause of action will not do. *Id.* The court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

When it is clear that amending the pleading would be futile, the Ninth Circuit has held that it is not an abuse of discretion to deny leave to amend the Complaint. *See DeSoto v. Yellow Freight System, Inc.,* 957 F.2d 655, 658 (9th Cir. 1992); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053 (9th Cir. 2004) (holding that dismissal without leave to amend is proper when it is clear from the face of the complaint that it could not be saved by amendment).

## IV. LEGAL ARGUMENT

### A. Plaintiff's Claims Should Be Dismissed For Failing To Provide A Short And Plain Statement.

Plaintiff's assertions, facts, and claims are unintelligible. Under Federal Rule of Civil Procedure, rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). In doing so, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quotation marks omitted). "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him. Deciphering even that much from the [First Amended Complaint] is next to impossible." *Stanard v. Nygren*, 658 F.3d 792, 799–800 (7th Cir. 2011).

11

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Here, instead of providing notice of her claims, and the facts to support her claims, Plaintiff's FAC is filled with accusatory allegations wholly unrelated to her purported claims. Plaintiff's practice of lumping all Defendants together for all causes of action also cannot be ignored. As discussed below, Plaintiff fails, in all of her claims, to specifically point out how each of the twenty-one named Defendants (and 300 DOES) are allegedly liable for each cause of action. *D and D Greek Restaurant, Inc. v. Great Greek Franchising, LLC*, 2021 WL 4456063, at *2 (C.D. Cal., May 19, 2021) (citing *Steinley v. Health Net, Inc.*, 2018 WL 6985318, at *5 (C.D. Cal., Dec. 4, 2018) ("'Generally, "[u]ndifferentiated pleading against multiple defendants is improper" because it fails to give each defendant notice of the specific allegations and claims that pertain to it.'").

Dismissal is appropriate where the "very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint that was "argumentative, prolix, replete with redundancy and largely irrelevant."); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) ("[T]he complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast.").

## B. Plaintiff's Claim Under 18 U.S.C. Section 1962(c) Fails To Establish The Existence Of An Enterprise.

Plaintiff's first cause of action is brought under 18 U.S.C. Section 1962(c) which states that it is unlawful for "any person employed by or associated with [an] enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." A claim under Section 1962(c) has five elements: "a defendant

12

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity ... [and] the conduct must be (5) the proximate cause of harm to the victim." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  To adequately allege the existence of an enterprise, defendants must plead that the enterprise has (i) a common purpose, (ii) a structure or organization, and (iii) longevity necessary to accomplish the purpose.  *Id.*

Here, as is the pattern with all her causes of action, Plaintiff lumps together all Defendants and states that "DEFENDANTS are enterprises, whose/which activities affect interstate and foreign commerce."  (FAC, ¶ 148.)  Beyond this legal conclusion, Plaintiff fails to identify what "enterprise" is the subject of this cause of action as well as her other racketeering claims.  Whether Google, Yelp, ANCA and the Los Angeles County Bar Association are all part of the same "enterprise" is impossible to tell from Plaintiff's FAC.

Furthermore, even if Plaintiff did establish the existence of an enterprise, she has failed to show how any individual participated in a pattern of racketeering.  For example, individual Defendant Aram Hamparian is never even mentioned in Plaintiff's General Allegations.  The only time he is mentioned are in the causes of action, where again, Plaintiff fails to plead any facts, beyond legal conclusions, about how he allegedly participated in any type of racketeering activity.

Plaintiff's first cause of action terminally fails and should be dismissed.

## C.    Plaintiff's Claim Under 18 U.S.C. Section 1962(b) Fails.

Plaintiff's second cause of action fails for similar reasons. To state a claim under 18 U.S.C. Section 1962(b), "a plaintiff must allege: 1) the defendant's activity led to its control or acquisition over a RICO enterprise, and 2) an injury to plaintiff resulting from defendant's control or acquisition of a RICO enterprise." *MH Pillars Ltd. v. Realini*, 2018 WL 1184847, at *7 (N.D. Cal. Mar. 7, 2018) (citations

13

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

omitted).  "To adequately allege proximate causation under § 1962(b), a plaintiff must allege an 'injury from the defendant's acquisition or control of an interest in a RICO enterprise' separate from an injury flowing from the racketeering activity itself."  *In re Toyota Motor Corp.,* 785 F.Supp.2d, 883, 921 (N.D. Cal. 2011) (quoting *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1056 (N.D. Cal. 1991).  The alleged injury must also be a separate and distinct injury from the injury flowing from the predicate acts.  *Id.*

Again, Plaintiff has failed to establish the existence of a RICO enterprise, as she lumps all Defendants together.  Furthermore, if she is attempting to establish the ANCA as the "enterprise," then she has failed to allege how any individual defendants' acts led to an injury, separate from the alleged racketeering itself.  As such, Plaintiff's second cause of action should also be dismissed.

### D.    Plaintiff's Third Cause Of Action Fails As A Matter Of Law.

Plaintiff's third cause of action is brought under 18 U.S.C. Section 1962(d) and relies on the same set of facts as her first two causes of action.  Section 1962(d) of RICO provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  "To establish a violation of section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses."  *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).  "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO."  *Id.*

Because Plaintiff's Section 1962(b) and (c) claims fail as a matter of law, Plaintiff cannot maintain a RICO conspiracy claim.

1
2

### E.   Plaintiff's Claim Under 15 U.S.C. § 1 *Et Seq*. Fails As A Matter Of Law.

3

Plaintiff's fourth cause of action is brought under 15 U.S.C. § 1 *et seq.*, the

4  Sherman Antitrust Act of 1980 ("The Sherman Act").  The Sherman Act prohibits

5  activities restricting interstate commerce and unreasonable restrictions on

6  marketplace competition, and states that "[e]very contract, combination in the form

7  of trust or otherwise, or conspiracy, in restraint of trade or commerce . . . is declared

8  to be illegal." 15 U.S.C. § 1. Section 2 holds that "[e]very person who shall

9  monopolize, or attempt to monopolize, or combine or conspire with any other

10  person or persons, to monopolize" is guilty of a felony.  15 U.S.C. § 2.

11

Stating a Section 1 claim "requires a complaint with enough factual matter

12  (taken as true) to suggest that an agreement was made . . . an allegation of parallel

13  conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel

14  conduct does not suggest conspiracy, and a conclusory statement of agreement at

15  some unidentified point does not supply facts adequate to show illegality. Hence,

16  when allegations of parallel conduct are set out in order to make a Section 1 claim,

17  they must be placed in a context that raises a suggestion of a preceding agreement,

18  not merely parallel conduct that could just as well be independent action."

19  *Twombly*, 550 U.S. at 556–57.  "An allegation of parallel conduct is thus much like

20  a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to

21  stating a claim, but without some further factual enhancement it stops short of the

22  line between possibility and plausibility of 'entitle[ment] to relief.'"  *Id.* at 557; *see*

23  *also DM Rsch., Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)

24  ("[T]erms like "conspiracy," or even "agreement," are border-line: they might well

25  be sufficient in conjunction with a more specific allegation. . . but a court is nor

26  required to accept such terms as a sufficient basis for a complaint.").

27
28

Here, Plaintiff's FAC is devoid of any specific allegations as to the conduct of Moving Defendants. Rather, it appears to allege a general "[c]onspiracy among DEFENDANTS" to exclude her from the market as a restraint on trade. (FAC, ¶ 178.) Other than her vague allegations of conspiracy, Plaintiff fails to include any allegations of parallel conduct, any context to raise a suggestion of a preceding agreement between Defendants, or any factual enhancements to support her claim. As *Twombly* clarified, her bare allegations of conspiracy and conclusory statements cannot support a claim under the Sherman Act. Because she has failed to plead a claim under Section 1, Plaintiff's fourth cause of action must be dismissed.

**F.     Plaintiff's Fifth Cause Of Action Specifically Excludes Moving Defendants.**

Plaintiff's fifth cause of action is brought under 42 U.S.C. § 2000(a) *et seq.* and alleges that Defendants denied her public accommodation. Her FAC specifies that such claim is "AGAINST ALL DEFENDANTS EXCEPT DEFENDANTS ANCA AND ANCAWR." (FAC 41: 24–25.) Thus, Moving Defendants ANCA and ANCA-WR are not included in this claim.

Moving Defendant Aram Hamparian is not specifically excluded from the fifth cause of action but is named in the FAC solely in his capacity as Executive Director for ANCA, and not in individual capacity. (FAC, ¶¶ 151–52.) Thus, as Executive Director and representative of ANCA only, Aram Hamparian is not included in Plaintiff's fifth cause of action.

**G.     Plaintiff's Claim Under California Business and Professions Code Section 16720 *Et Seq.* Fails As A Matter Of Law.**

Plaintiff's sixth cause of action is brought under California Business and Professions Code Section 1620 *et seq.*, specifically, Sections 1621 and 1627. Section 1621(a) prohibits the exclusion of any person in California from business transactions "on the basis of any policy. . . that requires discrimination against that

16

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

person. . . .” Cal. Bus. & Prof. Code § 1621(a).  Subsection (b) states that no person in California “shall require another person to be excluded, or be required to exclude another person, from a business transaction on the basis of a policy . . . that requires discrimination against that other person. . . .” Cal. Bus. & Prof. Code § 1621(b). Subsection (c) declares that any violation of sections (a) or (b) is a conspiracy against trade.  Cal. Bus. & Prof. Code § 1621(c).  Finally, Section 1627 prohibits any lease or sale of goods where a contract or price fixture has the effect of substantially lessening competition or creates a monopoly in any line of trade or commerce.  Cal. Bus. & Prof. Code § 1627.

As to this sixth cause of action, Plaintiff's FAC includes specific allegations of conduct regarding Defendant OCBA.  (FAC, ¶¶ 204–207.)  Her FAC, however, states against Moving Defendants only the following: “All other DEFENDANTS violated Section 1672 et seq. of California Business & Professional code by conspiring against the PLAINTIFF to destroy her business and by excluding her from [the] normal flow of referrals or creating problems for the PLAINTIFF's business online.”  (FAC, ¶ 208.)  Not only does Plaintiff's FAC fail to make any specific allegations of fact or conduct, it also specifically fails to allege how Moving Defendants either (a) excluded her from business transactions based on a discriminatory policy, (b) required another person to exclude Plaintiff from a transaction based on a discriminatory policy, (c) or engaged in any lease or sale of goods with a price fixture that created a monopoly.  Plaintiff's allegations are merely “labels and conclusions,” lacking any evidentiary support.  *Twombly*, 550 U.S. at 555.  Accordingly, Plaintiff's sixth cause of action should be dismissed.

### H.    Plaintiff's Claim Under California Business & Professions Code § 17200 *Et Seq.* Fails As A Matter Of Law.

Plaintiff's seventh cause of action is brought under California Business & Professions Code Section 17200 *et seq.*, the Unfair Competition law (“UCL”).

Section 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising and any act prohibited by Chapter 1 . . . of the Business and Professions Code."  Cal. Bus. & Prof. Code § 17200.  "To state a claim under the UCL, a plaintiff must plead that: (1) defendant engaged in one of the practices prohibited by the statute; and (2) plaintiff suffered actual injury in fact as a result of defendant's actions."  *Marolda v. Symantec Corp.*, 672 F.Supp.2d 992, 1003 (N.D. Cal. 2009).  "While fraud is not a necessary element of a successful UCL claim, when fraud is alleged, the heightened pleading standard of Rule 9(b) applies. *Id.* at 1004 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Federal Rule of Civil Procedure, rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong'."  *Kearns*, 567 F.3d at 1120 (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *see also Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted) ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged.").

As to Moving Defendants, Plaintiff's FAC contains only a general allegation of conspiracy and conclusory allegations of fraud, thus failing to satisfy *Twombly's* basic pleading standard, and simultaneously invoking a heightened pleading standard under Federal Rule of Civil Procedure, rule 9(b).  Plaintiff's allegations of fraud state that Defendants are engaged in "fraudulent business practices," have conspired to destroy her businesses, and have committed "multiple acts of mail & wire fraud."  (FAC, ¶ 212.)  As *Kearns* and *Cooper* clarify, Plaintiff was required to provide specific circumstances constituting the alleged fraud, including the "who, what, where, when, and how" of the misconduct alleged.  Her FAC provides none.  Such a barebones accusation lacking any specific facts or conduct cannot meet the

18

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

pleading standards of either Federal Rule of Civil Procedure, rules 8 or 9(b).
Accordingly, Plaintiff's claim must be dismissed for failure to properly state a
claim.

## I.   Plaintiff's Eighth Cause Of Action Specifically Excludes Moving Defendants.

Plaintiff's eighth cause of action is brought under California Civil Code
Section 51 *et seq.*, (The Unruh Civil Rights Act), and alleges that Defendants denied
her public accommodation.  Plaintiff's FAC specifies that such claim is "AGAINST
ALL DEFENDANTS EXCEPT DEFENDANTS ANCA AND ANCAWR." (FAC
47: 1–2.)  Thus, Moving Defendants ANCA and ANCA-WR are not included in this
cause of action.

Moving Defendant Aram Hamparian is not specifically excluded from the
eighth cause of action but is named in the FAC solely in his capacity as Executive
Director for Defendant ANCA, and not in individual capacity.  (FAC, ¶¶ 151–52.)
Thus, as Executive Director and representative of ANCA only, Aram Hamparian is
not included in this eighth cause of action.

## J.   Plaintiff's Ninth Cause Of Action Fails As A Matter of Law.

Plaintiff's ninth cause of action is brought under the California Code of Civil
Procedure Section 527.6 and alleges harassment.  Plaintiff's FAC fails in three
respects to successfully allege harassment against Moving Defendants.  The FAC
fails to allege a conspiracy against all Defendants, the allegations in the FAC do not
meet *Twombly* pleading requirements, and Plaintiff did not allege the sixth element
of a harassment claim.

"The elements of unlawful harassment, as defined by the language in section
527.6, are as follows: (1) 'a knowing and willful course of conduct' entailing a
'pattern' of 'a series of acts over a period of time, however short, evidencing a
continuity of purpose'; (2) 'directed at a specific person'; (3) 'which seriously

19

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

alarms, annoys, or harasses the person'; (4) 'which serves no legitimate purpose'; (5) which 'would cause a reasonable person to suffer substantial emotional distress' and 'actually cause[s] substantial emotional distress to the plaintiff'; and (6) which is not a '[c]onstitutionally protected activity.'"  *Schild v. Rubin*, 232 Cal.App.3d 755, 762 (1991) (citing Cal. Code Civ. Proc. § 527.6).

"Civil conspiracy is not an independent tort. Instead, it is a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1100, 1156–57 (N.D. Cal. 2013) (citing *City of Indus. V. Filmore*, 198 Cal.App.4th 191, 211–12 (2011).  "The elements of a civil conspiracy are (1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages."  *Filmore*, 198 Cal.App.4th at 212.

### 1.    Plaintiff's Attempt To Show A Conspiracy To Harass Her By Defendants Fails.

First, Plaintiff's FAC alleges no specific instances of identifiable conduct against Moving Defendants; rather, it again purports general allegations that all Defendants were acting as part of a conspiracy to harass her.  (FAC, ¶¶ 225–27.) She seems to allege that Moving Defendants, Yelp, Google, and "people she didn't know" acted in concert to send her threatening messages via phone, Twitter, Instagram, and email; to ensure defamatory material appeared under her name when searched in Google; and to stalk her address, bank information, social media, and business location.  (FAC, ¶¶ 224–227.)  Plaintiff failed to allege the formation of a conspiracy or agreement between Defendants to harass her, as required in *Filmore*. Plaintiff asserted merely that ANCA and ANCA-WR acted "via their different agents," and "order[ed] the Armenian Enterprise working for DEFENDANT

GOOGLE to place their messages tweets, Instagram publications, other materials to appear under her name in Google Search." (FAC, ¶ 226.) Plaintiff's allegations read as mere skepticism and fail to properly allege or identify any agreement between Defendants to harass her. Without facts specifically identifying any relationship or connection between Defendants (other than simply being Armenian), Plaintiff cannot expect the Court to hold Moving Defendants accountable for the acts of "unidentified callers" and unknown individuals. (FAC, ¶ 225.)

### 2. Plaintiff's Allegations Against Moving Defendants Fail To Satisfy *Twombly*.

Second, the only allegations in Plaintiff's harassment claim attributed specifically to Moving Defendants are not distinct, unambiguous, or definite. Plaintiff states that "for about 2 months (January – February, 2024)" ANCA and ANCAWR "placed defamatory content about the PLAINTIFF with the purpose to harass, intimidate and cause her substantial emotional distress. . . [and] called for her disbarment in all those platforms, tagged different people, [and] encouraged their community to attack her." (FAC, ¶ 224.) Plaintiff's statement that Moving Defendants placed defamatory content online with the purpose to harass her, intimidate her, and cause her substantial emotional distress is both a legal conclusion and a formulaic recitation of the elements of a harassment claim. Moreover, these allegations lack specificity and facts—not once does Plaintiff even identify the "defamatory content" that Defendants supposedly posted. Plaintiff's belief that Moving Defendants "continuously stalk her address, business location, bank information, and social media accounts" is similarly devoid of specific facts or conduct. Again, Plaintiff's allegations are vague, conclusory, and formulaic recitations of a harassment claim. Without specific facts, Plaintiff has failed to put Moving Defendants on notice of what conduct they are expected to defend.

### 3.    Plaintiff Has Failed To Assert The Sixth Element Of A Harassment Claim.

Third, even if this court finds Plaintiff's allegations plausible, Plaintiff has still failed to successfully plead her claim because she has not pleaded the sixth element of a harassment claim.  *See Rubin*, 232 Cal.App.3d at 762 (holding that the sixth element of a harassment claim requires showing that the Defendant was not engaged in a constitutionally protected activity).  Plaintiff here has neither asserted that Defendants' conduct was not a constitutionally protected activity, nor that the public forum criterion is unsatisfied.

The only allegations in Plaintiff's ninth cause of action attributed solely to Moving Defendants include placing defamatory content about the Plaintiff online and calling for her disbarment.  (FAC, ¶ 224.)  As Plaintiff's 119 paragraphs of General Allegations maintain, the alleged disputes between her and Moving Defendants are premised on the parties' opposing views regarding Armenia and Azerbaijan—a political debate.  (*See generally* FAC, ¶¶ 25–144.)  Thus, without more specific allegations, Moving Defendants must assume that such defamatory content concerns the Armenian-Azerbaijan conflict, and thus is constitutionally protected political speech.  *See Morse v. Frederick*, 551 U.S. 393, 403 (2007) (quoting *Virginia v. Black*, 538 U.S. 343, 365 (2003) (plurality opinion) ("Political speech, of course, is 'at the core of what the First Amendment is designed to protect.'").

Additionally, Moving Defendants' alleged speech took place in a public forum: online via "social media accounts."  (FAC, ¶224.)  Moving Defendants' alleged statements are thus entitled to the Constitutional protections available in a public forum like the internet.  *See Huntingdon Life Services, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1247 (2005)

(citations omitted) ("Statements on [Defendants'] Web site are accessible to anyone who chooses to visit the site, and thus they 'hardly could be more public.'").

Thus, not only has Plaintiff failed to successfully plead all elements of a plausible harassment claim, but also, even a successful harassment pleading by Plaintiff would fail on the merits because any alleged harassment stems from Moving Defendants' posting political speech in a public forum.

### K.    Plaintiff's Tenth Cause Of Action Fails As A Matter Of Law.

Plaintiff's tenth cause of action is brought under California defamation law and is infirm for four reasons: (1) it does not identify a defamatory statement, (2) it does not successfully plead falsity, (3) it does not plead that the statement was fact and not opinion, and (4) it alleges defamation against constitutionally privileged speech.

To successfully plead a defamation claim, a Plaintiff must successfully assert that defendants published: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*, 247 Cal.App.4th 87, 97 (2016); *Medical Marijuana, Inc. v. Project CBD.com*, 46 Cal.App.5th 869, 888 (2020) (citing *Kahn v. Bowser*, 232 Cal.App.3d 1599, 1612 (1991) ("The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint."); *Gilbert v. Sykes*, 147 Cal.App.4th 13, 32 (2007) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990) (emphasis in original) ("There can be no recovery for defamation without a falsehood. . . . Thus, to state a defamation claim that survives a First Amendment challenge, plaintiff must present evidence of a statement of fact that is *provably false.*")); *Sanders v. Walsh*, 219 Cal.App.4th 855, 862 (2013) ((citing *McGarry v. Univ. of San Diego* 154 Cal.App.4th 97, 112 (2007) ("Because the statement must contain a provable falsehood, courts distinguish between statement of fact and statements of opinion for

purposes of defamation liability."); *GetFugu, Inc. v Patton Boggs LLP*, 220 Cal.App.4th 141,155 (2013) (citing *McGarry*, 154 Cal.App.4th at 112 (Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected.").

### 1.   Plaintiff Did Not Identify A Defamatory Statement.

As an initial matter, Plaintiff failed to identify a single defamatory statement made against her by Moving Defendants.  Her FAC states that Moving Defendants made "multiple false statements" on several accounts and on their website and manipulated *Plaintiff's own tweet* where she "called for the genocide of Armenians."  (FAC, ¶233.)  Per the standard laid out in *Medical Marijuana, Inc. and Kahn*, Plaintiff has failed to specifically identify the defamatory language Moving Defendants allegedly posted about her and has failed to plead verbatim what statement Moving Defendants published.  Rather, she has lumped an alleged series of posts into one single, general allegation, thus failing to successfully plead a defamatory statement.

### 2.   Plaintiff Has Not Successfully Pleaded That Moving Defendants' Statements Were False.

Next, Plaintiff has failed to successfully allege that statements made by Moving Defendants were false.  Plaintiff alleges Moving Defendants turned Plaintiff's own tweet into a falsity by "manipulat[ing]" it, "isolat[ing] it from all her other tweets," and taking it "out of context."  (FAC, ¶ 233.)  She also asserts that Moving Defendants reported that Plaintiff's tweet "called for the genocide of Armenians," yet she fails to provide any context, information, or other tweets to help Moving Defendants understand the context out of which Plaintiff's tweet was taken.  (FAC, ¶ 233.)  Case law maintains that "[m]inor inaccuracies do not amount to falsity so long as the 'substance, the gist, the sting, of the libelous charge be justified.'  Put another way, the statement is not considered false unless it 'would

24

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Medical Marijuana, Inc.*, 46 Cal.App.5th at 889 (citing *Vogel v. Felice*, 127 Cal.App.4th 1006, 1021 (2005)).  Plaintiff has pleaded no other context in which to read any alleged statement that Plaintiff "called for the genocide of Armenians."  (FAC ¶ 233.)  Without more context, Moving Defendants are left wondering what other possible effect such a tweet could have on the mind of readers.  Thus, Plaintiff has attempted to plead falsity, but by including no concrete facts, no other statements, and no context, she has failed.

### 3. Plaintiff Has Not Pled That Moving Defendants' Statements Were Of Fact.

Further, Plaintiff has not alleged that Moving Defendants made a statement of fact.  Nowhere in Plaintiff's FAC does she assert that Moving Defendants' alleged statements were statements of fact, or that they were not opinions.  Common sense dictates that any statement "demand[ing] her disbarment" is a statement of opinion, given the parties' history of disputes in the General Allegations, and is thus constitutionally protected.  Any statement regarding Plaintiff "call[ing] for the genocide of Armenians," is also necessarily a statement of opinion per Moving Defendants' political views about Armenia.  Thus, Plaintiff has failed to plead that Moving Defendants made a statement of fact, and her general allegations strongly suggest that any statement made by Moving Defendants was a political opinion.

### 4. Plaintiff Has Not Alleged That Moving Defendants' Speech Was Unprivileged, And It Was.

Finally, even if Plaintiff had pleaded a defamatory, false, and factual statement, such a statement by Moving Defendants would still not entitle her to relief because any such speech is privileged as a constitutionally protected activity, which she failed to address.  As stated above, the only allegations in Plaintiff's tenth cause of action attributed solely to Moving Defendants include placing defamatory

content about the Plaintiff online and calling for her disbarment.  (FAC, ¶ 233–34.)
Again, Plaintiff's FAC makes clear that her disagreements with Moving Defendants
stem from their opposing political views regarding Armenia and Azerbaijan.  Thus,
without more specific allegations, Moving Defendants must assume that such
defamatory content concerns their political speech, which is privileged.  *See Morse*,
551 U.S. at 403; *Black*, 538 U.S. at 365.  Further, because any alleged statements by
Moving Defendants were posted online and on a website, such speech was made in
a public forum.  *See Huntingdon Life Servs., Inc.*, 129 Cal.App.4th at 1247.  Thus,
Plaintiff has failed to plead that Moving Defendants' statement was not privileged
and has failed to allege facts indicating that it in fact, was not privileged.

In sum, Plaintiff's FAC fails to properly address four elements of
defamation—a defamatory statement, falsity, fact, and privilege—which renders her
tenth cause of action incurably defunct.  Plaintiff's tenth cause of action must be
dismissed.

### L.    Plaintiff's Eleventh Cause Of Action Fails As A Matter Of Law.

Plaintiff's eleventh cause of action is for malicious prosecution.  "A plaintiff
must plead and prove three elements to establish the tort of malicious prosecution: a
prosecution (1) was commenced by or at the direction of the defendant and was
pursued to a legal termination favorable to the plaintiff; (2) was brought without
probable cause; and (3) was initiated with malice."  *Myles v. United States*, 47 F.4th
1005, 1014 (2022); *Adams v. Superior Ct.*, 2 Cal.App.4th 521, 528 (1992) ("The tort
of malicious prosecution requires the initiation of a full-blown action ...; subsidiary
procedural actions within a lawsuit such as an application for a restraining order or
for a lien will not support a claim of malicious prosecution."); *Lebbos v. State Bar*,
165 Cal.App.3d 656, 670 (1985) ("Further, "[i]nvestigations which do not lead to
initiation of proceedings before an official body or administrative board having the

power to take action adversely affecting legally protected interests of the accused are not a sufficient basis upon which to found an action for malicious prosecution.").

Plaintiff alleges Moving Defendants filed a State Bar complaint against her. (FAC, ¶ 250.)  Nowhere in her FAC does she allege that Moving Defendants commenced a prosecution or a legal action against her.  Plaintiff also does not plead that such an action was pursued to a legal termination favorable to Moving Defendants.  Quite the opposite, she pleads that Moving Defendants' "complaint to the Bar on Plaintiff got dismissed." (FAC, ¶ 250.)  Further, Plaintiff does not plead that Moving Defendants acted with malice or with a lack of probable cause. Because Plaintiff's claim here is predicated on a dismissed State Bar complaint and because she fails to plead all elements of malicious prosecution, her eleventh cause of action fails and must be dismissed.

### M.   Plaintiff's Twelfth And Thirteenth Causes Of Action Fail As A Matter Of Law.

Plaintiff asserts her twelfth and thirteenth causes of action for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"), respectively.  Her claims fail because (1) the "conduct" alleged in both is founded on Moving Defendants' engagement in constitutionally protected political speech in a public forum, and (2) Plaintiff has failed to successfully plead the elements of each claim.

#### 1.   Plaintiff's IIED And NIED Claims Fail Because They Are Predicated Upon Moving Defendants' Free Speech.

In her twelfth and thirteenth causes of action, Plaintiff alleges that Moving Defendants "placed defamatory content about the PLAINTIFF in the social media," stated that her actions constituted "moral turpitude," and called for her disbarment. (FAC, ¶¶ 255–56, 302.)  As stated in the arguments above, any such speech by Moving Defendants is political speech.  Plaintiff's alleged quarrels with Moving

27

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants concern their political opinions regarding Armenia.  Thus, without more specific "conduct" causing Plaintiff's alleged emotional distress, Moving Defendants assume such conduct concerns their online political opinions on Armenia.  As case law makes clear, political speech is constitutionally protected, especially when made in a public forum.  *Morse*, 551 U.S. at 403; *Black*, 538 U.S. at 365; *Huntingdon Life Servs., Inc.*, 129 Cal.App.4th at 1247.  Thus, any alleged "conduct" by Moving Defendants causing Plaintiff's emotional distress was a constitutionally protected activity and cannot form the basis for Plaintiff's IIED or NIED claims.

### 2.    Plaintiff's IIED Claim Fails As A Matter Of Law.

Plaintiff's claim for IIED also fails because she has not pleaded extreme and outrageous conduct by Defendants and cannot satisfy the element of causation. Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Simo v. Union of Needletrades, Indus. & Textile Emps., Southwest Dist. Council*, 322 F.3d 602, 621 (2003); *Potter v. Firestone Tire & Rubber Co.*, 67 Cal.4th 965, 1001 (1993) ("Outrageous conduct is conduct that is intentional or reckless and so extreme as to exceed all bounds of decency in a civilized community."); *Crouch v. Trinity Christian Center of Santa Ana, Inc.*, 39 Cal.App.5th 995, 1007 (2019) (citing *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009) ("Liability for IIED does not extend to " ' " mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." ' ")).

Plaintiff's FAC asserts that Moving Defendants "placed defamatory content about the PLAINTIFF in the social media," stated that her actions constituted

28

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

"moral turpitude," and called for her disbarment.  (FAC, ¶¶ 255–56.)  Despite Plaintiff describing these actions as "outrageous," such actions are clearly not so extreme as to exceed the bounds of decency in a civilized community, and thus are not extreme and outrageous for the purposes of IIED.  (FAC, ¶257.)  Rather, Plaintiff has alleged conduct that amounts to petty oppressions and insults, which *Crouch* clarifies are not extreme enough for IIED.

Any other conduct alleged by Plaintiff stems from the actions of "[v]arious people" calling her phone, "people" sending her death threats and spam mail, and "some Congressmen of the Armenian Nationality."  (FAC, ¶ 256.)  Plaintiff has not pleaded any facts evidencing a connection between Moving Defendants and these others to plausibly allege that her emotional distress stemming from the phone calls and death threats was caused by Moving Defendants.  Such actions, while reprehensible if true, are too attenuated from any conduct by Moving Defendants to hold them responsible for its effects.  As she has not successfully pleaded the elements of extreme and outrageous conduct or causation, Plaintiff's IIED claim fails and must be dismissed.

### 3.   Plaintiff's NIED Claim Fails As A Matter Of Law.

Plaintiff's cause of action for NIED also fails because she has not pleaded the elements of duty and breach.  "Negligent infliction of emotional distress is a form of negligence, to which the elements of duty, breach, causation, and damages apply. The existence of a duty is a question of law."  *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal.4th 124, 129 (1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989)); "A general allegation of the existence of a duty is insufficient; a plaintiff "must specifically allege the applicable statute or regulation.""  *Brenneman v. State of California*, 208 Cal.App.3d 812, 817 (1989); *Adams v. PNC Bank, N.A.*, 2014 WL 7388124, at *4

1  (N.D. Cal., Dec. 29, 2014) ("Without any duty, there can be no breach, and thus no

2  negligence claim.").

3      Plaintiff's FAC asserts that Moving Defendants "owed the duty of care to the

4  [Plaintiff]," and "breached their duty of care to the Plaintiff."  (FAC, ¶¶ 303–04.)

5  However, this is a mere conclusory allegation of duty, and Plaintiff has not

6  specifically alleged any applicable statute or regulation establishing Moving

7  Defendants' duty to her.  More, Plaintiff is mistaken in concluding that Moving

8  Defendants breached their duty to her, as she has alleged none.  Having failed to

9  allege the elements of duty and breach, Plaintiff also cannot successfully maintain

10  the elements of causation or damages.  Thus, Plaintiff has failed to plead all the

11  elements of her NIED claim and it must be dismissed.

12  **V.    CONCLUSION**

13      For all the above reasons, Moving Defendants respectfully request that the

14  Court grant their motion and dismiss Plaintiff's First Amended Complaint, in full or

15  in part, without leave to amend.

16

17  Dated:  September 19, 2024          **SCHWARTZ SEMERDJIAN CAULEY SCHENA
                                          & BUSH LLP**

18

19                                    By:  _/s/ Dick A. Semerdjian_____
20                                          Dick A. Semerdjian
                                          Chad M. Thurston
21                                          Attorneys for Defendants
                                          ARMENIAN NATIONAL
22                                          COMMITTEE OF AMERICA, ARAM
                                          HAMPARIAN and ARMENIAN
23                                          NATIONAL COMMITTEE OF
                                          AMERICA WESTERN REGION
24

25

26

27

28