1  Dick A. Semerdjian (SBN 123630)
   Chad M. Thurston (SBN 339151)
2  **SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
   101 West Broadway, Suite 810
3  San Diego, CA 92101
   Telephone No. 619.236.8821
4  Facsimile No. 619.236.8827
   Email:        das@sscelaw.com
5                chad@sscelaw.com

6  Attorneys for Defendants
   ARMENIAN NATIONAL COMMITTEE OF AMERICA,
7  ARAM HAMPARIAN and ARMENIAN NATIONAL
   COMMITTEE OF AMERICA WESTERN REGION

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual, | Case No. 3:24-cv-1077 RSH MMP |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION** |
| v. | |
| ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Date:      October 24, 2024<br>Judge:     Hon. Robert S. Huie<br><br>Magistrate:   Hon. Michelle M. Pettit |

1

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

Company; LEGALMATCH
CALIFORNIA, a Nevada Domestic
Corporation; ESTRELLA SANCHEZ, an
individual; DOES 1 THROUGH 300,
inclusive,

        Defendants.

2

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................... 5

II. LEGAL ARGUMENT ............................................................................ 5

    **A.** Anti-SLAPP Statute, Code of Civil Procedure Section 425.16. ............................................................................................. 5

    **B.** Plaintiff's Defamation Claim Arises From Conduct Protected Under Section 425.16. .......................................................... 6

    **C.** Plaintiff Cannot Show A Probability Of Success On Her Defamation Claim. ........................................................................ 7

III. CONCLUSION ...................................................................................... 8

3

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

# TABLE OF AUTHORITIES

**Cases**

*Barry v. State Bar of Cal.*,
   2 Cal.5th 318, 325-26 (2017) ...................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 555-56 (2007) ....................................................................................6

*Braun v. Chron. Publ'g Co.*,
   52 Cal.App.4th 1036, 1042 (1997) ...........................................................................5

*Gilbert v. Sykes*,
   147 Cal.App.4th 13, 31 (2007) .................................................................................8

*Global Plasma Solutions, Inc. v. IEE Environmental Engineering*,
   600 F.Supp.3d 1082, 1097 (N.D. Cal. 2021) ............................................................8

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828, 834 (9th Cir. 2018) .........................................................................6, 7

*Sarver v. Chartier*,
   813 F.3d 891, 901 (9th Cir. 2016) .........................................................................6, 7

*Tamkin v. CBS Broadcasting, Inc.*,
   193 Cal.App.4th 133, 144 (2011) .............................................................................7

*Wong v. Jing*,
   189 Cal.App.4th 1354, 1369 (2010) .........................................................................7

**Statutes**

Code of Civil Procedure § 425.16 ........................................................................5, 6, 7

Federal Rules of Civil Procedure, rule 12(b)(6) .....................................................6, 9

4

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

## I. INTRODUCTION

Plaintiff Aynur Baghirzade ("Plaintiff") filed this action on June 21, 2024, and filed a First Amended Complaint ("FAC") on August 15, 2024, based on multiple conspiracies ranging from the dispute between Armenia and Azerbaijan, twitter disputes, Yelp reviews, attorney referral services, and countless others.

Plaintiff's tenth cause of action is for defamation against Armenian National Committee of America and Armenian National Committee of America Western Region (collectively "Moving Defendants"). However, Plaintiff fails to specifically state which alleged statement is the basis for her defamation claim, fails to state facts regarding the statements alleged falsity, and also seeks to hold Moving Defendants liable for speech protected by the California Anti-SLAPP statute and the First Amendment. Because Plaintiff's claims arise from protected activity, and because Plaintiff fails to plausibly allege these claims – let alone show a probability of success on the merits – Moving Defendants respectfully request that the Court strike Plaintiff's state-law claim for defamation.

In support of her defamation claim, Plaintiff relies on "facts" asserting that Moving Defendants made statements on their Instagram, allegedly manipulating one of her tweets to make it seem as though she is calling for the genocide of the Armenians. (FAC, ¶ 233.) Plaintiff did not provide the exact statement, the exact date of the tweet or Instagram post, or who even posted the statement.

## II. LEGAL ARGUMENT

### A. Anti-SLAPP Statute, Code of Civil Procedure Section 425.16.

California's broad anti-SLAPP statute provides a method for courts to quickly dispose of meritless claims that target the exercise of free-speech rights. Code Civ. Proc., § 425.16(a); *Braun v. Chron. Publ'g Co.*, 52 Cal.App.4th 1036, 1042 (1997). Under the statute, any "cause of action against a person arising from any act … in furtherance of a person's right of … free speech … in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the

5

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Code Civ. Proc., § 425.16(b)(1). To evoke the anti- SLAPP statute, the moving party first must show the plaintiff's claims arise from protected speech under the statute. *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016). Once the defendant makes such a showing, a court must look to the merits of the plaintiff's claims. *Id*.

Federal courts may consider arguments made pursuant to the anti-SLAPP statute at the motion to dismiss stage. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019).When, as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rules of Civil Procedure, rule 12(b)(6) standard and consider whether a claim is properly stated." *Id*. at 834. Accordingly, to survive an anti-SLAPP motion challenging the complaint's legal sufficiency, a plaintiff must allege sufficient facts to raise a right to relief above the speculative level—that is, a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the plaintiff fails to satisfy the pleading standards under Rule 12(b)(6), the Court must strike the claim and award the movant its attorneys' fees. *Planned Parenthood*, 890 F.3d at 834; Code Civ. Proc., §§ 425.16(b)(1), (b)(2), (c)(1).

### B. Plaintiff's Defamation Claim Arises From Conduct Protected Under Section 425.16.

Plaintiff's claims under state law fall easily within the scope of the SLAPP statute because the claims against Moving Defendants arise from alleged posting on issues regarding public interests and activities. Section 425.16(e)(4) extends the statute to "any other conduct in furtherance of the exercise of … the constitutional right of free speech in connection with a public issue or an issue of public interest." Code Civ. Proc., § 425.16(e)(4). California courts have held that " 'an issue of public interest' ... is any issue in which the public is interested. In other words, the

6
Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

issue need not be 'significant' to be protected by the anti-SLAPP statute—it is enough that it is one in which the public takes an interest." *Tamkin v. CBS Broadcasting, Inc.,* 193 Cal.App.4th 133, 144 (2011). "So long as the conduct at issue is connected to the public interest in some way, anti-SLAPP protection applies." *Sarver*, 2011 WL 11574477 at *4 (N.D. Cal. Oct. 13, 2011).

Here, although Plaintiff's defamation is vague and ambiguous as to what exactly the alleged defamatory statement is, it appears to be centered around a long-standing conflict between Azerbaijan and Armenia. This conflict is on the world stage and falls squarely within any meaning of a "public interest." This is shown by Plaintiff's own admissions as she details the attention her own posts have received.

While the issue of whether someone's own post can be considered as a defamatory statement against the one who made the most seems counterintuitive, the subject matter of the post still falls within the statutory framework of section 425.16 and is therefore protected speech.

### C. Plaintiff Cannot Show A Probability Of Success On Her Defamation Claim.

Because the anti-SLAPP statute applies to Plaintiff's defamation claim against Moving Defendants, the burden shifts to Plaintiff to establish a probability that she will prevail. Code Civ. Proc., § 425.16(b)(1). Plaintiff must show that her claims are facially plausible. See *Planned Parenthood*, 890 F.3d at 834; *Barry v. State Bar of Cal.*, 2 Cal.5th 318, 325-26 (2017) (court may dismiss a complaint (or portions of it) if the plaintiff has no probability of prevailing). Plaintiff cannot meet this burden under the anti-SLAPP statute.

"The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (2010). An essential element of defamation is that the publication be of a false statement of fact rather than opinion. "A statement of opinion which presents the facts upon which it is

based does not imply a false assertion of fact, and it is therefore entitled to protection." *Global Plasma Solutions, Inc. v. IEE Environmental Engineering*, 600 F.Supp.3d 1082, 1097 (N.D. Cal. 2021).

Case law requires that statements alleged to constitute libel "must be specifically identified, if not pleaded verbatim, in the complaint." *Gilbert v. Sykes*, 147 Cal.App.4th 13, 31 (2007).

Here, Plaintiff fails to state the statement which she believes was defamatory. The only mention of the statement in her defamation claim states that "DEFENDANTS ANCA and ANCAWR for about two months (January - February, 2024) made multiple false statements in their Instagram and other accounts as well as through their agents about the PLAINTIFF that she called for the genocide of the Armenians in one of her tweets." (FAC, ¶ 233.) Plaintiff does not state what her tweet said, or what the Instagram post of her tweet said so Moving Defendants, as well as the Court, has no way of analyzing this claim.

However, even if Plaintiff did state what the alleged defamatory statement was, it is clear that any comment or post made about Plaintiff's tweet was based on opinion and therefore not actionable as a defamatory statement.

### III. CONCLUSION

Moving Defendants respectfully request that this Court strike Plaintiff's state law claim for defamation, with prejudice. Additionally, Moving Defendants request that the Court award them their mandatory fees and costs incurred in connection with this Motion, in an amount to be determined by future motion.

///
///
///
///
///
///

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

As set forth in the concurrently filed Motion to Dismiss, Moving Defendants alternately request that the Court dismiss Plaintiff's FAC with prejudice pursuant to Rule 12(b)(6).

Dated: September 19, 2024

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: */s/ Dick A. Semerdjian*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION

9

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION