ADRIANOS FACCHETTI, ESQ. (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
4444 W. Riverside Drive, Suite 308,
Burbank, CA 91505
Telephone: (626) 793-8607
Facsimile: (626) 793-7293
Email: adrianos@facchettilaw.com

Attorney for Defendants
YELP INC. AND JEREMY STOPPELMAN

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al.<br><br>    Defendants. | CASE NO. 3:24CV1077 RSH MMP<br><br>YELP INC. AND JEREMY STOPPELMAN'S REPLY IN SUPPORT OF MOTION FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(b)(6)<br><br>Date:  10/14/2024<br>Place: 3B-3rd Floor (Rm#: 3142)<br>Judge: Hon. Robert S. Huie<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## I. INTRODUCTION

Plaintiff's futile attempt to cast Yelp and Jeremy Stoppelman's alleged actions as wire fraud or as part of some larger conspiracy, bereft of any factual support, does not defeat the immunity provided by Section 230. In her Opposition, Plaintiff admits that her claims are based entirely on third-party reviews or Yelp's content moderation decisions relating to her Yelp account, for which Yelp bears no liability under Section 230. And Plaintiff's allegation that Yelp refused to take down the Yelp business page relating to her business (which would have taken down the critical reviews of her business) only reinforces that the nucleus of her First Amended Complaint ("FAC") arises from Yelp's editorial choices, which Section 230 protects.

Additionally, Plaintiff completely fails to address the controlling cases Yelp cited in its moving papers and makes no attempt to respond to Yelp's arguments about her failure to allege any facts, much less plausible causes of action. Indeed, simply labeling a content moderation dispute as wire fraud or organized crime without any supporting facts does not transform it into a valid legal claim. The law is clear: Platforms like Yelp's are immune from liability for third-party content and related decisions. The Court should dismiss Plaintiff's FAC with prejudice.

## II. ARGUMENT

### a. The Court Should Disregard Baghirzade's Declaration

Along with her Opposition, Plaintiff submitted a declaration to try to inject new factual allegations into her doomed lawsuit. Even though the declaration is often irrelevant, conclusory, and argumentative, it also improperly introduces new facts and documents that are not part of the FAC, which violates the well-established rule that a court may only consider the allegations in the complaint, documents incorporated by reference, and matters of judicial notice when ruling on a motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

opposition to a defendant's motion to dismiss.") (italics in original); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion"). Plaintiff's reliance on matters outside the FAC constitutes an improper attempt to amend her pleading through her opposition brief, which the Ninth Circuit has repeatedly held is not permissible. The Court should strike or disregard Plaintiff's declaration and confine its analysis to the allegations in the FAC and Yelp's Terms of Service (which Plaintiff incorporated into the FAC by reference).

### b. Section 230 Scotches All of Plaintiff's Claims Against Yelp and Stoppelman.

As Defendants noted in their Motion, the immunity provided under Section 230(c)(1) of the federal Communications Decency Act applies where: (1) the defendant is a provider of an interactive computer service; (2) the information alleged to be harmful was provided by another information content provider; and (3) the plaintiff seeks to treat the defendant as a publisher. *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); *Delfino v. Agilent Technologies, Inc.*, 145 Cal.App.4th 790, 804-05 (2006); *see also* 47 U.S.C. § 230(c)(1) ("Section 230"). Plaintiff failed to present any facts or law showing Section 230 does not bar her claims.

*First*, Plaintiff does not dispute that Yelp and Stoppelman (as the alleged "Executive Director" of Yelp) are providers of an interactive computer service. This element is therefore conceded.

*Second*, Plaintiff is unable to show that Yelp or Stoppelman is an information content provider for the content at issue in this case. A website operator does not become liable as an "information content provider" by merely "facilitating the expression of information." *Goddard v. Google, Inc.*, 640 F.Supp.2d 1193, 1197-1198 (N.D. Cal. 2009) (citation omitted). Rather, the website operator must materially contribute to the alleged illegality of the content. *Fair Housing Council*

*of San Fernando Valley v. Roommates.com*, *LLC*, 521 F.3d 1157, 1167-1168 (9th Cir. 2008) (en banc). "A material contribution to the alleged illegality of the content does not mean merely taking action that is necessary to the display of allegedly illegal content. Rather, it means being responsible for what makes the displayed content allegedly unlawful." *Jones v. Dirty World Entertainment Recordings, LLC*, F.3d 398, 410 (6th Cir. 2014). As "long as users ultimately determine what content to post, such that the tool merely provides 'a framework that could be utilized for proper or improper purposes,'" the website operator is fully immunized under Section 230. *Goddard,* 640 F.Supp.2d at 1197-1198, *citing Roommates.com*, 521 F.3d at 1172.

In her Opposition, Plaintiff claims that Yelp is an information content provider "by sending her at least two formerly removed fake reviews with new date but with Plaintiff's past dated comments under them." Opp. at 15. While Plaintiff's argument is difficult to parse, she seems to be claiming that Yelp's editorial discretion to choose which third-party information to publish pursuant to its recommendation review software somehow transforms Yelp into an information content provider under Section 230. However, *Plaintiff has not alleged (and cannot allege) any facts whatsoever to demonstrate that Yelp created the challenged content*.[1] Indeed, as Yelp established in its moving papers, all Plaintiff's claims arise

---

[1] Plaintiff cannot have it both ways. In her complaint and FAC, she alleges Yelp's liability is based on its failure to remove third-party content. Yet now, in Opposition, she claims for the first time that Yelp's staff created the content. Opp. at 24:17-28. This contradictory argument is barred by judicial estoppel. *Risetto v. Plumbers Steamfitters Local*, 343, 94 F.3d 597, 600 (9th Cir. 1996); *Colapinto v. County of Riverside*, 230 Cal.App.3d 147, 151 (1991) ("'If a party files an amended complaint and attempts to avoid the defects of the original complaint by either omitting facts which made the previous complaint defective or by adding facts inconsistent with those of previous pleadings, the court may take judicial notice of prior pleadings and may disregard any inconsistent allegations.'") In any event, Plaintiff provides no specific facts, evidence, or explanation to support this new claim. In fact, Plaintiff's argument does not back up her *own* claim. She is essentially objecting to Yelp's editorial decision to republish a third-party review with her own "past dated comment." What she is really taking issue with is Yelp sharing *her own* responses to third-party reviews she found objectionable—not the creation of any new content by Yelp.

from third-party reviews posted by Yelp's users and Yelp's publication decisions regarding the display and refusal to remove the challenged reviews. *See*, *e.g.*, *Batzel v. Smith*, 333 F.3d 1018, 1032, n. 18 (9th Cir. 2003) (exercising discretion to choose what information to publish does not amount to creating or developing content).

Plaintiff also attempts to avoid Section 230 by alleging that Yelp and Stoppelman were "put on notice" of the offending content and that they "chose to keep those reviews despite Plaintiff's multiple requests to remove them." Opp. at 19. Yet notice of the challenged content is immaterial: Section 230 immunity "applies even after notice of the potentially unlawful nature of the third-party content." *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 420 (1st Cir. 2007); *Barrett v. Rosenthal*, 40 Cal.4th 33, 39 (2006) (Section 230 immunizes information service providers from notice liability); *Gentry v. Ebay, Inc.*, 99 Cal.App.4th 816, 835 (2002) (same). Notice does not eliminate Defendants' immunity.

Additionally, Plaintiff's argument that Section 230 does not apply to RICO claims because they arise from criminal law is misguided. Although Section 230(e)(1) provides a carve-out from its protections for federal criminal *prosecutions*, it does not provide any exception from Section 230 immunity for *civil claims* premised upon federal criminal statutes—including RICO claims. *Doe v. Backpage.com, LLC*, 817 F.3d 12, 23 (1st Cir. 2016) (concluding that civil remedy provision of the Trafficking Victims Protection Reauthorization Act did not fall within the § 230(e)(1) exception); *see also Force v. Facebook*, 934 F.3d 53, 72 (2d Cir. 2019) ("We . . . join the First Circuit in concluding that Section 230(e)(1) is 'quite clearly' . . . limited to criminal prosecutions."); *Kimzey v. Yelp*, 836 F.3d 1263 (9th Cir. 2006) (civil RICO claims do not fall within the narrow exceptions to CDA immunity; dismissing civil RICO claims as barred by Section 230).

Plaintiff also contends that Section 230 does not apply because Yelp and Stoppelman "allow copyright infringement and invasion of Plaintiff' Privacy

-4-

YELP INC. AND JEREMY STOPPELMAN'S REPLY IN SUPPORT OF MTD

rights." She alleges that Yelp "was informed" that third-parties had posted "distorted" photos of her and that Yelp failed to remove them. Opp. at 23:14-18. This argument fails. As an initial matter, Plaintiff has not alleged a copyright infringement claim or invasion of privacy claim against these Defendants. Nor has she so much as identified anything protected by copyright law, let alone alleged ownership of the copyright, or plausibly alleged any supposed privacy right.

Plaintiff's argument that Section 230 does not apply because Yelp "violat[ed] its own Terms of Service" is likewise unavailing. Opp. at 15:6, 10. In the first place, Plaintiff has not alleged a breach of contract claim in her FAC. But even she had, it would not matter because her claims clearly arise from Yelp's role as a publisher of third-party content and related editorial decisions regarding the maintenance of its website.[2]

Plaintiff's argument that Yelp failed to act in "good faith" also fails. Plaintiff is wrongly conflating Section 230(c)(1) with (c)(2). Yelp claims immunity under (c)(1), which protects hosting third-party content and has no "good faith" requirement. *Zango, Inc. v. Kaspersky Lab, Inc.* 568 F.3d 1169, 1176 (9th Cir. 2009).

*Third*, Plaintiff seeks to hold Yelp responsible as the "publisher" or "speaker" of the third-party reviewers' content. In deciding this issue, "what matters is not the name of the cause of action"; instead, "what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Cross v. Facebook*, 14 Cal.App.5th 190, 207 (2017) (citation omitted); *see also Gavra v. Google Inc.*, Case No.: 5:12- CV-06547-PSG, 6-7 (N.D. Cal. Jul. 17, 2013) ("What matters is not the name of the cause of action but the [sic] rather the underlying conduct that liability is predicated on.") (citing *Barnes v. Yahoo!, Inc.*, 565 F.3d 560, 566 (9th Cir. 2009) ("[W]hat matters is not the

---

[2] Furthermore, the Terms of Service also unambiguously provide that "[t]he federal Communications Decency Act (47 U.S. Code § 230) limits the liability of interactive computer services, like Yelp, for their role in publishing third-party Content, including consumer reviews" and that Yelp is "under no obligation to enforce the Terms on [Plaintiff's] behalf against another user." Yelp MTD at 6:9-7:3.

-5-

YELP INC. AND JEREMY STOPPELMAN'S REPLY IN SUPPORT OF MTD

name of the cause of action—defamation versus negligence versus intentional infliction of emotional distress—what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another."); *L.W. v. Snap Inc.*, 22cv619-LAB-MDD, 8 (S.D. Cal. Jun. 5, 2023) (holding "the Court must treat Defendants as publishers or speakers, regardless of how [Plaintiff's] claims are framed, because their theories of liability plainly turn on Defendants' alleged failure to monitor and remove third-party content.").

"Put slightly differently, 'courts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *Cross*, 14 Cal.App.5th at 207 (citations omitted). Based on these principles, "numerous courts have held [Section 230] bars claims based on a failure to remove content posted by others" and other editorial decisions by website operators with respect to the display of content. *Id*. The same conclusion is warranted here.

Section 230 disposes of this action. Further, even if this was a close case under Section 230—which it is not—the Ninth Circuit has cautioned that "close cases . . . must be resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites." *Roommates.com, LLC*, 521 F.3d at 1174. This guidance is even more applicable in straightforward cases like this one.

### c. Plaintiff's Claims Fail for Additional Reasons

As pointed out in Defendants' moving papers, Plaintiff fails to state a claim for relief for a *multitude* of reasons—and nothing in Plaintiff's Opposition changes that.

For example, Plaintiffs repeats her argument that Defendants acted in concert with other defendants in this case in support of her RICO claim. Opp. at 22:13-27. But outside of Defendants' role as a publisher of third-party reviews, she does not

point to any facts in the FAC to support her RICO claim.

Similarly, Plaintiff argues in summary fashion that she "pleaded enough facts suggesting a conspiracy in her Complaint." Opp. at 27. But she did not cite to any specific paragraphs in her FAC, leaving the Court and counsel to guess what she is referring to. And in any event, there are no such pleaded facts.

Additionally, Plaintiff does not point to any case law that shows that a website, like Yelp's, is a place of "public accommodation" under 42 U.S.C. Section 2000(c). Her argument that Yelp "has two physical addresses" is irrelevant because her claims are not based on conduct that occurred at one of these physical locations, nor can it since Yelp's only physical locations are its offices where some of its employees work, which are not open to the public. Rather, all her claims are premised on third-party content on Yelp's website.

With regard to Plaintiff's UCL claim, her Opposition completely ignores persuasive authority in Yelp's moving papers, which shows that the challenged speech is fully protected by the First Amendment. *Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th 322, 343 ("Noncommercial speech is entitled to full First Amendment protection and is thus not actionable under Business & Professions Code §§ 17200 and 17500."). Moreover, as the California Supreme Court has stated, "commercial speech must consist of factual representations about the business operations, products, or services of the speaker (or the individual company or company on whose behalf the speaker is speaking) . . ." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 962 (2002). Neither the alleged reviews nor Yelp's editorial decisions pursuant to its recommendation software regarding whether and how to display third-party content contain any factual representations about Yelp's services. On the contrary, all the challenged speech is about Plaintiff, which dooms this claim.

Finally, the Opposition does nothing to rebut Yelp's arguments regarding the IIED, NIED, or her other claims.

YELP INC. AND JEREMY STOPPELMAN'S REPLY IN SUPPORT OF MTD

## IV. CONCLUSION

Based on the foregoing, Yelp and Stoppelman respectfully request that this Court grant their Motion to Dismiss the First Amended Complaint with prejudice as to them.

DATED: October 7, 2024

                LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

                By: /s/ Adrianos Facchetti
                    Attorney for Defendants,
                    YELP INC. and JEREMY STOPPELMAN

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System.

AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com
    *Defendant, IN PRO SE*

Adrianos Facchetti
Law Offices of Adrianos Facchetti, P.C.
4444 W. Riverside Drive, Suite 308,
Burbank, CA 91505
Tel: (626) 793-8607
Fax: (818) 860-7951
adrianos@facchettilaw.com
    *Attorney for Defendants*