# EXHIBIT B



# RULES OF THE ORANGE COUNTY BAR ASSOCIATION

# LAWYER REFERRAL & INFORMATION SERVICE

| | |
|---|---|
| Purpose | Section 1 |
| The Lawyer Referral & Information Service Committee | Section 2 |
| Duties of the Lawyer Referral & Information Service Committee | Section 3 |
| Operation of the Lawyer Referral & Information Service | Section 4 |
| Eligibility of Panel Members | Section 5 |
| Referrals | Section 6 |
| Panel/Client Relations | Section 7 |
| Operating Fees/Reports, Etc. | Section 8 |
| Compliance | Section 9 |
| Remedies | Section 10 |

*Adopted as of August 26, 2020*

Revised August 2020

RULES OF THE ORANGE COUNTY BAR ASSOCIATION

LAWYER REFERRAL & INFORMATION SERVICE

## PURPOSE

SECTION 1.1  The purpose of the Lawyer Referral & Information Service ("Service") shall be to make legal services more available to the general public by providing a way in which any person may be referred to a member of the State Bar of California consistent with relevant circumstances, such as the type and degree of difficulty of the legal problem presented by such person, his or her spoken language, geographical convenience, and financial ability to pay for desired services.

## THE LAWYER REFERRAL & INFORMATION SERVICE COMMITTEE

SECTION 2.1  The Service shall be supervised in its operation by a Committee (hereinafter referred to as the "Lawyer Referral & Information Service Committee" or the "Committee").  Such Committee shall have full authority to make all decisions necessary to the conduct of the Service including, without limitation, by amendment of these rules at any time and from time to time.  All such decisions are, however, subject to review or modification by the Board of Directors ("Board") of the Orange County Bar Association (the "OCBA").

SECTION 2.2  The Committee shall consist of eleven persons who shall be appointed as follows:  The President of the OCBA shall first appoint eight (8) members from the OCBA at large, one of whom shall be from the Board; the President of the OCBA shall also appoint one (1) public member, not a lawyer, and the Chair of the Committee shall appoint two (2) members, one of whom shall be from the OCBA at large.  The President of the OCBA shall designate the Chair and the Vice Chair of the Committee.  At least fifty percent (50%) of the Committee shall be active members of the State Bar of California, and a least 50% of the Committee shall not receive referrals from the Service.   Members of the Committee shall be selected, to the extent reasonable, to fairly represent the diverse composition of the Association including minorities, women, lawyers in firms of various sizes, sole practitioners, public lawyers, lawyers with various specialties and lawyers in various geographic areas.

## DUTIES OF THE LAWYER REFERRAL & INFORMATION SERVICE COMMITTEE

SECTION 3.1  The Committee shall meet at least quarterly.

SECTION 3.2  The Committee shall review and approve the Annual Report prepared by the staff of the Service, as the same may be required under the Minimum Standards for a Lawyer Referral & Information Service operating in California as adopted and amended from time to time by the State Bar of California (the "Minimum Standards", herein).

Revised August 2020

## OPERATION OF THE LAWYER REFERRAL & INFORMATION SERVICE

SECTION 4.1  The Service will be administered by staff who are immediately responsible to the Executive Director of the OCBA.

SECTION 4.2  The Panels for the substantive areas of law then being operated by the Service shall be set forth in the Panel registration portion of the membership application.  Panels may be added or deleted by the Committee from time to time as the need appears.  As additional Panels are added, the membership of the Service will be advised of the fact, and the additional Panels will be added to the application.

SECTION 4.3  The Service may maintain certain "special qualifications" Panels representing different fields of law and limited to attorneys found to be adequately experienced, whether by way of special education or by way of training, in the respective fields; said "special qualifications" Panels shall be indicated on the panel registration portion of the application, together with the criteria necessary for membership on any of these Panels.

SECTION 4.4  The Service shall maintain a Modest Means Panel which shall provide reduced-cost legal assistance to eligible low-income Orange County residents whose means exceed the maximum level permitted to qualify for free legal services from local pro bono programs.  The specific rules for such Panel shall be as adopted by the Committee from time to time (subject, as provided herein, to any review or modification thereof as the Board may elect to make).

SECTION 4.5  All funds generated by the operation of the Service shall be administered by the OCBA in accordance with the Minimum Standards.

## ELIGIBILITY OF PANEL MEMBERS

SECTION 5.1  Membership on any Panel of the Service (as such term is defined below) shall be open to all active members of the State Bar of California who [maintains an office addressed in Orange County, California] maintain their principal office for the practice of law in Orange County.  For the purpose of this Section, a "principal office" shall be an office at which the Member conducts at least two thirds of their practice, as measured either by gross billings or the number of clients served, and a telephone number carrying an Orange County, California area code.  The Service must be notified if a Member works from a home office.  If a Member works from a home office, this fact shall be disclosed to the client by the Service when a referral is made.  It is the responsibility of the Member to provide professional services whether from a business or home office.  Membership on any Panel shall be subject to any requirements of experience and/or special education as may be provided for from time to time by the Committee.  As used herein, the term "Panel" shall mean the list of attorneys receiving referrals from the Service (or, alternatively, any sub-list of attorneys receiving referrals from the Service in any particular substantive area of law designated from time to time by the Committee).

SECTION 5.2  Application to become a member ("Member") of the Service shall be made by a writing in such form and content as may be required by the Committee from time to time.  A failure to submit a true and complete Application may be grounds for denying or revoking membership on the Panel.  Each Member

Revised August 2020

shall have a continuing obligation to advise the committee of any material changes to any information provided in the Application.

SECTION 5.3  Each applicant for membership ("Applicant") shall agree in writing to abide by all of the rules of the Service (whether contained herein or hereafter adopted as provided for herein) and each Member shall in fact abide by such rules (the "Rules") in all respects.

SECTION 5.4  Each Member shall be required to carry a policy of errors and omissions insurance in the minimum amount of $100,000.00 single occurrence and $300,000.00 aggregate per year.  Each Member is required to notify the Service if the policy expires or is canceled, and shall also request that the insurance carrier notify the Service upon expiration or cancellation of the policy.  Each panel attorney is required to disclose to a referred client whether or not he/she carries malpractice insurance.  The attorney shall indemnify, hold harmless and defend the Service against any and all claims arising out of the attorney's failure to maintain malpractice insurance for so long as the attorney can be sued by a client referred to the attorney by the Service whether or not the attorney is still a panel member.

SECTION 5.5  Each Member shall submit any fee dispute which may arise between the Member and a client referred by the Service, if the client so elects, to arbitration by the Mandatory Fee Arbitration Program of the State Bar of California, unless both parties agree in writing to submit to arbitration by the Mandatory Fee Arbitration Committee of the OCBA or other established Fee Arbitration Committee established pursuant to Business & Professions Code ӘӘ6200 et seq., or by means otherwise acceptable to the State Bar after full disclosure of the interest of the Service in the outcome of the arbitration.

SECTION 5.6   If an applicant has been refused admission to a Panel, a written explanation of the reasons for refusal shall be sent to the applicant.  The applicant may appeal this decision to the full Committee in writing, no later than fifteen days following the receipt of notice of refusal.  The written appeal will be reviewed by the Committee within 60 days of receipt of the appeal.  If at least two members of the Committee disagree with the refusal, the applicant may appeal that decision to the Board by written application within fifteen days after the decision of the Committee.  The appeal must be heard by the Board within 60 days from receipt of the appeal.  The decision of the Board will be final.

SECTION 5.7  The number of years an attorney has been admitted to practice shall not be the sole criterion or qualification for any Panel created by the Service.

SECTION 5.8    Membership on a Panel or in the Service is not contingent upon membership in the OCBA.

<u>REFERRALS</u>

SECTION 6.1  A strict rotation of the Members on each Panel shall be designed by the Committee to insure fair and impartial operation of the Service.  A Member's inability, or unwillingness, to accept a referral will be considered by the Service as a rotational referral to that Member.

SECTION 6.2 No referral shall be made on the basis of race, sex, age, religion, or national origin, although referrals may be made on the basis of the Panel member's ability to converse in a foreign language which is preferred by the client in question.

SECTION 6.3 A Member must accept any referral made by the Service in a field of law which such Member has applied for and been accepted to.

SECTION 6.4 A Member must provide a free brief consultation to callers referred by the Service. The length and type of consultation is to be determined by the Member.

## PANEL/CLIENT RELATIONS

SECTION 7.1  Each Member shall enter into a written retainer or fee agreement with every client referred to such Member and engaging such Member to provided any legal services. A panel Member must notify a client at the outset of representation that a portion of the fees are payable to the Service, and that the Service is entitled (a) to know the outcome of any legal representation, (b) to know the fees received by the Member and any other attorney with whom the attorney associates in the course of representation of the client, and (c) to audit the file to check for fees paid. Upon the settlement of any such action, the Member is obligated to include the Service with those who have a right to know about the payment terms, to the extent necessary to allow the Service to have knowledge of the payment terms, including all attorney(s) fees paid in the case, whether paid directly, by another party or by settlement proceeds, so that the Service may determine the portion of the Member's fees to which it is entitled.

SECTION 7.2  Application for membership in the Service is made on behalf of the Member, and not on behalf of a firm or any associates, or any other parties. If the Member is in a partnership which customarily provides joint legal services, other counsel in that Member's partnership may be associated to perform a portion of the professional services agreed upon, (a) provided that the referred client agrees to such association in writing: (b) any counsel so associated is also a Member of the Service, and (c) such associated counsel complies with these Rules in all respects.  It is each Member's responsibility to assure that reasonable and competent attorney services are provided at that Member's standard cost, and to assure proper and accurate reporting to the Service and payment of all fees due to the Service.

SECTION 7.3  It is the Member's responsibility to do all things reasonable to see that any client referred by the Service is accommodated and given the opportunity to have reasonable and competent attorney services at a cost no greater than that which would normally be charged if the Service were not involved.

SECTION 7.4  If a Member will not be providing all of the legal services needed by a person referred to such member by the Service, such Member is required to refer that person back to the Service so that such services may be provided by an appropriate Panel Member.

## OPERATING FEES/REPORTS, ETC.

SECTION 8.1  Each Member shall pay to the Service an annual membership fee as established by the Committee.  Each Member who is not a member of the OCBA shall pay to the Service an additional annual

Revised August 2020

registration fee equal to the maximum dues set by the OCBA for membership in the OCBA for one year.

SECTION 8.2  All membership dues and fees are non-refundable and non-waivable.

SECTION 8.3  Unless the referral is a Modest Means Referral each Member shall pay to the Service a forwarding fee of 15% of any and all fees collected by the member in connection with all clients referred by the Service to such member, due and payable quarterly.  These fees shall include, without limitation, fees (including contingency fees):

(a) Generated on the referred case by any lawyer other than the Member to which the referral was initially made, whether or not the Member is still active on the case;

(b) Generated on the referred case after the Member in question ceases, whether temporarily or permanently, to be a Member of the Service; and

(c) Relating to an area of the law other than the area of law pertaining to the Panel/matter to which the referral was originally made and including without limitation any matter arising out of, concerning, relating to, or derivative of the same facts, transactions and/or circumstances of the originally referred matter or matters.  Examples include but are not limited to (1) Malicious prosecution/abuse of process/bad faith claims; (2) Wrongful death from a personal injury case; (3) Will contest and related actions of probate matters; (4) Class Actions; (5) Enforcement Proceedings; (6) Appeals.

SECTION 8.4  Each Member acknowledges that the Service may elect from time to time to charge prospective clients a referral fee on any one or more of the Panels, as determined by the Committee (or the Board, as applicable) from time to time.

SECTION 8.5  A monthly report shall be sent to each Member requesting information regarding the disposition of each referral made since the prior monthly report.  This report must be completed and returned to the Service within one month from the date on which it was sent to the Member.

A quarterly statement shall be sent to each Member for a continued status report at which time all closed cases and amounts collected must be reported and the Member must remit any fees due to the Service for fees received since the prior report.

An annual report listing clients referred but not retained for the identified year will be sent to each Member. This report is to identify referrals that may have been retained following the initial referral date.

If a Member fails to respond to a request for any case progress report within 30 days from the date of the original statement, a second request will be sent.  Failure to comply fully with a second request within fifteen days may result in automatic and immediate removal from all Panels unless other arrangements have been made. Should the Member be removed a $50.00 reinstatement fee will be required along with the outstanding report(s) to be reinstated. Failure to comply and provide all requested reports and/or funds may result in permanent removal from all Panels, refusal of re-admission to all Panels and/or legal actions against the Member.

SECTION 8.6  In the event of a dispute between a Member and the Service, each Member shall make all

Revised August 2020

such Member's records pertaining to the Service and/or any persons referred to such Member by the Service available for review by the Service. It is understood that these records may include, but are not limited to, chart of accounts, general ledger-trial balance reports, balance sheets, income statements, invoices, bank deposit records, trust account records, court filing records, calendars, appointment records, time sheets, docket sheets, engagement letters, fee agreements and contracts with referred client(s). Failure to make all of such records available within 15 days of a request by the Service shall result in the removal of the Member from all Panels.

SECTION 8.7   The Service reserves its right to pursue all legal or other lawful remedies available to it to recover fees due to the Service or to otherwise insure compliance with the Rules.

# COMPLIANCE

SECTION 9.1   Each Member shall abide by all of the Rules of the Service, the Rules of Professional Conduct of the State Bar of California, and all applicable laws.

SECTION 9.2   Membership in the Service is a privilege of an attorney, not a right. The Service reviews the quality of legal services provided by the Members as described in these Rules, and shall have the power to consider taking action against any Member as described in Section 9.3 herein.

SECTION 9.3   At the discretion of the Chair, a Review Board, the constitution of which is stated in Section 9.6, may be convened to address the following instances:

- (a) If any complaint has been filed against a Member or an Applicant with the Mandatory Fee Arbitration Committee of the OCBA. (The service specifically reserves the right to refer any or all complaints received from clients of the Service to the Mandatory Fee Arbitration Committee, as applicable.)

- (b) If the Service or the Committee receive evidence of any violation of these Rules or of any other act or omission of a Member or Applicant which would or might harm the Service or any client thereof.

- (c) If a Member or Applicant is (or has been) publicly charged with the commission of any crime or act involving moral turpitude, and such charges have not yet been dismissed on a basis which fully exonerates such attorney. (For the purposes of these rules, the term "moral turpitude" shall be construed in accordance with the Rules of Professional Conduct of the State Bar of California).

- (d) If there is any pending or past action with the State Bar of California or any other State Bar against any Member (or Applicant applying for membership), and such action has not been resolved within ten years on a basis which fully exonerates such attorney.

- (e) If the conduct of a Member or Applicant is the subject of complaints by either a Client or LRIS Staff.

In all proceedings of the Review Board and the Committee under this Section, reasonable steps shall

be taken to preserve the confidentiality of the Member or Applicant in question, to the extent consistent with the duties of the Review Board and the Committee under these Rules and, or otherwise, in connection with the Service.

SECTION 9.4  By a majority vote thereof and at the sole discretion of the Review Board, finding that a Member's or Applicant's ongoing involvement in the Service would raise an unacceptable risk of harm to the Service or the clients of the Service, the Review Board may: (a) suspend the Member in question; (b) deny the Applicant's application for membership in the Service; (c) place conditions on the Member's or Applicant's participation on the Service; (d) permanently remove the Member from the Service; or (e) take any other lawful action it may deem appropriate.  The Service will give the attorney a written statement of the reasons for its decision and offer the attorney an opportunity to submit a written appeal pursuant to Section 9.5.

SECTION 9.5  A Member may appeal a decision of the Review Board in writing, no later than fifteen days following the receipt of notice of the action.  The written appeal will be reviewed by the Committee within 60 days of receipt of the written appeal.  The Member shall be entitled to a meaningful opportunity to be heard.  If at least two members of the Committee disagree with the Review Board's decision in whole or in part, the Applicant or Member may appeal the decision of the Committee by written application to the Board within fifteen days after decision of the Committee.  The written application will be reviewed by the Board within 60 days from receipt of the written application.

SECTION 9.6  The Review Board shall consist of five persons (at least four of whom shall be lawyers), all to be appointed on an ad hoc basis, from time to time as needed, by the Chair of the Committee.

SECTION 9.7  Any Member may withdraw from the Service or any individual Panel upon written notice to the Service.  The withdrawal or suspension of a Member shall not relieve that Member of any obligations incurred during such Member's membership.

## REMEDIES

SECTION 10.1  Nothing in these Rules shall be deemed to limit or otherwise affect the rights of the Service to pursue any or all of its legal remedies to enforce these Rules, (including, without limitation, by legal, equitable or other action to obtain payment of any sums payable to the Service hereunder).  In the event any action is instituted by the Service to enforce any of the terms and provisions contained in the Rules, the Service shall be entitled to its reasonable attorneys' fees, costs and expenses.  No failure of the Service to enforce any Rule at any time shall be deemed a waiver of, or otherwise affect the Services' rights regarding, such Rule at any other time.

SECTION 10.2  Each Member shall indemnify the Service and the OCBA against any loss incurred by reason of such Member's being a Panel Member or will pay the OCBA reasonable charges for the expenses reasonably incurred, including reasonable attorney fees, as a result of such Member's failure to perform according to the Rules of the Service or failure to provide complete and accurate information on the LRIS Panel Application Form.

SECTION 10.3  Each Member agrees that information pertaining to the Service about such Member may be furnished, to the extent that the Committee sees fit, to persons who seek assistance from the Service and other appropriate parties.

Revised August 2020