# EXHIBIT E

<u>TITLE 3.  PROGRAMS AND SERVICES</u>

<u>DIVISION 5.  PROVIDERS OF PROGRAMS AND SERVICES</u>

<u>Chapter 3.  Lawyer Referral Services</u>

<u>Article 1.  Certification</u>

Rule 3.800  Certification required

An individual or organization that refers prospective clients to attorneys must comply with minimum standards and be certified by the State Bar of California as a lawyer referral service unless exempt by law.[1] These rules set forth the minimum standards and certification requirements.

*Rule 3.800 adopted as rule 3.700 January 7, 2011; renumbered as rule 3.800 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Rule 3.801  Application for certification

(A)    To initiate or continue certification, a lawyer referral service must submit an Application for Certification as a Lawyer Referral Service that identifies each county in which it operates.

(B)    Every application must include panel membership criteria, including criteria for suspension and removal that provide for written notice and review with an opportunity to respond.

(C)    An application for initial certification may be submitted at any time. An application for continuance of certification must be submitted with the annual report required by rule 3.828. Within a reasonable time, the State Bar will notify an applicant that certification has been granted or denied or that an application is incomplete or noncompliant.

(D)    An application must be completed in accordance with application instructions and filed with any required fee.

*Rule 3.801 adopted as rule 3.701 January 7, 2011; renumbered as rule 3.801 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

Rule 3.802  Application fees

(A)    Application fees for initial and continued certification, which are set forth in the Schedule of Charges and Deadlines.[2]

---

[1] Business & Professions Code § 6155. See also California Rules of Professional Conduct, rule 5.4.
[2] Business & Professions Code § 6155(f)(4).

(B)     An application fee not received by the deadline is subject to the late penalty set forth in the Schedule of Charges and Deadlines. If the fee and penalty are not received within thirty days of the deadline, certification may be suspended and the lawyer referral service must cease any activity subject to these rules.

(C)     Application fees will be refunded upon written withdrawal of the application by the service. An application may not be withdrawn after certification has been granted. An application fee is otherwise not refundable.

(D)     An application or late fee for continued certification may be waived or reduced. Any request for a waiver or reduction will be reviewed based on demonstrated financial necessity.

*Rule 3.802 adopted as rule 3.702 January 7, 2011; renumbered as rule 3.802 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

Rule 3.803  Denial of application

(A)     An application for initial certification that fails to comply with these rules is denied in a written notice explaining the denial.

(1)     Upon receipt of a notice of denial, an initial applicant may submit a written request for reconsideration within thirty days of the date of the notice. The request must explain why the application was compliant and be supported by any relevant evidence.

(2)     Within sixty days of receiving a request for reconsideration of denial, the State Bar may grant certification or confirm denial of the initial application. If the denial is confirmed, the applicant may submit a petition for review to the State Bar Court in accordance with its rules.

(3)     Denial of an application for initial certification does not preclude an applicant from submitting a new application. A new application must be submitted in accordance with application instructions and with the fee set forth in the Schedule of Charges and Deadlines.

(B)     An application for continued certification that fails to comply with these rules subjects a lawyer referral service to suspension or revocation pursuant to rule 3.806.

*Rule 3.803 adopted as rule 3.703 January 7, 2011; renumbered as rule 3.803 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Rule 3.804  Issuance of certification

The State Bar may grant certification with or without conditions for two years or a shorter time specified by the State Bar. Certification terminates at the end of the certification period unless renewed in accordance with these rules.

*Rule 3.804 adopted as rule 3.704 January 7, 2011; renumbered as rule 3.804 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Rule 3.805  Audits

Before granting or continuing certification, waiving an application fee, or at any other time, the State Bar may conduct an audit to determine whether a lawyer referral service has complied with these rules. Any audit must be at the expense of the lawyer referral service.

*Rule 3.805 adopted as rule 3.705 January 7, 2011; renumbered as rule 3.805 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Rule 3.806  Suspension or revocation of certification[3]

(A)    The State Bar may suspend or revoke certification of a lawyer referral service for failure to comply with these rules or for other good cause.

(B)    A lawyer referral service is entitled to notice of intention to suspend or revoke certification that states the reasons for the State Bar's action.

(C)    A lawyer referral service may file a written request for review of suspension or revocation of certification within thirty days of receipt of the notice. The request must explain why the action was inappropriate and be supported by any relevant evidence. Failure to request review results in final suspension or revocation of certification.

(D)    The State Bar must respond to a request for review that meets the requirements of these rules within sixty days of filing and give the lawyer referral service an opportunity to support the request. The State Bar may then continue, suspend, or revoke certification with or without conditions as it deems appropriate. The State Bar must provide the lawyer referral service a written statement of the reasons for its determination.

(E)    Within thirty days of receipt of the notice of suspension or revocation, the lawyer referral service may submit a petition for review to the State Bar Court in accordance with its rules. Certification is suspended or revoked for failure to submit a timely petition for review of suspension or revocation.

(F)    Pending review of a denial to continue certification, certification remains in effect unless the State Bar suspends or revokes it.

---

[3] See Business & Professions Code § 6155(g).

(G)    When suspension or revocation of certification is final, a lawyer referral service must immediately cease any activity subject to these rules, and the State Bar must notify every panel member of the lawyer referral service that certification has been suspended or revoked.

*Rule 3.806 adopted as rule 3.706 January 7, 2011; renumbered as rule 3.806 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Rule 3.807  Complaints about a lawyer referral service

The State Bar must review a complaint about a lawyer referral service submitted pursuant to these rules[4] within a reasonable time and

(A)    if the complaint demonstrates an apparent violation of these rules or other authority provide the service written notice of the complaint and an opportunity to respond; and

(B)    provide written notice to the complainant regarding what action, if any, it deems appropriate.

*Rule 3.807 adopted as rule 3.707 January 7, 2011; renumbered as rule 3.807 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

Rule 3.808  Notice

In these rules, a notice or other document is deemed received the fifth day after being sent by first-class mail or upon actual receipt when delivered otherwise.

*Rule 3.808 adopted as rule 3.708 January 7, 2011; renumbered as rule 3.808 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Article 2.  Minimum standards for lawyer referral services

Rule 3.820  General duties of a lawyer referral service

A lawyer referral service must

(A)    have a governing committee; one or more panels of attorneys to provide legal services; staff to evaluate and process requests for legal assistance; and, if engaging in automated referrals as described in rule 3.826(C), appropriate technology and safeguards to ensure accurate referrals;

(B)    encourage widespread attorney membership;[5]

---

[4] Rule 3.820(E).
[5] Business & Professions Code § 6155(f)(1).

(C)    serve its community and improve the quality and affordability of legal services by

    (1)    assisting those in need of legal services to find a qualified, insured attorney or other appropriate legal services, including dispute resolution;

    (2)    providing the public with general information about appropriate legal services; and

    (3)    establishing services for persons of limited means, such as a modest means panel, a limited scope panel, flat fee panels, providing a free referral for a 30 minute consultation by an attorney panel member, or providing for services on sliding fee scales or payment schedules; and

(D)    ensure the combined charges to the potential client by the referral service and the attorney to whom the potential client is referred do not exceed the total cost that the client would normally pay if no referral service were involved;[6]

(E)    tell each client how to submit a complaint about the service or one of its panel members and inform the client that an unresolved complaint may be submitted to the State Bar, provided it is in writing and supported by factual information that demonstrates a violation of these rules or other applicable authority;

(F)    if it is a non-profit use its income only to pay reasonable operating expenses and to fund its pro bono, legal services, and other public service programs;

(G)    fully cooperate with any State Bar audit;[7]

(H)    provide each panel member a copy of these rules; and

(I)    at all times comply with these rules and applicable law.

*Rule 3.820 adopted as rule 3.720 January 7, 2011; renumbered as rule 3.820 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

Rule 3.821  Ownership[8]

A lawyer referral service owned or operated by a bar association is deemed to be owned or operated by its governing committee. An attorney may not directly or indirectly own or operate a lawyer referral service if the attorney individually or jointly receives more than twenty percent of the referrals of the lawyer referral service.

*Rule 3.821 adopted as rule 3.721 January 7, 2011; renumbered as rule 3.821 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

---

[6] Business & Professions Code § 6155(a)(2).
[7] See rule 3.805.
[8] Business & Professions Code § 6155(b).

Rule 3.822  Governing committee

(A)  A lawyer referral service must be supervised by a governing committee of three or more members. A majority of the governing committee must be active licensees of the State Bar. No more than half the members of the governing committee may receive referrals from the lawyer referral service.

(B)  The governing committee must

(1)  establish criteria for subject matter and general panel membership and use the criteria to evaluate panel members at least once every two years;

(2)  establish and assess compliance with the referral procedures required by these rules;[9]

(3)  review and submit the annual report required by these rules;[10]

(4)  annually survey a random sample of at least ten percent of the clients of the service to determine client satisfaction with services and fees;

(5)  on the basis of the annual survey, make any operational changes it deems necessary;

(6)  provide to the State Bar information required to be collected under rule 3.826; and

(7)  meet at least quarterly.

*Rule 3.822 adopted as rule 3.722 January 7, 2011; renumbered as rule 3.822 November 4, 2011; approved by the Supreme Court effective January 21, 2014; amended effective January 25, 2019; approved by the Supreme Court effective June 1, 2019.*

Rule 3.823  Panels

(A)  A lawyer referral service must establish panels of attorney members qualified to provide legal services to the public. The panels must be organized by subject matter but may include a general panel.  A lawyer referral service is encouraged to establish moderate and no-fee panels and other special panels that respond to the needs of the public, in order to provide services that serve persons of limited means as required under rule 3.820(C)(3).[11]

---

[9] Rule 3.826.
[10] Rule 3.828.
[11] Business & Professions Code § 6155(f)(5).

(B)     At least twenty attorney members, ten of whom are from separate and independent law firms, are required for all lawyer referral services, and each panel must have at least four members. The State Bar may waive these minimum requirements if a lawyer referral service operates in an underserved county or provides written evidence that the size of the community or the number of its attorneys warrants a lesser number, or the service otherwise demonstrates the ability to meet the needs of its service area with a smaller panel.

(C)     A lawyer referral service must require that each panel member

   (1)     have errors and omissions insurance in the amounts set forth in the Schedule of Charges and Deadlines and provide proof of insurance to the State Bar upon request;[12]

   (2)     not receive referrals evaluated and processed by a lawyer referral service staff member employed or otherwise compensated by the panel attorney;

   (3)     if the service operates in more than one county, identify each county the member agrees to take referrals from.

(D)     A lawyer referral service may disclose a panel member's past performance when the information is accurate, complete, and not misleading.

*Rule 3.823 adopted as rule 3.723 January 7, 2011; renumbered as rule 3.823 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

Rule 3.824  Eligibility for membership

Only an active licensee of the State Bar practicing in the community served by the lawyer referral service may be a member of the service. A member of any service that operates in more than one county make take referrals from any of the counties in which the service operates; provided, however, that the member must agree to travel to each county as reasonably necessary to perform legal services (such as client meetings), and must either maintain a place of business in each county or be able to offer an otherwise suitable location or method for the performance of such services. Remote services may be provided if they are adequate to meet a client's needs. To serve on a subject matter panel, such a member must meet the experience and other substantial and objective criteria of the lawyer referral service. Certification as a legal specialist qualifies an attorney to serve on a panel that deals with the area of certification, provided the attorney meets other criteria for panel membership.

(B)     Panel membership may not be contingent upon membership in a sponsoring entity.

---

[12] Business & Professions Code § 6155(f)(6).

*Rule 3.824 adopted as rule 3.724 January 7, 2011; renumbered as rule 3.824 November 4, 2011; approved by the Supreme Court effective January 21, 2014; amended effective January 25, 2019; approved by the Supreme Court effective June 1, 2019.*

Rule 3.825  Panel membership fees

(A)    Panel membership fees must be reasonable, encourage widespread panel membership, and otherwise comply with these rules and applicable law.[13]

(B)    Panel membership fees may not in any way be based on or guarantee contacts, calls, cases, referrals, or clients.

(C)    Panel members who are not members of a sponsoring entity may be required to pay a nominal charge for administrative services.

*Rule 3.825 adopted as rule 3.725 January 7, 2011; renumbered as rule 3.825 November 4, 2011; approved by the Supreme Court effective January 21, 2014.*

Rule 3.826  Referrals

(A)    The governing committee of a lawyer referral service must establish fair and impartial procedures to assure that referrals are allocated equitably to panel members and respond insofar as possible to clients' legal needs and other circumstances, such as geographic convenience and language issues.

(B)    All referrals in a geographical area may not be made to a single attorney or law firm. The State Bar may deny certification or recertification, or suspend or revoke certification, for failure to make referrals fairly and impartially to panel members or to maintain current and complete records of referrals.

(C)    If a lawyer referral service makes any referrals using purely technological means, the service must:

(1)    for a minimum of twelve (12) months immediately following the implementation of any automated referral system, establish quality control and assurance measures that, at a minimum:

(a)    make reasonable efforts to follow up within two (2) business days of each automated referral to evaluate whether the client's needs were adequately met; and

(b)    allow for electronic feedback from clients regarding whether the automated referral was successful or failed to meet client's needs.

---

[13] Business & Professions Code § 6155(f)(1). See rule 3.820(B).

After twelve (12) months, the service may reduce its quality control and assurance efforts to follow up with twenty-five percent (25%) of automated referrals if it demonstrates to the State Bar that the automated referral system results in successful referrals at a rate as high or higher than traditional referral methods. The service may make such a demonstration with customer satisfaction surveys, or other appropriate methods. The requirements of this subsection also apply after the adoption of a new technological platform, but do not otherwise apply to incremental software updates or similar improvements to an existing automated referral system;

(2)    ensure that any client who encounters a technical problem or any other difficulty or delay in using service's automated referral system is provided with information to contact an appropriate service staff member during regular business hours;

(3)    forgo any fee if a referral is made that does not accurately reflect the needs of the client, unless the fee is applied to further referral efforts in the same matter that are successful;

(4)    regularly analyze the efficiency and accuracy of the automated referrals and make adjustments to the technological platforms as needed; and

(5)    provide data to the State Bar enumerating how many requests for referrals were made in a calendar year through the service's automated referral system, and how many such referrals were made using purely technological means.

(D)    A referral may not

(1)    discriminate on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, general expression, sexual orientation, age, military and veteran status, or other category of discrimination prohibited by applicable law, whether the category is actual or perceived;[14]

(2)    violate restrictions against unlawful solicitation and false and misleading advertising or otherwise violate the Rules of Professional Conduct or law applicable to a licensee of the State Bar; or

(3)    be made directly or indirectly by a person employed or otherwise compensated by an attorney or firm to whom the referral is made.

*Rule 3.826 adopted as rule 3.726 January 7, 2011; renumbered as rule 3.826 November 4, 2011; approved by the Supreme Court effective January 21, 2014; amended effective January 25, 2019; approved by the Supreme Court effective June 1, 2019.*

---

[14] See Rules of Professional Conduct, rule 8.4(c)(1).

Rule 3.827  Records

(A)    A lawyer referral service must maintain and provide to the State Bar upon request current records

    (1)    for each panel member that include

        (a)    name, contact information, and qualifications;

        (b)    number and type of referrals, including whether referrals were made using purely technological means; and

        (c)    fees remitted for membership, referrals or consultations, advertising; or any other reason; and

    (2)    for each referral that include

        (a)    the client's name and contact information;

        (b)    type of matter, date of referral, and whether each referral was made using purely technological means; and

        (c)    panel member to whom the referral was made.

    (3)    sufficient to demonstrate compliance with section (C) of rule 3.826.

(B)    Any record in the possession of the State Bar pertaining to a lawyer referral service is the property of the State Bar and confidential unless authorized for disclosure by these rules, order of the Board of Trustees, or consent of the lawyer referral service.

*Rule 3.827 adopted as rule 3.727 January 7, 2011; renumbered as rule 3.827 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

Rule 3.828  Annual report

(A)    The governing committee of a lawyer referral service must submit an annual report of its activities and those of the lawyer referral service. The report must at a minimum

    (1)    provide a detailed accounting of

        (a)    all sources and amounts of income, expenses, and reserves during the reporting period;

      (b)    the disposition of any reserves or surpluses derived from activities of the service during the reporting period and the immediately preceding reporting period;

  (2)    include statistics derived from the records the service is required to maintain, including information about the proportion of referrals made through an automated referral system;[15] and

  (3)    summarize the annual client survey and any operational changes it prompted.[16]

(B)    Failure to submit an annual report on time suspends certification unless the State Bar extends the report deadline for good cause.

*Rule 3.828 adopted as rule 3.728 January 7, 2011; renumbered as Rule 3.828 November 4, 2011; approved by the Supreme Court effective January 21, 2014; approved by the Supreme Court effective June 1, 2019.*

## Rule 3.829  Publicity

(A)    Publicity, which includes advertising or any other kind of promotional material, must

  (1)    indicate that the purpose of the lawyer referral service is to serve its community and improve the quality and affordability of legal services as required by these rules;[17] and

  (2)    acknowledge any sponsorship by the lawyer referral service; identify the counties in which the service operates; and provide the State Bar certification number or certification mark.

(B)    Any publicity by a lawyer referral service must comply with the California Rules of Professional Conduct and any other legal requirements.

(C)    A copy of any publicity

  (1)    must be submitted with an application for certification or recertification; and

  (2)    may be required with the annual report.[18]

---

[15] See rule 3.826(C).
[16] Rule 3.822(B)(4) and (5).
[17] See rule 3.820(C).
[18] Rule 3.828.

*Rule 3.829 adopted as rule 3.729 January 7, 2011; renumbered as rule 3.829 November 4, 2011; approved by the Supreme Court effective January 21, 2014; amended March 7, 2014; approved by the Supreme Court effective December 1, 2014.*