AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>               Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>/ Filed concurrently with Declaration of Aynur Baghirzade and Exhibits /<br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

# TABLE OF CONTENTS

I.     **INTRODUCTION** ……………………………………………………7

II.    **RULES 8 AND 9 OF F.R.C.P. PREVAIL OVER CALIFORNIA CODE OF CIVIL PROCEDURE, §425.16**..……………7

1. <u>As defamation claim is brought before Federal Court there is no heightened requirement for pleading defamation cases. Federal Law overrides State Law requirement for heightened pleading requirement for defamation cases</u>………………………………………………………….7

III.   **LEGAL STANDARD FOR MOTION TO STRIKE**…………………9

IV.   **LEGAL STANDARD FOR MOTION TO DISMISS**……………..10

1. Ninth Circuit is Hostile to 12 (b)(6) Motion for Failure to State Claim.10

V.     **ARGUMENTS**

**A. <u>Defendants' Speech was not on a Matter of Public Concern</u>**………..12

**B. <u>Even if Defendants' Speech was on a Matter of Public Concern, it is Unprotected because it was Made with Actual Malice</u>**…………………13

**C. <u>Defendants' Speech was not an Opinion because They Presented to the Public False Facts by Manipulating and Cutting Plaintiff's</u>**

**Tweets, so that to Infuriate Public and Have a Reason to Assault her in her Professional Capacity**……………………………………………………….. 15

**D. Defendants's statements were unprotected speech calling for imminent attack on Plaintiff, and this attack immediately followed, Plaintiff was subjected to terrible harassment by receiving nonstop death threats in her email and phone number from the people she didn't know, and the majority of those statements were sent to her from the names of well known Armenian terrorists**. ……………………16

**VI. CONCLUSION** …………………………………………………..17

# TABLE OF AUTHORITIES

*CASES:*

*Ashcroft v. Iqbal,*
    556 U.S. 662, 663-64 (2009)……………………………………………11

*Auster Oil Gas,*
    Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)……………………….10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)…………………11

*Bible Believers v. Wayne Cnty.,*
    Mich., 805 F.3d 228, 246 (6th Cir. 2015)…………………………………16

*Bleau v. Greater Lynn Mental Health Retardation,*
    371 F. Supp. 2d 1, 2-3 (D. Mass. 2005)…………………………………..8

*Conley v. Gibson,*
    355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)……………11

*E.D.C. Techs., Inc. v. Seidel,*
    225 F. Supp. 3d 1058, 1062–63 (N.D. Cal. 2016)…………………………10

*Gertz v. Robert Welch, Inc.,*
    418 U.S. 323, 377, 94 S. Ct. 2997, 3025, 41 L. Ed. 2d 789 (1974)……….15

*Gibson v. United States,*
    781 F.2d 1334, 1337 (9th Cir. 1986)……………………………………..11

*Gilligan v. Jamco Development Corporation,*
 108 F.3d 246, 248-49 (9th Cir. 1997)……………………………………………11

*Gustafson v. Jones,*
 290 F.3d 895, 906-7 (7th Cir. 2002)……………………………………………12

*Hall v. City of Santa Barbara,*
 833 F.2d 1270, 1274 (9th Cir. 1986)……………………………………………10

*Milkovich v. Lorain Journal Co.,*
 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)…………………………….15

*Moldea v. New York Times Co.,*
 22 F.3d 310, 313 (D.C. Cir. 1994)………………………………………………15

*Mosesian v. McClatchy Newspapers,*
 233 Cal.App.3d 1685, 1694 (Cal. Ct. App. 1991)………………………………13

*Okeke v. Biomat USA, Inc.,*
 927 F. Supp. 2d 1021, 1027 (D. Nev. 2013)……………………………………8

*Scheur v. Rhodes,*
 416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974)………..10, 11

*Shenandoah Publishing House v. Gunter,*
 245 Va. 320, 324 (Va. 1993)……………………………………………………10

*Smith v. Fruin,*
 28 F.3d 646, 651 (7th Cir. 1994)………………………………………………. 12

*Swank v. Smart,*
 898 F.2d 1247, 1251 (7th Cir. 1990)…………………………………………12

*Vess v. Ciba–Geigy Corp. USA,*
 317 F.3d 1097, 1110 (9th Cir. 2003)……………………………………….9

*White v. Fraternal Order of Police,*
 909 F.2d 512 (D.C. Cir. 1990)……………………………………….. 15

**STATUTES:**

California Code of Civil Procedure, § 425.16……………………………….. 7,9,13

Federal Rules of Civil Procedure, § 8…………………………………………..7, 10

Federal Rules of Civil Procedure, § 9 …………………………………………..8

Federal Rules of Civil Procedure, § 12(b)6…………………………………….10

.

## I. INTRODUCTION

Defendants Armenian National Committee of America (ANCA), Aram Hamparian, Armenian National Committee of America Western Region filed a motion to strike pursuant to § 425.16 of California Code of Civil Procedure, Anti - Slap Statute, alleging that their speech was a protected speech and that Plaintiff didn't provide defamatory statements in her Complaint. At the same time Defendants are unhappy that Plaintiff raised the issue of "conspiracies" - for this Plaintiff would advise Defendants to read RICO Statute very carefully to realize what is a "pattern of racketeering activity". Plaintiff is not in the position to teach the Law.

As to the Defendants' motions to strike - Plaintiff does not believe that Defendants enjoy privileges of free speech, since they attacked her because of her speech, they attacked her in her professional capacity as a lawyer, which is not an elected position, Plaintiff also didn't run for any office in California or nationwide, or even in Azerbaijan, she wasn't a public figure too, and the speech of Defendants was aimed to harass, threaten, intimidate her and was an invitation for an imminent attack on her, which actually followed, and in any case Defendants' speech was made with actual malice.

## II. RULES 8 AND 9 OF F.R.C.P. PREVAIL OVER CALIFORNIA CASE LAW TIGHTENED REQUIREMENT FOR PLEADING DEFAMATION

1. <u>As defamation claim is brought before Federal Court there is no heightened requirement for pleading defamation cases. Federal Law overrides State Law requirement for heightened pleading standard for defamation cases.</u>

"This reference to the primacy of Rules 8 and 9 implies that no such heightened pleading requirement for defamation claims brought in federal court exists. This reference, in effect, overrules the holdings of Dorn and Chiara that state such a heightened pleading standard exits. This finding is consistent with the First Circuit's general embrace of the proposition that no special pleading is required unless a specific provision of federal law or a Rule provides for it." *Bleau v. Greater Lynn Mental Health Retardation, 371 F. Supp. 2d 1, 2-3 (D. Mass. 2005)*. "Courts have not looked with favor upon heightened pleading requirements for defamation because defamation is not included within the categories covered by Federal Rule of Civil Procedure 9" *Okeke v. Biomat USA, Inc., 927 F. Supp. 2d 1021, 1027 (D. Nev. 2013)*. "To the extent heightened pleading requirements have come into play, they have entered through Rule 9(g)'s requirement that special damages be pleaded with specificity. However, special damages are presumed (and thus not subject to Rule 9(g)) when the plaintiff alleges defamation per se." *Id.* "If the defamatory communication imputes a 'person's lack of fitness for trade, business, or profession,' or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." *Id.* "Aside from the pleading of special damages, there are no heightened pleading requirements for defamation claims, and there is reason to be skeptical of a contrary interpretation of *Flowers.* " *Id.*

Defendants probably are unaware that the lawsuit is brought before federal court, not before state court, and as such there is no heightened pleading requirement for defamation. Plaintiff appreciates that Defendants try to strike the most sensitive part of FAC, on which they will most probably be found liable, but the claim against them is not brought before California court, and as such Plaintiff had no requirement to plead when, how, and what was tweeted by the Defendants,
OPPOSITION TO MOTION TO STRIKE        8

Case No.: 3:24-CV-01077-RSH-MMP

because Plaintiff gave enough information in FAC about what happened. In her First Amended Complaint (FAC) Plaintiff pleaded that "From approximately January, 2024, till the end of February, 2024, for about two months, DEFENDANTS ANCA and ANCAWR continuously made defamatory statements about PLAINTIFF in Twitter, Instagram, Reddit and other Platforms by taking her single tweet out of context, distorting, manipulating it and blaming PLAINTIFF that she called for the genocide of Armenians, which was a complete lie.", ¶ 64, FAC. What is not clear in this statement ? Pleading gives enough notice that Defendants made 1) multiple statements, that 2) these statements were defamatory, that 3) they blamed her in calling for genocide, that 4) the statements were made on different platforms and that 5) Defendants did it by manipulating and distorting her tweet. If Defendants were so much concerned about nature of the tweets, their counsels could request for them from Defendants instead of losing time on writing this motion and taking Court's time. Moreover, Defendants actions were ongoing, they didn't stop only at harassing and defaming her in Twitter, after Plaintiff filed her complaint they made multiple other defamatory statements and placed them under Plaintiff's name in Google Search. Plaintiff added some of the statements to her Second Amended Complaint when she requested for leave of court on October 2, 2024, but she is still investigating some other statements and identify potential other Defendants to join, as attacks on her are ongoing and continuous.

### III. LEGAL STANDARD FOR MOTION TO STRIKE

"In order to prevail on an anti-SLAPP motion, the movant must first make a *prima facie* showing, through the pleadings themselves and supporting affidavits, that the statement or conduct underlying the legal claims against it qualifies for protection under the anti-SLAPP statute. *Id.* § 425.16(b); Vess v. Ciba–Geigy Corp.

OPPOSITION TO MOTION TO STRIKE        9

Case No.: 3:24-CV-01077-RSH-MMP

USA, 317 F.3d 1097, 1110 (9th Cir. 2003). The burden then shifts to the non-moving party to demonstrate a probability of prevailing on the challenged claims." *E.D.C. Techs., Inc. v. Seidel*, 225 F. Supp. 3d 1058, 1062–63 (N.D. Cal. 2016).

As analysis will show Defendants failed with their attempt to make a prima facie case that their speech was a protected speech, since they targeted Plaintiff in her professional capacity as a lawyer, not a politician, not a public figure, and their speech was a deliberate, malicious and constant attack on her bar license, it was not a speech on a public concern, and in any case it was made with actual malice, since Defendants deliberately cut off Plaintiff's tweets, presented to the public only part of them to have a reason to attack her professional license and push the public to attack her too.

### IV. LEGAL STANDARD FOR MOTION TO DISMISS

1. <u>Ninth Circuit is hostile to 12(b)(6) Motions for Failure to State Claim.</u>

The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim. "The federal rules require only a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P 8 (a)*. The Rule 8 standard contains "a powerful presumption against rejecting pleading for failure to state a claim." *Auster Oil Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985); *see also Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'").

The Supreme Court has explained that 'it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Scheur v. Rhodes, 416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90* (1974)). In reviewing the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Development Corporation, 108 F.3d 246, 248-49 (9th Cir. 1997).*

Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986)* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).).* Under Federal Rules of Civil Procedure 8 (a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations are not required, *Twombly, 550 U.S., at 555, 127 S.Ct. 1955*, but the Rule does not call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its place", *id., at 570, 127 S.Ct. 1955*. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the plaintiff is entitled to relief for the misconduct alleged. *Id., at 556, 127 S.Ct. 1955*. Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id., at 555, 127 s.ct. 1955*. A court considering the motion to dismiss may begin by identifying the allegations that, because they are mere conclusions, are not entitled to assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well pleaded factual allegations, a court should assume

their veracity and then determine whether they plausible give rise to an entitlement to relief. *Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009)*.

Plaintiff pleaded a short and plain statements of the claim. Plaintiff also submitted a motion for leave of Court on October 2, 2024, requesting amendment of her complaint and included in her SAC all defamatory statements she is aware of. Plaintiff is still investigating other defamatory statements to add them. Plaintiff also adds here some of defamatory statements she has by now as Exhibits A - E for Court's and Defendants' consideration.

## IV. ARGUMENTS

### A. Section 425.15 of California Code of Civil Procedure does not apply because Defendants' speech was not on a matter of public concern

"Whether a government employee's speech addresses a matter of public concern depends upon "the content, form, and context of the speech as revealed by the whole record" *Gustafson v. Jones, 290 F.3d 895, 906-7 (7th Cir. 2002)*. "Of these three factors, content is most important." *Id*. "The "public concern" element is satisfied if the speech can fairly be said to relate to a matter of political, social, or other concern to the community, rather than merely a personal grievance of interest only to the employee." *Id.* "The purpose of the `public concern' requirement is to distinguish grievances of an entirely personal character from statements of broader interest concerning one's job, rather than to fix the boundaries of the First Amendment." *Swank v. Smart, 898 F.2d 1247, 1251 (7th Cir. 1990)*. "The content and form of the employee's remarks, along with the

OPPOSITION TO MOTION TO STRIKE          12

Case No.: 3:24-CV-01077-RSH-MMP

underlying circumstances, including the employee's reasons for speaking, remain essential to this determination." *Smith v. Fruin, 28 F.3d 646, 651 (7th Cir. 1994).*

Defendants' speech was not about genocide in particular. Defendants' speech was not about Azerbaijan committing genocide or Turkey committing genocide, all of them were targeted assault on Plaintiff's reputation, business and license. Defendants targeted Plaintiff's license maliciously, purposefully, deliberately . Defendants' motive was not a public concern, but targeted attempt to ruin her career because of her speech. Defendants also have a rich history in the past persecuting people of the same ethnicity, national origin, ancestry as Plaintiff, literally killing them (Defendants are related to ARF), ¶¶ 38, 39, 40, 41, 2 FAC, see also Docket No. 53, ESF page N0. 430- 450, and ESF page N0. 454-456. *See Exhibits A - E.*

**B. Even if Defendants' speech was on a matter of public concern, it is unprotected by Section 425.16 of California Code of Civil Procedure because it was made with actual malice and Plaintiff was not a public official or a public figure.**

"Three types of defamation plaintiffs have been identified who must prove actual malice when defamatory speech relates to a matter of public concern — the public official, the general purpose public figure and the limited purpose public figure. " *Mosesian v. McClatchy Newspapers*, 233 Cal.App.3d 1685, 1694 (Cal. Ct. App. 1991)

The problem of Defendants is that they knew that their statements were false. They knew that Plaintiff didn't call for any genocide of Armenians, that's

OPPOSITION TO MOTION TO STRIKE     13

Case No.: 3:24-CV-01077-RSH-MMP

why they cut off her first tweet from the entire tweet thread, where she was speaking on "joining Armenia to us", and presented it as a "call for genocide", ¶ 64, FAC, See Exhibits A, B, C. For instance, the second part of her tweet she made on January 7, 2024, was completely omitted by the Defendants when they posted their news on Plaintiff making "calls for the genocide" - in the second part of her tweet thread, she was speaking about Armenia to join Azerbaijan (the exact words were "We have to think how to join Armenia to us"). Plaintiff requested the entire zip file from her Twitter account, but couldn't download it, for unknown reasons she can't also download any unzipping application on her Mac (See Declaration of Aynur Baghirzade) and will subpoena this tweet if necessary. The first part of this tweet was also manipulated - the tweet was made in response to another person's tweet that Azerbaijan committed Khojali genocide, which outraged Plaintiff as Khojali is officially confirmed by HRW report to be committed by Armenian terror groups together with CIS 366 regiment. As you may see from Exhibits A and B - this tweet, on which Plaintiff responded, disappeared from future tweets of Defendants. They did similar manipulations with all her other tweets. For instance, where she was speaking about deleting Armenian project it was presented as "deleting Armenia" - See Exhibit C3. , where she was speaking about "Armenia as a carcinoma to be reformed", they presented it as "she named Armenians a cancer", which has a completely different meaning - See Exh. C2. In the same manner they omitted the second part of Plaintiff's tweet where she was talking about "We have to think how to join Armenia to us", and presented to the public only third part of her tweet, thus making sure to infuriate their community and encourage it to attack Plaintiff (See Exhibit D4). Plaintiff expressed opinion that it would be better for Armenia to be a part of Azerbaijan in terms of regional peace and stability, this was aimed to stop centuries of bloodshed and also resolve the territorial problems Armenians have - the most devastating blow to Armenian community was a loss

of their lands - both in Turkey and Azerbaijan, and since this particular loss became a reason of radical movements inside of their community, this was just an opinion of Plaintiff to resolve the problem and stop the bloodshed, but thanks to Defendants' efforts she is now a villain in the eyes of their community. Armenian project is a definition used in terms of "Great Armenia", aimed at taking the neighborhood lands and expanding today territory of Armenia. A lot of discussions in Twitter about the meaning of Plaintiff's tweets were made known to Defendants, but they chose to publish defamatory content and attack Plaintiff's professional license. Besides, Plaintiff does not even need under *Gertz.* to prove actual malice, because she was neither a public official, nor a public figure.

**C. Defendants' speech was not an opinion because they presented to the public false facts by manipulating and cutting Plaintiff's tweets, so that infuriate the public and to have a reason to assault her in her professional capacity.**

"As we stated in our initial opinion, the Supreme Court's decision in *Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)*, and this court's decision in *White v. Fraternal Order of Police, 909 F.2d 512 (D.C. Cir. 1990)*, make clear that there is no wholesale exemption from liability in defamation for statements of "opinion." Instead, statements of opinion can be actionable if they imply a provably false fact, or rely upon stated facts that are provably false." *Moldea v. New York Times Co., 22 F.3d 310, 313 (D.C. Cir. 1994).*

Here, Defendants cut off Plaintiff's tweet from the entire thread of her tweets on the subject, took a picture of it and published it as a "call for the

genocide". The entire tweet thread was about joining Armenia to us, not about killing or exterminating people. They based their "opinion" on false facts, they deliberately and maliciously manipulated Plaintiff's tweet to have a ground for future attacks on her, and even the tweet they used had no call for genocide. Besides, Plaintiff tweet was in response to another person's tweet, where she claimed, that Azerbaijanis committed Khojali genocide (See Exh. A), Defendants can't show any of Plaintiff's tweet where she calls for mass killings and extermination of Armenians, and actual malice also can be drawn by the circumstances how Defendants acted - they tagged State Bar of California Twitter account, they demanded her disbarment, they organized mass smear campaigns against her, they arranged for people to complain on Plaintiff to the Bar - they did it to disbar her, not to provide their "opinion". *See Exhibits A - E.*

**D. Defendants's statements were unprotected speech calling for imminent attack on Plaintiff, and this attack immediately followed, Plaintiff was subjected to terrible harassment by receiving nonstop death threats in her email and phone number from the people she didn't know, and the majority of those statements were sent to her from the names of well known Armenian terrorists.**

"The Brandenburg test precludes speech from being sanctioned as incitement to riot unless (1) the speech explicitly or implicitly encouraged the use of violence or lawless action, (2) the speaker intends that his speech will result in the use of violence or lawless action, and (3) the imminent use of violence or lawless action is the likely result of his speech" *Bible Believers v. Wayne Cnty., Mich., 805 F.3d 228, 246 (6th Cir. 2015)*

Immediately after Defendants made statement that Plaintiff "was calling for the genocide of Armenians" her emails, her phone number, her business accounts were flooded with death threats,¶ 64, FAC. *See also, Exh. F.* The death threats were coming nonstop, Plaintiff thinks that the fact that these death threats were coming from the names of well known Armenian terrorists is not accidental. Considering Defendants' affiliation with ARF - this could not be accidental, ¶¶ 38, 39, 40, 41, 2 FAC, See also Docket 53, ESF page N0. 430-450, and ESF page N0. 454 - 456, rather it was targeted, malicious, well planned attack on her - first to harass and intimidate her, then attack her professional license and destroy her career.

## V. CONCLUSION

Based on the foregoing, Plaintiff Aynur Baghirzade requests the Court to deny Defendants' motion to strike with prejudice.

DATED: October 20, 2024

*Aynur Baghirzade*
PLAINTIFF: Aynur Baghirzade