1  Dick A. Semerdjian (SBN 123630)
   Chad M. Thurston (SBN 339151)
2  **SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
   101 West Broadway, Suite 810
3  San Diego, CA 92101
   Telephone No. 619.236.8821
4  Facsimile No. 619.236.8827
   Email:       das@sscelaw.com
5               chad@sscelaw.com

6  Attorneys for Defendants
   ARMENIAN NATIONAL COMMITTEE OF AMERICA,
7  ARAM HAMPARIAN and ARMENIAN NATIONAL
   COMMITTEE OF AMERICA WESTERN REGION
8

9              **UNITED STATES DISTRICT COURT**

10            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  AYNUR BAGHIRZADE, an individual, | Case No. 3:24-cv-1077 RSH MMP |
| 13         Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 14  v. | |
| 15  ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Liability | |
| 16 | |
| 17 | **[DKT. 50, 73]** |
| 18 | [Fed. R. Civ. P. 12(b)(6)] |
| 19 | |
| 20 | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| 21 | |
| 22 | |
| 23 | Date:      October 24, 2024 |
| | Judge:     Hon. Robert S. Huie |
| 24 | |
| 25 | |
| 26 | Magistrate:   Hon. Michelle M. Pettit |
| 27 | |
| 28 | |

1

1  Company; LEGALMATCH
   CALIFORNIA, a Nevada Domestic
2  Corporation; ESTRELLA SANCHEZ, an
   individual; DOES 1 THROUGH 300,
3  inclusive,

4               Defendants.

2

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 5

II. LEGAL ARGUMENT .................................................................................... 5

    A. The Court Should Not Consider Facts Or Documents Outside Of The Pleadings. ........................................................... 5

    B. Plaintiff Failed To Establish An Enterprise Or Any Racketeering Activities In Support Of Her RICO Claims. ................................................................................................. 6

    C. Plaintiff's Fourth Cause Of Action Under The Sherman And Clayton Act Is Ill-Pleaded. .............................................. 7

    D. Plaintiff Failed To Plead Facts To Support Her Claim Under California Business And Professions Code Section 16720 Et Seq. ................................................................. 7

    E. Plaintiff's General And Bulk Allegations Do Not Meet The Specificity Standard Under Rule 9 For Any Fraud Claim Under Business And Professions Code Section 17200. ................................................................................................... 8

    F. Plaintiff's Harassment Claim Is Unsupported By The Facts. .................................................................................................... 8

    G. Plaintiff's Defamation Claim Fails Because It Is Not Well Pleaded And Is Based On Constitutionally Protected Speech. ................................................................................ 9

    H. Plaintiff's Malicious Prosecution Claim Fails Because No Criminal Or Civil Proceeding Was Initiated Against Her. ..................................................................................................... 10

    I. Plaintiff's Intentional Infliction Of Emotional Distress Claim Fails Because It Is Predicated On Constitutionally Protected Actions And Fails To Allege Extreme And Outrageous Conduct And Causation. ......................... 11

    J. Plaintiff's Negligent Infliction Of Emotional Distress Claim Fails Because She Failed To Allege All Necessary Elements. ....................................................................... 12

III. CONCLUSION .............................................................................................. 13

3

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Apex Oil Co. v. DiMauro*,
  822 F.2d 246, 252 (2nd Cir. 1987) .................................................................... 7

*Brenneman v. State of California*,
  208 Cal.App.3d 812, 817 (1989) ..................................................................... 12

*Cooper v. Pickett*,
  137 F.3d 616, 627 (9th Cir. 1997) ..................................................................... 8

*Kulwicki v. Dawson*,
  969 F.2d 1454, 1462 (3rd. Cir. 1992) ................................................................ 5

*Lebbos v. State Bar*,
  165 Cal.App.3d 656, 670 (1985) ..................................................................... 10

*Lee v. City of Los Angeles*,
  250 F.3d 668, 688 (9th Cir. 2001) ..................................................................... 5

*Schild v. Rubin*,
  232 Cal.App.3d 755, 762 (1991) ....................................................................... 9

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393, 1400–01 (9th Cir.1986) ............................................................ 7

*Stanwyck v. Horne*,
  146 Cal.App.3d 450 (1983) ....................................................................... 10, 11

*Tamkin v. CBS Broadcasting, Inc.*,
  193 Cal.App.4th 133, 144 (2011) ............................................................... 10, 11

*United States v. Turkette*,
  452 U.S. 576, 582 (1981) .................................................................................. 6

**Statutes**

California Code of Civil Procedure section 527.6 ..................................................... 9

Federal Rules of Civil Procedure 12(b)(6) ................................................................ 5

Federal Rules of Civil Procedure 9(b) ....................................................... 6, 7, 8, 9

**Other Authorities**

California Business and Professions Code section 16720 ......................................... 7

California Business and Professions Code section 17200 ......................................... 8

**Constitutional Provisions**

18 U.S.C. section 1962 ............................................................................................... 6

4

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's Opposition only confirms Defendants Armenian National Committee of America, Aram Hamparian, and Armenian National Committee Of America Western Region's (collectively "Moving Defendants") arguments laid out in their Motion to Dismiss and show that this case should not have ever been filed.

Instead of responding to Moving Defendants' arguments, Plaintiff relies on the same vague statements and legal conclusions made in her First Amended Complaint ("FAC"). What is clear is that Plaintiff cannot plead a short and plain statement which shows she is entitled to relief, cannot point the Court to an actual alleged "enterprise" or specific "racketeering acts," and cannot plead any other facts to support her other baseless claims brought under federal or state law.

As described in Moving Defendants' moving papers and this Reply, Plaintiff's claims in her FAC fail, and should be dismissed without leave to amend.

## II. LEGAL ARGUMENT

### A. The Court Should Not Consider Facts Or Documents Outside Of The Pleadings.

In her Opposition, Plaintiff relies on multiple facts and documents which were not originally pled in her FAC. The Court retains discretion to exclude the consideration of materials which are outside the pleadings on a motion to dismiss. *Kulwicki v. Dawson,* 969 F.2d 1454, 1462 (3rd. Cir. 1992). "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

In support of her Opposition, Plaintiff also filed a Declaration as well as a Request for Judicial Notice which references facts outside of her FAC. Plaintiff's first four pages of her Opposition are also littered with outside facts and reference other documents filed in support of her Oppositions to other Defendants' motions in

5

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

this case. All of these additional facts and documents should not be considered for the purpose of this Motion to Dismiss.

### B. Plaintiff Failed To Establish An Enterprise Or Any Racketeering Activities In Support Of Her RICO Claims.

Plaintiff's first three causes of action are brought under 18 U.S.C. section 1962. None can survive without proving the existence of an enterprise or specific racketeering acts. *See United States v. Turkette*, 452 U.S. 576, 582 (1981). "The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* at 583. "In alleging fraud. . . a party must state with particularity the circumstances constituting fraud. . . ." FED. R. CIV. P. 9(b).

Here, Plaintiff doubles down and claims that she has pleaded the existence of an enterprise which includes Moving Defendants, Google, Yelp, and multiple referral organizations. (Opposition at p. 22.) However, despite this claim, Plaintiff cannot plead that all of these Defendants acted together for a common purpose as required under *Turkette*. Plaintiff again relies on lumping all Defendants into an alleged "Armenian Enterprise" and an "Armenian Mafia" but fails to plead facts to support her assertions that everyone is conspiring against her to "defraud her and leave her with no business." (FAC at ¶¶ 61, 74*; see also* Opposition at p. 22.) These generalities do not pass the most basic of pleading standards.

Furthermore, as it relates to the alleged "racketeering activity," Plaintiff claims she met this standard because she pled that Moving Defendants "plac[ed] fraudulent content about her in a social media, by placing defamatory news under Plaintiff's name in Google search…" (Opposition at p. 23.) None of these alleged, constitutionally protected, acts constitute predicate acts, and Plaintiff has still failed to meet the specificity and particularity requirements laid out in Rule 9(b) of the Federal Rules of Civil Procedure as required for any RICO claim. *Schreiber Distrib.*

6

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir.1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

**C.     Plaintiff's Fourth Cause Of Action Under The Sherman And Clayton Act Is Ill-Pleaded.**

Plaintiff fails to address Moving Defendants' arguments as they relate to her Fourth Cause of Action and instead states the law which appears to support the argument as to why dismissal is appropriate. Plaintiff is correct that for any antitrust claim, she must "present direct or circumstantial evidence that reasonably tends to prove that the [Moving Defendants] had a conscious commitment to a common scheme designed to achieve an unlawful objective." *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2nd Cir. 1987). Plaintiff has failed to point to any such evidence.

At one point in her Opposition, Plaintiff claims she pleaded facts to show that attorney referral services conspired against her to not send her normal cases. (Opposition at p. 27.) She then goes on to state that at the same time Moving Defendants allegedly distorted her tweets and placed disparaging content under her name. *Id.* Missing from her Opposition and from her FAC are any facts which show that all of the named Defendants acted with a common scheme for any unlawful objective.

As such, Plaintiff's Fourth Cause of Action fails.

**D.     Plaintiff Failed To Plead Facts To Support Her Claim Under California Business And Professions Code Section 16720 Et Seq.**

As it relates to Plaintiff's Sixth Cause of Action which is brought under California Business and Professions Code section 16720 *et seq.*, she again fails to address any of Moving Defendants' arguments and instead asserts that she is not required to plead with specificity under Rule 9(b). However, nowhere in Moving

7

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants' papers is it asserted that the pleading standard set out in Rule 9(b) applies here. As stated in the moving papers, Plaintiff failed to plead any facts or allegations against Moving Defendants specifically and instead relies solely on labels and legal conclusions.

While Plaintiff points the court to paragraphs 38-41 of her FAC in support of this claim, none of those sections relate to how Moving Defendants allegedly excluded her from business transactions based on a discriminatory policy or required another person to exclude Plaintiff from a transaction based on a discriminatory policy.

### E. Plaintiff's General And Bulk Allegations Do Not Meet The Specificity Standard Under Rule 9 For Any Fraud Claim Under California Business And Professions Code Section 17200.

In support of her Seventh Cause of Action brought under California Business and Professions Code section 17200 *et seq.*, Plaintiff again points the Court to multiple paragraphs of her FAC to support her claim. However, because this claim is brought under a theory of fraud, Plaintiff was required to plead facts *specific* enough to allege the 'who, what, when, where, and how' of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

As previously stated, Plaintiff has failed to meet this particular standard and none of the paragraphs Plaintiff points to support her claim.

### F. Plaintiff's Harassment Claim Is Unsupported By The Facts.

Plaintiff's Ninth Cause of Action for harassment is similarly confusing to the rest of her FAC. In her Opposition, Plaintiff defends this claim with multiple arguments, including her assertion that there is no heightened pleading standard for harassment and that she is not a politician, so the political speech exception does not apply here. (Opposition at pp. 34–35.)

Again, Moving Defendants have not asserted that Rule 9(b) applies to harassment claims. Plaintiff must, however, meet the most basic standard of

8

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

adequately pleading the necessary elements of harassment which she has failed to do.

"The elements of unlawful harassment, as defined by the language in section 527.6, are as follows: (1) 'a knowing and willful course of conduct' entailing a 'pattern' of 'a series of acts over a period of time, however short, evidencing a continuity of purpose'; (2) 'directed at a specific person'; (3) 'which seriously alarms, annoys, or harasses the person'; (4) 'which serves no legitimate purpose'; (5) which 'would cause a reasonable person to suffer substantial emotional distress' and 'actually cause[s] substantial emotional distress to the plaintiff'; and (6) which is not a '[c]onstitutionally protected activity.'" *Schild v. Rubin*, 232 Cal.App.3d 755, 762 (1991) (citing CAL. CODE CIV. PROC. § 527.6).

While Moving Defendants still assert that her FAC is devoid of specific facts as it relates to their alleged harassment, Plaintiff's main argument in return is that Moving Defendants actions were not constitutionally protected. As discussed below, all of the alleged actions or speech were protected as matters of public concern, political speech, or matters of opinion.

### G. Plaintiff's Defamation Claim Fails Because It Is Not Well Pleaded And Is Based On Constitutionally Protected Speech.

As discussed in the moving papers, Plaintiff's Tenth Cause of Action for defamation is irredeemably flawed. First, Plaintiff again addresses the unasserted argument that Rule 9(b) does not apply to defamation claims and that special damages are not required in federal court. (Opposition at pp. 36–37.) However, as is the pattern here, nowhere in the moving papers do Moving Defendants assert that special damages or a heightened pleading standard is required here. Plaintiff's cited authority appears to reference other jurisdictions which require special damages— that is not the case here. As this Court is aware, while this matter was filed in federal

9

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

court, defamation is a state law claim which means Plaintiff must meet the most basic elements of this claim; she failed to do so.

Furthermore, Plaintiff has failed to adequately address Moving Defendants' argument that their speech was constitutionally protected. In her argument regarding her harassment claim, Plaintiff claims that the speech was not political or of a public concern because she is not a politician. (Opposition at p.35.) Plaintiff is mistaken as to her contention; she does not need to be a politician for this protection to apply and while no specific "defamatory" statement is identified in her FAC, if the general topic of the alleged speech is of public concern (as is the conflict between Armenia and Azerbaijan), then the speech is protected. *Tamkin v. CBS Broad., Inc.,* 193 Cal.App.4th 133, 144 (2011).

Plaintiff also did not address the public forum or opinion arguments and as such, Moving Defendants relies on the facts and arguments described in their moving papers.

### H. Plaintiff's Malicious Prosecution Claim Fails Because No Criminal Or Civil Proceeding Was Initiated Against Her.

Plaintiff's Eleventh Cause of Action for malicious prosecution is premised on a Complaint made to the State Bar of California by Moving Defendants. (FAC, ¶ 247.) Plaintiff does not address Moving Defendants' arguments that this type of "complaint" cannot be challenged by way of a malicious prosecution claim. ("The tort of malicious prosecution requires the initiation of a full-blown action ...; subsidiary procedural actions within a lawsuit such as an application for a restraining order or for a lien will not support a claim of malicious prosecution."); *Lebbos v. State Bar*, 165 Cal.App.3d 656, 670 (1985).

The Court in *Stanwyck v. Horne*, 146 Cal.App.3d 450 (1983) ruled on this exact issue. The Court's third heading is titled "Public Policy Dictates that a Person May Complain to the State Bar of One of Its Members Without Fear of a

10

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Subsequent Action for Malicious Prosecution." *Id.* at 459. While the Court in *Stanwyck* goes on to explain its reasoning based on public policy and how the complaint procedure "acts as a safety valve for the public," that caption speaks for itself. *Id.* at 461. Plaintiff's Eleventh Cause of Action must fail.

**I. Plaintiff's Intentional Infliction Of Emotional Distress Claim Fails Because It Is Predicated On Constitutionally Protected Actions And Fails To Allege Extreme And Outrageous Conduct And Causation.**

Plaintiff's Twelfth Cause of Action for Intentional Infliction of Emotional Distressed is premised on constitutionally protected activity—calling for someone's disbarment based on political threats and violent language expressed online regarding the Armenian-Azerbaijani conflict. (FAC, ¶¶ 255–56, 302.) Plaintiff does not address the points raised by Moving Defendants' Motion to Dismiss. Rather, she argues that targeting her bar license and claiming she called for genocide was not political speech because Moving Defendants did not discuss the genocide in Somalia or anywhere else, and she is not a politician or public figure. (Opposition at p. 41.) Once again, Plaintiff is mistaken as to her contention; she does not need to be a politician for this protection to apply, and Moving Defendants' failure to discuss any other genocide, including the genocide in Somalia, has no bearing on Plaintiff's past statements regarding her political views on Armenians. As *Tamkin, supra* clarifies, here, the general topic of Moving Defendants' speech was of public concern—a licensed attorney in California making violent and disparaging statements against Armenians—and thus merits constitutional protection. Plaintiff has failed to sufficiently rebut Moving Defendants' argument on these grounds.

Furthermore, Plaintiff fails to establish the element of causation in her IIED claim. Her Opposition invites Moving Defendants to learn more about a pattern of racketeering activity, and then attempts again to connect them to "well known terrorists," including "terrorists who achieved their 'glory' in Karabakh by killing

11

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

and torturing innocent people and kids," without providing any connection between Moving Defendants and said terrorists to establish that acts by Moving Defendants caused her emotional distress. (Opposition at pp. 41-42.) While no specific "defamatory" statement is identified in her FAC, if the general topic of the alleged speech is of public concern (as is the conflict between Armenia and Azerbaijan), then the speech is protected. The actions Plaintiff mentions, including committing terrorist acts, could certainly be considered extreme and outrageous—she simply fails to plausibly connect such acts to Moving Defendants. The action attributable to Moving Defendants in Plaintiff's FAC is publicizing Plaintiff's own tweets to their social media community. Plaintiff's Opposition fails to show how that exceeds the bounds of decency in a civilized community so as to be considered "extreme and outrageous," and certainly in this day and age, it is not. Having failed to address Moving Defendants' arguments, Plaintiff's twelfth Cause of Action fails.

### J. Plaintiff's Negligent Infliction Of Emotional Distress Claim Fails Because She Failed To Allege All Necessary Elements.

In addition to her failure to disprove the constitutional protections available to Moving Defendants' alleged actions, as discussed above, Plaintiff's FAC also fails to show how Moving Defendants owed her a duty of care, and naturally, how they breached such a duty. Again, there must be a specific statue or regulation or relationship between Plaintiff and Defendants for the Court to establish a duty of care beyond a conclusory "duty." *Brenneman v. State of California*, 208 Cal.App.3d 812, 817 (1989). Plaintiff's Opposition states that Moving Defendants did not act "reasonably" by placing her tweet on social media, yet she fails to demonstrate how that is objectively an unreasonable thing to do. (Opposition at p. 43.) Moreover, Plaintiff's harm claimed from this act is derived from alleged acts of "harassment" by Moving Defendants and their "agents." (Opposition at p. 44.) Her FAC and Opposition fail to plausibly allege a successful conspiracy so as to hold Moving

12

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants liable for the acts of "agents" other than a broad conspiracy based on the fact that all people accused of attacking Plaintiff are Armenian. Plaintiff's Opposition does not cure her FAC's failure to successfully allege what specific duty Moving Defendants owed her, and as such, fails to allege a breach of that duty, thus failing to support a claim for NIED.

## III. CONCLUSION

Based on the foregoing facts and arguments, Moving Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety, without leave to amend.

Dated:  October 28, 2024

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: /s/ *Chad M. Thurston*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION

13

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT