```
 1  Dick A. Semerdjian (SBN 123630)
    Chad M. Thurston (SBN 339151)
 2  SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP
    101 West Broadway, Suite 810
 3  San Diego, CA 92101
    Telephone No. 619.236.8821
 4  Facsimile No. 619.236.8827
    Email:        das@sscelaw.com
 5                chad@sscelaw.com

 6  Attorneys for Defendants
    ARMENIAN NATIONAL COMMITTEE OF AMERICA,
 7  ARAM HAMPARIAN and ARMENIAN NATIONAL
    COMMITTEE OF AMERICA WESTERN REGION
 8
 9               UNITED STATES DISTRICT COURT
10            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11
```

| | |
|---|---|
| 12  AYNUR BAGHIRZADE, an individual, | Case No. 3:24-cv-1077 RSH MMP |
| 13           Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION** |
| 14  v. | |
| 15  ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability | |
| | **[DKT 51, 74]** |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| | Date:         October 24, 2024 |
| | Judge:        Hon. Robert S. Huie |
| | Magistrate:   Hon. Michelle M. Pettit |

1

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

| | |
|---|---|
| 1 | Company; LEGALMATCH CALIFORNIA, a Nevada Domestic Corporation; ESTRELLA SANCHEZ, an individual; DOES 1 THROUGH 300, inclusive, |
| 2 | |
| 3 | |
| 4 | Defendants. |

2

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

# TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................... 5

II.  LEGAL ARGUMENT ................................................................................ 5

     A.   Plaintiff's Defamation Claim Fails. ..................................................... 5

     B.   Moving Defendants' Speech Was Protected As A Matter Of Public Concern. ..................................................................... 6

     C.   Moving Defendants' Speech Was a Matter Of Opinion. ..................... 7

III.  CONCLUSION ........................................................................................... 8

3

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

# TABLE OF AUTHORITIES

**Cases**

*Barry v. State Bar of California*,
  2 Cal.5th 318, 325-26 (2017) ............................................................................. 5

*Du Charme v. Int'l Broth. Of Elec. Workers, Local 45*,
  110 Cal.App.4th 107, 112 (2003) ....................................................................... 6

*Gilbrook v. City of Westminster*,
  177 F.3d 839, 861–62 (9th Cir. 1999) ................................................................ 7

*Milkovich v. Lorain Journal Co.*,
  497 U.S. 1, 20 (1990) ......................................................................................... 7

*Nygard, Inc. v. Uusi–Kerttula*,
  159 Cal.App.4th 1027, 1039 (2008) ................................................................... 6

*Planned Parenthood Fed. of America, Inc. v. Center for Med. Progress*,
  890 F.3d 828, 834 (2018) ................................................................................... 5

*Wong v. Jing*,
  189 Cal.App.4th 1354, 1369 (2010) ................................................................... 6

**Statutes**

California Code of Civil Procedure section 425.16 ............................................ 5, 6, 7

Federal Rule of Civil Procedure 9(b) ......................................................................... 5

4

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

## I. INTRODUCTION

The type of speech Plaintiff is attempting to prosecute in the defamation claim within her First Amended Complaint ("FAC") is exactly the type of speech California's Anti-SLAPP statute was meant to protect. While Plaintiff was not specific in her FAC as to what she alleges was published by Defendants Armenian National Committee of America, Aram Hamparian and Armenian National Committee of America Western Region (collectively "Moving Defendants"), the exhibits Plaintiff uses in her Opposition to this Special Motion to Strike only confirm that the speech is protected.

Plaintiff's claims are centered around a post she made about the conflict between Armenia and Azerbaijan and it is clear that multiple individuals took offense and formed their opinion on this crucial matter of public concern. However, just because Plaintiff does not agree with how others responded to her post, that does not mean such responses are actionable.

## II. LEGAL ARGUMENT

### A. Plaintiff's Defamation Claim Fails.

As described in the moving papers, because the Anti-SLAPP statute applies to Plaintiff's defamation claim against Moving Defendants, the burden shifts to Plaintiff to establish a probability that she will prevail. CODE CIV. PROC., § 425.16(b)(1). Plaintiff must show that her claims are facially plausible. *See Planned Parenthood Fed. of America, Inc. v. Center for Med. Progress*, 890 F.3d 828, 834 (2018); *Barry v. State Bar of California*, 2 Cal.5th 318, 325-26 (2017) (holding that a court may dismiss a complaint (or portions of it) if the plaintiff has no probability of prevailing).

Plaintiff attempts to skirt her pleading deficiencies by claiming that Moving Defendants are trying to require her to plead under the stricter standard laid out in Federal Rule of Civil Procedure 9(b). Moving Defendants have made no such

5

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

argument. Regardless, Plaintiff still must meet the most basic pleading standard of adequately pleading the elements of a defamation claim which are: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (2010).

Plaintiff did not adequately plead her claim and cannot rely on exhibits to her Opposition to this Motion to carry her FAC beyond the pleading stage.

### B. Moving Defendants' Speech Was Protected As A Matter Of Public Concern.

Plaintiff attempts to switch up her narrative in her Opposition by claiming that Moving Defendants' speech was actually not about the Armenia and Azerbaijan conflict, but instead now claims the speech only targeted Plaintiff's reputation. (Opposition at p. 13.) Plaintiff cannot have it both ways.

Paragraph 233 of her FAC explains exactly where her defamation claim stems from and although it is still vague as to what the exact statement was, it is clear it was premised by Plaintiff calling for the genocide of Armenians in one of her tweets. This is a matter of public interest.

A defendant need not establish that its action is constitutionally protected, but rather, all that is required is a "prima facie showing that plaintiff's claim arises from an act taken to further defendant's rights of petition or free speech in connection with a public issue." *Du Charme v. Int'l Broth. Of Elec. Workers, Local 45,* 110 Cal.App.4th 107, 112 (2003). While California Code of Civil Procedure section 425.16 does not specifically define "public interest" or "public issue," courts have noted that the Legislature mandated that section 425.16 "be construed broadly" to safeguard "the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Nygard, Inc. v. Uusi–Kerttula,* 159 Cal.App.4th 1027, 1039 (2008).

6

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

1       Here, it is clear that Moving Defendants' alleged speech was based on
2  Plaintiff's views regarding the conflict between the two nations. This falls squarely
3  within the broad protection that section 425.16 provides.

4       **C.     Moving Defendants' Speech Was a Matter Of Opinion.**

5       Plaintiff's next argument in her Opposition is that Moving Defendants'
6  speech challenging her social media post cannot be an opinion because they "cant
7  show any of Plaintiff's tweet where she calls for the mass killings and extermination
8  of Armenians." (Opposition at p.16.) Ironically, in her argument preceding this
9  section, Plaintiff expressed her opinion on how the tweet should have been
10 construed. (Opposition at p. 13-15.)

11      Defamation claims cannot challenge statements of opinion that do not
12 "contain a provably false factual connotation." *Milkovich v. Lorain Journal Co.,* 497
13 U.S. 1, 20 (1990). Thus, a court reviewing a claim of defamation must ask the
14 threshold question of whether a reasonable factfinder could conclude that the
15 contested statement "implies an assertion of objective fact." *Gilbrook v. City of*
16 *Westminster*, 177 F.3d 839, 861–62 (9th Cir. 1999), *as amended on denial of reh'g*
17 (July 15, 1999).

18      If Plaintiff needed over two pages to explain how, in her opinion, her tweet
19 should have construed one way, she cannot reasonably argue that Moving
20 Defendants' speech was one of fact and not opinion. While Plaintiff did not include
21 her exact post in her FAC, she did include it as an exhibit in her Opposition to this
22 Motion. The tweet reads:

23> "I think it is clear that we have to delete [Armenian flag] project as
>  soon as possible. They are incapable to accept their own crimes and to
24> apologize, the only language they understand is the language of force.
>  [Armenian flag] has always bogged down the region, we have to get rid
25> of it to move forward."

7

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

How a reader might interpret that specific tweet is certainly a matter of opinion and any reasonable factfinder's interpretation of a response to that tweet is not an assertion of objective fact.

## III. CONCLUSION

Based on the foregoing facts and arguments, Moving Defendants respectfully request that this Court grant this Special Motion to Strike in its entirety.

Dated: October 28, 2024

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: */s/ Chad M. Thurston*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION