ADRIANOS FACCHETTI, ESQ. (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
4444 W. Riverside Drive, Suite 308
Burbank, CA 91505
Telephone:  (626) 793-8607
Facsimile:  (626) 793-7293
Email:    adrianos@facchettilaw.com

Attorney for Defendants
YELP INC. AND JEREMY STOPPELMAN

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al.<br><br>Defendants. | CASE NO. 3:24CV1077 RSH MMP<br><br>DEFENDANTS YELP INC.'S AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Date:    11/04/2024<br>Place:   3B-3rd Floor (Rm#: 3142)<br>Judge:  Hon. Robert S. Huie<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff seeks a third bite at the apple to amend her complaint, but her proposed changes are futile. After filing a First Amended Complaint ("FAC")—despite clear warnings from Defendants about its legal deficiencies—Plaintiff made no substantive changes. In response, Defendants filed a Motion to Dismiss, clearly outlining why Plaintiff's claims fail as a matter of law. Now, instead of addressing those deficiencies, Plaintiff again seeks to amend, offering no clear explanation of what is different or how the proposed amendments will cure the fatal flaws already identified in her claims.

Moreover, although Plaintiff claims to have conducted "research" and discovered additional defendants and new causes of action, the only addition is a claim for false light, which is merely another manifestation of Plaintiff's improper attempt to hold Defendants responsible for third-party content. This new claim is no different from the others and fails for the same reasons: Plaintiff alleges Defendants failed to remove content provided by a third party. Section 230 of the Communications Decency Act clearly bars this claim, just as it bars the rest of Plaintiff's allegations. Furthermore, Plaintiff offers no reason why her "research" could not have been done earlier, nor does she explain how these minimal changes could possibly address the fundamental legal deficiencies that remain.

Plaintiff's motion is merely an attempt to delay the inevitable without addressing the underlying issues in her case. Moreover, as a California licensed attorney, Plaintiff cannot expect—nor should she be afforded—the leniency typically given to pro se litigants. Her proposed amendments do nothing to change the fact that her claims are legally, and fatally, flawed. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend.

//
//

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

## II.     PROCEDURAL HISTORY

On June 21, 2024, Plaintiff filed a Complaint against defendants Yelp Inc. and Jeremy Stoppelman ("Defendants"), alleging causes of action for:

1.  Racketeering activity in violation of Sec. 1962 (c) *et seq.* of the Racketeer Influenced and Corrupt Organizations Act;

2.  Control of the Enterprise conducting racketeering activity in violation of Sec. 1962 (b) et seq. of the Racketeer Influenced and Corrupt Organizations Act;

3.  Conspiracy in violation of Sec. 1962 (d) *et seq.* of the Racketeer Influenced and Corrupt Organizations Act;

4   Conspiracy in restraint of trade or commerce in violation of the Sec. 1 *et seq.* of the Sherman & Clayton Act 15 U.S.C.;

5.  Denial of Public Accommodation in Violation of Section 2000 of Civil Rights Act 42 U.S.C.;

6.  Prohibited Restraints on competition in violation of Sec. 16720, *et seq.* of California Business & Professions Code;

7.  Unfair Competition in violation of Section 17200, *et seq.* of California Business and Professions Code;

8.  Denial of Public Accommodation in violation of Sec. 51, *et seq.* of California Civil Code;

9   Harassment in violation of Sec. 527.6 of the Code of Civil Procedure;

10. Defamation;

11. Intentional Infliction of Emotional Distress; and

12. Negligent Infliction of Emotional Distress.

On July 5, 2024, Defendants' counsel sent a letter to Plaintiff outlining the deficiencies in the Complaint, including the applicability of Section 230. *See* Dkt. #24-1, p. 3, ¶ 3).

On August 15, 2024, Plaintiff filed her First Amended Complaint alleging essentially the same causes of action against these Defendants.

-2-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

On September 9, 2024, Defendants filed a Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)6) (Dkt. #24). On September 25, 2024, Plaintiff filed an Opposition (Dkt. #53). Her Opposition did not include a request for leave to amend the FAC. On October 2, 2024, Plaintiff filed a Motion for Leave of Court to file a Second Amended Complaint (Dkt. #59) ("SAC"); however, the filing did not include a hearing date, much less a notice of motion. On October 7, 2024, Defendants filed a Reply in support of their Motion to Dismiss (Dkt. #63). On the same day, Plaintiff served Defendants with a Notice of Motion, apparently pertaining to Docket #59 with a hearing date set for November 4, 2024, but it appears she never filed it with the Court. On October 17, the Court set a briefing schedule on Plaintiff's motion for leave to file a SAC, reminded the parties to set hearing dates with their motions, and reiterated that there would no oral argument on Plaintiff's motion absent a separate order (Dkt. # 72).

### III. ARGUMENT

#### a. Granting Leave to Amend Would be an Exercise in Futility

Although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely" given, the 9th Circuit instructs "that liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks omitted); *see also Sikhs for Just., Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) (affirming district court's dismissal with prejudice because granting plaintiff "leave to amend its complaint would be futile" where plaintiff's claim was barred under Section 230).

Section 230(c) immunity is quite robust and the doctrine bars any claims brought against a covered interactive computer service provider that "inherently require[] the court to treat the defendant as the 'publisher or speaker' of content provided by another." *See, e.g., Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003); *Dyroff*

*v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019) (citation omitted).

Here, Plaintiff's core theory—underlying all claims against Defendants Yelp and Stoppelman in all iterations of her complaints—seeks to treat them as a "publisher or speaker" of third-party content. Plaintiff's SAC essentially rehashes the same allegations in the original Complaint and the FAC. *Compare* FAC ¶¶ 34, 51, 55:11-13, 57, 58, 60, 66, 67-68, 71 with the SAC ¶¶ 46, 69, 72-75, 94-97, 100, 312. It once again seeks to hold Defendants liable for critical reviews, which are third-party content. Plaintiff does not introduce any new legal arguments or facts that would circumvent Section 230 immunity.

While Plaintiff's SAC adds a claim for false light, alleging that Defendants failed to remove a user-provided, allegedly manipulated photograph of her, the SAC concedes that this photograph was provided by a third party, making this claim subject to Section 230's protections and rendering the proposed amendment futile. Futility warrants denying leave to amend. *See, e.g., Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (affirming district court's denial of leave because amending the complaint would have been futile).

### b. Plaintiff Fails to Justify Her Delay in Adding Defendants and New Claims

Setting aside that amendment would be futile, courts have long held that undue delay in amending a complaint without proper explanation is a valid ground for denial of leave to amend. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *Tampa Bay Water v. HDR Engineering, Inc.*, (11th Cir. 2013) 731 F.3d 1171, 1186 ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."). Plaintiff's declaration asserts that she conducted unspecified "research" after filing the FAC and subsequently discovered additional defendants and new causes of action that should be added to the complaint. However, Plaintiff fails to explain what the alleged

research was, or why it could not have been completed before filing the FAC. Indeed, while Plaintiff claims to have discovered new causes of action and revisions to existing claims, she does not explain how these additions would cure any of the deficiencies identified in Defendants' Motion to Dismiss. This lack of explanation or justification undermines the validity of her Motion and warrants denial.

### c. Allowing Further Amendments Would Unduly Prejudice Defendants

Allowing Plaintiff to amend the complaint yet again would unduly prejudice Defendants by prolonging litigation over obviously meritless claims. Defendants have already expended resources responding to the FAC, e.g., by filing a detailed Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), and the proposed SAC introduces no substantive changes that would warrant further proceedings. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (litigation expenses can constitute prejudice in ruling on a motion to amend).

Plaintiff's Motion lacks justification for why the new claim of invasion of privacy—false light (*see* SAC at p. 67) could not have been identified earlier and fails to explain how the amendments would address the legal deficiencies already identified by Defendants Yelp and Stoppelman in their Motion to Dismiss, all of which would impose undue burden and costs on Defendants.

### d. The Rule of Leniency Afforded to Pro Se Litigants Should not be Applied to Plaintiff Because she is an Attorney

The rule of leniency typically afforded to pro se litigants does not apply here, as Plaintiff is a licensed attorney. *Tenser v. Silverman*, No. 20-56176, 2021 U.S. App. LEXIS 32095, at *4-5 (9th Cir. Oct. 26, 2021) ("[R]ule of leniency does not apply when, as here, the litigant is a lawyer.") (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("Smith is a lawyer proceeding pro se. While we are generally obliged to construe pro se pleadings liberally, we decline to do so here because Smith is a licensed attorney[.]" (citation omitted).

## IV. CONCLUSION

The defects in the FAC and the SAC are many and incurable. Plaintiff—a California licensed attorney—has been given ample opportunity to allege sufficient facts to demonstrate valid claims since this lawsuit was filed. Plaintiff should not be permitted to subject Defendants to another round of expensive motion practice where Section 230 applies squarely to all the claims in this case.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint. The proposed SAC fails to cure the deficiencies in the FAC and further amendments would be both futile and prejudicial to Defendants.

DATED: October 30, 2024

LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

By: /s/ Adrianos Facchetti
    Attorney for Defendants,
    YELP INC. and JEREMY STOPPELMAN

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System.

AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646


Email: contact@aynurlawyers.com
    *Defendant, IN PRO SE*

Adrianos Facchetti
Law Offices of Adrianos Facchetti, P.C.
4444 W. Riverside Drive, Suite 308,
Burbank, CA 91505
Tel: (626) 793-8607
Fax: (818) 860-7951
adrianos@facchettilaw.com
    *Attorney for Defendants*

-7-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT