1  Dick A. Semerdjian (SBN 123630)
   Chad M. Thurston (SBN 339151)
2  **Schwartz Semerdjian Cauley Schena & Bush LLP**
   101 West Broadway, Suite 810
3  San Diego, CA 92101
   Telephone No. 619.236.8821
4  Facsimile No. 619.236.8827
   Email:     das@sscelaw.com
5              chad@sscelaw.com

6  Attorneys for Defendants
   ARMENIAN NATIONAL COMMITTEE OF AMERICA,
7  ARAM HAMPARIAN and ARMENIAN NATIONAL
   COMMITTEE OF AMERICA WESTERN REGION
8

9  **UNITED STATES DISTRICT COURT**

10 **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability | Case No. 3:24-cv-1077 RSH MMP<br><br>**DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT**<br><br>**[DKT. 59]**<br><br>Date:      Not Assigned<br>Judge:     Hon. Robert S. Huie<br><br>Magistrate:   Hon. Michelle M. Pettit |

1

Company; LEGALMATCH CALIFORNIA, a Nevada Domestic Corporation; ESTRELLA SANCHEZ, an individual; DOES 1 THROUGH 300, inclusive,

        Defendants.

2

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................ 5

II. LEGAL ARGUMENT ................................................................................. 5

    A. Plaintiff's Proposed Second Amended Complaint Does Not Set Forth A Short And Plain Statement Which Shows She Is Entitled To Relief. ......................................................... 6

III. CONCLUSION ............................................................................................ 7

3

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 555 (2007) ................................................................................6

*C.F. el rex. Farnan v. Capistrano Unified Sch. Dist.*,
 654 F.3d 975, 985 fn.5 (9th Cir. 2011) ............................................................5

*Glenn v. First Nat'l Bank in Grand Junction*,
 868 F.2d 368, 371 (10th Cir. 1989) ..................................................................7

*McHenry v. Renne*,
 84 F.3d 1172, 1177 (9th Cir. 1996) ..................................................................7

*Miller v. Rykoff-Sexton, Inc.*,
 845 F.2d 209 (9th Cir. 1988) ............................................................................6

*Miranda v. Ponce Fed. Bank*,
 948 F.2d 41, 44 (1st Cir. 1991) ........................................................................7

*Stanard v. Nygren*,
 658 F.3d 792, 799–800 (7th Cir. 2011) ............................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308, 319 (2007) ..................................................................................6

**Statutes**

Federal Rules of Civil Procedure, Rule 8 ...............................................................5, 6

Federal Rules of Civil Procedure, Rule 15 .................................................................5

## I. INTRODUCTION

Defendants ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION (collectively, "Defendants") hereby oppose Plaintiff's Motion for Leave to File a Second Amended Complaint [Dkt. 59] on the grounds that it does not comply with Rule 8 of the Federal Rules of Civil Procedure and is therefore futile.

Plaintiff filed her First Amended Complaint [Dkt. 12] on August 15, 2024. Defendants filed a Motion to Dismiss [Dkt. 50] on September 9, 2024, arguing that Plaintiff failed to state a claim upon which relief can be granted and that Plaintiff did not comply with Rule 8 because she did not file a short and plain statement of her claim which shows that she is entitled to relief. Now, instead of remedying her Pleading to comply with Rule 8(a), Plaintiff is attempting to add eleven more defendants and one more cause of action, only adding to the confusion that was presented in her First Amended Complaint.

Plaintiff's Second Amended Complaint is futile, and this Court should deny her request for leave to file it.

## II. LEGAL ARGUMENT

Federal Rules of Civil Procedure Rule 15(a) provides that once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." The court will consider (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by the amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) *futility of the amendment.  C.F. el rex. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 fn.5 (9th Cir. 2011). A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proven under the amendment that

5

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988).

Plaintiff's proposed Second Amended Complaint does not state a valid claim under Rule 8(a).

### A. Plaintiff's Proposed Second Amended Complaint Does Not Set Forth A Short And Plain Statement Which Shows She Is Entitled To Relief.

As asserted in Defendants' previously filed Motion to Dismiss, Plaintiff failed to comply with Federal Rule of Civil Procedure, Rule 8(a)(2) in her First Amended Complaint, and even more so in her Second Amended Complaint. Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). In doing so, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quotation marks omitted). "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him. Deciphering even that much from the [First Amended Complaint] is next to impossible." *Stanard v. Nygren*, 658 F.3d 792, 799–800 (7th Cir. 2011).

Here, Plaintiff's 74 page, 355 paragraph, Second Amended Complaint, is again the antithesis of a "short and plain statement." Plaintiff's claims are also scattered and are difficult to follow, and do not give fair notice to Defendants of what exactly is being pleaded or asserted against them. Should Plaintiff be allowed to continue with this amendment, Defendants will be burdened with filing another Motion to Dismiss based on nearly the same grounds as their previously filed Motion.

6

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

Dismissal is appropriate where the "very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint that was "argumentative, prolix, replete with redundancy and largely irrelevant."); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) ("[T]he complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast.").

## III.   CONCLUSION

Plaintiff's Proposed Second Amended Complaint is futile. Unless she can provide the Court and all Defendants with a short and plaint statement which shows she is entitled to relief, Plaintiff's request for leave to file a Second Amended Complaint should be denied.

Dated:  October 30, 2024

S<small>CHWARTZ</small> S<small>EMERDJIAN</small> C<small>AULEY</small> S<small>CHENA</small> & B<small>USH</small> LLP

By: /s/ *Chad M. Thurston*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION

7

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT