AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

# I. INTRODUCTION

Defendants Armenian National Committee of America (ANCA), Aram Hamparian, Armenian National Committee of America Western Region filed another useless opposition to Plaintiff's motion to file SAC, claiming that the amendment will be futile and that Plaintiff didn't follow Rule 8 (a) of F.R.C.P. requiring "short and plain statements of claim".  While doing so, Defendants forgot their accusations in their motion to dismiss (Docket # 50) that Plaintiff didn't include in her FAC defamatory statements and statements, which would show harassment, claiming from one side that she didn't include enough facts into her FAC and from another side accusing her in not following requirement of Rule 8 (a) of F.R.C.P. demanding instead of "short and plain statements of the claim" "short complaint" for 21 Defendants in her FAC and now for 32 Defendants in her SAC. Defendants are clearly confused as to what they want to see in the complaint regularly making unwarranted claims to technical characteristics, desperately trying to dismiss it by all means. Defendants are wrong because SAC is not futile as they claim, and Plaintiff pleaded "short and plain statements of the **claim**", she was not required to plead short and plain statements of facts, and she is not responsible that their clients caused those facts to be so overwhelming that she needed to add 32 Defendants to her SAC and plead all facts related to all 32 Defendants.

**A. Plaintiff's SAC is not futile as it added statements constituting harassment and defamation as well as new parties related to the Defendants, who were engaged in the similar type of harassment and defamation, and there is no undue delay or prejudice to Defendants.**

Court in *Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022)* stated "What most concerns us is the district court's failure not to afford Zimmerman an opportunity to try again by filing an amended complaint. The law is clear that a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). By way of example, that occurs when a proposed amendment is untimely, see *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007), the plaintiff has already had multiple chances to cure deficiencies, see *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019), or amendment would cause substantial delay and prejudice, see *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (3d ed. 2021) (articulating these same principles).No doubt district courts have broad discretion to prohibit amendment in these kinds of circumstances. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018). But those instances are the clear exception; the norm remains affording a plaintiff at least one opportunity to amend his complaint. *Id.* at 685; see *Glover v. Carr*, 949 F.3d 364, 367–69 (7th Cir. 2020)."

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir.2007) (citation omitted)." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011).

None of the circumstances cited by court in the cases referred are applicable to Plaintiff's case. Her amendment is timely, because she made an amendment as soon as she discovered new defamatory statements and other facts about her case, the discovery process in the present case is not over - *See Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)* "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.", the Plaintiff files her SAC, and she filed before only one amendment, and Defendants would not be prejudiced as discovery process is not over and Plaintiff is not adding complex and serious charges to her FAC - there is only one tort of putting Plaintiff in false light which was added to the FAC, and it will not require Defendants to do additional discovery or start discovery process from the scratch - *See Dave v. D.C., 811 F. Supp. 2d 111, 119–20 (D.D.C. 2011)* "Allowing a plaintiff to amend his complaint may unduly prejudice a defendant if amendment would delay the litigation or expand the allegations beyond the scope of the initial complaint." *Id.* (citing *Parish v. Frazier, 195 F.3d 761, 763 (5th Cir.1999))*. Undue prejudice is likely to occur if "the amended complaint contains new complex and serious charges which would undoubtedly require additional discovery for the defendants to rebut." *Id.* (citing *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir.1993)). As new claim of false light and new defendants would not require Defendants to do additional discovery and in any case discovery process has not been even initiated by the Plaintiff, Plaintiff sees no reason of how Defendants may be prejudiced.

**B. Plaintiff pleaded plain and short statements of all her claims for 32 Defendants she has in her SAC, Plaintiff is not responsible for the number of defendants or for the overwhelming amount of facts, who/which were put in action primarily by Defendants.**

PLAINTIFF'S RESPONSE TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC

4

Case No.: 3:24-CV-01077-RSH-MMP

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted)." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).* "After all, Rule 8 does not require a "short and plain *complaint,*" but rather a "short and plain statement of the *claim.*" Fed.R.Civ.P. (a)(2) (emphasis added). Indeed, Rule 8(e)(2) provides that: "A party may set forth two or more statements of a claim or defense alternatively.... A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Fed.R.Civ.P. 8(e)(2). Moreover, it is "each averment of a pleading" that Rule 8(e)(1) states "shall be simple, concise, and direct" — not each pleading itself. The defendants know these rules full well; the government is no foe of lengthy complaints when it finds itself in the position of plaintiff. *See, e.g., United States v. Philip Morris, Inc.,* 116 F.Supp.2d 131 (D.D.C. 2000) (government complaint consisting of 88 pages and 211 paragraphs with attached 43–page appendix); *United States v. Bonanno,* 683 F.Supp. 1411 (E.D.N.Y.1988) (70–page government complaint accompanied by 250–page binder of exhibits)." Ciralsky v. C.I.A., 355 F.3d 661, 670–71 (D.C. Cir. 2004).

PLAINTIFF'S RESPONSE TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC

5

Case No.: 3:24-CV-01077-RSH-MMP

Claiming that Plaintiff didn't comply with Rule 8 (a) of F.R.C.P. is factually and legally wrong. First, Plaintiff pleaded all facts in the General Allegations part of her SAC as facts were overwhelming as well as the number of defendants in this case, then she made her claims separately for each cause of action, which are really plain, short and simple. Each of those claims do not take even more than 1 page, many are half page, so Plaintiff was in compliance with Rule 8 (a) of F.R.C.P. She was not required to make short and plain statements of facts, which were pleaded in General Allegations part of her complaint, and even facts were pleaded in short and plain statements as much as it was practicable. 74 pages for 32 Defendants makes only 2 pages per Defendant - again, claiming that Plaintiff didn't follow Rule 8 (a) of F.R.C.P. is equivalent to blame her that Defendants by their own efforts formed an enormous enterprise against her and she is guilty now in trying to take all these participants responsible. Defendants might chose to promote their "lobbying" and "political" activity without FARA registration by not bothering Plaintiff because of her speech, but they chose to form illegal enterprise against her by involving multiple businesses and lawyers. Rule 8 (a) of F.R.C.P. requires "plain and short statements of the claim, it does not require plain and short complaint as Defendants now try to persuade Court. Plaintiff disagrees also with Defendants' allegations that facts and claims related to them are scattered, and SAC is difficult to read, all facts in relation to Defendants were pleaded separately from facts relating to other Defendants (¶ 40-71, SAC). Plaintiff pleaded short and plaint statements of the claim for each cause of action and Defendants' allegations are wrong.

**V. CONCLUSION**

Based on the foregoing, Plaintiff Aynur Baghirzade requests the Court to disregard Defendants' opposition and allow her to file Second Amended Complaint.

DATED: November 6, 2024

*Aynur Baghirzade*
_____
PLAINTIFF: Aynur Baghirzade