AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, A NON-PROFIT CORPORATION, et al.<br><br>  Defendants. | Case No.: 24CV1077 RSH MMP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC. AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Presiding Judge: Hon. Robert Huie<br><br>Magistrate Judge: Hon. Michelle M. Petit |

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1                                                                                       24CV1077 RSH MMP

# I. INTRODUCTION

Defendants Yelp Inc. and Jeremy Stoppelman following their old tradition to object to everything with and without a reason filed another futile opposition against Plaintiff's request to file SAC claiming that Section 230 of Communication Decency Act shields them from any third-party actions on their platform. Plaintiff filed a comprehensive opposition to Defendants Motion to Dismiss on September 25, 2024 (Docket # 53) explaining to Defendants that since their actions were intentional, deliberate and calculated attempt to ruin Plaintiff's business, they do not have any protection of Section 230 of CDA. Moreover, Defendants were advised that Communication Decency Act specifically has an exception for criminal laws and states that Section 230 has no effect on criminal law. Moreover, Defendants failed to show that their actions are not within other exceptions under CDA, specifically they didn't remove her photo with outrageously manipulated and obscene image on it for quite a long period of time, thus infringing upon her copyright and privacy rights, they didn't close her page despite her clear request to do so, thus violating the contract they had with her, they kept outrageous threats directed at Plaintiff without any reason, and at the same time they were put on notice that negative reviews are fake, but when other platforms removed those reviews immediately, Defendants were happy to keep them - thus demonstrating that they had an intent to damage Plaintiff's business, and since Plaintiff was successful to show that Defendants were engaged in mail and wire fraud - Defendants now can't claim that they were innocent and regulated third party content in good faith. Since requirement of wire and mail fraud under RICO as well as other exceptions under CDA were met, the amendment of false light in the similar way as other torts are applicable to Defendants and will not prejudice Defendant in any way. Defendants have no protection under Section 230 of CDA. Section 230 of CDA was not designed to protect intentional and malicious actions of interactive computer service providers. Additionally, claiming that Plaintiff was wrong with not filing a Notice for her Motion to file SAC is wrong, as Defendants clearly didn't read Civil Pretrial and Trial Procedures of the presiding judge in this case - which states in its part III B that "Parties

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

2                                                      24CV1077 RSH MMP

filing a noticed motion must set a hearing date to be 35 days after the filing date of the motion ". There is no requirement to file a Notice of Warranta, additionally there is a requirement not to put a hearing date in the Motion's caption as the hearing date is 35 days after its filing date - See judge Robert Huie's Civil Pretrial and Trial procedures, part III B.  And in any case Plaintiff complied with the requirement to set a motion date by emailing to parties a separate notice.

## II. ARGUMENTS

**A. Since Defendants have no protection under Section 230 of CDA the proposed amendment will not be futile.**

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir.2007) (citation omitted).  230 e (1) of CDA states further: "No effect on criminal law. Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this Act [47 USCS § 223 or 231], chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, United States Code 18 USCS §§ 1460 et seq. or §§ 2251 et seq.], or **any other Federal criminal statute**." *Id.* "The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.S. §§1961-1968, is founded on the concept of racketeering activity. The statute defines "racketeering activity" to encompass dozens of state and federal offenses, known in RICO parlance as predicates. These predicates include any act "indictable" under specified federal statutes, 18 U.S.C.S. §1961(1)(B)-(C), (E)-(G), as well as certain crimes"chargeable" under state law, § 1961(1)(A), and any offense involving bankruptcy or securities fraud or drug-related activity that is "punishable" under federal law, §1961(1)(D). A predicate offense implicates RICO when it is part of a "pattern of racketeering activity"--a series of related predicates that together demonstrate the existence or threat of continued criminal activity." *(RJR Nabisco, Inc. v. European Cmty.,* 136 S. Ct. 2090, 195 L. Ed. 2d 476 (2016)).

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

3    24CV1077 RSH MMP

Since Defendants are sued under criminal statute, they do not have any protection of Section 230, which is designed to protect innocent interactive computer providers. Defendants are not innocent, they knew that Plaintiff business page was shelled within 2-3 days each time with numerous negative reviews, they knew that Plaintiff is persecuted because of her national origin, color, religion and etc., and instead of removing the content which was not coming from Plaintiff's clients they chose to keep them, they also blocked her phone number so that she can't call them, they kept obscene picture of her on their platform for a quite a long time. Plaintiff also submitted exhibits of her communications with Yelp when she filed her opposition to Defendants' motion to dismiss last time (Docket # 53 , ESF page N. 429 - 569 ), but looks like Defendants didn't read them. People approaching her on Twitter were quite open in disclosing that Yelp Inc. and Jeremy Stoppelman are their partners in crime - they warned her : "Yelp is only the beginning.." (See Docket # 53, ESF page No. 525). It's also remarkable that the business owner who was bullied by the gang of people for speaking against Armenian genocide didn't seek the help from Yelp Inc. or Jeremy Stoppelman and decided to submit to the needs of the gang shelling his Yelp page with negative reviews (Docket # 53, ESF page No. 460 - 464 ). It's very interesting why he decided to do so? Probably, because he applied but was rejected by defendants to remove those reviews. The intent to damage Plaintiff's business is so obvious from those communications that leaves no doubts that Defendants acted in conspiracy with other Defendants, maliciously and intentionally doing everything to leave Plaintiff with no business. Moreover, many other exceptions to Section 230 of CDA are also satisfied - thus, keeping her manipulated photo on the platform was in violation of Plaintiff's intellectual property rights - *"We therefore hold that the intellectual property exception contained in § 230(e)(2) encompasses claims pertaining to an established intellectual property right under federal law, like those inherent in a patent, copyright, or trademark."* *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc., 946 F. 3d 1040 (2019)*. Section 230 of CDA also does not have any effect on privacy laws - placing someone's manipulated and obscene photo on the platform and then not removing it despite mul-

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

4    24CV1077 RSH MMP

tiple complaints is a violation of the privacy laws. (See Docket # 53, ESF Page No. 531, 532 ). At least on two occasions Yelp Inc.' staff contributed to the creation of the defamatory content about the Plaintiff. On June 21, 2023, Defendants placed in Plaintiff's account a formerly removed review as a new one with past dated comment of the Plaintiff under them. The same Yelp Inc. did on October 10, 2023, when it placed formerly removed review of someone named Dav M. into Plaintiff's account. Formerly removed reviews appeared as new with new date but with old dated comments under them. Since it would not be possible without someone from Defendants' staff who has an access to the platform to do that - Yelp Inc. and Jeremy Stoppelman after this accident became a content creator - In the case *Kimzey v. Yelp, inc.* court stated that "A website creates or develops content "by making a material contribution to its creation or development." *Kimzey v. Yelp, Inc. (9th Cir. 2016) 836F.3d 1263, 1269 (Kimzey).*, and in the case *Wozniak v. YouTube, LLC court defined material contribution* "as not referring to "merely ... augmenting the content generally, but to materially contributing to its alleged unlawfulness." *Wozniak v. YouTube, LLC, 319 Cal. Rptr. 3d 597, 100 Cal.App.5th 893 (Cal. Ct. App. 2024).* Besides, Defendants clearly violated their own TOS, when they refused to close Plaintiff's page on her request (See Docket 53, ESF page No. 563-569). - "A state claim may not be barred by the CDA where "the duty the defendant allegedly violated springs from a contract—an enforceable promise—not from any non-contractual conduct or capacity of the defendant" as a publisher." See *Prager University v. Google LLC, 85 Cal. App. 5th 1022; 301 Cal. Rptr. 3d 836 (2022).*

**B. Plaintiff added all Defendants on time, and in any case if these new defendants have no relationship to Yelp Inc. and Jeremy Stoppelman, then why this bothers Defendants ?**

Defendants Yelp Inc. and Jeremy Stoppelman object and oppose to everything clearly without even properly analyzing the Law, which speaks about their intent to take the Court's and Plaintiff's time as much as possible and delay the process. First of all, Plaintiff knew about existence of new defendants after she first time amended her complaint, since attacks on Plaintiff are

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

5                                         24CV1077 RSH MMP

continuous and ongoing she was justified in having some time to find out the names, location of those defendants as well as to do the legal research to bring new claims, she was not supposed to add new defendants without doing her research if later the claims against those defendants could be dismissed. The fact that Defendants Yelp Inc. and Jeremy Stoppelman so much worry about adding of new Defendants to the complaint only confirms them being in a criminal conspiracy with other Defendants to destroy Plaintiff's business and reputation. Besides, the complaint was amended very early in discovery process, the discovery process didn't even start, since Plaintiff is only going to initiate it. Courts found no undue delay when the discovery process didn't start or the case was still in the process of discovery. " In *Cureton*, the district court found undue delay because (1) plaintiffs filed the motion three years after the filing of the original complaint; (2) plaintiffs knew the facts on which the proposed amendment relied almost two-and-a-half years before seeking leave to amend; (3) judicial efficiency would be damaged by trying claims seriatim; and (4) the interest in the finality of the proceedings would be compromised by amendment. *Purcell v. Gilead Scis., Inc.*, No. CV 17-3523, 2020 WL 12762913, at *1 (E.D. Pa. Aug. 24, 2020).* Numerous other courts found no undue delay when the motion to file an amended complaint was done during the discovery process - In the case *Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)* court by citing many other cases denied opposition to the motion to file amended complaint - *See Prather*, 2018 WL 6659614, at *3 (concluding that there was no undue delay, in part because the motion to amend was filed "before any substantive discovery had taken place"), see *Jetpay Merch. Servs., LLC*, 2014 WL 5165600, at *2 (finding no undue delay, in part because discovery was not set to close for over three months "leaving ample time for any additional discovery"); see *Sur. & Indem. Co.*, 2013 WL 12182107, at *1 (concluding that there was no undue delay, in part because the motion to amend was filed while "the case [was] early in discovery"); see *Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.*, 2009 WL 1706446, at *1 (finding no undue delay, in part because the discovery deadline was not set to expire for approximately six months); see *BSB-UCP, Inc.*, 2009 WL 1668545, at *1 (finding no undue delay, in part because "no discovery ha[d] been undertaken by either Defendant"); see *Collins*, 245

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

*F.R.D. at 512-13* (finding no undue delay, in part because discovery was ongoing was not set to close for approximately three months and because "[t]he parties will have ample time to conduct discovery, and Defendants will have significant time to prepare dispositive motions"); see *Highland Rests., Inc.*, 1990 WL 92484, at *4 (finding no undue delay, in part because "discovery was still in progress"). Court in *Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)* further concluded by citing case *Jameson v. Arrow Co., 75 F.3d 1528, 1534 (11th Cir.1996)* that "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." Defendants Yelp Inc. and Jeremy Stoppelman are unaware that the discovery process in the present case didn't even start and opposing to the motion to file an amended complaint made just for the sake of opposition makes no good to Defendants except of taking Parties and Court's valuable time.

**C. There is no undue prejudice to Defendants, since the amended complaint has no complex and serious charges requiring additional discovery, the discovery process didn't even start, and spending money and additional resources is not an argument against amending the complaint.**

Plaintiff seeks to amend FAC only by adding one additional claim of tort of placing her in false light. This claim is not something complex or serious, which would require Defendants to do sophisticated discovery or start a discovery from scratch. Additionally, the discovery process wasn't even initiated by Plaintiff as she is only going to do it. In the case *Dave v. D.C., 811 F. Supp. 2d 111, 119–20 (D.D.C. 2011)* court found that "Allowing a plaintiff to amend his complaint may unduly prejudice a defendant if amendment would delay the litigation or expand the allegations beyond the scope of the initial complaint." *Id.* (citing *Parish v. Frazier, 195 F.3d 761, 763 (5th Cir.1999))*. Undue prejudice is likely to occur if "the amended complaint contains new complex and serious charges which would undoubtedly require additional discovery for the defendants to rebut." *Id.* (citing *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir.1993)).

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

7                                                                                                            24CV1077 RSH MMP

Court in *Dave v. D.C., 811 F. Supp. 2d 111, 119–20 (D.D.C. 2011)* further concluded " For these reasons and because this case is still in the early stages of litigation, the court is not persuaded that allowing the amendments would unduly prejudice the defendant".

Additionally, Defendants' claim that they will incur expenses and they will have to file another motion to dismiss or have any other fees in regards to this case is not an argument to deny the motion to file an amended complaint. " Insofar as DuPont may be arguing that allowing an amendment would be unduly prejudicial because it would "require DuPont to expend significant additional resources to conduct discovery and prepare for trial," <u>Oneida</u>, 199 F.R.D. at 77 (quotation omitted), this is insufficient to demonstrate undue prejudice. "The possibility 'that an amendment will require the expenditure of additional time, effort, or money does not constitute undue prejudice.' " <u>Agerbrink</u>, 155 F. Supp. 3d at 455 (quotations omitted) (quoting <u>Versace</u>, 87 F. Supp. 2d at 299); see also Monahan, 214 F.3d at 284 ("As the district court correctly noted, the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." *(citing <u>Block</u>, 988 F.2d at 351))." Baker v. Saint-Gobain Performance Plastics Corp., No. 116CV0917LEKDJS, 2023 WL 2388727, at *4 (N.D.N.Y. Mar. 7, 2023). See Louisiana v. Bank of Am. Corp.*, No. 19-638-SDD-SDJ, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v. Caliber Home Loans, Inc.*, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court ... supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort."). *Tesla, Inc. v. Louisiana Auto. Dealers Ass'n, No. CV 22-2982, 2023 WL 9059650, at *6 (E.D. La. Jan. 11, 2023).*

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

8     24CV1077 RSH MMP

## III. CONCLUSION

Since analysis shows that Defendants Yelp Inc. and Jeremy Stoppelman will not be prejudiced by SAC, that their claim that the amendment will be futile or was delayed is unwarranted, the court should disregard their opposition and allow Plaintiff to file her SAC.

DATED: November 6, 2024

By: _Aynur Baghirzade_____
    Aynur Baghirzade
    Plaintiff

PLAINTIFF'S RESPONSE TO DEFENDANTS YELP INC., AND JEREMY STOPPELMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

9      24CV1077 RSH MMP