AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AYNUR BAGHIRZADE,<br><br>Plaintiff,<br><br>vs.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, A NON-PROFIT CORPORATION, et al.<br><br>Defendants. | Case No.: 24CV1077 RSH MMP<br><br>**MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER ACCOUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM TO OBSTRUCT JUSTICE, AND UNDERTAKE NECESSARY ACTIONS TO MAINTAIN PLAINTIFF'S NORMAL ACCESS AND USE OF THE ELECTRONIC FILING SYSTEM**<br><br>Presiding Judge: Hon. Robert Huie<br><br>Magistrate Judge : Hon. Michelle M. Petit |

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER AC-COUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM

24CV1077 RSH MMP

# I. INTRODUCTION

Plaintiff bring this extraordinary motion in accordance with Rule 47 of F.R.C.P. to request the Court to investigate the instances of continuance interference with Plaintiff's ability to use her Pacer account to file necessary documents in her case. Plaintiff started experiencing those difficulties right away when she first applied to court and at that time was not allowed to file electronically. She was continuously kicked out from Pacer system she set up only to monitor her case and she believes that it was done purposefully so that she couldn't monitor and see developments in her case. Later, the problem exacerbated, and recently she couldn't file her response to Defendants' Yelp Inc. and Jeremy Stoppelman as well as Defendants Armenian National Committee of America, Aram Hamparian and Armenian National Committee of America Western Region's oppositions to her motion for Leave of Court to file her SAC as a response in Support of her Motion or as Reply to Opposition - in all these filing options Docket numbers 83 and 84 were missing, and there was a Default sign at the head of the fling system. According to Court order (Docket # 72) Plaintiff had to file her response on or before November 6, 2024 and therefore she was not in default. It is a good question who messed up the Pacer filing system to intimidate Plaintiff and not to allow her to file on time. Plaintiff was forced to file her responses under Reply Other function in Pacer system. This is disturbing. It signals that Defendants try to use illegal and criminal tactics to ruin Plaintiff's case by interfering now with the justice system. Plaintiff requests Court to investigate the instances of the attempts to obstruct the justice and using its power to bring those individuals to responsibility. At the same time Plain-

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER ACCOUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM

24CV1077 RSH MMP

tiff puts this Court on notice that couple of days before the deadline to submit her opposition to Defendants Armenian National Committee of America, Aram Hamparian and Armenian National Committee of America Western Region's motion to dismiss her draft of opposition disappeared from her laptop, and only using restore functions at her computer she could retrieve it. In two days before the deadline to submit her response to Defendants Armenian National Committee of America, Aram Hamparian, Armenian National Committee of America Western Region and Defendants Yelp Inc. and Jeremy Stoppelman's opposition to her Motion to file SAC Verizon cut off her Internet for "nonpayment", and refused to restore the internet on election day, at the same time hot spot on her prepaid phone was disabled and she couldn't use the internet on her phone to use on her laptop, when she tried to use the Internet connection of her landlord - freely available to all residents, the connection showed Self - Assigned IP without even giving an opportunity to the Plaintiff to join to internet by using password.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2024, Court made an order allowing Plaintiff to file her documents electronically, however the order was not granted. When she fulfilled all requirements to join the filing system at PACER, she discovered that she still can't file electronically. She called first to Pacer staff, which referred her to this Court. She was explained that the court order will not be granted because there is court rule requiring all attorneys, even those who are pro se to register and pay for the Pacer account in order to be able to file electronically - this was right before the deadline to file opposition to Defendants' Yelp Inc. and Jeremy Stoppelman's mo-

3

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER ACCOUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM

24CV1077 RSH MMP

tion to dismiss for failure to state the claim. Plaintiff does not understand how it could be that the so called Court rule was missing in the court order and didn't find any reflection in it, and why she was not informed from the beginning that she needs to register as an attorney with the court in order to be able to file electronically, and Court staff needed to wait for until the deadline of her response to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to dismiss in order to let her know what she has to do. On October 7, 2024, Plaintiff by using electronic filing system filed executed summons for Defendants LegalMatch California and Estrella Sanchez (Docket # 61 and 62). When on or around October 22, 2024, she checked those Docket numbers, she discovered that all two dockets are for the summons in the name of Estrella Sanchez. Plaintiff remember it very well that she filed summons for both LegalMatch California and Estrella Sanchez. How it happened that both filings turned to be in the name of Estrella Sanchez is a mystery but quite calculated mystery. As Plaintiff realized later, it was aimed to destroy her default judgment against LegalMatch California and ensure that she has it only with regards to Estrella Sanchez. She was forced again filed the executed summons for Defendant LegalMatch California (Docket # 76). On or around October 16, 2024 - just couple of days before the deadline to oppose to Defendants Armenian National Committee of America, Aram Hamparian and Armenian National Committee of America Western Region's motion to dismiss, her draft of opposition disappeared from her computer, she wrote a letter to her landlord asking who entered her apartment and received a response that nobody did it. On November 4, 2024, just couple of days before responding to Defendants Armenian National Committee of America, Aram Hamparian, Armenian National Committee of America Western Region and Defendants Yelp Inc. and Jeremy Stoppelman's opposition to her Mo-

4

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER ACCOUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM

24CV1077 RSH MMP

tion for Leave to File SAC, Verizon cut off her internet alleging non-payment (while Plaintiff had disagreement with provider as to the excessive amount charged to her and Verizon refused to reconsider the bill), at the same time hot spot on her prepaid phone with Verizon (duly paid) suddenly didn't work, but Plaintiff recalls it very well that it perfectly worked before. She also couldn't join to her landlord's network on fifth floor, where internet is available to all residents, her computer showed Self-Assigned IP for the landlord's network without giving her an opportunity to use the password and join network.

Finally, on November 6, 2024, when she was trying to file her response to Defendants Armenian National Committee of America, Aram Hamparian, Armenian National Committee of America Western Region and Defendants Yelp Inc. and Jeremy Stoppelman's opposition to her Motion for Leave to file SAC, she couldn't do that using Response to Motion or Reply to Motion functions - Docket numbers 83 and 84 were missing from the system, and there was a red inscription DEFAULT at the head of the filing system. Plaintiff was not in default to file her reply as according to Court's oder she had to do that on or before November 6, 2024 (Docket # 72).

### III. ARGUMETS

**1. Circumstances of what is happening to Plaintiff's Pacer account suggests another rounds of wire fraud continuously happening in accordance with RICO Statute.**

Plaintiff brought her case under Racketeering Influence Corrupt Organizations Act in this Court and now experiences the same nature of wire fraud she

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER ACCOUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM

24CV1077 RSH MMP

complained about to this Court.**"**A violation of § 1962(c) requires to show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *UMB Bank v. Guerin, 89 F.4th 1047 (8th Cir. 2024).* 'We have said that the predicate acts of mail and wire fraud "occur when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." (Wayne Johnson for Cong., Inc. v. Hunt, 2024 U.S. App. LEXIS 2850, 2024 WL 471938). "Under the mail and wire fraud statutes, a plaintiff only can show a scheme to defraud if he proves that some type of deceptive conduct occurred", Id. Such deceptive conduct includes "knowingly making false representations," "concealing material facts," and making statements "with reckless indifference to their truth or falsity." *United States v. Sawyer, 799 F.2d 1494, 1502 (11th Cir. 1986)* . It is very disturbing that Pacer could become a weapon of manipulation in the hands of the people wishing to deprive Plaintiff the opportunity to file her documents on time. Plaintiff therefore, respectfully asks the court to investigate the issue and bring the responsible people to account for continuously messing up Plaintiff's Pacer account, withdrawing important documents from it, placing false and fraudulent information in the system.

**2. Circumstances of what is happening to Plaintiff's Pacer account suggests that there are people wishing to obstruct the justice and interfere with normal flow of judicial process.**

Section 1512 (c) of 18 U.S.C. (Tampering with a witness, victim or informant) states that "Whoever corruptly-

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER ACCOUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM

24CV1077 RSH MMP

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
shall be fined under this title or imprisoned not more than 20 years, or both.

Section 1512 (2) of 18 U.S.C. states that whoever causes or induces any person to—

(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding…
shall be fined under this title or imprisoned not more than 20 years, or both.

Plaintiff experiences a tampering with her documents she is filing in her Pacer account and continuous attempts to interfere with her ability to file on time and be free from harassment and intimidation.

**IV. CONCLUSION**

Based on foregoing Plaintiff respectfully asks this Court to investigate the instances of tampering with her ability to file in her Pacer account, to find people or Court staff responsible for the tapering with her ability to access justice system and bring those people to responsibility. Plaintiff also respectfully asks Court to maintain Plaintiff's normal access to the electronic filing system without any manipulation, interference and delay.

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER AC-COUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM
24CV1077 RSH MMP

DATED: November 6, 2024.

By:  Aynur Baghirzade, Plaintiff

*Aynur Baghirzade*
_____

MOTION REQUESTING COURT TO INVESTIGATE INSTANCES OF INTERFERENCE TO PLAINTIFF'S PACER AC-
COUNT, SPECIFICALLY PLAINTIFF'S PACER ELECTRONIC FILING SYSTEM
24CV1077 RSH MMP