UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 24-cv-1077-RSH-MMP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>[ECF No. 59] |

   Plaintiff Aynur Baghirzade, a licensed attorney and a member of the bar of this Court, proceeding pro se, filed her Complaint on June 21, 2024. ECF No. 1. Pending before the Court is Plaintiff's motion for leave to file a Second Amended Complaint [ECF No. 59]. For the reasons below, the Court grants the motion.

   //

   //

   //

## I. BACKGROUND

On August 12, 2024, Plaintiff requested leave to amend her Complaint. ECF No. 10. The following day, the Court granted the request. ECF No. 11. On August 15, 2024, Plaintiff filed her First Amended Complaint ("FAC"). ECF No. 12.

Thereafter, certain defendants filed motions directed to the FAC. Defendants Yelp, Inc. and Jeremy Stoppelman filed a motion to dismiss. ECF No. 24. Defendants Armenian National Committee of America, Armenian National Committee of American Western Region, and Aram Hamparian filed a motion to dismiss as well as an anti-SLAPP motion to strike. ECF Nos. 50, 51. Defendants Attorney Search Network, Inc. and Jake Baloian filed a motion to compel arbitration and, in the alternative, to dismiss. ECF No. 57. The motions to dismiss are directed to some but not all of the claims in the FAC.

On October 2, 2024, Plaintiff filed a motion for leave to file a Second Amended Complaint. ECF No. 59. Plaintiff's motion did not set a hearing date as required by the Local Rules and Chambers Rules, which would have indicated to Defendants their timeframe for responding; accordingly, the Court issued an order setting a briefing schedule on Plaintiff's motion to amend. ECF No. 72. Thereafter, certain defendants filed statements of non-opposition to the request for leave to amend [ECF Nos. 81, 82], while other defendants—including the defendants who had filed pending motions to dismiss—opposed, principally on the grounds of futility [ECF Nos. 83, 84].

## II. DISCUSSION

A district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider the following factors in determining whether a motion for leave to amend is appropriate: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, the Court concludes that there is no bad faith in Plaintiff's request. Nor has there been undue delay at this time. The Court recognizes that granting leave to amend will

require those defendants with pending motions directed to the FAC to refile those motions as directed to the SAC, but concludes that this does not cause undue prejudice at this stage of the proceedings. The Court also recognizes that Plaintiff has amended her pleading once before. Finally, while some Defendants have argued that amendment would be futile based on reasons similar to those articulated in the motions to dismiss, those motions to dismiss are directed to portions of the FAC rather than to the FAC in its entirety. Rather than addressing those arguments piecemeal in the context of determining futility, the Court will address them in the context of the totality of motions that may be directed to the SAC. The Court exercises its discretion to allow Plaintiff leave to file a SAC.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file a Second Amended Complaint. Plaintiff must file the Second Amended Complaint ("SAC") within **seven (7) days of the date of this Order**. All pending motions directed to the FAC [ECF Nos. 24, 50, 51, 57] are denied as **MOOT** and without prejudice to refiling as to the SAC. Plaintiff is advised that the Court will not grant any future motion to amend a pleading while motions to dismiss or to strike that pleading are pending. Plaintiff is also advised that any future motion to amend must set forth, address, and satisfy the relevant legal standard. In light of Plaintiff's request and intent to file an SAC, all defendants are excused from responding further to the FAC.

**IT IS SO ORDERED.**

Dated: November 15, 2024

_____
Hon. Robert S. Huie
United States District Judge