1  Suzanne Burke Spencer, Esq. (SBN 188597)
   sspencer@sallspencer.com
2  Michael A. Sall, Esq. (SBN 287981)
   msall@sallspencer.com
3  **SALL SPENCER CALLAS & KRUEGER**
   A Law Corporation
4  32351 Coast Highway
   Laguna Beach, CA 92651
5  Telephone: (949) 499-2942
   Facsimile: (949) 499-7403
6
   Attorneys for Defendants
7  ORANGE COUNTY BAR ASSOCIATION,
   TRUDY LEVINDOFSKE and TERESA VUKI
8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10
11 AYNUR BAGHIRZADE, an individual,        Case No.  3:24-cv-01077-RSH-MMP

12         Plaintiff,
   v.
13                                          **DEFENDANTS ORANGE
   ARMENIAN NATIONAL COMMITTEE              COUNTY BAR ASSOCIATION,
14 OF AMERICA, a Non-Profit Corporation;    TRUDY LEVINDOFSKE AND
   et al.,                                  TERESA VUKI'S NOTICE OF
15                                          MOTON AND MOTION TO
           Defendants.                      DISMISS SECOND AMENDED
16                                          COMPLAINT; MEMORANDUM
                                            OF POINTS AND AUTHORITIES
17                                          IN SUPPORT THEREOF

18                                          Date:        December 30, 2024
                                            Judge:       Hon. Robert S. Huie
19                                          Courtroom:   3B

20                                          PER CHAMBERS RULES, NO
                                            ORAL ARGUMENT UNLESS
21                                          SEPARATELY ORDERED BY THE
                                            COURT
22
23
24 TO THE COURT AND ALL INTERESTED PARTIES:

25         PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 12(b)(1) and

26 12(b)(6), Defendants Orange County Bar Association, Trudy Levindofske and

27 Teresa Vuki (collectively, "OCBA Defendants") will, and hereby do, move on the

28 Court on December 30, 2024 in Courtroom 3B of the above-entitled court, located at

                                    1                    3:24-cv-01077-RSH-MMP
   **OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   880 Front St, San Diego, CA 92101, for an order dismissing Plaintiff's Second

2   Amended Complaint (Dkt #96) against them.  This motion is set for

3   December 30, 2024 for purposes of calculating reply and opposition deadlines;

4   however, per Chambers rules, no oral argument will be held on the Motion unless

5   separately ordered by the Court.  This motion is made on the grounds that the Court

6   lacks subject matter jurisdiction over the claim for injunctive relief because Plaintiff

7   lacks Article III standing to pursue such relief and that the Second Amended

8   Complaint fails to state a claim on which relief can be granted against the OCBA

9   Defendants.

10          This motion is made following the conference of counsel that took place on

11  September 30, 2024 as to a motion to dismiss the First Amended Complaint, which

12  is substantially identical to the Second Amended Complaint as to the claims asserted

13  against the OCBA Defendants, and further as to a motion to dismiss the Second

14  Amended Complaint on November 22, 2024.

15          This motion is based on this Notice and Motion, the attached memorandum of

16  points and authorities, the concurrently filed Request for Judicial Notice and

17  Declaration of Suzanne Burke Spencer in support of the motion, and such other

18  pleadings, papers, documents, and oral argument, if any, deemed appropriate by the

19  Court.

20  DATED:  November 25, 2024          Respectfully submitted,

21                                     SALL SPENCER CALLAS & KRUEGER

22                                     A Professional Corporation

23

24                                     By: _____

25                                           Suzanne Burke Spencer

26                                     Attorneys for Defendants
                                       ORANGE COUNTY BAR ASSOCIATION,
                                       TRUDY LEVINDOFSKE and TERESA VUKI

27

28

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................ 1

    A.   Summary of Plaintiff's Allegations against the
        OCBA Defendants. ..................................................................... 1

    B.   Additional Facts from Documents Referred to in the
        Complaint or Subject to Judicial Notice. ................................... 3

III.  LEGAL ARGUMENT .......................................................................... 4

    A.   Legal Standard............................................................................ 4

    B.   The Statutory Scheme Governing Certified Lawyer
        Referral Services Is Contrary to Plaintiff's Claims. ................... 5

    C.   The OCBA Is Immune from Plaintiff's Damages
        Claims......................................................................................... 6

        1.   Plaintiff Released and Waived Any Claims
            Against the OCBA Defendants Arising From
            Her Involvement in the Mentoring Program. ................... 6

        2.   The OCBA Is Immune From Any Alleged
            Liability Based on Referrals Under the LRIS................... 7

    D.   Plaintiff Lacks Standing to Pursue Injunctive Relief
        as to the Operation of the OCBA LRIS. ..................................... 7

    E.   Plaintiff's First Through Third RICO Claims Fail
        Because Plaintiff Has Not Specifically Alleged
        Fraud and Cannot Plausibly State Those Claims for
        Relief ......................................................................................... 8

    F.   Plaintiff's Claims Based on the Restraint of Trade
        Fail as a Matter of Law. ........................................................... 10

    G.   Plaintiff's Discrimination Claims Likewise Fail. .................... 14

        1.   Plaintiff's Fifth Claim for Relief Fails Because
            the OCBA's Referral Service is Not a Place of
            Public Accommodation. ................................................. 14

        2.   Plaintiff Has Not Plausibly Alleged a
            Discriminatory Intent on the Part of the OCBA
            Defendants. ..................................................................... 15

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

H.   Plaintiff Has Not Plausibly Pled a Harassment Claim. ................................................................. 16

I.   Plaintiff Has Not Plausibly Pled Emotional Distress. ........................... 17

   1.   The Eleventh Claim for Relief for Intentional Infliction of Emotional Distress Fails. ........................... 17

   2.   The Twelfth Claim for Relief for Negligent Infliction of Emotional Distress Fails Because the OCBA Defendants Owed No Duty to Plaintiff. ........................................................................ 18

J.   Plaintiff Cannot Plausibly Allege Any Claims Against Defendants Levindofske and Vuki ........................................ 19

IV.   CONCLUSION ................................................................................ 19

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...........................................................................................4

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...........................................................................................4

*Bissessur v. Indiana Univ. Bd. of Trustees,*
   581 F.3d 599 (7th Cir. 2009) .............................................................................4

*California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.,*
   445 U.S. 97, 105 (1980) ...................................................................................11

*City of Columbia v. Omni Outdoor Advertising, Inc.,*
   499 U.S. 365 (1991) ...................................................................................11, 13

*City of Los Angeles v. Lyons,*
   416 U.S. 95 (1983) .............................................................................................7

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994)..............................................................................14

*Coward v. Town and Village of Harrison,*
   665 F. Supp. 2d 281 (S.D.N.Y. 2009)..............................................................15

*Davidson v. Kimberly-Clark Corp.,*
   889 F.3d 956 (9th Cir. 2018)..............................................................................7

*Dymits v. State St. Bank & Tr. Co.,*
   No. C-94-4144-CAL, 1995 WL 494596 (N.D. Cal.
   Aug. 8, 1995), *aff'd,* 89 F. 3d 845 (9th Cir. 1996) .................................18

*Fletcher v. Western National Life Ins. Co.,*
   10 Cal. App. 3d 376 (1970)..............................................................................18

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
   492 U.S. 229 (1989) ...........................................................................................9

*Hansen v. Volkov,*
   96 Cal. App. 5th 94 (2023)..............................................................................17

*Hardie v. Nat. Collegiate Athletic Ass'n,*
   97 F. Supp. 3d 1163 (S.D. Cal. 2015)..............................................................15

*Harris v. Capital Growth Investors XIV,*
   52 Cal. 3d 1142 (1991)....................................................................................15

*In re WellPoint, Inc.,*
   865 F. Supp. 2d 1002 (C.D. Cal. 2011)..............................................................9

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Jackson v. LegalMatch.com*,
  42 Cal. App. 5th 760 (2019)..................................................................5, 17

*Kelly v. General Tel. Co.*,
  136 Cal. App. 3d 278 (1982).......................................................................19

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001).........................................................................5

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
  431 F.3d 353 (9th Cir. 2005)..........................................................................8

*Marlene F. v. Alliance Psychiatric Medical Clinic, Inc.*,
  48 Cal. 3d 583 (1989).................................................................................19

*Melorich Builders, Inc. v. Superior Court*,
  160 Cal. App. 3d 931 (1984)........................................................................18

*Mothershed v. Justices of Supreme Court*,
  410 F.3d 602 (9th Cir. 2005) .......................................................................11

*Munson v. Del Taco, Inc.*,
  46 Cal. 4th 661 (2009)................................................................................15

*Nally v. Grace Community Church*,
  47 Cal. 3d 253 (1988), *cert. denied*, 490 U.S. 1007 (1989)...................................18

*Sanders v. Brown*,
  504 F.3d 903 (9th Cir. 2007).................................................................11, 13

*Schild v. Rubin*,
  232 Cal. App. 3d 755 (1991) .......................................................................16

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007).........................................................................9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ....................................................................................5

*Twaite v. Allstate Insurance Co.*,
  216 Cal. App. 3d 239 (1989).......................................................................18

*Venture Assocs. Corp. v. Zenith Data Systems Corp.*,
  987 F.2d 429 (7th Cir. 1993).........................................................................5

**Statutes**

18 U.S.C. § 1964....................................................................................s8

42 U.S.C. § 2000a...............................................................................14, 15

Cal. Bus. & Prof. Code § 43.95 .....................................................................7

Cal. Bus. & Prof. Code § 6155 ...........................................................5, 6, 10, 12

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Cal. Civ. Code § 51 ................................................................................................ 15

Cal. Civ. Code § 52 ................................................................................................ 15

**Rules**

Cal. R. of Prof. Conduct 8.4.1 ................................................................................ 8

Fed. R. Civ. P. 8 ...................................................................................................... 1

Fed. R. Civ. Proc. 9 ................................................................................................. 1

State Bar Rule 3.801(B) ............................................................................ 3, 6, 10, 12

State Bar Rule 3.823 ........................................................................................ 3, 10

State Bar Rule 3.824 ................................................................................... 6, 10, 12

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff's rambling, 74-page Second Amended Complaint (Dkt #96) fails to satisfy even the most basic pleading requirements established under the Federal Rules of Civil Procedure.  *See, e.g.,* Fed. R. Civ. P. 8(a)(2) (requiring complaints to contain "a *short and plain* statement of the claim" (emphasis added)) and 8(d)(1) ("[e]ach allegation must be simple, concise, and direct").  Nor does the complaint *plausibly* allege facts sufficient to support *any* of the claims for relief asserted against Defendants the Orange County Bar Association ("OCBA"), Teresa Vuki and Trudy Levindofske (collectively, "OCBA Defendants").  As to the RICO claims, which appear to be based on vague allegations of wire fraud, Plaintiff further fails to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).  This motion should accordingly be granted and because Plaintiff cannot truthfully or plausibly allege facts to save her claims, the motion should be granted without leave to amend.

### II.  FACTUAL BACKGROUND

### A.  Summary of Plaintiff's Allegations against the OCBA Defendants.

Plaintiff's Second Amended Complaint – like the First Amended Complaint before it – is general and conclusory, alleging a broad conspiracy against her and replete with allegations of historical animosity between Armenians and Azerbaijanis. (*See, generally*, Dkt #96 at ¶¶ 39, 41, 45-47, 48-54).  However, none of these general allegations asserts any specific conduct of the OCBA Defendants.  Plaintiff, instead, conclusorily alleges that all Defendants are part of a vague and undefined "Armenian Enterprise" that is responsible for a wide-range of alleged conduct, including social media harassment, negative reviews on websites, and manipulation of internet search results, all with the aim of harming her business

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

opportunities. There are no specific factual allegations showing any agreement or conspiracy between the OCBA Defendants and the purported "Armenian Enterprise," though Plaintiff generally alleges that the OCBA Defendants participated in the enterprise. (*See, e.g.*, Dkt #96, ¶¶ 220, 230-232).

Plaintiff's allegations that touch on any conduct of, or involvement with, the OCBA begin at paragraph 136 of the complaint.  Plaintiff alleges that she became a member of the OCBA in September 2021. (Dkt #96, ¶ 136). Plaintiff sought to participate in the OCBA's mentorship program, but was assigned to a mentor who she did not care for and was practicing in immigration law, rather than business litigation. (Dkt #96, ¶¶ 137-143).

Plaintiff alleges that in December 2022, she learned of the requirements of the OCBA's Lawyer Referral and Information Service ("LRIS") that she have an office in Orange County and an Orange County phone number. (Dkt #96, ¶¶ 144). Plaintiff thereafter applied to the OCBA LRIS. (Dkt #96, ¶ 145). Plaintiff alleges that she was denied membership on the Business Litigation and Immigration Law Panels on the basis that she did not meet the qualifications for those panels. (Dkt #96, ¶ 148). Plaintiff further alleges that the denials were, in fact, based on the OCBA's discrimination in the form of not considering her international experience and her participation in continuing legal education programs. (Dkt #96, ¶¶ 147-148). Plaintiff was accepted on the LRIS Business & Corporate panel. (Dkt #96, ¶ 148).

Plaintiff alleges that, as a member of the Business & Corporate panel, she received fewer referrals than she expected and did not receive referrals that resulted in being retained. (Dkt #96, ¶ 149). Plaintiff alleges she complained to the California State Bar about her referrals, and that the State Bar determined that there was no violation of the rules governing referral services because Plaintiff received referrals at a time when 14 other panel members had received no referrals. (Dkt #96, ¶¶ 150-151).

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff generally alleges that the OCBA Defendants harassed her – though specifically alleges only that she received verbal abuse from the potential clients referred to her. (Dkt #96, ¶ 151). She also generally alleges that the OCBA Defendants harassed her *through* other referral organizations (Dkt #96, ¶¶ 151-152), though she does not allege any facts demonstrating that the OCBA Defendants participated or joined in the conduct of any of the other defendants.

In sum, Plaintiff's complaint against the OCBA Defendants is that Plaintiff is dissatisfied with her involvement with the LIRS program, objects to the requirement that she have an office and phone number in Orange County, and is displeased with the volunteer mentor that was selected for her on the basis of her mentoring program application.

**B.    Additional Facts from Documents Referred to in the Complaint or Subject to Judicial Notice.**

Defendant OCBA is certified by the State Bar to operate only in Orange County. (Dkt #96 at 54:21-23; Request or Judicial Notice filed concurrently ("RJN"), Exs. C & D [State Bar Recertifications]). The OCBA's LRIS program has been certified as being in compliance with state law and the State Bar's rules. (RJN, Ex. C at 5, Ex. D at 8). Such certification includes review of the qualifications required to serve on the sub-panels for specific areas of the law. (*See* State Bar Rule[1] 3.801(B) & 3.823(A)).

As part of Plaintiff's application to the OCBA LRIS program, Plaintiff specifically agreed "to be bound by all the Rules of the Orange County Bar Association Lawyer Referral & Information Service" and the California Rules of Professional Conduct. (Declaration of Suzanne Burke Spencer filed concurrently herewith ("Spencer Decl."), Ex. A at 4). As such, Plaintiff agreed that "Membership

---

[1]    As a courtesy to the Court and parties, the State Bar Rules are attached as Exhibit E to the Declaration of Suzanne Burke Spencer filed concurrently herewith.

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  in the [LRIS] is a privilege of an attorney, not a right." (Spencer Decl., Ex. B at 60
2  [OCBA LRIS Rules § 9.2]).

3        Plaintiff applied to the OCBA's mentoring program – a program that matches
4  volunteer attorney mentors with proteges to assist in their career development – in
5  2022.  (Dkt #96, ¶ 137).  Plaintiff executed the Mentoring Program Protégé
6  Participation Agreement on or about May 27, 2022, in which she agreed: "to fully
7  release the OCBA, including its elected and appointed officers, . . . employees, . . .
8  agents, . . . and any other persons or entities acting on its behalf, and each of them,
9  from any and all claims for injury, loss, liability, professional negligence, damages,
10  lawsuits, expenses (including, but not limited to, attorneys' fees) and any other
11  injury or liability to me or any other person acting on my behalf, in connection with
12  my participation in the Mentoring Program and I agree to waive any and all rights to
13  make any of the above claims through a lawsuit or otherwise against the OCBA and
14  the persons provided above." (Spencer Decl., Ex. F).

### III.  LEGAL ARGUMENT

#### A.    Legal Standard.

17        "To survive a motion to dismiss, a complaint must contain sufficient factual
18  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,
20  550 U.S. 544, 547 (2007)).  The standards established by *Twombly* and *Iqbal*
21  "teaches that a defendant should not be forced to undergo costly discovery unless
22  the complaint contains enough detail … to indicate that the plaintiff has a substantial
23  case." *Bissessur v. Indiana Univ. Bd. of Trustees,* 581 F.3d 599, 603 (7th Cir.
24  2009).

25        In ruling on a motion to dismiss, the Court may consider facts alleged in the
26  complaint, documents attached to the complaint, documents relied upon but not
27  attached to the complaint when authenticity is not contested, and matters of which

28

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

the Court takes judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Where such documents do not support a plaintiff's claims, the complaint may be dismissed for failure to state a claim. *See Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

## B.    The Statutory Scheme Governing Certified Lawyer Referral Services Is Contrary to Plaintiff's Claims.

California law heavily regulates, both by statute and the Rules of Professional Conduct, solicitation by and on behalf of attorneys. *See Jackson v. LegalMatch.com*, 42 Cal. App. 5th 760, 772 (2019). Such regulation prohibits so-called "ambulance chasing" and running and capping. *Id*. To balance the competing interests of the "need for the public to seek out legal representation" and the need "to protect against unprincipled [solicitation] activities," the California Legislature adopted California Business & Professions Code § 6155 to regulate lawyer referral services and ensure they "exist for the true benefit of the public." *Id*. Section 6155 prohibits all referral services that do not register with the State Bar and operate in conformity with the rules adopted by the California Supreme Court. Cal. Bus. & Prof. Code § 6155(a)(1). As part of enacting the regulatory regime, the California Legislature explicitly found that its requirements "are in the public interest and do not constitute an unlawful restraint of trade or commerce." Cal. Bus. & Prof. Code § 6155(d).

However, the gist of Plaintiff's allegations against the OCBA Defendants is that her business is not sufficiently benefitting from referrals under the program, which is premised on the notion that lawyer referral services exist ***to benefit their attorney members***. But this is not the legislative purpose of the certified lawyer referral service scheme, which is to serve ***the public*** by ensuring referrals go to qualified attorneys in the geographical area served by the service. *See* Cal. Bus. & Prof. Code § 6155(f)(1). Plaintiff's grievances about the quality and number of the

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

referrals she is receiving are fundamentally misplaced: the referrals are intended to benefit the prospective clients, not her business interests. If Plaintiff finds the referrals do not meet her business needs, she is free not to participate in the referral service, but that is no basis for a legal claim.

Permitted restrictions under section 6155 include "experience, education, and training requirements" for participating attorneys, *id*. subdiv. (d)(2), and the standards approved by the California Supreme Court, *id*., subdiv. (d)(3). By statute, the minimum standards must ensure membership is open to "attorneys practicing in the geographical area served" by the referral service. *Id*., subdiv. (f)(1).  The standards adopted by the California Supreme Court require referral services to be certified ***by county*** in which the service operates (State Bar Rule 3.801), and limits membership to attorney's practicing in that county by "maintaining a place of business" or "otherwise suitable location" in the county for performing services (State Bar Rule 3.824). The standards also require that for all subject matter panels, the attorney member "meet the experience and other substantial and objective criteria" adopted by the referral service.  State Bar Rule 3.824.

Plaintiff's allegations that LRIS improperly required her to have an office in Orange County or improperly applied its minimum qualifications for panel participation are misplaced.  Such criteria are expressly permitted, and ***required***, under section 6155 and the California Supreme Court standards.

**C.**    **The OCBA Is Immune from Plaintiff's Damages Claims.**

**1.**    **Plaintiff Released and Waived Any Claims Against the OCBA Defendants Arising From Her Involvement in the Mentoring Program.**

Although it is not quite clear what claims for relief are based on Plaintiff's allegations that the OCBA mistreated her with respect to participation in the volunteer mentoring program (Dkt #96, ¶¶ 137-143), whatever those claims could

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

be, Plaintiff has waived and released the OCBA, its officers, employees and agents from any liability arising from her participation in the program. (Spencer Decl., Ex. F at 81). To the extent any claim is based on Plaintiff's participation in the mentoring program, it should be dismissed with prejudice.

### 2. The OCBA Is Immune From Any Alleged Liability Based on Referrals Under the LRIS.

As an initial matter, California law provides that certified lawyer referral services, such as the OCBA, are immune to monetary liability "for referring any member of the public to any professional member of the society or service." Cal. Bus. & Prof. Code § 43.95(a). The OCBA is a certified lawyer referral service within the scope of the statute. (*See* Dkt #96, ¶ 256 & RJN, Exs. C & D). Plaintiff's claims against the OCBA arise from the referral of potential clients to her as a member of the OCBA LRIS. (*See, e.g.*, Dkt #96, ¶¶ 149, 152, 220, 231, 239, 282, 301, 332, & 338). Plaintiff cannot bring and monetary claims against the OCBA based on such referrals.

### D. Plaintiff Lacks Standing to Pursue Injunctive Relief as to the Operation of the OCBA LRIS.

To have Article III standing to assert a claim for injunctive relief, the threat of future injury to the Plaintiff must be "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will be wronged again in a similar way.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 416 U.S. 95, 111 (1983)). Here, Plaintiff has alleged no facts from which the Court could find that she faces an actual an imminent threat of future injury from the OCBA LRIS program.

Plaintiff does not allege that she is ***currently*** a member of the OCBA LRIS program nor does she allege that she ***wishes to be a member of the service in the***

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*future*. Nor could Plaintiff plausibly allege that she would be eligible to be a member of the service in the future. In order to participate in the OCBA LRIS, attorneys must agree to abide by the California Rules of Professional Conduct. (*See* Spencer Decl., Ex. A at 3; Ex. B at 61 [OCBA LRIS Rules § 9.1]). In "refusing to accept the representation of any client," the Rules of Professional Conduct prohibit discrimination against persons on the basis of any protected characteristic, including national origin and ethnicity. Cal. R. of Prof. Conduct 8.4.1(a). Plaintiff has expressly alleged that she wishes to discriminate against potential clients who are Armenian and that she asked Defendant LACBA not to send her referrals to Armenian clients. (Dkt #96, ¶¶ 162 & 163). In light of these admissions, Plaintiff cannot plausibly allege that she would be eligible for membership in the OCBA LRIS in the future. As such, Plaintiff has not and cannot establish Article III standing to pursue injunctive relief.

> ### E. Plaintiff's First Through Third RICO Claims Fail Because Plaintiff Has Not Specifically Alleged Fraud and Cannot Plausibly State Those Claims for Relief

Plaintiff attempts to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c) and (d). As provided in 18 U.S.C. § 1964(c): "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . .." That attempt has failed.

The "elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007).

The conclusory and lengthy allegations of the complaint fail to set forth sufficient facts to even describe what the alleged "Armenian Enterprise" is, let alone how the alleged OCBA Defendants – which have no targeted or particular ties to the Armenian community – are supposedly part of this enterprise. Nor does the complaint allege with specificity how the OCBA Defendants' alleged delivery of "fake referrals, referrals to harass her, to leave her with no business and generally to affect her business and income" or failure to make a "fair distribution of the referrals they've received," even if true, constitutes fraud. (Dkt #96, ¶¶ 220, 231, 239). Plaintiff has thus failed to satisfy the requirements of Federal Rules of Civil Procedure 8 and 9(b) and on this basis alone, the First, Second and Third Claims for Relief should be dismissed.

In addition, where a plaintiff alleges RICO claims against many defendants, "plaintiff must allege at least two predicate acts by ***each*** defendant." *In re WellPoint, Inc.,* 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011) (emphasis in original). Further, continuity is inherent in the requirement for a pattern of racketeering activity. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 237 (1989). "[T]o prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, ***and*** that they amount to or pose a threat of continued activity." *Id.* at 239 (emphasis in original). These requirements are separate. *See id.* at 242 ("*what* must be continuous, RICO's predicate acts or offenses, and the *relationship* these predicates must bear one to another, are distinct requirements" (emphasis in original)). "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* Plaintiff's RICO's claims against the OCBA Defendants fail for this additional

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1    reason.  They do not allege – even if taken as true – a pattern of continuous

2    racketeering activity that threatens long-term criminal conduct and nor could

3    Plaintiff plausibly so allege.  The RICO claims should accordingly be dismissed

4    with prejudice.

5         **F.    <u>Plaintiff's Claims Based on the Restraint of Trade Fail</u>

6              <u>as a Matter of Law</u>.

7         Plaintiff's fourth, sixth, and seventh claims for relief are predicated on the

8    OCBA LRIS being engaged in an unlawful restraint of trade by requiring Plaintiff to

9    maintain an office in Orange County and have a local Orange County phone number

10   or by imposing experience requirements on membership for subject matter panels.

11   These claims fail as a matter of law.

12        As discussed above, California law expressly requires referral services to

13   limit their operation to designated counties and to limit membership to attorneys

14   who operate in those counties by having an office or other appropriate location to

15   provide services. State Bar Rules 3.801(A) & 3.824. Similarly, the State Bar

16   requires participating referral services to adopt experience and other qualification

17   criteria for membership in subject matter panels. State Bar Rules 3.801(B), 3.823, &

18   3.824. These standards, approved by the California Supreme Court, are "in the

19   public interest and do not constitute an unlawful restraint of trade or commerce."

20   Cal. Bus. & Prof. Code § 6155(d). Accordingly, they cannot be a basis for Plaintiff's

21   antitrust and unlawful competition claims. To the contrary, the geographical

22   limitations and experience requirements about which Plaintiff complains are

23   ***required by state law*** and the State Bar Rules approved by the California Supreme

24   Court. The OCBA LRIS program, including OCBA LRIS Rule 5.1 which Plaintiff

25   seeks to enjoin, has been certified as being compliant with state law and the State

26   Bar Rules. (RJN, Ex. C at 5, Ex. D at 8). The conduct about which Plaintiff

27   complains is not unlawful.

28

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

As to the fourth claim for relief based on the Sherman Act, Plaintiff's claim further fails on the basis of *Parker* immunity and *Noerr-Pennington* doctrine. *Parker* immunity[2] protects "most state laws and actions from antitrust liability." *Sanders v. Brown*, 504 F.3d 903, 915 (9th Cir. 2007). Among the categories of state action exempt from the Sherman Act is the regulation of attorneys by a state supreme court. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 608-09 (9th Cir. 2005), *as amended on denial of reh'g,* July 21, 2005. However, *Parker* immunity also extends to non-state acts. Where a restriction of competition by a private actor is the implementation of authorized state policy, such a restriction is exempt from the Sherman Act. *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 370 (1991).

In *City of Columbia*, the United States Supreme Court considered a municipal ordinance restricting the construction of billboards that had the effect of favoring an existing billboard company to the detriment of a new billboard company. *See City of Columbia*, 499 U.S. at 368. The Court explained that state law authorized the municipality to regulate the construction of structures with the foreseeable result that competition could be restricted. *Id.* at 372-374. The restriction on billboard construction was accordingly "prima facie entitled" to state action immunity, even though the municipality itself was not a state actor. *Id.* at 374. Such allegedly anticompetitive private conduct taken pursuant to state law receives immunity where (1) the state's anticompetitive policy is "'clearly articulated and affirmatively expressed as state policy'" and (2) the conduct is "'actively supervised by the state.'" *Sanders v. Brown*, 504 F.3d at 915-916 (quoting *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980)).

---

[2] *Parker v. Brown*, 317 U.S. 341 (1943).

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Here, California law – as adopted by the Legislature and the Supreme Court – necessarily restrict the operations of the OCBA LRIS only to the county in which it is certified to operate: Orange County. *See* Bus. & Prof. Code § 6155(f)(1) (directing State Bar to adopt minimum standards for membership "in the geographical area served" by the referral service); State Bar Rules 3.801(A) (requiring referral services to specify the counties in which they operate) & 3.824 (restricting membership in referral services based on county). Indeed, the California Supreme Court's rules expressly contemplate using the physical location of an attorney's office as the touchstone for compliance with this requirement. *See* State Bar Rule 3.824. Accordingly, to the extent that limiting the scope of the OCBA LRIS to attorneys with an office in Orange County is anticompetitive, the policy behind such limitations has been clearly and affirmatively expressed by the State of California.

The same is true as to the OCBA's requirements for membership on a subject matter panel. The OCBA is ***affirmatively required*** to adopt qualification standards for subject matter panels, *see* Rule 3.824; Bus. & Prof. Code § 6155(f)(1) (directing the State Bar to adopt rules for panel membership for attorneys who "are qualified by virtue of suitable experience"), and such standards are expressly authorized by Bus. & Prof. Code § 6155(d)(2) as not being an unlawful restraint of trade.

Moreover, the OCBA's operation of the LRIS is actively supervised by the state. The State Bar, acting at the direction of the Supreme Court, has reviewed and approved the OCBA LRIS's rules, including both its geographic rules and panel membership criteria, as being in compliance with the state's regulatory regime. (RJN, Ex. C at 5, Ex. D at 8). Indeed, Plaintiff availed herself of the opportunity to file a complaint with the State Bar about the operation of the OCBA LRIS, and the State Bar found no violation. (Dkt #96, ¶ 151). As such, the OCBA LRIS is entitled to immunity for operating within the requirements of state law.

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Alternatively, the OCBA Defendants are immune under *Noerr-Pennington* doctrine, which immunizes private actors engaged in the petitioning of the government even if the subjective intention of the petitioners is anti-competitive. *See Sanders*, 504 F.3d at 912; *City of Columbia*, 499 U.S. at 383-384 (companies lobbying municipality for anticompetitive restrictions on billboards had immunity under *Noerr-Pennington* doctrine). In *Sanders*, the Ninth Circuit considered claims that the master settlement agreement entered between tobacco companies and 46 states established an anti-competitive price-fixing scheme in violation of state and federal anti-trust laws. *Id*. at 906. The court held that negotiating the settlement agreement, seeking approval of the settlement by the California courts, and ***acting according to the terms*** of the settlement were all immune from antitrust liability. *Id*. at 912 & 914. So, too here. The OCBA LRIS application to the California State Bar for permission to operate a lawyer referral service is classic petitioning activity that is entitled to immunity. As in *Sanders*, operating under the terms of the State Bar's certification of the lawyer referral service cannot give rise to antitrust liability.

Finally, as Plaintiff has acknowledged in other filings (*see* Dkt. #73:14-27), conduct that is "as consistent with permissible conduct as with an illegal conspiracy" does not support an inference of an antirust conspiracy. *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2nd Cir. 1987) (requiring a plaintiff to present "evidence [beyond mere parallel conduct] that reasonably tends to prove that the defendants had a conscious commitment to a common scheme designed to achieve an unlawful objective"). As explained above, all of the alleged conduct of the OCBA Defendants is permissible under or required by California's regulatory regime. Accordingly, mere allegations that other referral organizations also engaged in similar conduct cannot plausibly plead a claim for an antitrust conspiracy. It should be wholly unsurprising that referral organizations operating under a common regulatory regime would engage in similar conduct consistent with that regime.

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Accordingly, there is no appropriate inference of an antitrust conspiracy to be drawn from Plaintiff's allegations.

The Plaintiff's fourth, sixth, and seventh claims for relief should be dismissed with prejudice.

### G. **Plaintiff's Discrimination Claims Likewise Fail**.

#### 1. **Plaintiff's Fifth Claim for Relief Fails Because the OCBA's Referral Service is Not a Place of Public Accommodation.**

Plaintiff's fifth claim for relief alleges that she was denied access to the OCBA lawyer referral service on the basis of her ethnicity, national origin, or religious views in violation of 42 U.S.C. § 2000a. This statute "prohibits discrimination *in places of public accommodation*," such as hotels, restaurants, and gas stations. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 753 (9th Cir. 1994) (emphasis added). The statute only provides a remedy for "discrimination occurring in facilities or establishments open to the public." *Id*. at 755. Simply put, the defendant must be a "place" or operate a physical "place."  Organizations only fall within the scope of the statute when "entry into a facility open to the public is dependent on membership in the organization governing the facility." *Id*. at 755. "When an organization is unconnected to entry into a public place or facility, the plain language of Title II makes the statute inapplicable." *Id*. at 756. Here, Plaintiff has not alleged and cannot plausibly allege that the OCBA Defendants operate any public place or facility open to the public. Rather, the OCBA LRIS is a lawyer referral *service*.  Mere operation of a service, without a physical facility or establishment open to the public, is insufficient to trigger Title II's protections. This claim for relief should be dismissed with prejudice.

**2.    Plaintiff Has Not Plausibly Alleged a Discriminatory Intent on the Part of the OCBA Defendants.**

Both Plaintiff's fifth and eighth claims for relief require the Plaintiff to plead and prove a discriminatory intent on the part of the OCBA Defendants. "A plaintiff alleging a violation of Section 2000a must allege . . . facts which demonstrate discriminatory intent." *Coward v. Town and Village of Harrison*, 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009); *see also Hardie v. Nat. Collegiate Athletic Ass'n*, 97 F. Supp. 3d 1163, 1169 (S.D. Cal. 2015) (requiring proof of discriminatory intent because disparate impact claims do not lie under 42 U.S.C. § 2000a). Similarly, a violation of Cal. Civ. Code § 52 – when not premised on a violation of the Americans with Disabilities Act – requires a plaintiff to "plead and prove intentional discrimination." *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991) (superseded by statute on other grounds as stated in *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 672 (2009)).

Here, the only allegations to support any claims for intentional discrimination by the OCBA Defendants are that they "joined DEFENDANTS ANCA and ANCAWR in their persecution of PLAINTIFF because of her ethnicity, national origin, religion, political views[3] and etc." (Dkt #96 at 54:25-28; *see also* Dkt #12, ¶¶ 267 & 288). These vague and conclusory allegations, unsupported by any factual allegations showing any agreement or coordinated action between the OCBA Defendants and ANCA or ANCAWR, are implausible and insufficient to state a claim for intentional discrimination. These claims should be dismissed with prejudice.

---

[3]    Of course, persons holding differing political views do not constitute a protected category under either 42 U.S.C. § 2000a or Cal. Civ. Code § 51.

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**H.    Plaintiff Has Not Plausibly Pled a Harassment Claim.**

Plaintiff's Ninth Claim for Relief for harassment in violation of California Code of Civil Procedure § 527.6 fails.  The elements of such a claim are: "(1) a knowing and willful course of conduct entailing a pattern of a series of acts over a period of time, however short, evidencing a continuity of purpose; (2) directed at a specific person; (3) which seriously alarms, annoys, or harasses the person; (4) which serves no legitimate purpose; (5) which would cause a reasonable person to suffer substantial emotional distress and actually causes substantial emotional distress to the plaintiff; and (6) which is not a constitutionally protected activity." *Schild v. Rubin*, 232 Cal. App. 3d 755, 762 (1991) (internal quotation marks omitted). As to the OCBA Defendants, the only allegation of harassment is that they "sen[t] [Plaintiff] referrals she continuously asked not to send her, sending her the referrals not in her practice." (Dkt #96, ¶ 301; *see also* Dkt #96 at 36:7-9).[4] This allegation, even if true, is insufficient to sufficiently plead the elements of harassment.

Plaintiff contracted with the OCBA LRIS to receive referrals under terms which *require* Plaintiff to consult with any person referred to her through the system. (Spencer Decl., Ex. B, §§ 6.3 & 6.4). Having joined the OCBA LRIS in order to receive referrals, Plaintiff cannot now allege that she was harassed by having the referrals sent to her. The referrals were sent "for a legitimate purpose," i.e., making the referrals provided for under the LRIS rules. Moreover, under the facts present here, it is not plausible that 12 referrals over the course of a year, even if annoying or offensive, would have caused a reasonable attorney to suffer "intense, enduring and nontrivial emotional distress." *See Hansen v. Volkov*, 96 Cal. App. 5th

---

[4]    Plaintiff also alleges that all Defendants "suspend[ed] her membership while she was an active member of the bar." (Dkt #96, ¶ 301). However, elsewhere Plaintiff alleges only that LACBA suspended her. (*See* Dkt #96, ¶ 168).

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

94, 106 (2023) (offensive and annoying interaction with opposing counsel did not cause substantial emotion distress to an experienced family law attorney). Indeed, Plaintiff has alleged no facts to demonstrate that she in fact suffered such severe emotional distress.

Simply put: Plaintiff is dissatisfied with the ***quality*** of the referrals she received. (*See* Dkt #12 at 35:17-20). However, certified lawyer referral services exist to benefit the public by meeting their need to locate attorneys, *see Jackson*, 42 Cal. App. 5th at 772, not to benefit attorneys by guaranteeing high-quality leads. Plaintiff does not and cannot plausibly allege that the OCBA Defendants ***knew*** the prospective clients would not retain Plaintiff or that they would be, as alleged, verbally abusive to her; nor could the OCBA Defendants be reasonably expected to know those things. If Plaintiff was dissatisfied with the quality of the referrals, and found participation in the service to not be worth her time, she was free to resign from the service at any time. She cannot articulate a harassment claim based on her receipt of referrals ***she requested*** – indeed, to the contrary, Plaintiff complained she was not receiving enough of them! (Dkt #96, ¶ 149). Plaintiff has not, and cannot, plausibly allege that the OCBA Defendants harassed her in connection with the referrals she received.

**I.      Plaintiff Has Not Plausibly Pled Emotional Distress.**

**1.      The Eleventh Claim for Relief for Intentional Infliction of Emotional Distress Fails.**

The elements of the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Fletcher v. Western National Life Ins. Co.,* 10 Cal. App. 3d 376, 394

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(1970). To qualify as "outrageous" for purposes of this tort, the "conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Melorich Builders, Inc. v. Superior Court*, 160 Cal. App. 3d 931, 936 (1984).

To the extent it can be discerned from the lengthy complaint, even if taken as true, the alleged conduct upon which Plaintiff's claims against the OCBA Defendants is based does not satisfy this heavy burden. Even if it is true that the OCBA did not give Plaintiff the number or quality of referrals she expected to receive under the LRIS – a service provided for the benefit of the public, not lawyers – that conduct would hardly rise to the level of extreme and outrageous. Moreover, Plaintiff fails to allege how any alleged conduct by the OCBA Defendants proximately caused her serious emotional distress. This Eleventh Claim for Relief should accordingly be dismissed with prejudice.

> **2.      The Twelfth Claim for Relief for Negligent Infliction of Emotional Distress Fails Because the OCBA Defendants Owed No Duty to Plaintiff.**

In California, there is no cognizable independent action for negligent infliction of emotional distress; rather, the claim is one for ordinary negligence. Because, however, there is no general duty to prevent emotional distress, the tort must be based on breach of some other duty to the plaintiff. "[N]egligent infliction of emotional distress is an extremely narrow tort in which the defendant must breach a legal duty which causes severe, substantial, and enduring emotional distress." *Dymits v. State St. Bank & Tr. Co.*, No. C-94-4144-CAL, 1995 WL 494596, at *2 (N.D. Cal. Aug. 8, 1995), *aff'd*, 89 F.3d 845 (9th Cir. 1996) (citing *Nally v. Grace Community Church,* 47 Cal. 3d 253 (1988), *cert. denied,* 490 U.S. 1007 (1989); *Twaite v. Allstate Insurance Co.,* 216 Cal. App. 3d 239 (1989)). "Serious emotional

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

distress is an essential element of a cause of action for negligent infliction of emotional distress." *Kelly v. General Tel. Co.*, 136 Cal. App. 3d 278 (1982).

Plaintiff here cannot state a claim for negligence as a matter of law because the OCBA Defendants owed her no legal duty to provide referrals – whether qualified or not – and no duty to assist Plaintiff in building her law practice. *Marlene F. v. Alliance Psychiatric Medical Clinic, Inc*, 48 Cal. 3d 583, 588 (1989) (whether a defendant owes a duty of care is a question of law). The Twelfth Claim for Relief against the OCBA Defendants should accordingly be dismissed with prejudice.

**J.     Plaintiff Cannot Plausibly Allege Any Claims Against Defendants Levindofske and Vuki**

Plaintiff has not alleged any basis for individual liability of Defendant Trudy Levindofske – the former CEO of the OCBA – or Teresa Vuki – an employee of the OCBA. All of the claims asserted against them should accordingly be dismissed with prejudice.

## IV.  CONCLUSION

For all of the forgoing reasons, Plaintiff's Second Amended Complaint should be dismissed against the OCBA Defendants without leave to amend.

DATED:  November 25, 2024          Respectfully submitted,

SALL SPENCER CALLAS & KRUEGER
A Professional Corporation

By: _____
            Suzanne Burke Spencer

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION,
TRUDY LEVINDOFSKE and TERESA VUKI

**OCBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**