# EXHIBIT D

**Los Angeles County Bar Association**
**Lawyer Referral Service**

**RULES OF OPERATION**

**Adopted May 22, 2024**

**RULE 1. Statement of Purpose and Organization**

1.1 <u>Purpose of the Service</u>:

(a)  Provide referrals to qualified attorneys taking into consideration the type and complexity of the legal problem presented, and a person's financial circumstances, spoken language, and geographical convenience;
(b)  Provide general information about lawyers and the availability of legal services that will aid the selection of a lawyer;
(c)  Inform the public when and where to seek legal services;
(d)  Provide legal and general information as well as referrals to consumer, government, and other agencies when such is in the best interests of the individual concerned.

1.2 <u>Public Service Programs</u>. The Service is operated as a public service and exists primarily for the benefit of the public.

In addition to providing referrals to private attorneys, the Service shall provide information about reduced fee and pro bono legal services and may establish such additional programs as are necessary and appropriate.

1.3 <u>Subject Matter Panels</u>. The Service shall maintain such number and variety of subject matter and specialty panels as are necessary to effectively and efficiently serve Client needs.

1.4 <u>Director</u>. The Service shall hire a Director to manage and direct the Service. The Director shall have substantial exposure to the legal profession and a background and skill set in business, marketing and technology as these skill sets pertain to the Service.

1.5 <u>Advisory Committee</u>. The President of LACBA shall annually appoint an LRS Committee of at least ten members, of which no more than 50% may be Registrants. The members of the LRS Committee shall be active members of the State Bar of California and LACBA, or judges sitting in Los Angeles County who are members of the Association, and shall serve for a term of one year. Members in good standing may be reappointed for successive term. Advisory Committee members who are also panel members must be in good standing with the Service. The LRS Committee shall meet at least quarterly at duly noticed dates, times and places. Five (5) members of the LRS Committee shall constitute a quorum for the conduct of business at any meeting of the LRS Committee. The duties and responsibilities of the LRS Committee shall be:

(a)  To oversee the administration of the Service, including the establishment of a fee structure for the Service. All decisions shall be subject to review by the Board of Trustees at the discretion of the Board;
(b)  To review, at its discretion, the operation of and public response to the Service; and
(c)  To review, at least annually, the operating records kept by the Service as required by the State Bar of California Minimum Standards for a Lawyer Referral Service in California.

1.6 Qualifications Subcommittee. The Chair of the LRS Committee shall appoint a Qualifications Subcommittee consisting of at least three (3) members who may sit in panels of two (2) members.

**RULE 2. Definition of Terms**

2.1 "Board of Trustees" refers to the Board of Trustees of LACBA.

2.2 "Client" refers to each person who contacts the Service for information and/or Referral to a lawyer.

2.3 "Hold" refers to a membership status type that, for a limited time, temporarily removes the member from Referral rotation pending the resolution of an outstanding matter, but has no other material significance.

2.4 "Initial Consultation" refers to any Referral resulting in a telephonic or in-person communication between the Client and the Registrant and shall be treated as a Referral for purposes of Referral rotation.

2.5 "LACBA" refers to the Los Angeles County Bar Association.

2.6 "LRS Committee" refers to the LRS Advisory Committee of LACBA.

2.7 "Mediation and Arbitration Committee" refers to the Attorney-Client Mediation and Arbitration Services Committee of the Association.

2.8 "Qualifications Subcommittee" refers to the Qualifications Subcommittee of the LRS Committee.

2.9 "Re-applicant" refers to a Registrant who was previously a member of the Service and who either resigned or was removed from the Service.

2.10 "Registrant" refers to each lawyer who has applied for registration or whose name is registered on a subject matter panel.

2.11 "Referral" refers to the referral of a Client to a Registrant on the Service.

2.12 "Service" refers to the Lawyer Referral and Information Service (LRS) of LACBA.

2.13 "Suspend" or "Suspension" refers to a membership status type where the member is not in Referral rotation due to a rules violation and other rules related to suspension apply.

**RULE 3. Membership Requirements**

3.1 Governing Rules. Each Registrant shall agree electronically to be bound by:

(a) The Service's current Rules and Program Descriptions;
(b) Such changes in the Rules and Program Descriptions as shall be made from time to time, upon notice to the Registrant by email and/or facsimile, addressed to the Registrant at the last address or number provided by the Registrant to the Service. Continued membership in the Service, after notice by the means described above, will constitute the Registrant's agreement to the change; and
(c) Any requirements of the State Bar of California as set forth in the Minimum Standards for a Lawyer

Referral Service in California as amended from time to time necessary to assist the Service in its compliance.

3.2 <u>Disclosure of Information</u>. Each Registrant shall agree electronically to:

(a)   Allow the information contained in the application to be furnished to persons who seek information from and/or Referral through the Service.
(b)   Provide the Service, in a timely manner, any information requested by the Service regarding a client complaint, percentage fees or other financial reconciliation, (e.g., settlement agreement, disbursement documents, settlement checks, retainers, invoices and billings, if applicable.) or the status of any matter referred to the Registrant by the Service.
(c)   Authorize the Service to contact any Client referred to the Registrant by the Service in order to obtain information regarding the Referral.
(d)   Disclose to the Service, pursuant to California Civil Code Section 43.95, the nature of any pending or completed disciplinary proceeding or any disciplinary action taken by the State Bar of California or by the lawyer licensing agency of any other state. Each Registrant shall have an affirmative duty to disclose any such pending or completed disciplinary proceeding or action within fifteen (15) days notice thereof.
(e)   Allow the Service to communicate with Registrant electronically.
(f)   Accept that all calls to and from the Service are recorded.
(g)   Provide and update the Service with accurate and up to date direct contact information, including address, phone number and email information within five business days of any such change.

3.3 <u>Certification of Eligibility</u>. Each Registrant shall certify electronically that such Registrant:

(a)   Is a member in good standing of the State Bar of California.
(b)   Regularly practices and maintains an office for such practice in the County of Los Angeles.
(c)   Has met the qualifications standards for all panels and subpanels for which the Registrant has applied and/or of which the Registrant is currently a member.

3.4 <u>Insurance</u>. Each Registrant shall agree electronically to:

(a)   Maintain in force, while a member of the Service, a policy of insurance which covers professional errors and omissions in the minimum amount of $100,000 per act with a $300,000 annual aggregate.
(b)   Provide the Service with evidence of such coverage by submitting a copy of the face sheet thereof each year.
(c)   Immediately notify the Service of any change in or cancellation of the required coverage.

3.5 <u>Annual Registration Fees</u>. Each Registrant who is a member of LACBA shall remit an annual registration fee in an amount set by Service staff in consultation with the LRS Committee; such fee is currently set at $200, plus an additional $50 fee for each major panel in excess of three. Each Registrant who is not a member of LACBA shall remit an annual registration fee in an amount set by Service staff in consultation with the LRS Committee; such amount is currently set at $550, plus an additional $50 fee for each major panel in excess of three. Under no circumstances are annual registration fees refundable.

3.6 <u>Percentage Fees</u>. Registrant shall pay to the Service percentage fees, in accordance with current established fee schedules in the amount of 15%, based on the total attorneys' fees received by the Registrant, partners, contract attorneys associated with the case, associates, or by any attorney to whom the matter has been transferred, with or without the consent of the Service.

3

Percentage fees shall be based on the total attorneys' fees that arise out of the subject matter of the original Referral or out of any matter raised in the initial consultation. Registrant shall not increase, either directly or indirectly, the cost of total attorneys' fees charged to any Client referred by the Service, to cover fees Registrant owes to the Service. Registrant shall pay to the Service percentage fees described in these rules regardless of any attorneys' fees expended to collect such percentage fees.

3.7 <u>General Fee Requirements</u>. Each Registrant shall agree electronically to:

(a) Remit all fees due to the Service within thirty-one days of collection by the Registrant.
(b) Hold in trust that portion of all fees collected by the Registrant which are due the Service pursuant to the current Rules and Program Descriptions.
(c) Submit any fee dispute with a Client referred by the Service to binding arbitration, if the client so elects.
(d) Be personally responsible for all reports and fees due the Service related to any Client referred by the Service and all matters discussed at the Initial Consultation, whether or not the matters fit within the specific category of Referral made by the Service.
(e) Pay interest at the rate of 10% per annum on all amounts past due and owed to the Service.
(f) Pay an administrative fee of $50 for each payment made outside of the LRS electronic system. If a check payment is returned due to NSF status or a chargeback is made on a credit card payment, the Registrant will be liable for any fees and costs involved in the recovery of funds.
(g) Report to the Service truthfully, without misrepresenting or omitting material facts.
(h) If the Registrant has a history of 3 or more returned items, the Registrant will be required to make all future payments in the form of certified funds.
(i) Close cases when no procedural or presently known or pending legal services will be rendered.
(j) Assume the burden of proof in reporting on financial matters related to any Referral.
(k) Provide documents that may include, but are not limited to, court related documents, finance related documents, correspondence, a combination of these types of documents and/or any other documents that accurately reconcile the amount of percentage fees to be paid.

3.8 <u>Indemnification and Attorneys' Fees for Enforcement of Rules</u>. Each Registrant shall agree electronically to:

(a) Indemnify and hold harmless the LRS Committee, the Service, LACBA, and all of their officers, directors, members, employees, and volunteers from any and all loss, expense and liability including the cost of defense and reasonable attorneys' fees which may arise from or be related to the Registrant's participation in the Service.
(b) Pay the Service reasonable attorneys' fees and costs in any action or proceeding brought to enforce any provision of these Rules.
(c) Submit to binding arbitration to resolve disputes between the Lawyer Referral Service and the Lawyer Referral Service member. Such arbitration shall be administered by the LACBA Attorney-Client Mediation and Arbitration Program or any other arbitrator mutually agreed upon by the parties. If an arbitrator other than ACMAS is used, the parties will share filing fee costs in equal parts. The arbitration award shall award reasonable attorneys' fees to the prevailing party.

**RULE 4. Registrant Records**

4.1 <u>Information Regularly Furnished to Service</u>. Each Registrant is required to furnish the Service with current information regarding the status of each referred matter at the time the status of any case changes, the total fee paid by all clients at the time such fees are paid, and such additional information as may become necessary. Each Registrant is required to create and maintain accurate records which allow the Registrant to report properly to the Service, including documents reconciling attorneys' fees paid to the Registrant.

4.2 <u>Audit by Service</u>. All Registrants shall make available for audit upon request of the Service all office files, records, accounts, ledgers, and other records related to the Service or any matter referred by the Service.

4.3 <u>Service Files</u>. A file for each Registrant shall be maintained at the office of the Service.

**RULE 5. Referral Procedures**

5.1 <u>Service Procedures</u>. The following Referral procedures shall be employed by the Service:

(a) All prospective clients shall be referred to a Registrant on a rotation basis;

(b) If a Registrant declines to make an appointment for an Initial Consultation with a Client during office hours at a time satisfactory to the Client (who may insist upon an appointment within three (3) business days following the call), the declination shall be treated as a Referral for purposes of Referral rotation;

(c) All Referrals shall be made without regard to race, color, age, religion, national origin, gender, sexual orientation, or disability;

(d) In-house legal advice shall be given only by attorneys duly licensed to practice law in the State of California.

5.2 <u>Registrant Handling of Referrals</u>. Each Registrant agrees to employ the following Referral procedures:

(a) Limiting consultation to twenty minutes provide reasonable time and opportunity for both attorneys and clients to consider a client-lawyer relationship;

(b) Promptly notify the Service and refer back to the Service any Client who will not be personally represented by the Registrant (or by an attorney acting under the Registrant's direct supervision) or with whom a conflict of interest exists (which must be determined at the outset of the Referral);

(c) Discuss with the Client in advance any compensation for additional time or services beyond the one-half hour Initial Consultation. Any additional services to be performed for or fees to be charged to the Client must be clearly discussed and understood between the Registrant and the Client, including whether retained attorney may, in certain instances, use employees or co-counsel to attend routine hearings or address other non-substantive or routine tasks related to the client's case. It is recommended that a written fee agreement, outlining the work to be performed and the basis for the fee, be signed by the Client before the Client is charged any fees. Except as otherwise provided by law, the failure to have a written fee agreement 1) shall be an absolute defense for the Client to any action by the Registrant for compensation for any extension of the initial consultation beyond one-half hour, and 2) shall raise a rebuttable presumption that the Client did not agree to hire the Registrant for any services beyond the initial consultation and that the Registrant is not entitled to any fees;

(d) Personally perform the legal services required on behalf of a Client referred by the Service, or

5

directly supervise and be responsible for the quality of services performed by an attorney working under the Registrant's direct supervision;

(e)  Handle a Client referred by the Service without regard to the Client's race, color, age, religion, national origin, gender, sexual orientation, or disability, and with the same courtesy and diligence as is shown to non-Service clients; and

(f)  Accept as appropriate for the Initial Consultation the decision of the Service as to which Registrant, panel or subpanel a Client is to be referred.

(g)  Not refer a client who needs ancillary services to another attorney that happens to provide such services. If the client retained the re-referred attorney, the Registrant will be responsible for the quality of services performed, and all percentage fees and reports due to the service in relation to the re-referred attorney's representation of the client.

(h)  Respond to any electronically sent rules violation notice within ten (10) calendar days of the notice date unless other arrangements are made.

5.3 Exception to Rule 5.2.

(a)  If after undertaking representation of a Client referred by the Service, a Registrant determines in good faith that the Client's best interest would be served by referring the matter to or associating a particular attorney having special expertise in a relevant field, the Registrant must consult with the Service before associating or retaining such counsel, attempt to identify with the Service another Registrant who has the requisite expertise and who is willing and able to accept the representation, and, if acceptable to the Registrant and Client, associate or retain such other Registrant. If the Registrant and Service are unable to identify any other qualified Registrant acceptable to the Registrant and the Client, the Registrant and the Client shall be entitled to refer the matter to or associate other counsel of their choice, provided that such other counsel meets all requirements of the State Bar's Minimum Standards and these Rules. Registrant shall continue to be responsible for all reports due, information required, and percentage fees owed the Service based on Registrant's share of all fees actually collected. Registrant shall exercise reasonable diligence to obtain from other counsel written agreement to be governed and bound by these Rules, including the duty to pay the percentage fee due the Service on the new counsel's share of all fees actually collected, and shall notify the Service of the new counsel's name, address, and the fee arrangements made.

(b)  The Business panel is an exception to 5.2 (a), which requires a free consultation, up to 20 minutes. Panel members will have the option to charge $100 as a consultation fee.  Panel members will administrate the consultation fee. For reporting and percentage fees, consultation fee shall be construed as attorneys' fees and subject to percentage fees. The panel shall maintain at least three panel members in each county that do not charge a consultation fee. First-in-time will be applied to the opt in policy.

5.4  Additional Fees Assessed by the Qualifications Subcommittee. The Qualifications Subcommittee shall, after considering all relevant circumstances, be authorized to assess the Registrant an additional fee, which shall be reasonable and appropriate, and shall not exceed the Service's percentage share of the fees collected by all counsel participating in representation of the Client on the matter, or 30% of the fees actually collected by the Registrant, whichever is smaller. In determining whether to assess such an additional fee or the amount thereof, the Qualifications Subcommittee shall consider, inter alia:

(a)  The justification for the Referral;

(b)  The amount of the fees lost to the Service by virtue of the Referral;

(c)  The amount collected by the Registrant; and

(d)  The amount of work performed by the Registrant.

The Registrant shall have the right to make a written or oral statement to the Qualifications Subcommittee before assessment of any such additional fee, and shall be notified in writing of the Qualifications Subcommittee's decision. The Registrant shall have the right to appeal the decision of the Qualifications Subcommittee regarding the assessment of such additional fees to the LRS Committee in accordance with appeals procedures set forth in Rules 7.8 and 7.9.

5.5 Violations of Rule 5. If a Registrant refers a matter to or associates new counsel in violation of these Rules, the Registrant shall continue to be responsible for the quality of the services performed, and all fees and reports due the Service, as if the Registrant had performed these services.

5.6 Web Referrals. Any Registrant with State Bar discipline of any kind will not receive web-based Referrals from the Service.

**RULE 6. Membership Application Procedures**

6.1 Application Forms. Application for membership on the Service shall be made electronically on forms provided by the Service and approved by the LRS Committee.

6.2 General Eligibility. Membership on the Service is limited to active members of the State Bar of California in good standing, who regularly practice and maintain an office in any county the Service is certified to operate in, who maintain an email account and facsimile number, who agree electronically to be bound by the Rules of the Service, and who maintain in force, while a member of the Service, a policy of insurance which covers professional errors and omissions in the minimum amount of $100,000 per act with a $300,000 annual aggregate. Membership on the Service may not be made contingent upon membership in LACBA; however, a reasonable separate charge may be made to non-members of the Association.

6.3 Re-applicants. Re-applicants shall be required to correct any delinquencies concerning their membership records before their application for new membership is considered by the Qualifications Subcommittee. Each Re-applicant must also submit a written statement describing the reason(s) for seeking reapplication. A Re-applicant who was previously removed from the Service shall submit a written explanation of whether and how such Re-applicant has corrected any unresolved delinquencies related to the prior membership.

6.4 Complete Applications. Registrants shall not be considered for membership until their application is complete, as determined by the Service.

6.5 Committee Members as Registrants. Members of the LRS Committee are eligible to register on Referral panels during the period of their service on the LRS Committee; provided, however, that no staff person making Referrals shall be a member of any Referral panel.

6.6 Applicable Time Periods for Review of Applications.

(a) Each completed application shall be approved or disapproved within one hundred (100) days of filing, except as described in subsection (b).
(b) The hundred (100) days limitation may be extended by the Registrant's consent or by the Registrant's request for review by the Qualifications Subcommittee or the LRS Committee.
(c) Within forty-five (45) days of receipt of a completed application, the Qualifications Subcommittee shall determine whether the Registrant has demonstrated substantial compliance by showing equivalent minimum experience or other equivalent qualifications.
(d) An appeal to the LRS Committee shall be granted or denied within forty-five (45) days of receipt of

the written notice of appeal unless time is extended with the Registrant's consent.

6.7 <u>Staff Review</u>. A Registrant's completed written application shall be initially reviewed by the staff of the Service to determine compliance with all general eligibility rules and qualifications for a particular panel. As to a Registrant who has never before been a member of the Service:

   (a)  The staff of the Service determines that there is compliance with all general eligibility rules and qualifications for a particular panel, the Registrant shall be accepted as a member of the Service;
   (b)  If the staff determines that there is compliance with the general eligibility rules but there is a lack of full or partial compliance with the qualification requirements of a particular panel, the Registrant's application shall be referred to the Qualifications Subcommittee. Regarding Re-applicants, post –removal, LRS staff will determine if Re-applicants are eligible for membership based on qualifications at the time of re-application, prior history with the LRS, and outstanding matters with the LRS.

6.8 <u>Qualifications Subcommittee Review</u>. The Qualifications Subcommittee may ask the Registrant to furnish additional information orally or in writing, or both, relevant to the Registrant's qualifications for a particular panel and may seek further substantiation and independent verification of any response by the Registrant. In reviewing the application of a Re-applicant, the Qualifications Subcommittee shall consider, inter alia:

   (a)  The reason(s) the Re-applicant was removed or resigned;
   (b)  The reason(s) given by the Re-applicant for any delinquency related to prior membership;
   (c)  Whether the conduct creating a delinquency is likely to be repeated by the Re-applicant;
   (d)  The length of time between removal/resignation and application for reinstatement;
   (e)  Records of the Service relating to legal services performed by the Re-applicant for clients; and
   (f)  Any other relevant, trustworthy information brought to the attention of the Qualifications Subcommittee.
   (g)  Reasonable suspicion that a rule of operation has been violated.

6.9 <u>Written Notice of Appeal</u>. A Registrant may appeal the decision of the Qualifications Subcommittee by filing written notice of appeal to the LRS Committee within ten (10) days of receipt of a written decision from the Qualifications Subcommittee.

6.10 <u>Review by the LRS Committee</u>.

   (a)  The vote of the majority of the LRS Committee members present and voting shall be required to overrule the findings of the Qualifications Subcommittee.
   (b)  Members of the Qualifications Subcommittee may not vote but may otherwise participate in the appeal.

6.11 <u>Confidentiality</u>. All communications, deliberations, and records of the Qualifications Subcommittee's qualifications review activities and the Committee's appellate activities shall be Confidential.

**RULE 7. Suspension and Removal**

7.1 <u>Automatic Suspension</u>. A Registrant shall automatically be withdrawn from rotation and may be suspended from the Service in the following circumstances:

(a)  The Registrant has been suspended, disbarred or has resigned from the State Bar of California;

(b)  Annual registration fees, percentage fees, or administrative fees become more than sixty (60) days past due;

(c)  Reports and forms due the Service, including all requested information and all fees owed, are more than sixty (60) days past due;

(d)  The Registrant fails to submit a copy of the face sheet of the Registrant's errors and omissions insurance policy within the time period required upon notice from the Service.

7.2 <u>Hold or Suspension for Good Cause</u>. Any Registrant may be put on hold or suspended from the Service by the Director, for good cause, which includes, but is not limited to, the following:

(a)  Indictment on or conviction of a criminal charge involving moral turpitude;

(b)  Falsification of any material statement made to qualify for the Service or made in any report required by the Service;

(c)  Failure to permit the Service to inspect the Registrant's records pursuant to these Rules;

(d)  Failure to maintain eligibility and qualifications under these Rules;

(e)  Failure to handle Service cases with professional competence and diligence;

(f)  Failure to comply with the State Bar Act or the Rules of Professional Conduct;

(g)  Charging fees to clients referred by the Service which are in excess of fees authorized by law;

(h)  Repeated abusive conduct to Service clients and/or staff;

(i)  Failure to comply with the Rules of the Service.

(j)  Failure to make contact due to unreported vacation status, bounced email, or non-working phone number. The Service will make the best effort to communicate with the Registrant, including using the contact information listed on the State Bar of California's website.

7.3 <u>Alternative to Suspension</u>. As an alternative to suspension in the case of Registrants who have before the Committee, or a subcommittee thereof, to rectify specific problems identified in one or more complaints received from client(s) referred to the Registrant, the Committee, or a subcommittee thereof, may develop a Remedial Action Plan ("Plan") as a requirement for continued membership on the Service. If the Registrant does not comply with the Plan within the time specified in the Plan, the Chair of the LRS Committee, or the Director, may proceed to suspend the Registrant.

7.4 <u>Notice of Hold or Suspension</u>. If a Registrant is placed on hold or suspended from the Service pursuant to Rules 7.1-7.3 above, the Registrant shall be notified, using the Registrant's last registered email address, in writing within five (5) working days of the action, such notification to include the reasons for the action.

7.5 <u>Reinstatement from Rule 7.1 (b, (c)) or (d) Suspension</u>. Any Registrant who has been suspended from the Service pursuant to Rules 7.1 (b), (c) or (d) above, may be reinstated on the Service after payment of all fees and submission of all required materials. The Chair of the LRS Committee, or the Director, may deny the Registrant's request for reinstatement and elect to continue the suspension after providing the Registrant with written notice thereof. Any such continuance of suspension may be appealed pursuant to these Rules.

7.6 <u>Notice of Appeal from Suspension</u>. A Registrant may appeal a suspension by providing written notice to the Service within thirty (30) days of written notice from the Service.

7.7 <u>Automatic Removal</u>.

(a) If the Registrant fails to appeal any suspension pursuant to these Rules, the Registrant shall be removed from the Service.

(b) Any Registrant who is suspended pursuant to these Rules at least three times within a two (2) year period shall automatically be removed from the Service.

7.8 Qualifications Subcommittee Review.

(a) Upon the timely filing of a notice of appeal, the matter shall be referred to the Qualifications Subcommittee or a decision as to whether the Registrant shall be removed from the Service.

(b) A Registrant who has filed a timely notice of appeal shall be given the opportunity to make a written or oral response to the Qualifications Subcommittee.

(c) The Qualifications Subcommittee shall render a written decision in any such matter within forty-five (45) days of the Registrant's filing of a notice of appeal, unless time is extended with the Registrant's consent.

7.9 Appeal to LRS Committee. A Registrant may appeal the decision of the Qualifications Subcommittee by filing written notice of appeal to the LRS Committee within ten (10) days of receipt of a written decision from the Qualifications Subcommittee.

7.10 LRS Committee Review.

(a) All appeals from the Qualifications Subcommittee shall be reviewed and decided by the LRS Committee.

(b) The vote of the majority of the LRS Committee members present and voting shall be required to overrule the findings of the Qualifications Subcommittee.

(c) of the Qualifications Subcommittee may not vote but may otherwise participate in the appeal process.

(d) The appeal shall be granted or denied within forty-five (45) days of receipt of the notice of appeal unless time is extended with the Registrant's consent.

7.11 Additional Rules. The Qualifications Subcommittee shall have the authority to implement additional rules and procedures necessary to carry out the intent of these Rules.

7.12 Confidentiality. All communications, deliberations, and records of the Qualifications Subcommittee's qualifications review activities and the LRIS Committee's appellate activities shall be confidential; provided, however, that the Service may report to the State Bar of California any violation by a Registrant of these Rules, or any possible violation of the State Bar Act or the Rules of Professional Conduct.

**RULE 8. Amendment**

8.1 Amendment Permitted. These Rules may be amended from time to time by a majority vote of the LRS Committee, subject to ratification by the Board of Trustees.

8.2 Distribution to Registrants Required. Any amendment to these Rules shall, following adoption, be distributed to all Registrants who shall be bound thereby.