Dick A. Semerdjian (SBN 123630)
Chad M. Thurston (SBN 339151)
**Schwartz Semerdjian Cauley Schena & Bush LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email:     das@sscelaw.com
              chad@sscelaw.com

Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA,
ARAM HAMPARIAN and ARMENIAN NATIONAL
COMMITTEE OF AMERICA WESTERN REGION

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability | Case No. 3:24-cv-1077 RSH MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION**<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Date:         January 6, 2025<br>Judge:       Hon. Robert S. Huie<br><br><br>Magistrate:  Hon. Michelle M. Pettit |

1

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

| | |
|---|---|
| 1 | Company; LEGALMATCH CALIFORNIA, a Nevada Domestic Corporation; ESTRELLA SANCHEZ, an individual; DOES 1 THROUGH 300, inclusive, |
| 2 | |
| 3 | |
| 4 | Defendants. |

2

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 5

II.  LEGAL ARGUMENT ........................................................................................ 5

    **A.** Anti-SLAPP Statute And California Code Of Civil Procedure Section 425.16 ............................................................................ 5

    **B.** Plaintiff's Defamation Claim Arises From Conduct Protected Under Section 425.16 ........................................................... 6

    **C.** Plaintiff Cannot Show A Probability Of Success On Her Defamation Claim. ................................................................................ 7

III. CONCLUSION ................................................................................................... 9

3

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

# TABLE OF AUTHORITIES

**Cases**

*Barry v. State Bar of Cal.*,
  2 Cal.5th 318, 325–26 (2017)...........................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555–56 (2007) ............................................................................6

*Braun v. Chron. Publ'g Co.*,
  52 Cal.App.4th 1036, 1042 (1997)....................................................................5

*Dworkin v. Hustler Mag., Inc.*,
  668 F. Supp. 1408, 1414–1415 (C.D. Cal. 1987)..............................................9

*Gardner v. Martino*,
  563 F.3d 981, 986 (9th Cir. 2009) .....................................................................8

*Gilbert v. Sykes*,
  147 Cal.App.4th 13, 31 (2007)..........................................................................8

*Global Plasma Sols., Inc. v. IEE Env't Eng'g*,
  600 F.Supp.3d 1082, 1097 (N.D. Cal. 2021) ....................................................8

*Huntingdon Life Sciences, Inc. v. Stop Huntington Animal Cruelty USA, Inc.*,
  129 Cal.App.4th 1228, 1247 (2005)..................................................................8

*Morse v. Frederick*,
  551 U.S. 393, 403 (2007) ..................................................................................8

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  890 F.3d 828, 834 (9th Cir. 2018).................................................................6, 7

*Sarver v. Chartier*,
  813 F.3d 891, 901 (9th Cir. 2016).................................................................6, 7

*Tamkin v. CBS Broad., Inc.*,
  193 Cal.App.4th 133, 144 (2011)......................................................................7

*Virginia v. Black*,
  538 U.S. 343, 365 (2003) ..................................................................................8

*Wong v. Jing*,
  189 Cal.App.4th 1354, 1369 (2010)..................................................................8

**Statutes**

California Code of Civil Procedure section 425.16............................................5, 6, 7

Federal Rule of Civil Procedure 12 ........................................................................6, 9

4

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

# I. INTRODUCTION

Plaintiff Aynur Baghirzade ("Plaintiff") filed this action on June 21, 2024, filed a First Amended Complaint on August 15, 2024, and recently filed her Second Amended Complaint ("SAC") based on multiple conspiracies stemming from the dispute between Armenia and Azerbaijan, Twitter debates, various negative Yelp reviews, the services of several attorney referral programs, and countless other discords.

Plaintiff's tenth cause of action is for defamation against Armenian National Committee of America ("ANCA"), Armenian National Committee of America Western Region and Aram Hamparian (collectively "Moving Defendants"). However, while Plaintiff included multiple examples of her being "defamed" through various tweets, she fails to state facts regarding the statements' alleged falsity, and also seeks to hold Moving Defendants liable for speech protected by the California Anti-SLAPP statute and the First Amendment. Because Plaintiff's claims arise from protected activity and because she fails to plausibly allege these claims—let alone show a probability of success on the merits—Moving Defendants respectfully request that the Court strike Plaintiff's state-law claim for defamation.

# II. LEGAL ARGUMENT

### A. Anti-SLAPP Statute And California Code Of Civil Procedure Section 425.16.

California's broad Anti-SLAPP statute provides a method for courts to quickly dispose of meritless claims that target the exercise of free-speech rights. Cal. Code Civ. Proc., § 425.16(a); *Braun v. Chron. Publ'g Co.*, 52 Cal.App.4th 1036, 1042 (1997). Under the statute, any "cause of action against a person arising from any act… in furtherance of a person's right of … free speech … in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Proc., § 425.16(b)(1). To evoke

5

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

the Anti- SLAPP statute, the moving party first must show the plaintiff's claims arise from protected speech under the statute. *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016). Once the defendant makes such a showing, a court must look to the merits of the plaintiff's claims. *Id.*

Federal courts may consider arguments made pursuant to the Anti-SLAPP statute at the motion to dismiss stage. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019). When, as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* at 834. Accordingly, to survive an Anti-SLAPP motion challenging the complaint's legal sufficiency, a plaintiff must allege sufficient facts to raise a right to relief above the speculative level—that is, a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). If the plaintiff fails to satisfy the pleading standards under Rule 12(b)(6), a court must strike the claim and award the movant its attorneys' fees. *Planned Parenthood*, 890 F.3d at 834; Cal. Code Civ. Proc., § 425.16(b)(1), (b)(2), (c)(1).

**B.     Plaintiff's Defamation Claim Arises From Conduct Protected Under Section 425.16.**

Plaintiff's claims under state law fall easily within the scope of the SLAPP statute because the claims against Moving Defendants arise from alleged posting on issues regarding public interests and activities. Section 425.16(e)(4) extends the statute to "any other conduct in furtherance of the exercise of … the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc., § 425.16(e)(4). California courts have held that " 'an issue of public interest' ... is any issue in which the public is interested. In other words, the issue need not be 'significant' to be protected by the anti-SLAPP statute—it is enough that it is one in which the public takes an interest." *Tamkin v. CBS Broad.,*

6

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL
COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

*Inc.*, 193 Cal.App.4th 133, 144 (2011). "So long as the conduct at issue is connected to the public interest in some way, anti-SLAPP protection applies." *Sarver*, No. 2:10-cv-09034-JHN-JCx, 2011 WL 11574477 at *4 (N.D. Cal. Oct. 13, 2011).

Here, Plaintiff points to eleven tweets or retweets made by ANCA[1], all of which are centered around a difference of opinion on Plaintiff's take and earlier tweets regarding the ongoing dispute between Azerbaijan and Armenia. (SAC ¶¶ 82–92).

This conflict between two nations is on the world stage and falls squarely within any meaning of a "public interest." This is shown by Plaintiff's own admissions as she details the attention her own posts about the issue have received. While the issue of whether someone's own post can be considered as a defamatory statement against the one who made the post seems counterintuitive, the subject matter of the post still falls within the statutory framework of section 425.16 and is therefore protected speech.

### C. Plaintiff Cannot Show A Probability Of Success On Her Defamation Claim.

Because the Anti-SLAPP statute applies to Plaintiff's defamation claim against Moving Defendants, the burden shifts to Plaintiff to establish a probability that she will prevail. Cal. Code Civ. Proc., § 425.16(b)(1). Plaintiff must show that her claims are facially plausible. *See Planned Parenthood*, 890 F.3d at 834; *Barry v. State Bar of Cal.*, 2 Cal.5th 318, 325–26 (2017) (a court may dismiss a complaint [or portions of it] if the plaintiff has no probability of prevailing). Plaintiff cannot meet this burden under the Anti-SLAPP statute.

---

[1] Plaintiff makes no reference to any specific tweets or statements made by Defendants Aram Hamparian or Armenian National Committee of America Western Region.

7

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

1  "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (2010).  An essential element of defamation is that the publication be of a false statement of fact rather than opinion.  "A statement of opinion which presents the facts upon which it is based does not imply a false assertion of fact, and it is therefore entitled to protection."  *Global Plasma Sols., Inc. v. IEE Env't Eng'g*, 600 F.Supp.3d 1082, 1097 (N.D. Cal. 2021).

Case law requires that statements alleged to constitute libel "must be *specifically identified, if not pleaded verbatim*, in the complaint."  *Gilbert v. Sykes*, 147 Cal.App.4th 13, 31 (2007) (emphasis added).

Here, while Plaintiff picks and chooses Tweets or retweets made by ANCA, she cannot show that these tweets were unprivileged and not based on opinion. Plaintiff's SAC clarifies that her disagreements with ANCA stem from their opposing political views regarding Armenia and Azerbaijan.  Thus, the allegedly defamatory content concerns ANCA's political speech, which is privileged.  *See Morse v. Frederick*, 551 U.S. 393, 403 (2007); *Virginia v. Black*, 538 U.S. 343, 365 (2003).  Further, because Plaintiff's claims are based on online posts, the speech she attempts to punish was made in a public forum.  *See Huntingdon Life Sciences, Inc. v. Stop Huntington Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1247 (2005). Plaintiff has failed to plead that ANCA Defendants' statement was not privileged and has failed to allege facts indicating that it was, in fact, not.

Lastly, Plaintiff has failed to show that the Tweets at issue were not based solely on the opinion of ANCA.  "Whether an allegedly defamatory statement is one of opinion or fact is a question of law."  *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009).  To determine whether the statements at issue are those of an opinion, the Court should consider whether a reasonable fact finder could conclude that the statements imply an assertion of an objective fact.  *Dworkin v. Hustler Mag., Inc.*,

8

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION

668 F. Supp. 1408, 1414–1415 (C.D. Cal. 1987).  Here, ANCA's posts were solely about its opinion regarding Plaintiff's take on the Armenian conflict with Azerbaijan.  Plaintiff and ANCA obviously disagree with each other's interpretation of whether Plaintiff's previous tweet called for the genocide of Armenians; yet that does not mean any statement made by either party was "defamatory."  A reasonable fact finder should be able to ascertain that ANCA's statements were not an assertion of an objective fact and therefore, her defamation claim should be stricken.

## III.  CONCLUSION

Moving Defendants respectfully request that this Court strike Plaintiff's state law claim for defamation, with prejudice. Additionally, Moving Defendants request that the Court award them their mandatory fees and costs incurred in connection with this Motion, in an amount to be determined by future motion.

As set forth in the concurrently filed Motion to Dismiss, Moving Defendants alternately request that the Court dismiss Plaintiff's SAC with prejudice pursuant to Rule 12(b)(6).

Dated:  December 2, 2024

SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP

By: */s/ Dick A. Semerdjian*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION

9

Case No. 3:24-cv-1077 RSH MMP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARMENIAN NATIONAL COMMITTEE DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION