| | |
|---|---|
| 1 | **Jeffrey W. Cowan, Esq., SBN 157474** |
| 2 | The Cowan Law Firm<br>9301 Wilshire Boulevard, Suite 609 |
| 3 | Beverly Hills, California 90210-6190<br>jeffrey@cowan-law.com |
| 4 | Tel: (310) 394-1420; Fax: (310) 394-1430 |
| 5 | Attorneys for Defendants<br>**Attorney Search Network, Inc. and Jake Baloian** |

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AYNUR BAGHIRZADE, an individual, | ) | Case No. 24CV1077 RSH MMP |
| Plaintiff, | ) | [Assigned to Hon. Robert S. Huie; Action filed on August 15, 2024] |
| vs. | ) | **Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss** |
| ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC., a Delaware Limited Liability Company; APLHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability Company; LEGALMATCH CALIFORNIA, a | ) | Date: January 6, 2025<br><br>Place: Courtroom 3B: Edward J Shwartz United States Courthouse |

i

| | |
|---|---|
| Domestic Corporation; ESTRELLA SANCHEZ, an individual; DOES 1 THROUGH 300, inclusive | ) ) ) ) |
| Defendants | ) ) ) |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. THE COURT SHOULD DISMISS THE ACTION PURSUANT TO THE PARTIES' ENFORCEABLE ARBITRATION AGREEMENT. . . . . . . . . 2
    A.    The Broad Language of Ms. Baghirzade's Agreement to Arbitrate in Los Angeles Claims With ASN. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    The Federal Arbitration Act Requires Compliance with Valid Arbitration Agreements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    C.    The Courts Routinely Enforce Arbitration Agreements . . . . . . . . . . 3
    D.    Civil Claims for RICO or Other Statutory Torts Are Subject to Arbitration if Within the Scope of the Subject Agreement. . . . . . . . 4

III. IN THE ALTERNATIVE, IF THE COURT DECLINES TO ENFORCE THE ARBITRATION AGREEMENT, IT SHOULD GRANT THE MOTION TO DISMISS AS TO THESE DEFENDANTS BECAUSE THE COMPLAINT FAILS TO SATISFY THE PLAUSIBILITY STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    A.    The "Plausibility" Standard for Stating a Cause of Action. . . . . . . . 5
    B.    The Complaint Lacks Facts Establishing Plausibility or Needed Specificity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
            1.    Broad conspiracy allegations . . . . . . . . . . . . . . . . . . . . . 6
            2.    Blaming a cockroach in Plaintiff's home on ASN and Mr. Baloian. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
            3.    Unsupported and insufficient allegations that ASN and

iii

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

The Cowan Law Firm
9301 Wilshire Blvd., Suite 609
Beverly Hills, California 90210
(310) 394-1420

Mr. Baloian (and all other defendants) were collaborating to ruin Ms. Baghirzade's career.. . . . . . . . 6

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

The Cowan Law Firm
9301 Wilshire Blvd., Suite 609
Beverly Hills, California 90210
(310) 394-1420

# TABLE OF AUTHORITIES

**Federal Cases**

*Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) . . . . . . . 4

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . 5

*Bradley v. Harcourt, Brace and Co.,* 104 F.3d 267, 270-271 (9th Cir. 1996) . . . . 7

*Cayanan v. Citi Holdings, Inc*., 928 F.Supp. 2d 1182 , 1207-12-8 . . . . . . . . . . . 4

*Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) . . . . . . . . . . . . . 4

*Gerbery v. Wells Fargo Bank,* 2013 WL 3946065 (C.D. CA 2013) . . . . . . . . . . 5

*PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401, 407 (2003) . . . . . . . . . . 4

*Schneider v. TRW, Inc*., 938 F.2d 986 (9th Cir. 1991)                                p. 8

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016). . . . . . . . . . . . 3

*Uptown Drug Company, Inc. v. CVS Caremark Corporation*, 962 F.Supp.2d 1172, 1186-1187 (N.D. Cal 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Van Ness Townhouses v. Mar Industries Corp*., 862 F.2d 754, 758 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

The Cowan Law Firm
9301 Wilshire Blvd., Suite 609
Beverly Hills, California 90210
(310) 394-1420

v

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

**California Cases**

*Downey v. City of Riverside*, 16 Cal.5th 539 (2024) ................................................. 9

**Federal Statutes**

9 U.S.C Sec 2 .................................................................. 3

Fed. R. Civ. P. Rule 9(b) ........................................................ 5

vi

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

**Memorandum of Points and Authorities**

## I. INTRODUCTION

Plaintiff Aynur Baghirzade is a lawyer originally from Azerbaijan who joined Defendant Attorney Search Network ("ASN"), a State Bar certified referral service, in 2023 to get clients. The ASN membership agreement that Ms. Baghirzade signed provides, *inter alia*, that all disputes between her and ASN will be arbitrated with JAMS in Los Angeles, California.

About 18 months later, Ms. Baghirzade sued ASN and its executive director Jake Baloian in this lawsuit. United States Supreme Court and 9th Circuit case law provides that arbitration agreements similar to the one here are enforceable even when RICO or other statutory/tort claims are alleged so long as the defendants invoke them promptly.

In addition and in the alternative, Ms. Baghirzade's operative (2nd amended) complaint ("SAC") fails to state a cause of action as to ASN and Mr. Baloian because her claims against them boil down to naked, conspiratorial conclusions arising from (a) her dissatisfaction with certain referrals she received, (b) the fact that Mr. Baloian is of Armenian ancestry, and (c) there is historical conflict between Armenia and Azerbaijan. From this, Ms. Baghirzade has alleged – with either conclusions or unreasonable inferences – a vast political conspiracy based on the fact that some Armenians in the world are hostile to people from Azerbaijan. Such allegations fail the "plausibility test" that the United States Supreme Court has established for stating a cause of action. It also lacks the necessary specificity for asserting claims grounded in fraud, which is true for some of Ms. Baghirzade's claims.

Notably, the ASN Defendants conferred with Ms. Baghirzade about these pleading/jurisdiction defenses at length via letter, email, and phone. Ms. Baghirzade agreed multiple times to research these issues and advise if she would stipulate to either arbitration or amending her complaint. After initially saying

1

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

that she had not done the promised research because she was busy and overwhelmed researching issues that defendants Google and Yelp had raised, Ms. Baghirzade failed to keep a scheduled September 23, 2024 meeting and then never responded to email follow-ups. (See the Declaration of Jeffrey W. Cowan filed on September 30, 2024 in conjunction with the ASN defendants motion to dismiss vis a vis the 1st amended complaint; Docket # 57-4).

Ms. Baghirzade also failed to give promised proof that sub-service had been effected on Mr. Baloian. (Cowan Decl., ¶¶ 5 & 9, and Ex. 5 and 6).

Accordingly, the ASN Defendants have had no choice but to move to dismiss, which they respectfully submit the Court should do based on settled law.

## II. THE COURT SHOULD DISMISS THE ACTION PURSUANT TO THE PARTIES' ENFORCEABLE ARBITRATION AGREEMENT.

First and most importantly, the Court should dismiss the Second Amended Complaint (without prejudice) as to ASN and Mr. Baloian because the arbitration terms to which Ms. Baghirzade agreed divested the Court of jurisdiction while also making venue improper.

A. The Broad Language of Ms. Baghirzade's Agreement to Arbitrate in Los Angeles Claims With ASN.

Paragraph 12 of the agreement provides that all disputes arising from membership with ASN and the referrals it provides must be arbitrated:

> "The Service and the Member shall submit any dispute between themselves, including disputes regarding fees owed to the Service, regardless of when the dispute arises, to binding arbitration by JAMS/Endispute, or such other independent arbitration service. The claimant first filing for arbitration shall select the independent arbitration service provided in this

2

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

Agreement, arbitration will be conducted according to the rules and regulations of the arbitration service provider."

(Baloian Declaration, Ex. 1)

In addition, ¶ 18 of the Agreement requires that all arbitrations (or other actions) be adjudicated in Los Angeles (where ASN is based):

"This agreement shall be governed by and construed in accordance with the laws of the State of California. Any arbitration proceeding and/or other any other action arising out of this Agreement shall take place in Los Angeles County, California."

(Baloian Declaration, Ex. 1)

Ms. Baghirzade did not dispute during meet-and-confer efforts that she accepted these terms in her ASN membership agreement. (Cowan Decl., ¶ 3, p. 7 of Ex. 3).

B.  <u>The Federal Arbitration Act Requires Compliance with Valid Arbitration Agreements</u>

The Federal Arbitration Act (Title 9 of the United States Code) generally provides that all agreements to arbitrate business disputes such as here are enforceable. Section 2 of the Act states:

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

C.  <u>The Courts Routinely Enforce Arbitration Agreements</u>

The federal courts have consistently held that broadly drafted commercial arbitration agreements that encompass all disputes arising between parties are enforceable.

3

*See, e.g., Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016); *Uptown Drug Company, Inc. v. CVS Caremark Corporation*, 962 F.Supp.2d 1172, 1186-1187 (N.D. Cal 2013) (enforcing agreement that requires arbitration of "any and all disputes" arising in connection with or from the parties' agreement).

The U.S. Supreme Court has also held that a party may move/petition the Court to enforce an arbitration agreement. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) ("the FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.")

The courts have also held consistently that doubts about the scope of arbitrable issues are to be resolved in favor of arbitration. *See, e.g.*, *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013).

D.  Civil Claims for RICO or Other Statutory Torts Are Subject to Arbitration if Within the Scope of the Subject Agreement

This rule applies to all civil claims, whether arising from common law or statute. For example and most relevant here, the U.S. Supreme Court has held that civil RICO claims as a general matter should be arbitrated if they fall within the scope of an arbitration agreement. *PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401, 407 (2003). Its holding is consistent with 9th Circuit precedent. *See, e.g., Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 758 (9th Cir. 1988) ("the appellants' civil RICO and pendent state law claims are arbitrable as controversies "arising out of or relating to" their accounts. . .")

Likewise, and contrary to Ms. Baghirzade's informal arguments, courts routinely hold that other statutory tort claims may be compelled to arbitration if they are related to the contract between the parties. *See, e.g., Cayanan v. Citi Holdings, Inc.*, 928 F.Supp. 2d 1182 , 1207-12-8 ("while TCPA claims are statutory tort claims, such claims are not inherently un-arbitrable and may be subject to arbitration. . . Defendants' alleged conduct in this case is directly related to Plaintiffs' accounts and the contracts that govern them");

4

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

Here, Ms. Baghirzade's claims against ASN and its executive director Mr. Baloian all arise from and relate to her membership agreement and the client referrals she wanted ASN to give her. [Because Mr. Baloian has been sued individually only in conjunction with his actions as ASN's executive director (SAC ¶ 19), he either falls within the scope of the arbitration agreement or is a 3rd party beneficiary given that entities act only through their human employees/agents.] Accordingly, the agreement to arbitrate is enforceable pursuant to the foregoing authorities; and the action should be dismissed without prejudice (or at minimum stayed while ordering arbitration) given that jurisdiction and venue are both wanting based on Ms. Baghirzade's covenants with ASN.

## III. IN THE ALTERNATIVE, IF THE COURT DECLINES TO ENFORCE THE ARBITRATION AGREEMENT, IT SHOULD GRANT THE MOTION TO DISMISS AS TO THESE DEFENDANTS BECAUSE THE COMPLAINT FAILS TO SATISFY THE PLAUSIBILITY STANDARD.

Although Mr. Baloian and ASN respectfully submit that the Court should dismiss the complaint as to them (without prejudice) pursuant to the applicable arbitration and forum clause, they also respectfully contend in the alternative that the Court should dismiss the complaint because it lacks the facts necessary to satisfy the "plausibility standard" required to state a cause of action.

A. The "Plausibility" Standard for Stating a Cause of Action

The U.S. Supreme Court has held that notwithstanding the F.R.C.P.'s "notice" pleading requirements, a complaint must include enough facts (as opposed to mere conclusions) to make its allegations "plausible." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *See also Gerbery v. Wells Fargo Bank,* 2013 WL 3946065 (C.D. CA 2013) (citing *Ashcroft v. Iqbal* and *Bell Atl Corp v. Twombly).*

Plus, more detail is needed when a cause of action rests on allegations of fraud. *See, e.g.,* F.R.C.P. Rule 9(b) (" In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

B. <u>The Complaint Lacks Facts Establishing Plausibility or Needed Specificity</u>

Here, the SAC fails to meet these standards.

For example, it initially alleges that Ms. Baghirzade is a citizen of Azerbaijan (¶ 37) who has a green card and practices law in the California (¶¶ 1 and 37-38). Fair enough.

1. <u>Broad conspiracy allegations</u>

The SAC then alleges, however, that Ms. Baghirzade is the victim of a vast conspiracy by the named defendants and other persons to harass and smear her personally and professionally (*see, e.g.*, ¶¶ 111-114) just because (a) the nation of Azerbaijan has a 200 year history of conflict with Armenia (¶ 39) and (b) Ms. Baghirzade is Azerbaijanian. According to the complaint, this alleged campaign of unlawful harassment includes not only actions by Armenian political organizations but also State Bar certified referral services that the Los Angeles County Bar and Orange County bar operate, as well as ASN and Legal Match.

2. <u>Blaming a cockroach in Plaintiff's home on ASN and Mr. Baloian.</u>

These and other allegations are *per se* deficient for showing plausibility or proximate causation to anything that ASN has done. For example, ¶ 171 alleges that Ms. Baghirzade joined ASN on around February 13, 2023 while ¶¶ ¶ 172-174 allege that she began receiving referrals with which she was dissatisfied (with one sounding like a person also referred to her by another referral service).

The SAC then alleges (¶ 175) that after ASN requested Ms. Baghirzade's new address in San Diego (to which she had moved from Orange County), she found a "damaged" cockroach in her apartment that died soon thereafter, that it is "common" for Armenians to compare Azerbaijanis and that she had suffered such slurs on Twitter, and that ASN's director is "Armenian." (¶ 175, p. 40, lines 1-13). In other words, the SAC alleges not only a conspiracy to plant cockroaches in Plaintiff's home because she is from

6

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

Azerbaijan but also a motive and intent for ASN to do so because its executive director has an Armenian last name. Such allegations (and all inferences) are – at best – implausible.

3. <u>Unsupported and insufficient allegations that ASN and Mr. Baloian (and all other defendants) were collaborating to ruin Ms. Baghirzade's career.</u>

Plaintiff Baghirzade then alleges in her SAC (¶¶ 177-179 and ) that poor quality or inapplicable referrals of prospective legal clients is part of a scheme or conspiracy to harm her financially and professionally and cause her to leave the United States. Paragraph ¶ 188 (incorporated in all claims) states the following in its final dependent clause:

> ". . . , and generally all DEFENDANTS in their joint efforts act
> as a big Armenian Enterprise to do everything to ruin he life,
> her career and her income."

(SAC p. 43, lines 14-16)

The allegations in the specific causes of action add no facts that have a scintilla of plausibility. Instead there are just conclusions.

For example, ¶ 220 of the SAC alleges with no details that Mr. Baloian was part of a RICO conspiracy to send Ms. Baghirzade "fake referrals, referrals to harass her, to leave her with no business and generally to affect her business and income." Left unsaid is why Mr. Baloian (through his employer ASN) would do so after having accepted Ms. Baghirzade into the ASN referral network. Having a last name of Armenian origin – without more – cannot be enough.   [And in fact, accepting Ms. Baghirzade into ASN precludes any inferences – at least without compelling specific evidence – pursuant to the "same actor rule" that the person who approved her would then turn around and promptly discriminate against her. *See, e.g., Bradley v. Harcourt, Brace and Co.,* 104 F.3d 267, 270-271 (9th Cir. 1996).

Paragraph 231 (which is part of the 2nd cause of action), alleges that Mr. Baloian was one of several persons "responsible for fair distribution of the referrals they've received, and they did it with commission of multiple acts of wire & mail fraud." There are no alleged facts, however, showing what Mr. Baloian did as ASN's executive director that

7

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

could constitute wire or mail fraud. (or even what "fair" means in the context of these causes of action)  The same is true for each of the other causes of action.

Analyzing the other purported causes of action likewise compels finding that each claim lacks any facts showing either plausibility or the requisite specificity to put one on notice.  Indeed, some claims, like the 4th cause of action for violation of the Sherman and Clayton acts) or the 6th cause of action for violating B&P § 16720 or the 7th cause of action for unfair business practices (B&P § 17200) do not even try to allege facts showing how either ASN or Mr. Baloian are engaging in either anti-trust violations or unlawful discrimination or any other unlawful conduct.  As with the rest of the SAC, only naked, unsupported conclusions have been alleged (see ¶¶ 277 and 281) to support the theory that the subject alleged harms are part of fraudulent business practices (*See* SAC ¶ 281).

Plus, the 5th cause of action for "denial of public accommodation" by violating 42 U.S.C. § 2000a fails because neither ASN nor Mr. Baloian have anything to do with operating a hotel or restaurant or other business that falls within how subsection (b) defines "public accommodation."

Next, the 9th cause of action (C.C.P. § 527.6's restraining order statute) fails because the SAC alleges no willful conduct intended to harass.  Put another way, no facts exist showing that ASN (and certainly not Mr. Baloian) were intentionally sending Plaintiff referrals that were unsuitable for whatever reason.

The 12th cause of action for intentional infliction of emotional distress fails because the SAC alleges  (a) no conduct that shocks the conscience, (b) no conduct intended to cause emotional harm, and (c) no patently offensive conduct or speech that happened in Plaintiff's presence. *See, e.g., Schneider v. TRW, Inc.*, 938 F.2d 986, 992-993 (9th Cir. 1991) (employer's internal comment "get rid of the Bulgarian bitch" was insensitive but failed to state a cause of action for infliction of emotional distress).

Similarly, the 13th cause of action for negligent infliction of emotional distress fails because the SAC alleges no facts showing that Plaintiff was either physically harmed or in

8

Defendants Attorney Search Network, Inc.'s and Jake Baloian's Memorandum of Points and Authorities in Support of Motion to Dismiss

a zone of danger as the result of any alleged negligence.  *See, e.g., Downey v. City of Riverside*, 16 Cal.5th 539, 548 (2024).

For all of these reasons, the SAC fails to state a cause of action against ASN and Mr. Baloian and should be dismissed.

## IV.  CONCLUSION

In the United States, a person is not liable for crimes or civil wrongs because of protected or immutable characteristics alone – including the national origin of one's name.

Ms. Baghirzade agreed to arbitrate all claims in Los Angeles, and in any event none of her causes of action are plausible as to ASN and Mr. Baloian because they assert only (a) conclusions and (b) racist inferences arising from the last name of Mr. Baloian.   They also lack other necessary facts to establish plausibility or otherwise plead the elements necessary to state a cause of action.

For the reason set forth herein, Mr. Baloian and ASN respectfully submit that the Court should grant their petition/motion and dismiss the complaint as to them.

Respectfully submitted,

**THE COWAN LAW FIRM**

DATED: December 2, 2024

By:   ___*Jeffrey W. Cowan*_____
Jeffrey W. Cowan
Attorneys for **Defendants Attorney Search Network, Inc. and Jake Baloian**