Marcelo Lee (SBN: 271980)
Email: marcelo@sjllegal.com
SJL LAW LLP
841 Apollo Street, Suite 300
El Segundo, CA 90245
Telephone No.: 424.290.0720
Facsimile No.: 424.290.0721
Service Email: mail@sjllegal.com (service at any other e-mail address is invalid)

Attorneys for Defendants KIA AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| AYNUR BAGHIRZADE, | Case No.: 3:24-cv-01007 RSH MMP |
| Plaintiff, | Assigned to:   Judge Robert S. Huie |
| | Courtroom:     3B |
| vs. | |
| | **KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)];** |
| ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | |
| Defendants. | |
| | Date:            TBD |
| | Time:           TBD |
| | Department: 3B |
| | |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE THAT on [date to be determined] at [time to be determined] or as soon thereafter as counsel may be heard, in Courtroom 3B of the Honorable Robert S. Huie, in the Edward J Schwartz United States Courthouse located at 221 W Broadway, San Diego, CA 92101-3807, defendants Kia America, Inc. ("KA") will and does hereby move the Court for dismissal of this action

- 1 -

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is made on the grounds that the Second Amended Complaint, including the claims for relief asserted therein, fails to state a cause of action upon which relief may be granted. The factual allegations in the SAC against KA do not demonstrate any wrongful act on the part of KA. Further, all allegations attempting to join KA into a nebulous conspiracy against Plaintiff are conclusory, unwarranted deductions of fact, or unreasonable inferences which cannot be considered for purpose of this Motion to Dismiss.

Further, good cause exists for this Court to impose monetary sanctions against Plaintiff pursuant to Federal Rules of Civil Procedure, § 11(c). Based upon KA's attempts to meet and confer with Plaintiff, Plaintiff demonstrated this action is brought and being maintained against KA for the improper purposes of: (1) harassing KA which had no involvement with the consumer lease transaction or credit reporting but only keeping KA in to shift the burden on KA to identify the proper entity; (2) causing unnecessary delay and (3) needlessly increasing the cost of litigation by forcing the uninvolved party to engage in needless litigation just to demonstrate it had no involvement in the claims brought by Plaintiff.

Between December 3 and December 6, 2024, KA's counsel attempted to meet and confer with Plaintiff by telephone and video conference regarding the present motion and the request for sanctions, but Plaintiff refused to engage in the procedure. Instead, KA has met and conferred with Plaintiff through email but has been unable to resolve these issues. (Declaration of Marcelo Lee ¶¶ 2-5; Exhibit 1.)

This motion is made and based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Marcelo Lee, all the pleadings, documents, and records in the files of this Court in this action, all additional matters of which this Court takes judicial notice, and any oral argument and further written argument permitted by this court.

- 2 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

| | |
|---|---|
| DATED: December 10, 2024 | SJL LAW LLP |
| | By:   /s/ Marcelo Lee<br>Marcelo Lee<br>Attorneys for Defendant<br>KIA AMERICA, INC |

- 3 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF THE CASE

Among meandering allegations of systematic discrimination, online harassment, negative online reviews, complaints about previous employment, complaints about living conditions, inadequate mentorship, insufficient referrals to her business, incorrect referrals to her business, etc., Plaintiff begins her factual allegations against Kia America, Inc. ("KA") in Paragraph 195 of the Second Amended Complaint ("SAC"). Without alleging any relationship between Plaintiff and KA or any transaction or contract existing between Plaintiff and KA, Plaintiff alleges KA repossessed her unidentified vehicle. (SAC at ¶ 195.) Plaintiff admits to not paying for her vehicle ("only two months of nonpayment") (*id.*) but fails to allege the terms of any contract or any other provisions of law which were violated by an entity exercising a right of repossession. Further, Plaintiff also alleges to have "paid the entire lease for 3 years" (*id.*) which also raises the factual implication that Plaintiff was retaining possession of a vehicle despite the end of her lease term. Even if the allegations in the SAC against KA were assumed to be true for the limited purpose of this motion, there is nothing alleged which makes the repossession or the reporting of the repossession to be a wrongful act.

Further, Plaintiff alleges KA defrauded her -- not based upon any explicit terms of a contract, but what a contract "suggested." (SAC at ¶ 198.) Again, there is no allegation setting forth the formation or existence of any contract between KA and Plaintiff or any of the terms of such contract.

Also, Plaintiff attempts to weave together a complex web of conspiracy against her by bringing causes for RICO Act violations and conspiracy under the Sherman & Clayton Act. Woefully missing from the SAC are any alleged relationship or any connection between KA and any of the other defendants. The only thing Plaintiff alleges to include KA into an overarching conspiracy is the unfounded, conclusory allegation that KA repossessed the car "in conspiracy with

- 4 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

DEFENDANT GREYSTAR." There is zero support for this conclusion. In fact, there are more factual allegations raising inconsistencies or conflicting claims rather than any concerted effort between KA and Greystar. On the one hand, Plaintiff alleges KA broke peace by taking Plaintiff's vehicle from her own parking spot. (SAC at ¶ 195.) On the other, Plaintiff alleges defendant Greystar moved her vehicle to the wrong spot, and it was Greystar that towed her vehicle away. (SAC at ¶¶ 193-194.) Both allegations cannot be true, but more importantly, there are more factual allegations going against the existence of a concerted effort between KA and Greystar than for such existence.

Despite such woefully deficient factual allegations against KA, Plaintiff nevertheless brings 11 causes of action (all except causes of action 10, 11 and 14) against KA in the SAC. As further set forth in this Motion, the SAC fails to state a claim upon which relief may be granted and the Court should dismiss this action against KA.

KA further requests F.R.C.P. Rule 11 sanctions as this action was brought against KA for the improper purposes of: (1) harassing KA which had no involvement with the consumer lease transaction or credit reporting but only keeping KA in to shift the burden on KA to identify the proper entity; (2) causing unnecessary delay and (3) needlessly increasing the cost of litigation by forcing the uninvolved party to engage in needless litigation just to demonstrate it had no involvement in the claims brought by Plaintiff. While in an attempt to meet and confer regarding this Motion, KA's counsel advised that KA was a new vehicle distributor and not involved in individual vehicle lease accounts and even provided information on how to identify the correct entity. (Declaration of Marcelo Lee ("Lee Decl.") ¶ 3; Exhibit 1.) Plaintiff rejected KA's request to dismiss KA and name the correct leasing entity claiming KA had some relationship with the correct entity and suggesting that KA should take on Plaintiff's burden of naming the correct entity. Plaintiff's conduct during the meet and confer process demonstrates

- 5 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

an unequivocally improper purpose of bringing and maintaining this action against KA.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court properly dismisses a complaint for failure to state a claim upon which relief may be granted if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion pursuant to Rule 12(b)(6), courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The ultimate determination of "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679.

## III. ARGUMENT

Plaintiff brings the first, second third, fourth, fifth, sixth, seventh, eighth, ninth, twelfth and thirteenth causes of action against KA. Each cause of action is addressed below.

### A. Plaintiff's First, Second and Third Causes of Action Fails to State a Claim Against KA

Without any factual basis, Plaintiff makes a conclusory allegation that KA was somehow involved in conspiracy with all other defendants in "stealing her car" (SAC at 223). Without any allegation of a relationship existing between KA and any of the other defendants, it is clear that the alleged conspiracy is nothing more than a "conclusory, unwarranted deduction of fact, or unreasonable

- 6 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

inference" which the *Sprewell* court admonished. Further, the SAC makes factual allegations that the unidentified vehicle was repossessed after Plaintiff missed payments and while the Plaintiff continued maintaining possession of a vehicle after the entire three-year lease was completed. (SAC at ¶ 195.) The allegation that KA "stole her car" is yet another "conclusory, unwarranted deduction of fact, or unreasonable inference." Further, Plaintiff alleges KA "deprived [Plaintiff] a car with the intent to control her career, life, her business and ruin them." (SAC at ¶ 223.) This is also unsupported by any other allegations and is indeed an unwarranted deduction and unreasonable inference which should not be taken as true. Similarly, Plaintiff's allegation that KA "stole her car in conspiracy with the Enterprise to affect her life, her finances and her business" (SAC at ¶ 243) is an unwarranted and unreasonable inference. The reasonable inference arising from the only facts surrounding the lease transaction would be that the vehicle was repossessed for nonpayment or for wrongful possession at the end of a lease, neither of which is wrongful. Accordingly, there are insufficient facts alleged in the SAC to support wrongful conduct, enterprise, pattern or racketeering activity to recover under § 1962(b), § 1962(c) or § 1962(d).

### B. There are No Facts Alleged Against KA to Support Plaintiff's Fourth, Fifth, Sixth, Eighth, Ninth Causes of Action

While Plaintiff seemingly includes KA in the headings of the fourth, fifth, sixth, eighth and ninth causes of action, there is not a single allegation against KA specifically to support these causes of action (not even a conclusory allegation, unwarranted deduction of fact, or unreasonable inference as was the case for the previous three causes of action). Instead, the only way KA is implicated in these causes of action is through a nebulous conspiracy which KA somehow baselessly gets lumped into or simply because Plaintiff improperly failed to differentiate between the defendants who are named into this action for vastly different reasons and transactions. By example, there is no basis to allege KA excluded Plaintiff

- 7 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

from the legal market (SAC at ¶ 249), KA acted as a place of public accommodation (SAC at ¶ 257), KA excluded Plaintiff from normal flow of referrals (SAC at ¶ 277), KA sent Plaintiff fake or useless referrals (SAC at ¶ 289), or KA sent Plaintiff referrals not in her practice (SAC at ¶ 301). Simply lumping every defendant together into these causes of action is baseless and improper.

### C. Plaintiff's Seventh Cause of Action Fails to State a Claim Against KA

Beyond the baseless and conclusory allegation of a nebulous conspiracy among all defendants, Plaintiff alleges KA defrauded Plaintiff regarding services, real rent and car prices and refusing to implement agreements with Plaintiff. (SAC at ¶ 284.) Claims or allegations involving fraud require particularity. F.R.C.P Rule 9(b). Plaintiff fails to meet this heightened pleading requirement. Plaintiff fails to identify the alleged agreement or the terms which KA allegedly refused to implement. Plaintiff fails to identify what services defrauded Plaintiff or identify with specificity regarding the communications regarding the price to purchase the lease or who communicated that to Plaintiff. There are insufficient facts alleged in the SAC to support a claim for violation of Business and Professions Code § 17200 against KA.

### D. Plaintiff's Twelfth and Thirteenth Causes of Action Fail to State a Claim Against KA

The twelfth and thirteenth causes of action also rest upon the allegation that Kia stole her car and reported a false debt to her credit. (SAC at ¶¶ 331, 339.) Again, the SAC makes factual allegations that the unidentified vehicle was repossessed after Plaintiff missed payments and while the Plaintiff continued maintaining possession of a vehicle after the entire three-year lease was completed. (SAC at ¶ 195.) The allegation that KA "stole her car" is yet another "conclusory, unwarranted deduction of fact, or unreasonable inference." There is no factual basis to support that the repossession and subsequent reporting of such was

- 8 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

wrongful, negligent or a breach of any terms of the contract between Plaintiff and the holder of the lease. Plaintiff fails to state sufficient facts to support her twelfth and thirteenth causes of action.

## IV. RULE 11 SANCTIONS ARE WARRANTED AGAINST PLAINTIFF

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." (F.R.C.P § 11(c)) Rule 11(b) states in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> …
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and…

(F.R.C.P § 11(b))

Here, Plaintiff has not acted with substantial justification in failing to adhere Rule 11(b).

### A. Plaintiff's Purpose for Filing This Matter is Improper.

Based upon Plaintiff's conduct demonstrated during the meet and confer attempts for this Motion, Plaintiff's purpose in filing and maintaining this case against KA is to harass KA and attempt to shift the burden to name the proper defendants onto KA (*See* Lee Decl., ¶ 4, Exhibit 1.) KA's counsel explained to Plaintiff that KA is a distributor of vehicles and is not involved in the leasing or repossessing of any vehicles, let alone the vehicle alleged in this case. (*See* Lee Decl., ¶ 3, Exhibit 1.) KA provided information on how to ascertain the identity of

- 9 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

the leaseholder and requested to dismiss KA without prejudice, but Plaintiff simply suggested KA name the correct entity and seek indemnity from that entity. Despite Plaintiff's knowledge or readily confirmable knowledge that KA is the incorrect entity, Plaintiff is maintaining this action against KA for the improper purpose of shifting her procedural burden without any merit. Plaintiff's conduct unequivocally demonstrates an improper purpose and an intent to cause unnecessary delay and increased litigation costs. Further, there is simply no evidence that KA is the holder of Plaintiff's vehicle lease.

Accordingly, this Court should impose monetary sanctions in the amount of $1,000, which is substantially less than the amount KA has necessarily and reasonably incurred in bringing this Motion. (Lee Decl., ¶¶ 7-9.)

## V.  CONCLUSION

For the foregoing reasons, defendant KM respectfully requests this Court grant this motion to dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure and impose monetary sanctions under Rule 11(c).

\DATED:  December 10, 2024                SJL LAW LLP

                            By:   /s/ Marcelo Lee
                                 Marcelo Lee
                                 Attorneys for Defendant
                                 KIA AMERICA, INC

- 10 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

# DECLARATION OF MARCELO LEE

I, Marcelo Lee, am over 18 years old and declare as follows:

1. I am an attorney at of SJL LAW LLP, counsel of record for Defendant Kia America, Inc. (KA). I have personal knowledge of the matters set forth herein and if called upon to do so, could and would testify competently thereto under oath.

2. On December 3, 2024, I attempted to call Plaintiff Aynur Baghirzade at the telephone number listed on the caption of the Complaint to meet and confer regarding Defendant's proposed motion to dismiss. However, I was met with a recording saying that this phone number has calling restrictions preventing our call from getting through.

3. On December 3, 2024, at 3:18 p.m., I emailed Ms. Baghirzade to explain that Plaintiff had named the wrong entity to this action.

4. On December 5, 2024, at 12:20 p.m., Ms. Baghirzade responded to my email saying "My understanding is that your client is a part of Hyundai Motor group, which also overlooks the work of Kia Finance and you. You may bring them to this lawsuit to indemnify you, as you are a part of the same organization I do not believe that I have to dismiss the case."

5. On December 5, 2024 at 4:09 p.m. I responded to Ms. Baghirzade and informed her we intended to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based upon the fact that the Complaint fails to state a claim upon which relief may be granted. I further informed Plaintiff we would request monetary sanctions under Rule 11. I invited Plaintiff to discuss the matter further via phone or "Microsoft Teams", but Ms. Baghirzade failed to attend or suggest a more convenient time for the meeting. A true and correct copy of the email exchange between me and Plaintiff is attached hereto as **Exhibit 1**.

///

- 11 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

6. Since then, Plaintiff has not provided any alternative dates for a meet and confer.

7. Defendant Kia America, Inc. now asks the Court to impose monetary sanction in the amount of $1,000, which includes the costs incurred in bringing this motion.

8. My billing rate on this matter is $320 per hour.

9. In bringing this motion, KA reasonably and necessarily incurred/will be incurring the following charges:

| ACTIVITY | AMOUNT |
|---|---|
| Analysis of extensive pleading to formulate arguments for motion (1.4 hours) | $448 |
| Preparation of this motion, including declaration of counsel in support and proposed order (2.8 hours) | $896 |
| Attempting to meet and confer with Plaintiff (0.7 hour) | $224 |
| Filing Fee | $60 |
| Anticipated time reviewing plaintiff's opposition and preparing reply brief (1.5 hours) | $480 |
| Preparation and appearing for hearing, including preparation and travel time (1 hour, anticipated) | $320 |
| **TOTAL** | $2428 |

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration is executed this 10th day of December 2024 at El Segundo, California.

By:   /s/ Marcelo Lee
      Marcelo Lee
      Declarant

- 12 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]