Jessica R. K. Dorman (SBN: 279919)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone:   (619) 321-6200
Facsimile:    (619) 321-6201
Jessica.dorman@wilsonelser.com

Attorneys for Defendant GREYSTAR CALIFORNIA Inc., a Delaware Stock Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARMENIAN NAITONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGIONS, a California Nonprofit Public Benefit Corporation; ARMEN SAKAHYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC., a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; Youtube LLC, a Delaware Limited Liability Company; SUNDAR PICHAI, an individual; ORANGE COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTONEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability Company; LEGALMATCH CALIFORNIA, a Nevada Domestic Corporation; ESTRELLA SANCHEZ, an individual; ZARTONK MEDIA LLC, a California | Case No.  24CV1077-RSH-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREYSTAR CALIFORNIA INC.'S  EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge:    Hon. Robert S. Huie<br>Dept.:    3B<br><br>Complaint Filed:  June 21, 2024<br>Trial Date:        None Set |

| | |
|---|---|
| 1 | Limited Liability Company; ZAVEN KOUROGHLIAN, an individual; VAN DER MEGERDICHIAN, an individual; HAIRENIK ASSOCIATION, a Nonprofit Corporation; ANI TCHAGHLASIAN, an individual; LEGALSHIELD, Domestic For Profit Business Corporation; PARKER - STANBURY LLP, a California Limited Liability Partnership; GREYSTAR CALIFORNIA Inc., a Delaware Stock Corporation; KIA AMERICA Inc., a California Stock Corporation; DOES 1-289 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendant. |
| 8 | |

Defendant GREYSTAR CALIFORNIA, INC. ("Greystar") requests that this Court permit an additional thirty (30) days to respond to Plaintiff's Second Amended Complaint.

## I.    PROCEDURAL BACKGROUND

Plaintiff initially filed her suit on June 21, 2024. [ECF 1]. Thereafter, Plaintiff filed an Amended Complaint on August 15, 2024. [ECF 15]. After service on several defendants, and agreed extensions of deadlines to respond, those defendants filed various dispositive motions against Plaintiff's Amended Complaint in September [ECF 24, 50, 51, 57]. Plaintiff then sought approval on October 10, 2024 [ECF 59] and was granted an opportunity to file a Second Amended Complaint on November 15, 2024. [ECF 93], which was filed on November 16, 2024. [ECF 96]. This Second Amended Complaint ("SAC") for the first time, included claims against Defendant Greystar California, Inc. ("Greystar"). *Id.*

Thereafter, Plaintiff effectuated service on Greystar on November 19, 2024, making Greystar's response due December 11, 2024. (See Declaration of Jessica R. K. Dorman ¶ 2("Dorman Decl.")). Though Greystar acted diligently to evaluate the claim internally, and retain appropriate counsel, they were unable to retain counsel until December 4, 2024, likely due to the Thanksgiving holiday and many people being out of office during the Thanksgiving week. (Dorman Decl. ¶3).

/ /

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**
305665391v.1

## II.    MEET AND CONFER

On December 4, 2024, within hours of learning of this action, Greystar's counsel attempted to reach out to Plaintiff at the phone number listed on the pleadings, only to discover the phone number was no longer viable, receiving the following message: "We're sorry, the number you have dialed has calling restrictions that has prevented the completion of your call, announcement 19." . (Dorman Decl. ¶4). As Plaintiff was unreachable by telephone, Greystar's counsel prepared and sent an email to three email addresses associated with Plaintiff (through this action, her firm website, and the California State Bar) on December 4, 2024. (Dorman Decl. ¶5). In this December 4, 2024, email Greystar's counsel requested a thirty (30) day extension, noting the complexities of the case and year-end holidays as a reason for the extended request for time. (Dorman Decl. ¶5).

Two days later, on December 6, 2024, Greystar's counsel again attempted to reach Plaintiff by telephone and when unsuccessful, followed up by email to request the extension of time as had been permitted to the other defendants. (Dorman Decl. ¶7, Ex. A). In an effort to locate a working telephone number for Plaintiff, Greystar's counsel reached out to counsel for several co-defendants to inquire if they had a working telephone number for Plaintiff. (Dorman Decl. ¶8). Upon obtaining a new telephone number from a co-defendant's counsel, Greystar's counsel was able to speak with Plaintiff about the requested extension. (Dorman Decl. ¶8).

During Greystar's counsel's telephone call with Plaintiff, Plaintiff offered to agree to a 30-day extension of time if Greystar would drop its eviction proceeding in state court. (Dorman Decl. ¶9). As Greystar's counsel was unaware of whether such an agreement could be reached in time, Greystar's counsel suggested a shorter extension of 1-week to allow counsel to inquire of Plaintiff's request to Greystar and Plaintiff agreed to the 1-week extension of time, instructing Greystar's counsel to send over the joint motion for the extension and she would sign it. (Dorman Decl. ¶9).

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**
305665391v.1

1    This agreement for a 1-week extension was memorialized by email from Greystar's
2    counsel to Plaintiff. (Dorman Decl. ¶9, Ex. A).

3        The proposed Joint Motion for extension of time was sent to Plaintiff on the
4    morning of December 10, 2024, for approval. (Dorman Decl. ¶10, Ex. A). Greystar's
5    counsel followed up by telephone, text, and email without any response until 3:43,
6    when Plaintiff wrote back denying having agreed to the extension. (Dorman Decl.
7    ¶10, Ex. A). Greystar's counsel attempted again to seek approval for the requested
8    extension by email, and advised that with no approval, Greystar would seek an ex
9    parte order. (Dorman Decl. ¶10, Ex. A). There has been no response from Plaintiff as
10   of the filing of this Application. (Dorman Decl. ¶11).

11   **III.    LEGAL STANDARD**

12       Rule 6(b) of the Federal Rules of Civil Procedure permit the Court to extend
13   the time for a defendant to respond to a complaint upon a showing of good cause—
14   so long as the request is made before the original time expires. See Fed. R. Civ. P.
15   6(b)(1)(A). The Ninth Circuit has admonished that such requests for extensions of
16   time should be granted in the absence of bad faith on the part of the party seeking
17   relief or prejudice to the adverse party. *See Ahanchian v. Xenon Pictures, Inc.*, 624
18   F.3d 1253, 1259 (9th Cir. 2010). "This rule, like all the Federal Rules of Civil
19   Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing
20   that cases are tried on the merits.'" *Id.* (quoting *Rodgers v. Watt*, 722 F.2d 456, 459
21   (9th Cir. 1983)). The Local Rules add, however, that "[e]xtensions of time for answer,
22   or moving to dismiss a complaint, will only be secured by obtaining the approval of
23   a judicial officer, who will base the decision on a showing of good cause." S.D. Cal.
24   Civ. L. R. 12.1. Therefore, "in the Southern District, court approval is required for
25   any extension of time to answer or move to dismiss the complaint." See *Oliveria v.*
26   *AMN Healthcare, Inc.*, 2022 WL 345642, at *1 (S.D. Cal. Feb. 4, 2022) (quoting THE
27   RUTTER GROUP, Fed. Civ. P. Before Trial § 8:913 (2020)) (granting 30-day
28   extension of time to respond, instead of requested 15-day extension) (emphasis

-4-

added). "'Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id*. "The good cause standard focuses on the diligence of the party seeking to extend deadlines and the reasons for seeking the modification." *Id*. citing *Fireman's Fund Ins. Co. v. Electrolux Home Prods., Inc.*, No. 3:23-CV-01847, 2024 U.S. Dist. LEXIS 44379, 2024 WL 947792, at *1 (S.D. Cal. Feb. 6, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## IV.   ARGUMENT

### a.  Greystar Has Good Cause To Seek An Extension To Respond.

Greystar was only able to retain counsel one week before the response to Plaintiff's SAC was due as a result of the Thanksgiving Holiday. Moreover, Plaintiff's SAC contains 355 paragraphs of allegations that need to be evaluated in order to appropriately and accurately respond to the SAC. Additionally, the facts as alleged in the SAC are complicated and involve 30 defendants, which are each alleged to have been involved in a grand scheme that needs to be fully understood in order to respond.

As to the time requested from Greystar, it is anticipated that various persons within the Greystar company will be out of office on pre-planned vacations during the weeks of Christmas and New Years. Likewise, Greystar's counsel has a pre-planned trip from December 23, 2024-January 3, 2025 to visit family for the holidays. (Dorman Decl. ¶_).

The request from Greystar for 30 additional days to respond to the complaint would put Greystar's response on January 10, 2025, providing for Greystar's counsel to have approximately three weeks between the date of retention and the deadline aside from Christmas and New Year's weeks.

Though Greystar was willing to work with Plaintiff for a 1-week extension, it was going to be a difficult and challenging to gather all needed information in order to respond to the SAC within the short extension of time.

-5-

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**

**b. Defendant Has Acted In Good Faith**

Greystar reached out to Plaintiff through counsel as soon as counsel was retained and after two days, received an agreement from Plaintiff for a one-week extension. Plaintiff then waited a weekend and two business days after receiving a confirmation email to go back on her agreement to allow the extension. Greystar acted in reliance on the agreed extension to focus efforts on preparing the joint motion to extend time to respond and to investigate the eviction issue raised by Plaintiff. Plaintiff knew of Greystar's reliance and purposefully sought to trick Greystar.

**c. The Delay Has Been Minimal And There Is No Prejudice To Plaintiff.**

The requested thirty (30) day extension will not prejudice Plaintiff, as there are currently several Motions to Dismiss filed by other Defendants in this action set to be heard on January 6, 2025, as well as many unserved and responded parties to this case, there will be limited, if any prejudice to Plaintiff by this requested extension.

**V.    CONCLUSION**

For the reasons detailed above, Greystar respectfully requests the Court extend Greystar's deadline for responding to Plaintiff's Second Amended Complaint by thirty (30) days to January 10, 2025.

DATED: December 11, 2024

By: _____
Attorneys for Defendant,
GREYSTAR CALIFORNIA, INC.
Jessica R. K Dorman

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**

305665391v.1