AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-776-4882
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>               Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>/ Filed concurrently with Declaration of Aynur Baghirzade, Exhibit A, Request for Judiciary Notice, Proposed Order /<br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge: Hon. Michelle M. Petit |

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND     1

Case No.: 3:24-CV-01077-RSH-MMP

## I. PROCEDURAL BACKGROUND

Plaintiff filed her initial Complaint in this case on June 21, 2024. On August 15, 2024, First Amended Complaint (FAC) was filed. On October 2, 2024 with Court's approval Plaintiff filed her Second Amended Complaint (SAC) which was served on Defendant on November 19, 2024. Defendant filed her Ex Parte Application for an Order Extending Time to Respond on December 11, 2024. (Docket # 110). According to Rule 12 (a)(1)(A)(i) of Federal Rules of Civil Procedure Defendant must have submitted his answer within 21 days of the serving of SAC which **expired on December 10, 2024.** Defendant's Counsel **lied in her Declaration** that the deadline for response was December 11, 2024. The Court system is quite clear when the response of Defendant was due. Defendant failed to do that on time, and his *ex parte* application for extension of time is late and therefore shall be dismissed. Additionally, today in the morning, on December 11, 2024, Plaintiff tried to file her request for Defendant's default by using her Pacer account only to discover that her Pacer account was disabled due to "nonpayment". Plaintiff changed her credit card in the system long time ago before the next scheduled auto-pay and she remembers very well that the auto-pay was enabled by her and the credit card had enough money for the payment. Plaintiff called to Pacer Customer service and was 26th in the queue, waited for about an hour to get access to the system and as a result her request for default came after Defendant's request for extension of time due to only this reason. Before Plaintiff submitted a request to investigate the continuance interference with her Pacer account at critical moments for her case always done due for "technical reasons", and Plaintiff finds these coincidences really very odd. She believes that her Pacer account is targeted

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND           2

Case No.: 3:24-CV-01077-RSH-MMP

by the Enterprise which only confirms that Defendant is indeed a member of the Enterprise.

## II. MEET AND CONFER

Defendant had enough time to respond to the SAC, and all claims that the delay was caused by Plaintiff is wrong. Defendant's claims that she was retained only on December 4, 2024, is not an excuse as Counsel could refuse from taking the case if it was too late and she saw that the case could prejudice her and her client or simply refer the case to someone who is more professional and familiar with the subject matter to respond quickly.

Plaintiff had a phone conversation with the Counsel on or around December 6, 2024, and made it clear that she is not going to give any additional time to Defendants, that it will delay the process and prejudice her, her case and other parties. All claims regarding an agreement on eviction case are not true. Plaintiff's lease agreement will expire at the end of February next year in any case and staying in the apartment where every her step is watched and then information relayed to the Enterprise is not in her interests in any case. Plaintiff didn't give any promises to extend Defendant's time and Counsel can't present any evidence to this extent.

## III. LEGAL STANDARD

Rule 6(b) of the Federal Rules of Civil Procedure permit the Court to extend the time for a defendant to respond to a complaint upon a showing of good cause—***so long as the request is made before the original time expires***. See Fed. R. Civ. P.

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND    3

Case No.: 3:24-CV-01077-RSH-MMP

6(b)(1)(A). Defendants is right that the Rules of Federal Civil Procedure permits extension of time if such request is made before the original time expires. However, Defendant's ***time expired on December 10, 2024.*** This is obvious if Defendant does a simple math, the deadline was yesterday, Defendant is late in her request. Moreover, Defendant lied both in her applicationon and declaration that the deadline for her response is December 11, 2024. Defendant has no right to file this request for extension absent any agreement in writing with the Plaintiff.

### IV. ARGUMENTS

**1. Defendant is late to make a request for extension of time and Plaintiff opposes.**

As it was outlined in this Opposition Defendant's time to respond or to file any request for extension expired yesterday, on December 10, 2024. Defendant is openly lying to court to get the extension while her time for response has lapsed.

**2. Plaintiff will be prejudiced by the delay and Defendant's motion was in bad faith.**

Additionally, Plaintiff will be prejudiced by the delay. Plaintiff has 32 Defendants now. Any delay by the Defendants to answer the complaint tolls discovery process. Plaintiff can't start the discovery on her case without Rule 26 (f) conference, and case law in Nine Circuit suggests that such discovery is possible only after all motions to dismiss are settled in the case. Thus, Rule 26(d)(1) of F.R.C.P. states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)". "As the cases Tauler Smith relies

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND       4

Case No.: 3:24-CV-01077-RSH-MMP

on explain, in this district, motions to compel Rule 26(f) conferences to allow discovery to proceed are often denied when motions to dismiss are pending. *Contentguard Holdings*, 2013 WL 12072533, at *2 (Plaintiff's motion denied in patent case seeking order to compel Rule 26(f) conference to obtain initial disclosures and proceed with discovery with motion to dismiss pending); *Azco Biotech*, 2013 WL 3283841, at *2-4 (Declining to compel parties to participate in Rule 26(f) conference or order expedited discovery with motions to dismiss pending); *Zappia*, 2015 WL 1608921, at *2-3 (Relying in part on Local Rule 16.1 in finding Rule 26(f) conference would not be held until after pending motion to dismiss was ruled on and declining to order early discovery). *In re Outlaw Lab'ys, LP Litig., No. 18CV840 GPC (BGS), 2020 WL 1674552, at *7 (S.D. Cal. Apr. 6, 2020).*

Additionally, Defendant filed the application in bad faith by openly lying to Court about the deadline to respond, claiming that she had any agreement with the Plaintiff when she had none, bringing confidential information to this court without Plaintiff's consent (eviction cases are confidential).

## V. CONSLUSION

In considering all of above Plaintiff respectfully asks Court to deny Defendant's *ex parte* application for an order extending the time to respond and grant Plaintiff's request for the entrance of default (Docket # 111).

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND      5

Case No.: 3:24-CV-01077-RSH-MMP

DATED: December 11, 2024

                                             Respectfully submitted,

                                             /s/ Aynur Baghirzade

                                             Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.' S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND       6

Case No.: 3:24-CV-01077-RSH-MMP

PLAINTIFF: Aynur Baghirzade

By: *Aynur Baghirzade*

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC.'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND      7

Case No.: 3:24-CV-01077-RSH-MMP