NATALIE J. MORGAN, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Facsimile: (866) 974-7329
Email: nmorgan@wsgr.com

NICHOLAS E. HAKUN, (Admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
Email: nhakun@wsgr.com

Attorneys for Defendants
GOOGLE LLC AND ALPHABET INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>  Plaintiff,<br><br>  v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al.,<br><br>  Defendants. | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**GOOGLE LLC AND ALPHABET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S OPPOSITION AND REQUIRE COMPLIANCE WITH LOCAL RULE 7.1(h), OR, IN THE ALTERNATIVE, FOR ADDITIONAL TIME TO REPLY**<br><br>Date: January 21, 2025<br>Time: TBD<br><br>Before: Before: Judge Robert S. Huie |

Defendants Google LLC and Alphabet Inc. (collectively, "Google") hereby respectfully request that the Court strike Plaintiff's overlength Opposition Brief (ECF No. 121), order that Plaintiff comply with Local Rule 7.1(h) governing the length of briefs, or, in the alternative, grant Google an extension to file a reply in further support of its Motion to Dismiss (ECF No. 97).

## I. BACKGROUND

Plaintiff, who is an attorney representing herself, flouts the rules governing her participation in the litigation process. Plaintiff ignored the rules governing the maximum length of briefing, filing a 63-page opposition to the motion to dismiss (still 49 substantive pages after excluding titles, signatures, and tables), notwithstanding the rule limiting such opposition to 25 substantive pages. *See* ECF No 121.

Not only is the brief nearly twice the maximum length, but it also devotes pages to "new evidence" supported by over 100 pages of newly filed exhibits. *See* Pl.'s Resp., ECF No. 121 at 17-22 (section titled "New Facts"); *see also* Pl.'s Decl., ECF No. 121.1. These new facts and exhibits are wholly impermissible, and should not be considered when deciding Google's Motion to Dismiss. Moreover, such new facts and exhibits are further evidence of Plaintiff attempting to serially amend her claims, after already filing two amendments.

Plaintiff did not confer with Google, or request permission from this Court, to file this oversized brief. The excessive length of the opposition brief and the accompanying exhibits seriously prejudices Google, which must reply to Plaintiff's Opposition by December 23, 2024, and do so in only ten pages.

We ask that the Court strike Plaintiff's opposition to Google's Motion to Dismiss and direct the filing of a rules-compliant brief by no later than December 31, 2024. In the alternative, we ask the Court to allow Google an additional two weeks to reply to this overlength filing.

II. **ARGUMENT**

**1. Plaintiff's Response to Google's Motion to Dismiss Should Be Stricken or Otherwise Not Considered Because of Its Noncompliance with Local Rule 7.1(h).**

The Southern District of California's Local Rule 7.1(h) "requires that memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed twenty-five pages" unless leave of court is granted. Local Rule 7.1(h).

Courts in this District "take[] compliance with its Local Rules seriously." *ViaSat, Inc. v. Acacia Commc'ns, Inc.*, 2018 WL 3416639, at *1 (S.D. Cal. June 26, 2018). In *Johnson v. Wennes*, the court struck opposition briefing that exceeded 25 pages. 2009 WL 506481, at *1 (S.D. Cal. Feb. 26, 2009); *see also In re Jenny Craig Secs. Litig.*, 1992 WL 456819, at *6 (S.D. Cal. Dec. 19, 1992) (threatening to "decline to consider papers that violate the Local Rules" with respect to page limits). And in *Suja Life, LLC v. Pines Int'l, Inc.*, the court declined to consider a motion in violation of Rule 7.1(h) and directed the movant to withdraw the motion and refile it in compliance with the 25-page limit or seek leave to file a brief in excess of 25 pages. 2016 WL 4142337, at *3 (S.D. Cal. Aug. 4, 2016).

The same result should follow here. Plaintiff should not be allowed to circumvent Local Rule 7.1(h). The Court should require Plaintiff to comply with Rule 7.1(h) by refiling her Opposition with a single, 25-page supporting memorandum. The Court should not retroactively grant Plaintiff leave to file 49 pages of substantive briefing in response to Google's 25-page memorandum. *See* ECF No. 97.

Even if Plaintiff were entitled to file 24 additional pages of briefing without seeking leave (which she is not), she has no need to do so in order to address the arguments in Google's motion to dismiss brief. Rather than confine her

1  Opposition to the merits of her Second Amended Complaint, and Google's Motion
2  to Dismiss, she devotes a large part of her Opposition to discussing the additional
3  exhibits she improperly submits.  But these materials are irrelevant to whether
4  Plaintiff's Second Amended Complaint is barred by Section 230 or properly pleads
5  any claims.  *See* ECF No. 121 at 17-22; ECF No. 121.1.

6        Plaintiff cannot amend her complaint via an opposition to a motion to
7  dismiss, and claims in her brief based on "new evidence" should not be considered.
8  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG*
9  *LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam)) (holding that courts should
10 "consider only allegations contained in the pleadings, exhibits attached to the
11 complaint, and matters properly subject to judicial notice.")  The improper
12 assertion of claims outside the existing pleadings is certainly no justification for
13 exceeding the 25-page limit.

14       **2. Google Should Be Allowed Additional Time to Reply to Plaintiff's Oversized Response to Its Motion to Dismiss.**
15

16       In the event that Plaintiff's opposition to Google's Motion to Dismiss is not
17 stricken, Google respectfully requests an extension to its time to reply in order to
18 adequately respond to Plaintiff's overlarge submission.  Thus, Google respectfully
19 requests an additional 14 days to reply, from the later of the current December 23,
20 2024, deadline or the date this Court decides this motion to strike.

21 **III.   CONCLUSION**
22       For these reasons, Google respectfully requests that Plaintiff's Opposition to
23 Google's Motion to Dismiss filed under Docket number 121 be stricken, and
24 Plaintiff be required to refile her Opposition Brief in compliance with Local Rule
25 7.1(h), or, in the alternative, the Court enter an order granting Google at least an
26 additional 14 days from the current deadline to reply in further support of its
27 Motion to Dismiss.
28

| | |
|---|---|
| | Respectfully submitted, |
| Dated: December 18, 2024 | WILSON SONSINI GOODRICH & ROSATI Professional Corporation |
| | By: *s/ Nicholas E. Hakun* <br> Nicholas E. Hakun <br> (Admitted *Pro Hac Vice*) <br> E-mail: nhakun@wsgr.com |
| | Attorney for Defendants <br> GOOGLE LLC and ALPHABET INC. |