**jeffrey cowan-law.com**

| | |
|---|---|
| **From:** | jeffrey cowan-law.com |
| **Sent:** | Monday, November 25, 2024 6:56 PM |
| **To:** | Aynur Baghirzade |
| **Cc:** | Chad Thurston; Leah Plaskin Lorenz; Dick Semerdjian; mmorgan@wsgr.com; Michael Sall; Hakun, Nicholas; Heather Linn Rosing; Adrianos Facchetti; Suzanne Burke Spencer |
| **Subject:** | RE: [External] Rule 26 (f) Conference/ Meet and Confer before Motions to Dismiss |

Dear Ms. Baghirzade,

I join in the position of other defense counsel.

In addition, you still have never sent me any authority supporting your *ipse dixit* assertions from September onwards that (a) your clients are not required to arbitrate, and (b) your complaint states a cause of action as to them. I hope that you are not trying to make this litigation more expensive or burdensome than necessary, so I renew my request for such authority and analysis now. After all, why spend efforts on discovery if your claims against my clients are dismissed?

Last, and with all due respect, you are not the Court – so it is unhelpful for you to dismiss our concerns with a conclusory assertion that the filed or forthcoming FRCP 12(b) motions lack merit.

-Jeffrey Cowan

PS:    In addition to these points, I am not available this week. My sons are home from college on the East Coast for Thanksgiving, and I am fully scheduled with them from Wednesday onwards. As other counsel have stated, I will make best efforts to find a mutually convenient time to confer if the Court were to deny my clients' forthcoming renewed motion to dismiss as to your newly filed 2nd amended complaint.

**Jeffrey W. Cowan | The Cowan Law Firm | www.cowan-law.com | 9301 Wilshire Boulevard, Suite 609, Beverly Hills, California 90210| Phone:  (310) 394-1420 ext. 101| Fax: (310) 394-1430 | E-mail: jeffrey@cowan-law.com**

**From:** Adrianos Facchetti <adrianos@facchettilaw.com>
**Sent:** Monday, November 25, 2024 6:45 PM
**To:** Suzanne Burke Spencer <sburke@sallspencer.com>
**Cc:** Aynur Baghirzade <contact@aynurlawyers.com>; Chad Thurston <chad@sscelaw.com>; jeffrey cowan-law.com <jeffrey@cowan-law.com>; Leah Plaskin Lorenz <LLorenz@klinedinstlaw.com>; Dick Semerdjian <das@sscelaw.com>; mmorgan@wsgr.com; Michael Sall <msall@sallspencer.com>; Hakun, Nicholas <nhakun@wsgr.com>; Heather Linn Rosing <HRosing@klinedinstlaw.com>
**Subject:** Re: [External] Rule 26 (f) Conference/ Meet and Confer before Motions to Dismiss

Dear Ms. Baghirzade:

We agree with Mr. Thurston's and Ms. Spencer's e-mails on the subject of a rule 26(f) conference at this juncture of the case. If the motions to dismiss are denied, we agree to participate in a rule 26(f) conference with all counsel after the parties have filed their Answers and the Court has issued its Scheduling Order.

Thanks.

On Mon, Nov 25, 2024 at 6:03 PM Suzanne Burke Spencer <sburke@sallspencer.com> wrote:

Dear Ms. Baghirzade,

Thank you for your email.

We agree with Mr. Thurston's position and find the authority cited in his previous correspondence persuasive. There is no reason to engage in discovery until we know what claims, if any, will remain at issue in this action after the motions to dismiss are decided. Indeed, avoiding the necessity of engaging in discovery is among the reasons for the plausibility standards adopted in the *Iqbal* and *Twombly* cases that govern motions to dismiss. *See Bissessur v. Indiana Univ. Bd. of Trustees,* 581 F.3d 599, 603 (7th Cir. 2009) (the standards established by *Twombly* and *Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail ... to indicate that the plaintiff has a substantial case").

Moreover, given the upcoming holiday season and number of counsel with which to coordinate, it is unlikely that a mutually convenient time for a rule 26(f) conference could be found in the few weeks remaining before the motions to dismiss will be decided. Like Mr. Thurston, if the motions to dismiss are denied, we also agree to promptly participate in a rule 26(f) conference with all counsel once the parties have filed their Answers and the Court has issued its Scheduling Order.

*Suzanne Burke Spencer, Esq.*

**SALL SPENCER CALLAS & KRUEGER**

A Law Corporation

32351 Coast Highway

Laguna Beach, California 92651-6703

T:  (949) 499-2942

F:  (949) 499-7403

www.sallspencer.com

Certified Specialist in Legal Malpractice Law (State Bar of California Board of Legal Specialization)

***CONFIDENTIALITY NOTICE:*** *This e-mail transmission is intended for the exclusive use of the individual or entity to whom it is addressed and may contain confidential, work product or privileged information. If you are not the intended recipient (or an employee or agent responsible for delivering this e-mail to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information is strictly prohibited. If you received this communication in error, please notify us immediately and delete the original and all copies of this communication and any attachments.*

**From:** Aynur Baghirzade <contact@aynurlawyers.com>
**Sent:** Saturday, November 23, 2024 6:07 PM
**To:** Chad Thurston <chad@sscelaw.com>
**Cc:** jeffrey cowan-law.com <jeffrey@cowan-law.com>; Leah Plaskin Lorenz <LLorenz@klinedinstlaw.com>; Adrianos Facchetti <adrianos@facchettilaw.com>; Dick Semerdjian <das@sscelaw.com>; mmorgan@wsgr.com; Michael Sall <msall@sallspencer.com>; Hakun, Nicholas <nhakun@wsgr.com>; Suzanne Burke Spencer <sburke@sallspencer.com>; Heather Linn Rosing <HRosing@klinedinstlaw.com>; Suzanne Burke Spencer <sburke@sallspencer.com>
**Subject:** Re: [External] Rule 26 (f) Conference/ Meet and Confer before Motions to Dismiss

For all other defendants outside of San Diego county, please, provide the best time to call you next week to discuss LR 26.1. conference and discovery matters.

Thanks,

Respectfully,

Aynur Baghirzade, Esq.

**ACCURA LAW FIRM**

Phone: 619-776-4882

Email: contact@aynurlawyers.com

www.aynurimmigrationlaw.com

**CONFIDENTIAL COMMUNICATION**

E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.

On Sat, Nov 23, 2024 at 1:13 PM Aynur Baghirzade <contact@aynurlawyers.com> wrote:

Hello Chad,

There is no rule that 26 (f) Conference must be after all motions are discussed and settled, if we go strictly by F.R.C.P. . Rule 16 (b) says that the judge must issue a scheduling order for the pretrial conference within the earlier of 90 days after any defendant has been served or 60 days after any defendant has appeared. I believe this time is even over now.

From another standpoint, I can't start the discovery process without the 26 (f) Conference, and it would be highly unreasonable for me to wait for another 3 - 4 months to initiate it.

LR says that the meeting is to be in person for the counsel in the same county. It says nothing that in person meetings can be waived if the number of defendants are many. "..courts may deny discovery motions for failure to comply with the Local Rules' requirements for such motions. See Pina, 717 F. App'x at 740; Tri-Valley CARES, 671 F.3d at 1131; So, 2009 WL 2407954, at *2. Williams v. J.B. Hunt Transp., Inc., No. 820CV01701JLSJDEX, 2021 WL 3625337, at *4 (C.D. Cal. May 19, 2021).

For the discovery purposes now I need (1) initial disclosures from all of you in accordance with Rule 26 (a) of F.R.C.P.; (2) information which will allow me to identify people who placed defamatory reviews about me in my Yelp and Google accounts; (3) information on members of Business Litigation panel who took decision about my enrollment to OCBA's mentoring program; 4) information about members of Advisory Committee to Referral Organization at LACBA; 5) information about members of Board at LACBA; 6) audit reports for OCBA, LACBA and ASN for 2022 and 2023.

If this is your final decision I will have to file a motion to compel.

Respectfully,

Aynur Baghirzade, Esq.

4

**ACCURA LAW FIRM**

Phone: 619-776-4882

Email: contact@aynurlawyers.com

www.aynurimmigrationlaw.com

**CONFIDENTIAL COMMUNICATION**

E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.  Use or distribution by an unintended recipient is prohibited and may be a violation of law.  If you believe that you received this e-mail in error, please do not read this e-mail or any attached items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.

On Sat, Nov 23, 2024 at 12:20 PM Chad Thurston <chad@sscelaw.com> wrote:

Hi Aynur-

A couple of notes based on your assertions below:

First, Local Rule 26.1 describes the requirements for discovery *motions* and not the Rule 26(f) conference itself. I am not aware of any rule, whether it be local or under the FRCP, which requires the 26(f) conference to be held in person. If it is your intention to file a Motion to Compel the Rule 26(f) Conference, then I would agree that the necessary meet and confer for the motion itself would likely need to be in person if we are both located in the same County. However, for efficiency purposes I believe the Court would understand the necessity for a remote meet and confer based on the number of parties and counsel.

As it relates to the 26(f) conference, the case law you mention below does not support your assertion. For example, the *Little v. City of Seattle* case deals with a stay in discovery later on in the case after discovery was previously opened. The cases you mention in your last paragraph below also deal with discovery motions filed during the discovery period, or after the 26(f) conference had already occurred. We maintain our assertion that the 26(f) conference will need to wait until after the motions to dismiss have been decided.

Let me know if you would like to set up a time to discuss further.

Hope you have a good weekend.

5

**Chad M. Thurston**



# SCHWARTZ SEMERDJIAN

**Schwartz Semerdjian Cauley Schena & Bush LLP**
101 West Broadway, Suite 810 | San Diego, CA 92101-8229
**Direct** 619.557-3521 | **Main** 619.236-8821 | **Fax** 619.236-8827
Los Angeles Office 310.550-8857
chad@sscelaw.com
www.sscelaw.com

Additional offices worldwide through our affiliation with LEGUS.
Contact our office for more information.
www.leguslaw.com

*This message is intended for the addressee only and is privileged and confidential. Interception or other unauthorized use is prohibited. If you receive this message in error, please notify me by reply-email and immediately delete copies from your records.*

**From:** Aynur Baghirzade <contact@aynurlawyers.com>
**Sent:** Saturday, November 23, 2024 10:03 AM
**To:** Chad Thurston <chad@sscelaw.com>
**Cc:** jeffrey cowan-law.com <jeffrey@cowan-law.com>; Leah Plaskin Lorenz <LLorenz@klinedinstlaw.com>; Adrianos Facchetti <adrianos@facchettilaw.com>; Dick Semerdjian <das@sscelaw.com>; mmorgan@wsgr.com; Michael Sall <msall@sallspencer.com>; Hakun, Nicholas <nhakun@wsgr.com>; Suzanne Burke Spencer <sburke@sallspencer.com>; Heather Linn Rosing <HRosing@klinedinstlaw.com>; sspencer@sallspencer.com
**Subject:** Re: [External] Rule 26 (f) Conference/ Meet and Confer before Motions to Dismiss

Hello Chad,

I disagree with your findings on the topic. First, LR 26-1 (a) does not put any starting date or a deadline to hold 26 (f) Conference, and clearly states that the opposing counsel refusing from having 26 (f) conference after it was initiated by counsel can be compelled to discovery and can be punished with sanctions: " If counsel for the moving party seeks to arrange such a conference and counsel for the party against whom the motion is made willfully refuses or fails to meet and confer, the judge (in absence of a prior order dispensing good cause with such a meeting) may order a payment of reasonable expenses, including attorney's fees, pursuant to Rule 37, Fed. R. Civ. P. and Civil Local Rule 83.1. "

Additionally, Local Rule 26-1 does not have any waiver options for the personal meeting requirement to hold 26 (f) conference. It clearly states that meetings of the counsels whose offices are in the same county shall be in person "If counsel have offices in the same county, they are to meet in person. If counsel have offices in different

counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence."

Case law you referred to apply to the instances when courts are sure that motions to dismiss will be granted, which I don't think is a case in my lawsuit. "However, even if motions were pending, under the wide discretion enjoyed by district courts to control discovery, a stay is not appropriate in this case. *See, e.g., Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). The Court declines to delve too far into the merits of this case, which are for Judge Armstrong to decide. However, the Court notes that it is not clear that Plaintiffs will fail to state a claim, so a stay of discovery is not warranted. *See Wenger,* 282 F.3d at 1077; *Wood,* 644 F.2d at 801 ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.") (citing *B.R.S. Land Investors v. United States,* 596 F.2d 353 (9th Cir.1978))." Baker v. Arkansas Blue Cross, No. C-08-03974SBAEDL, 2009 WL 904150, at *1 (N.D. Cal. Mar. 31, 2009).

Many other cases also find motion to compel discovery tumely when such motions are made within the timeline for the discovery process. " First, a motion to compel filed during the discovery period (*i.e.*, prior to expiration of the discovery cutoff) will generally be considered timely. *See Gault*, 184 F.R.D. at 622; *see also V5 Technologies*, 332 F.R.D. at 364-65 (concluding that a motion to compel filed five months before the discovery cutoff was timely based on the circumstances of that case even though it was filed 11 months after the discovery dispute arose). Second, a motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase. *See Garcia*, 332 F.R.D. at 354; *see also Gray v. Cox*, No. 2:14-cv-01094-JAD-PAL, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016)" Herndon v. City of Henderson, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020).

Based on the foregoing please inform whether we can meet on the dates provided for the 26 (f) Conference or not.

Thank you,


Respectfully,


Aynur Baghirzade, Esq.




**CONFIDENTIAL COMMUNICATION**

E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached

items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.

On Fri, Nov 22, 2024 at 8:40 AM Chad Thurston <chad@sscelaw.com> wrote:

Ms. Baghirzade-

We will not agree to a Rule 26(f) conference until all Motions to Dismiss have been resolved. (see *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (denying motion to compel Rule 26(f) conference in view of pending motion to dismiss). See also *Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (same, observing "[i]t would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

If all Motions to Dismiss are denied, we will agree to promptly participate in the conference with you once the Parties have filed their Answers and the Court has issued its Scheduling Order.

If it is your intention to Compel the 26(f) conference and wish to meet and confer in person on that issue, I would suggest we wait until after the Thanksgiving Holliday weekend as scheduling may be difficult.

As it relates to your Second Amended Complaint, we will set up a time with you shortly to meet and confer on our intention to file another Motion to Dismiss.

Thank you,

**Chad M. Thurston**

**SCHWARTZ SEMERDJIAN**
Attorneys at Law

**Schwartz Semerdjian Cauley Schena & Bush LLP**
101 West Broadway, Suite 810 | San Diego, CA 92101-8229
**Direct** 619.557-3521 | **Main** 619.236-8821 | **Fax** 619.236-8827
Los Angeles Office 310.550-8857
chad@sscelaw.com
www.sscelaw.com

Additional offices worldwide through our affiliation with LEGUS.
Contact our office for more information.
www.leguslaw.com

*This message is intended for the addressee only and is privileged and confidential. Interception or other unauthorized use is prohibited. If you receive this message in error, please notify me by reply-email and immediately delete copies from your records.*

**From:** Aynur Baghirzade <contact@aynurlawyers.com>
**Sent:** Thursday, November 21, 2024 7:10 PM
**To:** jeffrey cowan-law.com <jeffrey@cowan-law.com>; Leah Plaskin Lorenz <LLorenz@klinedinstlaw.com>; Adrianos Facchetti <adrianos@facchettilaw.com>; Chad Thurston <chad@sscelaw.com>; Dick Semerdjian <das@sscelaw.com>; mmorgan@wsgr.com; Michael Sall <msall@sallspencer.com>; Hakun, Nicholas <nhakun@wsgr.com>; Suzanne Burke Spencer <sburke@sallspencer.com>; Heather Linn Rosing <HRosing@klinedinstlaw.com>; sspencer@sallspencer.com
**Subject:** Re: [External] Rule 26 (f) Conference/ Meet and Confer before Motions to Dismiss

Correction: phone number is 619-776-4882.

On Thu, Nov 21, 2024 at 6:55 PM Aynur Baghirzade <contact@aynurlawyers.com> wrote:

Hi,

As you may know we can't start the discovery process without first scheduling a Rule 26 (f) conference. Many of you also want to meet and confer before filing motions to dismiss. We can discuss all issues at the same time. Please, note, however, that according to Local Rule 26.1. Counsels present in San Diego must meet and confer personally, others can do that by phone.

I am available to meet and confer next week on Wednesday, November 28, at any time. For those who are in San Diego we can arrange to meet altogether at any convenient location if you want. Next week, Wednesday, is totally fine with me. Otherwise, I am available on December 2. For all others I am pretty much open next week to discuss everything by phone - just let me know what will be the best time for you.

Please, note that local Rule 26.1. provides the option to compel discovery if counsels refuse from having Rule 26 (f) conference.

9

Please, let me know your availability to meet and confer.

Please, be advised that my phone number has changed. It is 619-776-4884 now.

Thank you,

--

Respectfully,

Aynur Baghirzade, Esq.

**ACCURA LAW FIRM**

Phone: 619-776-4884

Email: contact@aynurlawyers.com

**CONFIDENTIAL COMMUNICATION**

E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.