AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-776-4882
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**OPPOSITION TO DEFENDANTS' YELP INC. AND JEREMY STOPPELMAN'S MOTION TO STRIKE**<br><br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

1

Opposition to Motion to Strike                          Case No.: 3:24-CV-01077-RSH-MMP

## I. INTRODUCTION

Plaintiff opposes to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to strike her Opposition to their Motion to Dismiss for Failure (Docket # 128 ) to State a Claim on the grounds that 1) Her opposition is not so much lengthy as to warrant to be stricken and 2) Additional 5 pages of her Opposition were justified as she needed to add Constitutional analysis to her motion as she Constitutionally challenges immunity under Section 230 of CDA Defendants claim.

## II. ARGUMENTS

**1. Plaintiff's Opposition is not so much lengthy as to warrant to be stricken.**

First of all, LR 7.1. (h) does not have any requirement that the entire length of the Opposition should be 25 pages, it states that "Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." It means that Table of Contents and Table of Authorities must be excluded from the total number of pages. If we deduct 10 pages from the total 40 pages of Opposition it will leave 30 pages or even less. In the case *Moffatt v. State of Arizona, No. LA CV 17-06029-VBF, 2018 WL 11470430, at \*1 (C.D. Cal. Oct. 17, 2018)* Court concluded " In calculating the length of plaintiff's brief, the Court must exclude the Table of Contents (Doc 33 at 3-8), Table of Authorities (Doc 33 at 9-21), and exhibits (Docs 33-1 through 33-6). *See* LCivR 11-6; *see, e.g., Bozin v. Collecto, Inc.*, 2015 WL 12669979, \*1 (C.D. Cal. Nov. 18, 2015) (Wu, J.)."

Moreover, courts usually strike extremely lengthy pleadings, which is not a case here. "Plaintiff has filed an opposition to defendant Page's motion for summary judgment which is 158 pages in length, with an additional 132 pages of exhibits, which unquestionably violates the requisite page limitations in the standing order. (ECF No. 251.) Therefore, the court shall strike[1] Plaintiff's opposition"*Dasenbrock v. Enenmoh, No. 111CV01884DADGSAPC, 2017 WL 3868401, at *2 (E.D. Cal. Sept. 5, 2017).* "The Brief, however, grossly exceeds the page limit established by C.D. Cal. Local Civil Rule ("LCivR") 11-6… Nonetheless, plaintiff's brief alone is one hundred fifty-five **pages** long (Doc 33 at 22-167)." *Moffatt v. State of Arizona, No. LA CV 17-06029-VBF, 2018 WL 11470430, at *1 (C.D. Cal. Oct. 17, 2018).* Here, the Plaintiff's brief is only 5 pages longer than the requirement under LR due to the new Constitutional analysis and challenge she brought to the statute.

**2. Plaintiff's 5 pages extra brief was justified due to the complex matters raised in the opposition and Constitutional Challenge she brought to the statute.**

"Plaintiff fails to show that this case is so legally or factually complex as to warrant such an egregiously long brief." *Moffatt v. State of Arizona, No. LA CV 17-06029-VBF, 2018 WL 11470430, at *2 (C.D. Cal. Oct. 17, 2018).* "The Court has discretion to excuse plaintiff's noncompliance with LCivR 11-6 and consider the overlength brief. *See, e.g., Raiser v. Ventura Coll. of Law*, 2010 WL 11575027, *1 n.1 (C.D. Cal. Jan. 7, 2010); *Ramirez v. ITW Food Equip. Group, LLC*, 2014 WL 12601048, n.1 (C.D. Cal. May 20, 2014) (Collins, J.) (without specifying length of briefs, the Court admonished parties to read Local Rules but considered the briefs even though plaintiff's exceeded the 25-page limit…)." *Moffatt v. State*

*of Arizona, No. LA CV 17-06029-VBF, 2018 WL 11470430, at \*1 (C.D. Cal. Oct. 17, 2018).*

Plaintiff's 5 pages extra brief is justified as she is suing multiple Defendants in a complex RICO case and brought Constitutional challenge to the statute under which Defendants claim immunity. Due to the complexity of the legal matters and the need to outline in the pleading why Section 230 under which Defendants claim immunity is unconstitutional 5 extra page of the Opposition was justified.

**CONCLUSION:**

Considering of all foregoing arguments Plaintiff respectfully asks the Court to deny Defendants' motion to strike.

DATED: December 26, 2024

Respectfully submitted,

By: */s/ Aynur Baghirzade*
*Aynur Baghirzade, Plaintiff*
*Email: contact@aynurlawyers.com*