ADRIANOS FACCHETTI, ESQ. (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
4444 W. Riverside Drive, Suite 308,
Burbank, CA 91505
Telephone: (626) 793-8607
Facsimile: (626) 793-7293
Email: adrianos@facchettilaw.com

Attorney for Defendants
YELP INC. AND JEREMY STOPPELMAN

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al.<br><br>Defendants. | CASE NO. 24CV1077 RSH MMP<br><br>YELP INC. AND JEREMY STOPPELMAN'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>Judge: Hon. Robert S. Huie<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Plaintiff seeks judicial notice of: (1) a February 18, 2009 letter, purportedly from CREW (Citizens for Responsibility and Ethics in Washington) to Congress and two federal agencies urging an investigation into potential prohibited political activity by certain 501(c)(3) organizations and (2) a webpage hosted by the Armenian National Committee. ECF No. 128-4. It is not clear whether Plaintiff is asking for judicial notice of the existence or the content of the documents, and for what purpose she seeks judicial notice.

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F. 3d 988, 999 (9th Cir. 2018) (citation omitted). A court may take judicial notice of certain documents under the incorporation-by-reference doctrine. *Id.* at 1002.

To the extent Plaintiff is seeking notice of facts subject to a reasonable dispute, judicial notice would be improper. But because the exhibits are irrelevant to Yelp and Jeremy Stoppelman, the Court should deny the request as moot. *See Coppel v. Seaworld Parks & Ent., Inc,* 2024 U.S. Dist. LEXIS 111260, *57 fn. 22 (January 31, 2024) (J. Huie) ("[t]he Court denies as moot the remainder of Defendants' request for judicial notice; even if the Court took judicial notice, the remaining exhibits would be irrelevant to the Court's analysis.")

DATED:     December 30, 2024

LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

By: /s/ Adrianos Facchetti
    Attorney for Defendants,
    YELP INC. and JEREMY STOPPELMAN

-1-

YELP INC. AND JEREMY STOPPELMAN'S RESPONSE TO PLAINTIFF'S RJN