Suzanne Burke Spencer, Esq. (SBN 188597)
sspencer@sallspencer.com
Michael A. Sall, Esq. (SBN 287981)
msall@sallspencer.com
**SALL SPENCER CALLAS & KRUEGER**
A Law Corporation
32351 Coast Highway
Laguna Beach, CA 92651
Telephone: (949) 499-2942
Facsimile: (949) 499-7403

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION,
TRUDY LEVINDOFSKE and TERESA VUKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; et al.,<br><br>  Defendants. | Case No. 3:24-cv-01077-RSH-MMP<br><br>**DEFENDANTS ORANGE COUNTY BAR ASSOCIATION, TRUDY LEVINDOFSKE AND TERESA VUKI'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING DATE ON THEIR MOTION TO DISMISS**<br><br>Judge:   Hon. Robert S. Huie<br>Courtroom: 3B |

Defendants Orange County Bar Association, Trudy Levindofske, and Teresa Vuki (collectively, the "OCBA Defendants") oppose Plaintiff's ex parte application [Doc. No. 136] to continue the hearing date on their motion to dismiss [Doc. No. 98]. The OCBA Defendants' motion to dismiss was filed on November 25, 2025 – more than one month ago. The OCBA Defendants already agreed to continue the hearing and briefing schedule on their motion to January 20, 2025 – a date selected *by the Plaintiff* to coincide with the hearing on the LACBA Defendants' motion to dismiss. [See Doc. Nos. 119 and 120 (Minute

Order granting Joint Motions to continue hearing dates)]. However, in asking the OCBA Defendants to continue the hearing date *again*, Plaintiff explained she needed the continuance because the hearing date for both motions was the same – *i.e.*, Plaintiff did not want to have the OCBA and LACBA motions heard concurrently. Plaintiff cannot have been surprised by a briefing schedule she herself set.

Plaintiff has now changed her rationale for the extension, claiming that the burden of opposing multiple motions to dismiss in January is too severe, especially because she needs to revise and refile an over-length opposition that the Court has struck. However, the burden Plaintiff has created for herself through her violation of the Court's local rules is not grounds to delay resolution of these motions. There is no good cause for a further continuance of the OCBA Defendants' motion. Plaintiff has extended long enough the OCBA Defendants' efforts to challenge the legal sufficiency of Plaintiff's meritless complaint. They should not be required to now wait even longer.

## I.   FACTUAL BACKGROUND

Plaintiff filed her Second Amended Complaint on November 16, 2024. [Doc. No. 96]. On November 25, 2024, the OCBA Defendants filed their Motion to Dismiss Second Amended Complaint [Doc. No. 98], with a hearing date of December 30, 2024. On December 4, 2024, Plaintiff asked the OCBA Defendants to agree to give her a longer time to oppose the motion to dismiss purportedly because she had four oppositions due on the same date as the opposition to the OCBA Defendants' motion. (Declaration of Michael A. Sall dated December 30, 2024 ("Sall Decl.") filed concurrently herewith, Ex. B). In fact, only two oppositions were due on December 16, 2024. (Sall Decl., ¶ 3). Nevertheless, Plaintiff then explained that she was trying to continue the hearings of the various motions to dismiss so that they were "group[ed]" by "issues and difficulty." (Sall Decl., Ex. B). Plaintiff proposed a new hearing date of January 20, 2025 – producing a deadline to oppose

on January 6 – and the OCBA Defendants agreed. (Sall Decl., Ex. B). The parties filed a joint motion to that effect [Doc. No. 107]. The Court granted the continuance on December 13, 2024. [Doc. No. 120].

Concurrently, and unbeknownst to the OCBA Defendants, , Plaintiff sought a similar continuance to the hearing date of the motion to dismiss filed by the LACBA Defendants. The joint motion of Plaintiff and the LACBA Defendants likewise sought a continuance of the hearing on the motion to dismiss to January 20, 2025. [Doc. No. 108]. The Court granted the continuance on December 13, 2024. [Doc. No. 119].

The motions to dismiss of the OCBA Defendants and the LACBA Defendants raise substantially similar issues including but not limited to those relating to the statutory scheme regulating certified lawyer referral services, [*compare* Doc. No. 98 at 12-13 & 14 *with* Doc. No. 100-1 at 12-15]; the sufficiency of the allegations relating to the alleged restraint of trade, [*compare* Doc. No. 98 at 17-21 *with* Doc. No. 100-1 at 20-24]; whether the lawyer referral services constitute places of public accommodation [*compare* Doc. No. 98 at 21 *with* Doc. No. 100-1 at 25-26]; and whether the transmittal of referrals requested by Plaintiff can give rise to a claim for harassment or emotional distress [*compare* Doc. No. 98 at 23-26 *with* Doc. No. 100-1 at 26-29]. Accordingly, it was appropriate that the parties scheduled the two motions to dismiss to be heard concurrently – the Court's Pretrial Procedures specifically favor the coordinated timing of motions seeking similar relief. (Civil Pretrial and Trial Procedures, § III.D).

On December 26, 2024, Plaintiff sought a further continuance because she saw "now" that she had "2 motions to respond on the same date," i.e., the OCBA and LACBA motions. (Sall Decl., Ex. A). This surprise must have been feigned – Plaintiff had specifically continued the two motions to the same date earlier in

December.[1] She also complained that "5 motions in January is too much" for her to handle. *Id.* To address the concern over the multiplicity of briefs she had to file, rather than continuing their motion, the OCBA Defendants offered to compromise by stipulating to allow Plaintiff to file a single, 30-page, joint opposition to the motions to dismiss of the OCBA Defendants and the LACBA Defendants, subject to approval by the Court and the LACBA Defendants. (Sall Decl., Ex. A). Plaintiff declined that offer, choosing instead to file an ex parte application. (Sall Decl., Ex. A).

## II.  ARGUMENT

Ex parte applications should be denied where the party seeking relief is responsible for "creating the crisis that required ex parte relief." *Mission Power Engineering Co., v. Continental Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995). Here, Plaintiff specifically chose the new hearing date for the OCBA Defendants' motion and stipulated to the new hearing date for the LACBA Defendants' motion. She did so, apparently, to group them so that similar legal issues and complexity could be addressed together. Now, however, she claims a need for continuance *because* the two motions are grouped. The two motions should, logically be grouped, and to avoid duplicate briefings, the OCBA Defendants offered to agree to Plaintiff filing a single, joint opposition to both motions with a 30-page limit. Plaintiff rejected that offer of compromise out of hand.

Plaintiff also asserts a need for a continuance because of other motion oppositions due in January. But Plaintiff also contributed to setting that briefing schedule, stipulating to the schedule for the motion of the Armenian Defendants, [Doc. Nos. 118 & 122], and seeking an extension as to the motion to dismiss filed by Attorney Search Network, [Doc. Nos. 123 & 127]. Plaintiff is not entitled to ex

---

[1] This basis for the requested continuance has apparently been abandoned, as Plaintiff does not repeat it in her ex parte application.

**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE HEARING DATE ON OCBA DEFENDANTS' MOTION TO DISMISS**

parte relief from a briefing schedule she created and where there has been no plausible change of circumstances making the schedule unjust.

The only plausible change of circumstances impacting the briefing schedule is the Court's order striking Plaintiff's over-length opposition to the motion to dismiss of the Google Defendants. [Doc. No. 126]. However, Plaintiff's failure to comply with the local rules by filing an over-length brief does not create good cause to postpone resolution of motions to dismiss filed by other defendants, especially because Plaintiff has been well-aware of the basis for the OCBA Defendants' motion for months.

The OCBA Defendants filed a Motion to Dismiss First Amended Complaint on October 10, 2024. [Doc. No. 66]. While that motion was withdrawn at the time because of the pending motion for leave to file the Second Amended Complaint, the arguments raised in the Motion to Dismiss First Amended Complaint are substantially similar and, in some cases, identical to the arguments raised in the Motion to Dismiss Second Amended Complaint. As Plaintiff acknowledges, there have been no material changes to the allegations against the OCBA Defendants between the First Amended Complaint and Second Amended Complaint.[2] [Doc No. 136-1 at 2:12-14]. Plaintiff has, accordingly, been aware of the arguments since well-before she filed her Second Amended Complaint. There is no justification for any further delay in the resolution of the OCBA Defendants' motion to dismiss.

Accordingly, the OCBA Defendants respectfully request that the ex parte application be denied. In the alternative, should the Court otherwise be willing to grant the application, the OCBA Defendants respectfully request that the Court order that this is the ***final*** extension of time for Plaintiff to file her opposition to the

---

[2] While there were some changes in connection with the RICO allegations, the bulk of the amendments in the Second Amended Complaint did not relate to factual allegations against the OCBA Defendants.

**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE HEARING DATE ON OCBA DEFENDANTS' MOTION TO DISMISS**

1  OCBA Defendants' motion.

DATED:  December 30, 2024

Respectfully submitted,

SALL SPENCER CALLAS & KRUEGER
A Professional Corporation

By: _____
       Michael A. Sall

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION,
TRUDY LEVINDOFSKE and TERESA VUKI