AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>                    Plaintiff,<br><br>       v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**MOTION TO STRIKE DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE NOTICED MOTION'S HEARING DATES**<br><br>DATE: February 6, 2025<br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

PLEASE TAKE NOTICE that pursuant to Local Rule of Civil Procedure 7.1. and Rule IV of Honorable Robert S. Huie United States District Judge Civil Pretrial and Trial Procedures, Plaintiff Aynur Baghirzade hereby moves the Court for an Order striking Defendant's opposition to Plaintiff's Ex Parte Application to continue Defendants' Los Angeles County Bar Association, Seth Chavez, Coco Su's noticed motion's hearing day as untimely (ECF No. 141) or alternatively denying Defendant's opposition as good cause exist to continue Defendants' noticed motion hearing date.

Dated: January 2, 2025

By: *Aynur Baghirzade*
*Aynur Baghirzade, Plaintiff*

This Motion is made pursuant to LR 7.1. and Rule 7 of F.R.C.P.

Defendants Los Angeles County Bar Association, Seth Chavez and Coco Su filed their opposition to Plaintiff's Ex Parte Application (Docket # 141) to continue their noticed motion's hearing date more than 2 court days after it was filed and served on them. Defendants were contacted before filing the Ex Parte Application to meet and confer and had enough time to respond to it (Exh. A). Defendants filed their motion on 4th day after it was served on them. Under Honorable Robert S. Huie United States District Judge Civil Pretrial and Trial Procedures Rule IV "Ex parte motions that are not opposed within two (2) Court days will be considered unopposed and may be granted on that ground."

Defendants didn't oppose on time to the Plaintiff's motion and therefore, their opposition should be stricken. All arguments that the motion was filed during holiday days are not true, the motion was filed on December 28, 2024 - working and court day, next days December 29 and December 30, 2024 were court days too. Moreover, Defendants ignored ex parte Application on the next day after holidays - January 1, 2025 , and now on the fourth day after ex parte was filed they filed their opposition without first seeking leave of the court to do so. Defendants are attorneys so that they should be aware of the timing and deadlines to respond to the ex parte applications. All other allegations brought by the Defendants that they sent to the Plaintiff arguments on October 2, 2024, are not valid grounds to deny Plaintiff's ex parte application as they didn't file their motion on October 2, 2024, they filed it only on December 2, 2024, after they were granted more than 70 days time to file their motion by the Plaintiff. Also, there will be no prejudice to Defendants by waiting to allow Plaintiff to file her response. Defendants' motion is nothing but the attempt not to allow Plaintiff additional time to respond properly to their motion and ruin her case.

Defendants didn't grant to Plaintiff 30 days extension by first prolonging the time for hearing from January 6, 2025, to January 20, 2025 while enjoyed full 70 days extension to file their motion. Contrary to allegations of the Defendants, it was them who added to the crisis by forming cartels with the terrorist group to undermine her business, it was not Plaintiff who is responsible now for being forced to sue multiple defendants in one lawsuit. The fact that she is suing multiple Defendants should not undermine Plaintiff's Right to Due process of Law under U.S. Constitution and does not mean that she has to be deprived of the right to have normal time to respond to Defendants' motion. "Rule 6(b), governing extensions of time, must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Adams v. Dahl, No 120CV00852JLTPC, 2021 WL 5112668, at *1 (E.D. Cal. Nov. 3, 2021) citing case Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1255 (9th Cir. 2010).*

Plaintiff does not have a time to respond to Defendants' motions in January, she has 3 other motions to respond in January. She is working under tremendous stress and continues cyber attacks on her network, causing problems with access to her Pacer account and normal use of the internet and printer. Good cause exists to allow Plaintiff additional time to respond to Defendants' motion in February.

**CONSLUSION**

Considering all foregoing Defendants' opposition shall be stricken as untimely or alternatively denied as made with malicious intent to undermine Plaintiff's work and deprive her Constitutional right on Due Process of Law under U.S. Constitution's 5th and 14th Amendments.

DATED: January 2, 2025

By: *Aynur Baghirzade*
*Aynur Baghirzade, Plaintiff*