AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-630-6646
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>                    Plaintiff,<br><br>         v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**AFFIDAVIT TO DISQUALIFY THE JUDGE PURSUANT TO RULE 144 AND 455 OF FEDERAL RULES OF CIVIL PROCEDURE.**<br><br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

## I. INTRODUCTION

Plaintiff respectfully asks Judge Robert Huie to disqualify himself from this case for being bias, allowing discriminatory attitude to the Plaintiff by his staff members, for going into open cooperation with Defendants in obstruction of justice by continuously, despite Plaintiff's warnings, closing her Pacer account at crucial dates and deadlines, for intentionally pushing his staff to register her as an attorney while her motion to register as a pro se litigant was approved by his order, for ignoring her motion to investigate the circumstances of why her Pacer account was getting continuously restricted, for doing everything to ruin this case from the beginning using first Plaintiff's financial situation as a ground for denial of her access to justice, then restricting her Pacer account to hinder her access to justice, by setting motions' response deadlines for Plaintiff at the same dates with other motions' dates thus hoping that Plaintiff will not be able to respond in time and this lawsuit will not proceed further, by allowing his staff to harass Plaintiff in the similar way as Armenian cartel members do. Facts Plaintiff has gives her a ground to believe that Judge Robert Huie is not impartial.  Plaintiff before asked the judge Robert Huie to voluntarily step down from this case, she is now doing that officially. Plaintiff's understanding is that she didn't file this lawsuit for the judge, his surroundings or anybody else to get advantage of this case or her, if they can't uphold the Law and follow the rules they have to step down from this case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this case on June 21, 2024, then amended it on August 15, 2024. Plaintiff's financial circumstances pushed her to file a motion to move in

2

Affidavit of Aynur Baghirzade                    Case No.: 3:24-CV-01077-RSH-MMP

forma pauperis when she filed her motion on June 21, 2024 together with her complaint. Judge made an order on June 27, 2024, denying her motion because she didn't follow the required form. Plaintiff filed another motion on July 2, 2024, to move in forma pauperis, which was denied by this Court too because "she has enough resources". Judge obviously ignored the fact that all her earnings at that time were grants and not specifically an income, Enterprise did and does everything to close all sources of her income stealing money even from her banking account. Lucrative opportunity to crash down this case for the judge didn't work when she paid on July 12, 2024 for this case, but shortly afterwards she was faced with reluctance of the court to grant her access to the Pacer account. Before using the Pacer account for filing she was registered just to monitor the case and she was kicked out from Pacer system several times for no reason - obviously the cartel didn't want her even to monitor this case. She first filed a motion for the leave of Court to file documents electronically on August 12, 2024, but was denied on August 13, 2024 - again, because Plaintiff didn't follow the form how to file this motion. She filed a second motion for the leave of court to file documents electronically on September 17, 2024. At the same time summons which were returned to her executed by process servers and which she submitted to Court for filing were not filed to the system by Court until she several times called to the court staff - Clerk's office in highly inappropriate way was trying to persuade Plaintiff that they don't understand her English, obviously because probably the staff itself couldn't speak proper English or was specifically directed to harass Plaintiff. Finally, on September 23, 2024, Court issued an order granting her motion to file documents electronically. However, when Plaintiff tried to register in Pacer system as a pro se she couldn't do that, the system was directing her to contact Pacer customer service. She called to the Pacer customer service line and was told that it is the Court which restricts her access to the system and they transferred the call to this Court. She doesn't know whom she spoke to and her

3

later inquiries in who was the person she spoke to and what was his position at this Court didn't give any results, she believes that she spoke to someone from Court's clerks' office and she was explained that there is a rule specific to this particular Court which requires Plaintiff to register as an attorney in order to file documents electronically. This happened two days before previous deadline for the Plaintiff to file her opposition to Defendant Yelp Inc.'s motion to dismiss. Plaintiff was also explained over the phone that she will not be able to file her opposition in paper either because of the court's requirement for the attorneys to be registered to file documents online. Obviously, this was another attempt by the Court and by its staff to crash this case and restrict her access to the justice system. Further research by the Plaintiff revealed the fact that there was no Court order requiring an attorney to register in order to use Pacer system. Strangely enough, Judge Robert Huie showed no interest in why his order granting Plaintiff an access to the Pacer system was not implemented. General Court order # 550 the court staff referred her to has no obligation on the part of the Plaintiff to undergo such registration in order to have an access to Pacer filing system. This actually served two other goals as well - first, to make Plaintiff to pay as much money as possible (pattern very vividly employed by Armenian cartel) while she obviously was in crisis and second, to deprive her the opportunity to claim in the future that she is a pro se. This was done fraudulently, by Court staff deliberately lying on the point. However, even after Plaintiff's registration, the mysteries with her Pacer account didn't stop. On or around October 22, 2024, when Plaintiff was trying to file a motion for default judgment for the Defendants LegalMatch California and Estrella Sanchez she revealed that LegalMatch California's summons filed by her before were missing from the docket and both summons were for Estrella Sanchez. On or around November 6, 2024, when she tried to file her opposition to Defendants Armenian National Committee of America, Armenian National Committee of America Western Region, Aram Hamparian, Yelp Inc. and Jeremy Stoppelman's motions to

dismiss she couldn't find their motions in the system to file her opposition. Court explained it happening because of the "technical problems". Strangely enough, those technical problems happened always when Plaintiff was required to file her oppositions to Defendants Yelp Inc., Jeremy Stoppelman, Armenian National Committee of America, Armenian National Committee of America Western Region, Aram Hamparian's motions to dismiss. On November 6, 2024, Plaintiff filed a motion requesting Court to investigate the cases of continuous interference with her Pacer account which was denied by this Court. Obviously, judge didn't want to investigate his own staff implementing orders coming from the Enterprise an/or from him. At the same time Court staff made everything possible to "explain" to the Plaintiff that the Court is bought and she shall expect nothing good with her case. On December 11, 2024, when Plaintiff needed to file a Request for Default for the Defendant Greystar, she noticed that she has no access to her Pacer account again. Pacer system without any email or warning restricted her account. She called and spoke to Pacer customer service and was explained that it is because she didn't pay - Plaintiff changed the credit card in the system long time ago, right before her next cycle of payment, the card had more than enough funds and it was a good question why they didn't charge it on time and restricted her account right away without any warning before another Plaintiff's deadline to file a document. On December 23, 2024, when the Plaintiff was required to file her opposition to Defendants Yelp Inc. and Jeremy Stoppelman's motion to dismiss she discovered that she can't do that - her Pacer account was giving error messages for all her filings, even for the old filings previously successfully downloaded to the system. She sent all filings to Court asking for the help to file them electronically as she had problems with her Pacer account. On the following day, Plaintiff called to Pacer customer service line which explained to her *that is is the Court which restricted* her account and she has to forward her questions to them. The similar confirmation she received from Pacer customer service in her email on or around

December 31, 2024. For about 2-3 hours Plaintiff was trying to get a hold on anybody from the Court's staff to have answers on her questions on what is going on and finally was advised that she has to bring her filings to Court in paper in order to file them. After the phone call, Plaintiff started printing her opposition and after several pages were printed her printer stopped working. Direct Wi Fi for her printer was disabled, all her efforts to print were futile. Interestingly enough, this happened after she had a conversation with Court and was advised to bring her documents to Court for filing. She was also promised that the documents will be filed as of December 23, 2024. Plaintiff was forced to go to FedEx office to print her opposition. Further, Court stamped her opposition with December 23, 2024 date but filed them to the system as of December 24, 2024. Plaintiff was forced to file a motion asking for the leave of court to accept the filing to be filed as of December 23, 2024. It is also highly disturbing that the judge while considering Plaintiff's ex parte applications for continuance does everything to keep all dates in January while in January thanks to judge's efforts she now has 5 motions to respond. The last motion of Plaintiff asking to move two (!) motions of Defendants Los Angeles County Bar Association, Seth Chavez, Coco Su and Orange County Bar Association, Trudy Levindofske, Teresa Vuki to February was ordered by this Court to respond on January 27, 2025, while she will have another motion to respond to with the same deadline on January 27, 2025 - because another Defendant Greystar Inc. has a deadline to file its motion on January 6, 2025. So, in Judge's opinion Plaintiff has to respond to three motions with the same deadline while she has another motion to respond on January 22, 2025, and another one to respond on January 16, 2025, literally within 5 days she has to draft 3 motions and file them in Judge's opinion. There is no analysis in Judge's order on the prejudice to the parties if the motions' deadline for the Plaintiff's response will be moved to February. Judge deliberately encroaches on Plaintiff's Due Process rights and abuses his discretion not to allow her enough time to respond to motions. Since

Judge was nominated to his position by Biden administration and Plaintiff is suing in this case ANCA, ANCAWR which are greatly supported by Democratic Party, Judge can't be impartial to Plaintiff's case. Therefore, Plaintiff asks the Judge to recuse himself from this case.

### III. STANDARD OF REVIEW

"A party seeking to disqualify the trial judge must do so at the earliest moment after acquiring knowledge of the facts demonstrating the basis for such disqualification. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1410 (5th Cir.1994)." *McClelland v. Gronwaldt, 942 F. Supp. 297, 299 (E.D. Tex. 1996).* Section 144 provides in relevant part - "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.* "Once a motion to disqualify is filed under § 144, the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the matter alleged. *Henderson v. Dept. of Public Safety and Corrections,* 901 F.2d 1288, 1296 (5th Cir.1990). The sufficiency of the affidavit is determined as a matter of law." *McClelland v. Gronwaldt, 942 F. Supp. 297, 300 (E.D. Tex. 1996).* "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, and not judicial, in nature. *Henderson,* 901 F.2d at 1296." *McClelland v. Gronwaldt, 942 F. Supp. 297, 300 (E.D. Tex. 1996).*

The facts brought by the Plaintiff are material, they are disturbing as the facts suggest that court and Judge are engaged in fraud in order to restrict Plaintiff's access to the justice, at the same time Judge is engaged in making outrageous orders requiring Plaintiff to respond to 3 motions with the same deadline as if there are no other months in the calendar and as if defendants will suffer a significant prejudice while they will not. Since the judge is doing everything to bury this case from its inception he is the last person needed to adjudicate this case. Plaintiff respectfully asks the judge to recuse himself from this case.

## IV. ARGUMENTS

**1. Judge is in violation of Canon 1 of the Code of Conduct for United States Judges - A Judge Should Uphold the Integrity and Independence of the Judiciary.**

Canon 1 of the Code of Conduct for Unites States Judges establishes that "A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved." Judge obviously failed to do so when allowed his staff to harass Plaintiff with inappropriate behavior doubting her English (in the same way as Armenian cartel does) and then allowing them not to implement his own order granting her access to the Pacer system as a pro se, and then allowing them to lie that there is a court order requiring her to register as an attorney in order to get the access to the Pacer system, and then restricting her Pacer account on crucial deadlines obviously on the orders from the Enterprise. Judge is on errands for the

Enterprise and can't and will not be able impartially and fairly to consider this case.

**2. Judge is in violation of Canon 2 of the Code of Conduct for United States Judges: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities.**

This Canon besides the requirement for the Judge to respect the law, obliges him "not to allow family, social, political, financial, or other relationships to influence judicial conduct or judgment." This Canon states that " A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge."  Unfortunately, judge Robert Huie couldn't live up to the expectations of this Canon. He is obviously affected by political advantages this case can bring to him and arranged for his staff to harass Plaintiff, to close her Pacer account multiple times, to engage in fraud. Judge together with his staff have to be Defendants in this case, and thus they should and must step down from this case. Judge also was nominated to his position by the Biden administration known very well for its support to Defendants ANCA, ANCAWR and Aram Hamparian. Majority of the Congressmen in Democratic Party are supportive to ANCA, most of them are members of the so called Armenian Caucus, the judge obviously works to secure his position as much as possible instead of impartially and fairly consider it on its merits.

**3.    Judge is in violation of Canon 3 of the Code of Conduct for United States Judges: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities.**

This standard requires the Judge to refrain from harassing, abusive, prejudiced, or biased behavior. It also requires a judge not to direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when that conduct would contravene the Code if undertaken by the judge. However, the Judge through his staff harassed Plaintiff multiple times by illegally closing her Pacer account in the hope to ruin her case, by issuing orders on Plaintiff's continuance requests with the deadlines for her responses coming in three-four days one after another, with multiple motions arranged for the Plaintiff to respond at the same date (recent order of January 6, 2025, with issuing orders discriminatively giving other counsels sufficient time to file their motions (25 - 30 days) while deliberately keeping all 5 Plaintiff's deadlines to respond to these motions in January as if there are no other months in the calendar, by putting the Plaintiff under unnecessary stress again in the hope to ruin her case. Plaintiff didn't file this lawsuit to be harassed by Court and if the judge and the court's staff can't behave they become unnecessary burden rather than the platform for justice. Plaintiff needs adequate independent and unbiased judge and court to make fair decisions on her case, judge Robert Huie didn't live up to these expectations.

**4. Judge and his staff encroached on Plaintiff's Constitutional rights on Due Process of Law by closing her Pacer account, discriminating against her by registering her as an attorney without her consent and by deliberately setting up deadlines in the way to ruin Plaintiff's case.**

All facts Plaintiff has suggest that both Judge and his staff discriminate against Plaintiff and encroach on her Constitutional rights under 5th Amendment, they are not interested in justice and in fair adjudication of this case. They all instead have to be Defendants in this case. Plaintiff therefore respectfully asks the Judge to recuse himself from this case.

I declare under penalty of perjury and under the laws of the United States of America that everything within my personal knowledge stated above is true and correct and this affidavit was made in good faith.

DATED: January 6, 2025

By: *Aynur Baghirzade*
*Aynur Baghirzade, Plaintiff*

Affidavit of Aynur Baghirzade                                   Case No.: 3:24-CV-01077-RSH-MMP