Jessica R. K. Dorman (SBN: 279919)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone:  (619) 321-6200
Facsimile:  (619) 321-6201
Jessica.Dorman@wilsonelser.com

Attorneys for Defendant GREYSTAR CALIFORNIA Inc., a Delaware Stock Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual, Plaintiff, <br><br> vs. <br><br> ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGIONS, a California Nonprofit Public Benefit Corporation; ARMEN SAKAHYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC., a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; Youtube LLC, a Delaware Limited Liability Company; SUNDAR PICHAI, an individual; ORANGE COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTONEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability Company; LEGALMATCH CALIFORNIA, a Nevada Domestic Corporation; ESTRELLA SANCHEZ. an individual; | Case No.  24CV1077-RSH-MMP <br><br> **DEFENDANT GREYSTAR CALIFORNIA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF AYNUR BAGHIRZADE'S CLAIMS PERSUANT TO FED. R. CIV. PROC. 12(B)(6) AND TO STRIKE CLAIMS PURSUANT TO CAL. CODE CIV. PROC. § 425.16** <br><br> Action Date:  June 21, 2024 <br> Judge:  Hon. Robert S. Huie <br> Trial Date:  Not Yet Set <br><br> **Per Chamber Rules, No Oral Argument Unless Separately Ordered By The Court** |

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZARTONK MEDIA LLC, a California Limited Liability Company; ZAVEN KOUROGHLIAN, an individual; VAN DER MEGERDICHIAN, an individual; HAIRENIK ASSOCIATION, a Nonprofit Corporation; ANI TCHAGHLASIAN, an individual; LEGALSHIELD, Domestic For Profit Business Corporation; PARKER - STANBURY LLP, a California Limited Liability Partnership; GREYSTAR CALIFORNIA Inc., a Delaware Stock Corporation; KIA AMERICA Inc., a California Stock Corporation; DOES 1-289

Defendant.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................ 1

II.   FACTUAL BACKGROUND ............................................... 2

    A.    RICO Claims (Counts 1, 2 && 3) ............................ 5

    B.    Restraint on Competition Claims (Counts 4, 6, && 7) ..................... 5

    C.    Denial of Accommodation Civil Rights Claims (Counts 5 && 8).......... 6

    D.    State Law Harassment and Torts Claims (Counts 9, 12, && 13) ........... 6

III.  LEGAL STANDARD ........................................................ 6

IV.  ARGUMENTS ................................................................ 8

    A.    ALL COUNTS AGAINST GREYSTAR ARE INSUFFICIENTLY PLED AND THEREFORE SUITABLE FOR DISMISSAL UNDER FRCP 12(b)(6) ..................... 8

        1.    PLAINTIFF'S FEDERAL RICO CLAIMS CONTAINED IN COUNTS 1, 2 AND 3 FAIL TO ESTABLISH THE REQUIRED ELEMENTS FOR CONSPIRACY ......................... 8

        2.    COUNTS 4, 6, AND 7 FOR UNFAIR COMPETITION IN VIOLATION OF THE SHERMAN CLAYTON ACT 15 U.S.C., CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 16720, AND 17200 FAIL AS A MATTER OF LAW ........................ 10

            i.    Count 4: Violation of Sherman Clayton Act 15 U.S.C. ......................................... 10

            ii.    Count 6: Violation of California Business and Professions Code Section 16721 ........................ 11

            iii.   Count 7: Violation of the California Business and Professions Code Section 17200 ........................ 12

        3.    PLAINTIFF'S COMPLAINT FOR DISCRIMINATION CONTAINED IN COUNTS 5 AND 8 ARE VAGUE AND CONCLUSORY AND THEREFORE MUST FAIL AS A MATTER OF LAW ................................ 13

        4.    COUNT 9, 12, AND 13 FOR PLAINTIFF'S STATE LAW CLAIM FOR HARASSMENT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST FAIL AS A MATTER OF LAW ..................... 15

            i.    Count 9: Harassment in Violation of California Code of Civil Procedure Section 527.6 ........................ 15

iii

    ii. Count 12: Intentional Infliction of Emotional Distress ................................................................................ 16

    iii. Count 13: Negligent Infliction of Emotional Distress ...... 17

  B. MOTION TO STRIKE PLAINTIFF'S CLAIMS UNDER CALIFORNIA ANTI-SLAPP STATUTE............................................. 17

   1. LEGAL STANDARD ................................................................. 17

   2. PLAINTIFF'S CLAIMS FOR UNFAIR BUSINESS PRACTICES, HARASSMENT, AND EMOTIONAL DISTRESS SHOULD BE STRICKEN AS THEY ARISES FROM ACTIVITY PROTECTED UNDER THE ANTI-SLAPP STATUTE .................................................................. 18

   3. PRONG 1: GREYSTAR'S ALLEGED ACTIVITIES ARE PROTECTED ............................................................................ 19

   4. PRONG 2: PLAINTIFF CANNOT ESTABLISH A PROBABILITY OF PREVAILING ON HER CLAIMS AGAINST GREYSTAR............................................................ 19

  C. FURTHER AMENDMENT OF PLAINTIFF'S SECOND AMENDED COMPLAINT WOULD BE FUTILE .............................. 19

V. CONCLUSION ............................................................................... 20

GREYSTAR'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE

305708598v.2                       3:24 CV-01077 RSH MMP

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ................................................................. 7

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662 ................................................................. 2, 7, 10

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) ................................................................. 7

*Baral v. Schnitt*,
1 Cal.5th 376 (2016) ................................................................. 18

*Bell Atlantic Corp. v. Twombly*
550 U.S. at 555 ................................................................. 7, 8, 10, 12

*Braun v. Chronicle Publishing Co.*,
52 Cal.App.4th 1036 (1997) ................................................................. 17

*City of Cotati v. Cashman*,
29 Cal.4th 69 (2002) ................................................................. 17

*DM Rsch., Inc. v. Coll. of Am. Pathologists*,
170 F.3d 53 (1st Cir.1999) ................................................................. 10

*Doan v. Singh*,
617 F. App'x 684 (9th Cir. 2015) ................................................................. 9

*Evenchik v. Avis Rent a Car Sys., LLC*
(S.D. Cal. Sep. 27, 2013) 2013 U.S. Dist. LEXIS 203522 ................................. 13

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) (per curiam) ................................................ 7

*Frantz v. Blackwell*
(1987) 189 Cal.App.3d 91 ................................................................. 14

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ................................................... 12

*Harris v. Capital Growth Investors XIV*,
52 Cal. 3d 1142, 278 Cal. Rptr. 614, 805 P.2d 873 (1991) ......................... 13

*Hicks v. PGA Tour, Inc.*,
897 F.3d 1109 (9th Cir. 2018) ................................................................. 11

*Hughes v. Pair*,
46 Cal. 4th 1035 (2009) ................................................................. 16

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................ 12

*Kenne v. Stennis*,
  230 Cal.App.4th 953 (2014) ................................................ 19

*Lawler v. Montblanc N. Am., LLC*,
  704 F.3d 1235 (9th Cir. 2013) ................................................ 16

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*,
  48 Cal. 3d 583 (1989) ................................................ 17

*McGarry v. Univ. of San Diego*,
  154 Cal.App.4th 97 (2007) ................................................ 18

*Mohammad Akhavein v. Argent Mortg. Co.*
  (N.D. Cal. July 17, 2009) 2009 U.S. Dist. LEXIS 61796 ............ 13, 14

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ................................................ 7

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
  795 F.3d 1124 (9th Cir. 2015) ................................................ 10

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ................................................ 6

*Navellier v. Sletten*,
  29 Cal.4th 82 (2002) ................................................ 17

*U.S. ex. rel. Newsham v. Lockheed Missiles and Space, Co., Inc.*,
  190 F.3d 963 (9th Cir. 1999) ................................................ 18

*NL Indus., Inc. v. Kaplan*,
  792 F.2d 896 (9th Cir. 1986) ................................................ 7

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ................................................ 8, 9

*Philipson & Simon v. Gulsvig*,
  154 Cal.App.4th 347 (2007) ................................................ 19

*Rice v. U.S. Supreme Court*,
  No. C 03-05582 CRB, 2003WL 22999539 (N.D. Cal. Dec. 17, 2003) ............ 20

*Rosado v. eBay Inc.*,
  53 F. Supp. 3d 1256 (N.D. Cal. 2014) ................................................ 12

*Schild v. Rubin*,
  232 Cal. App. 3d 755 (1991) ................................................ 15

*Shymatta v. Microsoft Corp.*,
  150 F. App'x 637 (9th Cir. 2005) ................................................ 12

vi

*United States v. Turkette*,
   452 U.S. 576 (1981) ...................................................................................... 9

**Statutes**

18 U.S.C. § 1961(4) ......................................................................................... 9

18 U.S.C. § 1962(b-d) ...................................................................................... 5

42 U.S.C. § 2000(a) ..................................................................................... 4, 6

Cal. Bus. & Prof. Code § 16720 ................................................................. 4, 10

Cal. Bus. & Prof. Code § 16721 ..................................................................... 11

Cal. Bus. & Prof. Code § 16721(b) ................................................................. 11

Cal. Bus. & Prof. Code § 17200 .......................................................... 4, 10, 12

Cal. Civ. Code § 51 ................................................................................... 13, 14

Cal. Civ. Code § 52 ........................................................................................ 13

Cal. Code Civ. Proc. § 425.16 ....................................................................... 17

Cal. Code Civ. Proc. § 425.16(b)(1) .......................................................... 18, 19

Cal. Code Civ. Proc. § 425.16(e)(1) ............................................................... 18

Cal. Code Civ. Proc. § 425.16(e)(2) ............................................................... 18

Cal. Code Civ. Proc. § 527.6 ............................................................... 13, 15, 16

**Rules**

Fed. R. Civ. Proc. 9(b) ............................................................................. 12, 13

Fed. R. Civ. Proc. 12(b)(6) ......................................................................... 6, 8

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d
   ed.2004) ....................................................................................................... 8

California Constitution ................................................................................... 18

GREYSTAR'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Aynur Baghirzade ("Plaintiff") brings the instant action alleging that her property manager Greystar California, Inc. ("Greystar") is in conspiracy with the "Armenian Enterprise" as well as a slew of 32 other Defendants (including KIA, Google, and Yelp) whom Plaintiff alleges are working together to damage Plaintiff's reputation, law firm, and personal property at the direction of the "Armenian Enterprise." This allegation is not only pure fantasy, but is also not sufficiently supported by Plaintiff's allegations.

In reality, Greystar's involvement in Plaintiff's life is minimal, as Greystar is merely a property management company, and its interactions with Plaintiff have been strictly limited to managing Plaintiff's apartment. Notably, Plaintiff did not bring any allegations against Greystar in her initial or first amended complaints. It was not until Greystar began enforcing ordinary property policies related to parking spaces and rent payment that Plaintiff in November of 2024 amended her complaint, adding Greystar to this action based on incoherent allegations about Greystar and its involvement in the Armenian Enterprise. It is clear that Plaintiff's claims in this suit are retribution for Greystar's lawful and contractually agreed property management efforts.

Plaintiff's Second Amended Complaint ("SAC"), despite being over 74 pages long, fails to meet the most basic pleading standards required by the Federal Rules of Civil Procedure. Instead, the SAC is composed exclusively of historic ramblings and conclusory statements which are attributed "to all defendants" without meeting the standards needed to show Greystar's involvement in Plaintiff's imagined "Armenian Enterprise" or individual liability for the alleged causes of action.

Plaintiff's shotgun approach in her SAC, asserting fourteen (14) causes of action against thirty-two (32) named Defendants, fails to include much, if any, factual information as to what role Greystar played in Plaintiff's experiences (outside of usual property management processes), or how such activities give rise to the many civil

claims alleged. Aside from general vagueness, Plaintiff's causes of action also fail as a matter of law. Specifically, at least one cause of action is explicitly related to Greystar's protected activity of its right to file an eviction against Plaintiff for non-payment of rent since July of 2024.

To any extent that any of Plaintiff's 11 causes of action against Greystar do not outright fail, Plaintiff otherwise relies on broad conclusory statements and fails to allege sufficient facts to establish each of the elements of her various claims to satisfy the federal pleading standards laid out in *Ashcroft v. Iqbal* (2009) 556 U.S. 662.

Leave to amend these defects is inappropriate as Plaintiff has already been granted leave to amend her complaint twice over a six-month period, after being advised by other defendants through their motions as to the failings of her pleadings. Rather than finesse her complaint with more factual support, Plaintiff chose to add additional Defendants like Greystar out of retribution in an effort to use the court system to blackmail Greystar out of moving forward with its lawful activities. For these reasons, Greystar respectfully requests the Court grant its motions to dismiss and/or strike each of Plaintiff's causes of action in the Complaint without leave to amend.

## II.   FACTUAL BACKGROUND

Plaintiff Aynur Baghizade alleges that she is a citizen of the Republic of Azerbaijan who obtained a Green Card based on her skills, later acquired a LLM , and was eventually licensed as a California Attorney. (Second Amended Complaint, ECF No. 96 ("SAC"), ¶¶37-39). Thereafter, Plaintiff began to seek legal work, and engaged several companies and legal referral sources to get clients. (SAC ¶¶36, 99-117, 136-185. This is where most of her claims originate. Plaintiff contends that due to her outspoken nature about Azerbaijani conflicts, she is routinely and consistently targeted and harassed by the "Armenian Enterprise," who influences other groups and persons to effectuate harassment and discrimination. (SAC ¶¶42,61-190).

Almost entirely separately, Plaintiff alleges that she contracted with Greystar to rent an apartment and beginning in June of 2024, Greystar began effectuating harassment

2

against Plaintiff (at the direction and influence of the "Armenian Enterprise"). (SAC ¶¶189-190). Plaintiff alleges Greystar harassed her by:

1)  Transmitting videos of Plaintiff from public locations to other defendants (SAC ¶190);

2)  Colluding with Kia to move her vehicle to another parking spot in order to have Kia tow it  (SAC ¶¶193-196).;

3)  Plaintiff's key fob was not working properly (SAC ¶199);

4)  Disabled her online portal options for paying amounts other than the rent owed  (SAC ¶200);

5)  Sending Plaintiff a notice to Pay Rent or Quit when Plaintiff failed to timely pay rent  (SAC ¶202);

6)  Sending Plaintiff an email titled "notice of eviction" when Plaintiff had failed to timely pay rent, with instructions that if rent had been paid to disregard (SAC ¶202);

7)  Somehow being involved in the Superior Court of California serving documents to her by mail related to someone else's eviction proceeding at another property, with a different landlord when Plaintiff failed to timely pay rent (SAC ¶¶204-205);

8)  Requiring all deliveries be delivered to and picked up in the Mailroom instead of people's apartment doors when Plaintiff failed to timely pay rent  (SAC ¶206);

9)  Sending Plaintiff a pest control treatment form which referenced cockroaches when she had flies, not cockroaches (SAC ¶¶208);

10) Failing to sufficiently eradicate flies in her unit, and then blaming Plaintiff for flies to persist (SAC ¶¶210-212).

11) Closing garbage chutes so that Plaintiff's apartment "get invaded with flies even more" (SAC ¶ 210).

In general, Plaintiff alleges in the SAC that Greystar, along with the other Defendants, are working in conspiracy to operate a racketeering organization (also known as a "RICO" claim) to harass Plaintiff. She brought 11 total counts against Greystar related to these baseless claims:

**Count 1:** Racketeering activity in violation of Sec. 1962 (c) et seq. of the Racketeer Influenced and Corrupt Organizations Act;

**Count 2:** Control of the Enterprise conducting racketeering activity in violation of Sec. 1962 (b) et seq. of the Racketeer Influenced and Corrupt Organizations Act;

**Count 3:** Conspiracy in violation of Sec. 1962 (d) et seq. of the Racketeer Influenced and Corrupt Organizations Act;

**Count 4:** Conspiracy in restraint of trade or commerce in violation of the Sec. 1 et seq. of the Sherman & Clayton Act 15 U.S.C.;

**Count 5:** Denial of Public Accommodation in Violation of Section 2000a of Civil Rights Act 42 U.S.C.;

**Count 6:** Prohibited Restraints on competition in Violation of Sec. 16720, et seq. of California Business & Professional Code;

**Count 7:** Unfair Competition in violation of Section 17200, et seq. of California Business and Professional Code;

**Count 8:** Denial of Public Accommodation in violation of Sec. 51, et seq. of California Civil Code;

**Count 9:** Harassment in violation of Sec. 527.6 of the Code of Civil Procedure;

**Count 12:** Intentional Infliction of Emotional Distress; and

**Count 13:** Negligent Infliction of Emotional Distress.

Notably, in Plaintiff's SAC, for Count 3, 5, 6, 8, and 9, Greystar is only alleged generally under an umbrella of "All Defendants," without any facts as to Greystar's actions that led to the claims. For Count 1, 2, 3, 7, 12, and 13, Greystar's involvement is limited mostly to Greystar's alleged involvement in the vaguely alleged conspiracy

1  with Kia and the other Defendants to move Plaintiff's vehicle in order to allow Kia to

2  tow the vehicle.

3       Looking to the complaint as a whole, Plaintiff generally alleges a few additional

4  instances where she believes Greystar has wronged her, but still fails to allege enough

5  to justify her claims:

6      **A.  RICO Claims (Counts 1, 2 & 3)**

7      In Counts 1-3, Plaintiff claims that all Defendants engaged in racketeering and

8  control of enterprise in violation of 18 U.S.C. § 1962(b-d). (SAC ¶¶ 215-44). Plaintiff

9  suggests that Greystar is somehow a part of the "Armenian Enterprise" because

10  Greystar filed an eviction against Plaintiff and allegedly moved Plaintiff's car (where

11  it was parked without authorization) in order to allow Kia to repossess Plaintiff's

12  vehicle from the Greystar parking garage. (SAC ¶¶ 192-195). Additionally, Plaintiff

13  summarily claims that Greystar "manipulated her account using wire" which

14  constitutes wire fraud and "stole her car in conspiracy with the Enterprise to affect her

15  life, her finances and her business." (SAC ¶¶ 208, 223 and 243).

16      **B.  Restraint on Competition Claims (Counts 4, 6, & 7)**

17      In Count 4 and 6, Plaintiff claims that all Defendants conspired in restraint of

18  trade in violation of the Sherman and Clayton Acts and California Business Code by

19  directing legal referrals to certain geographic areas in order "to destroy her business."

20  (SAC. ¶¶ 268-85). In Count 7, Plaintiff also accuses all Defendants of prohibited

21  restraints on competition under California's Business and Professions Code through

22  conspiring against the Plaintiff. (SAC. ¶¶ 279-285). In all three counts Plaintiff pleads

23  not a single word, fact or allegation particular to Greystar, or how Greystar (a real

24  estate management company) accomplished rigging the market for attorney legal

25  referrals (Count 4), had a written discriminatory policy (Count 6) as against individuals

26  with Plaintiff's characteristics, or how Greystar "defrauded" Plaintiff (Count 7).

27  / /

28  / /

GREYSTAR'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE
305708598v.2                                                    3:24 CV-01077 RSH MMP

### C.   Denial of Accommodation Civil Rights Claims (Counts 5 & 8)

In Counts 5 and 8, Plaintiff alleges all Defendants, with the exception of two, operate places of public accommodation, which failed to accommodate business, in violation of both § 2000(a) of the Civil Rights Act and California's Unruh Civil Rights Act. (SAC ¶¶ 251-67, 286-92). In Count 5 Plaintiff alleges that Defendants have failed to accommodate her on the basis of her ethnic origin. (SAC ¶¶ 255, 257). Again, as with her unfair competition claims, Plaintiff fails to allege a single fact or allegation as to what acts Greystar performed that violate these statutes, and further what protected characteristics compose the alleged discrimination.

### D.   State Law Harassment and Torts Claims (Counts 9, 12, & 13)

In Count 9, Plaintiff accuses all Defendants of engaging in harassment in violation of California's Civil Code of Procedure § 527.6. (SAC ¶¶ 293-302). However, like her proceeding causes of action, Plaintiff fails to allege a single fact as to Greystar, or show how Greystar used legal referrals as a means to harass her. In Counts 12 and 13, Plaintiff accuses all Defendants of both intentional and negligent infliction of emotional distress. (SAC ¶¶ 326-40). Plaintiff alleges that Greystar and Kia "stole her car, sent her information to the Enterprise, continuously harassed her with eviction, placed unconscious and false debt amounts in her online accounts, defrauded her as to the nature and amount of their services." (SAC. ¶¶ 331 and 339). Again, Plaintiff does not allege facts to support these conclusions or explain how the actions by Greystar rise to the level of violations of law.

## III. <u>LEGAL STANDARD</u>

Federal Ru1e of Civil Procedure ("FRCP") 12(b)(6) authorizes a court to dismiss a cause of action or claim where the Complaint fails to state "a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate if a Plaintiff's Complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Navarro v. Block*, 250 F.3d

729, 732 (9th Cir. 2001) citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

While all allegations of material fact are taken as true and construed in the light most favorable to the plaintiffs, legally conclusory statements not supported by actual factual allegations are not sufficient to fulfill federal pleadings standards. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678-79; *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted).

A Plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations and quotations omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). "For a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Under these standards, Plaintiff has failed to state a claim for relief for each of her 11 causes of action as against Greystar. Further, Plaintiff has had adequate opportunity to remedy these deficiencies and had failed to do so. As such, Defendant Greystar's motion to dismiss Plaintiff's Second Amended Complaint is properly granted as to each and every claim stated therein against Greystar for the following reasons.

/ /

/ /

/ /

/ /

GREYSTAR'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE

IV. **ARGUMENTS**

    A. **ALL COUNTS AGAINST GREYSTAR ARE INSUFFICIENTLY PLED AND THEREFORE SUITABLE FOR DISMISSAL UNDER FRCP 12(b)(6)**

As discussed above, Plaintiff's claims as against Greystar are entirely unsupported by facts, and further fail to allege each element for the causes of action brought and therefore are suitable for dismissal pursuant to FRCP 12(b)(6) for the reasons laid out below.

    1. **Plaintiff's Federal RICO Claims Contained in Counts 1, 2 and 3 Fail to Establish the Required Elements for Conspiracy**

To plead a RICO claim, there must either be a conspiracy or an enterprise. *See Odom v. Microsoft Corp*., 486 F.3d 541, 555 (9th Cir. 2007). Plaintiff has failed to allege either. Rather, Plaintiff's claims are merely conclusory, incoherent, and based on pure speculation. These were clearly alleged in a last-minute attempt by Plaintiff to blackmail Greystar into dropping its lawful eviction case against Plaintiff.

Allegations of a conspiracy must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). The plaintiff must provide "enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id*. at 555-56.  Plaintiff fails to allege even a cursory factual explanation of a conspiracy between Greystar and any other party.

Similarly, to establish a substantive RICO claim, Plaintiff must plead the existence of an "enterprise" within the meaning of 18 U.S.C. § 1961(4). "An enterprise

may be a legal entity, or it may be an association-in-fact." *Doan v. Singh*, 617 F. App'x 684, 685–86 (9th Cir. 2015) (citing 18 U.S.C. § 1961(4)). While "an associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise," *Odom*, 486 F.3d at 551, the complaint must describe "'a group of persons associated together for a common purpose of engaging in a course of conduct[ ]' ... [and] must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Id*. at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).

In the instant, Plaintiff fails to establish any conspiracy between Greystar and KIA, or a conspiracy between Greystar and any other Defendants, or further facts showing how any alleged conspiracy has been acted upon with a common purpose.

In the SAC, Plaintiff states a summary conclusion that Greystar "working with KIA" stole her vehicle as part of a RICO enterprise and Sherman Act conspiracy that Plaintiff refers to as the "Armenian Enterprise." (SAC ¶¶ 208, 223 and 243). But Plaintiff fails to plead a plausible claim because the SAC fails to allege facts to even remotely suggest Greystar conspired with any other defendant at any time, let alone for any other purpose other than ordinary management of the apartment complex where Plaintiff resides. Plaintiff herself admits that her vehicle was parked in a parking spot that was not authorized for her use as the time it was towed. (SAC ¶193).

Nor does Plaintiff coherently plead facts showing Greystar is part of an association-in-fact with other defendants. For instance, Plaintiff alleges merely that "upon information and facts . . . GREYSTAR and KIA stole her car in conspiracy with OTHER DEFENDANTS, stalked and transferred her information to other members of the Enterprise, manipulated her account by using wire and with the intent to defraud plaintiff with fraudulent amounts PLAINTIFF does not owe, harassed and intimidated her." See e.g., SAC ¶ 223 (RICO claims), SAC ¶¶ 233 and 243. How Greystar "stole her car", "stalked" or "transferred her information to other members" of the Armenian Enterprise is not explained whatsoever by Plaintiff. In short, Plaintiff's use of the

1  phrases "enterprise" and "conspiracy" are merely a means to include Greystar into
2  Plaintiff's pre-existing, wildly speculative, RICO claims without a single fact or basis.

3  The Supreme Court has consistently found that claims which merely allege that
4  defendants acted in concert fail to fulfill the required level of specificity to survive a
5  motion to dismiss. See e.g., *Twombly*, 550 U.S. at 550-52. Yet Plaintiff here has alleged
6  far less than in the deficient complaints in *Twombly* and *Iqbal*. "[T]erms like
7  'conspiracy,' or even 'agreement,'… might well be sufficient in conjunction with a
8  more specific allegation—for example, identifying a written agreement or even a basis
9  for inferring a tacit agreement, ... but a court is not required to accept such terms as a
10 sufficient basis for a complaint." *DM Rsch., Inc. v. Coll. of Am. Pathologists*, 170 F.3d
11 53, 56 (1st Cir.1999).

12 In summary, Plaintiff has failed to plead the necessary elements to establish a
13 conspiracy showing Greystar acted in concert with other defendants for the common
14 purposes of harming Plaintiff. This failure renders Plaintiff's complaint improperly
15 pled, and clearly indicates that Plaintiff's counts 1, 2 and 3 should be dismissed.

16 **2.  <u>Counts 4, 6, and 7 for Unfair Competition in Violation of the</u>**
17 **<u>Sherman Clayton Act 15 U.S.C., California Business and</u>**
18 **<u>Professions Code Sections 16720, and 17200 Fail as a Matter</u>**
19 **<u>of Law</u>**

20 Plaintiff's claims that Greystar (Plaintiff's property manager) acted in
21 conspiracy with an alleged Armenian Enterprise to "rig" the legal market and prevent
22 her law firm from receiving business are entirely unsupported within the allegations of
23 Plaintiff's SAC, and further, factually implausible.

24 **i.   Count 4: Violation of Sherman Clayton Act 15 U.S.C.**

25 Specifically, as to count 4 for Violation of Sherman Clayton Act 15 U.S.C. to
26 succeed in establishing her anti-trust claim, Plaintiff must prove that a conspiracy to
27 rig a particular business market exists. *See Name.Space, Inc. v. Internet Corp. for*
28 *Assigned Names & Numbers*, 795 F.3d 1124, 1129 (9th Cir. 2015). Plaintiff made no

GREYSTAR'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE
305708598v.2                                              3:24 CV-01077 RSH MMP

1  such showing in her SAC. Rather, it is very clear that Plaintiff has merely "copy and

2  pasted" Greystar's name into the complaint "as to all defendants" without alleging a

3  single fact which would satisfy the federal pleadings standards needed.

4      Plaintiff in her SAC fails to allege a single fact to establish a conspiracy

5  involving Greystar. She further fails to properly define the market she is alleging

6  Greystar has conspired to affect, as is required, *Hicks v. PGA Tour, Inc*., 897 F.3d

7  1109, 1120 (9th Cir. 2018) (stating that, at the motion to dismiss stage, a plaintiff "must

8  plead a relevant market to state an antitrust claim under the Sherman Act. . ."). Further,

9  Plaintiff fails to illustrate with <u>specific facts</u> what actions Greystar took to coordinate

10  with other Defendants to affect the legal market – particularly in light of the fact that

11  Plaintiff outrageously alleges that Greystar (exclusively a real estate management

12  company) worked to "rig" the legal market to adversely affect Plaintiff's legal

13  referrals.

14      Because Plaintiff fails to plead facts sufficient to establish a conspiracy, fails to

15  establish the market question, and further fails to plead particular facts as to the actions

16  taken by Greystar to affect that conspiracy her claim for violation of the Sherman or

17  Clayton Act as alleged in Count 4 must facially fail.

18      ## ii.   Count 6: Violation of California Business and

19      ## Professions Code Section 16721

20      As to Count 6, Plaintiff again alleges "all defendants," including Greystar, have

21  violated § 16721 of the California Business and Professions Code by conspiring to

22  destroy Plaintiff's business, excluding her from normal flows of referrals, and created

23  problems for her law firm practice online. (SAC ¶ 277). To a establish a claim under §

24  16721, a Plaintiff must show that they have: (1) experienced discrimination; (2) the

25  discrimination was made on a protected characteristic; and (3) that the discrimination

26  was enacted on the basis of a written policy or document. Cal. Bus. & Prof. Code §

27  16721(b). Plaintiff has no pled facts to establish a single one of these elements as to

28  Greystar. Plaintiff has failed to allege how Greystar (a real estate management

11

1  company) manipulated the legal market; or pled the existence of a specific Greystar

2  written policy or document to which her alleged discrimination in the legal market

3  relates back to as required. *see Shymatta v. Microsoft Corp.*, 150 F. App'x 637, 638

4  (9th Cir. 2005) (affirming summary judgment because the Plaintiff "failed to raise a

5  genuine issue of material fact as to whether Microsoft ha[s]'a policy expressed in any

6  document or writing'" related to discrimination).

7      The Microsoft case is parallel to this case as Plaintiff's vague assertions lack

8  factual support and therefore do not state a plausible claim for relief. *Twombly,* 550

9  U.S. at 555. Dismissal is therefore all but required for Count 6 as against Greystar.

### iii.   Count 7: Violation of the California Business
### and Professions Code Section 17200

12     In Count 7, Plaintiff alleges "as to all defendants" violation of the Unfair

13  Competition Law. Under Section 17200 of the California Business and Professions

14  Code, the Unfair Competition Law ("UCL"), a plaintiff must demonstrate that a

15  business practice is "(1) unlawful, (2) unfair, or (3) fraudulent." *Hammerling v. Google

16  LLC*, 615 F. Supp. 3d 1069, 1094 (N.D. Cal. 2022). "Rule 9(b)'s particularity

17  requirement applies to each of the three prongs of the UCL ('unlawful,' 'unfair,' and

18  'fraudulent') where. . . the claims are based on a 'unified course of fraudulent

19  conduct.'" *Rosado v. eBay Inc*., 53 F. Supp. 3d 1256, 1265 (N.D. Cal. 2014) (edit in

20  original); quoting *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009).

21     Here, as with Counts 4 and 6, again Plaintiff's claims as to Count 7 are entirely

22  devoid of any facts or explanation as to how Greystar acted to affect business practices

23  in the legal market in a way to defraud Plaintiff's law practice. Instead, Plaintiff's

24  complaint rambles about fanciful assertions about "all defendants" role in a RICO

25  conspiracy, which as discussed above, fails to meet *any* pleading requirement, let alone

26  the heightened particularity standard of Rule 9(b). Plaintiff alleges that all Defendants

27  "engaged in unfair competition" by "conspiring with each other to destroy" plaintiff's

28  business by committing "mail & wire fraud." (SAC ¶ 281). Specifically, these alleged

frauds focus on numerous other Defendants sending Plaintiff "fake referrals." (SAC ¶ 282). Like Plaintiff's other business practice claims, here the SAC is entirely devoid as to Greystar. Greystar's involvement in this conduct is not explained or even mentioned – this falls well below the heightened pleading standards required to establish fraud.

In summary, Plaintiff has not identified how Greystar owns, operates, or in any way could have affected discrimination against Plaintiff's legal referrals online as alleged. Plaintiff has stated her belief "as to all defendant" without alleging any particular, substantiating facts showing Greystar acted to defraud or harm Plaintiff's business. As such, Plaintiff's allegations are incoherent, devoid of facts and conclusory—just like her RICO allegations—and fall well below the requirements of Rule 9(b). Thus, the claims for Counts 4, 6 and 7 must be dismissed.

### 3. <u>Plaintiff's Complaint for Discrimination Contained in Counts 5 and 8 Are Vague and Conclusory and Therefore Must Fail as a Matter of Law</u>

Plaintiff's Count 5 and 8 claiming unfair discrimination in violation of 42 U.S.C. and California Civil Code of Procedure Section 527.6 respectively both fail to establish facts demonstrating that Greystar has committed any discrimination as against Plaintiff.

To establish a claim under both statutes Plaintiff must plead facts showing that she has experienced discrimination: (1) arbitrarily; (2) by denying her full and equal accommodations, advantages, privileges, or services; (3) based on a characteristic, such as the person's national origin; (4) which caused injury, damage, loss, or harm. *Evenchik v. Avis Rent a Car Sys., LLC* (S.D. Cal. Sep. 27, 2013) 2013 U.S. Dist. LEXIS 203522, at *12 citing Cal. Civ. Code §§ 51, 52; *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 278 Cal. Rptr. 614, 805 P.2d 873 (1991).

In a similar example, in *Mohammad Akhavein v. Argent Mortg. Co.* the Court found that proper pleading had not been established as the Plaintiff had failed to

establish a connection between their protected characteristic and a discriminatory behavior, leading to the Court finding that Plaintiff's allegations were vague, conclusory, and contradictory. *Mohammad Akhavein v. Argent Mortg. Co.* (N.D. Cal. July 17, 2009) 2009 U.S. Dist. LEXIS 61796. Specifically, the Court pointed out that the Plaintiffs did not allege how Defendants "took into account plaintiffs' race, color, religion, ancestry and national origin as there is no mention of Defendants factoring these criteria in to their obtaining a mortgage." *Id*.

Here, we have a similar situation. Plaintiff alleges that she was "targeted by ANCA and ANCWR because of her sex, color, religion, ancestry, national origin, citizenship" resulting in having her online business profiles go unprotected from complaints. (SAC. ¶288.) However, Plaintiff demonstrates no connection between her allegations of online harassment and Greystar – including what actions Greystar could have done to discriminate against Plaintiff online, or facts showing that the actions taken were done on the basis of Plaintiff's protected characteristics.

Further, under the Unruh Act Cal. (Civ. Code § 51) in Plaintiff's Count 8, even if the Court were to somehow (infer) from the overall SAC that Greystar's eviction of Plaintiff is the discriminatory action in question – Plaintiff's SAC must still nonetheless fail as courts have found that a business may exclude or discriminate access to a Plaintiff on the basis of personal conduct. In the *Frantz* case The California Supreme Court opined that the intent of the Unruh act is "not [to] prohibit[t] businesses from protecting their enterprises from persons who "are in fact disruptive." *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 95. A business may target or exclude an individual when the individuals personal conduct is the reason. As the Court explained: "[t]he significant feature of these cases is that the person's conduct, as opposed to his status, produced the discrimination alleged to be arbitrary." *Id* at 96. The Court summarized that the Unruh Act was intended to "remedy arbitrary discrimination" but it does not "seek to remedy discrimination based on purely

personal grounds." *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 96. This is exactly the case here with Plaintiff.

Although Plaintiff alleges a barrage of accusations that Greystar has discriminated against her by initiating an eviction, disabling her online payment account, locking the public trash facilities, and disabling her keys - Plaintiff fails to show that the actions taken by Greystar were made with the purpose of discrimination.

In summary, Plaintiff in her SAC fails to allege facts to satisfy the elements to establish discrimination, including failing to show Greystar maintains any broad rules or policies against people of her ethnic background, or that the actions attributed to Greystar were done against Plaintiff on the basis of her characteristics rather than her personal conduct of failing to pay rent. Rather, by Plaintiff's own allegations, Greystar's eviction is on the basis of failure to pay, and there are no other facts alleged showing disparate treatment as against Plaintiff. As such, Plaintiff's Counts 5 and 8 for discrimination must fail as a matter of law.

    **4.**     <u>Count 9, 12, and 13 for Plaintiff's State Law Claim for Harassment, Intentional and Negligent Infliction of Emotional Distress Must Fail as a Matter of Law.</u>

      **i.**    **Count 9: Harassment in Violation of California Code of Civil Procedure Section 527.6**

Plaintiff's Count 9 claim for harassment in violation of California Civil Code of Procedure Section 527.6 fails to establish facts demonstrating Greystar has engaged in any form of harassment against Plaintiff. To state a claim under Section 527.6, Plaintiff must allege, among other things, that the defendant engaged in a "a knowing and willful course of conduct entailing a pattern of a series of acts over a period of time, however short, evidencing a continuity of purpose" and that the conduct alleged to be harassment "serves no legitimate purpose." *Schild v. Rubin*, 232 Cal. App. 3d 755, 762 (1991) (internal quotations omitted).

1    Here, Plaintiff's core argument is that ANCA and ANCAWR harassed Plaintiff

2    on social media, Yelp, and other internet services. (SAC ¶¶ 295-97). There is no

3    explanation whatsoever as to how Greystar is involved in the online harassment of

4    Plaintiff or how Greystar's actions were a course of conduct or series of acts over time.

5    In fact, Greystar is not mentioned at all. Thus, Plaintiff fails to state a claim against

6    Greystar under Section 527.6.

7    ### ii.    Count 12: Intentional Infliction of Emotional Distress

8    In Counts 12 and 13, Plaintiff alleges Greystar intentionally and negligently

9    caused her emotional distress by stealing her car, sending her information to "the

10   Enterprise," harassing her with eviction, placing false debt amounts in her online

11   accounts (the amount and details of which are not alleged), and defrauding her as to

12   the nature and amount of their services. (SAC. ¶¶331 and 339).  However, Plaintiff

13   provides no facts to determine: (1) which actions were committed by Kia and which

14   were committed by Greystar: (2) allege why the actions were fraudulent; (3) explain

15   or allege in any way that Greystar is working with the alleged "Enterprise"; (4) show

16   why the alleged actions were otherwise extreme and outrageous – particularly given

17   than Plaintiff herself admits to not paying her rent or bills; or (5) that the actions, even

18   if they occurred, were not otherwise for a legitimate purpose. *Lawler v. Montblanc N.*

19   *Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (*quoting Hughes v. Pair*, 46 Cal. 4th

20   1035, 1050 (2009) (emphasis added)). Conduct is outrageous when it is so "extreme

21   as to exceed all bounds of that usually tolerated in a civilized community," and liability

22   does not extend to "mere insults, indignities, threats, annoyances, petty oppressions,

23   or other trivialities." *Id.*

24   To the contrary, no facts in the SAC allege anything more than Greystar acting

25   in the ordinary course of its business: providing housing accommodation in exchange

26   for financial compensation. There is no evidence showing that Greystar's actions

27   amount to harassment and were not merely in the course of the business contract

28   entered in to by Plaintiff.

16

The allegation that Plaintiff is bothered by the indignity of being notified that she had not paid rent or that her car is improperly parked is not sufficient to establish intentional emotional distress. These actions, on their face, fail to allege anything falling outside the bounds of what is tolerated in civilized society. Far from it. Thus, Plaintiff's allegations fail to establish that any conduct by Greystar could plausibly meet the threshold to establish the elements for harassment.

### iii.   Count 13: Negligent Infliction of Emotional Distress

Plaintiff's Count 13 for negligent infliction of emotional distress ("NIED") is not an independent tort, but rather falls under the tort of negligence. To allege a claim of NIED, Plaintiff must allege that Greystar owed her a relevant duty, the same as for any claim of negligence. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989). Plaintiff's allegations suggest no such relationship. For this reason, and more generally because of her failure to plead NIED beyond the most conclusory assertions, this claim also fails.

For all these reasons, Plaintiff's Count 9, 12 and 13 must be dismissed, as to Greystar.

## B.   MOTION TO STRIKE PLAINTIFF'S CLAIMS UNDER CALIFORNIA ANTI-SLAPP STATUTE

### 1.   Legal Standard

In response to the filing of lawsuits commonly referred to as "Strategic Lawsuits Against Public Participation (SLAPP)," the California Legislature enacted Code of Civil Procedure § 425.16 to provide a mechanism by which defendants may obtain an early dismissal of meritless suits aimed at chilling the valid exercise of the constitutional rights of free speech or petition for redress of grievances. *See Braun v. Chronicle Publishing Co.*, 52 Cal.App.4th 1036, 1042 (1997).

Adjudication of an anti-SLAPP motion involves a two-step process. First, the Court determines whether "the defendant has made a threshold showing the challenged cause of action is one arising from a protected activity." *Navellier v. Sletten*, 29 Cal.4th

17

82, 88 (2002). The critical consideration under the first prong is whether the causes of action are *based on* defendant's petitioning activity. *See City of Cotati v. Cashman*, 29 Cal.4th 69, 78 (2002). When a cause of action alleges both protected and unprotected activity, under step one, "the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." *Baral v. Schnitt,* 1 Cal.5th 376, 396 (2016).

Second, if defendant makes the threshold showing, the burden shifts to the plaintiff to establish a probability of prevailing on their claims. *See Navellier,* 29 Cal.4th at 88. Under the second prong, plaintiff must show "there is a reasonable probability he will prevail on the merits at trial" by showing "both that the claim is legally sufficient and there is admissible evidence that, if credited, would be sufficient to sustain a favorable judgment." *McGarry v. Univ. of San Diego*, 154 Cal.App.4th 97, 108 (2007).

### 2. Plaintiff's Claims for Unfair Business Practices, Harassment, and Emotional Distress Should be Stricken as they Arises from Activity Protected Under The Anti-SLAPP Statute

As addressed above, Plaintiff brings a retaliatory claim against Greystar for RICO Claims, Unfair Business Practices, Harassment, Discrimination, and Intentional and Negligent Infliction of Emotional Distress related to Greystar's lawful actions related to a lawful eviction processes.

The anti-SLAPP statute applies to any "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution." Cal. Code Civ. Proc. §425.16(b)(1). Moreover, the anti-SLAPP statute enumerates four protected activities, including two which are applicable in the instant case. Cal. Code Civ. Proc. 425.16(e)(1) &(2) (any written or oral statement or writing made before a…judicial proceeding or in connection with an issue under consideration or review by a . . . judicial body…"). The Ninth Circuit has held that this provision may be applied to

state law claims that are asserted in federal court. *U.S. ex. rel. Newsham v. Lockheed Missiles and Space, Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

**3.     Prong 1: Greystar's Alleged Activities Are Protected**

Step one of the anti-SLAPP analysis is straightforward, as the basis for every single one of Plaintiff's claim are directly based on the eviction Greystar has filed against Plaintiff. The filing of a lawsuit qualifies as "petitioning" activity under the anti-SLAPP statute.  *See Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 358 (2007). Therefore, Plaintiff's claims against Greystar for Discrimination, Harassment, and Emotional Distress are based on its eviction process which is an activity protected under the Anti-SLAPP statute.

**4.     Prong 2: Plaintiff Cannot Establish a Probability of Prevailing on Her Claims Against Greystar**

Because Greystar has established that Plaintiff's claims are based on Greystar's constitutionally protected right of petition, the burden must shift to Plaintiff to establish there is a probability she will prevail on these claims. *See* Cal. Code. Civ. Proc. §425.16(b)(1). "To satisfy the second prong – the probability of prevailing – the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to support a favorable judgment if the evidence submitted by the plaintiff is accepted." *Kenne v. Stennis*, 230 Cal.App.4th 953, 962 (2014). As discussed above, all of Plaintiff's 11claims as alleged against Greystar suffer from a variety of fatal problems preventing Plaintiff from satisfying her burden of proof under the second prong of the anti-SLAPP analysis.

**C.   FURTHER AMENDMENT OF PLAINTIFF'S SECOND AMENDED COMPLAINT WOULD BE FUTILE.**

Plaintiff's SAC should be dismissed without leave to amend. The Court should not allow Plaintiff to amend her Second Amended Complaint as Plaintiff has already been given ample opportunity to correctly plead her allegations and further because amendment would be futile. Plaintiff's SAC is filled with allegations of absurd

19

grandeur: that Plaintiff is being targeted by an "Armenian Enterprise" involving insiders at unrelated business like Greystar, Google, Kia, and Yelp. Plaintiff cannot contribute new plausible facts to an amended complaint, much less cure the many pre-existing deficiencies in her pleadings. Claims like those in Plaintiff's SAC that are "so attenuated and unsubstantial as to be absolutely devoid of merit" should be dismissed with prejudice. *Rice v. U.S. Supreme Court*, No. C 03-05582 CRB, 2003 WL 22999539, at *2 (N.D. Cal. Dec. 17, 2003).

## V.  CONCLUSION

Plaintiff Aynur Bagherzade's Second Amended Complaint, though long, fails to meet the requisite standards for pleading under the Federal Rules of Civil Procedure, by failing to plead actual causes of action, failing to establish that the cause of action applies, and by failing to plead facts with specificity instead of conclusory allegations. Additionally, the California Anti-SLAPP statue and the litigation privilege protect the activity undertaken by Greystar related to the eviction case. Defendant Greystar California, Inc. therefore respectfully requests that this Court dismiss the Complaint as to Greystar, or in alternative strike each cause of action.

Dated:  January 6, 2025                    **WILSON, ELSER, MOSKOWITZ,
                                              EDELMAN & DICKER LLP**

                                           By: /s/ Jessica R. K. Dorman
                                               Jessica R. K. Dorman, Esq.
                                               Attorneys for Defendant
                                               GREYSTAR CALIFORNIA. INC.

## <u>CERTIFICATE OF SERVICE</u>

I, undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 401 West A Street, Suite 1900, San Diego, California, 92101.

On January 6, 2025, I caused to be served the following document(s):

**DEFENDANT GREYSTAR CALIFORNIA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF AYNUR BAGHIRZADE'S CLAIMS PERSUANT TO FED. R. CIV. PROC. 12(B)(6) AND TO STRIKE CLAIMS PURSUANT TO CAL. CODE CIV. PROC. § 425.16**

On the following Parties in this action:

**SEE ATTACHED SERVICE LIST**

By the following method of service:

**FEDERAL:**

☒      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

☒      **BY ELECTRONIC TRANSMISSION VIA NEXTGEN/ECF**
I electronically filed the foregoing document(s) with the Clerk of the Court through the NextGen/ECF system for the Southern District Court of the United States, which system sent Notification of Electronic Filing to the persons listed on the Court's service list for this case. Upon completion of transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by the NextGen/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 6, 2025, at San Diego, California.

_____
Titania Tessier

GREYSTAR'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE
305708598v.2                                                  3:24 CV-01077 RSH MMP

# <u>CERTIFICATE OF SERVICE – SERVICE LIST</u>

**Aynur Baghirzade**
Pro Se
1968 South Coast Highway Suite 2429
Laguna Beach, CA 92651
contact@aynurlawyers.com

**Attorneys for Defendant, Armenian National Committee of America and Arman Hamparian**
Dick A. Semerdjian
Chad M. Thurston
SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP
101 West Broadway Suite 810
San Diego CA 92101
das@sscelaw.com

**Attorneys for Defendant, Yelp, Inc., Jeremy Stoppelman**
Adrianos Matthew Facchetti
LAW OFFICES OF ADRIANOS FACCHETTI
301 East Colorado Boulevard, Suite 514
Pasadena, CA 91101
adrianos@facchettilaw.com

**Attorneys for Defendant, Google, Inc. and Alphabet Inc.**
Natalie Jordana Morgan
Nicholas Evan Hakan
WILSON SONSINI GOORICH AND ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130
nmorgan@wsgr.com

**Attorneys for Defendant, Orange County Bar Association, Trudy Levindofske, and Teresa Vuki**
Michael A. Sall
Suzanne Burkle Spencer
SALL SPENCER CALLAS & KRUEGER
32351 Coast Highway
Laguna Beach, CA 92651
msall@sallspencer.com
sspencer@sallspencer.com

**Attorneys for Defendant, Los Angeles County Bar Association, Seth Chavez, and Coco Su**
Leah Plaskin Lorenz
KLINEDINST PC
 501 West Broadway Suite 110
San Diego, CA 92101
llorenz@klinedinstlaw.com

22

**Attorneys for Defendant, Attorney Search Network and Jake Baloian**
Jeffrey W. Cowan
THE COWAN LAW FIRM
9301 Wilshire Boulevard, Suite 609
Beverly Hills, CA 90210
jeffrey@cowan-law.com