1  AYNUR BAGHIRZADE
   1968 S. Coast Highway #2429
2  Laguna Beach, CA 92651
   Phone: 619-776-4882
3  Email: contact@aynurlawyers.com

4  *AYNUR BAGHIRZADE, IN PRO SE*

5

6

7              **UNITED STATES DISTRICT COURT**
8             **SOUTHERN DISTRICT OF CALIFORNIA**

9
                              | Case No.: 3:24-CV-01077-RSH-MMP
10 AYNUR BAGHIRZADE,          |
                              | **EX PARTE APPLICATION TO**
11              Plaintiff,    | **RECONSIDER JUDGE ROBERT**
                              | **HUIE'S ORDER DATED JANUARY**
12       v.                   | **6, 2025 GRANTING IN PART**
                              | **PLAINTIFF'S MOTION TO**
13 ARMENIAN NATIONAL          | **CONTINUE DEFENDANTS**
   COMMITTEE OF AMERICA, et al., | **ORANGE COUNTY BAR**
14                            | **ASSOCIATION, TRUDY**
                              | **LEVINDOFSKE, TERESA VUKI**
15                            | **AND LOS ANGELES COUNTY BAR**
                              | **ASSOCIATION, SETH CHAVEZ**
16                            | **AND COCO SU'S MOTIONS**
                              | **HEARING DATES**
17
18
19
20
21                           | Presiding Judge:
                             | Magistrate Judge : Hon. Michelle M.
22                           | Petit
23
24
25
26
27
28

                                    1

Ex Parte Application                    Case No.: 3:24-CV-01077-RSH-MMP

This Motion is made pursuant to LR 7.1. (i).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an ex parte application before this Court making it clear that she is a pro se party moving against multiple defendants in the present case and she has 5 defendants to respond to their motions in the month of January. (Docket # 136). Plaintiff articulated the need in her motion to continue Defendants Orange County Bar Association, Trudy Levindofske, Teresa Vuki and Los Angeles County Bar Association, Seth Chavez and Coco Su's noticed motions hearing dates to March 6, 2025, so that she can respond to their motions on or before February 20, 2025, as she will need to answer to **two** motions and she had another motion to respond on or before February 6, 2025 (Docket # 140). Plaintiff explained the need to continue Defendants' motions hearing dates with the fact of the holidays and number of motions she will need to answer in the month of January as well as the fact that both attorneys for the Defendants happily got more than 60 days to prepare their motions and their resistance to continue their hearing dates now is nothing more than an attempt to undermine Plaintiff's opportunity to properly research their allegations and respond to them on time. Judge Robert Huie made an order moving the deadline for the Plaintiff to respond to Defendants' motions to January 27, 2025, while knowing that Plaintiff has a deadline to respond to Defendant Attorney Search Network and Jake Baloian's motion on or before January 22, 2025, and before she has another deadline to respond to Defendants Armenian National Committee of America ("ANCA"), Armenian National Committee of America Western Region ("ANCAWR") and Aram Hamparian's motion on or before January 16, 2025. Besides these facts, another motion with the same deadline to answer - January 27, 2025, was added  to the docket as another Defendant Greystar Inc. filed its motion on January 6, 2025 (Docket # 148). So,

basically, Plaintiff has to respond to three motions within 5 days which is practically and physically impossible for the pro-se litigant, it is even impossible for the big law firms, all Defendants were asking for the time to prepare their motions and Plaintiff clearly do not understand that she has to be different. Considering ongoing harassment Plaintiff experienced with filing her oppositions, closure of her Pacer account multiple times, court staff efforts to undermine Plaintiff's case by all possible means from very beginning Plaintiff filed an Affidavit/Motion to Disqualify the Judge on January 6, 2025 (Docket # 147). Plaintiff hereby requests to reconsider Judge's decision to continue Defendants' hearing dates in such way as to allow her normal space of time to respond to all motions on time and with quality.

## II. ARGUMENTS

### 1. Defendants' allegations that she created the "crisis" by suing multiple defendants is laughable.

"Rule 20 governs permissive joinder of parties and explains that a Plaintiff may only join multiple Defendants in a single case if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)." *Gorbey v. Chambers, No. 3:20-CV-806, 2020 WL 2574651, at \*2 (M.D. Pa. May 21, 2020).* "In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a Plaintiff may join multiple Defendants in a single complaint only if he asserts at least one claim linking *all* Defendants that (1) arises out of the same transaction or

Ex Parte Application                                    Case No.: 3:24-CV-01077-RSH-MMP

occurrence and (2) involves a common question of law or fact. *Id*.; Wright & Miller, *supra*, § 1655. That is, there must be at least one common claim against all named Defendants. Once a Plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more Defendants, even if those additional claims are unrelated to the common claim linking all Defendants. *See* Fed. R. Civ. P. 18(a); Wright & Miller, *supra*, § 1655." *Id*.

Defendants are sued under Racketeer Influenced and Corrupt Organizations Act (RICO) for forming a cartel against Plaintiff's business, they are all interrelated and correlated in their purpose to destroy Plaintiff's business. Plaintiff cited enough predicate acts related to every Defendant in her SAC, ¶¶ 136 - 154, ¶¶ 158 - 170, SAC. So, it is not Plaintiff who has to be blamed for suing multiple defendants in one single case, it is Defendants who bear the responsibility for what is happening. Now, claiming that Plaintiff is responsible for the "crisis" when they literally joined a terrorist organization in persecuting Plaintiff's business is laughable. Another month of "waiting" would not harm Defendants if the justice at the stake.

**2. When the case involves multiple defendants and multiple motions are filed, more than 30 day additional time to respond to those motions is justified.**

"The district court did not abuse its broad discretion by denying counsel's sixth extension of time for discovery after ordering that no further extensions of time would be allowed absent good cause because the case had been pending almost two years." *Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027*

Ex Parte Application                                    Case No.: 3:24-CV-01077-RSH-MMP

*(9th Cir. 2006)" Brooks v. Agate Res., Inc.*, 836 F. App'x 471, 473–74 (9th Cir. 2020). " In *United States v. Tibboel*, 753 F.2d 608 (7th Cir. 1985), the Seventh Circuit held that in a case with multiple pretrial motions the permitted "under advisement" time period may exceed thirty days…In *United States v. Pedroza*, 269 F.3d 821, 830 (7th Cir. 2001), the court confirmed that additional time beyond the thirty-days of subsection (J) is permitted the court when multiple motions are filed, so long as the court acts with "reasonable promptness." *see also Salerno*, 108 F.3d at 737." *United States v. Pansier, No. 05-CR-272, 2007 WL 9728535, at *3 (E.D. Wis. June 13, 2007), aff'd, 576 F.3d 726 (7th Cir. 2009).*

Here, The Plaintiff request was a ***second*** request for the extension of time, Plaintiff before requested only one extension which was granted for less than 30 days. On what ground Judge Robert Huie thinks that she has to respond to 2 motions in 4 days after the deadline for her to respond to another motion, and why it should be a final extension in her case while it was just her second request for extension and how Defendants will be prejudiced if the extension for more than 30 days is granted is not clear. Moreover, Judge was perfectly aware that another motion with the same deadline will be added to the docket on January 6, 2025. Plaintiff now has to respond to three motions with the same deadline in 4 days range which is clearly impossible. Plaintiff now seeks reconsideration of this order.

**3. Defendants will not be prejudiced by continuance of their motions' hearing dates and Judge's order was an act of retaliation, discrimination and fraud on court.**

Ex Parte Application                                    Case No.: 3:24-CV-01077-RSH-MMP

Additionally, Court failed to analyze what will be the prejudice to the Defendants if Plaintiff files her response in February. The delay in adjudicating the claims is not sufficient to give Plaintiff insufficient time to evaluate motions of Defendants and have ample time to respond to them. Plaintiff in this case would be prejudiced much more than Defendants who were continuously asking for the extension of time both when Plaintiff filed her FAC and then filed her SAC. See Exh. A and B. Moreover, in lieu of other circumstances besides Judge's order setting unrealistic deadline for the Plaintiff to respond to Defendants' motions, Plaintiff considers this order as an act of the prejudice against her, made in retaliation and in another hope to destroy Plaintiff's case, as such Plaintiff requests reconsideration of this order and granting her enough time to respond to Defendants' motions.

**4. Since the Plaintiff is a pro-se litigant because she didn't request the court to register her as an attorney of record and she was coerced by fraud into such registration, her applications must be viewed liberally.**

Plaintiff filed a motion/affidavit to disqualify the judge (Docket # 147 ) for among other things allowing coercion of Plaintiff to be admitted to this Court as an attorney of record while she had an order granting her the right to use Pacer system for electronic filings. Since she was forced to be admitted to this court as a Counsel of record, liberal rules applicable to pro-se litigants shall apply to her. "The rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts" *Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008)*. Plaintiff is not a federal litigator, she was an immigration lawyer who filed this case in a federal court first time in her life. She didn't have any intention to represent other people as an attorney in this Court and that's why she didn't seek

6

Ex Parte Application                                    Case No.: 3:24-CV-01077-RSH-MMP

such registration. Since it was obtained by fraud, Plaintiff now asks to apply to all her requests liberal construction applicable to all pro-se litigants and as such her ex parte application for reconsideration should be granted. She is suing multiple defendants having counsels of records who have rich experience litigating cases in this Court, ignoring this fact and considering her as a registered attorney against her will is another violation of her Due Process Rights under U.S. Constitution.

**5. Judge's order dated January 6, 2025, is void as a result of the fraud on court.**

" Because the power to vacate for fraud on the court "is so great, and so free from procedural limitations," 11 Wright & Miller § 2870, we have held that "not all fraud is fraud on the court…" *United States v. Est. of Stonehill, 660 F.3d 415, 444 (9th Cir. 2011)*. "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it " 'harm[ed]' the integrity of the judicial process." *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir.1989)." *Id.*

Here, the Judge's and his staff's actions harmed the integrity of the judicial system (See Docket # 147). Joining defendants against Plaintiff, in fact joining the cartel against Plaintiff, constantly closing her Pacer account in the hope to break her case, making her to register as an attorney to deprive her a pro-se status, to undermine her work by setting unrealistic deadlines for her to respond didn't just harm Plaintiff, it blew up the integrity of the judicial system. Judge's order in this regard (Docket # 146) shall be considered void.

Ex Parte Application                              Case No.: 3:24-CV-01077-RSH-MMP

**III. CONSLUSION**

Considering all foregoing Plaintiff respectfully asks the Court to reconsider Judge Huie's order (Docket # 146) and grant her request to continue Defendants' motions hearing dates till March 6, 2025 with the deadline for her to respond to these motions till February 20, 2025.

DATED: January 8, 2025

By: *Aynur Baghirzade*
*Aynur Baghirzade, Plaintiff*

Ex Parte Application                                    Case No.: 3:24-CV-01077-RSH-MMP