NATALIE J. MORGAN, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Facsimile: (866) 974-7329
Email: nmorgan@wsgr.com

NICHOLAS E. HAKUN, (Admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
Email: nhakun@wsgr.com

Attorneys for Defendants
GOOGLE LLC AND ALPHABET INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>    Plaintiff,<br><br>    v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al.,<br><br>    Defendants. | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Before: Judge Robert S. Huie<br>Courtroom: 3B<br><br>PER CHAMBERS RULES, NO ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................1

    A. The Court Should Not Consider Allegations, Exhibits, or Claims Raised in Plaintiff's Opposition, as They Were Not in Her Pleadings ...............................................................................................1

    B. Section 230 Applies and Bars Plaintiff's Claims..................................2

        1. Section 230 Applies and Provides Immunity for the Alleged Conduct ...............................................................................2

            a. Plaintiff's New "Government Control" Theory is Baseless and Improper.......................................................2

            b. Google Was Not a "Content Creator," So Section 230 Applies...................................................................3

        2. Plaintiff's Challenges to Section 230's Constitutionality Are Unsound ...................................................................................4

    C. Plaintiff's Claims Fail to Meet the Required Pleading Standard..........6

    D. Further Amendment Would Be Futile ..................................................9

III. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 3

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ............................................................................. 4

*Bennett v. Google, LLC*,
    882 F.3d 1163 (D.C. Cir. 2018) ........................................................................... 5

*Black v. Google Inc.*,
    No. 10-02381 CW, 2010 WL 3222147 (N.D. Cal. Aug. 13, 2010), *aff'd*, 457 F. App'x 622 (9th Cir. 2011) ................................................ 9

*Blizzard Ent. Inc. v. Ceiling Fan Software*,
    No. SACV 12-00144 JVS(RNBx), 2013 WL 12143935
    (C.D. Cal. Jan. 7, 2013) ....................................................................................... 1

*Children's Health Def. v. Meta Platforms, Inc.*,
    112 F.4th 742 (9th Cir. 2024) .......................................................................... 2, 6

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ................................................................................. 9

*Clements v. Fashing*,
    457 U.S. 957 (1982) ............................................................................................. 5

*Fed. Agency of News LLC v. Facebook, Inc.*,
    395 F. Supp. 3d 1295 (N.D. Cal. 2019) .............................................................. 5

*Gonzalez v. Google LLC*,
    2 F.4th 871 (9th Cir. 2021) .................................................................................. 4

*Gonzalez v. Google LLC*,
    598 U.S. 617 (2023) ............................................................................................. 4

*Green v. America Online (AOL)*,
    318 F.3d 465 (3d Cir. 2003) ................................................................................ 5

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) ............................................................................. 4

*La'Tiejira v. Facebook, Inc.*,
    272 F. Supp. 3d 981 (S.D. Tex. 2017) ................................................................ 6

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ............................................................................... 1

*Lewis v. Google LLC*,
    461 F. Supp. 3d 938 (N.D. Cal. 2020) ................................................................ 5

*Lewis v. Google LLC*,
  851 F. App'x 723 (9th Cir. 2021)...................................................................................8

*Prager Univ. v. Google LLC*,
  No. 19CV340667, 2019 Cal. Super. LEXIS 2034
  (Cal. Super. Ct. Nov. 19, 2019)....................................................................................6

*Sikhs for Justice, Inc. v. Facebook, Inc.*,
  697 F. App'x 526 (9th Cir. 2017)..................................................................................5

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........................................................................2

*Twitter, Inc. v. Taamneh*,
  598 U.S. 471 (2023) ......................................................................................................4

*Zeran v. Am. Online, Inc.*,
  129 F.3d 327 (4th Cir. 1997).........................................................................................5

**STATUTES**

42 U.S.C. § 2000a............................................................................................................8

47 U.S.C. § 230........................................................................................................*passim*

Cal. Bus. & Prof. Code § 16721(a)..................................................................................7

Cal. Civ. Code § 51 (Unruh Civil Rights Act) ................................................................5

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1

I. **INTRODUCTION**

Plaintiff has failed to state a proper claim against Google and, even if she had, any such claim would be barred by Section 230. Nothing in her Opposition changes this.

Indeed, her new arguments questioning the constitutionality of Section 230 and her improper introduction of additional allegations only reinforce this conclusion. Even if Plaintiff had properly moved to amend her complaint to include these materials, all she offers are allegations irrelevant to Google's purported role in the supposed conspiracy against her and arguments that fail to raise any doubt about the constitutionality of a routinely-applied statute. It is clear that any further attempt to amend these pleadings would be futile. Thus, the Second Amended Complaint ("SAC") should be dismissed with prejudice.

II. **ARGUMENT**

A. **The Court Should Not Consider Allegations, Exhibits, or Claims Raised in Plaintiff's Opposition, as They Were Not in Her Pleadings.**

Plaintiff added new allegations and exhibits in her opposition brief, which were not included in the SAC. *See* ECF No. 145.1-.4 (containing a declaration, 116 pages of exhibits, a notice challenging Section 230's constitutionality, and a request for judicial notice). The Court should not consider these materials for the purpose of deciding Google's Motion to Dismiss (ECF No. 97). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted) ("[As] a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion[.]") (citation omitted).

Plaintiff's opposition also raises new arguments challenging the constitutionality of Section 230, both on its face and as applied to her case. To the extent this is a new claim, it is untimely, as Plaintiff cannot add new claims in an opposition to a motion to dismiss. *See, e.g.*, *Blizzard Ent. Inc. v. Ceiling Fan*

*Software*, No. SACV 12-00144 JVS(RNBx), 2013 WL 12143935, at *3 n.1 (C.D. Cal. Jan. 7, 2013) (rejecting plaintiff's attempt to introduce new claims in an opposition to a motion to dismiss); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) (explaining that it "is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss").

**B.     Section 230 Applies and Bars Plaintiff's Claims.**

1. <u>Section 230 Applies and Provides Immunity for the Alleged Conduct.</u>

Plaintiff's claims are barred by Section 230 because: (1) Google is a provider of an interactive computer service; (2) the alleged harmful information (negative reviews and posts targeting Plaintiff) was posted by third parties; and (3) Plaintiff seeks to treat Google as the publisher of that information.  47 U.S.C. § 230(c); Motion to Dismiss at 8-10, ECF No. 97.

Plaintiff's Opposition does not refute this.  Instead, she raises new arguments to try and circumvent the plain application of Section 230.

*a. Plaintiff's New "Government Control" Theory is Baseless and Improper.*

Plaintiff now asserts that Section 230 should not apply because Google is controlled by, or in cahoots with, the government.  She claims this is true because various online platforms and banks requested verification of her identity, and the government is somehow responsible for this "verification hell."  Opp'n at 16-17.  And, in her words, since "the Government is acting against Plaintiff by using Defendants[,] Section 230 of the CDA shall not apply to her case."  Opp'n at 15.

This theory tries to circumvent Section 230 by contorting the legal principle that the First Amendment prohibits governmental, not private, restraints on speech and that a private party can be treated as a state actor in certain "exceptional cases." *See Children's Health Def. v. Meta Platforms, Inc.,* 112 F.4th 742, 753-54 (9th Cir. 2024).  But, Plaintiff does nothing to show that this is an exceptional case or that this principle applies here.

First and foremost, her argument relies on new and unfounded allegations which should not be considered. Plaintiff does not provide support for her arguments that Google, under the direction of "the government," placed a prior restraint on or punished her speech. Opp'n at 16-20. To the contrary, these new allegations, in addition to being improperly asserted in Plaintiff's opposition, are entirely conclusory and without support. *See, e.g.,* Opp'n at 14-15 (the "verification hell was brought upon her by the Government itself for no apparent reason and Defendants were just an instrumental part of this campaign…" and later claiming that defendants "ANCA, ANCAWR and Aram Hamparian invoked their 'political' ties in the Congress to launch a hunt on her, and Defendants are members of this 'hunt' operation"); *see Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (rejecting "bare assertions, much like the pleading of conspiracy in *Twombly*, . . . that disentitled them to the presumption of truth").

But even if these unfounded allegations were properly pled, none of Plaintiff's conclusions follow. None of her assertions about online identity verification raise an inference that the actions for which Google is allegedly liable, such as verifying identities, promoting businesses with its algorithms, and displaying information from its search engine, were done at the request of the government. And even if they were, Plaintiff offers no reason why this would change the basic rule of Section 230.

  *b. Google Was Not a "Content Creator," So Section 230 Applies.*

Nor can Plaintiff circumvent Section 230 by claiming that Google acted as a "content creator" by "changing" and "manipulating" content in her business profile and "diluting her business information with the information of another business," Opp'n at 18-20, or by manipulating its algorithms to promote certain content in search results for her name. *Id.* at 20-22. At their core, Plaintiff's allegations are that Google displayed information about a Denmark law firm during searches for her business and failed to remove fraudulent reviews and defamatory news. *Id.* at 24.

As a practical matter, it is unsurprising that a search for Plaintiff's solo practice would return results for another law firm with the same name, especially when the other firm has multiple offices and over 500 employees, likely drawing more traffic to its website from across the globe.[1] Opp'n at 19. This is not indicative of a larger conspiracy by Defendants to diminish Plaintiff's business.

Regardless, as explained in Google's motion to dismiss, *see* Mot. at 9, 11-12, traditional publisher actions such as prioritizing and arranging online content are immunized by Section 230. *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105 (9th Cir. 2009) (finding that Yahoo! was shielded as a publisher from tort liability for failing to remove offensive content); *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1269 (9th Cir. 2016) (finding that Yelp did not make a "material contribution to the creation or development of content" by allegedly copying a review or transforming it into an advertisement); *Gonzalez v. Google LLC*, 2 F.4th 871, 896 (9th Cir. 2021) (holding that "a website's use of content-neutral algorithms, without more, does not expose it to liability for content posted by a third-party"), *judgment vacated*, 598 U.S. 617 (2023).[2]

So even if these conclusory allegations were accurate, this alleged activity falls squarely under the protections provided to publishers by Section 230.

2. Plaintiff's Challenges to Section 230's Constitutionality Are Unsound.

Regarding Plaintiff's new constitutionality challenges, even if they were proper, they ought to be dismissed on the merits for at least two reasons:

---

[1] Anecdotally, a search for Accura Law Firm will return results for both Plaintiff's firm *and* the larger firm based in Denmark. This is true across multiple search engines, not just Google. Similarly, searches for Plaintiff's name return similar results across multiple search engines.

[2] Plaintiff notes that *Gonzalez* was overruled in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). While the Court vacated judgment in *Gonzalez* in light of its decision in *Taamneh*, the Court declined to address the limits of Section 230 liability. *Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023).

*First:* Section 230 has been the law of the land for over 30 years and has been thoroughly analyzed numerous times. Not only are federal statutes presumptively constitutional,[3] here the constitutionality is clear as evidenced by the many judges that have considered and applied the law in very similar situations. *See, e.g.*, *Bennett v. Google, LLC*, 882 F.3d 1163 (D.C. Cir. 2018) (affirming dismissal on Section 230 grounds of claims of defamation, intentional infliction of emotional distress, and tortious interference based on Google not removing third-party posts from its site); *Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526, 526 (9th Cir. 2017) (affirming dismissal of Title II claims on Section 230(c)(1) grounds where Facebook blocked plaintiff's online content); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 335 (4th Cir. 1997) (affirming dismissal of claims against AOL on Section 230(c)(1) grounds where AOL failed to timely remove defamatory messages); *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1307 (N.D. Cal. 2019) (granting motion to dismiss Title II, California Unruh Civil Rights Act, and other claims against Facebook on Section 230(c)(1) grounds where Facebook removed plaintiff's account, page, and content).

*Second:* Plaintiff's theory that Section 230 infringes on First Amendment rights, *see* Opp'n at 17 (ECF No. 145), has been rejected by other courts. A number of courts have considered, and rejected, constitutional challenges to Section 230 precisely because Section 230 does not require internet service providers to constrain speech. For example, in *Green v. America Online (AOL)*, the Third Circuit held that Section 230 does not "contravene[] the First Amendment" because it does not "require AOL to restrict speech; rather it allows AOL to establish standards of decency without risking liability for doing so." 318 F.3d 465, 472 (3d Cir. 2003); *see also Lewis v. Google LLC,* 461 F. Supp. 3d 938, 952-53 (N.D. Cal. 2020) (rejecting plaintiff's argument that Section 230(c)(1) violates the First Amendment

---

[3] *See, e.g.*, *Clements v. Fashing*, 457 U.S. 957, 963 (1982) (explaining that "Legislatures are ordinarily assumed to have acted constitutionally").

1  because that provision "does not ban or restrict any speech"); *Prager Univ. v. Google LLC*, No. 19CV340667, 2019 Cal. Super. LEXIS 2034, at *30 (Cal. Super. Ct. Nov. 19, 2019) (applying Section 230 to bar claims arising from demonetization of and failure to surface YouTube videos to users operating in restricted mode does not violate First Amendment); *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 995 (S.D. Tex. 2017) (rejecting argument that Section 230 unconstitutionally abridges plaintiff's access to courts). Furthermore, Section 230 is neutral towards third-party speech and "merely affords [providers] the ability to *choose* whether to suppress certain third-party speech without risking costly litigation." *See Children's Health Def,*, 112 F.4th at 765. Here, because Google was not acting at the direction of the government and did not restrain speech, Section 230 is not interfering with Plaintiff's First Amendment rights.

For these reasons, the Court should ignore Plaintiff's eleventh-hour constitutional challenge to Section 230.

*     *     *     *     *

In sum, because Plaintiff's claims are squarely barred by Section 230, and Section 230 is not unconstitutional, the Court should dismiss her claims with prejudice.

**C.     Plaintiff's Claims Fail to Meet the Required Pleading Standard.**

Even if Plaintiff's claims were not barred by Section 230, she fails to state a valid claim against Google, and her Opposition fails to address this critical shortcoming.

Counts 1, 2, and 3: Regarding Plaintiff's RICO claims, her Opposition stresses the existence of the "Armenian Enterprise" but fails to plausibly allege how Google acted in concert with the other Defendants for a common purpose. Plaintiff claims that Google was working "for the objectives of [the] Armenian cartel," but has never explained this conclusory allegation. Opp'n at 23. Now, Plaintiff asserts there is "Government conduct behind Defendants' acts," but again provides no relevant

details. Opp'n at 16-17. And when specifics are mentioned, they are not indicative of a RICO conspiracy.

For example, Plaintiff discusses different search results appearing on her phone and computer and negative press appearing in her search results and claims this is sufficient to demonstrate a conspiracy, but it is not. Opp'n at 24. These allegations of normal search engine activity do not support *anything improper*, let alone evidence of an enterprise sufficient to support RICO claims.[4]

<u>Counts 4, 6, and 7</u>: Regarding Plaintiff's restraint on competition claims, Plaintiff fails to plausibly allege the existence of a conspiracy. Plaintiff alleges that the Orange County Bar Association violated the Sherman and Clayton Acts by monopolizing the legal market in Orange County, and all defendants were working together to exclude Plaintiff from the market. SAC ¶ 249. But again, Plaintiff fails to explain anywhere how Google participated in this alleged cartel beyond promoting allegedly fake reviews and search results for a Danish law firm over her own. Instead, she strings together unrelated allegations and asks the court to construe them as a conspiracy. *See* Opp'n at 32-34.

Plaintiff's restraint of competition claim based on discrimination under the California Business and Professions Code also fails because she failed to demonstrate how Google intentionally discriminated against her based on a written policy of discrimination, as required by the statute. *See* Cal. Bus. & Prof. Code § 16721(a) (stating that no person "shall be excluded from a business transaction on the basis of *a policy* expressed in any document or writing..."). Her Opposition references a 1984 research paper about an Armenian-affiliated terrorist group, Opp'n at 34-35; SAC ¶ 54, but makes no effort to connect it to discrimination by Google. She also complains that Google violates its own Terms of Service because

---

[4] As previously explained, Google search results can differ for a variety of reasons, and the search results Plaintiff complains of appear on multiple search engines as well.

it "removed Plaintiff's content without any explanations and without any good faith," Opp'n at 35, but that is another nonsequitur. Ultimately, Plaintiff's claim relies on the conclusory assertion that "since Google joined [other defendants] in persecuting Plaintiff," Google therefore "incorporated" the unspecified policies followed by those other defendants. Opp'n at 34. Nonsense. It is clear that Plaintiff has not, and cannot, plead that Google follows any written policy that discriminates based on a protected category in any way—intentionally or otherwise.

Counts 5 and 8: Regarding Plaintiff's denial of public accommodation claims, Plaintiff has failed to allege any physical place of public accommodation or how she was the victim of Google's allegedly discriminatory act. Plaintiff admits that 42 U.S.C. § 2000a emphasizes the importance of a physical presence but claims the physical presence of her law office satisfies this requirement. Opp'n at 37. But that is not how this statute operates.

As the Ninth Circuit has made clear, "it is clear Congress' intent in enacting Title II was to provide a remedy only for discrimination occurring *in facilities or establishments* serving the public" and that "explicitly covers places, establishments, lodgings and facilities open to the public at large" including the "[f]ifteen examples [which] are offered within the text of the law: inns, hotels, motels, restaurants, cafeterias, lunch rooms, lunch counters, soda fountains, retail establishments, gas stations, movie houses, theaters, concert halls, sports arenas and stadiums." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994) (emphasis added).

Plaintiff also argues Google's *website* is the relevant "place[] of public accommodation," SAC ¶ 254, but, websites are not covered by the statute. *See Lewis v. Google LLC*, 851 F. App'x at 724 ("YouTube's websites are not a 'place of public accommodation'") (quoting 42 U.S.C. § 2000a(a)). Like the plaintiff in *Clegg,* Plaintiff cannot show how she was discriminated against at a place of public accommodation under Google's control. *Cf. Clegg*, 18 F.3d at 756 (holding that

1 Defendant organization's occasional use of physical facilities did not make it a place
2 of public accommodation under Title II).  As a result, her claims must be dismissed.
3       <u>Counts 9, 10, 11, and 12</u>: Lastly, regarding Plaintiff's state law harassment
4 and intentional tort claims, her Opposition fails to illustrate how Google willfully
5 and intentionally acted against her.  Plaintiff claims she was harassed by
6 "discriminatory algorithms," Opp'n at 27, and the continuous verification requests
7 for her Google Business account, *id.* at 26, but, as previously explained, there is no
8 indication that the algorithms are discriminatory or that Google targeted Plaintiff
9 with verification requests beyond the standard course of business.  Plaintiff's claims
10 of harassment, defamation, and infliction of emotional distress center around
11 allegedly harmful third-party content on Google's platform.  As previously stated,
12 Google is protected against these claims by Section 230, because it acted solely as
13 the publisher and is not liable for the postings of third parties.

14       **D.    Further Amendment Would Be Futile.**

15       Plaintiff's SAC should be dismissed without leave to amend.  The SAC
16 introduced new and unfounded allegations, her Opposition introduces even more,
17 and foreshadows bringing additional claims in a further amendment.  Opp'n at 13.
18 Plaintiff claims she keeps discovering new information, including her photo
19 appearing in Google search results for her name, and that the Government could be
20 behind Google's acts.  *Id*. at 13-14.  These allegations *could* have been included in
21 Plaintiff's SAC but, since they were not, should be wholly ignored.

22       Plaintiff serially attempts to amend her complaint, yet has done nothing to
23 cure the defects that warrant dismissal. *Cf. Black v. Google Inc.*, No. 10-02381 CW,
24 2010 WL 3222147, at *1 (N.D. Cal. Aug. 13, 2010), *aff'd*, 457 F. App'x 622 (9th
25 Cir. 2011) ("In determining whether amendment would be futile, the court examines
26 whether the complaint could be amended to cure the defect requiring dismissal
27 without contradicting any of the allegations of the original complaint").  Rather, she
28 adds new allegations, claims, and defendants based on the same conclusory and

unfounded premise that Google, through the "Armenian Enterprise" is targeting her. Further amendment is futile.

## III.     CONCLUSION

For these reasons, and those in its opening brief, Google respectfully requests that its Motion to Dismiss the Second Amended Complaint be granted with prejudice.

Respectfully submitted,

Dated: January 10, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: *s/ Nicholas E. Hakun*
Nicholas E. Hakun
(Admitted *Pro Hac Vice*)
E-mail: nhakun@wsgr.com

Attorney for Defendants
GOOGLE LLC and ALPHABET INC.