Heather L. Rosing, Bar No. 183986
Leah A. Plaskin Lorenz, Bar No. 228008
ROSING POTT & STROHBEHN,
in partnership with Zelms Erlich & Lenkov
501 West Broadway, Suite A380
San Diego, California 92101
Tel: 619-990-5566
Hrosing@rosinglaw.com
Llorenz@rosinglaw.com

Attorneys for Defendants LOS ANGELES COUNTY BAR ASSOCIATION, COCO SU, and SETH CHAVEZ

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non - Profit Corporation, et al,<br><br>Defendants. | Case No. 24CV1077 RSH MMP<br><br>**DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, COCO SU AND SETH CHAVEZ'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO RECONSIDER JUDGE ROBERT HUIE'S JANUARY 6, 2025 ORDER**<br><br>Judge: Hon. Hon. Robert S. Huie<br>Courtroom: 3B |

Defendants Los Angeles County Bar Association, Coco Su, and Seth Chavez ("LACBA Defendants") hereby oppose Plaintiff Aynur Baghirzade's ex parte application [Doc. No. 151] seeking reconsideration of the Court's Order [Doc. No. 146] granting her an extension of time to oppose the LACBA Defendants' Motion to Dismiss [Doc. No. 100]. Plaintiff has now requested multiple extensions to respond to various defendants' motions to dismiss, including the LACBA Defendants'. After receiving an extension of January 27, 2025, Plaintiff claims that extension is not enough and continues to ask that her deadline be moved to March 6, 2025 (which would be about 60 days past the

/ / /

1  original January 6, 2025 hearing date). Plaintiff, however, has not demonstrated
2  good cause for a further extension.
3      Rather than work on the oppositions to the pending motion to dismiss,
4  Plaintiff has now filed numerous ex parte applications seeking extensions, as
5  well as an application asking to disqualify Judge Huie for no valid reason. [See
6  e.g., Doc. Nos. 123, 136, 149, 151, 147.] Plaintiff has had more than sufficient
7  time to draft an opposition to the LACBA Defendants' Motion to Dismiss, as
8  well as to the Orange County Bar Association's Motion to Dismiss (which is
9  also the subject of her most recent ex parte application [Doc. No. 151].)
10     As addressed in the opposition to Plaintiff's prior ex parte application
11 seeking an extension, the LACBA Defendants filed their motion to dismiss on
12 December 2, 2024. [Doc. No. 100.] The arguments addressed therein, however,
13 had been provided to Plaintiff much earlier. The Motion to Dismiss articulated
14 the same arguments that the LACBA Defendants first met and conferred with
15 Plaintiff about (with respect to the First Amended Complaint) in October 2024.
16 The LACBA Defendants then met and conferred with Plaintiff again, regarding
17 the same arguments (but now with respect to the Second Amended Complaint),
18 in November 2024. [See Doc. 141, Declaration of Leah Lorenz, ¶ 3.] Plaintiff
19 requested and agreed to an extension last month, agreeing to a January 20, 2024
20 hearing date. [*Id*., ¶ 4.] After other Defendants filed their motions to dismiss,
21 Plaintiff then requested and received the additional extension to January 27,
22 2024.
23     Plaintiff points to the other motions she has to oppose as support for her
24 request. Many of these motions were filed after the LACBA Defendants' motion
25 and do not provide a basis to continue to delay the conclusion of briefing for and
26 / / /
27 / / /
28 / / /

resolution of the LACBA Defendants' Motion to Dismiss.[1] Further, it continues to remain Plaintiffs' decision to sue over 30 defendants in this action.

Federal Rules of Civil Procedure, Rule 1 confirms the goal of the speedy disposition of all matters. Delaying the LACBA Defendants' Motion to Dismiss until March does not meet that goal.

Finally, with respect to Plaintiff's claims that she is a pro se litigant, that (1) does not obviate her duty to timely litigate the action she has brought, and (2) that assertion disregards the fact that Plaintiff is also an attorney (who has made the decision to bring this action and litigate it herself).

In sum, there continues to be no good cause to further continue the LACBA Defendants' Motion to Dismiss to a date in March (or February), and Plaintiff's application for reconsideration should be denied.

ROSING POTT & STROHBEHN

DATED: January 13, 2025    By:    /s/ *Leah A. Plaskin Lorenz*
Heather L. Rosing
Leah A. Plaskin Lorenz
Attorneys for Defendants LOS ANGELES COUNTY BAR ASSOCIATION, COCO SU, and SETH CHAVEZ

---

[1] Plaintiff also points to prior extensions Defendants received. The extension she references with respect to the LACBA Defendants was sought because Plaintiff had a motion for leave to file an amended complaint at the time the LACBA Defendants' response was due to the then operative complaint. That extension was sought so as not waste the parties' or the Court's time and resources addressing a Motion to Dismiss that could quickly be mooted due to the pending request to amend the complaint.

# CERTIFICATE OF SERVICE

*BAGHIRZADE v. ARMENIAN NATIONAL COMMITTEE OF AMERICA*
USDC SD CA Case No. 24CV1077 RSH MMP

I hereby certify that on January 13, 2025, I electronically filed the foregoing DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, COCO SU AND SETH CHAVEZ'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO RECONSIDER JUDGE ROBERT HUIE'S JANUARY 6, 2025 ORDER with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on January 13, 2025, at San Diego, California.

/s/ *Leah A. Plaskin Lorenz*
_____
Leah A. Plaskin Lorenz