1  AYNUR BAGHIRZADE
2  1968 S. Coast Highway #2429
   Laguna Beach, CA 92651
3  Phone: 619-776-4882
   Email: contact@aynurlawyers.com
4  *AYNUR BAGHIRZADE, IN PRO SE*
5
6
7           **UNITED STATES DISTRICT COURT**
8           **SOUTHERN DISTRICT OF CALIFORNIA**
9
10 AYNUR BAGHIRZADE,                    Case No.: 3:24-CV-01077-RSH-MMP
11                  Plaintiff,          **PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**
12            v.
13 ARMENIAN NATIONAL
   COMMITTEE OF AMERICA, et al.,
14
15
16
17                                      / Filed concurrently with Exhibits, Request for Judiciary Notice, Proposed Order /
18
19
20                                      Presiding Judge: Hon. Robert Huie
21                                      Magistrate Judge : Hon. Michelle M. Petit
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

1                                    Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF CONTENTS

**I.    INTRODUCTION** ………………………………………………………………..6

**II.    LEGAL STANDARD FOR MOTION TO STRIKE**…………………….6

**III.    LEGAL STANDARD FOR MOTION TO DISMISS**……………………7

**IV.    ARGUMENTS**……………………………………………………………………..9

A. Plaintiff put Defendants on notice that their speech was unprivileged and moreover unprotected speech………………………………………………..9

B. Plaintiff put Defendants on notice that their speech was not on a matter of public concern………………………………………………………………11

C. Even if Defendants' speech was on a matter of public concern, it is still unprotected by Section 425.16 of California Code of Civil Procedure because it was made with actual malice and Plaintiff was not a public official or a public figure………………………………………….12

D. Plaintiff put Defendants on notice that their speech was not an opinion and was based on false facts……………………………………………14

E. Plaintiff was under no obligation to plead defamation under heightened standard of Rule 9 (b) of F.R.C.P. as Defendants try to persuade Court……………………………………………………………………..15

**V.    CONCLUSION** …………………………………………………………………..16

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

2    Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF AUTHORITIES

*CASES:*

*Ashcroft v. Iqbal,*
    556 U.S. 662, 663-64 (2009)……………………………………………………….9

*Auster Oil Gas,*
    Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)……………………………..7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)…………………….8

*Bible Believers v. Wayne Cnty.,*
    Mich., 805 F.3d 228, 246 (6th Cir. 2015)…………………………………………9

*Brandenburg v. Ohio,*
    395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969)……………………………9

*Conley v. Gibson,*
    355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)……………..8

*E.D.C. Techs., Inc. v. Seidel,*
    225 F. Supp. 3d 1058, 1062–63 (N.D. Cal. 2016)……………………………….7

*Eisai Co., Ltd. V. Teva Pharmaceuticals USA, Inc.,*
    629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009)…………………………….6, 7

*Gallagher v. Philipps,*
    563 F. Supp. 3d 1048, 1086 (S.D. Cal. 2021)……………………………..15

*Garlanger v. Verbeke,*
    223 F.Supp.2d 596, 609 (D.N.J. 2009)……………………………………………..7

*Gertz v. Robert Welch, Inc.,*
    418 U.S. 323, 377, 94 S. Ct. 2997, 3025, 41 L. Ed. 2d 789 (1974)………14

*Gibson v. United States,*
    781 F.2d 1334, 1337 (9th Cir. 1986)……………………………………………….8

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

3    Case No.: 3:24-CV-01077-RSH-MMP

*Gilligan v. Jamco Development Corporation,*
    108 F.3d 246, 248-49 (9th Cir. 1997)..................................................................8

*Gustafson v. Jones,*
    290 F.3d 895, 906-7 (7th Cir. 2002)...................................................................11

*Hall v. City of Santa Barbara,*
    833 F.2d 1270, 1274 (9th Cir. 1986)....................................................................7

*McCaskill v. Gallaudet Univ.,*
    36 F. Supp. 3d 145, 159 (D.D.C. 2014)..............................................................14

*Milkovich v. Lorain Journal Co.,*
    497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)............................................14

*Moldea v. New York Times Co.,*
    22 F.3d 310, 313 (D.C. Cir. 1994).......................................................................14

*Mosesian v. McClatchy Newspapers,*
    233 Cal.App.3d 1685, 1694 (Cal. Ct. App. 1991)..............................................12

*Okeke v. Biomat USA, Inc.,*
    927 F. Supp. 2d 1021, 1027 (D. Nev. 2013).......................................................15

*Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists,*
    244 F.3d 1007, 1015 (9th Cir. 2001)....................................................................9

*Scheur v. Rhodes,*
    416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974).........................8

*Smith v. Fruin,*
    28 F.3d 646, 651 (7th Cir. 1994).........................................................................11

*Swank v. Smart,*
    898 F.2d 1247, 1251 (7th Cir. 1990)..................................................................11

*Vess v. Ciba–Geigy Corp.*
    USA, 317 F.3d 1097, 1110 (9th Cir. 2003).........................................................7

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

4        Case No.: 3:24-CV-01077-RSH-MMP

*White v. Fraternal Order of Police,*
    909 F.2d 512 (D.C. Cir. 1990)……………………………………………..14


***STATUTES:***

California Code of Civil Procedure, § 425.16………………………………6, 7, 12

Federal Rules of Civil Procedure, § 8…………………………………………..7, 8

Federal Rules of Civil Procedure, § 9 ……………………………………………15

Federal Rules of Civil Procedure, § 12(b)6……………………………………..6, 7

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

5    Case No.: 3:24-CV-01077-RSH-MMP

## I. INTRODUCTION

Defendants Armenian National Committee of America ("ANCA"), Aram Hamparian, Armenian National Committee of America Western Region ("ANCAWR") filed a motion to strike pursuant to § 425.16 of California Code of Civil Procedure, Anti - Slapp Statute, alleging that their speech was a protected speech and that Plaintiff didn't provide defamatory statements in her SAC, didn't plead falsity of the statements and so on. Plaintiff does not believe that Defendants have privilege to enjoy free speech protection, since they attacked her for her political speech in a public forum and their primary purpose, as a pattern of racketeering activity in Plaintiff's SAC shows, was to silence her. Defendants are affiliated with Armenian Revolutionary Federation ("ARF") persecuting both its own community members and members of U.S. public at large for their free speech if such speech is not in the interests of their agenda,¶¶ 51 - 60, SAC, See also Exhibit A to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to dismiss (Docket # 128, ESF page No.2255 - 2276), See also Letter of Citizens for Responsibility and Ethics In Washington as well as APPENDIX TO THE CONGRESSIONAL RECORD previously filed as Exhibits to Plaintiff's Opposition to Defendants' Yelp Inc. and Google LLC's motions to dismiss (Docket # 128, ESF page No.2255 - 2276 and Docket # 145, ECF page No. 2573 - 2576). Since Defendants maliciously, purposefully, intentionally targeted Plaintiff for her free speech they can't claim now any privilege, additionally their speech was unprivileged, unprotected, defamatory and made with actual malice, on all of which Defendants were put on notice.

## II. LEGAL STANDARD FOR MOTION TO STRIKE

"This standard essentially translates into application of the standards of a Rule 12(b)(6) motion to dismiss, with the understanding that a motion to strike should be granted sparingly." *Eisai Co., Ltd. V. Teva Pharmaceuticals USA, Inc.*,

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

6    Case No.: 3:24-CV-01077-RSH-MMP

*629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009)*. "[M]otions to strike are highly disfavored." *Id.* "To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger v. Verbeke, 223 F.Supp.2d 596, 609 (D.N.J. 2009).*

"In order to prevail on an anti-SLAPP motion, the movant must first make a prima facie showing, through the pleadings themselves and supporting affidavits, that the statement or conduct underlying the legal claims against it qualifies for protection under the anti-SLAPP statute. Id. § 425.16(b); *Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003)*. The burden then shifts to the nonmoving party to demonstrate a probability of prevailing on the challenged claims." *E.D.C. Techs., Inc. v. Seidel, 225 F. Supp. 3d 1058, 1062–63 (N.D. Cal. 2016).* As analysis will show Defendants failed with their attempt to make a prima facie case that their speech was a protected speech, since they targeted Plaintiff in her professional capacity as a lawyer, not a politician, not a public figure, and their speech was a deliberate, malicious and calculated attack on her bar license, it was not a speech on a public concern, it was a call for imminent attack on the Plaintiff and such violent attack followed.

### III. LEGAL STANDARD FOR MOTION TO DISMISS

1. Ninth Circuit is hostile to 12(b)(6) Motions for Failure to State Claim. The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim. "The federal rules require only a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8 (a). The Rule 8 standard contains "a powerful presumption against rejecting pleading for failure to state a claim." *Auster Oil Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985); see also Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986)* ("It is

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

7   Case No.: 3:24-CV-01077-RSH-MMP

axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.").

The Supreme Court has explained that 'it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Scheur v. Rhodes, 416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974))*. In reviewing the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Development Corporation, 108 F.3d 246, 248-49 (9th Cir. 1997)*. Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).)*. Under Federal Rules of Civil Procedure 8 (a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations are not required, Twombly, 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does not call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its place", id., at 570, 127 S.Ct. 1955.

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the plaintiff is entitled to relief for the misconduct alleged". *Id., at 556, 127 S.Ct. 1955*. "Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements". *Id., at 555, 127 s.ct. 1955*. "A court considering the motion to dismiss may begin by identifying the allegations that, because they are mere conclusions, are not entitled to assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well pleaded factual allegations, a court should assume

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

8　　　　　　　Case No.: 3:24-CV-01077-RSH-MMP

their veracity and then determine whether they plausible give rise to an entitlement to relief". *Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009)*. Plaintiff pleaded a short and plain statement of the claims. Plaintiff pleaded all defamatory statements of Defendants in SAC, ¶¶ 79 - 93, they are also added here as *Exhibits C - G*.

## IV. ARGUMENTS

**A. Plaintiff put Defendants on notice that their speech was unprivileged and moreover unprotected speech.**

Defendants' speech was unprivileged and moreover it was a speech inviting an imminent attack on Plaintiff, and such attack immediately followed, ¶ 309, SAC. "Brandenburg test precludes speech from being sanctioned as incitement to riot unless (1) the speech explicitly or implicitly encouraged the use of violence or lawless action, (2) the speaker intends that his speech will result in the use of violence or lawless action, and (3) the imminent use of violence or lawless action is the likely result of his speech." *Bible Believers v. Wayne Cnty., Mich., 805 F.3d 228, 246 (6th Cir. 2015)*. "In *Brandenburg v. Ohio,* 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969) (per curiam), the Supreme Court held that the First Amendment protects speech that encourages others to commit violence, unless the speech is capable of "producing imminent lawless action"." *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 244 F.3d 1007, 1015 (9th Cir. 2001), on reh'g en banc, 290 F.3d 1058 (9th Cir. 2002), as amended (July 10, 2002)*. Immediately after Defendants made statement that Plaintiff "was calling for the genocide of Armenians" her emails, her phone number, her business accounts were flooded with death threats,¶ 79, SAC. *See also, Exh. H*. The death threats were coming nonstop, the fact that these death threats were coming from the names of well known Armenian terrorists is not accidental too. Considering Defendants' affiliation with ARF - this could not be accidental, ¶¶ 51 - 60, SAC, See also Exhibit A to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

9     Case No.: 3:24-CV-01077-RSH-MMP

dismiss (Docket # 128, ESF page No.2255 - 2276), rather it was targeted, malicious, well planned attack on her - first to harass and intimidate her, then to attack her professional license and destroy her career. Moreover, suppression of free speech is at the cornerstone of ARF activity from its inception - killing for the free speech of even their own community members was quite widespread at the time when this organization was first established in the United States (see APPENDIX TO THE CONGRESSIONAL RECORD added to Plaintiff's Opposition to Google LLC and Alphabet Inc.'s motion to dismiss as exhibit - Docket # 145, ECF page No. 2573 - 2576 on how Hairenik first threatened and then ARF members killed archbishop Tourian for his speech). All terror groups have totalitarian system and as such they need a strict system where everybody "obeys" the rules. Today we have a tendency when this group is trying to establish the same rules for the entire country using Yelp, Google, Facebook and other U.S. platforms to suppress the speech. For this reason they intimidate people into silence and apology by placing fake reviews on their business platforms such as Yelp and Google, ¶¶ 42, 43, 46 - 49, 69 - 81, 94 - 98, SAC.  Moreover, the pattern of suppression of others' speech is so much widespread that Australian court issued decision on the matter, making Defendants of Armenian origin to pay for ruining the business of Azerbaijani woman just because she named her products in the name of the occupied region of Azerbaijan where ARF and other terror groups for 30 years robbed, killed, raped and eventually established another totalitarian "heaven" for their own people., ¶ 49, SAC., See court decision in the case Khuraman Armstrong v. Yulia Assatryan (Case # CI - 21 - 01623) previously filed as an Exhibit D to Defendants Yelp Inc. and Jeremy Stoppelman's motion to dismiss (Docket # 128, ECF No. 2292 -2336). Defendants are present in Australia and have their office in this country too. We are dealing with unique pattern of defamation and intimidation terror to silence people and control their free speech,

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

10    Case No.: 3:24-CV-01077-RSH-MMP

it has nothing to do with Defendants' "right" to express their "opinion" on the matters of public concern. Moreover, all tweets of Defendants were attacks on Plaintiff's personality, career, license, income, none of their tweets were expressing any concerns about public issue, rather it was a full scale hate campaign to damage her, ¶¶ 82 - 92, SAC.

It was Plaintiff's political speech which Defendants wanted to suppress, it was not them "speaking" about politics or the matter of public concern. Since the purpose of Defendants was to intimidate Plaintiff into silence and encourage others to illegally attack her they can't now claim any protection under Section 425.16 of California Code of Civil Procedure.

**B. Plaintiff put Defendants on notice that their speech was not on a matter of public concern.**

"Whether a government employee's speech addresses a matter of public concern depends upon "the content, form, and context of the speech as revealed by the whole record" *Gustafson v. Jones, 290 F.3d 895, 906-7 (7th Cir. 2002).* "Of these three factors, content is most important." Id. "The "public concern" element is satisfied if the speech can fairly be said to relate to a matter of political, social, or other concern to the community, rather than merely a personal grievance of interest only to the employee." *Id.* "The purpose of the `public concern' requirement is to distinguish grievances of an entirely personal character from statements of broader interest concerning one's job, rather than to fix the boundaries of the First Amendment." *Swank v. Smart, 898 F.2d 1247, 1251 (7th Cir. 1990).* "The content and form of the employee's remarks, along with the underlying circumstances, including the employee's reasons for speaking, remain essential to this determination." *Smith v. Fruin, 28 F.3d 646, 651 (7th Cir. 1994).*

Defendants' speech was not about the matters of political nature between Armenia and Azerbaijan. Defendants' speech was not about Azerbaijan committing

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

11         Case No.: 3:24-CV-01077-RSH-MMP

genocide or Turkey committing genocide, all of them were targeted assault on Plaintiff's personality and license. Defendants targeted Plaintiff's license maliciously, purposefully, deliberately . Defendants' motive was not a public concern, but targeted attempt to ruin her career because of her speech. Defendants also have a rich history in the past persecuting people of the same ethnicity, national origin, ancestry as Plaintiff, literally killing them (Defendants are related to ARF),¶¶ 51 - 60, SAC, See also Exhibit A to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to dismiss (Docket # 128, ECF page No.2255 - 2276), See also *Exh. A - H* to this Opposition.

**C. Even if Defendants' speech was on a matter of public concern, it is still unprotected by Section 425.16 of California Code of Civil Procedure because it was made with actual malice and Plaintiff was not a public official or a public figure.**

Plaintiff with particularity pleaded in her SAC tweets made by the Defendants and how maliciously her own tweets were manipulated and presented to the public, 79 - 93, SAC.  "Three types of defamation plaintiffs have been identified who must prove actual malice when defamatory speech relates to a matter of public concern — the public official, the general purpose public figure and the limited purpose public figure. " *Mosesian v. McClatchy Newspapers, 233 Cal.App.3d 1685, 1694 (Cal. Ct. App. 1991)*. The problem of Defendants is that they knew that their statements were false. They knew that Plaintiff didn't call for any genocide of Armenians, that's why they cut off her first tweet from the entire tweet thread, where she was speaking on "joining Armenia to us", and presented it as a "call for genocide", ¶ 79, SAC, See *Exhibits C, D, E*.  For instance, the second part of her tweet she made on January 7, 2024, was completely omitted by the Defendants when they posted their news on Plaintiff making "calls for the genocide" - in the second part of her tweet thread, she was speaking about Armenia

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

12                                   Case No.: 3:24-CV-01077-RSH-MMP

1 to join Azerbaijan (the exact words were "We have to think how to join Armenia to
2 us"). Plaintiff requested the entire zip file from her Twitter account, but couldn't
3 download it, for unknown reasons she can't also download any unzipping
4 application on her Mac and will subpoena this tweet if necessary. The first part of
5 this tweet was also manipulated - the tweet was made in response to another
6 person's tweet that Azerbaijan committed Khojali genocide, which outraged
7 Plaintiff as Khojali is officially confirmed by HRW report to be committed by
8 Armenian terror groups together with CIS 366 regiment. As you may see from
9 *Exhibits C and D* - this tweet, on which Plaintiff responded, disappeared from
10 future tweets of Defendants. They did similar manipulations with all her other
11 tweets. For instance, where she was speaking about deleting Armenian project it
12 was presented as "deleting Armenia" - *See Exhibit E.* , where she was speaking
13 about "Armenia as a carcinoma to be reformed", they presented it as "she named
14 Armenians a cancer", which has a completely different meaning - *See Exh. E*. In
15 the same manner they omitted the second part of Plaintiff's tweet where she was
16 talking about "We have to think how to join Armenia to us", and presented to the
17 public only third part of her tweet, thus making sure to infuriate their community
18 and encourage it to attack Plaintiff (*See Exhibit D*). Plaintiff expressed opinion that
19 it would be better for Armenia to be a part of Azerbaijan in terms of regional peace
20 and stability, this was aimed to stop centuries of bloodshed and also resolve the
21 territorial problems Armenians have - the most devastating blow to Armenian
22 community was a loss of their lands - both in Turkey and Azerbaijan, and since this
23 particular loss became a reason of radical movements inside of their community,
24 this was just an opinion of Plaintiff to resolve the problem and stop the bloodshed,
25 but thanks to Defendants' efforts she is now a villain in the eyes of their
26 community. Armenian project is a definition used in terms of "Great Armenia",
27 aimed at taking the neighborhood lands and expanding today territory of Armenia.
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

13                    Case No.: 3:24-CV-01077-RSH-MMP

A lot of discussions in Twitter about the meaning of Plaintiff's tweets were made known to Defendants, but they chose to publish defamatory content and attack Plaintiff's professional license. Besides, Plaintiff does not even need under Gertz. to prove actual malice, because she was neither a public official, nor a public figure.

**D. Plaintiff put Defendants on notice that their speech was not an opinion and in any case was based on false facts.**

"As we stated in our initial opinion, the Supreme Court's decision in *Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)*, and this court's decision in *White v. Fraternal Order of Police, 909 F.2d 512 (D.C. Cir. 1990)*, make clear that there is no wholesale exemption from liability in defamation for statements of "opinion." Instead, statements of opinion can be actionable if they imply a provably false fact, or rely upon stated facts that are provably false." *Moldea v. New York Times Co., 22 F.3d 310, 313 (D.C. Cir. 1994)*.

Here, Defendants cut off Plaintiff's tweet from the entire thread of her tweets on the subject, took a picture of it and published it as a "call for the genocide". The entire tweet thread was about joining Armenia to us, not about killing or exterminating people. Plaintiff pleaded all tweets made by Defendants, ¶¶ 79-93, SAC. Plaintiff also explained in her SAC how her tweets were manipulated, cut off, distorted and presented to the public, ¶¶ 79-93, SAC, See also *Exh. C-H*. Defendants presented her speech as a matter of fact, not as a matter of opinion, that's why they used her manipulated tweets under their news, they can't now claim that those news were matters of opinion, and in any case matters of opinion are not entitled to full protection of Law, especially if they are made based on false facts. "Assertions of opinion on a matter of public concern receive full constitutional protection if they do not contain a provably false factual connotation." *McCaskill v. Gallaudet Univ., 36 F. Supp. 3d 145, 159 (D.D.C.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

14    Case No.: 3:24-CV-01077-RSH-MMP

*2014)*. "Statements of opinion do not enjoy blanket protection. The issue is whether the statement of opinion implies a statement of fact. Statements of opinion that imply a false assertion of fact are actionable." *Gallagher v. Philipps, 563 F. Supp. 3d 1048, 1086 (S.D. Cal. 2021)*.

**E. Plaintiff was under no obligation to plead defamation under heightened standard of Rule 9 (b) of F.R.C.P. as Defendants try to persuade Court.**

"Courts have not looked with favor upon heightened pleading requirements for defamation because defamation is not included within the categories covered by Federal Rule of Civil Procedure 9" *Okeke v. Biomat USA, Inc., 927 F. Supp. 2d 1021, 1027 (D. Nev. 2013)*. "To the extent heightened pleading requirements have come into play, they have entered through Rule 9(g)'s requirement that special damages be pleaded with specificity. However, special damages are presumed (and thus not subject to Rule 9(g)) when the plaintiff alleges defamation per se." *Id*. "If the defamatory communication imputes a 'person's lack of fitness for trade, business, or profession,' or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." *Id*. "Aside from the pleading of special damages, there are no heightened pleading requirements for defamation claims, and there is reason to be skeptical of a contrary interpretation of Flowers. " *Id*.

Plaintiff was under no obligation to plead with particularity all defamatory statements and all elements of defamation as there is no such requirement under federal Law, and in any case she pleaded all of them, she pleaded enough facts to put Defendants on notice that their speech was false, was about facts which have never happened, was unprivileged, was targeting Plaintiff in her professional capacity as a lawyer, was done with actual malice and was published to third parties, See ¶¶ 79 - 96, 101, 103, 303 - 317, SAC.

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

15    Case No.: 3:24-CV-01077-RSH-MMP

## V. CONCLUSION

Based on the foregoing, Plaintiff Aynur Baghirzade requests the Court grant her opposition and deny Defendants' motion to strike and Defendants' motion to dismiss Plaintiff's SAC pursuant to Rule 12 (b)(6) with prejudice.

DATED: January 14, 2025

By: *Aynur Baghirzade*
PLAINTIFF: Aynur Baghirzade

PLAINTIFF'S OPPOSITION TO DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

16    Case No.: 3:24-CV-01077-RSH-MMP