| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Dick A. Semerdjian (SBN 123630)<br>Chad M. Thurston (SBN 339151)<br>**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**<br>101 West Broadway, Suite 810<br>San Diego, CA 92101<br>Telephone No. 619.236.8821<br>Facsimile No. 619.236.8827<br>Email:      das@sscelaw.com<br>              chad@sscelaw.com |
| 6<br>7<br>8 | Attorneys for Defendants<br>ARMENIAN NATIONAL COMMITTEE OF AMERICA,<br>ARAM HAMPARIAN and ARMENIAN NATIONAL<br>COMMITTEE OF AMERICA WESTERN REGION |

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | AYNUR BAGHIRZADE, an individual, | Case No. 3:24-cv-1077 RSH MMP |
| 13 | Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN, AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| 14 | v. | |
| 15-18 | ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; | |
| 18-19 | ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability | [Fed. R. Civ. P. 12(b)(6)]<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Date:      January 30, 2025<br>Judge:     Hon. Robert S. Huie<br><br>Magistrate:  Hon. Michelle M. Pettit |

1

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

| | |
|---|---|
| 1 | Company; LEGALMATCH |
| 2 | CALIFORNIA, a Nevada Domestic Corporation; ESTRELLA SANCHEZ, an individual; DOES 1 THROUGH 300, |
| 3 | inclusive, |
| 4 | Defendants. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 6

II. LEGAL ARGUMENT ............................................................................................... 6

    A. The Court Should Not Consider Extrinsic Facts Or Documents. ............................................................................................................ 6

    B. Plaintiff's RICO Claims Fail For Lack Of A Sufficiently Pleaded Enterprise, Pattern of Racketeering, And Fraud. .................................................................................. 7

    C. Plaintiff's Claim Under The Sherman And Clayton Act Fails. ................................................................................................................... 9

    D. Plaintiff Failed To Plead Facts To Support Her Claim Under California Business And Professions Code Section 16720 Et Seq. ........................................................................................... 9

    E. Plaintiff Does Not Meet The Specificity Standard Under Rule 9 For Any Fraud Claim Under California Business And Professions Code Section 17200. ................................................... 9

    F. Plaintiff's Claim Under The Unruh Civil Rights Act Fails. ................................................................................................................. 10

    G. Plaintiff's Harassment Claim Is Unsupported By The Facts ................................................................................................................. 10

    H. Plaintiff's Defamation Claim Fails Because It Is Not Well Pleaded And Is Based On Constitutionally Protected Speech. ................................................................................................ 11

    I. Plaintiff's Malicious Prosecution Claim Fails Because No Criminal Or Civil Proceeding Was Initiated Against Her. ...................................................................................................................... 13

    J. Plaintiff's Intentional Infliction Of Emotional Distress Claim Fails Because It Is Predicated On Constitutionally Protected Actions. ..................................................... 13

    K. Plaintiff's Negligent Infliction Of Emotional Distress Claim Fails Because She Has Not Pleaded A Duty. .......................... 14

    L. Plaintiff's False Light Claim Fails As A Matter of Law. ................. 15

III. CONCLUSION ....................................................................................................... 15

3

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Apex Oil Co. v. DiMauro*,
   822 F.2d 246, 252 (2nd Cir. 1987)..................................................................9

*Brenneman v. State of California*,
   208 Cal.App.3d 812, 817 (1989)....................................................................14

*Cooper v. Pickett*,
   137 F.3d 616, 627 (9th Cir. 1997)..................................................................10

*Eisenberg v. Alameda Newspapers, Inc.*,
   74 Cal.App.4th 1359, 1385, fn. 13 (1999) .....................................................15

*Jackson v. Mayweather,*
   10 Cal.App.5th 1240, 1264 (2017)................................................................15

*Kulwicki v. Dawson*,
   969 F.2d 1454, 1462 (3rd. Cir. 1992).............................................................6

*Lebbos v. State Bar*,
   165 Cal.App.3d 656, 670 (1985)....................................................................13

*Lee v. City of Los Angeles*,
   250 F.3d 668, 688 (9th Cir. 2001)...................................................................6

*Schild v. Rubin*,
   232 Cal.App.3d 755, 762 (1991)....................................................................11

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393, 1400–01 (9th Cir. 1986).........................................................7

*Stanwyck v. Horne*,
   146 Cal.App.3d 450 (1983) ............................................................................13

*Tamkin v. CBS Broad., Inc.,*
   193 Cal.App.4th 133, 144 (2011).............................................................12, 13

*United States v. Turkette*,
   452 U.S. 576, 582 (1981) ................................................................................7

**Statutes**

California Code of Civil Procedure section 527.6......................................................11

California Business And Professions Code section 16720.........................................9

California Business And Professions Code section 17200.........................................9

California Civil Code section 51 ................................................................................10

Federal Rules of Civil Procedure, rule 9........................................................7, 8, 9, 10

4

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**Constitutional Provisions**

18 U.S.C. section 1962 ................................................................................................7

5

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's Opposition only bolsters the points made in Defendants' Armenian National Committee of America, Aram Hamparian, and Armenian National Committee Of America Western Region's (collectively, "Moving Defendants") Motion to Dismiss, and shows that this case should not have ever been filed. Once again, rather than addressing Moving Defendants' arguments, Plaintiff relies on the same vague statements and legal conclusions made in her Second Amended Complaint ("SAC").

As described in Moving Defendants' moving papers and in this Reply, Plaintiff's claims in her SAC fail and should all be dismissed without leave to amend.

## II. LEGAL ARGUMENT

### A. The Court Should Not Consider Extrinsic Facts Or Documents.

Along with her Opposition, Plaintiff has added 63 pages of new exhibits and Requests to Judicially Notice a letter, an appendix to Congressional Records, and four cases, none of which were included in her SAC. *See* ECF No. 155-1 & 2. This Court retains discretion to exclude consideration of materials outside the pleadings on a motion to dismiss, and should not consider these materials for purposes of determining Moving Defendants' subject motion. *Kulwicki v. Dawson,* 969 F.2d 1454, 1462 (3rd. Cir. 1992). "[A]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion[.]" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal citations omitted).

Plaintiff's Opposition is also littered with outside facts and references—notably, several inflammatory and unrelated references to violent terrorist acts—and other documents filed in support of her Oppositions to other Defendants' motions in this case. *See, e.g.,* ECF No. 155, 11:17–26; 20:3–8; ECF. No. 128-1, Exhibits A & B. None of these additional facts and documents should be considered for the purpose of this Motion to Dismiss.

6

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

### B. Plaintiff's RICO Claims Fail For Lack Of A Sufficiently Pleaded Enterprise, Pattern of Racketeering, And Fraud.

None of Plaintiff's first three causes of action, brought under 18 U.S.C. section 1962, can survive without proving the existence of an enterprise or specific racketeering acts. *See United States v. Turkette*, 452 U.S. 576, 582 (1981). "The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.*. at 583. Plaintiff's SAC, which alleges fraud by the alleged "enterprise," also fails to meet the necessary heightened standards for fraud pleading. FED. R. CIV. P. 9(b) ("In alleging fraud…a party must state with particularity the circumstances constituting fraud….").

Here, despite her claim that she has pleaded the existence of an "Armenian Enterprise" which includes Moving Defendants (along with several others), Plaintiff cannot and has not pleaded that all Defendants acted together for a common purpose as required by *Turkette*. (SAC 9 ¶ 42.) Her SAC again purports that the "Armenian Enterprise" (Defendants) engaged in patterns of racketeering activity to "harass" her, to "leave her with no business," to "take her money and damage her business by defrauding her," and to place her under "constant surveillance." (SAC ¶¶ 219–222.) Yet, the only thing supporting Plaintiff's accusations that Defendants acted together for a common purpose is her conclusory statements that Defendants "formed a common Enterprise with the purpose to damage Plaintiff's reputation, to ruin her business and to intimidate and harass her on a constant basis." (SAC ¶ 218.) These generalities do not meet the most basic of pleading standards.

Plaintiff also alleges she pleaded fraud with sufficient particularity. (Opposition at 16:1.) She did not. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the

7

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  misrepresentation."). Her Opposition clarifies that her SAC pleaded that "after
2  Defendant ANCAWR organized a meeting near LA Consulate when group of
3  Azerbaijanis were beaten 'a group of Armenians with intent to defraud by using
4  mail and wire sent numerous complaints to Los Angeles Police Department about
5  sheriff Fakhri Mirzaguliyev demanding his resignation, all of those complaints
6  proved to be false and defamatory.'" (Opposition at 16:1–6.) Without addressing
7  whether such a statement actually meets fraud pleading requirements the statement
8  is wholly unrelated to Plaintiff's claims in *this* action.

9      Finally, as it relates to the alleged "racketeering activity," Plaintiff claims she
10 met this standard because she pleaded "enough predicate acts of mail & wire fraud,"
11 including (1) A demonstration organized by Moving Defendants where Azerbaijanis
12 and Armenians began physically clashing, and which Plaintiff does not claim to
13 have attended; (2) Plaintiff's belief that Moving Defendants stalk the business and
14 bank information of Azerbaijanis and Turks; (3) Moving Defendants asking Dr. Oz
15 whether he recognizes the Armenian Genocide on Twitter; (4) A "presumably
16 Armenian" Twitter user asking his community to leave negative reviews on an
17 Azerbaijani doctor's website; (5) An Australian judgment in favor of an Azerbaijani
18 plaintiff who sued "people of Armenian origin" for defamation," and several other
19 claims. (Opposition at 19:22–24; SAC ¶¶ 40, 42–49.) As noted above, the acts she
20 attempts to pin on Moving Defendants are independent of, separate from, and
21 unrelated to this case. Her allegations of racketeering activity are sporadic and
22 blame a series of independent events on one common enemy: Armenians. She also
23 attempts to judicially notice that a member of Moving Defendants' organization
24 exploded his apartment attempting to commit a terrorist act. (Opposition at 20:3–8.)
25 These details are severely attenuated from her causes of action and her attempt to
26 judicially notice them is inappropriate.

27     Because Plaintiff has still failed to meet the specificity and particularity
28 requirements laid out in Rule 9(b) of the Federal Rules of Civil Procedure and the

8

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

pleading requirements required for any RICO claim, Plaintiff's RICO claims must fail.

### C. Plaintiff's Claim Under The Sherman And Clayton Act Fails.

Plaintiff's Opposition clarifies that her allegations under the Sherman & Clayton Act stem from Moving Defendant's alleged acts under a "conspiracy." (Opposition at 21:8.) Her SAC and Opposition provide no support for her allegations of such a conspiracy, either in her particular argument for this section (*see* Opposition at 21–22) or throughout each document. Indeed, Plaintiff has not presented any "direct or circumstantial evidence that reasonably tends to prove that the [Moving Defendants] had a conscious commitment to a common scheme designed to achieve an unlawful objective." *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2nd Cir. 1987). Plaintiff's Fourth Cause of Action fails.

### D. Plaintiff Failed To Plead Facts To Support Her Claim Under California Business And Professions Code Section 16720 Et Seq.

Again, Plaintiff's only attempt to bolster her argument under section 16720 in her Opposition is by inappropriately incorporating extrinsic evidence of (a) a research paper claiming to support her ideas that Moving Defendants employ terrorist tactics to harass and stalk her, (b) a Letter to Washington, and (c) an Appendix to a Congressional Record previously filed as an exhibit in her opposition to other Defendants' filings. (Opposition at 23–24.) As for Plaintiff's references to her other facts pleaded throughout the general allegations of her SAC, no facts she references indicate that Moving Defendants excluded her from or required others to exclude her from business transactions based on a discriminatory policy. Plaintiff's claim under section 16720 fails.

### E. Plaintiff Does Not Meet The Specificity Standard Under Rule 9 For Any Fraud Claim Under California Business And Professions Code Section 17200.

Plaintiff's Opposition provides no support for her contention that she sufficiently pleaded fraud, which must be pleaded with specificity under Federal

9

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Rule of Civil Procedure 9.  FED. R. CIV. P. 9; *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (holding that when alleging fraud, Plaintiffs must allege the "who, what, when, where, and how" of the misconduct charged).  Plaintiff's only proffered support in her Opposition is that she "pleaded all facts about Defendants' fraudulent actions in the SAC in details," that she incorporated all facts by reference in her SAC, and that she "pleaded with specificity all wire and mail fraud committed by Defendants" in compliance with Rule 9.  (Opposition at 24–25.)  Her circumventive assertions provide no factual support for her claims.  Even if Rule 9(b) requires only that the "plaintiff delineate with adequate particularity . . . the specific circumstances constituting the overall fraudulent scheme," Plaintiff's Complaint does not.  Her claim under section 17200 must fail.

### F.     Plaintiff's Claim Under The Unruh Civil Rights Act Fails.

California Civil Code section 51, subdivision (b)— the Unruh Civil Rights Act—provides protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, ancestry, disability, national origin, race, religion, sexual orientation, and more.  CAL. CIV. CODE § 51(b).  Nowhere does Plaintiff's SAC allege that she attempted to use Moving Defendants' business or acquire housing through them or that she experienced discrimination in doing so.  Rather, her SAC posits that Moving Defendants' targeted Plaintiff in violation of the Unruh Act and persecuted her business.  (SAC ¶ 288.)  Even if that were true, it would not constitute a violation of the Unruh Act, as Plaintiff has not alleged that she was denied public accommodation at Moving Defendants' business.  This claim must fail against Moving Defendants.

### G.     Plaintiff's Harassment Claim Is Unsupported By The Facts.

In her Opposition, Plaintiff defends her harassment claim on the basis that the facts supporting her claim are incorporated by reference in her SAC.  Her allegations that Moving Defendants made a complaint to the State Bar regarding

10

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff does not constitute harassment, and her claim that Moving Defendants distorted her Tweets similarly does not show a "pattern" or "series" of acts over time, serving "no legitimate purpose," which would cause "a reasonable person to suffer substantial emotional distress." *Schild v. Rubin*, 232 Cal.App.3d 755, 762 (1991) (citing CAL. CODE CIV. PROC. § 527.6). On the contrary, it is not unreasonable to report a California attorney making violent public remarks about an entire ethnic group. Plaintiff's allegations that Moving Defendants placed certain materials under her name in a Google Search to damage her reputation do not meaningfully apply to Moving Defendants.

While Moving Defendants still assert that Plaintiff's SAC is devoid of specific facts as it relates to their alleged harassment, Plaintiff's main argument in return is that Moving Defendants' actions were not constitutionally protected. They were. *Schild*, 232 Cal.App.3d at 755, 762 (citing CAL. CODE CIV. PROC. § 527.6). As discussed below, in regard to Plaintiff's harassment and subsequent claims, all of Moving Defendants' alleged actions or speech were protected as matters of public concern, political speech, or matters of opinion.

### H. Plaintiff's Defamation Claim Fails Because It Is Not Well Pleaded And Is Based On Constitutionally Protected Speech.

As this Court is aware, while this matter was filed in federal court, defamation is a state law claim which means Plaintiff must meet the most basic elements of this claim under California law. She has failed to do so, mainly by failing to identify a defamatory statement and simultaneously by targeting constitutionally protected speech.[1]

The SAC states that Moving Defendants "manipulated her tweets," via their agents, to publish Tweets that Plaintiff "called for the genocide of the Armenians,

---

[1] Rather than re-insert this Constitutional argument regarding Plaintiff's causes of action for harassment, defamation, IIED, NIED, and false light, Moving Defendants request that the Court consider the following when analyzing Plaintiff's allegations in her SAC.

11

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

that she is racist, and many other claims and accusations." (SAC ¶34.) To be clear, Plaintiff admits in her SAC that her Tweets (in her own words) "called for 'deleting [the] Armenian project'," "named Armenia a 'carcinoma,' which must be reformed," and stated, "it's clear that we have to delete [the] Armenian project as soon as possible." (SAC ¶¶82, 86, 88.) Plaintiff contends that characterizing such Tweets as a call for genocide is not only an unacceptable interpretation of her Tweets, but a defamatory statement. Given Plaintiff's rambling and offensive conspiracy theory underpinning each cause of action, premised on a nonexistent and apparently pervasive Armenian Enterprise, Plaintiff's argument that her Tweet was taken out of context and manipulated is unavailing.

Most importantly, Moving Defendants' speech was constitutionally protected. Plaintiff's own admissions of her Tweets (SAC ¶¶ 82, 86, 88) only shows that any alleged speech by Moving Defendants was *not* made on false facts, but rather, a reasonable interpretation of highly disturbing viewpoints expressed on a public platform. Further, Moving Defendants' statements were statements of opinion, which enjoy constitutional protection when based on true facts—Plaintiff has demonstrated just that in her allegations. Plaintiff also claims that the speech was not political or of a public concern because she is not a politician. (Opposition at 32:19–21.) Plaintiff is mistaken; she does not need to be a politician for this protection to apply, and where the general topic of the alleged speech is of public concern (as is the conflict between Armenia and Azerbaijan), the speech is protected. *Tamkin v. CBS Broad., Inc.,* 193 Cal.App.4th 133, 144 (2011).

Plaintiff also did not address the public forum or opinion arguments and as such, Moving Defendants rely on the facts and arguments described in their moving papers. Plaintiff's defamation and harassment claims must fail.

12

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

### I. Plaintiff's Malicious Prosecution Claim Fails Because No Criminal Or Civil Proceeding Was Initiated Against Her.

Plaintiff's Cause of Action for malicious prosecution is premised on a Complaint made to the State Bar of California by Moving Defendants. This type of "complaint" cannot be challenged by way of a malicious prosecution claim. *Lebbos v. State Bar*, 165 Cal.App.3d 656, 670 (1985).

Plaintiff was made aware in Moving Defendants' last Reply that *Stanwyck v. Horne*, 146 Cal.App.3d 450 (1983) ruled on this exact issue. (ECF No. 79 at 10–11.) The opinion's third heading is titled "Public Policy Dictates that a Person May Complain to the State Bar of One of Its Members Without Fear of a Subsequent Action for Malicious Prosecution." *Id.* at 459. While the Court in *Stanwyck* goes on to explain its reasoning based on public policy and how the complaint procedure "acts as a safety valve for the public," that caption speaks for itself. *Id.* at 461. Plaintiff's Eleventh Cause of Action must fail.

### J. Plaintiff's Intentional Infliction Of Emotional Distress Claim Fails Because It Is Predicated On Constitutionally Protected Actions.

Plaintiff's Cause of Action for Intentional Infliction of Emotional Distress is premised on constitutionally protected activity—calling for someone's disbarment based on political threats and violent language expressed online. (SAC ¶ 328.) As *Tamkin* clarifies, here, the general topic of Moving Defendants' speech was of public concern—a licensed attorney in California making violent and disparaging statements against Armenians—and thus merits constitutional protection. Plaintiff has failed to sufficiently rebut Moving Defendants' argument on these grounds.

Furthermore, Plaintiff fails to establish the element of causation and extreme and outrageous conduct in her IIED claim. Her Opposition attempts to connect the acts of people "publishing outrageously false news under her name in Google Search," "sending her death threats" influenced by "well-known Nemesis operation terrorists," or "terrorists who achieved their 'glory' in Karabakh by killing and

13

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

torturing innocent people and kids," to Moving Defendants, claim that such acts caused her emotional distress, and then pin the responsibility for that distress on Moving Defendants. (Opposition at 35.) Nowhere in her SAC or her Opposition does she connect the acts of these unnamed actors to Moving Defendants (other than her continuous reminders that everyone responsible is Armenian). She cannot impute the acts causing her emotional distress onto Moving Defendants. The only action attributable to Moving Defendants in Plaintiff's SAC is publicizing Plaintiff's own Tweets to their social media community and filing a State Bar Complaint. Plaintiff's Opposition fails to show how that exceeds the bounds of decency in a civilized community so as to be considered "extreme and outrageous," and certainly in this context, it is not. Having failed to address Moving Defendants' arguments, Plaintiff's claim for IIED fails.

### K. Plaintiff's Negligent Infliction Of Emotional Distress Claim Fails Because She Has Not Pleaded A Duty.

In addition to her failure to disprove the constitutional protections available to Moving Defendants' alleged actions she alleges caused her emotional distress, as discussed above, Plaintiff's SAC also fails to show how Moving Defendants owed her a duty of care, and naturally, how they breached such a duty. Rather, Plaintiff's Opposition again summarily concludes that Moving Defendants owed her a duty of care of a reasonable person, breached that duty, and caused her significant emotional distress. (Opposition at 36:14–20.) Again, there must be a specific statue or regulation or relationship between Plaintiff and Defendants for the Court to establish a duty of care beyond a conclusory "duty." *Brenneman v. State of California*, 208 Cal.App.3d 812, 817 (1989). Plaintiff SAC and Opposition identify no such statue.

Further, her SAC and Opposition fail to plausibly allege a successful conspiracy so as to hold Moving Defendants liable for the acts of "agents" other than a broad conspiracy based on the fact that all people accused of attacking Plaintiff are Armenian. Her NIED claim fails.

14

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

### L. Plaintiff's False Light Claim Fails As A Matter of Law.

"'Where a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action.'" *Jackson v. Mayweather,* 10 Cal.App.5th 1240, 1264 (2017) (quoting *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal.App.4th 1359, 1385, fn. 13 (1999)).  As noted in the Motion to Dismiss, Plaintiff's false light claim is duplicative of her claim for defamation.  Having provided the much needed context of her subject Tweets (SAC ¶¶ 82, 86, 88) and her feelings about Armenia and Armenians (*see* generally SAC), Plaintiff cannot seriously maintain that Moving Defendants' Tweets placed her in a false light, or displayed a "reckless disregard to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Jackson*, 10 Cal.App.5th at 1264.  This is especially true given Plaintiff's allegations that Moving Defendants posted *Plaintiff's own Tweet* in conjunction with their speech.  Further, as discussed above and in the Motion to Dismiss, Moving Defendants' statements were opinions, and they were political speech, and thus merit constitutional protections.

### III. CONCLUSION

Based on the foregoing facts and arguments, Moving Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety, without leave to amend.

Dated:  January 23, 2025

**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**

By: */s/ Chad M. Thurston*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION

15

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT