| | |
|---|---|
| 1 | Dick A. Semerdjian (SBN 123630) |
| | Chad M. Thurston (SBN 339151) |
| 2 | **SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP** |
| | 101 West Broadway, Suite 810 |
| 3 | San Diego, CA 92101 |
| | Telephone No. 619.236.8821 |
| 4 | Facsimile No. 619.236.8827 |
| | Email:      das@sscelaw.com |
| 5 |            chad@sscelaw.com |
| 6 | Attorneys for Defendants |
| | ARMENIAN NATIONAL COMMITTEE OF AMERICA, |
| 7 | ARAM HAMPARIAN and ARMENIAN NATIONAL |
| | COMMITTEE OF AMERICA WESTERN REGION |
| 8 | |

### UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | AYNUR BAGHIRZADE, an individual, | Case No. 3:24-cv-1077 RSH MMP |
| 13 | Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN AND ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION'S SPECIAL MOTION TO STRIKE PLAINTIFF'S CAUSES OF ACTION** |
| 14 | v. | |
| 15-18 | ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; ARAM HAMPARIAN, an individual; ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION, a California Nonprofit Public Benefit Corporation; ARMEN SAHAKYAN, an individual; YELP Inc., a Delaware Stock Corporation; JEREMY STOPPELMAN, an individual; GOOGLE LLC, a Delaware Limited Liability Company; ALPHABET Inc., a Delaware Stock Corporation; ORANGE COUNTY BAR ASSOCIATION; a California Nonprofit Mutual Benefit Corporation; TRUDY LEVINDOFSKE, an individual; TERESA VUKI, an individual; LOS ANGELES COUNTY BAR ASSOCIATION, a California Nonprofit Mutual Benefit Corporation; SETH CHAVEZ, an individual; COCO SU, an individual; ATTORNEY SEARCH NETWORK, a California Stock Corporation; JAKE BALOIAN, an individual; Nolo, a California Stock Corporation; MH SUB I, LLC, a Delaware Limited Liability | |
| 19-21 | | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| 22 | | Date:        January 30, 2025 |
| | | Judge:       Hon. Robert S. Huie |
| 26 | | Magistrate:  Hon. Michelle M. Pettit |

1

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

1  Company; LEGALMATCH
   CALIFORNIA, a Nevada Domestic
2  Corporation; ESTRELLA SANCHEZ, an
   individual; DOES 1 THROUGH 300,
3  inclusive,

4              Defendants.

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................ 5

II.  LEGAL ARGUMENT ................................................................................. 5

    A.   Plaintiff's Defamation Claim Fails. ................................................... 5

    B.   Moving Defendant's Speech Was Protected as a Matter of Public Concern. ............................................................................... 6

    C.   Moving Defendants' Speech Was A Matter Of Opinion. ................... 6

III. CONCLUSION ............................................................................................ 7

3

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

# TABLE OF AUTHORITIES

**Cases**

*Brandenburg v. Ohio*,
    395 U.S. 444 (1969) ...........................................................................................5

*Du Charme v. Int'l Broth. Of Elec. Workers, Local* 45,
    110 Cal.App.4th 107, 112 (2003) ......................................................................6

*McCaskill v. Gallaudet Univ.*,
    36 F.Supp.3d 145, 159 (D.D.C. 2014) ...............................................................6

*Nygard, Inc. v. Uusi–Kerttula*,
    159 Cal.App.4th 1027, 1039 (2008) ...................................................................6

*Stanwyck v. Horne*,
    146 Cal.App.3d 450, 459 (1983) ........................................................................7

*Wong v. Jing*,
    189 Cal.App.4th 1354, 1369 (2010) ...................................................................6

**Statutes**

California Code of Civil Procedure section 425.16 .....................................................6

Federal Rules of Civil Procedure, rule 9 .....................................................................6

4

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

I.  INTRODUCTION

Plaintiff's Opposition only brings more confusion as it relates to her defamation claim. Plaintiff relies on materials outside of the pleadings, foreign cases unrelated to her matter, and irrelevant legal standards and tests. Plaintiff's Defamation claim appears to center around statements made by individuals other than those made by Armenian National Committee of America ("ANCA"), Armenian National Committee of America Western Region and Aram Hamparian (collectively "Moving Defendants"), as well as clear statements of opinion as it relates to the Armenia and Azerbaijan conflict and how to interpret Plaintiff's tweets.

Plaintiff's claim arises out of protected activities and speech and therefore, Moving Defendants respectfully request that the Court strike Plaintiff's state-law claim for defamation.

II.  LEGAL ARGUMENT

    A.  **Plaintiff's Defamation Claim Fails.**

Plaintiff's Opposition makes it clear that her dispute is with unknown parties other than Moving Defendants. First, Plaintiff relies on the test given by the Supreme Court in *Brandenburg v. Ohio*, 395 U.S. 444 (1969) for government restricted speech which advocates for illegal action or violence. (*See* Opposition at p. 9.) This test clearly does not apply as there is no claim that the Government restricted her speech. Plaintiff goes on to describe the statements made by other individuals including "well known Armenian terrorists" who made continuous death threats against her. (*Id.*) These statements were not made by Moving Defendants and cannot be the subject of her defamation claim. Plaintiff's other statements regarding an Australian Court decision on the suppression of speech is also unrelated and leads to further confusion as to what exactly Plaintiff is claiming.

Furthermore, while Plaintiff attempts to skirt her pleading deficiencies by claiming that Moving Defendants are trying to require her to plead under the stricter

5

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

standard laid out in Federal Rules of Civil Procedure, rule 9(b), no such claim has been made. However, Plaintiff still must meet the most basic pleading standard of adequately pleading the elements of a defamation claim which are: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (2010). Plaintiff has failed to do so and her defamation claim therefore fails.

  **B.**  **Moving Defendant's Speech Was Protected as a Matter of Public Concern.**

  A defendant need not establish that its action is constitutionally protected, but rather, all that is required is a "prima facie showing that plaintiff's claim arises from an act taken to further defendant's rights of petition or free speech in connection with a public issue." *Du Charme v. Int'l Broth. Of Elec. Workers, Local* 45, 110 Cal.App.4th 107, 112 (2003). While California Code of Civil Procedure section 425.16 does not specifically define "public interest" or "public issue," courts have noted that the Legislature mandated that section 425.16 "be construed broadly" to safeguard "the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Nygard, Inc. v. Uusi–Kerttula*, 159 Cal.App.4th 1027, 1039 (2008).

  Here, it is clear that Moving Defendants' alleged speech was based on Plaintiff's views regarding the conflict between the two nations. This falls squarely within the broad protection that section 425.16 provides. While Plaintiff appears to be upset how Moving Defendants interpreted her own tweets, that does not negate the fact that the dispute is over this world stage conflict.

  **C.**  **Moving Defendants' Speech Was A Matter Of Opinion.**

  Plaintiff is correct that "[a]ssertions of opinion on a matter of public concern receive full constitutional protection if they do not contain a provably false factual connotation." *McCaskill v. Gallaudet Univ.,* 36 F.Supp.3d 145, 159 (D.D.C. 2014). However, opinions without a provably false factual connotation is exactly what we

6

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT
OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION

are dealing with here. Plaintiff's claim, while still unclear, appears to around how Moving Defendants interpreted her tweets which state in part that "it's clear that we have to delete Armenian Project as soon as possible," and "We have to think how to join Armenia to us…" and finally some reference to "getting rid" of it. (ECF No. 94 at ¶¶ 82, 86, 89.)

Moving Defendants' interpretation, or opinion, of those tweets is clearly not a provable assertion of fact. Furthermore, if Plaintiff's concern was regarding Moving Defendants' opinion on her Bar license, her claim fails even more. Reporting an attorney to the State Bar is a protected activity especially when it is centered around an individual's opinion on an attorney's morality. "Public Policy Dictates that a Person May Complain to the State Bar of One of Its Members Without Fear of a Subsequent Action for Malicious Prosecution." *Stanwyck v. Horne*, 146 Cal.App.3d 450, 459 (1983). The complaint procedure "acts as a safety valve for the public," and that caption speaks for itself. *Id.* at 461.

## III. CONCLUSION

Based on the foregoing facts and arguments, Moving Defendants respectfully request that this Court grant this Special Motion to Strike in its entirety.

Dated: January 23, 2025

SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP

By: */s/ Chad M. Thurston*
Dick A. Semerdjian
Chad M. Thurston
Attorneys for Defendants
ARMENIAN NATIONAL COMMITTEE OF AMERICA, ARAM HAMPARIAN and ARMENIAN NATIONAL COMMITTEE OF AMERICA WESTERN REGION

7

Case No. 3:24-cv-1077 RSH MMP
ARMENIAN NATIONAL COMMITTEE DEFENDANTS' REPLY IN SUPPORT OF THE SPECIAL MOTION TO STRIKE PLAINTIFFS' CAUSES OF ACTION