AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-776-4882
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AYNUR BAGHIRZADE, | Case No.: 3:24-CV-01077-RSH-MMP |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.** |
| v. | |
| ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | |
| | / Filed concurrently with Declaration, Request for Judiciary Notice, Exhibits and Proposed Order / |
| | Presiding Judge: Hon. Robert Huie |
| | Magistrate Judge : Hon. Michelle M. Petit |

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

1

Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF CONTENTS:

I.    INTRODUCTION ………………………………………………………9

II.   LEGAL STANDARD TO DISMISS FOR FAILURE TO STATE A
      CLAIM………………………………………………………………9

      1.    The Ninth Circuit is particularly hostile to motions to dismiss for failure to
            state a claim………………………………………………………9

III.  ARGUMENTS……………………………………………………..10

      A.  PLAINTIFF HAS NEVER EXPRESSED AN INTENT TO
      DISCRIMINATE AGAINST POTENTIAL CLIENTS………………..10

      1.    Plaintiff's email was a concern for her life & health and allegations of
            Defendants are not supported by Law……………………………..10

      2.    Armenian clients Plaintiff started getting after her complaints to
            Defendants similarly as rats and cockroaches were sign of Defendants
            being a part of Mafia………………………………………………14

      3.    Defendants were liable for the referrals both before the public and
            Plaintiff.  ………………………………………………………..15

      B.    PLAINTIFF SUCCESSFULLY ESTABLISHED FIRST, SECOND
            AND THIRD RICO CLAIMS………………………………………..17

      1.    Plaintiff successfully pleaded Associated in Fact and alternative
            Enterprises………………………………………………………17

      2.    Plaintiff successfully pleaded multiple instances of predicate act of
            mail & wire fraud committed by Defendants………………………21

      3.    Plaintiff pleaded enough facts to put Defendants on notice that they
            were engaged in predicate act of terrorism against Plaintiff…………..22

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND
COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND
AUTHORITIES

2          Case No.: 3:24-CV-01077-RSH-MMP

4.    Plaintiff successfully established that Defendants gained control over Plaintiff's business…………………………………………………………23

5.    Plaintiff pleaded enough facts to put Defendants on notice that they conspired with each other against Plaintiff's business…………………..24

C.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE THAT THEY VIOLATED ANTI-TRUST LAWS (FOURTH, SIXTH AND SEVENTH CAUSES OF ACTION)……………………..25

1.    Plaintiff put Defendants on notice that they were in violation of Sherman and Clayton Act…………………………………………………25

2.    Plaintiff put Defendants on notice that they conspired with each other to exclude Plaintiff from the market in violation of Section 16720 of Business & Professions Code…………………………………………27

3.    Plaintiff pleaded enough facts to put Defendants on notice that they are liable for violation of Section 17200 of Business & Professions Code (Unfair Competition)…………………………………29

D.    LACBA DISCRIMINATED AGAINST PLAINTIFF AND IS A PLACE OF PUBLIC ACCOMMODATION……………………………………….30

E.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE THAT THEY HARASSED HER…………………………..32

F.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE ON IIED AND NIED CLAIMS…………………………..34

G.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE IN NIED CLAIM……………………………………….35

IV.    FURTHER AMENDMENTS ARE JUSTIFIED………………………36

V.    CONCLUSION……………………………………………………………36

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

3                    Case No.: 3:24-CV-01077-RSH-MMP

1

# TABLE OF AUTHORITIES

2

*CASES:*

3

4

*Allstate Ins. Co. v. Seigel,*
5    312 F. Supp. 2d 260, 273 (D. Conn. 2004)…………………………………..23

6

*Angelucci v. Century Supper Club,*
7    41 Cal. 4th 160, 167, 158 P.3d 718, 721 (2007)………………………12, 16

8

*Angermeir v. Cohen,*
9    14 F. Supp. 3d 134, 145–46 (S.D.N.Y. 2014)……………………………..21

10

*Ashcroft v. Iqbal,*
11    556 U.S. 662, 663-64 (2009)………………………………………………10

12

*Auster Oil Gas,*
13    Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)…………………………..9

14

*Bell Atl. Corp. v. Twombly,*
15    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)……………10, 25

16

*Blue Cross & Blue Shield of New Jersey,*
17    Inc. v. Philip Morris, Inc., 113 F. Supp. 2d 345, 365 (E.D.N.Y. 2000)……17

18

*Brantley v. NBC Universal, Inc.,*
19    675 F.3d 1192, 1198 (9th Cir. 2012)………………………………………29

20

*Brown v. Smith* (1997)
21    55 Cal.App.4th 767, 786-787, 64 Cal.Rptr.2d 301…………………………..12

22

*Buchanan v. Beard,*
23    No. CIV. 10-0423 GPC NLS, 2013 WL 239043………………………15, 19

24

*Buchanan v. Cate,*
25    No. CIV. 10-0423 BTM NLS, 2011 WL 10730141…………………..15, 19

26

*Clegg v. Cult Awareness Network,*
27    18 F.3d 752, 756 (9th Cir. 1994)……………………………………………30

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

4    Case No.: 3:24-CV-01077-RSH-MMP

*Cochran v. Cochran,*
    65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540, 543 (1998)…………….34

*Conley v. Gibson,*
    355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)……………10

*Copperweld Corp. v. Independence Tube Corp.,*
    467 U.S. 752, 775, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984)………………25

*Flynn v. Sephora USA, Inc.,*
    No. SACV2200426DOCADS, 2023 WL 5669897, (2023)………………28

*Gibson v. United States,*
    781 F.2d 1334, 1337 (9th Cir. 1986)………………………………………10

*Gilligan v. Jamco Development Corporation,*
    108 F.3d 246, 248-49 (9th Cir. 1997)……………………………………10

*Hall v. City of Santa Barbara,*
    833 F.2d 1270, 1274 (9th Cir. 1986)……………………………………….9

*H.J. Inc. v. Nw. Bell Tel. Co.,*
    492 U.S. 229, 232, 109 S. Ct. 2893, 2897, 106 L. Ed. 2d 195 (1989)…….23

*In re Cox* (1970)
    3 Cal.3d 205, 216, 90 Cal.Rptr. 24, 474 P.2d 992…………………………12

*In re Firestar Diamond, Inc.,*
    *654 B.R. 836, 865 (Bankr. S.D.N.Y. 2023)*………………………………24

*In re Nat. W. Life Ins. Deferred Annuities Litig.,*
    635 F. Supp. 2d 1170, 1174 (S.D. Cal. 2009)………………………………17

*Jackson v. Segwick Claims Mgmt. Serv., Inc.,*
    699 F.3d 466, 480 (6th Cir. 2012)…………………………………………17

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

5    Case No.: 3:24-CV-01077-RSH-MMP

*Javorsky v. Western Athletic Clubs, Inc.* (2015)
    242 Cal.App.4th 1386, 1398, 195 Cal.Rptr.3d 706……………………………13

*Khoja v. Orexigen Therapeutics, Inc.,*
    899 F.3d 988, 1003 (9th Cir. 2018)……………………………………………..27

*Lane v. Kitzhaber,*
    283 F.R.D. 587, 599 (D. Or. 2012)……………………………………………35

*Liapes v. Facebook, Inc.,*
    95 Cal. App. 5th 910, 925, 313 Cal. Rptr. 3d 330, 343 (2023)……………13

*Miller v. Amusement Enters., Inc.,*
    394 F.2d 342, 349 (5th Cir. 1968)……………………………………………31

*Monsanto Co. v. Spray–Rite Service Corp.,*
    465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984)……………………25

*Morgan v. Joint Admin. Bd., Retirement Plan of the Pillsbury Co. and Am. Fed. of Grain Millers,*
    268 F.3d 456, 459 (7th Cir.2001)……………………………………………31

*Morris v. O'Reilly Auto. Stores, Inc.,*
    No. ED CV 21-1060-FWS-KK, 2022 WL 21737781……………………..12

*Munson v. Del Taco, Inc.,*
    46 Cal.4th 661, 666, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009)…………..16

*Norton v. LVNV Funding, LLC,*
    396 F. Supp. 3d 901, 920 (N.D. Cal. 2019)………………………………35

*Palatkevich v. Choupak,*
    2014 WL 1509236, at *22 (S.D.N.Y. Jan. 24, 2014)………………………24

*Salinas v. United States,*
    522 U.S. 52, 54–55, 118 S. Ct. 469, 472, 139 L. Ed. 2d 352 (1997)……..24

*Sargoy v. Resolution Trust Corp.*
    *(1992) 8 Cal.App.4th 1039, 1044, 10 Cal.Rptr.2d 889……………………13*

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

6                    Case No.: 3:24-CV-01077-RSH-MMP

*Scheur v. Rhodes,*
       416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974)……………9

*Siddle v. Crants,*
       650 F. Supp. 2d 773, 787 (M.D. Tenn. 2009)………………………………….21

*Straw v. Am. Bar Ass'n,*
       No. 14 C 5194, 2015 WL 602836………………………………………………31

*Sullivan v. Little Hunting Park, Inc.,*
       396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969)………………………31

*United States v. Applins,*
       637 F.3d 59, 82 (2d Cir. 2011)………………………………………………24

*United States v. Feldman,*
       853 F.2d 648 (9th Cir.1988)……………………………………………………17

*United States v. Garcia,*
       497 F.3d 964, 967 (9th Cir. 2007)…………………………………………..23, 27

*United States v. Turkette,*
       452 U.S. 576, 580-81 (1981)…………………………………………………17

*United States v. Zemlyansky,*
       908 F.3d 1, 17 (2d Cir. 2018)…………………………………………………24

*Yonkov v. Maximus Holding Grp. LLC,*
       No. 1:23 CV 1317, 2023 WL 4419641………………………………..32, 35

***STATUTES:***

Cal. Bus. & Prof. Code § 6078……………………………………………………..11

Cal. Bus. & Pof. Code, § 6106…………………………………………………….16

Cal. Bus. & Prof. Code § 16720……………………………………………………27

Cal. Bus. & Prof. Code § 17200……………………………………………………29

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

7            Case No.: 3:24-CV-01077-RSH-MMP

California Code of Civil Procedure, § 51……………………………………12, 16, 27, 32

California Code of Civil Procedure, § 527.6…………………………………………32

California Penal Code, § 182……………………………………………………………23

California Penal Code, §422…………………………………………………………..23

California State Bar Lawyer Referral, Rule 3.826………………15, 21, 26, 33, 34

California State Bar Rules, Rule 1.1………………………………………………13

California State Bar Rules, Rule 8.4.1…………………………………………………12

California State Bar rules, Rule 8.4…………………………………………………16

Federal Rules of Civil Procedure, § 8………………………………………………..9

Federal Rules of Civil Procedure, § 9 …………………………………………….21

Federal Rules of Civil Procedure, § 10 (c)…………………………………………27

Federal Rules of Civil Procedure, § 12(b)………………………………………..35

Rule 1.1. of the State Bar of California…………………………………………13

Rule 8.4.1. of the State Bar of California……………………………………..12

15 U.S.C. § 1……………………………………………………………25, 26

18 U.S.C. §§ 1961-1968……………………………17, 21, 23, 24, 35, 36

42 U.S.C. § 2000a…………………………………………………………………30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

8                    Case No.: 3:24-CV-01077-RSH-MMP

## I.  INTRODUCTION

Defendants Los Angeles County Bar Association ("LACBA"), Seth Chavez and Coco Su filed a motion to dismiss which by itself is a declaration of open, purposeful and intentional discrimination against Plaintiff, moreover, an open public acceptance that they didn't and they are not going to provide referrals to Plaintiff in accordance with the Rules of the State Bar of California. By doing so, Defendants intentionally twist the facts that Plaintiff asked them not to send her referrals for Armenians, and that this alone allegedly confirms Plaintiff's intent to discriminate. Defendants didn't have any right not to send to Plaintiff referrals, Defendants have no right now not to accept her into their membership absent State Bar of California's disbarment or discipline decision which they don't have and obviously can't obtain. Additionally, Defendants were sending to Plaintiff fake referrals or referrals not in her area of practice from day 1 after her membership with them, long before she expressed concerns on getting continuous referrals for Armenians (which she believes wasn't accidental too).

## II.  LEGAL STANDARD TO DISMISS FOR FAILURE TO STATE A CLAIM.

### 1.    The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim.

The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim. "The federal rules require only a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P 8 (a)*. The Rule 8 standard contains "a powerful presumption against rejecting pleading for failure to state a claim." *Auster Oil Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985); see also Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986)* ("It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."). The Supreme Court has explained that 'it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Scheur v. Rhodes, 416 U.S. 232, 236, 94 S.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

9    Case No.: 3:24-CV-01077-RSH-MMP

*St. 1683, 1686, 40 L.Ed.2d90 (1974)).* In reviewing the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Development Corporation, 108 F.3d 246, 248-49 (9th Cir. 1997).* Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).).* Under Federal Rules of Civil Procedure 8 (a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations are not required, *Twombly*, 550 U.S., at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the plaintiff is entitled to relief for the misconduct alleged". *Id., at 556, 127 S.Ct. 1955.* When there are well pleaded factual allegations, a court should assume their veracity and then determine whether their plausibility gives rise to an entitlement to relief". *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). Plaintiff pleaded a short and plain statement of the claims. Plaintiff pleaded enough facts to put Defendants on notice that they were engaged in conspiracy with other referrals organizations and dashnaks to damage her business, endanger her life, harass and intimidate her as well as outcast her from their services.

## III. ARGUMENTS

### A. PLAINTIFF HAS NEVER EXPRESSED AN INTENT TO DISCRIMINATE AGAINST POTENTIAL CLIENTS.

**1. Plaintiff's email was a concern for her life & health and allegations of Defendants are not supported by Law.**

Defendants' attempt to cover up their own horrible, purposeful and open ended discrimination against Plaintiff by one single email of Plaintiff where she expressed concern for her life & safety is just another confirmation that Defendants are in open

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

10                    Case No.: 3:24-CV-01077-RSH-MMP

conspiracy with one another to leave her with no business. Besides being discriminatory towards Plaintiff, these accusations lack any legal foundation, because to come to the conclusion that under the circumstances when the Plaintiff was getting non-stop death threats (including disbarment threats),¶¶ 67, 71, 79, 80, 81, 94, SAC, rats and cockroaches in her permanent and temporary places of residence, ¶¶ 77, 175, SAC, (*See also Exh. K* to this Opposition and *Exh. H to Plaintiff's Opposition to Defendants ANCA, Aram Hamparian, ANCAWR's motion to dismiss, Docket # 155, ECF page No. 2920 -2935*), after her country has been in two recent wars with Armenia (one in 2020 and another one in 2023), with the knowledge of the facts how many violent attacks happened in Los Angeles towards her community members (including covert acts of killings), ¶¶ 40, 41, 48, 50, 51, SAC (*See also Exh. A to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to dismiss, Docket # 128, ESF page No.2255 - 2276*),  her concern about getting Armenian referrals through their service was somehow indication of her intent to discriminate is upper level hypocrisy - if the quality of the lawyers at LACBA is such as to utter this nonsense and, moreover, put it on their pleadings, then Plaintiff assumes that driving Uber would be more advisable to them than running lawyers' referral organization. Besides, Defendants have no State Bar decision on Plaintiff's disbarment and/or discipline on the matter to bring these arguments in this Court and conclude that she "can't be their member anymore". The matter of lawyers' professional responsibility and their discipline solely belongs to the State Bar and Supreme Court, not to LACBA (*See Cal. Bus. & Prof. Code § 6078).* Since their accusations are nothing more that opinion of the sold out "lawyers" who formed cartel with terrorists against Plaintiff and who themselves were engaged in multiple instances of violation of State Bar Rules, including Rules on Professional Conduct, Plaintiff would just analyze the Law to diffuse their absurd opinion on the matter.  Again, Plaintiff rejects all accusations that she discriminated against anyone, because before the alleged email Defendants enclosed to their motion she sent them another email (*See Exh. B3*) which clearly shows that her

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

11    Case No.: 3:24-CV-01077-RSH-MMP

concerns were about her safety & life rather than a desire to discriminate.  Rule 8.4.1. of the State Bar of California states that "In representing a client, or in terminating or refusing to accept the representation of any client, a lawyer shall not: (1) unlawfully harass or unlawfully discriminate against persons on the basis of any protected characteristic; or (2) unlawfully retaliate against persons."  First of all, the Law makes it clear that the process of so called "discrimination" should be in the process of representation or refusing from representation of the client, Plaintiff didn't have any contacts with the clients, she communicated her concerns to the referral organization, not to the clients. "Unruh Act claims are thus "appropriate where the plaintiff was in a relationship with the offending organization similar to that of the customer in the customer-proprietor relationship." *Morris v. O'Reilly Auto. Stores, Inc.,* No. ED CV 21-1060-FWS-KK, 2022 WL 21737781, at *5 (C.D. Cal. June 10, 2022). In part 3 the Rules define that "unlawfully" and "unlawful" shall be determined by reference to applicable state and federal statutes and decisions making unlawful discrimination or harassment in employment and in offering goods and services to the public." *Rule 8.4.1. of the State Bar of California*. Now, let's turn to the question of what type of discrimination is prohibited in business establishments. The Unruh Civil Rights Act "prohibits intentional discrimination in access to public accommodations." *Brown v. Smith* (1997) 55 Cal.App.4th 767, 786-787, 64 Cal.Rptr.2d 301 (*Brown*).) The Unruh Civil Rights Act only applies to "business establishments" that are "generally open to the public" *In re Cox* (1970) 3 Cal.3d 205, 216, 90 Cal.Rptr. 24, 474 P.2d 992, and mandates that those establishments "serve all persons without **arbitrary** discrimination." *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 167, 59 Cal.Rptr.3d 142, 158 P.3d 718. So, the discrimination which is prohibited by the Unruh Act must be 1) intentional and 2) arbitrary to be actionable. None of these qualities are applicable to Plaintiff's situation. Her email was rather a necessary precaution than deliberate desire to discriminate, ¶ 162, SAC, see also *Exh. B3.*   Second, public policy makes it clear that ***Plaintiff's life and***

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

12          Case No.: 3:24-CV-01077-RSH-MMP

*health are more important than discrimination statutes*, and therefore "arbitrary" requirement for the discrimination to be actionable is lacking. " Distinctions, such as those based on age, are unlawful if they constitute " '***arbitrary***, invidious or ***unreasonable*** discrimination." *Javorsky v. Western Athletic Clubs, Inc.* (2015) 242 Cal.App.4th 1386, 1398, 195 Cal.Rptr.3d 706. "***Differential treatment is reasonable and nonarbitrary if there is a strong public policy in favor of the distinctions.*** (*Ibid*; *Sargoy v. Resolution Trust Corp.* (1992) 8 Cal.App.4th 1039, 1044, 10 Cal.Rptr.2d 889 [bank offering older people savings accounts with higher interest rates was not arbitrary discrimination because it served policy considerations such as elderly people having limited incomes, inability to work due to health problems as articulated in a myriad of statutes]" *Liapes v. Facebook, Inc.,* 95 Cal. App. 5th 910, 925, 313 Cal. Rptr. 3d 330, 343 (2023), review denied (Jan. 10, 2024). Multiple state and federal statutes make it a felony to kill, rape or injure someone, ***so the public policy is such that the life and health of the people are more important than any anti-discrimination policy***. In other words, the store manager who knows that the approaching customer could potentially kill her has a full right to close the door before this customer's face, and to blame the store manager in this situation in "discrimination" is by itself an outrageous discrimination. State Bar Rules are also clear on the matter: "A lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence. (b) For purposes of this rule, "competence" in any legal service shall mean to apply the (i) learning and skill, and (ii) ***mental, emotional, and physical ability reasonably\* necessary for the performance of such service.***"*Rule 1.1. of the State Bar of California.* So, in opinion of Defendants Plaintiff was competent to represent people of Armenian origin after her country has recently been in two wars with Armenia (in 2020 and 2023), after people of her community and their businesses were attacked in Los Angeles, ¶¶ 40, 41, 48, 50, 51, SAC, after radical dashnaks declared a ransom to anybody who will disclose to them residential addresses of Azerbaijanis living in LA, ¶ 48, SAC, after she was getting death

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

13                    Case No.: 3:24-CV-01077-RSH-MMP

threats non-stop in her emails and phone, after she got dead rats and cockroaches everywhere she lived, ¶¶ 67, 71, 77, 79, 80, 81, 94,175, SAC (*See also Exh. K* to this Opposition and *Exh. H to Plaintiff's Opposition to Defendants ANCA, Aram Hamparian, ANCAWR's motion to dismiss, Docket # 155, ECF page No. 2920 -2935*).  In Defendants' opinion, Plaintiff was perfectly ok to work with Armenian clients under the circumstances. Defendant LACBA instead of thinking and finding a reasonable solution to the situation of Plaintiff  "resolved" the issue by entirely banning her from all their services after almost a year sending her fake referrals. Defendants simply lie by bringing this argument, because they targeted her business from day 1 after her membership - she joined their service on November 3, 2022, the email with alleged "discriminatory" intent was sent to them on or around May 18, 2023 (*See Exh. B3 and B4*) after being horribly harassed multiple times in her Twitter account, ¶¶ 159 - 161, SAC, ***she also consented to their terms afterwards that they can continue sending her referrals in a neutral way while she will be choosing with whom to work (See Exh. F4)***, but neither before this request, nor afterwards they sent her normal referrals, instead they suspended her account by demanding from her closing documents for her client ahead of time and thus used it as an excuse not to deliver her any business - very much in compliance with the needs of the enterprise they joined, ¶¶ 166 - 168, SAC. If they want to see how they abused her before the alleged email with "discriminatory" intent, they need to read their own email communications with Plaintiff attached here as an *Exh. A.*  Defendants are liable for years of their horrible discrimination against Plaintiff and can't now hide behind ridiculous made up accusations in Plaintiff's address.

**2. Armenian clients Plaintiff started getting after her complaints to Defendants similarly as rats and cockroaches were sign of Defendants being a part of Mafia.**

Plaintiff started getting Armenian clients one after another after she complained to Defendants numerous times about the quality of the referrals she was getting from them,

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

14                    Case No.: 3:24-CV-01077-RSH-MMP

¶ 162, SAC. It was rather a sign of Mafia telling her that "we are running the show" than innocent clients sent to her for the purpose of honest business relations. It is no secret that mafia groups and cartels love using signs to let victims know who is after them. "As the state court noted, in order to prove the Mexican Mafia is a "criminal street gang" within the meaning of Penal Code § 186.22(b)(1), the prosecution had to prove that "(1) the [Mexican Mafia] is an ongoing association of three or more persons sharing a common name, *identifying sign or symbol*; (2) one of the group's primary activities is the commission of one or more statutorily enumerated criminal offenses; and (3) the [Mexican Mafia's] members must engage in or have engaged in, a pattern of criminal gang activity.." *Buchanan v. Cate, No. CIV. 10-0423 BTM NLS, 2011 WL 10730141, at *48 (S.D. Cal. Sept. 30, 2011), report and recommendation adopted as modified sub nom. Buchanan v. Beard, No. CIV. 10-0423 GPC NLS, 2013 WL 2390435 (S.D. Cal. May 29, 2013).* Plaintiff pleaded not once in her SAC how cartel left her signs of being after her by placing rats and cockroaches in her places of residence,¶¶ 77, 175, SAC. Also, Defendants stopped sending Plaintiff referrals precisely at the times when she was harassed by Armenians in her Twitter account (*See Exh. D2 and D3*).

### 3. Defendants were liable for the referrals both before the public and Plaintiff.

Defendants had the obligations both before the public and before the Plaintiff and Rules of the State Bar of California are completely clear on that. Rule 3.826 of the State Bar of California requires Defendants to allocate referrals fairly among panel members, it also requires them not to monopolize the business by sending those referrals to a single law firm or a lawyer, it also states that referral " *shall not violate restrictions against unlawful solicitation and false and misleading advertising or otherwise violate the Rules of Professional Conduct or law applicable to a licensee of the State Bar". (Rule 3.826 (D) (2) of the State Bar of California).* Sending to the panel attorney referrals not in her area of practice or in the languages she does not speak is a fraud and is a violation

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

15                    Case No.: 3:24-CV-01077-RSH-MMP

of the Rules of Professional Conduct *(Rule 8.4. of the State Bar of California)*, creating cartels and engaging in dishonest malicious criminal activity to ruin career and income of another attorney by engaging in corruption and dishonesty is a violation of the Rules of Professional Conduct *(Rule 8.4. of the State Bar of California)*, and all lawyers engaged in this activity, including members of their famous "Advisory Committee" and members of their organization's governing body responsible for the referral service, should be disbarred for what they did to the Plaintiff. "The ***commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise***, and ***whether the act is a felony or misdemeanor or not***, constitutes a cause for disbarment or suspension. *(§ 6106, California Business & Professions Code)*. Besides, the Rules of Professional Responsibility and Rules of the State Bar of California for referral organizations, LACBA is subject to other Laws and regulations as a business establishment and has the duties to refrain from discrimination, unfair competition, Anti-Trust violations and etc. Defendants are not special entity above the Law just because they are licensed by the State Bar of California. Accordingly, "the term 'business establishments' [should be] used in the broadest sense possible." *Id.*; *Munson v. Del Taco, Inc.,* 46 Cal.4th 661, 666, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009) (quoting *Angelucci v. Century Supper Club,* 41 Cal.4th 160, 167, 59 Cal.Rptr.3d 142, 158 P.3d 718 (2007). "Courts have considered various factors when determining whether to apply the Unruh Act to organizations such as non-profit associations, as operating as an equivalent to a business establishment, "including: (a) what, if any, business benefits one may derive from membership; (b) the number and nature of paid staff; (c) whether the organization has physical facilities; (d) what are the purposes and activities of the organization; (e) the extent to which the organization is open to the public; (f) whether there are any fees or dues for participation or membership; and (g) the nature of the organization's structure." Since attorneys' participation at referral organizations was based on their membership, and referral organizations use those membership and other

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

16                    Case No.: 3:24-CV-01077-RSH-MMP

fees paid by attorneys to pay and keep their staff, they are business establishments affecting interstate commerce and liable under all applicable Laws and regulations Plaintiff listed in her SAC.

**B. PLAINTIFF SUCCESSFULLY ESTABLISHED FIRST, SECOND AND THIRD RICO CLAIMS.**

**1. Plaintiff successfully pleaded Associated in Fact and alternative Enterprises.**

"…an enterprise may be an illegitimate enterprise, e.g., a Mafia family, or a wholly legitimate enterprise, e.g., a corporation." *United States v. Turkette, 452 U.S. 576, 580-81 (1981)*. "A plaintiff may plead more than one enterprise. Pleading alternative enterprises "does not undermine the plausibility of the pleadings." *Jackson v. Segwick Claims Mgmt. Serv., Inc., 699 F.3d 466, 480 (6th Cir. 2012)*. "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.* "RICO defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Plambeck, 802 F.3d at 673 (quoting 18 U.S.C. § 1961(4))*. Multiple corporations or other legal entities can, when working in concert either overtly or covertly, form an association-in-fact RICO enterprise." *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc., 113 F. Supp. 2d 345, 365 (E.D.N.Y. 2000)*. "An associated-in-fact enterprise must have "a common purpose of engaging in a course of conduct." *In re Nat. W. Life Ins. Deferred Annuities Litig., 635 F. Supp. 2d 1170, 1174 (S.D. Cal. 2009)*. "The common purpose element, however, does not require the enterprise participants to share all of their purposes in common. *See, e.g., Odom,* 486 F.3d at 552 (finding a single common purpose sufficient). And all members of the enterprise need not be directly working with all other members of that enterprise. *See United States v. Feldman,* 853 F. 2d 648 (9th Cir.1988). What RICO does require as a showing of common purpose is 'proved by evidence of an ongoing organization, formal or informal, and evidence that

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

17                    Case No.: 3:24-CV-01077-RSH-MMP

the various associates function as a continuing unit." *Id.* Defendants' allegations that Plaintiff lumps Defendants in one lawsuit are wrong. Plaintiff pleaded enough facts to show that all Defendants are related to each other with the common purpose to destroy Plaintiff's business, income, reputation and generally well-being, that's why she brought a lawsuit against Yelp and Google (responsible for business rating and reputation), against all referral organizations (responsible for giving her clients), against her landlord and car leasing company (responsible for her well being and traveling for her business needs). **So, *referral organizations are alternative enterprise among pleaded one associated in fact Armenian enterprise., ¶ 218, SAC.*** Plaintiff also successfully showed how referral organizations sabotaged her business by basically harassing her with the same type of referrals and cheating her by taking her money and giving nothing in return. Thus, she pleaded that in one of her emails to Defendant OCBA after her application for IP Panel was rejected, she mentioned that she is more qualified for this panel than any other IP Panel member at their organization except probably for Patent Law, and after this email she was haunted with Patent referrals ***in all*** referral organizations even though she was not a member of their IP Panel, ¶ 154, SAC. In LACBA, a Patent referral was sent to her shortly after she complained to Defendant Seth Chavez about quality of the referrals she was getting from them, ¶ 161, SAC. Moreover, all referrals organizations sent her Patent referral before they started abusing and harassing her with even more fake referrals, ¶¶ 154, 161, 172, 180, SAC. Plaintiff also pleaded that when Defendant ASN started sending her referrals for representation in Northern California she received an email from Defendant LACBA stating that "they have a new keyword for the attorneys to take cases in Sacramento County area." and if someone wants this keyword to be added to their profile they can contact DEFENDANT LACBA", ¶ 174, SAC. She also pleaded that after Defendant OCBA refused from taking her to Business Litigation panel, Defendant LACBA started sending her fake Business litigation leads and as a result she couldn't retain any business litigation client using their service, ¶ 159, SAC. All referral

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

18                    Case No.: 3:24-CV-01077-RSH-MMP

organizations by commonality of their service, membership of the lawyers (most of them are members of both organizations), by their reporting structure to the State Bar of California constitute one single enterprise, connections between them are indisputable. Additionally, Plaintiff incorporated in her SAC a research paper - "Global Terrorism: The Justice Commandos of the Armenian Genocide", which states that ARF is a secret foreign political and terrorist organization,¶ 54, SAC. The paper also states that this terrorist network has a very good presence in Los Angeles and caused "radicalization " of California Armenians.*(See Exhibit A to Defendants' Yelp Inc. and Jeremy Stoppelman's motion to dismiss (Docket # 128, ESF page No.2255 - 2276).* As we are talking about secret organization many members of this organization are quite respectable people - they are lawyers, judges, businessmen, politicians and there is no doubt that they form a network when it is needed for their organization's purposes. Plaintiff pleaded before how a lawyer licensed in California quite openly encouraged terrorism, ¶¶ 55, 56, SAC *(See also Exh. L).* Also, Plaintiff's research revealed that one of the former Presidents of LACBA was Armenian American Mark Geragos on whom State Bar started investigation in September, 2022. *(See Exh. L).* Therefore, alleging now that referral organizations do not have dashnaks as their members or in their leadership is laughable. Alleging also that Defendants have no ties with Defendant ANCA is also false, as they have ties with this organization through their respective dashnak members and employees in their staff, ¶¶ 57, 58, 62, 238 -241, SAC. Moreover, as it was discussed earlier, the fact that Defendants started sending her referrals for Armenian clients one after another after she complained to them about the quality of their referrals was indicative of the sign left by Mafia. "…in order to prove the Mexican Mafia is a "criminal street gang" within the meaning of Penal Code § 186.22(b)(1), the prosecution had to prove that "(1) the [Mexican Mafia] is an ongoing association of three or more persons sharing a common name, ***identifying sign or symbol..***" *Buchanan v. Cate, No. CIV. 10-0423 BTM NLS, 2011 WL 10730141, at \*48 (S.D. Cal. Sept. 30, 2011).* Plaintiff pleaded not once in her SAC how cartel left her signs

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

19                    Case No.: 3:24-CV-01077-RSH-MMP

of being after her by placing rats and cockroaches in her places of residence,¶¶ 77, 175, SAC. Also, after she got referrals for Armenian clients and expressed her concerns Defendants basically stopped sending her any referrals at all finding every time an excuse not to do so, ¶¶ 159 - 170, SAC. Eventually, Defendants sent her a "client" who was fishing to send her a fake check, ¶ 170, SAC. Fake checks and referrals borderline with criminal activity were sent to Plaintiff several times both in referral organizations and by her former employer back in 2021, ¶¶ 122, 170, 179, SAC. So, facts show that the enterprise associated with Armenian dashnaks was formed against Plaintiff since her arrival to the U.S., since 2021. Since 2021, this Enterprise is after her desperately trying to engage her into crime and destroy her career, and Defendants became instrumental part of this network. Defendants' claim that they do not have ties with Armenian community is also ridiculous. Los Angeles is a home to the largest Armenian community in California, the state of California is also a home to the largest Armenian community in the United States (information about statistics can be found at the website of Consulate General of Armenia in Los Angeles - https://la.mfa.am/en/community-overview/ - Judicial Notice is requested). Besides, as Plaintiff pleaded before in her Opposition to Defendants' Google LLC and Alphabet Inc.' motion to dismiss, there is a group of Congressmen who are members of the so called Armenian Caucus under leadership of ANCA which can be found at ANCA's website, among roughly 118 members in this Caucus around 36 are from California (Judicial Notice is requested). Plaintiff also pleaded before in her Opposition that facts after she filed her SAC revealed that she is targeted by the government *(See Plaintiff's Opposition To Defendants Google LLC and Alphabet Inc's Motion to Dismiss, Docket # 145, ECF Page No. 2512)*. Plaintiff also pleaded that some Armenian accounts in Twitter let her know that they achieved the purpose that they left her with no business in California and she is just tweeting for likes, ¶ 186, SAC. Defendants also stop sending her any referrals precisely at the times when

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

20                    Case No.: 3:24-CV-01077-RSH-MMP

she was harassed in her Twitter account *(Exh. D2 and D3)*. Plaintiff successfully pleaded Enterprise.

**2. Plaintiff successfully pleaded multiple instances of predicate act of mail & wire fraud committed by Defendants.**

"To state a claim for mail or wire fraud, a plaintiff must show that "(1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails [or wires] ... in furtherance of the scheme and (3) the defendants did so with the specific intent to deceive or defraud." *Siddle v. Crants*, 650 F. Supp. 2d 773, 787 (M.D. Tenn. 2009). "In …complex civil RICO actions involving multiple defendants, Rule 9(b) does not require that the temporal or geographic particulars of each mailing or wire transmission made in furtherance of the fraudulent scheme be stated with particularity." Instead, "Rule 9(b) requires only that the plaintiff delineate with adequate particularity in the body of the complaint, the specific circumstances constituting the overall fraudulent scheme." *Angermeir v. Cohen, 14 F. Supp. 3d 134, 145–46 (S.D.N.Y. 2014).* In her SAC Plaintiff pleaded "Since the time PLAINTIFF joined the DEFENDANT LACBA's SLRS, DEFENDANT LACBA ***with intent to defraud and contrary to the State Bar's Rules for referral services*** using wire started sending to PLAINTIFF referrals not in the area of practice of PLAINTIFF, for the people already represented, or for the clients speaking the languages PLAINTIFF didn't speak, or continuously asking for pro-bono services", she also pleaded that Defendants were sending her fake Business Litigation leads, ¶ 159, SAC. Defendants now play a game that there was no contractual obligation on the part of Defendants to provide Plaintiff with the referrals in her area of practice, in the languages she speaks, not to send her fake referrals and so on. Obligations of Defendants are quite precisely listed in the State Bar Rules for referral organizations (*Rule 3. 826 of the State Bar of California).* Defendants under Rule 3.826 of the State Bar of California as it was stated above had the obligation to allocate referrals fairly and impartially among panel members, had the obligation to send Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

21    Case No.: 3:24-CV-01077-RSH-MMP

referrals which will not discriminate against her, had the obligation not to violate Rules of Professional Conduct by sending those referrals.  Defendants violated both Rule 3.826 and Rules of Professional Conduct (Rule 8.4. of the State Bar of California) and should be subject to discipline under Section 6106 of California Business & Professions Code for creating a cartel and engaging in fraud.   Defendants were engaged in multiple instances of mail & wire fraud, ¶¶ 159 - 170, SAC.   Besides, Plaintiff also pleaded what was the role of other Defendants - Seth Chavez and Coco Su in overall fraud scheme in their organization. Thus, in her SAC, Plaintiff pleaded that Seth Chavez was a Director of Operations at Defendant LACBA to whom she several times sent her complaints about quality of the referrals and that he and Coco Su were responsible for the referrals, ¶¶ 16, 160, 220, 224, SAC. Plaintiff also pleaded that Defendants Coco Su is a Director at LACBA's Smart Law Referral Service, ¶ 17, SAC. So, Defendants Seth Chavez and Coco Su were managers primarily responsible for LRS at Defendant LACBA, Plaintiff sued people who were managers and who were primarily responsible for her troubles, and in any case she didn't event need to do that as she successfully pleaded facts how Defendants formed Enterprise against Plaintiff together with other referral organizations (alternative enterprise) and how they formed altogether an Associated in Fact Armenian Enterprise, ¶¶  188, 218, 224-226, 238-241, SAC. Plaintiff also successfully pleaded other predicate acts committed by other lawyers in the industry, ¶¶ 122 - 135, SAC. All these predicate acts are relevant because they all constitute mail & wire fraud. Plaintiff didn't know the names of their Advisory Committee to sue them in this case, and she will be happy to add them as Defendants once discovery reveals their names.

     **3**. **Plaintiff pleaded enough facts to put Defendants on notice that they were engaged in predicate act of terrorism against Plaintiff.**

     Plaintiff pleaded not once that she was threatened with death by Armenian radical dashnaks, ¶¶ 67, 79 - 81, SAC (*See also Exh. K* to this Opposition and *Exh. H to Plaintiff's Opposition to Defendants ANCA, Aram Hamparian, ANCAWR's motion to*

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

22                    Case No.: 3:24-CV-01077-RSH-MMP

*dismiss, Docket # 155, ECF page No. 2920 -2935*). Since even after her warnings sent to Defendants they make it conditional that she has to represent Armenians in order to join their service (which by itself is outrageous racism under Plaintiff's circumstances) Defendants are not only in conspiracy with cartel to ruin her business, but also to kill and damage her physically. The same type strange referral she got at another referral organization - Attorney Search Network, when the referred person wanted her to come to underground garage "to do the job", ¶ 179, SAC. Therefore, Defendants have to be taken responsible not only for mail & wire fraud, but for the terrorism as well. Terrorism is a predicate act according to RICO statute, *§ 2332b, 18 U.S. Code*. Death threats constitute a predicate act. "Racketeering activity" is defined in RICO to mean "any act or threat involving" specified state-law crimes". *H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 232, 109 S. Ct. 2893, 2897, 106 L. Ed. 2d 195 (1989).* Threatening somebody with a murder is a state crime in California under *§ 422 of Cal. Penal Code.* Conspiracy to kill someone is also a crime, *§ 182 Cal. Penal Code*. Both constitute predicate acts. Courts regularly hold that "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Garcia, 497 F.3d 964, 967 (9th Cir. 2007).* Defendants are liable for conspiracy to kill or physically damage Plaintiff.

**4. Plaintiff successfully established that Defendants gained control over Plaintiff's business.**

"A plaintiff cannot recover under § 1962(b) unless he alleges a distinct injury caused not by predicate acts but by the defendant's acquisition or maintenance of an interest in or control of an enterprise." *Allstate Ins. Co. v. Seigel*, 312 F. Supp. 2d 260, 273 (D. Conn. 2004). First of all, Plaintiff pleaded enough facts to put Defendants on notice that they gained control over her business by defrauding it in terms of referrals and sending her multiple fake, false and useless referrals, ¶¶ 159 - 170, 230, 231, 234, 235, SAC. Plaintiff also pleaded how Defendants using multiple illegal excuses stopped

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

23                    Case No.: 3:24-CV-01077-RSH-MMP

1    sending her referrals just to satisfy the needs of the dashnak gang, ¶¶ 163, 164, 166 - 170,

2    SAC. Therefore, Plaintiff pleaded enough facts to put Defendants on notice that they

3    gained a control over her business  by engaging in racketeering activity of mail & wire

4    fraud. Besides, in terms of the "distinct injury" from the injury from predicate acts,

5    Plaintiff pleaded enough facts on denial of public accommodation which is not a

6    predicate act, ¶¶ 251 - 267, 286 - 292, SAC. She also pleaded enough facts on harassment

7    which is not a predicate act, ¶¶ 293 - 302, SAC. She also pleaded torts of IIED and

8    NIIED which are not predicate acts, ¶¶ 326 - 340, SAC. Thus, Defendants failed in their

9    argument that Plaintiff couldn't establish a claim under 18 U.S.C. 1962 (b).

10        **5. Plaintiff pleaded enough facts to put Defendants on notice that they**

11   **conspired with each other against Plaintiff's business.**

12        "Section 1962(d) conspiracies ... easier to prove than violations of [Section]

13   1962(c)," *Palatkevich v. Choupak, 2014 WL 1509236, at *22 (S.D.N.Y. Jan. 24, 2014)*,

14   but RICO conspiracies are also easier to demonstrate than "basic" conspiracies, as RICO

15   conspiracies "do not require proof that a defendant knowingly agreed to facilitate a

16   specific crime (e.g., mail fraud)" and "have a more removed mens rea requirement" than

17   "basic" conspiracies. *Zemlyansky, 908 F.3d at 11, n.7; see also Salinas, 522 U.S. at 63,*

18   *118 S.Ct. 469.* "Unlike 'basic' conspiracy, RICO conspiracy does not require proof that

19   the defendant intended that specific criminal acts be accomplished."). *In re Firestar*

20   *Diamond, Inc., 654 B.R. 836, 865 (Bankr. S.D.N.Y. 2023).* And also, since Plaintiff

21   pleaded enough predicate acts she does not need to establish a conspiracy by any other

22   special means. "..Where ... the evidence establishes that each defendant, over a period of

23   years, committed several acts of racketeering activity in furtherance of the enterprise's

24   affairs, the inference of an agreement to do so is unmistakable.")", *United States v.*

25   *Applins, 637 F.3d 59, 82 (2d Cir. 2011).* Plaintiff didn't have any requirement to show a

26   signed and sealed agreement in writing by all Defendants in order to show conspiracy

27   under RICO, since Plaintiff sufficiently pleaded facts establishing enterprise (one

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

24                    Case No.: 3:24-CV-01077-RSH-MMP

enterprise of referral organizations and associated in fact Armenian Enterprise) and predicate acts - multiple referrals sent in violation of the State Bar Rules and other Laws (mail & wire fraud) and predicate acts of other fraudulent acts committed by other lawyers and other members of the cartel, ¶¶ 40 - 214, SAC. In terms of predicate acts committed by referral organizations Plaintiff pleaded all of them with specificity, ¶¶ 136 - 214, SAC. Plaintiff also pleaded how all referral organizations sent her Patent referrals before starting en mass abusing her with fake referrals, ¶¶ 154, 161, 172, 180, SAC. In the similar way, all referral organizations directed to her people fishing to send her a fraudulent check or engage her into crime, ¶¶ 122, 170, 179, SAC. Defendants were also sending her fake business litigation leads after another referral organization Defendant OCBA refused from taking her as a member to this Panel, ¶ 159, SAC. Predicate acts listed by the Plaintiff clearly show an agreement between Defendants and other members of the cartel.

## C. PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE THAT THEY VIOLATED ANTI-TRUST LAWS (FOURTH, SIXTH AND SEVENTH CAUSES OF ACTION).

### 1. Plaintiff put Defendants on notice that they were in violation of Sherman and Clayton Act.

Defendants' allegations that Plaintiff failed to implicate them for violation of Sherman & Clayton Act are not true. Plaintiff pleaded enough facts that Defendants didn't act independently but did it in tandem and conspiracy with one another, ¶¶ 40 - 186, SAC. "Because § 1 of the Sherman Act "does not prohibit [all] unreasonable restraints of trade ... but only restraints effected by a contract, combination, or conspiracy," *Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 775, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984)*, "[t]he crucial question" is whether the challenged anticompetitive conduct "stem[s] from independent decision or from an agreement, tacit or express." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 1964, 167 L.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

25    Case No.: 3:24-CV-01077-RSH-MMP

*Ed. 2d 929 (2007).* "..proof of a § 1 conspiracy must include evidence tending to exclude the possibility of independent action, see *Monsanto Co. v. Spray–Rite Service Corp., 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984)*; and at the summary judgment stage a § 1 plaintiff's offer of conspiracy evidence must tend to rule out the possibility that the defendants were acting independently*" Id.* Defendants now want to claim that they acted "independently" when as soon as Plaintiff joined their service they started sending her referrals not in her area of practice (clearly with malicious intent to catch her on malpractice), useless referrals (referrals asking for pro-bono service), referrals for the clients speaking in the languages Plaintiff did not speak and etc., ¶¶ 159 - 170, SAC. Defendants are also wrong claiming that they had no obligation before Plaintiff, State Bar Rules for the referral organizations make it clear that Defendants had the obligation to provide Plaintiff with referrals on equal basis with any other members of the panels she belonged, in similar numbers and not to discriminate against her *(Cal. St Bar Lawyer Referral, Rule 3.826)*. Now, they want to claim that the fact that in all these referral organizations she was haunted with Patent referrals while she was not even a member of their IP panel was a coincidence ?, ¶¶ 154, 161, 172, 180, SAC. They want also to claim that they started sending her referrals for Armenian clients one after another after her complaints to them about quality of the referrals was also a coincidence?, ¶¶ 160 - 162, SAC. They also want to claim that they stopped sending her any referrals and constantly illegally placed her account in suspended status completely accidentally?, ¶¶ 162 - 170, SAC. They want also to claim that not sending her CLE certificates for the courses she had with them was a complete coincidence?, and was not in conspiracy with dashnaks ?,¶ 165, SAC. They want also to claim that sending her a referral for someone who was fishing to offer her a fraudulent check after she was offered one by her previous employer (also a lawyer) was a coincidence?, ¶¶ 122, 170, 179, SAC. Defendants similarly as all other Defendants in the present case acted on the policy of the fascist dashnak group doing everything to exclude people of Plaintiff 's origin from the market, so Defendants'

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

26    Case No.: 3:24-CV-01077-RSH-MMP

allegations that she is pleading trust violations as only to herself is wrong. Plaintiff pleaded before a lot of facts how Defendants ANCA, ANCAWR, Aram Hamparian and generally Armenian cartel do their best to exclude people like Plaintiff from the market by organizing smear campaigns and shelling their business accounts with negative fake reviews, ¶¶ 40 - 49, SAC. Similarly, Plaintiff pleaded enough facts how Defendants ANCA, ANCAWR and Aram Hamparian are tied to terrorist organization ARF and how their leadership was involved in organization and carrying out terrorist acts against people like Plaintiff, ¶¶ 50 -62, SAC. Courts regularly hold that "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Garcia, 497 F.3d 964, 967 (9th Cir. 2007).* Defendants are liable similarly as Defendants ANCA, Aram Hamparian and ANCAWR for excluding Plaintiff from the market because of her national origin, ancestry, religion and other protective characteristics. Plaintiff also successfully defined a market and Defendants simply need to read SAC carefully, ¶¶ 37, 173, 174, SAC. Every statement in her SAC was incorporated by reference according to Rule 10 (c) of F.R.C.P. and Defendants needed to read the entire SAC as a whole document. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion…" Rule 10 (c) of F.R.C.P. "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well pleaded claim." *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1003 (9th Cir. 2018).* Plaintiff put Defendants on notice that the market from which Defendants excluded her was Southern California market.

**2. Plaintiff put Defendants on notice that they conspired with each other to to exclude Plaintiff from the market in violation of Section 16720 of Business & Professions Code.**

California Business and Professions Code ("B.P.C.") § 16721(a) provides that

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

27    Case No.: 3:24-CV-01077-RSH-MMP

1    "No person within the jurisdiction of this state shall be excluded from a business

2    transaction on the basis of a policy expressed in any document or writing and imposed by

3    a third party where that policy requires discrimination against that person on the basis of

4    any characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil

5    Code or on the basis that the person conducts or has conducted business in a particular

6    location." *Flynn v. Sephora USA, Inc., No. SACV2200426DOCADS, 2023 WL 5669897,*

7    *at \*5 (C.D. Cal. Aug. 11, 2023).* In terms of the policy upon which Defendants acted they

8    need to read SAC carefully,¶¶ 54, 88, 262, 263, 264, 266, SAC. Plaintiff incorporated by

9    reference to her SAC the research paper named: Global Terrorism: Justice Commandos of

10   Armenian Genocide, prepared in coordination with FBI and CIA,¶ 54, SAC (Docket #

11   128, ESF page No.2255 - 2276). This document describes very well on what policies

12   Defendants acted. In her SAC Plaintiff pleaded enough facts to show how radical

13   dashnaks regularly organize smear campaigns and shell business accounts of the people

14   like Plaintiff to ruin their business, ¶¶ 40-49, SAC. Further, in her SAC Plaintiff pleaded

15   that "Armenia's official ideology is built on Tsegakron, the nationalistic (fascist) ideology

16   established by former Nazi collaborator G. Njdeh, whose enormous monuments are

17   erected everywhere in Armenia…",¶ 262, SAC. Plaintiff also pleaded in her SAC that

18   Defendants are either governed or have significant ties with ARF - a terrorist

19   organization, ¶ 50, 51, SAC. Plaintiff also, incorporates here Letter of Citizens for

20   Responsibility and Ethics In Washington as well as APPENDIX TO THE

21   CONGRESSIONAL RECORD previously filed as Exhibits to Plaintiff's Opposition to

22   Defendants' Yelp Inc. and Google LLC's motions to dismiss *(Docket # 128, ECF page*

23   *No.2255 - 2276 and Docket # 145, ECF page No. 2573 - 2576 - Judicial notice is*

24   *requested).* In terms of the conspiracy, Plaintiff pleaded enough facts to show how

25   Defendants conspired with other referral organizations to exclude Plaintiff from the

26   normal flow of business, ¶¶ 136 - 186, SAC. Further, she pleaded enough facts to show

27   how after Plaintiff complained to Defendants about the quality of the leads she started

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

28    Case No.: 3:24-CV-01077-RSH-MMP

1    getting multiple referrals for Armenian clients and then Defendants stopped completely

2    sending her any referrals and kept suspending her account under various excuses in

3    violation of their own Rules, ¶¶ 162 - 170, SAC. Also, Defendants' allegations that

4    Plaintiff must plead the specific injury to competition different from her own exclusion

5    from the market was also satisfied. In order to plead injury to competition "a claimant

6    must, at a minimum, sketch the outline of [the injury to competition] with allegations of

7    supporting factual detail." *Id.* at 508. Such allegations must "raise a reasonable

8    expectation that discovery will reveal evidence of" an injury to competition" *Brantley v.*

9    *NBC Universal, Inc.,* 675 F.3d 1192, 1198 (9th Cir. 2012). And in any case as she pleaded

10   enough facts how Defendants ANCA, ANCAWR and Aram Hamparian do their best to

11   exclude from the market businesses of Azerbaijani and Turkish businessmen, ¶¶ 40-62,

12   69 - 214, SAC., and Defendants joined them in their purpose to damage Plaintiff, Plaintiff

13   pleaded enough facts to show injury to competition.  Plaintiff also believes that

14   Defendants do that to other members of her community on the requests of the radical

15   dashnak gang regularly and her story is not an isolated event, and discovery for sure will

16   reveal a lot of interesting facts.

**3. Plaintiff pleaded enough facts to put Defendants on notice that they are**
**liable for violation of Section 17200 of Business & Professions Code (Unfair**
**Competition).**

Defendants' attempt to cover up their horrible discrimination and multiple mail &
wire fraud they committed against Plaintiff with her single email sent to them on or
around May 18, 2023, while they were defrauding her out of their services starting from
day 1 after she became their member is simply ridiculous (she became their member on
or around November 3, 2022). As she explained it before, her email was a concern for her
life and safety rather than a desire to discriminate, and neither under Rules of the State
Bar of California, nor under their own Rules it can count as discrimination. Plaintiff was
under no obligation to provide services to the people who can potentially harm, rape or

kill her (*See also Exh. K* to this Opposition and *Exh. H to Plaintiff's Opposition to Defendants ANCA, Aram Hamparian, ANCAWR's motion to dismiss, Docket # 155, ECF page No. 2920 -2935*). Additionally, in her email sent to them on August 31, 2023, *(Exh. F4),* she informed them that they can continue sending her referrals in a neutral way but instead they found million excuses not to do so and kept her account suspended. Plaintiff is an active member of the State Bar of California with no discipline history and as such Defendants' allegations are just another evidence of their intent to discriminate against her and keep her out of business in the future in order to satisfy the needs of the cartel they formed against her, therefore, all Plaintiff's requests for injunctive relief are justified. Defendants shall also repay her all her membership and other fees she paid to them as they defrauded her regarding their services and acted as a unit of the fascist ARF gang. Moreover, none of Armenian clients were sent to Plaintiff with genuine intent to give her a business, rather it was a sign to let her know that Defendants are part of Mafia. Defendants' conspiracy against Plaintiff's business and multiple instances of wire & mail fraud were pleaded by Plaintiff in a very detailed manner, ¶¶ 159 - 170, SAC.

**D. LACBA DISCRIMINATED AGAINST PLAINTIFF AND IS A PLACE OF PUBLIC ACCOMMODATION.**

Contrary to Defendants' arguments, places of public accommodation under Section 2000a of 42. U.S.C. are not limited to entertainment places and restaurants, they include any place which affects interstate commerce. "All persons shall be entitled to the full and equal enjoyment of the goods, ***services…*** and accommodations of any place of public accommodation… without discrimination or segregation on the ground of race, color, religion, or national origin.". Further, Defendants' allegations are not supported by case law on the subject as well. "Consistent with the language of the statute, we hold that Title II covers only places, lodgings, facilities and establishments open to the public, and applies to organizations only when they are affiliated with a place open to the public and ***membership*** in the organization is a necessary predicate to use of the facility." *Clegg v.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

30                Case No.: 3:24-CV-01077-RSH-MMP

1  *Cult Awareness Network,* 18 F.3d 752, 756 (9th Cir. 1994). "*Organizations* fall under the

2  purview of Title II when entry into a facility open to the public is dependant on

3  membership in the organization governing the facility. *See, e.g., Sullivan v. Little Hunting*

4  *Park, Inc.,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969)" *Id.* Bar Associations are

5  open to the public, they regularly hold meetings with the public, provide to them pro-

6  bono and other types of services as well as provide food and drinks (as well as sell them)

7  at their events,  similarly referral services are open to the attorneys who are licensed in

8  the State of California and whose license are in good standing, LRS office is located in

9  the same building with LACBA and is a part of it. Moreover, attorneys must pay

10  membership fees to join referral service and after joining this service they have to pay

11  certain share of their fees they get from their clients back to referral organization. Now,

12  claiming that they are not a place of public accommodation is simply ridiculous.

13  Similarly, Defendants' arguments that Plaintiff  has never visited their physical office and

14  therefore they are not a place of public accommodation is false. Courts rejected this

15  argument. "Furthermore, that the Bar Association may not offer its services at a "physical

16  site," such as a store, does not mean that it cannot be a public accommodation…" *See*

17  *Morgan v. Joint Admin. Bd., Retirement Plan of the Pillsbury Co. and Am. Fed. of Grain*

18  *Millers,* 268 F.3d 456, 459 (7th Cir.2001), See also *Straw v. Am. Bar Ass'n,* No. 14 C

19  5194, 2015 WL 602836, at *6 (N.D. Ill. Feb. 11, 2015). "The scope of what constitutes a

20  place of public accommodation "is to be liberally construed and broadly read" with "open

21  minds attuned to the clear and strong purpose of" Title II." *Miller v. Amusement Enters.,*

22  *Inc.*, 394 F.2d 342, 349 (5th Cir. 1968). As to the injunctive relief and the facts that

23  Plaintiff now is not a member of LRS, this argument also fails. Plaintiff does not need to

24  be a member of LRS for the injunctive relief to be issued. "In determining whether to

25  issue injunctive relief, courts must consider four factors. Those factors are: (1) whether

26  the movant has a "strong" likelihood of success on the merits; (2) ***whether the movant***

27  ***will suffer irreparable injury in the absence of injunctive relief;*** (3) whether the

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND
COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND
AUTHORITIES

31    Case No.: 3:24-CV-01077-RSH-MMP

issuance of injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of injunctive relief". *Yonkov v. Maximus Holding Grp. LLC,* No. 1:23 CV 1317, 2023 WL 4419641, at *1 (N.D. Ohio July 10, 2023). Plaintiff was several times asked by Defendants to leave their organization when she was their member and even asked now in this pleading, Plaintiff didn't renew her membership with Defendants because she was sure that discrimination against her will continue. Since Defendants openly declared in this pleading their readiness to discriminate against Plaintiff in the future as soon as she returns, Plaintiff is entitled to injunction against Defendants. Similarly, Defendants failed in their argument that Plaintiff didn't plead enough facts to establish claim under Unruh Act. Plaintiff pleaded with particularity how Defendants conspired with each other to ruin Plaintiff's business, she also pleaded intentional discrimination very well, listing on what policy they acted and what ideology they incorporated by persecuting Plaintiff, ¶¶ 50-62, SAC *(Docket # 128, ECF page No.2255 - 2276 and Docket # 145, ECF page No. 2573 - 2576 - Judicial notice is requested)*. Alternatively, Defendants can change the name of their organization and label it DASHNAK (FASCIST) Los Angeles County Bar Association as well as change its status from public to private club so that people like Plaintiff keep away.

**E. PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE THAT THEY HARASSED HER.**

"Section 527.6 defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." *Cal. Code Civ. Proc. § 527.6(b)(3).* Defendants pretend that they are innocent organization which only provides referrals and as such is not bound by any rules. However, the problem is that Defendants are bound by the Rules of the State Bar of California making it clear that referral organization can't send to the attorneys referrals not in their area of practice, referrals for the clients whose language attorney does not

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

32          Case No.: 3:24-CV-01077-RSH-MMP

understand, referrals in unequal numbers compared to other members in the panel and so on, *See Rule 3.826 of the State Bar of California.* Therefore*,* continuously sending to the Plaintiff referrals which were in open violation of the State Bar Rules and despite numerous complaints of Plaintiff served 1) no legitimate interest and 2) seriously alarmed, annoyed and harassed Plaintiff. *See also Exh. A - K.* Similarly, these referrals were also in violation of other Laws listed by Plaintiff in her SAC.  Those referrals caused Plaintiff significant emotional distress, ¶¶ 159 - 170, SAC.  Those referrals also were made by Defendants knowingly and intentionally because Defendants were aware of her complaints but still continued sending her fake referrals,¶¶ 159 - 170, SAC, See also *Exh. A, B, C.*  Defendants also were engaged in pattern sending to Plaintiff referrals which could potentially jeopardize her license, ¶¶ 159, 170, SAC.  Additionally, none of the State Bar Rules and minimum requirements under Business and Professions Code cited by Defendants were applicable to the Plaintiff's situation. She was in compliance with all their rules and they had no State Bar decision on their hands to outcast Plaintiff. Lawyers' professional responsibility or discipline is not authority of LACBA. A single email as it was analyzed before in this opposition could not serve as indication of any "discriminatory" intent of the attorney as attorney is not required to put her life under risk to serve public, Defendant also didn't bring any Law backing up their accusations besides their empty and clearly erroneous "opinion". Defendants also provided Plaintiff with fake referrals both before her alleged "discriminatory"email and after she informed them that they can send her referrals in the neutral way, ¶¶ 159 - 170, SAC. *(See also Exhibit F - K).* Their intent was to outcast her from referrals on demands of the cartel they joined and now bringing absurd allegations only confirms this fact. Since, Defendants had no right to treat Plaintiff in the way they treated they are liable for harassment.

## F. PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANTS ON NOTICE ON IIED AND NIED CLAIMS.

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

33    Case No.: 3:24-CV-01077-RSH-MMP

1     "The tort of intentional infliction of emotional distress is comprised of three

2  elements: (1) extreme and outrageous conduct by the defendant with the intention of

3  causing, or reckless disregard of the probability of causing, emotional distress; (2) the

4  plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were

5  actually and proximately caused by the defendant's outrageous conduct." *Cochran v.*

6  *Cochran,* 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540, 543 (1998). In Defendants'

7  opinion, sending to Plaintiff for several months non-stop referrals which were not in her

8  area of practice, referrals for the clients speaking Spanish and other languages Plaintiff

9  did not speak, useless referrals, referrals where clients fish to send her fraudulent check,

10  fake referrals were not extreme and outrageous conduct ?, ¶¶ 159 - 170, SAC.  In

11  Defendants' opinion, repeatedly sending her referrals she asked repeatedly not to send her

12  was not with the purpose to cause her emotional distress ?, ¶¶ 159 - 162, SAC.  In

13  Defendants' opinion, sending her referrals which could potentially jeopardize her license

14  was not extreme and outrageous conduct with the intent to cause Plaintiff severe

15  emotional distress ?, ¶ 170,  SAC. Defendants were engaged in series of actions with the

16  goal not only to deprive her the business and opportunity to practice Law, but also to

17  harass and cause her severe emotional distress. Allegations of Defendants that she didn't

18  plead any distress which was caused to her is false, as she pleaded that "Plaintiff as a

19  result of DEFENDANTS' outrageous conduct suffered enormous stress and financial

20  losses, which have to be compensated to her in the amount to be set at the trial', ¶ 333,

21  SAC. She also pleaded that as a result of  Defendants' Advisory Committee's "genius"

22  opinion she suffered shock, ¶ 163. Similarly with regard to negligent infliction of

23  emotional distress Defendants had the the duty to send to Plaintiff referrals which are in

24  compliance with the Rules of the State Bar of California *(Cal. St Bar Lawyer Referral,*

25  *Rule 3.826)* and they failed to do so. They repeatedly for  almost 1 year intentionally sent

26  her fake referrals. As a result of Enterprise's actions she developed panic attacks. (See

27  Declaration of Aynur Baghirzade in her Opposition to Defendants ASN and Jake

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND
COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND
AUTHORITIES

34                    Case No.: 3:24-CV-01077-RSH-MMP

1    Baloian's motion to dismiss, Docket #160, ECF page No. 3079-3080). Besides Rules of
2    the State Bar of California requiring referral organizations to distribute referrals fairly
3    among panel members and adhere to their other standards, Defendants had obligations
4    under other laws listed in Plaintiff's SAC to act with Plaintiff fairly in their business
5    which they clearly failed to do. Defendants are liable both for IIED and NIED.

**G. PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF AND HER**
**CURRENT MEMBERSHIP STATUS WITH DEFENDANTS IS IMMATERIAL.**

6
7    Arguing the issue of injunctive relief Defendants clearly confused the matter of
8    Court's subject matter jurisdiction with which Rule 12 (b) (1) primarily deals with
9    requirements for injunctive relief. Court has a subject matter jurisdiction over the case
10   because Defendants provided referrals in San Diego area and Court has a subject matter
11   jurisdiction because the case is brought under RICO statute, and as such Court has full
12   authority to consider granting or denying injunctive relief in Plaintiff's case.
13   Additionally, Defendants' allegations that Plaintiff does not have standing is also false.
14   "A plaintiff does not lose standing to seek injunctive relief when the unlawful conduct
15   ceases after a lawsuit is filed." *Lane v. Kitzhaber,* 283 F.R.D. 587, 599 (D. Or. 2012).
16   "..the court does not "lightly infer an abandonment of the unlawful activities." *Norton v.*
17   *LVNV Funding, LLC,* 396 F. Supp. 3d 901, 920 (N.D. Cal. 2019). "Past exposure to
18   illegal conduct does not in itself show a present case or controversy regarding injunctive
19   relief ... ***if unaccompanied by any continuing, present adverse effects.***" *Id.*.  Plaintiff has
20   a standing because Defendants declared openly that they discriminated against Plaintiff in
21   the past and they are going to discriminate against her in the future in this pleading.
22   Plaintiff's experience with other referral organizations both before and after she joined
23   LACBA also shows that she will not be provided with business unless there is an
24   injunctive relief imposed on all these organizations obliging them to do so in compliance
25   with the State Bar Rules. The fact that she is not currently a member of LRS has
26   absolutely no meaning, because she was forced to leave LACBA. As to the Rules of

Professional Responsibility and other "concerns" of Defendants, facts show that they clearly need a very good course in the Rules of Professional Responsibility themselves, since they were engaged in multiple violations of State Bar Rules both for referral organizations and for attorneys. Plaintiff is entitled to injunctive relief on all causes of actions she requested in her SAC.

### IV. FURTHER AMENDMENTS ARE JUSTIFIED IF NEEDED.

Plaintiff is sure that no further amendments of her SAC are needed as applied to Defendants but if they are needed she is justified to do so. Plaintiff also needs to add members of LACBA's Advisory Committee to her complaint since she didn't know their names when she filed her case and only discovery process can reveal them. Additionally, all Defendants' allegations that she forced them to violate the Rules of Professional Responsibility or State Bar Rules for referral organizations as analysis above shows are false, and Defendants themselves were engaged in violation of all State Bar Rules and Rules for Professional Conduct and, moreover, were engaged in a criminal conduct under RICO against Plaintiff.

### V. CONCLUSION

Based on foregoing Plaintiff respectfully asks to deny Defendants' motion with prejudice or alternatively allow her to amend her complaint if necessary.

DATED:  January 24, 2025

By: *Aynur Baghirzade*

PLAINTIFF: Aynur Baghirzade

PLAINTIFF'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY BAR ASSOCIATION, SETH CHAVEZ AND COCO SU'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

36     Case No.: 3:24-CV-01077-RSH-MMP