Suzanne Burke Spencer, Esq. (SBN 188597)
sspencer@sallspencer.com
Michael A. Sall, Esq. (SBN 287981)
msall@sallspencer.com
**SALL SPENCER CALLAS & KRUEGER**
A Law Corporation
32351 Coast Highway
Laguna Beach, CA 92651
Telephone: (949) 499-2942
Facsimile: (949) 499-7403

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION,
TRUDY LEVINDOFSKE and TERESA VUKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; et al.,<br><br>Defendants. | Case No. 3:24-cv-01077-RSH-MMP<br><br>**DEFENDANTS ORANGE COUNTY BAR ASSOCIATION, TRUDY LEVINDOFSKE AND TERESA VUKI'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge:      Hon. Robert S. Huie<br>Courtroom:  3B<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# I. INTRODUCTION

At the core of Plaintiff's opposition – and, indeed, the Second Amended Complaint itself – is Plaintiff's mistaken belief that the OCBA Defendants[1] had an affirmative duty to help make Plaintiff's business a success. The OCBA Defendants had no such obligation. While Plaintiff was free to avail herself of the OCBA's lawyer referral service and mentorship program, within the rules governing such programs, there were no guarantees of any result from her participation and any such guarantee was expressly disclaimed. No claim for relief lies against the OCBA Defendants merely because Plaintiff was unhappy with the referrals and mentors she received.

Nor can the OCBA Defendants be held liable for the acts of the other defendants. Plaintiff's rambling and repetitive opposition fails to meaningfully grapple with a core defect of her complaint: bare and conclusory allegations of a conspiracy or a common enterprise among the defendants are legally insufficient to state her claims. Plaintiff has alleged no facts – and can allege none – from which an inference of an agreement or conspiracy between the OCBA Defendants and the other defendants can be drawn. "[A] bare assertion of conspiracy will not suffice" to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (discussing Sherman Act claims). Plaintiff has alleged, at best, attenuated coincidences, such as allegedly receiving patent referrals from other defendants after referencing patent law in an email to the OCBA. (Doc. No. 165 at 18:11-15). Even if the allegations of such coincidences were true, they do not plausibly show an agreement or conspiracy among the defendants. Plaintiff's complaint is fatally flawed.

For this reason, leave to amend should not be granted. Plaintiff has amended her complaint twice already, and in her opposition cannot even explain the factual basis for her alleged conspiracy. Plaintiff's claims are incapable of truthful

---

[1] Orange County Bar Association, Trudy Levindofske and Teresa Vuki (collectively, the "OCBA Defendants")

amendment and, indeed, Plaintiff's opposition identifies no facts that could cure the deficiencies in her Second Amended Complaint. The motion to dismiss should be granted with prejudice.

### A. A Dismissal with Prejudice Is Appropriate Because the OCBA Defendants Are Immune to Plaintiff's Damages Claims.

Cal. Civ. Code § 43.95 immunizes referral organizations, and their employees, from monetary liability "for referring any member of the public to any professional member of the society or service." Cal. Civ. Code § 43.95(a).[2] Plaintiff argues that this immunity applies *only* to claims brought by *prospective clients referred to attorneys*, not to claims brought by attorneys based on the referrals given to them. (Doc. No. 165 at 15:7-9). However, no language in the statute so limits the scope of immunity. The statute immunizes two separate types of claims: (1) claims "for referring any member of the public to any professional member of the society or service" and, separately, (2) claims "for acts of negligence or conduct constituting unprofessional conduct committed by a professional to whom a member of the public was referred." Cal. Civ. Code § 43.95(a) While this second category of claims – for professional negligence – would likely only be brought by a client or third-party beneficiary of the attorney's services, there is no limit on the scope of the immunity in the first clause of the statute relating to the making of the referral in the first instance. Plaintiff is simply reading the statute too narrowly.

Plaintiff also argues that the statute does not apply where the defendant acts with malice. (Doc. No. 165 at 15:9-13). However, Plaintiff has not alleged facts showing actual malice by the OCBA Defendants, nor can Plaintiff truthfully allege

---

[2] In the OCBA Defendants' motion to dismiss, they inadvertently and erroneously cited to Cal. Bus. & Prof. Code § 43.95 for this proposition, instead of Cal. Civ. Code § 43.95. Contra Plaintiff's claims, there was nothing nefarious about this error.

any.[3] While Plaintiff has alleged conduct by other defendants, or unnamed persons acting on social media, that may demonstrate malice, Plaintiff has not alleged facts imputing such conduct to the OCBA Defendants.

Similarly, Plaintiff's arguments about the applicability of the contractual waiver of liability are misplaced. Plaintiff has alleged no facts showing intentional misconduct or gross negligence on the part of the OCBA Defendants relating to the mentorship program. Plaintiff applied for a mentor in immigration law, (Doc. No. 96 at 32:4-6), and received one, (Doc. No. 96 at 32:140-141). That Plaintiff apparently changed in mind in the interim, and that the OCBA could not accommodate her desire to change mentors after the fact, does not demonstrate negligence, let alone *intentional misconduct* by the OCBA Defendants. Plaintiff cannot amend around her own allegations that she requested an immigration attorney as a mentor.[4]

### B. Plaintiff's RICO Claims Should Be Dismissed with Prejudice.

The opposition makes clear that Plaintiff has not alleged – and cannot – any *plausible* facts establishing an enterprise or conspiracy among the OCBA Defendants and any one of the other disparate defendants named in the complaint. For example, to establish that the OCBA Defendants allegedly have "ties" to Defendant ANCA and Armenian community, Plaintiff points to the facts that Los Angeles is home to a large Armenian community and that California is home to the largest Armenian community in the United States. Even if these facts are true, however, they obviously do not establish that the OCBA Defendants entered into a

---

[3] Plaintiff's unauthenticated exhibits offered in support of her opposition should not be considered by the Court in deciding whether to dismiss the action. However, if considered on the question of possible amendment, they consist of reasonable, civil communications that show no malice or harassment on the part of the OCBA Defendants. Plaintiff's own evidence demonstrates that amendment would be futile.

[4] *See also* Doc. No. 165-4 at 35 (designating "immigration law" as her number "1" preference for a mentor) and at 165-4 (stating "I need a mentor in immigration law"). Plaintiff's own unauthenticated exhibits defeat her claim.

criminal enterprise with ANCA, Google LLC, Yelp Inc., LACBA or any of the other defendants "to destroy Plaintiff's business, income, reputation and generally [sic] well-being." (Doc. No. 165 at 18:2-3).

As for allegations of predicate acts, Plaintiff baldly states that mail and wire fraud are pled throughout the complaint with particularly (Doc. No. 165 at 20:11-18), but fails to explain how the alleged conduct of the OCBA Defendants in making inadequate or "fake" referrals to her constitutes fraud of any type. Grasping at her final straw, Plaintiff now further contends that the OCBA Defendants are somehow liable for "conspiracy to kill or physically damage Plaintiff." This outrageous accusation is based on alleged threats made to her by ANCA, the alleged condition that Plaintiff had to represent Armenians in order to join LACBA's referral service, and referrals made to her through Attorney Search Network. None of that alleged conduct has anything to do with the OCBA Defendants and nor does it plausibly allege a predicate act sufficient to satisfy RICO's pleading requirements.

Accordingly, the First through Third Causes of Action should be dismissed with prejudice.

### C. **Plaintiff's Restraint of Trade Claims Are Fatally Defective**

Plaintiff's opposition appears to substantially misunderstand both the arguments of the OCBA Defendants' motion to dismiss as to the Fourth, Sixth, and Seventh Claims for Relief and the governing law. Plaintiff appears to believe that any limits or restrictions whatsoever on Plaintiff's ability to obtain referrals to clients *of her preference, and only of her preference*, is an unlawful restraint of trade. This simply is not so.

California law expressly contemplates that lawyer referral services will (1) limit their operation by county and limit membership to attorneys working in those counties, State Bar Rules 3.801(A) & 3.824, and (2) impose experience and qualification criteria for membership in subject matter panels, State Bar Rules

3.801(B), 3.823 & 3.824. Plaintiff cannot base her claims on these restrictions. However, rather than grapple with these rules – and the legislation mandating the adoption of such rules – Plaintiff simply denies that the rules can give an "indulgence" for anti-trust violations. (Doc. No. 165 at 23:1-9). This misunderstands the law. *Parker* immunity and *Noerr-Pennington* doctrine combine (1) to immunize state law and state action from antitrust liability, (2) to immunize non-state action under state supervision, and (3) to immunize private actors for petitioning the government, even with anti-competitive intent, and for complying with the resulting government action. *See Sanders v. Brown*, 504 F.3d 903, 912 & 915 (9th Cir. 2007).[5] So, while Plaintiff's claim that the State Bar is "not an authority in terms of Anti-Trust Law violations," (*see* Doc. No. 165 at 32:4-6), may be correct in a narrow sense, it is also beside the point. California law and the State Bar Rules are not authorizing a violation of the Sherman Act – rather, federal anti-trust law simply does not prohibit anticompetitive state action or private action under state direction and supervision. *See id.*

Moreover, Plaintiff has not adequately alleged a Sherman Act violation in the first instance. As Plaintiff acknowledges in her opposition, a violation of § 1 of the Sherman Act requires a "contract, combination or conspiracy." (Doc. No. 25 at 195:25:5-8 [quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 775 (1984)]). As explained by the Court in *Copperweld*, § 1 **does not apply** to unilateral action by a single entity – a violation may only be found where separate entities work together to restrain trade. *Copperweld Corp.*, 467 U.S. at 767. However, Plaintiff has alleged no combination or conspiracy between the OCBA and *any other defendant* to restrain trade in the manner alleged by Plaintiff:

---

[5] Plaintiff objects that the OCBA's certification from the State Bar is not the equivalent of the settlement agreement at issue in *Sanders*. However, that argument misses the point. Applying for State Bar certification is undoubtedly petitioning activity, and operating the rules approved by the State Bar is analogous to operating under the settlement agreement in *Sanders*.

**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

geographical limitations on membership in the referral service or the imposition of minimum qualifications for panel membership. Plaintiff's only alleged conspiracy is to harm *her personally* in all aspects of her life. Such a facially implausible conspiracy to attack Plaintiff, even if credited, is not an adequate basis for a claim under § 1 of the Sherman Act because there is no conspiracy to restrain trade. The same defect defeats Plaintiff's Sixth Claim under Cal. Bus. & Prof. Code § 16720, et seq. *See G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 266 (1983) ("Both the Cartwright and Sherman Acts require a showing or allegation of a conspiracy or combination to restrain trade"); Cal. Bus. & Prof. Code § 16721 (prohibiting the discriminatory exclusion of persons from a business transaction based on a policy expressed in a writing **"and imposed by a third party."**) (emphasis added).[6]

Plaintiff's state law anti-trust claims also fail for a more obvious reason: the California Legislature as expressly blessed the restrictions authorized by the State Bar's lawyer referral service rules – including geographical limitations and minimum qualifications – as being in the public interest and not constituting an unlawful restraint of trade. Cal. Bus. & Prof. Code § 6155(d). The California Legislature is free to exempt these provisions of the lawyer referral service regulatory scheme from its own anti-trust legislation and has done so.

### D. Plaintiff's Discrimination Claims Fail

Plaintiff acknowledges that claims under 42 U.S.C. § 2000a can only be brought against defendants with a physical "place" open to the public. (Doc. No. 165 at 26:11-18). Plaintiff contends, without citation to any actual allegation of her complaint, that the OCBA hosts events open to the public. However, as explained in *Clegg*, merely hosting public events does not render a defendant a place of public accommodation. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 756 (9th Cir.

---

[6] Plaintiff has not alleged that any third party has imposed **on the OCBA Defendants** a policy that requires the exclusion of Plaintiff based on her office location in San Diego.

1994). The *office* in which the employees of the OCBA work to administer the lawyer referral service is not a facility open to the public for the public's use. As such, Plaintiff's Fifth Claim for Relief fails.

Plaintiff's Fifth and Eight Claims for Relief also require Plaintiff to plead intentional discrimination against Plaintiff by the OCBA Defendants. Plaintiff's opposition, however, ignores this requirement, focusing on her allegations of *how* the OCBA Defendants allegedly discriminated against her. (*See* Doc. No. 165 at 27:15-21). Plaintiff has identified no allegations – and there are none – that the ***OCBA Defendants intended*** to discriminate against her based on a protected characteristic. These claims are legally insufficient.

### E. Plaintiff's Harassment Claim Is Unfounded

In Plaintiff's opposition, she makes clear that her Ninth Claim for Relief for harassment is based on the OCBA allegedly sending her "one fake referral per month" (Doc. No. 165 at 28:17-18). Even assuming that the referrals were "fake" and that the OCBA Defendants were aware that the referrals were "fake," such limited conduct could not possibly have caused a reasonable attorney to experience intense, enduring, and nontrivial emotional distress, nor has Plaintiff alleged the nature or extent of her emotional distress ***caused by*** these allegedly fake referrals. The Ninth Claim should be dismissed with prejudice.

### F. Plaintiff's Emotional Distress Claims Fail

Plaintiff's opposition mis-states and seems to completely misunderstand the basis for the OCBA Defendants' motion to dismiss the Eleventh and Twelfth emotional distress Claims for Relief.

As to the eleventh claim for intentional infliction of emotional distress, as in the Second Amended Complaint, Plaintiff has not identified in her opposition any extreme or outrageous conduct by the OCBA Defendants. She simply contends that the OCBA Defendants' alleged conduct of sending her "fake" referrals and not approving her for panels is extreme and outrageous. (Doc. No. 165 at 30:10-12).

But for purposes of an intentional infliction of emotional distress claim, the "conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Melorich Builders, Inc. v. Superior Court*, 160 Cal. App. 3d 931, 936 (1984). Plaintiff has not and cannot allege any such conduct by the OCBA Defendants and the Eleventh Claim for Relief should be dismissed with prejudice.

As for the negligent infliction of emotional distress claim, Plaintiff mis-construes and mis-states the OCBA Defendants' argument. The OCBA Defendants have never alleged or contended that they are "above all state and federal laws" (Doc. No. 165 at 30:17-18). There are plenty of laws and rules that regulate the OCBA Defendants and they have never contended otherwise. But the duty to, for example, follow state and federal laws does not generally run *to the Plaintiff*, unless a private right of action arises from violating them. Plaintiff has asserted claims for relief that arise from alleged violations of such laws. But the claim at issue here is one for negligent infliction of emotional distress, which is really just a claim for ordinary negligence because there is no independent duty not to cause another emotional distress. Thus, to state a claim for negligent infliction of emotional distress, Plaintiff must identify a tort duty owed *to Plaintiff* that has been breached, foreseeably causing her harm.

Plaintiff here does not allege that the OCBA Defendants acted negligently in *any* respect; she alleges only intentional conduct by them. But even taking her allegations in the light most favorable to her and assuming she alleged negligent conduct in the alternative, the gist of her claim against the OCBA Defendants is that they did not send her qualified or enough referrals and harmed her ability to build a business. But the OCBA Defendants owe Plaintiff no legal duty to provide referrals – whether qualified or not – and no duty to assist Plaintiff in building her law practice. In her opposition, Plaintiff does not identify any *tort* duty owed *to her* that

the OCBA Defendants negligently breached.  Rather, she lists various alleged "duties" the OCBA Defendants have to comply with laws and statutes generally, including RICO, the Rules of Professional Conduct[7] and State Bar Rules.  But a duty to follow the law generally is not the same as a duty in tort owed to Plaintiff that can give rise to a claim for negligence if not competently performed.  Plaintiff has not and cannot allege a legal duty owed to her by the OCBA Defendants that could give rise to a claim for negligence and the Twelfth Claim for Relief should accordingly be dismissed with prejudice.

## II. CONCLUSION

The OCBA Defendants have sympathy for the Plaintiff, who, based on the complaint, appears to be in the midst of a personal, professional, and financial crisis. However, Plaintiff's one-year involvement in the OCBA's lawyer referral service is not to blame, and cannot be plausibly alleged to have caused the harm purportedly suffered by Plaintiff. Plaintiff's dissatisfaction with the OCBA's mentorship and referral programs is not actionable and her claims fail as a matter of law. The OCBA Defendants respectfully request that the Second Amended Complaint be dismissed with prejudice.

DATED:  February 3, 2025

Respectfully submitted,

SALL SPENCER CALLAS & KRUEGER
A Professional Corporation

By: _____
Suzanne Burke Spencer

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION,
TRUDY LEVINDOFSKE and TERESA VUKI

---

[7] Teresa Vuki and Trudy Levindofske are not attorneys and are not, in fact, required to comply with the Rules of Professional Conduct.  Likewise, the Rules do not apply to professional organizations or even, for that matter, law firms.  Rather, the rules apply only to *attorneys* and none of the OCBA Defendants fits that description.  *See* Cal. R. Prof'l Conduct, rule 1.0(a) ("The following rules are intended to regulate professional conduct *of lawyers* through discipline" (emphasis added)).