AYNUR BAGHIRZADE
1968 S. Coast Highway #2429
Laguna Beach, CA 92651
Phone: 619-776-4882
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

AYNUR BAGHIRZADE,

                Plaintiff,

      v.

ARMENIAN NATIONAL
COMMITTEE OF AMERICA, et al.,

Case No.: 3:24-CV-01077-RSH-MMP

**PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

Presiding Judge: Hon. Robert Huie
Magistrate Judge : Hon. Michelle M. Petit

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

1

Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF CONTENTS

I.    INTRODUCTION ………………………………………………………..8

II.    LEGAL STANDARD………………….………………………………………9

    1.    The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim……………………………………………….9

III.    ARGUMENTS…………………………………………………………10

    A.    DEFENDANT IS A PART OF THE CORPORATION WHICH IS PRIMARILY RESPONSIBLE FOR PLAINTIFF'S TROUBLES…10

    B.    DEFENDANT WAS A PRINCIPAL IN THE RELATIONSHIP TO PLAINTIFF WHILE OTHER COMPANIES WERE ITS AGENTS……………………………………………………………11

    C.    PLAINTIFF PLEADED ENOUGH FACTS AS TO THE EXISTENCE OF THE LEASE  AGREEMENT AND SURROUNDING CIRCUMSTANCES IN HER SAC……………13

    D.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE THAT THEY STOLE HER CAR……………………13

    E.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE THAT THEY ARE LIABLE FOR RICO VIOLATIONS (FIRST, SECOND AND THIRD CAUSES OF ACTIONS)……….16

    1.    Plaintiff pleaded enough facts to put Defendant on notice that they formed alternative and Associated in Fact Enterprise against her….16

    2.    Plaintiff pleaded enough facts to put Defendant on notice that they conspired with each other against Plaintiff's business……………..18

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

2

Case No.: 3:24-CV-01077-RSH-MMP

F.      PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE ON FOURTH, FIFTH, SIXTH, EIGHTH AND NINTH CAUSES OF ACTIONS…………………………………………………19

G.      PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE THAT THEY DEFRAUDED HER REGARDING THE OPTION TO PURCHASE THE CAR (SEVENTH CAUSE OF ACTION)…………………………………………………..22

H.      PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE ON IIED AND NIED CLAIMS (TWELFTH AND THIRTEENTH CAUSES OF ACTIONS)…………………………24

I.       SANCTIONS UNDER RULE 11 (B) ARE UNWARRANTED…..26

**IV. CONSLUSION** …………………………………………………..27

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

3

Case No.: 3:24-CV-01077-RSH-MMP

1

# TABLE OF AUTHORITIES

2

*CASES:*

3

4

*Allstate Ins. Co. v. Plambeck,*
    802 F.3d 665, 671 (5th Cir. 2015)…………………………………………..16

6

*Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.,*
    456 U.S. 556, 565–66, 102 S. Ct. 1935, 1942, 72 L. Ed. 2d 330 (1982)…12

8

*Angermeir v. Cohen,*
    14 F. Supp. 3d 134, 145–46 (S.D.N.Y. 2014)……………………………..23

10

*Ashcroft v. Iqbal,*
    556 U.S. 662, 663-64 (2009)………………………………………………..10

12

*Auster Oil Gas, Inc. v. Stream,*
    764 F.2d 381, 386 (5th Cir. 1985)………………………………………….9

14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)………………..10

16

*Blue Cross & Blue Shield of New Jersey,*
    Inc. v. Philip Morris, Inc., 113 F. Supp. 2d 345, 365 (E.D.N.Y. 2000)……16

18

*Brooks v. Leon's Quality Adjusters, Inc.,*
    No. 1:15-CV-000965-JLT, 2016 WL 4539967……………………………14

20

*Clark v. PAR, Inc.,*
    No. CV1502322MWFFFMX, 2015 WL 13781846………………………14

22

*Cochran v. Cochran,*
    65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540, 543 (1998)…………24, 25

24

*Conley v. Gibson,*
    355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)…………..10

26

*Gibson v. United States,*
    781 F.2d 1334, 1337 (9th Cir. 1986)………………………………………..9

28

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

Case No.: 3:24-CV-01077-RSH-MMP

*Gilligan v. Jamco Development Corporation,*
   108 F.3d 246, 248-49 (9th Cir. 1997)…………………………………………9

*Golick v. State of California,*
   82 Cal. App. 5th 1127, 1138, 299 Cal. Rptr. 3d 229, 238 (2022)…………25

*Hall v. City of Santa Barbara,*
   833 F.2d 1270, 1274 (9th Cir. 1986)…………………………………………9

*In re Firestar Diamond, Inc.,*
   654 B.R. 836, 865 (Bankr. S.D.N.Y. 2023)………………………………19

*In re Nat. W. Life Ins. Deferred Annuities Litig.,*
   635 F. Supp. 2d 1170, 1174 (S.D. Cal. 2009)……………………………16

*Jackson v. Segwick Claims Mgmt. Serv., Inc.,*
   699 F.3d 466, 480 (6th Cir. 2012)…………………………………………16

*Khoja v. Orexigen Therapeutics, Inc.,*
   *899 F.3d 988, 1003 (9th Cir. 2018)*…………………………………………20

*Manhattan Credit Co. v. Brewer,*
   232 Ark. 976, 978 (1961)……………………………………………………14

*Odom v. Microsoft Corp.,*
   486 F.3d 541 (9th Cir. 2007)…………………………………………………16

*Palatkevich v. Choupak,*
   2014 WL 1509236……………………………………………………………18

*People v. Davis,*
   19 Cal. 4th 301, 965 P.2d 1165 (1998)……………………………………15

*People v. Nazary,*
   191 Cal. App. 4th 727, 741–42, 120 Cal. Rptr. 3d 143, 154 (2010)………15

*Rainwater v. Rx Medical Services Corp.,*
   CV–95–05596–REC, 1995 WL 907888………………………………………14

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

Case No.: 3:24-CV-01077-RSH-MMP

*Salinas v. United States*,
    522 U.S. 52, 54–55, 118 S. Ct. 469, 472, 139 L. Ed. 2d 352 (1997)……..18

*Scheur v. Rhodes*,
    *416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974)*…………….9

*Siddle v. Crants*,
    650 F. Supp. 2d 773, 787 (M.D. Tenn. 2009)………………………………23

*St. Louis Motorsports, LLC v. Gay*,
    No. 4:17-CV-2694 PLC, 2018 WL 926563………………………………11

*Standard Surety & Casualty Co. v. Plantsville Nat. Bank*,
    158 F.2d 422 (CA2 1946)………………………………………………12

*United States v. Applins*,
    637 F.3d 59, 82 (2d Cir. 2011)…………………………………………19

*United States v. Garcia*,
    497 F.3d 964, 967 (9th Cir. 2007)………………………………….22, 24

*United States v. Feldman*,
    853 F.2d 648 (9th Cir.1988)……………………………………………16

*United States v. Turkette*,
    452 U.S. 576, 580-81 (1981)……………………………………………16

*United States v. Zemlyansky*,
    908 F.3d 1, 17 (2d Cir. 2018)…………………………………………18

*Vantu v. Echo Recovery, L.L.C.*,
    85 F. Supp. 3d 939, 941 (N.D. Ohio 2015)………………………………14

**STATUTES:**

Cal. Bus. & Prof. Code § 7508.2 (d)…………………………………………13

Cal. Bus. & Prof. Code § 9609…………………………………………14

Cal. Bus. & Prof. Code § 16720…………………………………………20

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

6

Case No.: 3:24-CV-01077-RSH-MMP

Cal. Bus. & Prof. Code § 17200……………………………………………22

California Code of Civil Procedure, § 51…………………………………20

California Code of Civil Procedure, § 527.6………………………………21, 22

Federal Rules of Civil Procedure,§ 7.1 (a)………………………………..8, 26, 27

Federal Rules of Civil Procedure, § 8……………………………………9, 10

Federal Rules of Civil Procedure, § 9 …………………………………….22

Federal Rules of Civil Procedure, § 10 (c)……………………………….20

Federal Rules of Civil Procedure, § 11(b)………………………………..26

15 U.S.C. § 1……………………………………………………………20

15 U.S.C.§ 1692 (f)………………………………………………………14

18 U.S.C. §§ 1961-1968……………………………………...15, 16, 18, 23

42 U.S.C. § 2000a………………………………………………………..20

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

7

Case No.: 3:24-CV-01077-RSH-MMP

# I. INTRODUCTION

Defendant Kia America, Inc. ("Kia America") filed a motion to dismiss alleging that it has no relationship to the leased vehicle, that because Plaintiff didn't pay for two months, the repossession was justified, that Plaintiff didn't plead enough facts, that Plaintiff brought a lawsuit against multiple Defendants and etc. However, as analysis below will show, Kia America has a primary relationship to the Plaintiff's agreement with the leasing company, since Plaintiff's agreement was for the leasing of the new vehicle with option to buy it, Kia America is a subsidiary of Hyundai Motor Company ("HMC") which is also a parent corporation for Hyundai Lease Tilting Trust ("Hyundai Lease") and for Hyundai Capital America with which Plaintiff primarily was dealing. So, the fact is that Kia America is a pat of the corporation which defrauded Plaintiff and Defendant had the obligation to disclose the financial interests of relevant organizations according to Rule 7.1. (a) of F.R.C.P. in this case, which they failed to do. Defendant's allegations that it didn't deal with the lease does not release it from responsibility since we are talking about the same corporation engaged in fraud and stealing their clients' cars. In a similar manner, allegations of Defendant that they can enter the gated garage, take the car from the Plaintiff's paid and assigned to her parking spot, place it into another resident's spot, take a photo (!) and then tow it away and all this is absolutely fine and is not a breach of peace is upper level hypocrisy. Defendant together with Defendant Greystar California, Inc. ("Greystar") were engaged in a crime of stealing Plaintiff's car with malicious intent to satisfy the demands of the Enterprise they joined and leave her with no car, and, moreover, put a repossession into her records, so that she can't lease any car in the future.  If everything was ok, then why Defendants  simply didn't take the car from Plaintiff's parking spot and tow it away? Defendants were absolutely aware that what they were doing was criminal. Similarly, all Defendants in Plaintiff's SAC are related to each other in

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

8

Case No.: 3:24-CV-01077-RSH-MMP

their purpose to leave Plaintiff with no income, to damage her reputation, business, to harass and intimidate  her. It is no secret that the car is very important aspect of everybody's life and without a car a person, for sure, will have difficulty moving around, including for her business needs. Moreover, as new facts Plaintiff discovered suggest, enterprise even corrupted Lyft and Uber as well as some car rental companies to restrict Plaintiff's ability to rent a car and earn by having a vehicle, so the case of the Defendant is not an isolated event in this entire mosaic as they think. They are a part of Enterprise's huge "hunt" operation on Plaintiff.

## II. LEGAL STANDARD

### 1.     The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim.

The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim. "The federal rules require only a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P 8 (a)*. The Rule 8 standard contains "a powerful presumption against rejecting pleading for failure to state a claim." *Auster Oil Gas, Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir. 1985)*; see also Hall v. City of Santa Barbara,* 833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."). The Supreme Court has explained that 'it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974)). In reviewing the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Development Corporation,* 108 F.3d 246, 248-49 (9th Cir. 1997*)*. Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States,* 781 F.2d 1334, 1337

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

9

Case No.: 3:24-CV-01077-RSH-MMP

1    (9th Cir. 1986) *(quoting Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99,

2    101-02, 2 L.Ed.2d 80 (1957).). Under Federal Rules of Civil Procedure 8 (a)(2), a

3    complaint must contain a "short and plain statement of the claim showing that the

4    pleader is entitled to relief." "Detailed factual allegations are not required,

5    *Twombly*, 550 U.S., at 555, 127 S.Ct. 1955. "A claim has facial plausibility when

6    the pleaded factual content allows the court to draw the reasonable inference that

7    the plaintiff is entitled to relief for the misconduct alleged". *Id., at 556, 127 S.Ct.*

8    *1955.* When there are well pleaded factual allegations, a court should assume their

9    veracity and then determine whether their plausibility gives rise to an entitlement

10   to relief". *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). Plaintiff pleaded a short

11   and plain statement of the claims. Plaintiff pleaded enough facts to put Defendant

12   on notice that they were engaged in conspiracy with other cartel members to leave

13   her with no car and damage her credit score so that she has no chance to rent or

14   buy a car in the future.

15   **III. ARGUMENTS**

16   **A.    DEFENDANT IS A PART OF THE CORPORATION**

17   **PRIMARILY RESPONSIBLE FOR PLAINTIFF'S TROUBLES.**

18   Defendant pretends that it has no relationship to the leasing company while

19   information on its website, financial statements and audit of its parent organization

20   HMC *(Exh. B - the report is freely available at* https://www.hyundai.com/content/

21   dam/hyundai/ww/en/images/company/investor-relations/financial-Information/

22   report-en/2024/2024-q1-consolidated-audit-report-en.pdf *- Judicial notice is*

23   *requested )* prove the opposite. Information on Defendant's LinkedIn page (https://

24   www.linkedin.com/company/kia-america) states that they are subsidiary of Kia

25   Corporation, which in turn is a subsidiary of HMC. HMC at the same time owns

26   both Hyundai Lease Tilting Trust ("Hyundai Lease") and Hyundai Capital America

27   *(see Exh. B)*. Plaintiff has a lease agreement with Hyundai Capital America and

28
PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

10

Case No.: 3:24-CV-01077-RSH-MMP

Hyundai Lease *(see Exh. A)*. Defendant is also specifically mentioned in financial statements and audit report as a joint venture & associate of HMC *(See Exh. B59 and B60)*. So, basically Plaintiff had a right to buy the car which belonged to Defendant, was leased to her by another part of their company (Hyundai Lease) and was financed by its another part - Hyundai Capital America. Now, Defendant claims that it has no relationship to the Plaintiff's deal while it was their car Plaintiff had the option to buy but couldn't because she was defrauded as to the real price under her option agreement with them, and then it was their car which was stolen from Plaintiff's garage. Defendant has a primary relationship to the drama which they created in Plaintiff's life together with all other counterparts of their corporation as well as other cartel members. Plaintiff, however, is grateful that Defendant informed her about existence of other involved companies and she will be happy to amend her SAC and add all these companies as Defendants. Defendant also is wrong that it is a new company, the company was established in 1994 according to the information on their LinkedIn page and certainly is not new at all *(Exh.C.)*.

## B.    DEFENDANT WAS A PRINCIPAL IN THE RELATIONSHIP TO PLAINTIFF WHILE OTHER COMPANIES WERE ITS AGENTS.

"A party seeking to demonstrate the existence of an agency relationship must establish that: (1) the principal has "the right to control the conduct of the agent with respect to matter entrusted to the agent"; (2) the agent is a fiduciary of the principal; and (3) the agent is "able to alter legal relationships between the principal and a third party." *St. Louis Motorsports, LLC v. Gay,* No. 4:17-CV-2694 PLC, 2018 WL 926563, at *4 (E.D. Mo. Feb. 16, 2018).

Defendant admitted in its pleading that it is engaged in the business of selling new Kia cars (Docket # 109, ECF Page No. 1724 ), Plaintiff had a contract with the leasing company Hyundai Lease to lease ***the new Kia car*** for 3 years ***with***

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

11

Case No.: 3:24-CV-01077-RSH-MMP

1    ***the option to buy it at the end of the lease,*** Plaintiff's lease was financed by Kia

2    Finance. Therefore, the principal in the whole this transaction was Defendant, not

3    Hyundai Lease and not Hyundai Capital America. It was their car which was given

4    to Plaintiff for lease and it was their car which Plaintiff had the option to buy at the

5    end of the lease. Allegations of Defendant that it has no relationship to the

6    transaction are not true *(See also Exh. A and B)*. It is certain that the prices for the

7    cars and their lease terms were determined by the Defendant, not by the leasing

8    company, similarly,  it is undoubtful that Defendant as a seller of the car and a

9    principal in this transaction could determine the terms of the financing and

10   conditions of the lease. Now, Defendant plays a fool that it has no relationship to

11   the car which was stolen from Plaintiff's garage. "As the Court of Appeals

12   observed, under general rules of agency law, principals are liable when their agents

13   act with apparent authority and commit torts analogous to the antitrust violation

14   presented by this case…For instance, a principal is liable for an agent's fraud

15   though the agent acts solely to benefit himself, if the agent acts with apparent

16   authority. See, *e. g., Standard Surety & Casualty Co. v. Plantsville Nat. Bank*, 158

17   F.2d 422 (CA2 1946), cert. denied, 331 U.S. 812, 67 S.Ct. 1203, 91 L.Ed. 1831

18   (1947). Similarly, a principal is liable for an agent's misrepresentations that cause

19   pecuniary loss to a third party, when the agent acts within the scope of his apparent

20   authority." *Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.,* 456 U.S. 556, 565–

21   66, 102 S. Ct. 1935, 1942, 72 L. Ed. 2d 330 (1982). Both Hyundai Lease and Kia

22   Finance acted with apparent authority of Defendant and Defendant now can't claim

23   that it is not liable for the disappearance of Plaintiff's car from her residential

24   parking lot and subsequent fraud with repossession placed in her records and fraud

25   with the option to buy the car. Defendant is liable even if it is not a part or

26   affiliated company with the companies primarily taking part in forming contract

27

28
        PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE
                TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

                                                          Case No.: 3:24-CV-01077-RSH-MMP

with the Plaintiff (but, as analysts above shows, they are a part of the same corporate holding).

**C.   PLAINTIFF PLEADED ENOUGH FACTS AS TO THE EXISTENCE OF THE LEASE AGREEMENT AND SURROUNDING CIRCUMSTANCES IN HER SAC.**

Allegation of Defendant that Plaintiff didn't plead the contract is false. Plaintiff pleaded existence of the contract in her SAC. Thus, she pleaded that Defendant defrauded her as to the amount of the the car value to purchase it at the end of the lease term and told her over the phone that she has to pay $ 35, 000 instead of $ 15, 000 under the ***lease contract***, ¶ 198, SAC. Generally, all facts listed by Plaintiff in relationship to Defendant loudly speak about existence of the contract, ¶¶ 192 - 198, SAC. She stated in her SAC that she had a car which was leased to her, and she paid for this car for 3 years, therefore, Plaintiff pleaded enough facts to put Defendant on notice on existence of the contract. The Contract itself is added here as an *Exh. A.*

**D.   PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE THAT THEY STOLE HER CAR.**

Defendant's allegations that there was no stealing of her car since Plaintiff paid for 3 years of her lease and delayed afterwards her payment for two months are false. First, expiration of her lease agreement does not change the fact that she was still in possession of the car. Second, the lease agreement she signed allowed her to keep the car after its expiration date if certain conditions were met *(See Section 23 D of the Lease Agreement, Exh. A.)* and generally treated possession of the car after lease expiration as another lease agreement. Moreover, since Plaintiff had the option to exercise her right to purchase the car at the end of the lease and was defrauded as to the price she had to pay to buy this car, she was completely in a legal possession of the car.  Fourth, since Plaintiff was in possession of the car,

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

13

Case No.: 3:24-CV-01077-RSH-MMP

repossessing it from the gated garage, from her own parking lot, by placing it into another resident's parking lot, taking a photo and then towing it away was a breach of peace, fraud, conversion and theft of her car. "Under section 9609 of the California Business & Professions Code, "[a]fter default, a secured party may ... ***[t]ake possession of the collateral ... [w]ithout judicial process, if it proceeds without breach of the peace.***" Similarly, under section 7508.2(d) of the CRA, it is a prohibited act to "[u]nlawfully enter[ ] any private building or secured area without the consent of the owner, or of the person in legal possession thereof, at the time of repossession. " *Clark v. PAR, Inc.,* No. CV1502322MWFFFMX, 2015 WL 13781846, at *4 (C.D. Cal. July 22, 2015). "Plaintiff alleges that Reliable committed a breach of the peace when it entered gated, private property without permission. The Court agrees. *See Rainwater v. Rx Medical Services Corp.*, CV–95–05596–REC, 1995 WL 907888, at *6 (E.D. Cal. Dec. 6, 1995) (noting that breach of the peace may occur when a creditor enters any private structure without the "express consent of the person in charge"). Moreover, several courts have held that a breach of the peace obviates a present right to possession, causing any subsequent repossession to violate § 1692f(6). *See Vantu*, 2015 WL 571102, at *4 "In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace.". *Clark v. PAR, Inc.,* No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015). "A jury concluded the bank was liable for conversion, and the court affirmed, explaining "there is a conversion if force or threats of force are used to [secure] possession of the automobile." *Id.* at 770 (citing *Manhattan Credit Co. v. Brewer*, 232 Ark. 976, 978 (1961)). *Brooks v. Leon's Quality Adjusters, Inc.,* No. 1:15-CV-000965-JLT, 2016 WL 4539967, at *13 (E.D. Cal. Aug. 30, 2016). Since Defendant defrauded Plaintiff as to the real price of the option under the Contract with the intent to make her to pay double of the price or stay without a car (a very

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

14

Case No.: 3:24-CV-01077-RSH-MMP

vivid pattern of the Armenian enterprise), and then illegally moved her car from her own spot with the intent to permanently deprive her the opportunity to drive the car and even have it in the future, Defendant's acts satisfied elements of larceny and conversion. "The elements of theft by larceny are well settled: the offense is committed by every person who (1) takes possession (2) of personal property (3) owned *or possessed by another*, *(4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away.*" ( *742 *Davis, supra,* 19 Cal.4th at p. 305, 79 Cal.Rptr.2d 295, 965 P.2d 1165; see also CALCRIM No. 1800.) The element of trespass is satisfied by the act of taking the property from the possession of another and the intent to steal element is an intent to permanently deprive the owner of the use or enjoyment of the property. (*Davis, supra,* 19 Cal. 4th at p. 305, 79 Cal.Rptr.2d 295, 965 P.2d 1165.)"  *People v. Nazary, 191 Cal. App. 4th 727, 741–42, 120 Cal. Rptr. 3d 143, 154 (2010).* The parking lot from which Defendant and other relevant cartel members stole Plaintiff's car belonged to Plaintiff. Plaintiff was paying for her parking spot in the building. Plaintiff's car was in her residential building's gated parking garage, Plaintiff was sure that nobody could do anything to her car, Plaintiff's consent was not asked when Defendants carried out such "sophisticated" operation. Since, it was the Defendant who was a real owner of the car offering it through its other affiliates for lease and subsequent purchase to Plaintiff,  and because they altogether carried out such sophisticated operation for the sake of Enterprise's goals, they lost their right of possession to the car, they have to return the car to Plaintiff or give her another equivalent car, they have to also take care to remove repossession from her credit report. They are also responsible to compensate Plaintiff for all damages she sustained as a result of such "sophisticated", "secret" and obviously planned operation.

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

15

Case No.: 3:24-CV-01077-RSH-MMP

1

**E.      PLAINTIFF PLEADED ENOUGH FACTS TO PUT**
**DEFENDANT ON NOTICE THAT THEY ARE LIABLE FOR RICO**
**VIOLATIONS (FIRST, SECOND AND THIRD CAUSES OF ACTIONS).**

**1.      Plaintiff pleaded enough facts to put Defendant on notice that**
**they formed alternative and Associated in Fact Enterprise against her.**

"…an enterprise may be an illegitimate enterprise, e.g., a Mafia family, or a wholly legitimate enterprise, e.g., a corporation." *United States v. Turkette,* 452 U.S. 576, 580-81 (1981). "A plaintiff may plead more than one enterprise. Pleading alternative enterprises "does not undermine the plausibility of the pleadings." *Jackson v. Segwick Claims Mgmt. Serv., Inc.,* 699 F.3d 466, 480 (6th Cir. 2012). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.* "RICO defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Plambeck,* 802 F.3d at 673 (quoting 18 U.S.C. § 1961(4)). Multiple corporations or other legal entities can, when working in concert either overtly or covertly, form an association-in-fact RICO enterprise." *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.,* 113 F. Supp. 2d 345, 365 (E.D.N.Y. 2000). "An associated-in-fact enterprise must have "a common purpose of engaging in a course of conduct." *In re Nat. W. Life Ins. Deferred Annuities Litig.,* 635 F. Supp. 2d 1170, 1174 (S.D. Cal. 2009). "The common purpose element, however, does not require the enterprise participants to share all of their purposes in common. *See, e.g., Odom,* 486 F.3d at 552 (finding a single common purpose sufficient). And all members of the enterprise need not be directly working with all other members of that enterprise. *See United States v. Feldman,* 853 F.2d 648 (9th Cir.1988). What RICO does require as a showing of common purpose is 'proved by evidence of an ongoing organization, formal or informal, and evidence that the various associates function

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

16

Case No.: 3:24-CV-01077-RSH-MMP

as a continuing unit." *Id.* Defendants' allegations that Plaintiff lumps Defendants in one lawsuit are wrong. Facts in Plaintiff's SAC show it very well that the purpose of the Enterprise was to leave Plaintiff without any income, damage her reputation, career, her credit score, her finances, and her well-being, ¶¶ 40 -214, SAC. In this regard, car is very important, it is no secret that public transportation in the United States is not so much developed as in, for instance, Europe, and people need a car to travel for their needs, especially for their business needs. You can't go to the business meeting using public transportation in the United States, because first of all, it is not available in all areas, second, it is not always running on time and you run the risk to be late, which for sure will affect your business and your reputation. In fact, Enterprise is so much obsessed to leave Plaintiff without a car that they reached even to Uber and Lyft and all car rental organizations these companies use to leave Plaintiff with no car (and of course, with no earnings as well). Rental companies working with Uber and Lyft either refused to rent a car to Plaintiff or requested unconscionable rent price (at least double they charge to their other clients), Uber also disabled the option to rent a car on their application for Plaintiff so that she can't rent anything from them (See Declaration of Aynur Baghirzade). All these facts happened after Plaintiff filed her SAC, so she will definitely need to amend it.  However, even in her SAC, Plaintiff pleaded how Enterprise targeted her car before it was stolen from her residential address in San Diego, ¶ 176, SAC. In terms of the relationship of the Defendant with other cartel members, first of all, there is a relationship between Defendant, the car leasing company from which Plaintiff leased her car, and car finance company which financed her car *(See analysis in Section A of this Opposition, See also Exh. B)*. Since Defendant and all other companies involved in a leasing of the car to Plaintiff constitute the same company, and it was them who repossessed the car from Plaintiff by conspiring with Plaintiff's landlord and putting repossession into her records, they can't now

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

17

Case No.: 3:24-CV-01077-RSH-MMP

claim that Plaintiff couldn't establish the relationship between them and couldn't plead sufficient facts, ¶¶ 192 - 198, SAC. The fact is Plaintiff's car was taken from her own spot without her consent, from the covered garage with full participation in this covert operations of her landlord - Defendant Greystar, ¶ 195, SAC. As to the expiration of the lease agreement and Plaintiff being in default this has a little meaning, since, first of all, the lease agreement was with the option to buy the car which Defendant didn't allow her to do by defrauding her as to the price of the car after she paid for it 3 full years and since the lease agreement allowed her to keep the car after expiration of the lease if certain conditions are met *(See Exh. A2.*), and in any case Plaintiff was still in a lawful possession of the car when it was taken from her own spot in a garage. Defendant didn't take it from the public spot, it was taken from her own paid spot in her residential building's covered garage. Plaintiff also pleaded that all her troubles at her residential address started after she was notified by Armenian accounts in Twitter that her residential address is discovered, ¶ 191, SAC. So, in this particular case, Defendant Kia America and Defendant Greystar constitute alternative enterprise within associated in fact Armenian Enterprise.

**2.      Plaintiff pleaded enough facts to put Defendants on notice that they conspired with each other against Plaintiff's business.**

"Section 1962(d) conspiracies ... easier to prove than violations of [Section] 1962(c)," *Palatkevich v. Choupak, 2014 WL 1509236, at *22 (S.D.N.Y. Jan. 24, 2014)*, but RICO conspiracies are also easier to demonstrate than "basic" conspiracies, as RICO conspiracies "do not require proof that a defendant knowingly agreed to facilitate a specific crime (e.g., mail fraud)" and "have a more removed mens rea requirement" than "basic" conspiracies. *Zemlyansky, 908 F.3d at 11, n.7; see also Salinas, 522 U.S. at 63, 118 S.Ct. 469.* "Unlike 'basic' conspiracy, RICO conspiracy does not require proof that the defendant intended that specific

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

18

Case No.: 3:24-CV-01077-RSH-MMP

criminal acts be accomplished.”). *In re Firestar Diamond, Inc., 654 B.R. 836, 865 (Bankr. S.D.N.Y. 2023)*. And, since Plaintiff pleaded enough predicate acts she does not need to establish a conspiracy by any other special means. “..Where ... the evidence establishes that each defendant, over a period of years, committed several acts of racketeering activity in furtherance of the enterprise's affairs, the inference of an agreement to do so is unmistakable.”)”, *United States v. Applins, 637 F.3d 59, 82 (2d Cir. 2011)*. Defendant’s allegations that Plaintiff failed to plead enough facts to establish conspiracy are also false. Plaintiff didn’t need to show the agreement with signatures to plead conspiracy under RICO, nevertheless she pleaded enough facts to show it. Thus, she pleaded that her car disappeared from her own spot in garage, ¶ 192, SAC. Then she pleaded that when she reviewed the footage of the garage around her spot provided by her landlord for the dates when the car disappeared she couldn’t see how she parked in someone’s else spot, but she saw others parking in their spots and she saw how she parked the car in her own spot, ¶ 193, SAC. Then, she pleaded how she discovered that repossession was put into her records, how Defendant defrauded her as to the real price of the car under the option agreement she had with them, how Defendant refused from taking the repossession out of her records and refused from talking to her on the matter over a phone, ¶¶ 195 - 198, SAC. She also pleaded that all troubles at her residential address started happening after she was notified by multiple Armenian accounts in Twitter that her address was found, ¶ 191, SAC. Plaintiff successfully pleaded conspiracy.

## F. PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE ON FOURTH, FIFTH, SIXTH, EIGHTH AND NINTH CAUSES OF ACTIONS.

Defendant is wrong in alleging that Plaintiff didn’t implicate them in violation of Anti-Trust, public accommodation, discrimination and harassment

PLAINTIFF’S OPPOSITION TO DEFENDANT KIA AMERICA, INC’S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

19

Case No.: 3:24-CV-01077-RSH-MMP

Laws. Every Cause of action in Plaintiff's SAC specifically named against what Defendants it was made. Additionally, every cause of action in Plaintiff's SAC starts with statement that PLAINTIFF incorporated by reference each and every paragraph, which means that Plaintiff's entire SAC shall be read as one whole document, not specific causes of actions separately. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion…" Rule 10 (c) of F.R.C.P. "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well pleaded claim." *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1003 (9th Cir. 2018).* Fourth Cause of Action (violation of Sherman & Clayton Act) was pleaded against all Defendants. Plaintiff also pleaded that Defendant in conspiracy with Defendant Greystar stole her car from her own garage without giving her any notice, ***with malicious intent to ruin her credit story, put repossession into her records, so that she has troubles getting any other car in the future.***, ¶ 195, SAC. Plaintiff also pleaded in other parts of her SAC how other Defendants (specifically, Defendants ANCA, ANCAWR, Aram Hamparian) stalk her residential address, her bank information, her IOLTA account, how her credit score artificially went down because banks under various excuses started lowering her credit limits, ¶¶ 186, 187, 188, 352, 353, SAC. So, the conspiracy to exclude Plaintiff from the normal flow of business was sufficiently pleaded. Allegations of Defendants that Plaintiff didn't plead enough facts that Defendant is a place of public accommodation are also wrong, Plaintiff pleaded enough facts to establish that Defendant is a place of public accommodation, ¶¶ 254, 255, 264, SAC. Defendant is open to the public by selling the cars to the public, has a physical office and generally can't operate if it is not open to the public. Similarly, Plaintiff pleaded enough facts to implicate Defendant in violation of Unruh Act. Thus, she pleaded that all her troubles in her

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

20

Case No.: 3:24-CV-01077-RSH-MMP

place of residence (including stealing of her car) started after she was informed by multiple Armenian Twitter accounts that her residential address is found, ¶ 191, SAC. Then she pleaded upon what policy Defendant acted, ¶¶ 54, 88, 262, 263, 264, 266, SAC. Plaintiff incorporated by reference to her SAC the research paper named: Global Terrorism: Justice Commandos of Armenian Genocide, prepared in coordination with FBI and CIA,¶ 54, SAC (Docket # 128, ESF page No.2255 - 2276). This document describes very well on what policies all Defendants acted by "hunting" Plaintiff on the orders of the Enterprise. In her SAC Plaintiff pleaded enough facts to show how radical dashnaks regularly organize smear campaigns and shell business accounts of the people like Plaintiff to ruin their business, ¶¶ 40-49, SAC. Further, in her SAC Plaintiff pleaded that "Armenia's official ideology is built on Tsegakron, the nationalistic (fascist) ideology established by former Nazi collaborator G. Njdeh, whose enormous monuments are erected everywhere in Armenia…",¶ 262, SAC. Plaintiff also pleaded in her SAC that Defendants are either governed or have significant ties with ARF - a terrorist organization, ¶ 50, 51, SAC. Plaintiff also, incorporates here Letter of Citizens for Responsibility and Ethics In Washington as well as APPENDIX TO THE CONGRESSIONAL RECORD previously filed as Exhibits to Plaintiff's Opposition to Defendants' Yelp Inc. and Google LLC's motions to dismiss *(Docket # 128, ECF page No.2255 - 2276 and Docket # 145, ECF page No. 2573 - 2576 - Judicial notice is requested)*. Further, in her SAC Plaintiff pleaded how Defendant conspired with her landlord - Greystar in stealing the car from her covered parking spot in her residential building with malicious intent to deprive her the car, to put repossession into her records so that she has 0 chance to rent a car in the future or pay outrageous interest rate in order to buy or rent a car, ¶¶ 195 - 198, SAC. Therefore, Defendant intentionally arbitrarily discriminated against Plaintiff when they stole her car and put repossession into her records, and then refused to take

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

21

Case No.: 3:24-CV-01077-RSH-MMP

the repossession off from her records, and then placed $ 3,000 debt in her account. Courts regularly hold that "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Garcia, 497 F.3d 964, 967 (9th Cir. 2007).* Since Defendant joined in its efforts to radical dashnaks they are liable to Plaintiff in the similar way as dashnaks are liable to her for her experience. Defendant is also wrong that Plaintiff didn't implicate them for violation of Section 527.6. of California Code of Civil Procedure.  Defendant's actions constituted horrible harassment. **"**Section 527.6 defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." *Cal. Code Civ. Proc. § 527.6(b)(3).* Stealing the car of the Plaintiff from her own garage spot by breaking a peace (without Plaintiff's consent) was a harassment, defrauding a Plaintiff as to a real value of the car asking for the price of the new car to execute option she signed with them was a harassment, not taking repossession from her records despite her requests and placing a phone on a message when she called to them was a harassment, putting $ 3, 000 in her account as a debt after stealing her car was a harassment as well as a fraud with malicious intent to ruin her credit score, ¶¶ 192 - 198, SAC. In fact, Defendant did everything possible on the requests of the cartel they joined to damage Plaintiff as much as possible.

**G.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE THAT THEY DEFRAUDED HER REGARDING THE OPTION TO PURCHASE THE CAR (SEVENTH CAUSE OF ACTION).**

Section 17200 et seq. of California Business and Professional Code defines unfair competition as "any unlawful, unfair or fraudulent business act or practice

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

22

Case No.: 3:24-CV-01077-RSH-MMP

and unfair, deceptive, untrue or misleading advertising …". "To state a claim for mail or wire fraud, a plaintiff must show that "(1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails [or wires] ... in furtherance of the scheme and (3) the defendants did so with the specific intent to deceive or defraud." *Siddle v. Crants,* 650 F. Supp. 2d 773, 787 (M.D. Tenn. 2009). "In …complex civil RICO actions involving multiple defendants, Rule 9(b) does not require that the temporal or geographic particulars of each mailing or wire transmission made in furtherance of the fraudulent scheme be stated with particularity." Instead, "Rule 9(b) requires only that the plaintiff delineates with adequate particularity in the body of the complaint, the specific circumstances constituting the overall fraudulent scheme." *Angermeir v. Cohen, 14 F. Supp. 3d 134, 145–46 (S.D.N.Y. 2014).* Plaintiff's case is a complex RICO case involving multiple Defendants, Kia America is just one of 32 Defendants in this case. Even it is so, Plaintiff pleaded enough facts with particularity to put Defendant on notice that they defrauded her as to their services. Allegations of Defendant that she didn't plead the contract are wrong. Thus, Plaintiff pleaded in her SAC that under the ***contract*** Defendant had to sell her a car for $ 15, 000 at the end of the lease, but proposed it to her for $ 35, 000 which was equivalent to the price of the new car, ¶ 198, SAC. Why Defendant thinks it is insufficient Plaintiff does not understand. In another part of her SAC Plaintiff pleaded that she was paying for the lease of the car for 3 years, ¶ 195, SAC. So, Plaintiff put Defendant on notice that the car was on a lease, that Plaintiff had a contract with Defendant and paid this lease for 3 years and that she had the option to buy the car at the end of the lease but couldn't do so, because Defendant instead of $ 15, 000 asked her to pay $ 35, 000. The contract with Defendant is added here as an *Exhibit A*. Plaintiff pleaded with particularity the fraud committed by Defendant, and since Defendant joined other members of the cartel to defraud Plaintiff, it is liable for all other

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

23

Case No.: 3:24-CV-01077-RSH-MMP

instances of fraud committed by other Defendants as well. "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Garcia, 497 F.3d 964, 967 (9th Cir. 2007).*

## H.    PLAINTIFF PLEADED ENOUGH FACTS TO PUT DEFENDANT ON NOTICE ON IIED AND NIED CALIMS (TWELFTH AND THIRTEENTH CAUSES OF ACTIONS).

All allegations of Defendant are based on the fact that since Plaintiff's lease agreement was over and she missed two monthly payments Defendant could enter her residential building, conspire with her landlord, take her car *from her own parking spot*, place it on another resident's parking spot, take a photo and then tow it away together with Plaintiff's belongings inside. Since Defendant didn't notify Plaintiff on any repossession, she had her own belongings in the car and the car was towed away from her parking spot with them. In Defendant's opinion, it is absolutely normal. First of all, the fact that lease agreement was over didn't affect the status of Plaintiff *being in a legal possession of the car*, Plaintiff didn't steal this car, Plaintiff was *honestly paying for it for 3 years,* also Section 23 D of the agreement *(See Lease Agreement, Exh. A)* treats  possession of the car after end of the lease as a new lease with the same terms, and Plaintiff was required to pay a monthly rent fee for this car. Even if Defendant had a right to repossess the car they didn't have a right to do it by breaking a peace. And Defendant didn't even have a right to repossess the car because Defendant defrauded Plaintiff as to the price of the car, by paying which she could buy it at the end of the lease.  "The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

24

Case No.: 3:24-CV-01077-RSH-MMP

actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran,* 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540, 543 (1998). Stealing Plaintiff's car from her own parking spot with her belongings inside without any notification to Plaintiff, together with other cartel members with malicious intent to leave her without car, to damage her credit score, to place repossession to her records is extreme and outrageous conduct which caused Plaintiff severe emotional distress. Similarly, not removing repossession from her records upon her requests and further placing $ 3, 000 debt into her account to damage her credit score even more is an extreme and outrageous conduct which caused Plaintiff significant emotional distress. Plaintiff also successfully pleaded enough facts to put Defendant on notice of her NIED claim. "As a general principle, a 'defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous." *Golick v. State of California,* 82 Cal. App. 5th 1127, 1138, 299 Cal. Rptr. 3d 229, 238 (2022), <u>review denied</u> *(Nov. 30, 2022).* However, a "duty is not universal; not every defendant owes every plaintiff a duty of care. A duty exists only if "the plaintiff's interests are entitled to legal protection against the defendant's conduct." *Id.* Defendant owed the duty under the contract to sell the car for the price they agreed in the contract to Plaintiff, but Defendant defrauded Plaintiff by leaving her without a car and thus, causing her significant emotional distress. Defendant owed a duty under the law not to break the peace while repossessing Plaintiff's car and Defendant violated this duty by engaging in a sophisticated "hunt" operation together with other cartel members to leave her with no car and, moreover, then to damage her credit score and her ability in the future to lease or buy another car., ¶¶ 192 - 198, SAC. Similarly, Defendant had a duty under other laws not to harass her, not to discriminate against her, not to set up cartels against her - Defendant violated all these duties when it conspired with other cartel members to damage

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

25

Case No.: 3:24-CV-01077-RSH-MMP

Plaintiff's business and well-being and caused her significant emotional distress as a result. Defendant is liable for NIED.

**I. SANCTIONS UNDER RULE 11 (B) ARE UNWARRANTED, AND IN OPPOSITE, DEFENDANT SHALL BE SANCTIONED FOR NOT DOING PROPER DISCLOSURES UNDER RULE 7.1.(A).**

Defendant's allegations that it has no relationship to the contract Plaintiff signed and that Plaintiff brought a lawsuit to harass are not supported by the evidence. Hyundai Motor Company and its subsidiaries' financial statements for 2023 and 2024 and audit report *(Exh. B - Judicial Notice is requested),* shows that Defendant is a subsidiary of Kia Corporation which in turn is a subsidiary of Hyundai Motor Company, and that Hyundai Motor Company owns also Hyundai Capital America and Hyundai Lease Titling Trust with which Plaintiff had a contract. Defendant is also mentioned as a Joint venture & associate of Hyundai Motor Company under the financial statements and audit report *(See Exh. B59, B60).* All companies belong to the same holding, where Kia America is responsible for manufacturing and selling the cars, and Hyundai Capital America is responsible for the cars' lease, financing and subsequent sale. So, since it was the Defendant's car which was leased to the Plaintiff and which had to be sold to her under option agreement she had with the holding, Defendant now can't claim that it has no relationship to the transaction. Unfortunately for the Defendant, the holding to which it belongs was engaged in fraud and car theft by conspiring with other cartel members. Besides, Defendant failed to disclose the parent corporation or any other publicly held corporation which owns 10 % or more of its stock when they appeared in this Court, and shall be liable itself for the fraud on court. "A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that: (A) identifies any parent corporation and any

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

26

Case No.: 3:24-CV-01077-RSH-MMP

publicly held corporation owning 10% or more of its stock; or (B) states that there is no such corporation." *(Rule 7.1. of F.R.C.P.).*

**IV. CONCLUSION:**

Considering of all foregoing arguments Plaintiff respectfully asks the Court to deny Defendant's motion and allow her to amend SAC to add other affiliated companies as Defendants.


DATED: February 6, 2024


Respectfully submitted,



By: */s/ Aynur Baghirzade*

*Aynur Baghirzade, Plaintiff*

*Email: contact@aynurlawyers.com*

PLAINTIFF'S OPPOSITION TO DEFENDANT KIA AMERICA, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES.

27

Case No.: 3:24-CV-01077-RSH-MMP