Marcelo Lee (SBN: 271980)
   Email: marcelo@sjllegal.com
SJL LAW LLP
841 Apollo Street, Suite 300
El Segundo, CA 90245
Telephone No.: 424.290.0720
Facsimile No.: 424.290.0721
Service Email: mail@sjllegal.com (service at any other e-mail address is invalid)

Attorneys for Defendants KIA AMERICA, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| AYNUR BAGHIRZADE, | Case No.: 3:24-cv-01077 RSH MMP |
| Plaintiff, | Assigned to: Judge Robert S. Huie |
| | Courtroom: 3B |
| vs. | |
| ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | **KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]** |
| Defendants. | |
| | PER CHAMBERS RULES, NO ORAL ARG ORDERED BY THE COURT |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 1 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

## I. INTRODUCTION

As a preliminary matter, Plaintiff's Declaration, Request for Judicial Notice, and Exhibits B and C are irrelevant and should not be considered by this Court.

Plaintiff's Second Amended Complaint ("SAC") and Opposition ("Opp.") are filled with conclusory, self-contradictory statements and wild speculation that do not rise even to the bare-minimum level of "well pleaded." Plaintiff's allegations against Kia America, Inc. ("KA") attempt to join KA into a nebulous conspiracy but are devoid of merit and are frivolous. Plaintiff's Opposition show that she fundamentally misunderstands corporate ownership, agency principles, her own lease agreement, as well as a bevy of other basic tenets of the judicial process.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court properly dismisses a complaint for failure to state a claim upon which relief may be granted if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion pursuant to Rule 12(b)(6), courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The ultimate determination of "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679.

KA further requests F.R.C.P. Rule 11 sanctions as this action was brought against KA for the improper purposes of: (1) harassing KA which had no involvement with the consumer lease transaction or credit reporting but only keeping KA in to shift the burden on KA to identify the proper entity; (2) causing

- 2 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

unnecessary delay and (3) needlessly increasing the cost of litigation by forcing the uninvolved party to engage in needless litigation just to demonstrate it had no involvement in the claims brought by Plaintiff. Plaintiff continues to reject KA's request to dismiss KA and name the correct leasing entity claiming KA had some relationship with the correct entity and suggesting that KA should take on Plaintiff's burden of naming the correct entity.

## II. LEGAL ARGUEMENT

### A. Plaintiff's FIRST, SECOND, AND THIRD Claims Should Be Dismissed with Prejudice.

Plaintiff's Opposition makes clear that Plaintiff has not and cannot allege any plausible facts establishing an enterprise or conspiracy among KA and any one of the other disparate Defendants named in the Second Amended Complaint. Plaintiff has not even alleged that KA has ties to any other Defendant other than Defendant Greystar, and even that connection is entirely baseless. The only tenuous relationship Plaintiff alleges is that the two parties acted in concert to deprive Plaintiff of their vehicle but fails to show that this act was wrongful. It is clear that the alleged conspiracy is nothing more than a "conclusory, unwarranted deduction of fact, or unreasonable inference" which the *Sprewell* court admonished. Similarly, Plaintiff's allegation that KA "stole her car in conspiracy with the Enterprise to affect her life, her finances and her business" (SAC at ¶ 243) is an unwarranted and unreasonable inference. The reasonable inference arising from the only facts alleged surrounding the lease transaction would be that the vehicle was repossessed for nonpayment or for wrongful possession at the end of a lease. Accordingly, there are insufficient facts alleged in the SAC or Plaintiff's Opposition to support wrongful conduct, enterprise, pattern or racketeering activity to recover under § 1962(b), § 1962(c) or § 1962(d).

### B. Plaintiff's FOURTH, FIFTH, SIXTH, EIGHTH AND NINTH Claims Should Be Dismissed with Prejudice.

- 3 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

1  While Plaintiff seemingly includes KA in the headings of the fourth, fifth, sixth, eighth and ninth causes of action, there is not a single allegation against KA specifically to support these causes of action. Plaintiff's discrimination claims fail to describe any discriminatory intent or intentional discrimination. Further, the purpose of these claims is to remove humiliation involved in discriminatory denials of access to facilities open to the general public. Kia America, Inc. is a distributor of new cars to private, independent, third-party retailers, and is not itself a place of public accommodation; regardless, KA never denied Plaintiff access to its services. KA never had any contact with Plaintiff because KA does not provide any vehicles to the public.

Instead of alleging facts, the only way Plaintiff can tie KA to these disparate and unconnected incidents is through a nebulous conspiracy which involves a series of unfortunate events that would make Lemony Snicket blush. Plaintiff improperly failed to differentiate between the defendants who are named into this action for vastly different reasons and transactions. For example, there is no basis to allege KA excluded Plaintiff from the legal market (SAC at ¶ 249), KA acted as a place of public accommodation (SAC at ¶ 257), KA excluded Plaintiff from normal flow of referrals (SAC at ¶ 277), KA sent Plaintiff fake or useless referrals (SAC at ¶ 289), or KA sent Plaintiff referrals not in her practice (SAC at ¶ 301). Simply lumping every defendant together into these causes of action is baseless and improper. Plaintiff's Opposition finds time to rant about "Armenian Twitter accounts" and "radical dashnaks" but never addresses the basic elements of her causes of action or relates it to KA. (Opp. at 21:2-9.)

Plaintiff claims that KA was a party to the sales contract of the subject vehicle, but the only source cited for this conclusory statement is an *incomplete* sales contract that does not even include Kia America, Inc. (Opp. at 11:25-27, referencing Plaintiff's Exhibit A.) It cannot be overstated that Hyundai Lease Titling trust, Hyundai Capital America, any car dealership, and even Hyundai

- 4 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6); REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

Motor Company, are not parties to this lawsuit and are not Kia America, Inc. Moreover, Plaintiff admits that these are separate companies, and she intends to include each in her *next* amended Complaint. (Opp. at 11:11-13.) Without even speculating on whether the Court would give leave to amend such an obviously deficient Complaint after already giving Plaintiff plenty of leeway thus far, Plaintiff's admission that Kia America, Inc. is a separate entity is fatal to their argument that KA is the correct party to this action.

### C. Plaintiff's SEVENTH Cause of Action Should Be Dismissed with Prejudice.

Beyond the baseless and conclusory allegation of a nebulous conspiracy among all defendants, Plaintiff alleges KA defrauded Plaintiff regarding services, real rent and car prices and refusing to implement agreements with Plaintiff. (SAC at ¶ 284.) Claims or allegations involving fraud require particularity. F.R.C.P Rule 9(b). Plaintiff fails to meet this heightened pleading requirement. Plaintiff takes it for granted that "since Defendant joined other members of the cartel to defraud Plaintiff" but provides no supporting facts that there was a conspiracy or that KA joined such an endeavor. (Opp. at 23:26-27.) There are insufficient facts alleged in the SAC to support a claim for violation of Business and Professions Code § 17200 against KA.

### D. Plaintiff's TWELFTH and THIRTEENTH Claims Should Be Dismissed with Prejudice.

For Plaintiff's intentional infliction of emotional distress or negligent infliction of emotional distress claims to succeed, the "conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Melorich Builders, Inc. v. Superior Court*, 160 Cal.App.3d 931, 936 (1984). Plaintiff has asserted claims for relief that arise from alleged violations of such laws. But the claim at issue here is one for negligent infliction of

- 5 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

emotional distress, which is really just a claim for ordinary negligence because there is no independent duty not to cause another emotional distress.

Thus, to state a claim for negligent infliction of emotional distress, Plaintiff must identify a tort duty owed to Plaintiff that has been breached, foreseeably causing her harm. Plaintiff here does not allege that KA acted negligently in any respect; she alleges only intentional conduct. But even taking her allegations in the light most favorable and assuming she alleged negligent conduct in the alternative, KA owed Plaintiff no legal duty in tort. Plaintiff does not identify any such duty owed to her which KA allegedly breached. The allegation that KA "stole her car" is yet another "conclusory, unwarranted deduction of fact, or unreasonable inference." Moreover, Plaintiff fails to explain how the repossession of their vehicle was wrongful. Not only does Defendant have nothing to do with the repossession of the vehicle, Plaintiff herself provides the Court with plenty of reasoning why her vehicle may have been rightfully repossessed.

Plaintiff claims she was in lawful possession of the vehicle. (Opp. at 13:27.) However, Plaintiff admits to not paying for her vehicle and failing to timely purchase the vehicle after the expiration of the lease agreement. (SAC at ¶195.) Section 23D of the partial sales contract starts with "[u]nless you purchase the vehicle, you must return it to us…" (Plaintiff's Exhibit A attached to Opposition.) Plaintiff was obligated to make payments to Hyundai Lease Titling trust (not KA) _and_ return the vehicle. Plaintiff admits she fulfilled neither of these conditions. (SAC at ¶195.)  It stands to reason if the vehicle was repossessed it was due to Plaintiff's own failure to comply with the terms of her lease agreement. Therefore, Plaintiff's possession of the vehicle was not lawful.

Plaintiff further speculates KA must have gained possession of her vehicle by trespassing into her building's gated garage and/or parking lot. (Opp. at 15:13-16.) However, Plaintiff also alleges KA was acting in conspiracy and "full participation" with her landlord and actual owner of the parking garage, Defendant

- 6 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

Greystar. (Opp. at 18:2-4.) Both allegations cannot be true. KA could not have been "breaking a peace" if they were acting in coordination with the true owner of the parking lot. (Opp. at 24:21.) Plaintiff's Opposition does not save the deficient Second Amended Complaint; it only serves to further damn it. Defendant's alleged conduct cannot have been "extreme and outrageous" if the only conduct alleged is lawful repossession of a vehicle due to delinquent payments and/or termination of a lease contract, with "full participation" of the property owner. Plaintiff fails to state sufficient facts to support her twelfth and thirteenth causes of action.

### III. RULE 11 SANCTIONS ARE WARRANTED AGAINST PLAINTIFF

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." (F.R.C.P § 11(c).) Rule 11(b) states in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> …
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and…

(F.R.C.P § 11(b))

Here, Plaintiff has not acted with substantial justification in failing to adhere to Rule 11(b).

#### A. Plaintiff's Purpose for Filing This Matter is Improper.

As stated in its Motion, Plaintiff's conduct demonstrates her purpose in

- 7 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

filing and maintaining this case against KA is to harass KA and attempt to shift the burden to name the proper defendants onto KA. KA provided information on how to ascertain the identity of the leaseholder and requested Plaintiff dismiss KA without prejudice, but Plaintiff improperly refused and suggested KA name the correct entity and seek indemnity from that entity. Despite Plaintiff's knowledge or readily confirmable knowledge that KA is the incorrect entity, Plaintiff is maintaining this action against KA for the improper purpose of shifting her procedural burden without any merit. Plaintiff's conduct unequivocally demonstrates an improper purpose and an intent to cause unnecessary delay and increase litigation costs. Further, there is simply no evidence that KA is the holder of Plaintiff's vehicle lease. According to Plaintiff's own Exhibit, Plaintiff is aware that Defendant KA is not the correct party for this suit. (Opp. at 26:20-22.) Plaintiff states "unfortunately for the Defendant, the holding to which it belongs was engaged in fraud," undercutting their own argument that KA was the one engaged in the alleged fraud and theft. *Id.* Even taking all of Plaintiff's conclusory allegations as fact -- which the Court should not do -- KA is still the improper party for this action. If Plaintiff only alleges KA distributed the vehicle, and some other branch of Hyundai Motor Company was the actual tortfeasor, it would be improper for Plaintiff to keep KA as a litigation-hostage, who must now seek out the real culprit to clear their good name.

    Finally, KA hesitates to even dignify Plaintiff's counter-request for sanctions with a response, but nevertheless it shall. According to the Rules cited by Plaintiff, an intervening corporation must make certain disclosures to the Court. (Opp. at 26:22-27:2.) KA initially filed its Corporate Disclosure Statement which correctly identified its sole parent corporation but erroneously chose the wrong description during electronic filing (Docket no. 114) but quickly corrected that mistake through a subsequent, same day filing (Docket no. 116). Further, KA correctly asserted it had no involvement in the lease agreement. None of Plaintiff's

- 8 -

Case No.: 3:24-cv-01077 RSH MMP
KIA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]; REQUEST FOR SANCTIONS [F.R.C.P. 11(c)]

1  submissions or arguments contradict this fact. Plaintiff's request for sanctions
2  against KA is just a distraction from Plaintiff's failure to state a claim and should
3  not be seriously considered by this Court.
4       Accordingly, this Court should impose monetary sanctions in the amount of
5  $1,000, which is substantially less than the amount KA has necessarily and
6  reasonably incurred in bringing its motions and reply.

7  **IV.**   **<u>CONCLUSION</u>**

8       For the foregoing reasons, defendant KA respectfully requests this Court
9  grant its motion to dismiss under Rule 12(b)(6) of the Federal Rule of Civil
10 Procedure and impose monetary sanctions under Rule 11(c).

11 DATED: February 13, 2025             SJL LAW LLP

By:  /s/ Marcelo Lee
      Marcelo Lee
      Attorneys for Defendant
      KIA AMERICA, INC