1
2
3
4
5

AYNUR BAGHIRZADE
7514 Girard Avenue Ste 1
# 1208, La Jolla, CA, 92037
Phone: 619-776-4882
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

6
7
8
9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 | |
| 11 | AYNUR BAGHIRZADE, |
| 12 | Plaintiff, |
| 13 | v. |
| 14 | ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., |

Case No.: 3:24-CV-01077-RSH-MMP

**PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**

/Filed concurrently with Declaration of Aynur Baghirzade, Exhibits, Judicial Notice and Proposed Order/

Presiding Judge: Hon. Robert Huie
Magistrate Judge : Hon. Michelle M. Petit

15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

# TABLE OF CONTENTS

I.      INTRODUCTION ……………………………………………………………….9

II.     FACTUAL BAKGROUND…………………………………………….. 10

III.    LEGAL STANDARD………………………………………… 14

    1.      The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim………………………………………..14

IV.     ARGUMENTS………………………………………………………15

    A.      PLAINTIFF PUT DEFENDANT ON NOTICE ON HER RICO CLAIMS (1ST, 2ND, AND 3RD CAUSES OF ACTIONS)………15

    B.      PLAINTIFF PUT DEFENDANT ON NOTICE THAT THEY VIOLATED ANTI-TRUST LAWS (4TH, 6TH AND 7TH CAUSES OF ACTION)……………………………………………………19

        1.      Plaintiff put Defendant on notice that it was in violation of Sherman and Clayton Act……………………………….. 19

        2.      Plaintiff put Defendants on notice that they conspired with each other  to exclude Plaintiff from the market in violation of Section 16720, et seq. of California Business & Professions Code………………………………………………….. 21

        3.      Plaintiff pleaded enough facts to put Defendant on notice that it is liable for violation of Section 17200 of Business & Professions Code (Unfair Competition)…………………….23

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

2

Case No.: 3:24-CV-01077-RSH-MMP

C.    PLAINTIFF PUT DEFENDANT ON NOTICE THAT THEY DENIED HER A PUBLIC ACCOMMODATION (5TH AND 8TH CAUSES OF ACTIONS)……………………………………………………………..25

D.    PLAINTIFF PUT DEFENDANT ON NOTICE ON HARASSMENT, IIED AND NIIED CLAIMS (9TH, 12TH AND 13TH CAUSES OF ACTIONS)……………………………………………………..28

    1.    Plaintiff pleaded enough facts to put Defendant on notice that they harassed her…………………………………………………29

    2.    Plaintiff pleaded enough facts to put Defendants on notice on IIED claim………………………………………………..29

    3.    Plaintiff pleaded enough facts to put Defendant on notice on her NIED claim…………………………………………………30

E.    DEFENDANT'S MOTION TO STRIKE UNDER ANTI-SLAPP STATUTE IS NOT WARRANTED………………………………30

    1.    Standard of Review………………………………………30

    2.    Plaintiff petitioned Court to add Defendant to the lawsuit long before she was served with the eviction complaint…………31

    3.    Plaintiff's claims arise from Defendant's unprotected activity under Anti- Slapp Statute………………………………….. 32

    4.    Filing eviction case was in retaliation to Plaintiff's exercise of Free Speech for filing this complaint and, therefore, was illegal and shall be denied under public exception to Anti-Slapp Statute…………………………………………………….32

F.    FURTHER AMENDMENTS OF THE COMPLAINT ARE WARRANTED AND IT IS NOT UP TO DEFENDANT TO LIMIT PLAINTIFF'S RIGHT TO AMEND HER COMPLAINT………..33

V. CONSLUSION ……………………………………………………34

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

3

Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF AUTHORITIES

*CASES:*

*Allstate Ins. Co. v. Plambeck,*
  802 F.3d 665, 671 (5th Cir. 2015)…………………………………………..16

*Ashcroft v. Iqbal,*
  556 U.S. 662, 663-64 (2009)………………………………………...14, 15, 30

*Auster Oil Gas, Inc. v. Stream,*
  764 F.2d 381, 386 (5th Cir. 1985)………………………………………..14

*Baxla v. Chaudhri,*
  225 F. Supp. 3d 588, 592 (E.D. Va. 2016)……………………………14, 30

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)………..15, 17, 20

*Blue Cross & Blue Shield of New Jersey,*
  Inc. v. Philip Morris, Inc., 113 F. Supp. 2d 345, 365 (E.D.N.Y. 2000)…..16

*Buchanan v. Beard,*
  *No. CIV. 10-0423 GPC NLS, 2013 WL 2390435*…………………..…….18, 27

*Buchanan v. Cate,*
  *No. CIV. 10-0423 BTM NLS, 2011 WL 10730141*…………………..18, 19, 27

*Cochran v. Cochran,*
  65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540, 543 (1998)……………29

*Conley v. Gibson,*
  355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)…………15

*Copperweld Corp. v. Independence Tube Corp.,*
  467 U.S. 752, 775, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984)……………..19

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

4

Case No.: 3:24-CV-01077-RSH-MMP

*DM Rsch., Inc. v. Coll. of Am. Pathologists*,
    170 F.3d 53, 56 (1st Cir.1999)……………………………………………17

*E.D.C. Techs., Inc. v. Seidel*,
    225 F. Supp. 3d 1058, 1062–63 (N.D. Cal. 2016)………………………..31

*Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*,
    629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009)…………………………31

*Ekorus, Inc. v. Elohim EPF USA, Inc.*,
    No. CV 20-310-GW-GJSX, 2020 WL 3891449…………………………33

*Flynn v. Sephora USA, Inc.*,
    No. SACV2200426DOCADS, 2023 WL 5669897………………………21

*Frantz v. Blackwell*
    189 Cal.App.3d 91, 95 (1987)……………………………………………27

*Garlanger v. Verbeke*,
    223 F.Supp.2d 596, 609 (D.N.J. 2009)……………………………… 31

*Gibson v. United States*,
    781 F.2d 1334, 1337 (9th Cir. 1986)……………………………………15

*Gilligan v. Jamco Development Corporation*,
    108 F.3d 246, 248-49 (9th Cir. 1997)……………………………………15

*Hall v. City of Santa Barbara*,
    833 F.2d 1270, 1274 (9th Cir. 1986)……………………………………..14

*Honce v. Vigil*,
    1 F.3d 1085, 1088 (10th Cir.1993)………………………………………26

*Hous. Rts. Ctr. v. Sterling*,
    404 F. Supp. 2d 1179, 1192 (C.D. Cal. 2004)……………………………26

*In re Apple In–App Purchase Litig.*,
    855 F.Supp.2d 1030, 1041 (N.D.Cal.2012)………………………………23

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

Case No.: 3:24-CV-01077-RSH-MMP

*In re Firestar Diamond, Inc.*,
    654 B.R. 836, 865 (Bankr. S.D.N.Y. 2023)......................................18

*In re Merino*,
    No. 2:18-AP-01460-ER, 2020 WL 6949033...........................11, 28

*In re Nat. W. Life Ins. Deferred Annuities Litig.*,
    635 F. Supp. 2d 1170, 1174 (S.D. Cal. 2009)................................16

*Inland Mediation Board v. City of Pomona*,
    158 F.Supp.2d 1120, 1148 (C.D.Cal.2001)..................................25

*Jackson v. Segwick Claims Mgmt. Serv., Inc.*,
    699 F.3d 466, 480 (6th Cir. 2012)...............................................16

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120, 1126–27 (9th Cir.2009).....................................23

*Khoja v. Orexigen Therapeutics, Inc.*,
    *899 F.3d 988, 1003 (9th Cir. 2018)*..........................................12

*Monsanto Co. v. Spray–Rite Service Corp.*,
    465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984).....................20

*Odom v. Microsoft Corp*.,
    486 F.3d 541 (9th Cir. 2007)......................................................16

*Palatkevich v. Choupak*,
    2014 WL 1509236....................................................................17

*Rosado v. eBay Inc.*,
    53 F. Supp. 3d 1256, 1265 (N.D. Cal. 2014)................................23

*Salinas v. United States*,
    522 U.S. 52, 54–55, 118 S. Ct. 469, 472, 139 L. Ed. 2d 352 (1997).......18

*Scheur v. Rhodes*,
    *416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974)*..............14

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

6

Case No.: 3:24-CV-01077-RSH-MMP

*Smithfield Packaged Meats Sales Corp. v. Dietz & Watson, Inc.*,
    452 F. Supp. 3d 843, 865 (S.D. Iowa 2020)……………………………..33

*United States v. Applins*,
    637 F.3d 59, 82 (2d Cir. 2011)…………………………………………..18

*United States v. Garcia*,
    497 F.3d 964, 967 (9th Cir. 2007)………………………………….22, 28

*United States v. Feldman*,
    853 F.2d 648 (9th Cir.1988)…………………………………………..16

*United States v. Zemlyansky*,
    908 F.3d 1, 17 (2d Cir. 2018)…………………………………………..18

*Vess v. Ciba–Geigy Corp. USA*,
    317 F.3d 1097, 1110 (9th Cir. 2003)…………………………………..31

*Zimmerman v. Bornick*,
    25 F.4th 491, 494 (7th Cir. 2022)……………………………………..34

***STATUTES:***

Cal. Bus. & Prof. Code, § 16720………………………………………….21

Cal. Bus. & Prof. Code, § 17200…………………………………………..23

California Civil Code, § 51……………………………………………21, 28

California Civil Code, § 789.3……………………………………1, 28, 29, 32

California Civil Code, § 1940.2………………………………………..11, 28

California Code of Civil Procedure, § 425.16………………………30, 31, 32, 33

California Code of Civil Procedure, § 527.6…………………………….28, 29

Federal Rules of Civil Procedure, § 8 (a)……………………………… 14

Federal Rules of Civil Procedure, § 9 (b) ……………………………… 23

Federal Rules of Civil Procedure, § 10 (c)…………………………… 12, 14, 30

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

7

Case No.: 3:24-CV-01077-RSH-MMP

Federal Rules of Civil Procedure, § 12 (b)……………………………………… 14, 31

15 U.S.C. § 1……………………………………………………………………….19

18 U.S.C. §§ 1961-1968…………………………………………12, 15, 16, 17, 18, 19, 32

18 U.S.C. Ch. 113B, § 2331……………………………………………………..32

42 U.S.C. § 2000a……………………………………………………………….25

42 U.S.C. § 3604(b)………………………………………………………….25, 26


***OTHER AUTHORITIES:***

United States Constitution ……………………………………………30, 32, 33

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

8

Case No.: 3:24-CV-01077-RSH-MMP

# I. INTRODUCTION

Defendant Greystar California Inc. ("Greystar") after joining the cartel against Plaintiff, putting Plaintiff's apartment as well as her car under total surveillance, transmitting Plaintiff's personal information and whereabouts to the Enterprise, harassing her multiple times *while she was paying a rent,* stealing the car from her garage spot in conspiracy with other Enterprise members - police and Defendant Kia America Inc. ("Kia"),  all while after Plaintiff became a target of the violent group bombing people all around the world, and by doing so putting her life under tremendous danger, ruining her property, income opportunities,  alleges that Plaintiff owes them a rent payment. Plaintiff owes Defendant nothing and, in opposite, Defendant owes a lot to Plaintiff for the emotional, financial and other damages Plaintiff sustained as a result of their horrible actions. Additionally, Defendant's allegations that Plaintiff brought a lawsuit to stop an eviction process against her are pure lies because Plaintiff added Defendant to the lawsuit long before she was served with any eviction case and Plaintiff's complaint is based on the facts which happened while Plaintiff was in compliance with her rent agreement. Facts also suggest that Defendant in conspiracy with other cartel members turned her residence into a torture camp constantly harassing, intimidating, manipulating and blackmailing Plaintiff to stop the rightful lawsuit she brought against them in this Court. Allegations of Defendant that it was brought to this lawsuit separately from other Defendants (some of which are referral organizations) are completely wrong. Plaintiff pleaded in many places of her SAC that her residential address is stalked by Defendants ANCA and ANCAWR since the time she moved to the United States, ¶ 61, 67, 77, 80, 175, 189, SAC.  Then, she pleaded that approximately in January 11, 2024, she was informed that her current residential address is found, ¶ 191, SAC. Now, arguing

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

9

Case No.: 3:24-CV-01077-RSH-MMP

that Plaintiff's claims appeared from nowhere after bringing claims against referral organizations is simply not serious.

## II. FACTUAL BACKGROUND

While Plaintiff appreciates lawyers doing their best to protect Clients, she is clearly do not understand those openly lying - Defendant completely distorts the facts in its pleading. Plaintiff paid for her rent in full till August 4, 2024, *(Exh. A4, D2, F2 )*. Plaintiff's car was stolen from her garage spot on or around May 31, 2024, (the month she paid her rent), ¶ 192, SAC. After stealing her car Defendant started harassing her regularly, the majority of the harassment happened during months of May, June and July, 2024 (months she paid the rent). Now, presenting themselves as a victim because Plaintiff sued them makes no sense. Plaintiff filed her request to amend the complaint adding Defendant to this case on October 2, 2024 *(Docket # 59)*, she got information about eviction case on October 24, 2024, *(Exh. K, L)* when the complaint and summons were posted on her door. Then, Plaintiff filed a motion to quash service of summons (meaning that she didn't recognize service of the complaint on her), then she filed a Writ of Mandate on decision of San Diego Superior Court ("San Diego Court") - *Exh. L8 - L28*. Plaintiff filed the answer on this eviction case only on January 15, 2025, (and even here the service is still defective because all judges' decisions were fraudulent and illegal, court as it always happens with Armenian cartel was engaged in fraud and another racketeering activity). Armenian judge, Albert Harutunian, illegally denied Plaintiff's Writ of Mandate on December 31, 2024, - New Year date and federal holiday, in the beautiful sadistic dashnak way *(Exh. L29-L30)*. Court also was engaged in fraud by denying to accept Plaintiff's notices and denying to give her a date to schedule a demurrer.  Facts Plaintiff has vividly suggest that Defendant conspired and formed an Enterprise against Plaintiff with the purpose to evict her or, if it is impossible, to turn her life into hell even if she pays the rent long before

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

10

Case No.: 3:24-CV-01077-RSH-MMP

she stopped paying the rent. Recent facts also suggest that Defendant formed an Enterprise against Plaintiff not only with other members of the cartel, but also with San Diego Court, judges and court staff to obstruct the justice and punish her for her speech. The first eviction notice "mistakenly" sent to her was from San Diego Court, ¶¶ 203, 204, 205, SAC. Allegations of Defendant that it was sending to Plaintiff notice to quit or pay rent when she failed to pay rent are groundless because Plaintiff pleaded that such notices were **continuously sent to Defendant while she was paying a rent**, ¶ 202, SAC.  Additionally, there was no instruction in the notice of eviction sent by Defendant that whose who paid the rent could disregard it, and the notice was sent to her after she paid a rent - *See Exh. F2 and G2*. Allegations of Defendant that the mail from San Diego Court was "mistakenly" served on her while she didn't pay for her rent are baseless, because it was Enterprise which by controlling her bank account and her virtual address did everything possible so that she delays her rent payment and at the same time harassed her with eviction in a beautiful sadistic dashnak manner,¶ 203, SAC, *See also Exh. E2 - E10.* Also, it is not clear why Defendant thinks that delivering food to the mailroom area even if Plaintiff didn't pay her rent was appropriate. Landlords are prohibited by Law to harass and self-evict tenants. *Section 789.3. of California Civil Code* clearly states the rules landlords should follow.  "*Cal. Civ. Code § 1940.2* provides that a landlord shall not "[u]se, or threaten to use, force, willful threats, or menacing conduct constituting a course of conduct that interferes with the tenant's quiet enjoyment of the premises ... that would create an apprehension of harm in a reasonable person." *In re Merino*, No. 2:18-AP-01460-ER, 2020 WL 6949033, at *5 (Bankr. C.D. Cal. Sept. 25, 2020). Pest control treatment form was sent to treat Plaintiff's apartment for cockroaches while she had flies, ¶ 208, SAC. As to the facts suggested by Defendant separately to claims:

### 1. RICO (1st - 3rd claims):

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

11

Case No.: 3:24-CV-01077-RSH-MMP

Nowhere in her pleading Plaintiff pleaded that Defendant was evicting her, this is simply a lie. Defendant stole the car from her assigned parking lot (for which she was paying) together with other cartel members and was constantly harassing her while she was in compliance with her obligations under the rent agreement.

### 2. Restraints on Competition (4th, 6th and 7th counts).

Allegations of Defendant that it was not specifically mentioned under counts 4, 6 and 7 are completely wrong. All headings for the causes of actions in Plaintiff's SAC included against what defendants they were made, and Defendant is among those Defendants. Defendant also ignores the fact that all claims and all parts of Plaintiff's SAC were incorporated by reference. Thus, Plaintiff pleaded at the beginning of every cause of action that she "hereby incorporates by reference each and every paragraph, as if fully set forth herein", ¶¶ 245, 268, 279. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion…" Rule 10 (c) of F.R.C.P. "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well pleaded claim." *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1003 (9th Cir. 2018).* Thus, she pleaded that "Conspiracy among DEFENDANTS to exclude PLAINTIFF from the market is clearly a restraint on trade.", ¶ 249, SAC. She also pleaded that Defendant Kia in conspiracy with Defendant Greystar "repossessed her car…, without giving her any notice, ***with malicious intent to ruin her credit story, put repossession into her records, so that she has troubles getting any other car in the future***.", ¶¶ 195, 196, 197 SAC. She also pleaded how Defendant defrauded her regarding its services, ¶¶ 189- 214, SAC. Under 7th cause of action she specifically pleaded how Defendant in conspiracy with others stole

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

12

Case No.: 3:24-CV-01077-RSH-MMP

her car and defrauded her.",  ¶ 284, SAC. Defendant needed to read the entire SAC as one document, not separate parts of it.

### 3. Denial of Public Accommodation ( 5th & 7th counts).

Similarly, as with other causes of actions, allegations of Defendant that Plaintiff didn't implicate them for violations of public accommodation laws are untrue. Thus, she pleaded that since all Defendants joined Defendants ANCA and ANCAWR in persecuting Plaintiff, they are in the similar way liable for discrimination against Plaintiff,  ¶ 266, SAC. Then, she pleaded that Defendants ANCA and ANCAWR represent interests of the most radical Armenians and they are the part of ARF (Armenian Revolutionary Federation, in other words "Dashnaksutyun"), ¶ 264, SAC. She also pleaded that she is from Azerbaijan and Azerbaijan has a long standing conflict with Armenia, ¶¶ 37, 39, SAC. She also pleaded that ARF was responsible for numerous terror acts against community members of the Plaintiff both in the United States and abroad, ¶¶ 50-53, SAC. Plaintiff incorporated by reference to her SAC the research paper named: Global Terrorism: Justice Commandos of Armenian Genocide, prepared in coordination with FBI and CIA,¶ 54, SAC (Docket # 128, ESF page No.2255 - 2276). This document describes very well on what policies Defendants acted. In her SAC Plaintiff pleaded enough facts to show how radical dashnaks regularly organize smear campaigns and shell business accounts of the people like Plaintiff to ruin their businesses, ¶¶ 40-49, SAC. She also requests a judicial notice for the documents which confirm ANCA's affiliation with ARF and the written policy upon which this organization acts.

### 4. State Law harassment and Torts claims (9, 12 and 13th Causes of Actions).

In terms of the 9th cause of action - harassment, Plaintiff pleaded enough facts putting Defendant on notice on how precisely they harassed her, ¶¶ 189 - 214,

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

13

Case No.: 3:24-CV-01077-RSH-MMP

SAC. Plaintiff didn't need to plead all facts in each cause of action since every paragraph in her SAC was incorporated by reference. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion…" Rule 10 (c) of F.R.C.P. Since, all paragraphs in her SAC were incorporated by reference Defendants needed to read the entire SAC as one whole document, not separately each cause of action. As to the facts related to twelfth and thirteenth claims (IIED and NIED) they are again listed in General Allegations part of SAC which is incorporated by reference in every paragraph of SAC, ¶¶ 189 - 214, SAC. *"At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, **read the complaint as a whole**, and take the facts asserted therein as true. Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937." *Baxla v. Chaudhri,* 225 F. Supp. 3d 588, 592 (E.D. Va. 2016).

## III. LEGAL STANDARD

### 1.    The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim.

The Ninth Circuit is particularly hostile to motions to dismiss for failure to state a claim. "The federal rules require only a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P 8 (a).* The Rule 8 standard contains "a powerful presumption against rejecting pleading for failure to state a claim." *Auster Oil Gas, Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir. 1985)*; see also Hall v. City of Santa Barbara,* 833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed 'with disfavor and is rarely granted.'"). The Supreme Court has explained that 'it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S. St. 1683, 1686, 40 L.Ed.2d90 (1974)). In reviewing the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

14

Case No.: 3:24-CV-01077-RSH-MMP

offer evidence to support the claims." *Gilligan v. Jamco Development Corporation,* 108 F.3d 246, 248-49 (9th Cir. 1997*)*. Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir. 1986) *(quoting Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).). Under Federal Rules of Civil Procedure 8 (a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations are not required, *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the plaintiff is entitled to relief for the misconduct alleged". *Id., at 556, 127 S.Ct. 1955*. "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether their plausibility gives rise to an entitlement to relief". *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). Plaintiff pleaded a short and plain statement of the claims putting Defendant on notice on each cause of action.

## IV. ARGUMENTS

### A.    PLAINTIFF PUT DEFENDANT ON NOTICE ON HER RICO CLAIMS (COUNTS 1, 2 AND 3).

As it was articulated before and as it may be clearly tracked from the Exhibits enclosed to this Opposition *(Exh. K, L)*, Plaintiff amended her complaint by adding Defendant long before she was served with any eviction lawsuit. Facts clearly show that till January 15, 2025, Plaintiff was not served with any eviction case. Also, Plaintiff's present lawsuit was brought against Defendant on the facts which have no relationship to the eviction case, all of them happened during the time Plaintiff paid her rent. Defendant conspired and harassed Plaintiff starting from May, 2024. Her car disappeared from garage on or around May 31, 2024, the

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

15

Case No.: 3:24-CV-01077-RSH-MMP

eviction notice from the Superior Court of San Diego for someone's else name appeared in her mailbox in June, 2024, food was delivered to mailbox in July, 2024. Plaintiff paid for all those months *(Exh. A4, D2, F2)*.

Similarly, allegations of Defendant that Plaintiff didn't plead enough facts to establish enterprise or conspiracy are groundless. "RICO defines an enterprise as any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity. Multiple corporations or other legal entities can, when working in concert either overtly or covertly, form an association-in-fact RICO enterprise." *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.,* 113 F. Supp. 2d 345, 365 (E.D.N.Y. 2000) citing *Allstate Ins. Co. v. Plambeck,* 802 F.3d 665, 671 (5th Cir. 2015) and quoting 18 U.S.C. § 1961(4). "A plaintiff may plead more than one enterprise. Pleading alternative enterprises does not undermine the plausibility of the pleadings." *Jackson v. Segwick Claims Mgmt. Serv., Inc.*, 699 F.3d 466, 480 (6th Cir. 2012). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id*. "An associated-in-fact enterprise must have a common purpose of engaging in a course of conduct." *In re Nat. W. Life Ins. Deferred Annuities Litig.*, 635 F. Supp. 2d 1170, 1174 (S.D. Cal. 2009). "The common purpose element, however, does not require the enterprise participants to share all of their purposes in common. See, e.g., *Odom*, 486 F.3d at 552 (finding a single common purpose sufficient). And all members of the enterprise need not be directly working with all other members of that enterprise. See *United States v. Feldman*, 853 F.2d 648 (9th Cir.1988). What RICO does require as a showing of common purpose is proved by evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Id*. It is not clear why Defendant think that Plaintiff didn't plead enough facts to establish enterprise. Defendant is a legal entity, Defendant in conspiracy with

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

16

Case No.: 3:24-CV-01077-RSH-MMP

another legal entity - Defendant Kia stole her car from her own assigned and paid parking spot on or around May 31, 2024. Plaintiff pleaded enough facts to show that Enterprise tracks her residential address, her banking information and plants rats and cockroaches in her places of residence ¶¶ 61, 67, 77, 80, 175, 189, 191, SAC. Similarly Plaintiff pleaded that all troubles at her current place of residence started after she was informed through various Twitter user accounts that her place of residence is found, ¶¶ 189, 191, SAC. Then, Plaintiff pleaded how Defendant started restricting her residential account, didn't treat her apartment for flies and instead sent her a form to sign for treatment of cockroaches, harassed her with multiple eviction notices while she was in compliance with her rent payments, stole her car and etc, ¶¶ 189 - 214, SAC (Exhibits A - L). None of the listed facts in her SAC in relation to Defendant happened before Plaintiff's address was discovered by the Armenian Enterprise, all of these facts happened to her **after** Plaintiff's residential address was discovered. So, clearly there was an agreement. Additionally, Plaintiff does not understand why Defendant in its another attempt to mislead the court uses *Twombly* to establish requirements to plead conspiracy under RICO and uses other irrelevant cases. *Twombly* does not establish requirements to plead RICO conspiracy, it concerns conspiracies in violation of anti-trust Laws (specifically Sherman Act). In a similar way, the case *DM Rsch., Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir.1999) is not applicable to RICO conspiracies, this case is also about anti-trust (Sherman Act) violations. Instead, requirements for RICO conspiracy are established in other laws -"Section 1962(d) conspiracies ... easier to prove than violations of [Section] 1962(c)," *Palatkevich v. Choupak*, 2014 WL 1509236, at *22 (S.D.N.Y. Jan. 24, 2014), but RICO conspiracies are also easier to demonstrate than "basic" conspiracies, as RICO conspiracies "do not require proof that a defendant knowingly agreed to facilitate a specific crime (e.g., mail fraud)" and "have a more removed mens rea

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

17

Case No.: 3:24-CV-01077-RSH-MMP

requirement" than "basic" conspiracies. *Zemlyansky*, 908 F.3d at 11, n.7; see also *Salinas*, 522 U.S. at 63, 118 S.Ct. 469. "Unlike 'basic' conspiracy, RICO conspiracy does not require proof that the defendant intended that specific criminal acts be accomplished.". *In re Firestar Diamond, Inc.*, 654 B.R. 836, 865 (Bankr. S.D.N.Y. 2023). And also, since Plaintiff pleaded enough predicate acts she does not need to establish a conspiracy by any other special means. "..Where ... the evidence establishes that each defendant, over a period of years, committed several acts of racketeering activity in furtherance of the enterprise's affairs, the inference of an agreement to do so is unmistakable.", *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011). So, in terms of the conspiracy it is  undeniable that Defendant fully participated in stealing Plaintiff's car from her garage spot *(Exh. C)*. Claim that the spot from where Plaintiff's car was stolen was  unauthorized is another attempt by the Defendant to mislead the Court. Plaintiff has never pleaded that the car was taken from unauthorized spot. She pleaded that the car disappeared from her garage spot where she parked it, ¶¶ 192 - 194, SAC. She also paid fully for the parking spot when her car disappeared *(Exh. A4)*. It is also undeniable that Defendant sent to Plaintiff a signature (sign) of being a part of Enterprise (a form for cockroach treatment while she had flies) - See *Exh. H*.  "As the state court noted, in order to prove the Mexican Mafia is a "criminal street gang" within the meaning of Penal Code § 186.22(b)(1), the prosecution had to prove that "(1) the [Mexican Mafia] is an ongoing association of three or more persons sharing a common name, **identifying sign or symbol**; (2) one of the group's primary activities is the commission of one or more statutorily enumerated criminal offenses; and (3) the [Mexican Mafia's] members must engage in or have engaged in, a pattern of criminal gang activity..." *Buchanan v. Cate*, No. CIV. 10-0423 BTM NLS, 2011 WL 10730141, at *48 (S.D. Cal. Sept. 30, 2011), report and recommendation adopted as modified sub nom. *Buchanan v. Beard*, No. CIV.

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

18

Case No.: 3:24-CV-01077-RSH-MMP

10-0423 GPC NLS, 2013 WL 2390435 (S.D. Cal. May 29, 2013). Plaintiff pleaded enough facts to implicate that Defendant was and is a part of Mafia. Thus, Plaintiff pleaded in her SAC that Defendant transmits to Defendants ANCA and ANCAWR or any other members of the Enterprise her videos taken in public places of the building, ¶ 190, SAC. Plaintiff also presented new facts in her declaration to Defendant Kia's motion to dismiss on how police tracked her at the time when she drove off from her residential garage, stopped her and then how afterwards her employment places were closed by Uber and Lyft and the leased cars taken away, (Docket # 172, ECF Page No. 3427 - 3429). In all these instances illegal police stops and subsequent closures of her Uber & Lyft accounts happened when she placed her car on charge in Defendant's garage while was inside of her car, or when she complained to Defendant that there was unauthorized access to her apartment *(Declaration of Aynur Baghirzade,¶¶ 9, 10; Exh. J)*. Plaintiff pleaded enough facts to put Defendants on notice on her RICO claims.

**B. PLAINTIFF PUT DEFENDANT ON NOTICE THAT THEY VIOLATED ANTI-TRUST LAWS (COUNTS 4, 6 AND 7).**

**1. Plaintiff put Defendant on notice that it was in violation of Sherman and Clayton Act.**

Defendant's allegations that Plaintiff failed to implicate them in violation of *Sherman & Clayton Act* are not true. Plaintiff pleaded enough facts that Defendant didn't act independently but did it in tandem and conspiracy with one another, ¶¶ 189 - 214, SAC. "Because § 1 of the *Sherman Act* "does not prohibit [all] unreasonable restraints of trade ... but only restraints effected by a contract, combination, or conspiracy," *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 775, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), "[t]he crucial question" is whether the challenged anticompetitive conduct "stem[s] from independent decision or from an agreement, tacit or express.*" Bell Atl. Corp. v. Twombly,* 550

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

19

Case No.: 3:24-CV-01077-RSH-MMP

U.S. 544, 553, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). "..proof of a § 1 conspiracy must include evidence tending to exclude the possibility of independent action, see *Monsanto Co. v. Spray–Rite Service Corp.,* 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984); and at the summary judgment stage a § 1 plaintiff's offer of conspiracy evidence must tend to rule out the possibility that the defendants were acting independently*" Id.* Defendant by its actions rigged not only the legal market, but also the car and ride sharing market. Thus, in her SAC, Plaintiff pleaded that approximately on January 11, 2024, Plaintiff was informed through various Armenian Twitter accounts that her residential address is found and one of the informants was Vahram Terzikyan, an ***attorney*** who is barred in the state of Massachusetts, ¶ 191, SAC. Then she pleaded that on or around July 8, 2024, she discovered a mail in her residential mailbox from ***San Diego court*** with the notice of filing of eviction case with the name of the defendant on this notice whom Plaintiff didn't know, ¶ 203, SAC. Then, in her Declaration to Defendant's KIA's motion to dismiss Plaintiff declared that she was 4 times stopped by ***police*** for no reasons upon her driving from her residential building, all these illegal stops happened when Plaintiff either charged her car in the Defendant's garage or after she complained to Defendant on unauthorized entrance to her apartment *(Declaration of Aynur Baghirzade, ¶¶ 9-16).* After the illegal stops Plaintiff's Lyft & Uber accounts were closed and all rented cars were taken from her for no reason. Plaintiff also received three letters with negative content as soon as she responded to ***Defendants OCBA's and LACBA's motions to dismiss*** on January 27, 2025 with the same date  *(Declaration of Aynur Baghirzade, ¶ 17)* in her mailbox. It is pretty much clear that a person who is under total surveillance, whose cars periodically get repossessed, who is constantly threatened, blackmailed, intimidated and harassed can't build a successful business - this was exactly the goal Defendant together with other gangsters pursued in persecuting

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

20

Case No.: 3:24-CV-01077-RSH-MMP

Plaintiff. They wanted her broke, poor, with no ability to pay rent so that later to blackmail her exactly for not paying this particular rent - very much in a sadistic dashnak way. It is also undeniable that absence of the car negatively affects Plaintiff's business and restricts her movements and her ability to develop business relationship. Plaintiff satisfied the requirement to plead conspiracy to establish violation of her rights under Sherman & Clayton Act. Plaintiff also successfully defined a market and Defendants simply need to read SAC carefully, ¶¶ 37, 173, 174, SAC. Every statement in her SAC was incorporated by reference according to Rule 10 (c) of *F.R.C.P.* and Defendants needed to read the entire SAC as a whole document. Plaintiff put Defendants on notice that the market from which Defendants excluded her was Southern California and San Diego markets.

**2. Plaintiff put Defendants on notice that they conspired with each other to exclude Plaintiff from the market in violation of Section 16720, et seq. of California Business & Professions Code.**

California Business and Professions Code ("B.P.C.") § 16721(a) provides that "No person within the jurisdiction of this state shall be excluded from a business transaction on the basis of a policy expressed in any document or writing and imposed by a third party where that policy requires discrimination against that person on the basis of any characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code or on the basis that the person conducts or has conducted business in a particular location." *Flynn v. Sephora USA, Inc., No. SACV2200426DOCADS, 2023 WL 5669897, at \*5 (C.D. Cal. Aug. 11, 2023).* In terms of the policy upon which Defendant acted they need to read SAC carefully,¶¶ 54, 88, 262, 263, 264, 266, SAC. Plaintiff incorporated by reference to her SAC the research paper named: Global Terrorism: Justice Commandos of Armenian Genocide, prepared in coordination with FBI and CIA,¶ 54, SAC (Docket # 128, ECF page No.2255 - 2276). This document describes very well on

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

21

Case No.: 3:24-CV-01077-RSH-MMP

what policies Defendants acted. In her SAC Plaintiff pleaded enough facts to show how radical dashnaks regularly organize smear campaigns and shell business accounts of the people like Plaintiff to ruin their business, ¶¶ 40-49, SAC. Further, in her SAC, Plaintiff pleaded that "Armenia's official ideology is built on Tsegakron, the nationalistic (fascist) ideology established by former Nazi collaborator G. Njdeh, whose enormous monuments are erected everywhere in Armenia…",¶ 262, SAC. Plaintiff also pleaded in her SAC that Defendants are either governed or have significant ties with ARF - a terrorist organization, ¶ 50, 51, SAC. Plaintiff also, incorporates here Letter of Citizens for Responsibility and Ethics In Washington as well as APPENDIX TO THE CONGRESSIONAL RECORD previously filed as Exhibits to Plaintiff's Opposition to Defendants' Yelp Inc. and Google LLC's motions to dismiss *(Docket # 128, ECF page No.2278 - 2284 and Docket # 145, ECF page No. 2573 - 2576 - Judicial notice is requested).* Since Defendant joined a radical fascist group bombing people of the same background as Plaintiff's all around the world, now they can't claim that the written policy upon which they acted is unknown or it was not pleaded. All violent terror acts committed by this group are attributable to Defendant in the similar way as they are attributable to the group itself. Courts regularly hold that "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Garcia,* 497 F.3d 964, 967 (9th Cir. 2007). Additionally, the Law  does not have a requirement that the written policy shall belong to Defendant for the law to be actionable, it has only the requirement that the policy shall be in writing, and it is in writing. ARF - a parent organization for Defendants ANCA and ANCAWR was established in 1890, since that time this organization is involved in bloody terror acts against people of the Plaintiff's origin. They have written policies, programs and agenda. Defendant in fact not

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

22

Case No.: 3:24-CV-01077-RSH-MMP

only destroyed Plaintiff's business but also put her life under tremendous danger by transmitting information to the group about her cars, location and movements, ¶¶ 189 - 214, SAC.

**3. Plaintiff pleaded enough facts to put Defendant on notice that it is liable for violation of Section 17200 of Business & Professions Code (Unfair Competition).**

"Rule 9(b)'s particularity requirement applies to each of the three prongs of the UCL ("unlawful," "unfair," and "fraudulent") where, as here, the claims are based on a "unified course of fraudulent conduct." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126–27 (9th Cir.2009). "To meet Rule 9(b)'s heightened standard, a plaintiff must allege with specificity that purported misrepresentations: (1) were relied on by Plaintiff; (2) were material; (3) influenced Plaintiff's decision to purchase eBay's product; and (4) were likely to deceive members of the public." *Rosado v. eBay Inc.,* 53 F. Supp. 3d 1256, 1265 (N.D. Cal. 2014) citing *In re Apple In–App Purchase Litig.,* 855 F.Supp.2d 1030, 1041 (N.D.Cal.2012) (citation omitted). By claiming that Plaintiff didn't list enough facts on how Defendant defrauded her and how it affected the legal market Defendant again is trying to manipulate facts and distort the Law. In Defendant's opinion, a person who is constantly harassed at her place of residence, whose cars get disappeared from the garage, who is constantly threatened with eviction cases (while she pays for the rent), who is put under total surveillance to transfer information about her cars and her movements in order to close all places of her employment and earnings is a "great" environment for Plaintiff to build a business, ¶¶ 189 - 214, SAC. Defendant also thinks that its participation in purely sadistic plan of violent dashnaks in stealing her car from her own assigned garage spot was not done to affect her business and her career, that absence of car will not affect her business in the United States?, ¶¶ 192 - 198, SAC. Plaintiff with particularity listed all facts

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

23

Case No.: 3:24-CV-01077-RSH-MMP

constituting unlawful, unfair and fraudulent conduct of the Defendant and all allegations of the Defendant are false, ¶¶ 189 - 214, SAC. Moreover, the facts Plaintiff discovered after filing her SAC only confirm that Defendant is a part of Mafia and besides being in conspiracy with other cartel members, was in conspiracy also with police and San Diego Court to wrongfully evict and harm Plaintiff *(Declaration of Aynur Baghirzade,¶¶ 9 - 16, Exh. K, L)*. When Plaintiff signed the agreement with Defendant she relied on Defendant that she will be treated well at her place of residence, she relied on Defendant that her car with her belongings will not disappear from her own paid garage spot, she relied that her apartment, cars, her movement in the building will not be under 24 hour surveillance and this information will not be transferred to the terrorist group, she relied that her life and income will not be endangered by the actions of Defendant - however, Defendant obviously defrauded her.  Defendant not only  undermined her legal business by stealing her car, but also informed Enterprise about all other leased cars she had so that Enterprise could leave her with no car & no income. All places of her employment at Uber & Lyft were closed after Defendant delivered all her information to police and other cartel members *(Declaration of Aynur Baghrzade, ¶¶ 9-16)*. Now, Defendant claims that Plaintiff brought insufficient facts about how they damaged her business. Defendant not only damaged Plaintiff's business but also put her life under tremendous threat, or does Defendant think that she has to be thankful to them that she is still alive and only her car disappeared from the garage ? Similarly, as with other claims, Defendant pretends that there is no Rule allowing incorporation by reference, all fraudulent acts committed by the Defendant were listed in General Allegations part of her complaint and were incorporated by reference to her cause of action for unfair competition, ¶ 279, SAC. Also, Greystar's illegal and unfair actions were specifically mentioned under the cause of action for Unfair Competition, ¶ 284,

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

24

Case No.: 3:24-CV-01077-RSH-MMP

SAC. Plaintiff pleaded enough facts to implicate Defendant in violation of Unfair Competition Law.

## C. PLAINTIFF PUT DEFENDANT ON NOTICE THAT THEY DENIED HER A PUBLIC ACCOMMODATION (COUNTS 5 AND 8).

Similarly as with other causes of actions, Defendant brings absurd allegations that she couldn't implicate them in violation of public accommodation laws. Defendant also lies that the lawsuit was brought to stop an eviction case while nowhere in her SAC Plaintiff mentioned that Defendant brought an eviction case against Plaintiff and nowhere in her SAC there is any concern about the fact that she could be evicted. Plaintiff paid for her residence till August 4, 2024, after which she stopped paying when realized that she will be mistreated no matter she pays the rent or not and while her apartment was invaded by flies and Defendant couldn't "treat" those flies *(Exh. A4, D2, F2)*. Additionally, Plaintiff brought a lawsuit against Defendant based on the facts which happened ***while she was paying a rent or based on the facts which were illegal under the Law for the Defendant to engage with***. Since Plaintiff brought a cause of action under Section 2000a *et seq.* of 42 U.S.C. , Fair Housing Act is also applicable to Plaintiff's case. "Section 3604(b) of the FHA makes it unlawful "[t]o discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin." *42 U.S.C. § 3604(b)*. To state a claim under § 3604(b), a plaintiff must show that he or she was subjected to different "terms, conditions, or privileges because of a protected status." *Inland Mediation Board v. City of Pomona,* 158 F.Supp.2d 1120, 1148 (C.D.Cal.2001). The FHA thus not only demands that tenants be able to secure an apartment on a nondiscriminatory basis, but also "guarantees their right to equal treatment once they have become residents of that housing." *Id.* As with a § 3604(a) claim, to survive a summary judgment

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

25

Case No.: 3:24-CV-01077-RSH-MMP

motion on a § 3604(b) claim, a plaintiff must provide proof that he or she suffered "disparate treatment" in that "defendant intentionally discriminated against plaintiff." *Hous. Rts. Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1192 (C.D. Cal. 2004) by citing *Honce v. Vigil,* 1 F.3d 1085, 1088 (10th Cir.1993). Allegations that Plaintiff couldn't establish the connection between Defendant's acts and discrimination against Plaintiff based on her protected characteristics are groundless. Plaintiff brought the action based on RICO statute, including *inter alia* under Section 1962 (d) of RICO statute - conspiracy. Plaintiff also pleaded a lot of facts why she became a target of the Enterprise. Plaintiff incorporated by reference to her SAC the research paper named: Global Terrorism: Justice Commandos of Armenian Genocide, prepared in coordination with FBI and CIA,¶ 54, SAC (Docket # 128, ESF page No.2255 - 2276). This document describes very well on what policies Defendant acted. Plaintiff also pleaded in her SAC that Defendants are either governed or have significant ties with ARF - a terrorist organization, ¶ 50, 51, SAC. Plaintiff also incorporates here Letter of Citizens for Responsibility and Ethics In Washington as well as APPENDIX TO THE CONGRESSIONAL RECORD previously filed as Exhibits to Plaintiff's Opposition to Defendants' Yelp Inc. and Google LLC's motions to dismiss *(Docket # 128, ECF page No.2278 - 2284 and Docket # 145, ECF page No. 2573 - 2576 - Judicial notice is requested),* where the senator for Michigan back in 1945 presented a research article describing ARF as a fascist, terrorist organization having ties and financial support from Nazi Germany. Now, Defendant can't find the connection between their own actions and discriminatory intent of the dashnaks they joined against Plaintiff. Plaintiff pleaded enough facts how odd, discriminatory events started happening at her place of residence beginning with restrictions of her residential account and ending up with stealing of her car after she was informed through various Armenian accounts that her place of residence is found, ¶¶ 189- 214, SAC.

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

26

Case No.: 3:24-CV-01077-RSH-MMP

Defendant also does not see the ties when back in July 18, 2024, on her request to send her pest control to treat her apartment against flies they sent her a form for cockroach treatment, ¶ 208, SAC. It is no secret that mafia groups and cartels love using signs to let victims know who is after them. "As the state court noted, in order to prove the Mexican Mafia is a "criminal street gang" within the meaning of Penal Code § 186.22(b)(1), the prosecution had to prove that "(1) the [Mexican Mafia] is an ongoing association of three or more persons sharing a common name, *identifying sign or symbol…*" *Buchanan v. Cate, No. CIV. 10-0423 BTM NLS, 2011 WL 10730141, at \*48 (S.D. Cal. Sept. 30, 2011), report and recommendation adopted as modified sub nom. Buchanan v. Beard, No. CIV. 10-0423 GPC NLS, 2013 WL 2390435 (S.D. Cal. May 29, 2013).* Plaintiff pleaded not once in her SAC how cartel left her signs of being after her by placing rats and cockroaches in her places of residence,¶¶ 77, 175, SAC. Defendant also was doing its best to "evict" Plaintiff (even when she paid her rent) and leave her with no income and car by transmitting her information to other cartel members totally in compliance with the needs of the Enterprise, ¶¶ 189 - 214, 259 - 264, 288, SAC. (Declaration of Aynur Baghirzade, See *Exh. A - L).* Now, claiming that there was no connection between their actions and illegal acts of the Enterprise is laughable.

It is also not clear on what "personal" ground Defendant thinks it could restrict Plaintiff's access to the building, steal her car, send her cockroach treatment form for signature while she had flies, place a wrong eviction lawsuit in her mailbox and put excessive charges into her residential account and what facts about "disruptive" behavior of the Plaintiff Defendant has. The case *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 95 Defendant refers to in its support has nothing to do with landlord tenant relationships, this is a case of the broker against real estate developer where the agreement was rescinded because the broker was trying to buy the property as an investor - speculator while telling to the owner that

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

27

Case No.: 3:24-CV-01077-RSH-MMP

he buys it for his own residence. In a landlord - tenant relationship Defendants are prohibited by law from self-evicting tenants, anything which is done to self-help the eviction process outside of judicial system is considered harassment for which they are liable under the Law. *Section 789.3. of California Civil Code* prohibits landlords from restricting tenants' access to their premises, changing locks, removing their personal property without prior consent of the tenants." "*Cal. Civ. Code § 1940.2* provides that a landlord shall not "[u]se, or threaten to use, force, willful threats, or menacing conduct constituting a course of conduct that interferes with the tenant's quiet enjoyment of the premises ... that would create an apprehension of harm in a reasonable person." *In re Merino*, No. 2:18-AP-01460-ER, 2020 WL 6949033, at *5 (Bankr. C.D. Cal. Sept. 25, 2020). About what "personal" right of the landlord Defendant is speaking? They harassed her during her whole stay at the residence, especially during the time when she was paying the rent and then launched against her a wrongful eviction case by maliciously forming another RICO enterprise with the judges by trying to evict her without a jury trial while she clearly requested one in her initial answer, and they did it in retaliation because she filed her oppositions to Defendant OCBA and LACBA's motions to dismiss which they didn't expect. By joining to the violent group having longstanding agenda to discriminate, expel, evict and even kill people of the Plaintiff's origin Defendant intentionally and arbitrary discriminated against Plaintiff. Thus, they are in the similar manner liable under *Unruh Act*. Courts regularly hold that "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Garcia,* 497 F.3d 964, 967 (9th Cir. 2007).

### D. PLAINTIFF PUT DEFENDANT ON NOTICE ON HARASSMENT, IIED AND NIIED CLAIMS (COUNTS 9, 12 AND 13).

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

28

Case No.: 3:24-CV-01077-RSH-MMP

**1. Plaintiff pleaded enough facts to put Defendant on notice that they harassed her.**

Plaintiff pleaded Harassment against all Defendants, including Greystar. Plaintiff also incorporated by reference all other parts of her SAC into her claim for harassment, ¶ 293, SAC. Since other parts of Plaintiff's SAC were incorporated by reference Plaintiff put Defendant on notice that during her residence at Greystar they harassed her multiple times, ¶¶ 189 - 214, SAC.

**2. Plaintiff pleaded enough facts to put Defendants on notice on IIED claim.**

*"*The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran,* 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540, 543 (1998). In her SAC, Plaintiff made it clear that the car was stolen ***from her own assigned and paid parking lot***, that Defendant harassed her with eviction ***at the time when she was paying the rent***, that Defendant didn't treat her apartment for flies intentionally and left her garbage chutes closed intentionally, and, moreover, sent her a form for cockroach treatment while she had flies at the time when she was paying a rent, ¶¶ 189 - 214, SAC. Additionally, Defendant also pretends that it doesn't know the Law which prohibits it from harassing or self-evicting the tenant even in the case if the tenant doesn't pay the rent. *See § 789.3. of California Civil Code.* Besides, it is very much clear that Defendant Kia couldn't access and tow away the car without permission of Greystar and Greystar has never denied it *(Exh. C)*. The car was in legal possession of Plaintiff and Defendants had no legal right to repossess it from her own covered parking space

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

29

Case No.: 3:24-CV-01077-RSH-MMP

at her residential address. (The contract for her leased car was added as an *Exh. A* to her opposition to Defendant Kia's motion to dismiss, Dock# 172, ECF page No. 3433 - 3440). Sending to tenant eviction notices after she paid her rent is an extreme and outrageous conduct, stealing the car of the tenant from her own assigned parking space is extreme and outrageous conduct, ordering the delivery person to deliver tenant's food to the mailing room is an extreme and outrageous conduct. Plaintiff also suffered significant emotional distress because of Defendant's actions.

**3. Plaintiff pleaded enough facts to put Defendant on notice on her NIED claim.**

Similarly as with other causes of actions allegations of Defendant that she didn't plead the duty which Defendant owed to her is groundless. Plaintiff pleaded in other parts of her SAC that Defendant was her landlord, ¶¶ 189, 192, 205, SAC. Since all paragraphs in her SAC were incorporated by reference, including to her NIIED claim, Defendant needed to read the entire SAC as one whole document, ¶ 334, SAC. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion…" *Rule 10 (c) of F.R.C.P.* "At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, ***read the complaint as a whole***, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937." *Baxla v. Chaudhri,* 225 F. Supp. 3d 588, 592 (E.D. Va. 2016). Therefore, Plaintiff pleaded the duty of the Defendant to Plaintiff which was broken. She also pleaded in her SAC how exactly that duty was broken, ¶ 339, SAC.

**E. DEFENDANT'S MOTION TO STRIKE UNDER ANTI-SLAPP STATUTE IS NOT WARRANTED BY THE FACTS ON THE CASE, AND DEFENDANT ITSELF WAS INVOLVED IN RETALIATORY EVICTION IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

30

Case No.: 3:24-CV-01077-RSH-MMP

**1. Standard of Review.**

"This standard essentially translates into application of the standards of a Rule 12(b)(6) motion to dismiss, with the understanding that a motion to strike should be granted sparingly." *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009). "[M]otions to strike are highly disfavored." *Id.* "To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2009). "In order to prevail on an anti-SLAPP motion, the movant must first make a prima facie showing, through the pleadings themselves and supporting affidavits, that the statement or conduct underlying the legal claims against it qualifies for protection under the anti-SLAPP statute. *Id.* § 425.16(b); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). The burden then shifts to the nonmoving party to demonstrate a probability of prevailing on the challenged claims." *E.D.C. Techs., Inc. v. Seidel*, 225 F. Supp. 3d 1058, 1062–63 (N.D. Cal. 2016). As analysis will show Defendants failed with their attempt to make a prima facie case that Plaintiff retaliated against them for bringing an eviction case.

**2. Plaintiff petitioned Court to add Defendant to the lawsuit long before she was served with the eviction complaint.**

As it was stated above Plaintiff amended her FAC by adding them as a Defendant when she was not even served with the eviction complaint and all facts in her SAC (including stealing of her car) happened at the time when she was in full compliance with her rent payment obligations *(Exh. A - L)*. Nowhere in her SAC she made any reference that landlord filed an eviction case against her, or will file it ¶¶ 189 - 214, SAC. She filed a motion for a leave of court to amend her FAC by adding Defendant on October 2, 2024, she noticed an eviction complaint placed

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

31

Case No.: 3:24-CV-01077-RSH-MMP

on her door on October 24, 2024. She filed the answer in her eviction case only in
January 15, 2025, so, legally there was no service of process of the eviction case
on her till January 15, 2025, and even this date is not true because as facts show
Defendant formed another RICO enterprise with San Diego Court and judges who
illegally deprived her the right on a jury trial *(Exh. K. L)*.

**3.    Plaintiff's claims arise from Defendant's unprotected activity
under Anti- Slapp Statute.**

Defendant stole Plaintiff's car from her own assigned and paid parking lot at
the time when she was paying the rent, Defendant also harassed her multiple times
exactly at the time when she was paying the rent or when Enterprise caused her to
delay the payment *(Exh. A - L)*.  Plaintiff's causes of actions arose from the facts
which happened ***before*** she stopped paying the rent, and in her multiple emails to
them she made it clear that they will be sued. Also, even if Plaintiff wouldn't have
paid the rent *§ 789.3. of California Civil Code* makes it illegal for Defendant to
close her access to the building, to her parking lot, to threaten and intimidate her
and Defendant did it multiple times., ¶¶ 189 - 214, SAC. The Law also makes it
illegal to put Plaintiff and her apartment under total surveillance and transfer her
personal information to other cartel members (some of whom are terrorists).
Actually by aiding and abetting to the interests of the terror group Defendant was
engaged in terrorism. *See 18 U.S.C. Ch. 113B, § 2331*. Since the recent facts
Plaintiff discovered after filing her SAC show that Defendant was also spying on
her in conspiracy with police, Plaintiff's Constitutional rights under 4th
Amendment were also violated.

**4.    Filing eviction case was in retaliation to Plaintiff's exercise of Free
Speech by filing this complaint and, therefore, was illegal and shall be denied
under public exception to Anti-Slapp Statute.**

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND
AUTHORITIES.

32

Case No.: 3:24-CV-01077-RSH-MMP

1    "The public interest can include, for example: promoting the national

2    defense, *Winter*, 555 U.S. at 24, 129 S.Ct. 365; protecting constitutional rights…"

3    *Smithfield Packaged Meats Sales Corp. v. Dietz & Watson, Inc.*, 452 F. Supp. 3d

4    843, 865 (S.D. Iowa 2020). "In particular, the California Supreme Court held the

5    statute may be invoked unless the conduct is "illegal as a matter of law," meaning

6    the defendant "concedes" or "uncontroverted and conclusive evidence" establishes

7    the speech or petitioning activity is illegal." *Ekorus, Inc. v. Elohim EPF USA, Inc.,*

8    No. CV 20-310-GW-GJSX, 2020 WL 3891449, at *3 (C.D. Cal. Apr. 24, 2020).

9    Facts brought by the Plaintiff clearly show that Defendant had the intent

10    from very beginning after it was "hired" by the cartel members either to evict her

11    or to turn her life into hell by continuously harassing her, ¶¶ 189 - 214, SAC *(Exh.*

12    *A - L)*. Eviction threats along with unemployment threats were sent to Plaintiff

13    numerous times by radical dashnaks, ¶ 189, SAC. She also pleaded in her SAC that

14    she became a target of the Enterprise because of her political speech, ¶¶ 46, 47, 49,

15    64 - 118, SAC.  Facts also indicate that Defendant formed another cartel with

16    judges at San Diego Court, court personnel to evict her without a jury trial (despite

17    her clear request in her Answer) in complete violation of her constitutional and

18    statutory rights and with malicious purpose to stop this lawsuit and thus infringe

19    again upon her Freedom of Speech *(Declaration of Aynur Baghirzade, ¶ 17; Exh.*

20    *L)*.  Since Defendant's actions in filing an eviction case were with the malicious

21    purpose to stop this lawsuit or to shut up her political speech, Defendant has no

22    protection under Anti - Slapp statute as its actions fall under public exception to

23    this statute.

24    **F.    FURTHER AMENDMENTS OF THE COMPLAINT ARE**

25    **WARRANTED AND IT IS NOT UP TO DEFENDANT TO LIMIT**

26    **PLAINTIFF'S RIGHT TO AMEND HER COMPLAINT.**

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND
AUTHORITIES.

33

Case No.: 3:24-CV-01077-RSH-MMP

Court in *Zimmerman* stated that the amendment may be denied if it is untimely, the plaintiff has already had multiple chances to cure deficiencies or the amendment would cause substantial delay or prejudice. None of the circumstances under *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) are applicable to Plaintiff's case. The discovery process on her case hasn't even started, Plaintiff amended her complaint twice while Defendant wasn't even present and there will be no substantial delay or prejudice. Also, the amendment is warranted because Plaintiff discovered new facts and circumstances which happened after she filed her SAC, Plaintiff needs to add police and State of California as Defendants to this complaint.

**V. CONCLUSION**

Based on foregoing Plaintiff respectfully asks to deny Defendants' motions to dismiss and to strike with prejudice and/or alternatively allow her to amend her complaint.

DATED:  February 26, 2025


By: *Aynur Baghirzade*

PLAINTIFF: Aynur Baghirzade

PLAINTIFF'S OPPOSITION TO DEFENDANT GREYSTAR CALIFORNIA INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES.

34

Case No.: 3:24-CV-01077-RSH-MMP