Suzanne Burke Spencer, Esq. (SBN 188597)
sspencer@sallspencer.com
Michael A. Sall, Esq. (SBN 287981)
msall@sallspencer.com
**SALL SPENCER CALLAS & KRUEGER**
A Law Corporation
32351 Coast Highway
Laguna Beach, CA 92651
Telephone: (949) 499-2942
Facsimile: (949) 499-7403

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION,
TRUDY LEVINDOFSKE and TERESA VUKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non-Profit Corporation; et al.,<br><br>    Defendants. | Case No.  3:24-cv-01077-RSH-MMP<br><br>**DEFENDANTS ORANGE COUNTY BAR ASSOCIATION, TRUDY LEVINDOFSKE AND TERESA VUKI'S OPPOSITION TO [DKT #180] PLAINTIFF'S EX PARTE APPLICATION TO EXTEND THE TIME TO FILE THIRD AMENDED COMPLAINT** |

Defendants Orange County Bar Association, Trudy Levindofske, and Teresa Vuki (collectively, the "OCBA Defendants") hereby oppose Plaintiff's *ex parte* application [Doc. No. 180] for an extension of time to file her Third Amended Complaint ("TAC"). This is Plaintiff's second *ex parte* seeking additional time to file her TAC, but it is made on the same grounds as her prior application: the need to do additional factual investigation to plead her claims. However, simply put, if Plaintiff had not done sufficient factual investigation to be able to state a claim before commencing this action, she should not have filed her action in the first place. There is no good cause for a further extension of Plaintiff's time to plead.

In her March 3, 2025 application [Doc. No. 177], Plaintiff sought an extension of time because she had "discovered . . . that there are many other non-party co-conspirators" and she needed to plead those facts to show "the full picture of the conspiracy." [Doc. No. 177 at 2:20-23]. She further contended that she was studying "foreign and international sources" that required translation into English in order to identify additional facts relating to the supposed conspiracy. [Doc. No. 177 at 2:25-26].

This is the same basis as Plaintiff's current application. Plaintiff contends she continues to study unspecified foreign sources about purported non-party co-conspirators. [Doc. No. 180 at 2:4-3:5]. Plaintiff claims that now she has "hundreds and hundreds" of pages of foreign language documents to review, without describing how those documents are relevant to fixing the deficiencies in the Second Amended Complaint for which leave to amend was granted. Rather, it seems Plaintiff is focusing her efforts on developing ever-expanding conspiracy theories with an intention to amend her complaint well beyond the limited scope the Court granted in its order [Doc. No. 177] granting the OCBA Defendants' motion to dismiss. This does not demonstrate good cause for a further 30-day extension of time to file her TAC and Plaintiff does not explain why, if such additional time were required, she did not ask for it in her first *ex parte* application.

Moreover, it is entirely unclear how this supposed investigation could relate to Plaintiff's alleged claims against the OCBA Defendants. It is entirely implausible that there exist large quantities of foreign documents regarding a local bar association and its lawyer referral service that operates only in Orange County. The defects in Plaintiff's prior complaints did not relate to the quantity of co-conspirators or the elaborate history of conflict between Armenians and Azerbaijanis. The defects related to the failure to allege specific facts about the conduct ***of the defendants*** or, as to some claims, the conduct of Plaintiff herself. No extensive investigation of facts arising abroad will aid Plaintiff in stating these

claims and, frankly, if they did touch on the conduct of the OCBA Defendants, then Plaintiff should have investigated these facts before she filed her claims against them. Having defectively pleaded her claims multiple times already, there is no justification for Plaintiff to be investigating them only now, in advance of her *third* amended complaint. If Plaintiff can't state any claims against the OCBA Defendants, this action should be dismissed, not continued over to allow Plaintiff time to gin up other alleged claims and defendants. The interests of justice are not served by the continued delays Plaintiff seeks.

The OCBA Defendants accordingly respectfully request that the *ex parte* application be denied.

DATED: March 18, 2025         Respectfully submitted,

SALL SPENCER CALLAS & KRUEGER
A Professional Corporation

By: */s/ Suzanne Burke Spencer*
Suzanne Burke Spencer

Attorneys for Defendants
ORANGE COUNTY BAR ASSOCIATION, TRUDY LEVINDOFSKE and TERESA VUKI