UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA et al.,<br><br>Defendants. | Case No.: 24-cv-1077-RSH-MMP<br><br>**ORDER STRIKING THIRD AMENDED COMPLAINT AND DISMISSING ACTION** |

On February 27, 2025, the Court dismissed Plaintiff's Second Amended Complaint ("SAC") pursuant to Defendants' motions to dismiss. ECF No. 176. The Court granted Plaintiff "leave to amend Claims One through Five to address the deficiencies described in this order." *Id.* at 18. The Court stated:

> The leave to amend granted herein is **limited**. Plaintiff's briefing indicates her intent to add further claims and defendants. ECF No. 145 at 39. The problem with the SAC, however, is not a lack of claims or defendants—instead, it is a failure to adequately plead a single cognizable federal claim against any one of the defendants she has sued. In granting Plaintiff leave to amend her five federal claims, **the Court**

1

*is not granting her leave to add new federal or state claims, or new defendants*. If Plaintiff seeks to make amendments beyond those authorized herein, she must file a separately noticed motion to amend. The Court does not anticipate granting such a motion to amend in advance of ruling on any motions directed to the third amended complaint that Plaintiff files. That is, before addressing any new claims or defendants that Plaintiff might in the future seek to add, the Court intends to evaluate whether Plaintiff's third amended complaint cures the deficiencies in the claims she has already brought.

Within fourteen (14) days of the date of this order, Plaintiff may file a third amended complaint consistent within the limitations specified above. *If the third amended complaint exceeds the leave granted herein, for example by adding new claims or defendants, the Court will strike it*. Additionally, if Plaintiff files a third amended complaint, she must also file a redline version identifying the changes relative to the SAC. *See* CivLR 15.1(c). *Failure to timely file a compliant third amended complaint will result in dismissal of the action*.

*Id.* at 19 (emphasis added). The Court also stated:

The Court reminds Plaintiff, who is an attorney licensed in California and a member of the Bar of this Court, of the requirements for filing motions in this Court. All counsel are expected to be familiar with and follow the Local Rules of this Court, as well as the undersigned's Pretrial Civil Procedures, all of which are available on the Court's website.…

Plaintiff's filings to date have consistently failed to comply with the applicable rules, but the Court has accepted them nonetheless—even without a request from Plaintiff to excuse the non-compliance. *Failure to follow applicable rules or orders in the future may result in filings being stricken*.

*Id.* at 21–22. The Court also specifically called her attention to the rules governing "identifying a hearing date for noticed motions, such that the opposing party can compute the time in which an opposition brief is due without the need for a further scheduling order of the Court," and the rules governing page limits and font size; and advised that "an ex

2

parte application may be filed instead of a noticed motion only when expressly authorized by another rule or when there is insufficient time to hear a regularly noticed motion; and in those circumstances, the ex parte application must comply with the applicable Civil Local Rules and the undersigned's Pretrial Civil Procedures." *Id.* at 22.

The Court's order gave Plaintiff 14 days to file a new pleading. Plaintiff thereafter moved to extend that period by 14 days. ECF No. 177. The Court granted that extension. ECF No. 179.

Plaintiff thereafter moved for a second extension. ECF No. 180. Her application was opposed. ECF No. 181. The Court granted her request in part, stating:

> In the exercise of discretion, the Court grants Plaintiff an additional 14 days to file her TAC but concludes that no further extension is warranted. ***The Court reminds Plaintiff of the limited scope for which leave to amend was granted***.

ECF No. 182 at 1–2 (emphasis added). The order further stated: "Plaintiff shall file her TAC by no later than April 10, 2025."

Plaintiff moved for reconsideration of that order. ECF No. 184. The Court denied the motion, stating:

> Plaintiff's motion and declaration assert her receipt of new materials but do not specifically identify how these new materials relate to the deficiencies in the SAC that the Court previously identified. ***The Court reminds Plaintiff of the limited scope of amendment permitted by the Court's Order on February 27, 2025***. ECF No. 176. The Court granted Plaintiff's first request to extend time to file a third amended complaint [ECF No. 179], and granted in part a second request [ECF No. 182], but does not intend to grant further extensions of this deadline.

ECF No. 185 (emphasis added).

On April 10, 2025, the due date, Plaintiff filed her Third Amended Complaint ("TAC"). Whereas her SAC had been 78 pages in length, her TAC is over two-and-a-half times as long at 198 pages. ECF No. 189.

1    The TAC was not accompanied by "a redline version identifying the changes relative

2  to the SAC" as directed by the Court. ECF No. 176 at 19 (citing CivLR 15.1(c)). Civil

3  Local Rule 15.1(c) provides:

4         Any amended pleading filed after the granting of a motion to dismiss
          or motion to strike with leave to amend, must be accompanied by a
5         version of that pleading that show—through redlining, underlining,
          strikeouts, or other similarly effective typographic methods—how that
6         pleading differs from the previously dismissed pleading.

7

8  Plaintiff's TAC was accompanied by a second version of the same 198-page document

9  [ECF No. 185-1] that appears to identify, in red font, the new text that was added relative

10  to the SAC. However, that second version does not identify what material from the SAC

11  has been deleted in the TAC. This document does not comply with the Court's directive or

12  Local Rule 15.1(c). After directing Plaintiff to follow this specific rule, the Court had

13  added, "[f]ailure to timely file a compliant third amended complaint will result in dismissal

14  of the action." ECF No. 176 at 19.

15    Additionally, the Court's previous order specifically stated, in the context of

16  reminding Plaintiff of her past noncompliance, that "[f]ilings must be in 14-point font."

17  ECF No. 176 at 22 (citing CivLR 5.1(a)). Despite this, Plaintiff chose to file her 198-page

18  TAC in 12-point font.

19    Finally, contrary to the Court's direction, the TAC adds a further defendant – "ARF

20  EASTERN USA, INC." or "ARF." This entity was repeatedly mentioned in the SAC but

21  not sued as a defendant; in the TAC, this entity is added as a defendant and mentioned over

22  100 times. The Court previously advised, "If the third amended complaint exceeds the

23  leave granted herein, for example by adding new claims or defendants, the Court will strike

24  it." ECF No. 176 at 19. Since then, the Court has twice specifically reminded Plaintiff of

25  the limited scope of permitted amendment. ECF Nos. 182 at 2, 185.

26    Plaintiff never sought leave to add this defendant. In a motion she filed days after

27  filing her TAC—her "ex parte application to withdraw amended summons," which like

28

previous filings, is non-compliant[1]—Plaintiff offers an explanation for this change. ECF No. 191. She states: "Pursuant to the Court's Order (Dock # 176) PLAINTIFF didn't add to the TAC any new claims or new parties … Only one party's name has been changed in the TAC – it is the name of Hairenik Association which must be ARF Eastern USA, Inc. – it is not a new party, it is one of the Doe Defendants last time added." *Id.* at 2.

It is true that Plaintiff's SAC named "Hairenik Association" as a defendant, and that her TAC no longer includes that entity but now adds "ARF." The TAC alleges that ARF is a non-profit corporation headquartered in Massachusetts, which the SAC similarly alleged as to the Hairenik Association. The TAC also alleges that the president of ARF is the same individual whom the SAC named as president of the Hairenik Association. Despite those similarities, the Court rejects Plaintiff's explanation that she is simply correcting the name of a party previously sued. First, the SAC contained numerous references to ARF as an entity distinct from Hairenik but declined to name ARF as a defendant. ECF No. 96 ¶¶ 50, 51, 55, 67, 88, 116, 225, 264. Second, the allegations in the TAC establish that ARF is not merely a nonprofit corporation headquartered in Massachusetts; instead, it alleges that ARF is a group that was "created in 1890 in Tiflis, Russian empire," ECF No. 189 ¶ 44, similar to the SAC which described ARF (not Hairenik) as "a national and socialist political party, which was founded in 1890 in [the] Russian Empire," ECF No. 96 ¶ 50. The TAC alleges that ARF has engaged in terrorism, killings, and atrocities, ECF No. 189 ¶¶ 54, 56, 74, and has been "plotting for centuries to annex two regions of Azerbaijan," *id.* ¶ 45, far different

---

[1]   Plaintiff's recent motion fails to comply with the Local Rules or the Court's February 27, 2025 order. ECF No. 176 at 22. The motion states that it "is made based on LR [Local Rule] 7.1," but does not set forth a motion hearing date as required by CivLR 7.1(b) or provide the notice required by CivLR 7.1(f)(1). It does not comply with the undersigned's Civil Pretrial Procedures pertaining to noticed motions, or even to ex parte applications. It is also a seemingly pointless motion, asking the Court to order the Clerk's Office to withdraw issuance of a summons, which is of no consequence to the case.

1   from the SAC's allegations against Hairenik. Third, Plaintiff's own explanation – that ARF

2   "is one of the Doe Defendants last time added" – contradicts her assurance that adding

3   "ARF" is merely correcting the name of the entity previously sued as "Hairenik

4   Association." ECF No. 191 at 2. No Doe Defendant previously named in the SAC

5   corresponds to the allegations that the TAC brings against ARF.[2]

6       "It is well established that '[d]istrict courts have inherent power to control their

7   docket.'" *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th

8   Cir.1998) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.1998));

9   *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The Court

10   may strike a filing for failure to comply with local rules. *See Christian v. Mattel, Inc.*, 286

11   F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing

12   the parties' motion practice and enforcing local rules that place parameters on briefing.").

13   The Court may strike a filing for failure to comply with the Court's instructions, including

14   where an amended pleading exceeds the scope of the leave to amend that was granted. *See*

15   *Wolf v. Idaho State Bd. of Correction*, No. 20-35600, 2021 WL 3721434, at *2 (9th Cir.

16   Aug. 23, 2021); *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620, 622 (9th Cir.

17   2017). Here, the Court expressed to Plaintiff in clear language the requirements for

18   Plaintiff's amended pleading, and the consequences of non-compliance; and thereafter

19   reminded Plaintiff of the Court's requirements in two later orders. Plaintiff is a licensed

20   attorney and a member of the Bar of this Court. Such advisals by the Court should have

21

22   —————————

23   [2]   Furthermore, even if Hairenik and ARF were deemed to be different names for the

24   identical Defendant – as opposed to ARF being a new defendant, or being the merger of a
prior defendant (Hairenek) with a prior nonparty (ARF), or being the renaming and

25   reconceptualization of prior corporate defendant Hairenek as a centuries-old political force

26   – the fact remains that Plaintiff never sought or obtained leave to rename any defendant.
The stated purpose of granting leave to amend was to allow Plaintiff the opportunity to

27   cure the deficiencies identified in the SAC. ECF No. 176 at 18.

28                         6

been more than sufficient. Accordingly, the Court strikes Plaintiff's TAC for failure to comply with the Court's orders and the Local Rules.

The practical effect of striking Plaintiff's TAC is dismissal of the action. The Court previously dismissed the SAC with leave to amend, twice extending that time period at Plaintiff's request, and that time period has lapsed. The Ninth Circuit has stated that the inherent power of district courts to control their dockets may include dismissal of a case, noting that "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order, district courts weigh the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260–61 (internal quotations and citations omitted). The Court discusses these factors below.

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff filed this lawsuit over nine months ago, on June 21, 2024. To date, none of her claims have survived dismissal.

As to the second factor, although this case is still in the pleading stages, the docket is replete with Plaintiff's filings, including filings that she later withdrew [*see* ECF Nos. 90, 95, 150 (notices of withdrawal)]; efforts to relitigate issues previously decided [ECF Nos. 151, 184 (ex parte motions for reconsideration)]; and an "emergency motion to investigate instances of tampering with my PACER account," accusing the Clerk's Office of conspiring to interfere with her ability to electronically file [ECF No. 88]. Plaintiff has repeatedly failed to comply with rules applicable to noticed motions, such as providing a

hearing date so that opposing parties have a timeframe to file a response, although the Court has accepted her filings nonetheless. *See, e.g.*, ECF Nos. 10 (motion for leave to amend), 59 (motion for leave to amend), 99 (motion for default judgment), 147 (motion to disqualify), 159 (motion to disqualify), 191 (motion to withdraw summons). Plaintiff's opposition briefing on the motions to dismiss routinely exceeded permitted page limits without seeking or obtaining leave.[3] *See* ECF Nos. 128, 145, 155, 164. This factor weighs in favor of dismissal.

As to the third factor, the prejudice to Defendants associated with continuing to litigate this case is significant. Plaintiff has sued over 30 defendants, has amended her complaint more than once, and has failed to state a single claim against a single defendant that is not subject to dismissal. Plaintiff accuses Defendants of extensive criminal conduct, and her pleadings frequently adopt a tone of animus, hostility, suspicion, or sarcasm in referring to Defendants. Her TAC, like the SAC, repeats and seeks to vindicate her past statements that another ethnic group's home country is a "carcinoma" and that "we have to delete [that ethnic group's] project as soon as possible." ECF No. 189 ¶¶ 161, 168. Her SAC fancifully alleged that all Defendants—most of whom appear completely unrelated to each other, and some of which are public companies—conspired together for the single-minded purpose of harming her; her TAC, over two-and-a-half times as long, appears to contain similar fanciful allegations while expanding the alleged conspiracy ever wider. Like the SAC, the TAC continues to ascribe events in her life – such as discovering flies in her apartment on one occasion, finding a cockroach in her hotel room, or having her car towed after parking in someone else's spot in her building – to the malevolent conspiracy of Defendants without any factual basis for this ascription plausibly alleged. ECF No. 189 ¶¶ 366, 386, 409. The TAC now sweeps even more broadly, accusing the Defendants of

---

[3]    *See* CivLR 7.1(h) (principal briefs limited to 25 pages). Plaintiff's filings in 12-point font also violated the rules governing font size. CivLR 5.1(a) (requiring 14-point font).

1 (among other things) international terrorism as well as engaging the U.S. Congress to

2 persecute her. *E.g.*, TAC ¶¶ 117, 439, 450. Plaintiff also adds numerous "non-party co-

3 conspirators," including seven California state court judges or justices; the implication is

4 that persons who have displeased Plaintiff are thereby part of a criminal conspiracy against

5 her. In other words, Defendants are seemingly required to respond to expanding pleadings

6 that diverge even further from plausibility. This factor weighs in favor of dismissal.

7 The fourth factor, the public policy favoring disposition of a case on the merits, will

8 always weigh against dismissal. However, the Court has already addressed the merits of

9 Plaintiff's lengthy SAC as a matter of pleading, and determined that it failed to state a

10 federal claim.

11 As to the fifth factor, the Court concludes that no less drastic alternative to dismissal

12 is available. The Court has considered alternatives to dismissal. These include, among

13 others: (1) providing Defendant another opportunity to file a compliant pleading, despite

14 previously extending her time twice and indicating that no further extension would be

15 granted; (2) striking those portions of her 198-page TAC that refer to the new defendant,

16 ARF; or (3) waiving the requirements of a redline and the font size. In the Court's view,

17 none of these is satisfactory. Each alternative involves the Court effectively doing

18 Plaintiff's work or changing the rules to accommodate Plaintiff—a result unfair to

19 Defendants. Indeed, the Court has already not only given Plaintiff the benefit of the doubt

20 but repeatedly excused her non-compliant filings. Against this backdrop, the Court

21 provided specific instructions for amendment, and Plaintiff declined to follow them or to

22 ask leave to modify them. This factor favors dismissal.

23 On balance, dismissal is warranted. Although the Court has analyzed the five

24 factors—which pertain to the dismissal of a lawsuit for failure to comply with a court

25 order—the Court notes that the striking of the FAC, and the consequent dismissal of the

26 action, is clearly prescribed and is therefore a foreseeable result of filing a non-compliant

27 FAC. Although Plaintiff is proceeding pro se, as stated above, she is also an attorney

28

1  licensed in California who represents clients, and is a member of the Bar of this Court.

2  Anything short of dismissal in these circumstances would disserve the interests of justice.

3      Accordingly, the Third Amended Complaint [ECF No. 189] is **STRICKEN**. The

4  action is **DISMISSED**.

5      The Court **DENIES** as moot all remaining motions [ECF Nos. 99, 191].

6      The Clerk of Court is directed to close the case.

7  **IT IS SO ORDERED.**

8  Dated: April 14, 2025

                                                        _____

9                                                         Hon. Robert S. Huie

                                                       United States District Judge