AYNUR BAGHIRZADE

7514 Girard Avenue Ste 1

# 1208, La Jolla, CA, 92037

Phone: 619-776-4882

Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AYNUR BAGHIRZADE,<br><br>                          Plaintiff,<br><br>          v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

1

Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF CONTENTS

I.    INTRODUCTION ……………………………………………………..6

II.    FACTUAL BAKGROUND……………………………………………7

III.    LEGAL STANDARD……………………………………………..12

    1.    LEGAL STANDARD FOR THE MOTION TO AMEND OR ALTER UNDER RULE 59 (E) OF F.R.C.P……………………………………………12

    2.    LEGAL STANDARD TO STRIKE THE COMPLAINT…………12

    3.    LEGAL STANDARD TO DISMISS THE ACTION……………..13

IV.    ARGUMENTS……………………………………………………..14

    A.    COURT'S ORDER STRIKING PLAINTIFF'S TAC AND DISMISSING THE ACTION WAS A CLEAR ERROR OF LAW AND FACT WHICH RESULTED IN MANIFEST INJUSTICE……………………………14

    1.    COURT'S ORDER DISMISSING PLAINTIFF'S SAC WITH A LIMITED SCOPE TO AMEND IT WAS UNCONSTITUTIONAL…………..14

    2.    COURT'S ALLEGATIONS THAT PLAINTIFF REPEATEDLY FAILED TO FILE A NOTICE FOR THE MOTIONS ARE ERRONEOUS AND USED AS AN INSTRUMENT TO HARASS PLAINTIFF……………………16

    3.    COURT'S ALLEGATIONS THAT PLAINTIFF DIDN'T FILE A VERSION  OF THE AMENDED COMPLAINT WHICH SHOWS HOW THE PROPOSED  AMENDED PLEADING DIFFERS FROM THE OPERATIVE PLEADING ARE ERRONEOUS…………………………………………17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND
OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192)
PURSUANT TO RULE 59 (E) OF F.R.C.P.

2

Case No.: 3:24-CV-01077-RSH-MMP

4.    COURT'S ALLEGATIONS THAT LOCAL RULES REQUIRED PLAINTIFF TO FILE HER DOCUMENT IN 14-POINT FONT ARE WRONG…………………………………………………………….18

5.    COURT'S ALLEGATIONS THAT PLAINTIFF ADDED NEW DEFENDANT TO THE CASE ARE COMPLETELY ERRONEOUS………..19

B.    DISMISSAL OF TAC WAS ERRONEOUS AND RESULTED IN MANIFEST INJUSTICE TO PLAINTIFF……………………………………21

1.    PUBLIC'S INTEREST IN EXPEDITIOUS RESOLUTION OF LITIGATION ELEMENT FOR DISMISSAL OF THE COMPLAINT WAS NOT SATISFIED……………………………………………………………..21

2.    THE COURT'S NEED TO MANAGE ITS DOCKET ELEMENT IS NOT SATISFIED TO DISMISS THE ACTION……………………………22

3.    PREJUDICE TO THE DEFENDANTS ELEMENT WAS NOT SATISFIED TO DISMISS THE ACTION……………………………………..24

4.    THE PUBLIC POLICY FAVORING DISPOSITION OF CASES ON THEIR MERITS ELEMENT WAS NOT SATISFIED TO DISMISS THE ACTION……………………………………………………………..27

5.    THE AVAILABILITY OF LESS DRASTIC SANCTIONS ELEMENT WAS NOT SATISFIED BY THE COURT TO RENDER DISMISSAL OF THE ACTION……………………………………………………………..28

V.    CONSLUSION…………………………………………………………..30

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

3

Case No.: 3:24-CV-01077-RSH-MMP

1

2

**TABLE OF AUTHORITIES**

3

*CASES:*

4

5

*Ashcroft v. Iqbal,*
      556 U.S. 662, 663-64 (2009)……………………………………………….26

6

7

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
      403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)…………………..15

8

9

*Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.,*
      629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009)…………………………13

10

11

*Eldridge v. Block,*
      832 F.2d 1132, 1137 (9th Cir.1987)………………………………………28

12

13

*Ferdik v. Bonzelet,*
      963 F.2d 1258, 1260 (9th Cir.1992) ………………………………13, 29

14

15

*Garlanger v. Verbeke,*
      223 F.Supp.2d 596, 609 (D.N.J. 2009)…………………………………..13

16

17

*Henderson v. Duncan,*
      779 F.2d 1421 (9th Cir.1986)……………………………………………13

18

19

*Hernandez v. City of El Monte,*
      138 F.3d 393, 399 (9th Cir. 1998)………………………………………14

20

21

*Hill v. Gastelo,*
      No. 2:20-CV-11015-MWF-JC, 2022 WL 21739126……………………12

22

23

*Innovative Water Consulting, LLC v. SA Hosp. Acquisition Grp., LLC,*
      No. 122CV00500TWPMJD, 2023 WL 130531…………………………13

24

25

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
      460 F.3d 1217, 1228 (9th Cir. 2006)……………………………………27

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND
OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192)
PURSUANT TO RULE 59 (E) OF F.R.C.P.

4

Case No.: 3:24-CV-01077-RSH-MMP

*Pagtalunan v. Galaza,*
  291 F.3d 639, 642 (9th Cir. 2002)………………………………………22

*Raiser v. Serdar,*
  3:20 -CV - 01490 -RSH -AGS…………………………………………15, 23

*Yourish v. California Amplifier,*
  191 F.3d 983, 986 (9th Cir. 1999)………………………………………25


***STATUTES:***

Federal Rules of Appellate Procedure, § 4 (A) (4) (A)…………………………6

Federal Rules of Civil Procedure, § 12 (f)…………………………13, 17, 18, 19

Federal Rules of Civil Procedure, § 59 (e)…………………………………12

42 U.S.C. § 2000a………………………………………………………28


***OTHER AUTHORITIES:***

United States Constitution ……………………………………………..,14, 15

L.R. 5.1 (a) of U.S. Southern District Court of California…………………18

L.R. 7.1. (e) of U.S. Southern District Court of California……………………24

L.R. 15.1 (c) of U.S. Southern District Courts of California…………………..17

Judge Robert S. Huie's Civil Pretrial and Trial Procedures……………………16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND
OR ALTER COURT'S JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025 (DOCK # 193 AND 192)
PURSUANT TO RULE 59 (E) OF F.R.C.P.

5

Case No.: 3:24-CV-01077-RSH-MMP

# I. INTRODUCTION

This motion is made following the conference of counsels that took place on April 22 - 23, 2025 via email.  Counsels refused to come to resolution or discuss this issue over the phone following Plaintiff's request sent to them on April 21, 2025.  This motion is brought under Rule 59 (e) of Federal Rules of Civil Procedure (" F.R.C.P.") to amend or alter court's judgment and order which merged with the final judgment both issued on April 14, 2025 (Dock # 193 and 192). According to Rule 4 (A) (4) (A) of the Federal Rules of Appellate Procedure ("F.R.A.P.") if the party files a timely motion to amend or alter under Rule 59 (e) of F.R.C.P. the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.

Court by issuing its judgment on April 14, 2025, struck Plaintiff's Third Amended Complaint ("TAC") and dismissed the action based on false and erroneous grounds while the appeal from the judge Robert Huie's order denying Plaintiff's motion to recuse him was pending in Ninth Circuit. Both the order of the Judge requiring Plaintiff to amend her complaint within the limits (by not adding new parties and new claims) and the order striking Plaintiff's TAC and dismissing the action were done not for the purpose to serve the justice but to avoid judge's potential disqualification from this case as well as to save criminal enterprise from responsibility for its actions. For this purpose judge invented a new legal entity - Hairenik Association which does not exist, arguing that ARF and Hairenik Association are different legal entities while knowing that this argument does not stand a simple google search.  There is no legal entity named Hairenik Association, Plaintiff simply corrected the name of the legal entity added as a DOE defendant during previous amendment of her complaint, and Plaintiff filed a motion putting this Court on notice about that (Dock # 191). Besides everything, this was also an improper attempt to shield ARF from becoming a defendant in this case - and this

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

6

Case No.: 3:24-CV-01077-RSH-MMP

was done by the court not a first time, continuous closures of Plaintiff's pacer account during crucial deadlines for her to file her oppositions in response to Yelp, Inc. and other defendants' motions also prove that. All other arguments of the Court similarly are erroneous, there is no requirement in Court's rules or under the Law that Plaintiff had to use font size 14 in filing her complaint electronically, had to show in her draft version redlining or crossings of the text - 99 % of Plaintiff's complaint was changed and any text which remained untouched was clearly visible as it was in black and all changes were in red. Following the same pattern Plaintiff faced in other courts with other judges, Court continued harassing Plaintiff in her professional capacity by issuing its final order attacking her personally because she is a "licensed attorney in the State of California" (repeated 100 times in court's order and in court's other orders) and then attacking her for using her 1st Amendment rights because she added to her TAC judges as co-conspirators and alleged (based on facts!) that Congressmen could be involved in the troubles she experienced. It is understanding of the Plaintiff that neither judges, nor congressmen are immune from lawsuits and criminal responsibility (if needed). Judge in this Court was also given an opportunity to voluntarily leave this case, instead he decided to stay doing his best both to destroy the case and to avoid the responsibility for his actions. Plaintiff is using this motion to give to the judge and court another opportunity to correct their mistakes, to vacate their judgment and continue litigation process based on her TAC which was improperly stricken from the records.

## II. FACTUAL BACKGROUND

This case was filed on June 21, 2024, against a criminal enterprise which targeted Plaintiff and her business because of her speech, national origin, ethnicity, race, religion and etc. The complaint was filed at the time when Plaintiff was continuously getting death, unemployment, eviction and other threats while her

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

7

Case No.: 3:24-CV-01077-RSH-MMP

business account at Yelp was shelled with negative fake reviews non-stop and she was getting fake and fraudulent business referrals from all referral organizations where she was a member, which essentially put her out of business, at least for several months. At the same time, despite the fact that Plaintiff had a Pacer account with limited access to the documents on docket (without any filing option), her pacer account was closed several times, always without any prior warnings, any reasons explained and she was forced to call to Pacer service center every time to reopen it again. Plaintiff's complaints to the court staff about closures of her Pacer account were greeted with utmost disrespect with some of the clerks even arguing that they do not understand her English (a vivid pattern of the criminal enterprise Plaintiff is suing) -  Dock # 159, ECF page No.3033, ¶ 185, 309, TAC . On August 12, 2024, Plaintiff filed a motion for the leave of court to file documents electronically which was denied by the court because Plaintiff didn't follow the required form. On September 17, 2024, Plaintiff filed  a second motion for the leave of court to file documents electronically (Docket # 30). On or around September 17, 2024, Plaintiff visited court and submitted to them executed summons to file. Court staff didn't want to file the summons and only after several calls of Plaintiff they appeared on the docket. On September 23, 2024, Court granted Plaintiff's motion to file documents electronically, however, on the following day when Plaintiff tried to register in the system she couldn't do that, the system was giving error messages and asking to contact the Court. Plaintiff called to Pacer customer service line, but they referred her to court because, as they explained to her, it was the Court which restricted Plaintiff's access to pacer system - Dock # 159, ECF page No. 3033. On or around September 24, 2024, Plaintiff called to Court and was transferred to the judge's clerk office and then to Court's attorney admission office where she was explained that there is an order (# 550) specific to the Court which requires licensed attorneys to get registered with

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

8

Case No.: 3:24-CV-01077-RSH-MMP

the Court as attorneys in order to use the Court's filing system (Dock # 159, ECF page No. 3034 ) As further facts confirmed it, this was another attempt to close Plaintiff's access to the justice as court order # 550 has no provision requiring attorneys to get registered as attorneys to have the access to the court system - simply putting, court's staff lied to Plaintiff - Dock # 147, ECF page No.2722 - 2726. Plaintiff paid for her registration in the court system while she didn't have any other cases in this Court besides her own case. Judge also has never questioned why his order has never been granted. On October 2, 2024, Plaintiff filed her motion with leave to amend her complaint (Dock # 59) without filing any notice as court's (Judge's chamber rules) didn't require any notice of errata. This fact was also later confirmed by the judge's staff that the notice of errata is not required (Exh. A). The email is added here as an Exhibit A because Plaintiff was blamed in failing to file notices after she filed her motions to recuse the judge and this is a first opportunity to enclose this email. On October 22, 2024, before Plaintiff filed Request for entry of default agains Defendants LegalMatch California ("LegalMatch") and Estrella Sanchez (Docket # 77), she discovered that both proofs or services she submitted for unknown reasons were in the name of Defendant Estrella Sanchez while she remembered it very well that they were submitted for both LegalMatch and Estrella Sanchez. Plaintiff was forced to resubmit the proof of service for Defendant LegalMatch in order to proceed to file a motion for the entrance of default (Docket # 76). On November 6, 2024, when Plaintiff tried to file her opposition to motions of ANCA and Yelp Inc., she discovered that their motions disappeared from Plaintiff's dashboard, and she was forced to file them as replies (Docket # 85, 86, 87). On the same date, Plaintiff filed an emergency motion asking the Judge Robert Huie to investigate the instances of continuous interference with her Pacer account (Docket # 88), which was immediately denied by the Judge explaining the problem with "technical

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

9

Case No.: 3:24-CV-01077-RSH-MMP

issues" (Docket # 89). On December 23, 2024, on the deadline for the Plaintiff to respond to Defendants Yelp Inc. and Jeremy Stoppelman's motion to dismiss, Plaintiff discovered that she can't file her opposition. Plaintiff's Pacer account was giving error messages even for the files Plaintiff previously successfully filed by using the same electronic filing system. On the following day, Plaintiff called to Pacer customer service line and was explained that it is the Court which restricts Plaintiff's Pacer account. Plaintiff spent almost three hours trying to reach someone in court to file her opposition. Finally, she reached someone from the court's staff explaining to her that she has to bring her documents in a paper form to the court in order to file them. The court staff promised to Plaintiff that they will file her documents with December 23, 2024 date, stamped her opposition with December 23, 2024 date but then filed them subsequently with December 24, 2024 date to the system. As a result, Plaintiff was forced to file another motion for the leave of court to consider her opposition to be filed on time (Docket # 128 and 129). On December 11, 2024, after the deadline for another Defendant - Greystar California Inc. ("Greystar") to answer Plaintiff's complaint expired and when Plaintiff tried to file her motion for the entrance of default in regard to Defendant Greystar, Plaintiff again discovered that her Pacer account was closed, this time allegedly because of "nonpayment", and again without any prior warnings or notifications. Plaintiff had enough funds in her card on file with the court, and it was just another excuse to undermine her case. Plaintiff spent significant time with Pacer customer service trying to fix the problem, and because of this Greystar's filing for extension of time came up before Plaintiff's filing for the entrance of default (Docket # 110 and 111). Judge satisfied Defendant's request for more time disregarding the fact that Defendant missed the deadline to respond to Plaintiff's complaint and despite her opposition. Further, Court and Judge were engaged in making sure to give Plaintiff insufficient time to respond to Defendants' OCBA

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

10

Case No.: 3:24-CV-01077-RSH-MMP

and LACBA's motions to dismiss. On January 6, 2025, Plaintiff filed her first motion to disqualify the judge where she declared that the Judge shall be a defendant in this case ( Dock # 147)  On January 16, 2025, Plaintiff filed her second motion to disqualify the judge (Dock # 159). On January 27, 2025, on the date of another deadline to file an opposition to defendant OCBA, Trudy Levindofske and Teresa Vuki's motion to dismiss, Plaintiff's pacer account was restricted again. On the same day, Plaintiff sent an email to judge's staff asking them whether she had to file a misconduct complaint because problems with her pacer account raise significant concerns that the court's staff deliberately do that to "save" defendants from the lawsuit (Exh. B). Plaintiff was able to file her opposition only on January 28, 2025 (Dock # 165). On January 29, 2025, Defendants OCBA, Trudy Levindofske and Teresa Vuki filed a non-opposition to Plaintiff's motion seeking a leave of court to file her opposition since she couldn't do that on time, it is understanding of the plaintiff that defendants were very much concerned not to lose the judge in this case (Dock # 167). On February 27, 2025, judge denied Plaintiff's both motions to disqualify himself in a general order dismissing her Second Amended Complaint with the leave to amend (Dock # 176). Leave to amend the complaint was granted with limited scope. On March 22, 2025, Plaintiff filed an appeal from the judge order denying his disqualification from the case (Dock# 183). Following opposition of Defendant OCBA, Trudy Levindofske and Teresa Vuki, court again denied Plaintiff's request and granted her insufficient time to amend her complaint while knowing that Plaintiff has 30 defendants in one complex RICO case (Dock # 182, 185). On April 10, 2025, Plaintiff filed her TAC (Dock # 189) which, probably, was not what the enterprise, including the judge, expected, because on the following day court issued amended summons while no new defendants and no additional claims were added. This was another attempt by the court to destroy Plaintiff's case or make her to serve this case again on all

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

11

Case No.: 3:24-CV-01077-RSH-MMP

parties by losing precious time and incurring additional expenses (Dock # 190 ). On April 12, 2025, Plaintiff filed a motion to amend/correct where she asked the Court to withdraw the amended summons since she didn't add any new parties or new claims, and she only corrected the name of one of the Doe defendants previously added (Dock # 191, ECF page No. 4206 ). Plaintiff also submitted a declaration under penalty of perjury stating that the name Hairenik Association is an old name of the defendant which was corrected to ARF Eastern US, Inc., ¶ 3, Declaration of Aynur Baghirzade (Dock # 191, ECF page No. 4209).   On April 14, 2025, court issued an order and judgment striking Plaintiff's TAC because Plaintiff allegedly added new defendant to the TAC where it went into lengthy analysis that nonexistent defendant exists while it does not. To continue harassing Plaintiff, court attached the amended summons to the judgment, thus sending Plaintiff a clear message that it was done because she didn't agree to serve the TAC again on all parties - sadism which for long became a visit card of the enterprise.

## III. LEGAL STANDARD

### 1.    The Legal Standard for the motion to amend or alter under Rule 59 (e) of F.R.C.P.

" Relief under Rule 59(e) is available only for: (1) a court's clear error of law or fact; (2) "newly discovered or previously unavailable evidence"; (3) a "manifestly unjust" decision; or (4) "an intervening change in the controlling law." *Hill v. Gastelo,* No. 2:20-CV-11015-MWF-JC, 2022 WL 21739126, at *1 (C.D. Cal. June 3, 2022). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id.*

### 2.    Legal Standard to Strike the Complaint

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

12

Case No.: 3:24-CV-01077-RSH-MMP

scandalous matter." Fed. R. Civ. P. 12(f). The Court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored." *Innovative Water Consulting, LLC v. SA Hosp. Acquisition Grp.,* LLC, No. 122CV00500TWPMJD, 2023 WL 130531, at *3 (S.D. Ind. Jan. 9, 2023). "This standard essentially translates into application of the standards of a Rule 12(b)(6) motion to dismiss, with the understanding that a motion to strike should be granted sparingly." *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 629 F.Supp.2d 416, 424 (D.N.J. June 26, 2009). "[M]otions to strike are highly disfavored." *Id.* "To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2009).

### 3.    Legal Standard to dismiss the action.

" Dismissal is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances.*" *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (emphasis added). In *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir.1986), we set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth *Henderson* factor. *See Oliva,* 958 F.2d at 274." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### IV. ARGUMENTS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

13

Case No.: 3:24-CV-01077-RSH-MMP

**A.    Court's order striking Plaintiff's TAC and dismissing the action was a clear error of law and fact and resulted in manifest injustice to Plaintiff.**

**1.    Court's order dismissing Plaintiff's SAC with a limited scope to amend it was unconstitutional under First and Fourteenth Amendments.**

As foregoing facts show, court's order granting Plaintiff leave to amend SAC by not adding any additional claims or joining any new parties was prompted by the judge's personal concerns that he could be joined to this action as a Defendant. Plaintiff's TAC had a lot of facts citing misconduct by other judges, their deliberate disregard of all their duties, clearly joining enterprise to "evict" Plaintiff from her own profession, ¶¶ 32, 238 - 258, TAC . The fact how Superior Court for the county of San Diego "mistakenly" sent her an eviction letter after she was bullied and threatened online with eviction and tried without a jury trial to evict her, ¶¶ 403, 428 - 432, TAC, another judge in Superior Court for the county of Orange hided Plaintiff's administrative records lying that Plaintiff has never filed them,¶ 245, TAC, how her electronic court filing accounts were closed during the deadlines in other courts as well as in this court clearly suggest that judge and his staff were indeed a part of the same enterprise and this order served only one purpose - not to allow Plaintiff to add judge himself and his staff to this complaint as defendants, ¶¶ 246, 432, TAC, *See also* Motions to recuse the judge (Dock# 147 and 159). At the same time, judge and his staff in court did everything to destroy Plaintiff's case from the beginning. Plaintiff's pacer account was closed by the court specifically at the deadlines. All judge's arguments that all those incidents were "technical problems" contradict to the facts, court staff lied to Plaintiff that their order #550 requires her registration, then it made Plaintiff to file her opposition to Defendants' Yelp and Jeremy Stoppelman's motion to dismiss by traveling to the court because they themselves closed her pacer account at the deadline. Another case where Judge Robert Huie was presiding confirms Plaintiff's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

14

Case No.: 3:24-CV-01077-RSH-MMP

allegations. Thus, in the case *Raiser v. Serdar* (Case: 3:20 -CV - 01490 -RSH - AGS) Plaintiff alleged the following: "(1) cases brought by pro se litigants are segregated from cases involving parties represented by counsel, and assigned to the judges who are unaware that the pro se cases are on their dockets; (2) court staff and law clerks decide all cases brought by pro se litigants without supervision from the judge… (4) ***court staff and law clerks unlawfully deny pro se litigants access to the Case Management / Electronic Case Filing (CM/ECF) system…(6) court staff and law clerks falsify and alter court dockets, filings, and evidence in Plaintiff's case.***." The case was brought under *Biven v. Six unknown named agents* and was happily destroyed by the judge Robert Huie. Besides everything, in all his orders judge emphasizes that the Plaintiff is "a licensed attorney in the state of California" while closing her pacer account and treating her as a poor pro se litigant in *Raiser v. Serdar*, erroneously thinking that the Plaintiff will not be able to tie the court's staff behavior to the judge's. Judge Robert Huie was engaged in gaslighting while abusing Plaintiff both as a pro se and as a licensed attorney and blaming her that she dared to file a motion to recuse him as well as motion to investigate the instances of continuous tampering with her pacer account. If the judge has problems with others' first amendment rights then working for Armenian Caucus in Congress or for ARF office in Massachusetts would be more advisable to him than being a judge who illegally closes parties' pacer accounts and conspires with defendants to ruin their cases.Thus, by restricting the scope of the amendment in her TAC judge's primary purpose was to restrict Plaintiff's 1st and 14th amendments rights under U.S. Constitution which resulted in manifest injustice to Plaintiff because if Plaintiff could add judge and his staff as defendants to her TAC she will not have to deal with a dismissal order now.

   **2.    Court's allegations that Plaintiff repeatedly failed to file a Notice for the motions are erroneous and used as an instrument to harass Plaintiff.**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

15

Case No.: 3:24-CV-01077-RSH-MMP

As it was articulated in the above facts, Judge Robert Huie's Civil Procedure rules have no requirement to file a notice for the motions (some portions are added here as an Exhibit B). The hearing time according to the civil procedure rules of the judge R. Huie shall be set upon the filing of the motion and should be in 35 days after date of filing (Exh. B). Furthermore, the rules of the judge R. Huie have no requirement even to show the date of hearing on the motion itself… It states in relevant parts "Consequently, the filing party should not specify a hearing time on its motion, and must include the following language in the caption of the motion: PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT". Plaintiff sent an email to the judge's staff about the notice for the motions and got a response that "No notice of errata is needed" (Exh. A). Also, Plaintiff filed only once such motion without notice and then subsequently sent the notice to all parties. So, the question is why judge R. Huie in every his order repeats the issue with the notice emphasizing that Plaintiff is a "licensed attorney in the state of California" (in fact harassing her) while his own staff confirms that no such notice is needed ? If the judge was concerned about the notice for the motions, he could include the requirement for the notice to his own rules, but he didn't do that. Besides, it is not clear what motions and *ex parte* applications judge complaining about in his orders have to do with the judge's dismissal of the entire action for allegedly her TAC's non-compliance with court's order? What were the grounds to dismiss the action and strike Plaintiff's TAC ? *Ex parte* applications and noticed motions ? Why are they even mentioned in judge's order ?

**3.      Court's allegations that Plaintiff didn't file a version of the amended complaint with her TAC which shows how the proposed amended pleading differs from the operative pleading are erroneous.**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

16

Case No.: 3:24-CV-01077-RSH-MMP

1    Plaintiff filed her TAC with the version which shows through redlining or

2 other methods how it differs from the SAC. Local Rule 15.1 (c) is not strict in

3 terms of the methods which can be used by the party to show the difference

4 between previous and current versions of the amended complaints, court order also

5 was not strict in choice of the methods to show the difference between pleadings.

6 Plaintiff significantly amended her SAC by adding a lot of new facts while not

7 changing any of her claims and not adding any new parties. Local Rule 15.1. (c)

8 states besides everything that the changes can be shown by *"other similarly*

9 *effective typographic methods".* Red text shows it very well how the previous

10 version differs from existing. Moreover, over 90 % of Plaintiff's SAC was

11 changed, it is really hard not to notice the changes, all old text was in black and

12 new was in red, and there was only few black text left. Court simply was unhappy

13 that Plaintiff filed amended complaint which could be very difficult to dismiss, this

14 was exactly the reason why court first issued amended summons to make Plaintiff

15 to serve the TAC again hoping to destroy the case, and then Plaintiff filed a motion

16 to withdraw amended summons because no new claims or new parties were added,

17 Court dismissed the action. It is also not clear why the court added to its order that

18 "failing to timely file an amended complaint" will result in its dismissal. Plaintiff

19 filed her TAC on time, it is just the court was unhappy that it received the TAC it

20 didn't expect. Also, since the court struck Plaintiff's TAC *sua sponte* it is not clear

21 how Rule 12 (f) of F.R.C.P. is relevant here. Federal Rule of Civil Procedure 12(f)

22 allows the Court to "strike from a pleading an insufficient defense or redundant,

23 immaterial, impertinent, or scandalous matter. Was absence of the crossings in the

24 draft version of Plaintiff's TAC scandalous, redundant, immaterial, impertinent ?

25 Court didn't analyze this issue under Rule 12 (f) of F.R.C.P. which was the only

26 rule giving Court the power to strike TAC on its own.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

17

Case No.: 3:24-CV-01077-RSH-MMP

**4.     Court's allegations that Local Rules required Plaintiff to file her document in 14-point font are wrong.**

Local Rule 5.1. (a) to which Court refers states "Typewritten text must be no less than 10-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced allowing 28 lines on one side of the document, provided the type is no smaller than 14-point standard font (e.g. Times New Roman)." So, 14- point standard font refers to the printed text, not typewritten text. Plaintiff didn't print her complaint and then submitted it to the court, Plaintiff created her complaint by typewriting it and then filed it electronically. Plaintiff's font size in her TAC was 12 in Times New Roman and thus was completely complying to the Rules. Also, Plaintiff submitted her initial complaint to the court in 12 - point standard font, if the court was unhappy with the font size why Plaintiff's complaint was not stricken at its initial stage and why it was done only now when she submitted her TAC ? If 14 - point text was required and court waived it at the stage when Plaintiff submitted her initial complaint, then court had to apply this waiver further or request in its order with leave to amend conspicuously that Plaintiff shall have to submit TAC in 14- point standard font, there was no such requirement in court's order. Court can't waive rules in one instance, and then refuse from waiving them in another instance, especially to dismiss Plaintiff's action which is a harsh sanction. Also, court could give Plaintiff another opportunity to amend her complaint asking to make her TAC in 14-point font size, but that was not a concern of the court. Court wanted this complaint to be dead at its inception. It is also a good question how font size alone could justify such drastic measure as striking complaint and dismissing the entire action, the complaint was stricken not on the motion of the parties who allegedly were prejudiced but on the court's initiative, how font size justifies application of Rule 12 (f) of F.R.C.P. is not clear. Font size

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

18

Case No.: 3:24-CV-01077-RSH-MMP

does not relate to any of the matters under Rule 12 (f), ***font size was not too big or too small to be scandalous.*** Court acted outside of its jurisdiction and clearly abused its discretion when it struck Plaintiff's complaint because of the font size in her TAC.

**5.      Court's allegations that Plaintiff added new defendant to the case are completely erroneous and Court was put on the notice that Plaintiff simply corrected the name of one of the defendants.**

Court argues that Plaintiff added a new defendant - ARF Eastern USA, Inc. while Plaintiff simply changed a wrong name of the Defendant Hairenik Association to the correct one which is ARF Eastern USA, Inc. There is no such legal entity as Hairenik Association, a simple Google Search confirms that. This was a mistake made by the Plaintiff when she last time amended her complaint and added this defendant as a Doe Defendant - ***Hairenik Association is an old name of the Defendant which was changed to ARF Eastern USA, Inc. in January 1, 2012 according to Massachusetts secretary of state's website*** - available at https:// corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx? sysvalue=_dIuMr7IU1tGVNfg4hRFKUWze_D3eVujTWAh4ShKtdA-

information about official name of the defendant is added here as an Exhibit C and this information conspicuously states that the name was changed from Hairenik Association to ARF Eastern USA, Inc. in 2012, and since information is publicly available judicial notice is requested. Plaintiff informed court about this change when she filed her *ex parte* application asking court to withdraw amended summons, she informed the court that the name Hairenik Association is an old name of defendant ARF Eastern USA, Inc. and since this information was provided in Plaintiff's declaration, the statement was done under penalty of perjury- ¶ 3, Declaration of Aynur Baghirzade  (Dock # 159, ECF page No. 4209). What is a reason for the court to invent a new legal entity in order to strike Plaintiff's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

19

Case No.: 3:24-CV-01077-RSH-MMP

complaint now ?  Besides being clearly erroneous, this shows bias of the court and an obvious desire to protect ARF from the lawsuit. All accusations in the court order that this defendant was mentioned 100 times and Plaintiff had to seek a leave of court to add this defendant have no legal grounds, because no new defendant was added and Plaintiff was given a leave of court to amend her complaint, ***including by correcting the names of the existing defendants. Court's order cited no restriction that Plaintiff can't correct the names of the existing defendants and such restriction would be illogical.*** Court's references to the SAC to justify that ARF is a distinct entity than Hairenik Association is inappropriate because SAC was stricken by the Court decision, SAC was dead on February 27, 2025, when by its order Court struck SAC and gave the Plaintiff the right to amend her complaint. Any references to the previous SAC to justify invention of new entity which doesn't exist in a physical world is completely wrong. References to ARF as a national and socialist party created in Tiflis doesn't change the fact that there is no Hairenik Associaton registered in the United States or anywhere in the world as a legal entity and that this name in 2012 was changed to ARF Eastern USA, Inc. according to public records. Existence of the national and socialist party under the same name does not change the fact that the similar or to be precise the same organization could exist in the United States and be registered as a non-profit corporation. To be on the topic - ARF created in Tiflis and ARF created in 1923 in the United States, state of Massachusetts, are the same organization, it is also the same ARF as Plaintiff pleaded in her TAC which owns Armenian Weekly where the same defendant published derogatory news about Plaintiff, ¶ 175, TAC. Why the court thinks that the same organization can't be a political party abroad, can't be registered as a non-profit corporation in the United States and can't own a newsletter is not clear.  Furthermore, by its order judge put under doubt Plaintiff's statement given under penalty of perjury. Also, it's quite interesting that first court

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

20

Case No.: 3:24-CV-01077-RSH-MMP

issued amended summons by adding ARF Eastern USA, Inc. as a separate defendant along with Hairenik Association contrary to Plaintiff's TAC where was only one defendant - ARF Eastern USA, Inc.(Dock # 190), and then, after Plaintiff filed her *ex parte* asking to withdraw summons, invented a theory that there is a Hairenik Association. If court wanted to strike Plaintiff's TAC for adding a new defendant why it wasn't done right away ? Why court issued amended summons and then after realizing that Plaintiff is not going to serve her complaint again on all 30 defendants struck her TAC.?  Analysis of the court and the judge in this regard are erroneous which resulted in dismissal of the action and manifest injustice to the interests of Plaintiff and Plaintiff asks the court to vacate its judgment. As foregoing analysis shows, Plaintiff didn't violate any local rules or Court's order to justify the harsh decision to strike her amended complaint and then dismiss the action.

**B.    Dismissal of TAC was erroneous and resulted in manifest injustice to Plaintiff.**

**1.    Public's interest in expeditious resolution of litigation element for dismissal of the complaint was not satisfied.**

Court alleges that Plaintiff filed her complaint 9 months ago and that to date none of her claims have survived the dismissal, which is erroneous conclusion. Plaintiff filed her complaint on June 21, 2024, Plaintiff spent significant time to serve her complaint on the parties as Plaintiff had multiple parties in the same lawsuit. Summons in this case were filed only in September, 2024, first motion to dismiss was filed on September 19, 2024 (Dock # 50), so the case was actively litigated for roughly only 6 months for 30 defendants in the case. Leave to amend her complaint was granted by the court only in February 27, 2025. So, based on what ground court claims that this case was long litigated and that none of Plaintiff's claims survived the dismissal ? Court dismissed the action not because

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

21

Case No.: 3:24-CV-01077-RSH-MMP

Plaintiff failed to plead a claim in her TAC but because allegedly her TAC was not filed in compliance with the court's order. Court didn't grant to Plaintiff multiple options to amend her complaint which Plaintiff consistently failed to implement to come to the conclusion that the case was litigated for too long to allow it move forward again, neither the Plaintiff delayed the case and failed to prosecute it. Court on its own struck the Plaintiff's timely filed TAC which was in full compliance with its order to prevent the litigation on very important constitutional first amendment, civil rights, public corruption and other issues.

**2.    The court's need to manage its docket element is not satisfied to dismiss the action.**

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002). It is also not clear ***what delay was caused by the Plaintiff so that to justify the drastic measure to dismiss the action in order to "control" the docket by the court.*** The action was on the court's docket for only 9 months, and was actively litigated for only 6 months. First leave to amend her complaint was granted by the court in February 27, 2025, only couple of months before court decided to dismiss the entire action. Allegations that Plaintiff erred in filing her motions, notices, *ex partes* and etc. are erroneous, do not conform to the facts in this case, are not supported by the Court's rules, by the local rules in this jurisdiction, by the federal rules of civil procedure and can not be used to dismiss the action for alleged non-compliance of the amended complaint with court's specific order. Also, Court couldn't explain how filing allegedly wrong *ex partes* and motions delayed the case.  If those actions were wrong then why the court didn't issue any order striking them, why none of the parties filed their oppositions, and where is the evidence how those notices of withdrawal, *ex partes* and other motions caused the delay ? Court struck Plaintiff's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

22

Case No.: 3:24-CV-01077-RSH-MMP

TAC for alleged non-conformity with its order and instead of bringing facts how that non-conformity prejudiced the defendants and delayed the case, brings unrelated accusations how Plaintiff litigated her case. Besides everything else, those allegations are wrong. Several notices of withdrawal were filed as a result of the tampering of the Court's staff with Plaintiff's pacer account when she couldn't find on her docket motions of Defendants ANCA, ANCAWR, Aram Hamparian, Yelp , Inc. and Jeremy Stoppelman to file her oppositions to them and was forced to file them as replies (Dock # 90). At the time when Plaintiff filed her emergency motion to investigate the instances of continuous interference with her pacer account she didn't accuse anybody in any wrongdoing, it was a request to investigate, it is only after she found the case where another plaintiff raised the similar issues (*Raiser v. Serdar*), she realized that her case is deliberately targeted by the court to destroy it, she also entertained the similar issues in other courts in California. Court's allegations that Plaintiff filed a motion to investigate the instances of continuous interference with her pacer account can't be used now by the court to dismiss the action - Plaintiff has a right to file any motion or request with this court by entertaining her first amendment rights. First motion for the leave of  court was filed when none of the defendants were present  in this case, none of them appeared (Dock # 10) - to whom court thinks Plaintiff had to send her notice ? Looks like court didn't even read its order carefully before filing it. Second motion for the leave of the court to file an amended complaint was the only one filed without notice (Dock# 59) by the Plaintiff in this case, and it was done so because judge's rules, as it was explained above, didn't require filing of the notice. Motion for the default judgment was about the default judgment in regards to defaulting party - Legalmatch and Estrella Sanchez who have never appeared in this case. To whom, in court's opinion, Plaintiff had to send her notice ?  (Dock # 99). Motions to disqualify the judge had nothing to do with other defendants (Dock

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

23

Case No.: 3:24-CV-01077-RSH-MMP

# 147 and 159). Noticed motions must be filed when there is an adverse appearance, Plaintiff's appearance was adverse only with regards to the judge, not any of the defendants in this case or did for the defendants really matter who would be their judge ? According to Local Rule 7.1. (e) "When there has been an adverse appearance, a written notice of a matter requiring the Court's ruling is necessary, unless otherwise provided by rule or court order." Motion to withdraw summons was filed as an *ex parte* because it was issued **mistakenly by the Court** believing that Plaintiff added a new defendant while she didn't. Also, it was filed as a motion to amend/correct, thus clearly sending a message that there was a mistake of court in issuing them. Also, according to the Court's local rules (L.R. 7.1. (e) (2) ) defendants in the case had to file their responses to the amended complaint within 14 days after its filing, 14 days was not enough time to file a noticed motion in this case (Dock#191). Filing reconsideration motions is the Plaintiff's first amendment right, filing withdrawal notices is the same right. It is not clear how litigating the case by the Plaintiff could be a ground for the Court to dismiss the action. This action wasn't also on court's docket for the extensive time and Plaintiff didn't delay anything to dismiss this action in relation to more than 30 (!) defendants Plaintiff has.

**3.      Prejudice to the defendants element was not satisfied to dismiss the action.**

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim. *See id.* at 1260 ("In this case we address whether the district court abused its discretion in dismissing Ferdik's case *because he failed to obey the court's order* requiring him to refile a second

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

24

Case No.: 3:24-CV-01077-RSH-MMP

amended complaint ... in a timely manner or face dismissal of his case.") (emphasis added.) *Yourish v. California Amplifier,* 191 F.3d 983, 986 (9th Cir. 1999).

As Plaintiff showed it before, she complied with the court order to amend her complaint. She filed a timely amended complaint, she also attached to the complaint a version showing how the amended complaint differs from the previous one, she also didn't add any new parties or new claims. Since Plaintiff complied with the court order and timely filed an amended complaint, dismissal was improper. It is not clear how arguments of the court in this regard has anything to do with the prejudice to the parties. None of the court's arguments relate to the fact that Plaintiff was late in filing her TAC or that the font size in her TAC and absence of the crossings prejudiced the defendants. Instead, court goes into speculation that facts in Plaintiff's SAC are not true. Court argues that Plaintiff failed in pleading a single claim against defendants - how this is even possible if court struck the Plaintiff's complaint for non-compliance with its order, it didn't dismiss her TAC on parties' motions to dismiss ? Court argues that Plaintiff sued more than 30 defendants - and so ? It is the Plaintiff's first amendment right to sue as many defendants as she wants. Then, court argues that Plaintiff amended her complaint more than once. And so ? Plaintiff didn't have a right to amend her complaint ? Plaintiff's FAC was at the time when none of the defendants were present, and her TAC was granted by this court.  Further, Court alleges that defendants are not related to each other which is completely false. Plaintiff pleaded enough commonality with regards to all defendants, she pleaded three enterprises - Dashnak Enterprise, Legal Enterprise and Rico Enterprise. And it is not clear why the court goes into evaluation of Plaintiff's claims in her amended complaint at the pleading stage ***while it dismissed Plaintiff's action for non-conformity with its order.*** "When there are well pleaded factual allegations, ***a court should assume their veracity*** and then determine whether their plausibility gives rise to an

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

25

Case No.: 3:24-CV-01077-RSH-MMP

entitlement to relief". *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). If the court wanted to evaluate the facts in Plaintiff's complaint to determine whether their plausibility gives rise to an entitlement of relief - the standard employed when a defendants file a motion to dismiss, then the court should have assumed the veracity of all Plaintiff's factual allegations, instead court put all Plaintiff's allegations under doubt by labeling them "fanciful". Plaintiff's all 196 page TAC is all about facts with references to sources, including admission by defendants ANCA, ARF and others. It is not clear what Court means under fanciful allegations. Does the court think that CIA reports are fanciful, murders are fanciful, death threats Plaintiff received are fanciful, Dashnak party is fanciful, Plaintiff's case against Kelly Duford is fanciful, charges against Murad Topalian - previous leader of ANCA are fanciful, Girardi case is fanciful, the facts how she was defrauded in all referral organizations are fanciful ? In fact, the only thing which really looks fanciful in this entire case is the court's order and judgment in this case. It also shows open bias to the Plaintiff, especially, when the court disregards the fact that Plaintiff gets death threats and all court cares about is the font size!, ¶¶ 65 - 72, TAC.  Similarly, court lists appearance of cockroaches in all Plaintiff's residential places (generally not having any flies or pest issue), stealing of her car from her own covered garage spot and before finding her car with a flat tire in her garage spot at her previous residence as fanciful or not true. ***These are Plaintiff's allegations and must have been admitted by the court as true to allow investigation on those facts, and only if they are proven not true could be dismissed by the court.*** Instead, court was engaged in doubting allegations of the Plaintiff in her TAC by improperly labeling them "fanciful" without even allowing discovery on those matters and without having any evidence on its hands.

International terrorism was pleaded by the Plaintiff not out of blue, but based on solid and concrete facts, ¶¶ 54 - 72, TAC. Plaintiff  brought evidence, listed

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

26

Case No.: 3:24-CV-01077-RSH-MMP

facts, and applied the Law, ¶¶ 450-455, TAC.  It is not clear whether the court has a problem with interpretation of the Law or just wants to dismiss the action as inconvenient to it. Besides predicate act of terrorism, Plaintiff listed predicate act of mail & wire fraud, stalking, death threats, conspiracy against rights and etc, ¶¶ 456 - 491, TAC. Why the court does not discuss them too ? Further, Court assaults Plaintiff that she added 7 judges as co - conspirators, as it was listed above, it is the right of the Plaintiff to add as many co-conspirators or defendants Plaintiff thinks reasonable. Neither judges, nor congressmen are immune from lawsuits or above the Law. Moreover, Plaintiff did that based on facts, she brought facts that the government stalked her financial accounts and issued specific restriction regarding her, that police has stopped her several times for no reason as well as put her apartment under surveillance, ¶¶ 80 - 117, 118- 124, 375 - 434, TAC. These are facts, why Court thinks that those facts do not have a right to exist is not clear. And why the court without any investigation on Plaintiff's  TAC and any evidence assumes their non-veracity is not clear too. Court abused its discretion in evaluating Plaintiff's TAC.

**4.     The public policy favoring disposition of cases on their merits element was not satisfied to dismiss the action.**

"We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal. See, e.g., Hernandez, 138 F.3d at 399. At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).  "This policy favoring resolution on the merits "is particularly important in civil rights cases." *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987) (reversing for abuse of discretion a Rule 41(b) dismissal of pro se litigant's § 1983 action for failure to comply with court order)."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

27

Case No.: 3:24-CV-01077-RSH-MMP

*Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998). This standard was not satisfied by the court to render dismissal of the action. Here, the only argument court brings is a dismissal of Plaintiff's SAC. Plaintiff's SAC was dismissed with a leave to amend it, was accepted by the Plaintiff and was amended and filed by the Plaintiff in full conformity with court's order. Length of the Plaintiff's TAC or SAC can't be a ground to disregard the policy favoring resolution on the merits. Plaintiff's case involves serious constitutional issues, issues of terrorism and public corruption. Moreover, Plaintiff's TAC involves civil rights matter, one of the causes of actions Plaintiff brought is for the denial of the public accommodation under Section 2000a of the Civil Rights Act, 42 U.S.C., ¶¶ 586 - 595, TAC. Public policy in this case strongly favors litigation on the merits and trivial matters brought by the court like font size, absence of crossings in the text can't be the ground to dismiss the action. Court erred in issuing such order.

**5.     The availability of less drastic sanctions element was not satisfied by the Court to render dismissal of the action.**

Similarly, as with other elements court failed to show how and why less drastic sanctions were not available. Court instead speculate with previous filings of Plaintiff while not having any evidence on how Plaintiff failed to implement any of the court's orders in the past or how her alleged incorrect filings delayed the case or prejudiced the defendants. Besides, it is not clear how Plaintiff's past filings in the case are relevant to striking the amended complaint for non-compliance with its order. Court further goes into discussion of the alternatives which Court "gave" to Plaintiff. Thus, court says in its order that it extended her time to file a compliant pleading, Plaintiff has never filed before any noncompliant pleading so its is not clear what court means under"noncompliant pleading" - did the court issued any order striking non-compliant pleading in the past and did thereafter Plaintiff failed to comply ? Then it says that it struck "those portions of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

28

Case No.: 3:24-CV-01077-RSH-MMP

her 198-page TAC that refer to the new defendant, ARF" which is false as Court has never struck any portions of her TAC, it simply falsely issued amended summons by making one defendant two contrary to clearly visible in the TAC name of the defendant, that it waived font size and redline requirements - where ? If court was concerned about font size it could strike Plaintiff's pleading in the past instead of speculating with it now while having no specific order on this matter on its docket. Allegations that court excused non-compliant filings are not relevant because Court can't show how those alleged non-compliant filings delayed the case or prejudiced the parties. Where is the court order stating that it excused the non-compliance, and then requiring the Plaintiff to submit TAC in compliance with its requirements ? Arguing that commas, and dots were not put in the right places to strike a well pleaded complaint will not work. " Dismissal is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances.*" *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (emphasis added). Where are the extreme circumstances to dismiss the action besides judge's clearly great desire to serve the political party nominated him for his position and safeguard its members from future problems as well as safeguard the criminal enterprise Plaintiff is suing in this case ?   Court didn't provide an alternative (if any needed) to cure the particular TAC Plaintiff filed and court can't speculate by the filings of Plaintiff in the past, because court didn't strike any of them and can't show any order after striking those filings which was not implemented by the Plaintiff. Then, the Court continues speculating that it provided the Plaintiff with the instructions how to amend the complaint which Plaintiff failed to do. Where ? By correcting the name of one of the defendants? Where in its order court made it necessary that the next amended complaint of Plaintiff must be in 14-point  font size or that precisely the crossings in the text are necessary? Further, court argues that it dismissed Plaintiff's FAC while Plaintiff amended and filed TAC. What amended complaint

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

29

Case No.: 3:24-CV-01077-RSH-MMP

court in fact dismissed ? FAC or TAC? Court failed to provide any less drastic measures.

**V. CONCLUSION**

Based on foregoing Plaintiff respectfully asks Court to vacate its judgment issued on April 14, 2025 (Dock # 193) and reopen the case for litigation based on her TAC.

DATED:  May 2, 2025

By: *Aynur Baghirzade*

PLAINTIFF: Aynur Baghirzade

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ISUED ON APRIL 14, 2025 (DOCK # 193 AND 192) PURSUANT TO RULE 59 (E) OF F.R.C.P.

30

Case No.: 3:24-CV-01077-RSH-MMP