Heather L. Rosing, Bar No. 183986
Leah A. Plaskin Lorenz, Bar No. 228008
ROSING POTT & STROHBEHN,
in partnership with Zelms Erlich & Lenkov
501 West Broadway, Suite A380
San Diego, California 92101
Tel: 619-990-5566
Hrosing@rosinglaw.com
Llorenz@rosinglaw.com

Attorneys for Defendants LOS ANGELES
COUNTY BAR ASSOCIATION, COCO
SU, and SETH CHAVEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE, an individual,<br><br>             Plaintiff,<br><br>        v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, a Non - Profit Corporation, et al,<br><br>             Defendants. | Case No. 24CV1077 RSH MMP<br><br>**JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025**<br><br>Judge:      Hon. Hon. Robert S. Huie<br>Courtroom:  3B |

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................4

II.   FACTUAL BACKGROUND ...............................................................5

III.  PLAINTIFF PROVIDES NO BASIS FOR AMENDING OR ALTERING THE JUDGMENT .................................................................8

A.  Motions for Reconsideration are Routinely Denied.............................8

B.  None of the Factors Justifying Reconsideration Apply ......................9

1.  The Court's conclusions regarding a newly added defendant are not clearly erroneous..............................................................................10

2.  The Court did not act erroneously with Plaintiff's PACER account ..........11

3.  The Court's discussion of Plaintiff's improper font size and failure to properly redline the TAC are not clear errors and, instead, demonstrate violations of the Court's Order, rules, and procedures.................................12

4.  The Court's references to Plaintiff's status as an attorney were not clear errors .............................................................................................14

C.  The Court was Justified in Striking the Complaint ...........................15

1.  Plaintiff's Complaints did not state a claim...................................16

2.  The relevant factors weigh in favor of dismissal..........................17

D.  A Motion for Reconsideration Cannot Repeat Arguments Previously Made.20

IV.   CONCLUSION ..................................................................................20

ROSING POTT & STROHBEHN
IN PARTNERSHP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

# TABLE OF AUTHORITIES

**Cases**

*American Ironworks & Erectors, Inc. v N. Am. Constr. Corp.*,
  248 F.3d 892, 899 (9th Cir. 2001) ........................................................................9, 20

*Brasuell v. San Luis Obispo Cnty. Jail.*,
  No. 19-02320, 2022 WL 815854 (C.D. Cal. Mar. 16, 2022 ................................15

*Brown v. CA DMV*, No. ED CV 18-1418-CJC(E),
  2019 U.S. Dist. LEXIS 230510, at *15 ..............................................................15

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) .......................................9

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) ...........................17

*Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000) ..........................................9

*Hutchinson v. Stanton*, 994 F.2d 1076, 1081-82 (4th Circ. 1993) .......................20

*In re Novatel Wireless Securities Litig*. 2012 WL 2499001, at *2...........................9

*In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001) ..........................10

*Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)........................................15

*Kodimer v. County of San Diego*, 2010 WL 2926493, at *1..................................9

*Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 887, 998 (9th Cir. 2000) .................8

*Macias v. Kerry*, 2014 WL 654578, at *1 ..........................................................8, 9

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873, 880 (9th Cir. 2009) ..........................................................................9

*McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ..............................9

*Navajo Nation v. Norris*, 331 F.3d 1041, 1045 (9th Cir. 2003) ...........................9

*United States v. James*, 915 F.Supp. 1092, 1098 (S.D. Cal. 1995)..........................9

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).................................17

**Rules**

Federal Rules of Civil Procedure, Local Rule 7.1(f)(1) ..........................................13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

# I. **INTRODUCTION**

Although she is a licensed attorney in the State of California and expected to familiarize herself with and follow the Court's rules, Plaintiff Aynur Baghirzade made her own rules and took advantage of the leeway she was given throughout this action. Among her many violations of the rules and procedures, Plaintiff filed motions that (a) did not advise the Defendants of hearing dates, (b) were far longer than the required page limit, (c) used the incorrect font size, and, (d) with respect to *ex parte* motions/applications, rarely constituted a true emergency. When Plaintiff disliked the Court's decisions, she filed motions for reconsideration without any acknowledgement of the grounds for reconsideration.

After receiving repeated warnings from the Court that she would have to abide by the Court's rules and procedures, as well as the scope of leave to amend granted to her following Defendants' motions to dismiss, Plaintiff continued to flout the Court's rules. The outcome of that decision should come as no surprise to Plaintiff: the Court warned her multiple times that if she violated either the Court's rules or the scope of leave to amend, the Court would strike Plaintiff's Third Amended Complaint ("TAC").

When faced with the consequences of her actions, Plaintiff does not acknowledge her conduct that caused the Court to dismiss the TAC. Instead, Plaintiff, who has been licensed to practice law in California for almost five years (and longer elsewhere), claims that the Court dismissed her action "to save [the] criminal enterprise from responsibility for its actions" and to avoid disqualification from the case. To exacerbate matters, Plaintiff subtly threatens future litigation if she does not get her way – vacatur of the judgment – by noting her understanding "that neither judges, nor congressman are immune from lawsuits and criminal responsibility (if needed)."

Missing from Plaintiff's threats, however, are any facts, law, or argument that establish that the Court – after it provided a detailed Order describing the rationale

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

Case No. 24CV1077 RSH MMP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

1  for the Court's decision – committed a clear error when dismissing the TAC. Such a

2  showing is required for a Court to vacate or alter a judgment.

3      For these reasons, Defendants collectively submit that the Court should deny

4  Plaintiff Baghirzade's motion to amend the judgment.

5  **II.   <u>FACTUAL BACKGROUND</u>**

6      Plaintiff filed this action on June 21, 2024. [ECF No. 1] Two months later,

7  she filed (and served) a First Amended Complaint. [ECF No. 2.]

8      In her second pleading, Plaintiff alleged that all Defendants were part of some

9  type of criminal enterprise that had targeted Plaintiff because of her speech, national

10  origin, ethnicity, race, and religion. Plaintiff further alleged that various experiences

11  she was having – such as alleged negative, or "fake," reviews on Yelp, fake referrals

12  from legal referral organizations, evictions, rodents in her apartment, having her car

13  towed, etc. (and, later, issues she experienced with her PACER account) – were all

14  the result of a grand conspiracy to harm Plaintiff and her business. [*See e.g.*, ECF

15  No. 2.]

16      In the face of multiple motions to dismiss [ECF Nos. 24, 50, 57], Plaintiff

17  sought leave to amend her Complaint again, filing a Second Amended Complaint

18  ("SAC") in November 2024. [ECF Nos. 59, 93, 94.] Thereafter, all defendants who

19  appeared filed motions to dismiss the SAC. [ECF Nos. 97, 98, 100, 101, 103, 104,

20  109, 113.]

21      On February 27, 2025, after granting various extensions to Plaintiff to file

22  oppositions, the Court dismissed Plaintiff's SAC pursuant to Defendants' motions to

23  dismiss. [ECF No. 176.] The Court granted Plaintiff "leave to amend Claims One

24  through Five to address the deficiencies in this order." [*Id*. at 18.] In its Order, the

25  Court made the scope of leave to amend clear:

26      **The leave to amend granted herein is limited**. Plaintiff's briefing indicates
her intent to add further claims and defendants. ECF No. 145 at 39. The

27      problem with the SAC, however, is not a lack of claims or defendants –
instead, it is a failure to adequately plead a single cognizable federal claim

28      against any one of the defendants she has sued. In granting Plaintiff leave to

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

amend her five federal claims, **the Court is not granting her leave to add new federal or state claims, or new defendants. If Plaintiff seeks to make amendments beyond those authorized herein, she must file a separately noticed motion to amend.** The Court does not anticipate granting such a motion to amend in advance of ruling on any motions directed to the third amended complaint that Plaintiff files. That is, before addressing any new claims or defendants that Plaintiff might in the future seek to add, the Court intends to evaluate whether Plaintiff's third amended complaint cures the deficiencies in the claims she has already brought." [ECF No. 176 at 19:1-12 (emphasis added).]

The Court also cautioned Plaintiff that if "the third amended complaint exceeds the leave granted herein, for example by adding new claims or defendants, the Court will strike it." [ECF No. 176, at 19:14-16.] In addition, the Court ordered that Plaintiff must file a redline version of the TAC identifying the changes, and that "[f]ailure to timely file a compliant third amended complaint will result in dismissal of the action." [*Id*. at 19:16-19.]

The Court further stated that Plaintiff, as a lawyer licensed in California and a member of the Bar of this federal court, must be familiar with and follow the Local Rules and the Court's Pretrial Civil Procedures. The Court noted that Plaintiff's violations to that point included failing to comply with rules thus far (including identifying a hearing date for noticed motions, disregarding the rules governing page limits and font size, and not adhering to the purpose of ex parte applications). [ECF 176 at 21:24-22:18.] The Court warned Plaintiff that "[f]ailure to follow applicable rules or orders in the future may result in filings being stricken." [*Id*. at 22:13-14.][1]

Plaintiff received 14 days to file a new pleading. [EMF No. 176, ¶ 4.] Plaintiff thereafter sought and obtained an extension of 14 days to file the TAC. [ECF Nos. 177, 179.] Plaintiff then moved for a second extension, which was granted in part when the Court gave her yet another 14 days to file the TAC, concluded that no

---

[1] Throughout the case, Plaintiff filed a number of ex parte and miscellaneous motions, seeking numerous continuances of deadlines to oppose motions and file amendments. To support her requests, Plaintiff often referenced the difficulties in litigating a case against over 30 defendants: a choice she made when she named the defendants in this action (most of whom have no connection to one another and whose alleged wrongdoings do not overlap).

ROSING POTT & STROHBEHN
IN PARTNERSHP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

1   further extension was warranted, and reminded Plaintiff of the limited scope for

2   which leave to amend was granted. [ECF Nos. 180, 182 at 2:1-2.] Plaintiff moved

3   for reconsideration of that order, which the Court denied. [ECF Nos. 184-185.] Once

4   again, the Court reminded Plaintiff of the limited scope of the amendment that its

5   February 27, 2025 Order permitted. [ECF No. 185.]

6          On April 10, 2025, Plaintiff filed the Third Amended Complaint (the "TAC").

7   The TAC more than doubled in size from Plaintiff's SAC: going from 78-pages to a

8   198-pages. [ECF No. 189.]

9          On April 14, 2025, the Court *sua sponte* struck the TAC. [ECF No. 192.] In

10  its Order, the Court described many of the issues with the TAC, including that (1)

11  the TAC was extremely lengthy (the opposite of the concise statement the Federal

12  Rules of Civil Procedure ("FRCP") contemplate); (2) Plaintiff did not provide a

13  document that identified what materials from the SAC had been deleted in the TAC

14  and, thus, that complied with the Court's directive or Local Rule 15.1(c); (3) after

15  being reminded that filings must be in 14-point font [*see* ECF No. 176 at 22:5],

16  Plaintiff filed her TAC in 12-point font; (4) Plaintiff added a further defendant (ARF

17  Eastern USA, Inc.); and (5) Plaintiff exceeded the scope of leave to amend and, as

18  such, "Defendants are seemingly required to respond to expanding pleadings that

19  diverge even further from plausibility." [ECF No. 192 at 3:24-6:5, 9:2-6.]

20         Regarding the new defendant (ARF), the Court explained that ARF was

21  repeatedly mentioned in the SAC – as an entity distinct from Hairenik (the

22  defendant whose name was allegedly being corrected) – but ARF had not been sued,

23  and was then added to the TAC and mentioned over 100 times therein. [ECF No.

24  176 at 4:19-6:5.] The Court further explained that ARF has been described in the

25  SAC, and that the allegations against ARF in the TAC were different from the

26  SAC's allegations against Hairenik. In addition, the Court observed that (1)

27  Plaintiff's explanation that ARF "is one of the Doe Defendants last time added"

28  contradicted her claim that ARF was merely correcting the name of the entity she

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

previously sued as Hairenik Association, and (2) no Doe Defendant named in the SAC corresponded with the allegations the TAC brought against ARF. [*Id.*]

In addition, the Court noted that its prior Order warned Plaintiff that if the TAC exceeded the scope of leave to amend by, for example, adding new claims or defendants, the Court would strike it, and that, thereafter, the Court reminded Plaintiff twice more of the limited scope of amendment. [ECF Nos. 182 at 2, 185.] Plaintiff did not seek leave to add ARF as a defendant before filing the TAC and, instead, days after she filed the TAC, filed a non-compliant *ex parte* application to withdraw an amended summons, explaining her change. [ECF No. 191.] The explanation made little sense.

Finally, the Court noted that it had previously addressed the merits of Plaintiff's lengthy SAC and determined it failed to state a claim. [ECF No. 192 at 9:8-10.] The TAC did not fix that fatal shortcoming.

## III. <u>PLAINTIFF PROVIDES NO BASIS FOR AMENDING OR ALTERING THE JUDGMENT</u>

Plaintiff's motion requests reconsideration based on FRCP, Rule 59(e) (i.e., via a motion to alter or amend the judgment). She does not, however, provide any grounds for altering or amending the judgment and, instead, (a) expresses her disagreement with the Court's decision, and (b) regurgitates arguments she has already made.

### A. Motions for Reconsideration are Routinely Denied

A motion for leave to amend or alter a judgment "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Macias v. Kerry*, 2014 WL 654578, at *1 (S.D. Cal. Feb. 19, 2014) (quoting *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 887, 998 (9th Cir. 2000). Absent "highly unusual circumstances," reconsideration under Rule 59(e) is only appropriate when a party presents newly discovered evidence, the Court committed clear errors, or there is an intervening change in controlling law. *United States v.*

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

1    *James*, 915 F.Supp. 1092, 1098 (S.D. Cal. 1995); *Marlyn Nutraceuticals, Inc. v.*

2    *Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009). "Whether to grant

3    or deny a motion for reconsideration is within the sound discretion of the court."

4    *Macia v. Kerry*, *supra*, 2014 WL 654678, at *1 (citing *Navajo Nation v. Norris*, 331

5    F.3d 1041, 1045 (9th Cir. 2003).

6        Further, motions pursuant to rule 59(e) cannot be used to present arguments

7    for the first time or evidence that could reasonably have been presented earlier in the

8    litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Nor can a party

9    repeat arguments previously made: "An attempt to reargue the case is not grounds

10    for granting a motion for reconsideration." *Kodimer v. County of San Diego*, 2010

11    WL 2926493, at *1 (S.D. Cal. July 22, 2010) (citing *American Ironworks &*

12    *Erectors, Inc. v N. Am. Constr. Corp*., 248 F.3d 892, 899 (9th Cir. 2001). And,

13    refusing to grant a motion for reconsideration is not an abuse of discretion "merely

14    because the underlying order is erroneous, rather than clearly erroneous." *McDowell*

15    *v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Here, as discussed below, there

16    was no error at all.

17        **B.**    **None of the Factors Justifying Reconsideration Apply**

18        Plaintiff's motion focuses on "false and erroneous" grounds used to dismiss

19    her case. Thus, Plaintiff has not established that she has relevant, newly discovered

20    evidence, or that there is an intervening change in controlling law to justify

21    amending the judgment. Indeed, neither newly discovered evidence nor any change

22    in controlling law exists.

23        The remaining factor – that the Court committed clear errors – has not been

24    established either. The alleged errors Plaintiff focuses on are not erroneous at all, let

25    alone clear errors that justify altering the judgment. To constitute clear error, a

26    decision must be "dead wrong." *In re Novatel Wireless Securities Litig*., 2012 WL

27    2499001, at *2 (S.D. Cal. June 27, 2012) (quoting *Hopwood v. Texas*, 236 F.3d 256,

28    273 (5th Cir. 2000) and *In re Papio Keno Club, Inc*., 262 F.3d 725, 729 (8th Cir.

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

9    Case No. 24CV1077 RSH MMP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

2001) (stating that to constitute clear error, a decision "must strike the Court 'as wrong with the force of a five-week-old, unrefrigerated dead fish'"). Plaintiff demonstrates no such errors. Instead, Plaintiff accuses the Court of acting falsely and erroneously, making a series of accusations that are simply the next step in the complex web of conspiracy theories she has spun. And as discussed below, the Court's Order clearly and concisely lays out the reasons why Plaintiff's case was dismissed, including her violation of the Court's Order and the failure to state claims against any of the Defendants.

### 1.    The Court's conclusions regarding a newly added defendant are not clearly erroneous

Plaintiff claims that in order to dismiss her case, the Court invented a new legal entity: Hairenik Association. That is not what occurred and, thus, is not a clear error. Rather, the Court informed Plaintiff multiple times that she was not allowed to add any new parties to the case and that if she exceeded the scope of leave granted by adding new claims or defendants, "the Court will strike [the TAC]". [ECF No. 176 at 19:4-7, 19:14-16.] Despite the unambiguous language in the Court's Order, Plaintiff's TAC included a defendant that had not previously been named: ARF Eastern USA, Inc. Plaintiff claims that ARF is not a new defendant and that she "simply corrected the name of the legal entity added as a DOE defendant during previous amendment of her complaint."[2] Plaintiff did not, however advise the Court or the parties that she was correcting the misnomer and did not follow the proper procedure to do so (i.e., to seek leave to rename a defendant). Moreover, as the Court noted in its Order, Plaintiff referenced "ARF" numerous times in her prior pleadings, as an entity distinct from Hairenik (the name allegedly being corrected), demonstrating that it was not a name of a party that she was previously unaware of.

---

[2] It appears that Plaintiff changed her mind as to which Defendants to sue and used her TAC to try to correct that. But, according to Plaintiff, the name ARF Eastern USA, Inc. has been in existence since 2012.

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

[*See e.g.*, ECF No. 192 at 7:12-13.] In addition, the allegations against ARF in the TAC were different than the allegations against Hairenik in the SAC and no doe defendant named in the SAC corresponded with the allegations in the TAC against ARF, demonstrating that Plaintiff was not merely correcting an erroneous name of a defendant. And despite Plaintiff's claims in her motion, the Order providing Plaintiff with leave to amend did not state Plaintiff was given leave to correct names of defendants.

Plaintiff not only added a new defendant, she also added references to many additional members of the alleged conspiracies, referring to them as non-parties. That was an end-run around the Court's clear direction that Plaintiff not add any parties (and, thus, expand the already vast scope of her claims). As such, the Court committed no clear errors when describing these violations of its Order.

### 2. The Court did not act erroneously with Plaintiff's PACER account

Plaintiff – as she has done many times before in this case – complains about alleged problems she had with her PACER account and the Court's denial of her request to launch an investigation into the alleged interference with her PACER account. Plaintiff, however, has not in any way demonstrated how any of the issues she purportedly experienced with PACER were (1) the fault of the Court, and (2) if they were the Court's fault, constitute "clear errors to support a motion for reconsideration." (No other party has reported any problems with PACER, suggesting that the cause of any problems may lie with Plaintiff.) Moreover, Plaintiff has not established that the difficulties she encountered with PACER affected any of the grounds for dismissal addressed by the Court in its Order, and the Court did not rely on any issues Plaintiff had with PACER to justify dismissal of the TAC.

/ / /

/ / /

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

**3.**     **The Court's discussion of Plaintiff's improper font size and failure to properly redline the TAC are not clear errors and, instead, demonstrate violations of the Court's Order, rules, and procedures**

Plaintiff also challenges the Court's reference to her failure to comply with its requirements, including that size 14 font be used and that the TAC be redlined. Regarding the latter, Plaintiff claims that she complied with the rule. She did not.

Local Rule 15.1(c) states that "[a]ny amended pleading filed after the granting of a motion to dismiss or motion to strike with leave to amend must be accompanied by a version of that pleading that shows – through redlining underlining, strikeouts, or other similar effective typographic methods – how that pleading differs from the previously dismissed pleading." *See also* the Civil Pretrial and Trial Procedures for the Honorable Robert S. Huie, Rule III (I). In addition, the Order providing Plaintiff with an opportunity to amend her complaint specifically required Plaintiff to "file a redline version identifying the changes relative to the SAC" and cited Local Rule 15.1(c). [ECF No. 176 at 19:16-17.]

Despite the foregoing rules and directives, Plaintiff's TAC did not include any striking. Instead, it merely put some of the new language in red, thereby failing to indicate fully what language was deleted and/or revised.[3] Given the length of the Complaint (198 pages), it was virtually impossible for Defendants to efficiently determine all of the changes made between the SAC and the TAC, which is why redlining is required.

Similarly meritless is Plaintiff's argument that nothing required her new complaint to be in 14-size font. Local Rule 5.1 confirms that precisely such a

---

[3] "Redlining" is defined in part as "[t]he part of the process, usu[ally] automated, of creating, for an existing document, an interim version that shows, through strike-outs and other typographical features, all deletions and insertions made in the most recent revision." *Redlining*, Black's Law Dictionary (8th ed. 2004).

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

1  requirement exists: "Printed text, produced on a word processor or other computer,

2  may be proportionally spaced allowing 28 lines on one side of the document,

3  provided the type is no smaller than 14-point standard point." Documents typed with

4  a computer are printed text and, accordingly, must use a 14-size font.

5      Even if, arguendo, Plaintiff truly believed there was no local Court rule

6  requiring her to use 14-point font, the Order discussing the scope of leave to amend

7  specifically instructed Plaintiff that "[f]ilings must be in 14-point font." [ECF No.

8  176 at 22:5.]

9      Finally, the failure to redline the TAC and use 14-point font are far from the

10  only procedural violations in Plaintiff's many filings. As the Court noted, Plaintiff's

11  filings violated the page limits and often failed to identify a hearing for noticed

12  motions. [ECF No. 176 at 22:1-5; ECF No. 192 at 2:23-26; 5, n. 1; 7:25-8:7.]

13  Addressing those procedural violations, and factoring them into the determination of

14  whether dismissal was warranted, is in no way a clear error. To that end, Plaintiff's

15  motion lacks authority to support her position that the consideration of violations of

16  court orders is a clear error.

17      Rather, Plaintiff often argues that the rules the Court cited in the Order

18  dismissing the TAC do not exist. For example, with respect to her failure to identify

19  hearing dates on many of her motions, Plaintiff claims the Court stated that she

20  failed to file notices for her motions. Rather than acknowledge her own error,

21  Plaintiff equates this to a clear error on the Court's part because "Judge Robert

22  Huie's Civil Procedure rules have no requirement to file a notice for the motions."

23  But an attorney is obligated to comply with a judge's procedures, as well as all local

24  rules and the Federal Rules of Civil Procedure. Local Rule 7.1(f)(1), concerning

25  "Motions, Notices, Statement of Facts" explains that each motion or request for

26  ruling by the Court must include a Memorandum of Points and Authorities and a

27  caption listing the nature of the motion, hearing date and time, and judge who will

28  hear the motion And, the issue the Court identifies is the failure to provide notice of

hearing dates on all of Plaintiff's motions, not the failure to file a notice of motion altogether. [ECF No. 176 at 22:1-5, No. 192 at 2:23-26 and at 5, n. 1 and 7:25-8:4.] Even after Plaintiff was informed of her failure to comply with that rule, Plaintiff filed another motion that failed to provide a hearing date. [*See* ECF No. 192 at 5, n. 1; ECF No. 191.]

### 4. The Court's references to Plaintiff's status as an attorney were not clear errors

Plaintiff also claims that the Court attacked her personally because it referenced her status as a licensed lawyer. Plaintiff's unhappiness with the points the Court raised in its Order do not constitute a clear error. Plaintiff is in fact a licensed attorney and, as such, she is expected to know and comply with the Court's rules. Although Plaintiff may not like the Court's references to her status as a lawyer, nothing in the law establishes that noting so is a clear error. And in fact, it is not because the information goes to her state of mind and to what extent she should be culpable for violating court orders.

Similarly, Plaintiff's vague claims that the Court "destroyed" her case do not demonstrate any clear errors. Plaintiff is upset with the outcome of her lawsuit, but her unhappiness with the dismissal of the case and the decisions the Court made along the way do not constitute a clear error that supports amending the judgment. For example, Plaintiff complains that the Court – which gave her at least one extension every time Plaintiff sought one – did not agree to the specific extensions she requested, thereby, not providing her with enough time to respond to LACBA and the Orange County Bar Association's motions to dismiss (and making sure Plaintiff did not have enough time to draft her responses); denied her motion to disqualify Judge Huie; and provided Greystar with an extension to respond to the Complaint despite Greystar's alleged missed deadline to respond and Plaintiff's opposition to the extension request. But, again, Plaintiff does not demonstrate how these decisions were erroneous, nor can she make such a demonstration. A lawyer

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

with five years of experience who also authored an amended complaint following the filing of multiple motions to dismiss usually can oppose a motion to dismiss promptly because she presumably researched the law before drafting and filing her pleading in the first place (and, again, before filing the amended pleading).

### C.    The Court was Justified in Striking the Complaint

Plaintiff asserts that the Court erroneously struck her Complaint and, in doing so, she diminishes, or more accurately, ignores her own actions that led to the dismissal. The Court issued a detailed Order in response to the motions to dismiss, which allowed Plaintiff leave to file her fourth iteration of the complaint, but put restrictions on the amendment. As previously discussed, the Court clearly informed Plaintiff of the limitations of the leave provided and the need to comply with all applicable rules. [ECF No. 192.] Then the Court warned Plaintiff that if she exceeded the leave granted, the Court would strike the TAC. [ECF No. 176 at 19:14-16, 12:3-5.] The Court also warned Plaintiff that if she continued to fail to "follow applicable rules or orders in the future [such conduct] may result in filings being stricken." [*Id.* at 22:11-14.] Thereafter, the Court warned Plaintiff two more times of the need to adhere to the scope of leave granted. [ECF No. 182 at 2, 185.]

Despite the Court setting forth the rules Plaintiff must comply with and the scope of leave to amend, Plaintiff disregarded the Court's Orders, rules, and procedures with the filing of the TAC. A court can use its discretion and dismiss complaints that violate court orders. *See e.g.*, *Brasuell v. San Luis Obispo Cnty. Jail.*, No. 19-02320, 2022 WL 815854 (C.D. Cal. Mar. 16, 2022; *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("[w]hen a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal rules, it is reasonable to conclude that the litigant simply cannot state a claim"); *Brown v. CA DMV*, No. ED CV 18-1418-CJC(E), 2019 U.S. Dist. LEXIS 230510, at *15 (C.D. Cal. Feb. 25, 2019) ("The Third Amended Complaint adds Defendants without leave of court, also in violation of court order. In such circumstances, the Court would be

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

Case No. 24CV1077 RSH MMP

justified in dismissing the Third Amended Complaint and the action without leave to amend.").

Once again, although Plaintiff concludes that the Order striking her TAC was "a clear error of law," she provides no legal or factual support for that position. Plaintiff claims the Court's order was unconstitutional but does not demonstrate how. Plaintiff claims *ipse dixit* that the limitation on leave to amend her SAC were "prompted by the judge's personal concerns that he could be joined to this action as a Defendant," rather than the unruliness of litigating a case against over 30 defendants, many of whom have absolutely no connection to one another and are accused of completely different wrongdoings (which Plaintiff ties together by concluding that everyone has conspired with each other to harm her).

Although Plaintiff disputes most if not all of the points raised in the Court's Order, her quibbling with the Court's decision, once again, does not demonstrate any clear errors and, rather, demonstrates Plaintiff's misunderstanding of the rules and procedures she must comply with and learn.

### 1.    Plaintiff's Complaints did not state a claim

Plaintiff appears to be under the misconception that the Court dismissed her TAC for small technical violations – which she does not even acknowledge committing – as a ruse because the Court had ulterior motives for dismissing the TAC. Importantly, Plaintiff ignores the substantive issues laid out in the Court's Order, including that the TAC does not state a cause of action.

Significantly, Plaintiff's SAC was dismissed because it failed to state a federal claim against any defendant. [ECF No. 192 at 9:8-10; *see also* ECF No. 176.] In its Order dismissing the SAC, the Court explained that Plaintiff had failed "to adequately plead a single cognizable federal claim against any one of the defendants she has sued." [ECF No. 176 at 19:1-6.] That deficiency remains in the TAC. Again, Plaintiff's TAC – at 198 pages long – is about 150% longer than the already lengthy SAC. But the longer complaint only resulted in less, rather than

ROSING POTT & STROHBEHN
IN PARTNERSHP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

1  more, plausible claims. Regarding the TAC, again, the Court observed: "Plaintiff

2  has sued over 30 defendants, has amended her complaint more than once, and has

3  failed to state a single claim against a single defendant that is not subject to

4  dismissal." [ECF No. 192 at 8:9-11.]

5  **2.    The relevant factors weigh in favor of dismissal**

6  The Court set forth and analyzed the factors a district court weighs when

7  determining whether to dismiss a case for failure to comply with a court order,

8  which support the dismissal of the TAC. [ECF 192 at 7-8.] A district court weighs

9  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

10  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

11  favoring disposition of cases on their merits; and (5) the availability of less drastic

12  alternatives. *Id*.; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992).

13  Instead of demonstrating the Court's clear errors with respect to this analysis

14  and determination, Plaintiff simply disagrees with the Court's conclusions and

15  provides her own analysis of the factors. This, once more, falls far short of what is

16  needed to amend or alter the judgment. And, as described below, the Court's

17  analysis was not clearly erroneous, or even erroneous at all.

18  Regarding the first factor – the public's interest in expeditious resolution of

19  litigation – the Court explained that the public's interest in expeditious resolution of

20  litigation always favors dismissal. [ECF 192 at 7, citing *Yourish v. Cal. Amplifier*,

21  191 F.3d 983, 990 (9th Cir. 1999).] The dismissal happened about nine months after

22  Plaintiff had filed her lawsuit and none of her claims survived. Plaintiff again

23  overlooks the fact that the Court's Order regarding the motions to dismiss the SAC

24  found that Plaintiff had not stated any claims against any of the defendants. The

25  TAC did not cure that defect.

26  Turning to the Court's need to manage its docket, the Court explained that

27  "the docket is replete with Plaintiff's filings, including filings that she later

28  withdrew [*see* ECF Nos. 90, 95, 150 (notices of withdrawal)]; efforts to relitigate

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

issues previously decided [ECF Nos. 151, 184 (ex parte motions for

reconsideration)]; and an 'emergency motion to investigate instances of tampering

with my PACER account,' accusing the Clerk's Office of conspiring to interfere

with her ability to electronically file. [ECF No. 88]" [ECF No. 192 at 7:20-25.] The

Court also noted that Plaintiff "repeatedly failed to comply with rules applicable to

noticed motions, such as providing a hearing date so that opposing parties have a

timeframe to file a response, although the Court has accepted her filings

nonetheless. *See, e.g.*, ECF Nos. 10 (motion for leave to amend), 59 (motion for

leave to amend), 99 (motion for default judgment), 147 (motion to disqualify), 191

(motion to withdraw summons)." [ECF No. 192 at 7:25-8:4.] Plaintiff, according to

the Court (and as reflected in her filings), "routinely exceeded permitted page limits

without seeking or obtaining leave. [ECF Nos. 128, 145, 155, 164.]" [ECF No. 192

at 4-6.] Thus, managing the Court's docket weighed in favor of dismissal.

   As for the third factor, prejudice to Defendants, the Court found that prejudice

to Defendants associated with continuing to litigate the case is significant. Here, as

mentioned above, the Court noted that Plaintiff had sued over 30 defendants, "has

amended her complaint more than once, and has failed to state a single claim against

a single defendant that is not subject to dismissal." [ECF No. 192 at 8:9-11.] The

Court further explained that Plaintiff "accuses Defendants of extensive criminal

conduct, and her pleadings frequently adopt a tone of animus, hostility, suspicion or

sarcasm referring to Defendants," and her TAC "repeats and seeks to vindicate her

past statements that another ethnic group's home country is a 'carcinoma' and that

'we have to delete [that ethnic group's] project as soon as possible." [ECF No. 192,

citing ECF No. 189, ¶¶ 161, 168.] Further, Plaintiff alleged that all Defendants, who

appear unrelated to each other, conspired together to harm her. [ECF No. 192 at

8:16-18.] In addition, "the TAC continues to ascribe events in [Plaintiff's] life –

such as discovering flies in her apartment on one occasion, finding a cockroach in

her hotel room, or having her car towed after parking in someone else's spot in her

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

building – to the malevolent conspiracy of Defendants without any factual basis for this ascription plausibly alleged." [*Id.* at 8:20-23.] Moreover, the TAC expands "the alleged conspiracy even wider" and "now sweeps even more broadly, accusing the Defendants of (among other things) international terrorism as well as engaging the U.S. Congress to persecute her." [*Id.* at 8:19, 8:24-9:2.] The Court also noted that Plaintiff added numerous non-party conspirators, including California state court judges, with "the implication [being] that persons who have displeased Plaintiff are thereby part of a criminal conspiracy against her." [*Id.* at 8:19-9:5.] Because the TAC obligates the Defendants to respond to "expanding pleadings that diverge even further from plausibility" the prejudice factor weighs in favor of dismissal. [*Id.* at 9:5-6.]

The Court acknowledged that the fourth factor – public policy favoring disposition of cases on the merits – always weighs against dismissal. [ECF No. 192, at 9:7-8.] It also noted, however, that "the Court has already addressed the merits of Plaintiff's lengthy SAC as a matter of pleading, and determined that it failed to state a federal claim." [*Id.* at 9:8-10] The TAC is no different.

Finally, with respect to the fifth factor – the availability of less drastic alternatives – the Court concluded that no less drastic alternative was available. [ECF No. 192, at 9:11-22.] The Court explained that it considered alternatives to dismissal, including giving another opportunity to file a compliant pleading ("despite previously extending [Plaintiff's] time twice and indicating that no further extension would be granted"); striking the portions of the TAC that referred to the new defendant ARF; or waiving the requirements of a redline and the font size. The Court found that none of those options were satisfactory as each involved either the Court doing the Plaintiff's work or changing the rules to accommodate Plaintiff, after already repeatedly excusing non-compliant filings and providing Plaintiff with specific instructions for amendment. [*Id.* at 9:12-21.]

/ / /

19

Case No. 24CV1077 RSH MMP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

1    Thus, the Court concluded that, "[o]n balance, dismissal is warranted." [ECF

2  No. 192 at 9:23.] Nowhere in Plaintiff's Motion does she demonstrate that or how

3  that decision was clearly erroneous.

4    **D.    A Motion for Reconsideration Cannot Repeat Arguments**

5       **Previously Made**

6    Finally, much of Plaintiff's motion repeats and reargues her theories of

7  various conspiracies and international terrorism. Repeating such allegations and

8  arguments in no way demonstrates that any error, let alone clear error, occurred with

9  respect to the Court's Order. *See e.g.*, *American Ironworks & Erectors, Inc. v. North*

10 *American Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (rehashing arguments

11 raised in support of the position taken in the underlying motion, or pleading, is not a

12 basis for reconsideration of the prior order). Rather, Plaintiff confirms that she

13 simply disagrees with the Court's decision and would like the Court to rule

14 differently: her way.

15    Although it is indisputable that Plaintiff disagrees with the Court's application

16 of existing law, Plaintiff's disagreement does not constitute a manifest error or

17 injustice justifying Rule 59(e) relief. *See e.g.*, *Hutchinson v. Stanton*, 994 F.2d 1076,

18 1081-82 (4th Circ. 1993) ("Mere disagreement" with how a court applies existing

19 law does not constitute grounds to alter or amend a judgment).

20 **IV.    CONCLUSION**

21    Rehashing old (meritless) arguments is not proper grounds for reconsideration

22 or amending a judgment. Neither is Plaintiff's disagreement with or dislike of the

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

1  Court's ruling. For the reasons set forth herein, Defendants jointly respectfully

2  submit that the Court should deny Plaintiff's motion to amend the judgment.

ROSING POTT & STROHBEHN
in partnership with Zelms Erlich & Lenkov

DATED:  May 28, 2025          By: _____/s/ *Leah A. Plaskin Lorenz*_____
Heather L. Rosing
Leah A. Plaskin Lorenz
Attorneys for Defendants LOS ANGELES
COUNTY BAR ASSOCIATION, COCO
SU, and SETH CHAVEZ

SJL LAW LLP

DATED:  May 28, 2025          By: _____/s/ *Marcelo lee*_____
Marcelo Lee
Attorneys for Defendant KIA AMERICA,
INC.

LAW OFFICES OF ADRIANOS FACCHETTI,
P.C.

DATED:  May 28, 2025          By: _____/s/ *Adrianos Facchetti*_____
Adrianos Facchetti
Attorneys for Defendants YELP INC. and
JEREMY STOPPELMAN

/ / /

/ / /

ROSING POTT & STROHBEHN
IN PARTNERSHP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025

SCHWARTZ SEMERDJIAN CAULEY
SCHENA & BUSH LLP

DATED: May 28, 2025      By: _____ /s/ *Chad Thurston*_____
                                Chad Thurston
                                Attorneys for Defendants ARMENIAN
                                NATIONAL COMMITTEE OF
                                AMERICA, ARAM HAMPARIAN and
                                ARMENIAN NATIONAL COMMITTEE
                                OF AMERICA WESTERN REGION


WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

DATED: May 28, 2025      By: _____ /s/ *Jessica R.K. Dorman*_____
                                Jessica R.K. Dorman
                                Attorneys for Defendant GREYSTAR
                                CALIFORNIA

THE COWAN LAW FIRM

DATED: May 28, 2025      By: _____ /s/ Jeffrey W. Cowan_____
                                Jeffrey W. Cowan
                                Attorneys for Defendants SEARCH
                                NETWORK, INC. and JAKE BALOIAN


SALL SPENCER CALLAS & KRUEGER

DATED: May 28, 2025      By: _____ /s/ *Suzanne Burke Spencer*_____
                                Suzanne Burke Spencer
                                Attorneys for Defendants ORANGE
                                COUNTY BAR ASSOCIATION, TRUDY
                                LEVINDOFSKE and TERESA VUKI

ROSING POTT & STROHBEHN
IN PARTNERSHIP WITH ZELMS ERLICH & LENKOV
501 WEST BROADWAY, SUITE A380
SAN DIEGO, CALIFORNIA 92101

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND OR ALTER COURT'S JUDGMENT AND ORDER ENTERED ON APRIL 14, 2025