AYNUR BAGHIRZADE
7514 Girard Avenue Ste 1
# 1208, La Jolla, CA, 92037
Phone: 619-776-4882
Email: contact@aynurlawyers.com

*AYNUR BAGHIRZADE, IN PRO SE*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA, et al., | Case No.: 3:24-CV-01077-RSH-MMP<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>PER CHAMBERS RULES, NO ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Presiding Judge: Hon. Robert Huie<br>Magistrate Judge : Hon. Michelle M. Petit |

# TABLE OF CONTENTS

I.   INTRODUCTION …………………………………………………………….6

II.  ARGUMENTS……………………………………………………………….6

    1. COURT ORDER WAS ERRONEOUS ON SEVERAL GROUNDS.6

    2. ALLEGATIONS THAT PLAINTIFF MUST HAVE FOLLOWED NONEXISTENT STANDARD IN FEDERAL LAW DO NOT CONFORM TO THE LAW……………………………………………………………………….8

    3 CLOSING PLAINTIFF'S PACER ACCOUNT BY COURT HAS RESULTED IN MANIFEST INJUSTICE AND CONSTITUTED HIGHLY UNUSUAL CIRCUMSTANCES…………………………………………………9

    4. FONT SIZE AND REDLINING CAN'T BE THE GROUND TO STRIKE THE COMPLAINT ABSENT PLAINTIFF ADDING NEW DEFENDANT, AND IN ANY CASE THOSE TECHNICAL ISSUES WERE NOT IN VIOLATION OF COURT ORDER OR OTHER PROCEDURES…………..10

    5. THE COURT'S REFERRING TO THE PLAINTIFF'S STATUS AS AN ATTORNEY WAS CLEARLY ERRONEOUS, MANIFESTLY UNJUST AND HIGHLY UNUSUAL………………………………………………………….12

    6. COURT COMMITTED CLEAR ERROR WHEN STRUCK PLAINTIFF'S TAC IN VIOLATION OF ALL APPLICABLE LAWS, RULES AND ITS OWN ORDER…………………………………………………………..13

    7. COURT CLEARLY ERRED IN ANNOUNCING IN ITS DECISION THAT PLAINTIFF FAILED TO STATE A CLAIM IN HER TAC AND THE LENGTH OF THE TAC CAN'T BE A GROUND TO DISMISS A COMPLAINT…………………………………………………………………14

8. CONTRARY TO DEFENDANTS' ALLEGATIONS PLAINTIFF BROUGHT ENOUGH ARGUMENTS TO ESTABLISH THAT DETERMINATION OF THE COURT THAT THE RELEVANT FACTORS WEIGH IN FAVOR OF DISMISSAL IS ERRONEOUS………………………..15

III. CONSLUSION…………………………………………………..15

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES

3

Case No.: 3:24-CV-01077-RSH-MMP

# TABLE OF AUTHORITIES

*CASES:*

*Ashcroft v. Iqbal,*
    556 U.S. 662, 663-64 (2009)……………………………………………..14

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)……………………………………………………….14

*Brasuell v. San Luis Obispo Cnty. Jail.,*
    No. 19-02320, 2022 WL 815854……………………………………………13

*Brown v. CA DMV,*
    No. ED CV 18-1418-CJC(E), 2019 U.S. Dist. LEXIS 230510…………..14

*Curtis Pub. Co. v. Butts,*
    388 U.S. 130, 168, 87 S. Ct. 1975, 1998, 18 L. Ed. 2d 1094 (1967)……..12

*Ferdik v. Bonzelet,*
    963 F.2d 1258, 1260 (9th Cir.1992)……………………………………….10

*Garlanger v. Verbeke,*
    223 F.Supp.2d 596, 609 (D.N.J. 2009)……………………………………11

*Herzog v. A Co.,*
    138 Cal. App. 3d 656, 660, 188 Cal. Rptr. 155, 157 (Ct. App. 1982)…….12

*Hill v. Gastelo,*
    No. 2:20-CV-11015-MWF-JC, 2022 WL 21739126……………………6, 7

*In re Novatel Wireless Securities Litig.,*
    2012 WL 249900…………………………………………………………..6

*Innovative Water Consulting, LLC v. SA Hosp. Acquisition Grp., LLC,*
    No. 122CV00500TWPMJD, 2023 WL 130531…………………………..11

*Knapp v. Hogan,*
    738 F.3d 1106, 1110 (9th Cir. 2013)……………………………………….13

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES

4

Case No.: 3:24-CV-01077-RSH-MMP

*Lajevardi v. United States Dep't of Homeland Sec.,*
   No. SACV141249AGANX, 2015 WL 10990359…………………………….9

*Tijerino v. Miller,*
   No. CV 23-7391, 2025 WL 1411931…………………………………………7

*United States v. Loyola-Dominguez,*
   125 F.3d 1315, 1318 (9th Cir. 1997)………………………………………….9


**STATUTES:**
Federal Rules of Civil Procedure, § 12 (f)……………………………….6, 10, 11, 15
Federal Rules of Civil Procedure, § 15……………………………………………..8
Federal Rules of Civil Procedure, § 59 (e)………………………………………….6

**OTHER AUTHORITIES:**
L.R. 15.1 (a) of U.S. Southern District Court of California……………………..8
L.R. 15.1 (c) of U.S. Southern District Courts of California……………………10

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES
5
Case No.: 3:24-CV-01077-RSH-MMP

## I. INTRODUCTION

Defendants refer to past filings of Plaintiff to justify the drastic measure of dismissal of her TAC while knowing that past filings of Plaintiff are irrelevant because court struck the amended complaint for the alleged non-compliance with its order. The alleged non-compliance was that 1) Plaintiff added new party; 2) Plaintiff used incorrect font size; 3) Plaintiff didn't use redlining in the draft version of the amended complaint she submitted to court. Since, none of these allegations are justified under Rule 12 (f) of F.R.C.P. allowing court to strike the complaint on its own, court's judgement was clearly erroneous, was manifestly unjust and was issued under highly unusual circumstances. Plaintiff does not also understand why Defendants brought the issue of her Constitutional right to sue. Plaintiff has a right to sue judges and even politicians, this is a fact. Plaintiff didn't threaten anybody, rather she restated a well known principle in Law - Dura lex, sed lex.

## II. ARGUMENTS

**1.   Court order was erroneous on several grounds, not just because the Court committed clear error of fact.**

Defendants argue that Plaintiff filed her 59 (e) motion based only on the ground that Court committed clear error of fact, while it was brought on several grounds, including *clear error of fact and law, manifest injustice, new evidence which Plaintiff didn't have a chance to bring and highly unusual circumstances.* Relief under Rule 59(e) is available only for: (1) a court's clear error of law or fact; (2) "newly discovered or previously unavailable evidence"; (3) a "manifestly unjust" decision; or (4) "an intervening change in the controlling law." *Hill v. Gastelo*, No. 2:20-CV-11015-MWF-JC, 2022 WL 21739126, at *1 (C.D. Cal. June 3, 2022). Further, with regards to clear error of fact Defendants cite an old 9th Circuit case (*In re Novatel Wireless Securities Litig.*, 2012 WL 249900 case) which

states that this jurisdiction didn't define what is a "clear error" and that's why it refers to cases from other jurisdictions, while Plaintiff brought a later standard elaborated by this jurisdiction with regard to what constitutes a "clear error" in terms of motions for reconsideration. "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Hill v. Gastelo*, No. 2:20-CV-11015-MWF-JC, 2022 WL 21739126, at *1 (C.D. Cal. **June 3, 2022**). Court's judgment is clearly erroneous because it invented a new legal entity to justify dismissal - Hairenik Association and it is erroneous because it invented a new Law to claim that Plaintiff couldn't state a claim in her TAC while knowing that a different standard applies when the court strikes the complaint on its own. Court decision was also manifestly unjust. "A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable. In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.". *Tijerino v. Miller,* No. CV 23-7391, 2025 WL 1411931, at *4 (E.D. La. May 15, 2025). The error of the court in inventing a new legal entity to dismiss TAC is apparent from the record of the case. It is also indisputable that there is no Hairenik Association in this physical world and there is only ARF Eastern USA, Inc. which was added by the Plaintiff to her SAC as one of the Doe defendants and so, it was not a new Defendant in her TAC at all. The record is also full with Plaintiff's motions requesting leave to amend because her Pacer account was closed precisely at the deadlines. The docket has two motions to recuse the judge and one appeal from the judge's decision denying to recuse himself - so, the record is clearly patently unfair and tainted with the error. Plaintiff also presented the evidence of the public records with her motion to alter or amend that Hairenik Association is indeed an old name of ARF - Plaintiff couldn't present this evidence before

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES

7

Case No.: 3:24-CV-01077-RSH-MMP

because court struck her TAC without giving her a chance to explain why she considers Hairenik and ARF same organization, instead court wanted Plaintiff to serve her amended complaint on all 30 defendants again by separating Hairenik from ARF and erroneously presenting them as different defendants in its amended summons contrary to Plaintiff's pleading (ECF. No. 190). Unusual circumstances are also present, it is unusual when the Plaintiff files two motions to recuse the judge, one appeal from the judge's decision denying to recuse himself and one misconduct complaint and is forced almost to beg the Court to keep open her pacer account so that she can file her documents on time.

**2. Allegations of Defendants that Plaintiff must have followed nonexistent standard in federal Law do not conform to the Law.**

Defendants argue that Plaintiff must have filed a separate motion asking leave of court to correct the name of Hairenik which is completely false. Any "correction of the name" in the complaint is regulated by Rule 15 of F.R.C.P. ("Amended and Supplemented Pleading"), which means that correcting the name of the defendant is considered by court as amendment of the complaint and filing a separate motion to correct the name will not work. Further, LR 15.1.(a) states that "Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading." So, basically Defendants argue that the Plaintiff must have filed a separate motion seeking a leave of court to amend her complaint after such leave has been already granted by the court. Moreover, court order issued on April 14, 2025, has nothing stating that Plaintiff is prohibited from correcting the names of already existing defendants and ARF has been an already existing defendant, simply Plaintiff corrected its name in the TAC. Absent express language in the court oder stating that correcting the names of the existing defendants are not allowed and that the pleading will be struck if the Plaintiff does so, arguments of

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES

8

Case No.: 3:24-CV-01077-RSH-MMP

defendants fail. Further, arguments that ARF is a different legal entity than Hairenik do not conform to the evidence provided by the Plaintiff. "Filing a declaration under penalty of perjury is a means of providing evidence." *Lajevardi v. United States Dep't of Homeland Sec.,* No. SACV141249AGANX, 2015 WL 10990359, at *3 (C.D. Cal. Oct. 16, 2015). Plaintiff provided this court with the evidence that Hairenik Association is an old name of ARF Eastern USA, Inc. in her declaration given under penalty of perjury (ECF No. 191, ¶ 3). Further, she submitted a public record from Massachusetts Secretary of State with her motion to amend or alter (ECF. 200, Exhibit C1 - C2) that Hairenik Association is indeed an old name of ARF Eastern USA, Inc. "…documents that fall under the public records exception "are presumed trustworthy, placing 'the burden of establishing untrustworthiness on the opponent of the evidence." *United States v. Loyola-Dominguez,* 125 F.3d 1315, 1318 (9th Cir. 1997). Defendants could't rebut this evidence by anything except by engaging in speculation that there are separate legal entities - ARF and Hairenik. Contrary to allegations of defendants, non-party co-conspirators in the case are not defendants and, therefore, can't be claimed as parties to the TAC.

**3.    Closing Plaintiff's Pacer account by Court has resulted in manifest injustice and constituted highly unusual circumstances.**

The fact that only Plaintiff's pacer account was closed at the deadlines only tends to prove Plaintiff's view that there was a conspiracy to destroy the case. This resulted in filing by the Plaintiff numerous motions requesting the court to accept her late filings, resulted in one defendant's motion to come earlier than her request for default of this Defendant (ECF. No. 110), stressed Plaintiff and made her to file several motions, including to investigate the instances of her Pacer account's closures (ECF. No. 88) and subsequently to recuse the judge (ECF. No. 147, ECF. No. 159) - somehow defendants think that this was normal.

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES

9

Case No.: 3:24-CV-01077-RSH-MMP

**4.     Font size and redlining can't be the ground to strike the complaint absent Plaintiff adding new defendant, and in any case those technical issues were not in violation of the court order or existing procedures.**

" Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (emphasis added). Defendants think that font size and alleged absence of the redlining in Plaintiff's draft to her amended complaint are extreme circumstances warranting dismissal of her TAC. Since Plaintiff brought the evidence that she didn't add any new defendant, dismissal of the complaint because of alleged technical issues is not warranted. Besides, LR 15.1. (c) to which court refers in its order is not strict in choice of the methods as it states in relevant part that the difference can be shown by "other similarly effective typographic methods". As Plaintiff explained in her motion, over 90 % of her SAC was changed, defendants accept it themselves that her SAC from 78 pages went to 196 pages in her TAC, therefore, contrary to allegations of defendants it was impossible not to notice the changes and not to see what exactly was changed. Defendants claim that they were prejudiced but their problem is that Plaintiff's complaint was not struck based on their motions to strike to claim prejudice or delay, it was struck by court *sua sponte*, meaning that court action shall be justified under Rule 12 (f) of F.R.C.P. and it does not. Absence of redlining in the text is not "insufficient defense or redundant, immaterial, impertinent, or scandalous matter. The font size similarly does not justify striking and dismissing a well pleaded complaint. Even if 14 font size was required in drafting a complaint court waved it at a very beginning by accepting Plaintiff's complaint written in 12 font size and court didn't make it conditional in its order that Plaintiff's TAC must be 14 font size. Defendants' allegations that the court order required her to file TAC in 14 size font is not true, the so called requirement concerned motions Plaintiff submitted (ECF. No. 176, at

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES
10
Case No.: 3:24-CV-01077-RSH-MMP

1  22:1-10 ). If the court wanted exactly TAC to be filed in 14 font size it must have
2  made it clear in its order with regard to TAC at point and not past motions Plaintiff
3  filed. Further, Plaintiff submitted only two motions in 12 font size, both of them
4  were submitted as such because Plaintiff raised the constitutionality of the statute
5  on which defendants Google and Yelp based their arguments (ECF. No. 128).
6  Later, Plaintiff submitted her opposition to Yelp's motion to strike her response
7  (ECF. No. 135). where she explained that the pleadings were in excess of page
8  limit and submitted in 12 font size because she challenged constitutionality of the
9  statute and that the issue of constitutionality was raised first time by Plaintiff's
10 motion, and the court agreed with Plaintiff's arguments. Defendants are engaged in
11 arguing technical questions somehow claiming that font size is more important
12 than U.S. Constitution, civil rights and public corruption - issues which were raised
13 by TAC. Moreover, as Plaintiff explained in her motion, dismissal of Plaintiff's
14 complaint because of the font size is not justified under rule 12 (f) of F.R.C.P. It
15 would not be even justified if defendants filed their motions to strike. "Motions to
16 strike are generally disfavored." *Innovative Water Consulting, LLC v. SA Hosp.*
17 *Acquisition Grp., LLC*, No. 122CV00500TWPMJD, 2023 WL 130531, at *3 (S.D.
18 Ind. Jan. 9, 2023). "To succeed on a motion to strike, the moving party must show
19 that the allegations in the complaint "have no possible relation to the controversy
20 and may cause prejudice to one of the parties, or [that] the allegations confuse the
21 issues." *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2009). How 12 font
22 size prejudiced the parties or confused the issues or how it was "insufficient
23 defense or redundant, immaterial, impertinent, or scandalous matter" under Rule
24 12 (f) of F.R.C.P. is not clear. Besides, as it was explained in the motion of
25 Plaintiff, font size of 14 is not required by Local Rules ("LR"). LR requires a font
26 size not less than 10 in all typewritten text. The wording "typewritten" refers to the
27 documents which were typed on a typewriter or computer keyboard in American
28

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES
11
Case No.: 3:24-CV-01077-RSH-MMP

English according to Collins dictionary (available at collinsdictionary.com ) while printed document in American English refers to a hard copy, produced by printer or any other equivalent means. This terms signifies a physical, paper-based version of a document, in contrast to an electronic or digital version according to the same source.

**5.    The court's referring to the Plaintiff's status as an attorney was clearly erroneous, manifestly unjust and highly unusual.**

Supreme Court in the case *Curtis Pub. Co. v. Butts,* 388 U.S. 130, 168, 87 S. Ct. 1975, 1998, 18 L. Ed. 2d 1094 (1967) noted "In every case of privileged communications, if the privilege is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action". In a case *Herzog v. A Co.* California Court of Appeals stated "47, subdivision (2) provides absolute privilege for documents in judicial proceedings. The privilege has been judicially extended to any communication related to litigation or proposed litigation other than defamation.…" *Herzog v. A Co.*, 138 Cal. App. 3d 656, 660, 188 Cal. Rptr. 155, 157 (Ct. App. 1982). As foregoing facts show, past filings of the Plaintiff are irrelevant to the matter of dismissal of her TAC, and as such numerous references by both defendants and court that "Plaintiff is a licensed attorney" who allegedly filed incorrect past pleadings before filing her TAC constitute illegal harassment and libel. Court's docket is empty in terms of the evidence to prove these allegations - there are no court sanctions, except one where Plaintiff challenged constitutionality of the statute first time in her motion and then nevertheless brought her pleading in compliance with the court order, no oppositions filed by the defendants complaining of the forms, no evidence of her late filings except when her pacer account was restricted at the deadlines. Court and now counsels in this case do everything to paint Plaintiff as unprofessional lawyer totally in

compliance with the goals of the enterprise, and, thus, those statements unprivileged, they are not brought with the bona fide intent to litigate the case. Court was also advised of the fact that Plaintiff is a **single** attorney suing 30 defendants all of whom filed their motions to dismiss. Instead of giving her sufficient time to file her pleadings, court was engaged in reducing the time she requested in all her second motions for extensions of time and ordering that no further extension will be granted in a complex RICO case against 30 defendants where Plaintiff was a single attorney. And all this happened along with numerous closures of Plaintiff's pacer account on almost every deadline for her to file her opposition.

**6.    Court committed clear error when struck Plaintiff's TAC in violation of all applicable Laws, rules and its own order.**

Despite defendants' efforts, Plaintiff couldn't find a single federal case where the amended complaint was dismissed solely because of absence of redlinings and incorrect font sizes. Cases referred by the defendants to backup their allegations are those where Plaintiff committed serious violations of laws and rules before the court dismissed the case. In the case *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) the case was dismissed when the Plaintiff filed numerous frivolous, malicious actions which were all dismissed, and the court used Prison Litigation Reform Act to dismiss the acton, in other words, there was another law applicable to prison inmates allowing the court to dismiss the action, the Plaintiff in this case is not a prisoner who filed three frivolous actions before and where all of them were dismissed by courts. In the case *Brasuell v. San Luis Obispo Cnty. Jail.,* No. 19-02320, 2022 WL 815854, to which defendants refer to back up their allegations, the court dismissed a fourth amended complaint of the Plaintiff after Plaintiff failed to cure the deficiencies and added new claims and parties in violation of the court order. Plaintiff in this case filed her TAC in compliance with

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES
13

Case No.: 3:24-CV-01077-RSH-MMP

the court order without adding any new claims or parties. The same is true about *Brown v. CA DMV*, No. ED CV 18-1418-CJC(E), 2019 U.S. Dist. LEXIS 230510 case - the complaint was dismissed because the plaintiff added new defendant in violation of the court order. None of them were issued because Plaintiff previously filed wrong motions, *ex partes*, or filed her amended complaint by using wrong font size or didn't use redlining in the draft version of her amended complaint. Plaintiff understands that defendants want milk to be black, but the milk is still white. Since the Plaintiff brought enough evidence establishing that ARF and Hairenik are same defendant and that Hairenik was added as a defendant to her SAC, neither court nor defendants can argue now that she added a new party to her TAC, defendants were welcome to show their evidence to oppose Plaintiff's evidence but they didn't, instead they were engaged in empty speculations.

**7. Court clearly erred in announcing in its decision that Plaintiff failed to state a claim in her TAC and the length of the TAC can't be a ground to dismiss a complaint.**

Court struck and dismissed the action on its own without giving any defendants a chance to file his response. "*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true. We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be. See 550 U.S., at 555, 127 S.Ct. 1955" *Ashcroft v. Iqbal,* 556 U.S. 662, 695–96, 129 S. Ct. 1937, 1959, 173 L. Ed. 2d 868 (2009). Moreover, the standard to accept all Plaintiff's allegations as true is applied when parties file motions to dismiss, since no such motion was filed this standard is not even applicable. Instead, both court and defendants apply a brand new, completely invented standard *that all allegations of Plaintiff can't be true after court strikes on its own Plaintiff's TAC.* Court brings fantastic justifications to its decision that congressmen and judges are above the law, they *per se* are

PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO MOTION TO AMEND OR ALTER THE JUDGMENT AND ORDER ISSUED ON APRIL 14, 2025; MEMORANDUM OF POINTS AND AUTHORITIES
14

Case No.: 3:24-CV-01077-RSH-MMP

incapable to do any wrongdoing, that the Plaintiff somehow must bear the responsibility that 7 judges in California disregarded their professional obligations and ethical duties, further court argues that ARF and Hairenik are different legal entities while Plaintiff brought an evidence that they are not. Allegations that Plaintiff filed a lengthy complaint are completely baseless as F.R.C.P. has no limit on the number of pages of the complaint Plaintiff can file. Besides, the court order required Plaintiff to plead all instances of fraud with particularity and plead more facts on commonality (ECF. No. 176, at 9:19 - 24, at 11:8 -18) and since Plaintiff had 30 defendants this made her complaint heavy. 196 pages per 30 defendants Plaintiff has does not make even 7 pages per defendant. And again, the issue whether Plaintiff's complaint was plausible or not could be considered by the court after defendants filed their motions, nothing under Rule 12 (f) of F.R.C.P. states any grounds giving the judge the right to dismiss the complaint as unplausible *sua sponte*.

**8. Contrary to defendants' allegations Plaintiff brought enough arguments to establish that determination of the court that the relevant factors weigh in favor of dismissal is erroneous.**

Since the Plaintiff's TAC was improperly struck by the court any determination that the relevant factors weigh in favor of dismissal is clearly erroneous too. Neither court, nor defendants could show any extreme circumstances justifying harsh penalty of dismissal. Trivial issues like font size and redlining absent evidence that Plaintiff added new party or claim can't justify dismissal and there are no court precedents to this end.

**III. CONCLUSION**

In lieu of all foregoing Plaintiff respectfully asks the court to vacate its judgment and orders which merged with the judgment and continue litigation based on her TAC.

1   DATED: 06/04/2025                              /s/ Aynur Baghirzade
2                                                  Plaintiff: Aynur Baghirzade