UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYNUR BAGHIRZADE,<br><br>Plaintiff,<br><br>v.<br><br>ARMENIAN NATIONAL COMMITTEE OF AMERICA et al.,<br><br>Defendants. | Case No.: 24-cv-1077-RSH-MMP<br><br>**ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO AMEND JUDGMENT**<br><br>[ECF No. 200] |

    On April 14, 2025, the Court ordered the striking of Plaintiff's Third Amended Complaint ("TAC"), and dismissal of the action, based on Plaintiff's failure to comply with the Court's earlier order of February 27, 2025 as well as applicable local rules specifically referenced in that order. *See* ECF Nos. 176, 192. Judgment was entered the same day. ECF No. 193.

    On May 7, 2025, Plaintiff filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court's April 14, 2025 order was legally

erroneous. ECF No. 200. Defendants Los Angeles County Bar Association, Coco Su, and Seth Chavez filed an opposition, and Plaintiff filed a reply. ECF Nos. 204, 205.

The Court denies Plaintiff's motion to amend. The Court's April 14, 2025 order was appropriate, for the reasons stated in that order. ECF No. 192.

Indeed, Plaintiff's Rule 59(e) motion further *supports* the Court's prior dismissal of the action. In its April 14, 2025 order, ECF No. 192 at 7-10, the Court analyzed several factors in determining whether dismissal was warranted:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (internal quotations and citations omitted). Plaintiff's Rule 59(e) motion illustrates how excusing Plaintiff's noncompliance would disserve the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, would pose a continued risk of prejudice to Defendants, and would not materially advance the disposition of this case on the merits; the motion also highlights the futility of less drastic alternatives to dismissal.

Plaintiff has never tendered a TAC that complies with the Court's prior order and the local rules. Rather than asking for the opportunity to file such a pleading, Plaintiff's Rule 59(e) motion accuses the Court of deliberately misapplying those rules. *See* ECF No. 200-1 at 6 (alleging that Court's actions "were done not for the purpose to serve the justice but to avoid judge's potential disqualification from the case as well as to save criminal enterprise from responsibility for its action"). *See also id.* at 7 (alleging that the undersigned declined to recuse, "doing his best both to destroy the case and to avoid the responsibility for his actions"). Plaintiff also falsely accuses the Court and its staff, as she has in the past, of intentionally creating technical problems with the Court's electronic case file system in order to thwart and antagonize her. *See, e.g., id.* at 14 ("[J]udge and his staff

in court did everything to destroy Plaintiff's case from the beginning. Plaintiff's pacer account was closed by the court specifically at the deadlines."); *id.* at 6-7 (alleging "continuous closures of Plaintiff's pacer account during crucial deadlines for her" as "prov[ing]" an "improper attempt" by the Court to shield a defendant in the case); ECF No. 205 at 9 ("The fact that only Plaintiff's pacer account was closed at the deadlines only tends to prove Plaintiff's view that there was a conspiracy to destroy the case."). Plaintiff further alleges the Court "invent[ed]" an entity, which she herself named in her pleading, ECF No. 200-1 at 6, 19; accuses the Court of "harassing" her by reciting in its order that Plaintiff is a licensed attorney, which is both accurate and relevant, *id.* at 7, 16; and falsely states that this recital was "repeated 100 times in court's order and in court's other orders," *id.* at 7.

Such repeated and fanciful accusations are consistent with a refusal to acknowledge that the orders and rules of this Court must be followed. Dismissal was and remains appropriate.[1]

For the foregoing reasons, Plaintiff's Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 5, 2025

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge

---

[1] The Court has previously reminded Plaintiff that "as a member of the Bar of this Court, she is subject to its rules regarding civility and professionalism." ECF No. 176 at 22 (citing CivLR 2.1(a)(2)(h)). *See also* California Rules of Professional Conduct 8.2(a) ("A lawyer shall not make a statement of fact that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the … integrity of a judge or judicial officer…."); *id.*, Rule 8.4, cmt. (stating that professional misconduct "can occur when a lawyer is acting in propria persona").